# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| United States of America, *et al.*, | No.   26-5023 |
| Plaintiffs-Appellees-Cross-Appellants, | Consolidated with Nos.  26-5047, 26-5049 |
| v. | |
| Google LLC, | |
| Defendant-Appellant-Cross-Appellee. | |

## JOINT PROPOSAL FOR BRIEFING FORMAT

Pursuant to this Court's Order of March 17, 2026 directing the parties in these consolidated cases to submit "proposed formats for the briefing of these cases," the parties jointly submit the below proposal.

Part I of this submission provides context for the joint proposal by briefly describing the proceedings below.  Part II.A addresses the parties' proposed schedule.  In Part II.B, the parties requesting separate briefs or permission to exceed the standard word allotment have provided detailed justifications for their requests.

Because the first proposed deadline is May 22, 2026, and the brief to be filed on that date is the subject of a proposed expansion of word limit, the parties request the Court issue an order on the proposed briefing format at its earliest convenience.

## I.    Background*

These consolidated appeals arise from two consolidated cases filed in the district court, one by the United States and 11 States ("U.S. Plaintiffs"), and the other by a group of 38 States ("Colorado Plaintiffs," and collectively with the U.S. Plaintiffs, "Plaintiffs").  As relevant here, Plaintiffs alleged that Google held a monopoly in general search services, search advertising, and general search text advertising, and unlawfully maintained those monopolies in violation of Sherman Act Section 2, 15 U.S.C. § 2, "by entering into exclusive agreements to secure default distribution" of Google Search.  Case No. 20-cv-3010, Dkt. No. 1033 ("Liability Op.") at 5.  Plaintiffs sought a finding of liability, an injunction against continuation of the challenged conduct, and further relief necessary to restore competition.

---

* The following background is included for the convenience of the Court. Its characterizations of authorities and the proceedings before the district court are not intended as binding representations by any party.

The cases were consolidated and bifurcated for separate trials as to liability and as to remedies.  Following extensive discovery and a nine-week trial on liability in the fall of 2023, the district court issued findings of fact and conclusions of law.  In a 277-page opinion, the district court concluded that Google "violated Section 2 of the Sherman Act by maintaining its monopoly in two product markets in the United States—general search services and general [search] text advertising—through its exclusive distribution agreements."  Liability Op. at 276.

The parties then conducted additional discovery, proposed remedies, and presented evidence at a three-week remedies hearing in spring 2025.  The district court issued additional findings of fact and conclusions of law.  In a 223-page opinion, the district court ordered remedies that went further than Google had proposed, including ordering Google to share certain Search-related data to "Qualified Competitors" and to syndicate search results to those competitors.  But the district court rejected some of Plaintiffs' other proposed remedies, including that Google would "be barred from making payments or offering other consideration to distribution partners for preloading or

placement of Google Search, Chrome, or its GenAI products." Case No. 20-cv-3010, Dkt. No. 1436 ("Remedies Op.") at 4.

The parties then made further submissions on a number of issues related to the specifics of certain remedies. In December 2025, the district court entered final judgment and issued an accompanying opinion. In that 51-page opinion and attached appendix, the district court addressed the parties' remaining "major disagreements and explain[ed] how the court resolve[d] them in the Final Judgment." Case No. 20-cv-3010, Dkt. No. 1461 ("Judgment Op.") at 3.

The district court extended the time to appeal in *Colorado v. Google LLC* until February 3, 2026. Google filed timely notices of appeal in both cases, after which Plaintiffs filed timely notices of cross-appeal. This Court consolidated all the appeals on its own motion.

## II. Briefing Plan

Counsel have conferred and propose the following:

| Filing | Timing | Format |
|---|---|---|
| Defendant / Appellant / Cross-Appellee's Principal Brief | May 22, 2026 | Limited to 20,800 words, with approximately 13,000 words addressing liability issues and approximately 7,800 words addressing remedies issues |
| Plaintiffs / Appellees / Cross-Appellants' Principal Briefs | July 28, 2026 | Limited to 32,000 words, with approximately 20,800 words for the responsive portion of the U.S. Plaintiffs' brief and approximately 11,200 words to be shared between the U.S. Plaintiffs and the Colorado Plaintiffs on cross-appeal, with the Colorado Plaintiffs to file a separate brief |
| Defendant / Appellant / Cross-Appellee's Response and Reply Brief | Sept. 29, 2026 | Limited to 21,600 words, with approximately 10,400 words on reply and approximately 11,200 words on cross-appeal response |
| Deferred Joint Appendix | Oct. 13, 2026 | |
| Plaintiffs / Appellees / Cross-Appellants' Reply Briefs | Oct. 29, 2026 | Limited to 8,000 words, to be shared between the U.S. Plaintiffs and the Colorado Plaintiffs on cross-appeal reply |
| Final-Form Briefs | Oct. 29, 2026 | |

### A.    Briefing Schedule

The jointly proposed schedule described above balances the complexities and significance of the case, the need to digest and synthesize for the Court the voluminous record and lengthy opinions below, the realities of coordinating among many parties, counsels' professional obligations and schedules, and the parties' shared desire to move the appeal along promptly.  The proposed schedule would enable the Court to hear oral argument during the 2026 calendar year and to issue a decision in the Court's 2026 – 2027 Term.

### B.    Briefing Format

The Clerk's March 17, 2026, Order for the Court instructed the parties to "provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment."  The parties have provided those justifications below.  Each request and justification is joined in only by the party or parties proposing to file the brief in question, but no party opposes any other party's request.

### 1.    Google's Principal Brief

**Google's statement.**  Defendant-Appellant-Cross-Appellee Google LLC proposes filing a single Principal Brief that contains no more than 20,800 words, which is a 60% expansion of the default word

limit in Federal Rule of Appellate Procedure 28.1(e)(2)(A)(i). This request largely reflects the expansive record and lengthy proceedings below, the combined length of the district court's multiple decisions on appeal, and the fact that Google must raise two categories of issues on appeal. First, Google intends to challenge the district court's liability determinations, which encompass a number of complicated, important, and distinct issues that the district court resolved in an opinion spanning nearly 300 pages. Second, Google intends to challenge certain of the district court's remedies determinations, which the court addressed in two decisions after holding a separate multi-week hearing. In approximate terms, Google's 20,800 word request corresponds to: (1) a standard-length (13,000-word) brief for the liability-related issues it intends to raise, and (2) a 60% length (7,800-word) brief for the remedies issues it intends to raise.

Based on Google's initial efforts to outline its arguments for appeal, it anticipates raising a number of issues that require addressing a voluminous record and three lengthy opinions by the district court. A number of issues rely on overlapping facts or law, so the allocation of

words requires some approximation, but Google's anticipated needs are as follows:

Google anticipates needing approximately 3,000 words to address whether the district court legally erred in holding that Google had monopoly power by ignoring competitive constraints on Google. Determining whether Google had monopoly power is a prerequisite to affirming the district court's liability determination, and defining the relevant market(s) in which Google competes is required to assess whether it has power. Market definition and monopoly power were a major focus of the nine-week trial on liability, and the district court devoted many of the 277 pages in the liability opinion to the issue. Moreover, the issue is legally and factually complex. And this Court's resolution of the issue is of significant and continuing importance to Google and countless other firms.

Google also anticipates needing approximately 4,000 words to address whether Google's challenged agreements constitute exclusive deals within the meaning of the antitrust laws, and an additional 6,000 words to address whether Google engaged in exclusionary conduct. These are the core liability issues in this case. The district court

devoted hundreds of pages to the issues, which both present novel questions about Section 2's application that are of nationwide significance. Indeed, when the district court described these proceedings as "remarkable," explaining that "[m]illions of pages exchanged hands, Google produced petabytes of data," and the "court held a nine-week bench trial" in which it "heard from dozens of live witnesses, including multiple experts, and admitted over 3,500 exhibits," Liability Op. at 3, the court was referring in substantial measure to these heartland liability issues. The Court's resolution of these issues will have considerable consequences for the development of antitrust law and for the domestic economy.

Google also anticipates needing approximately 7,800 words to address whether the remedies ordered by the district court were contrary to law or supported by insufficient evidence. The district court's remedies proceedings entailed sprawling discovery, another multi-week hearing, and two additional opinions totaling roughly 300 pages. Google anticipates devoting a majority of these words on remedies to arguments that the district court improperly required Google to share data and syndicate Search results, an issue that raises

questions of the correct legal standard, the nature of the district court's factual determinations, and considerations bearing on its exercise of discretion. Google anticipates devoting the remaining words to the district court's decision to extend those remedies to aid generative artificial intelligence companies that do not operate general search engines and therefore do not compete in the general search engine market. In light of the novelty and importance of the remedies in this case, Google believes that limiting itself to approximately a half-length brief to confront these issues is amply justified.

The parties have proposed that Google file this brief on May 22. Google will prepare its brief in anticipation that the Court will approve the requested word limit expansion. If, however, the Court orders something other than what Google has proposed for its principal brief, the Court should reset the due date for Google's principal brief to the later of May 22 or 30 days after the date of the Court's order, so that Google may appropriately revise its brief to conform to the Court's order. In the event that date falls later than May 22, the Court should further order the parties to confer and promptly submit a revised schedule for the remaining deadlines.

## 2.     Plaintiffs' Principal Briefs

**Plaintiffs' statement.** Plaintiffs propose filing separate principal and response briefs on behalf of the U.S. Plaintiffs and the Colorado Plaintiffs respectively, totaling no more than 32,000 words.

*U.S. Plaintiffs' principal brief.* U.S. Plaintiffs propose to file a brief of approximately 25,800 words, of which approximately 20,800 words will respond to Google's appeal and 5,000 will address U.S. Plaintiffs' cross-appeal.  Assuming that the Court grants Google's request to file a principal brief of 20,800 words, U.S. Plaintiffs anticipate needing an equivalent number of words to respond properly to Google's arguments in that brief.

U.S. Plaintiffs then anticipate needing 5,000 words to address their cross-appeal, which concerns the district court's decision not to prohibit Google's search-related payments to browser developers, phone manufacturers, and wireless companies.  The United States has a statutory "duty" to prosecute cases "to prevent and restrain [antitrust] violations," 15 U.S.C. § 4, and the cross-appeal discharges that duty by seeking to secure a remedy in this matter that redresses Google's conduct and restores competition. Given the nature of the issue, U.S.

Plaintiffs estimate that their argument that the district court committed legal error in denying the payment ban will require 5,000 words. That length is amply justified for a cross-appeal in a case of this size and importance, and it is comparable to the length Google requests for arguing various issues in its own principal brief.

If the Court varies from the parties' word-limit proposals, it should calculate the word limit for U.S. Plaintiffs' principal brief as the length of Google's principal brief plus 5,000 words to be allocated to U.S. Plaintiffs' cross-appeal.

*Colorado Plaintiffs' principal brief.* The Colorado Plaintiffs intend to adopt by reference a substantial portion of the U.S. Plaintiffs' brief to avoid unnecessary duplication but propose to file a separate brief of approximately 6,200 words to emphasize additional points on their cross-appeal arising out of their separate experience as sovereign antitrust enforcers.

Since the consolidation of their suit with that of the U.S. Plaintiffs, the Colorado Plaintiffs have actively participated in the case while working closely with the U.S. Plaintiffs to efficiently litigate this matter. *See, e.g.*, Case No. 20-cv-3010, Dkt. Nos. 112 (Colorado

Plaintiffs opposing Apple, Inc.'s intervention by joining with the U.S. Plaintiffs' submission in full and raising two additional arguments); 1419 at 4719:4-4727:7 (Colorado Plaintiffs providing separate, but complementary, closing argument during the remedies phase).

Subject to the Court's discretion, the Colorado Plaintiffs have the same right to file a separate brief as the United States does because they are separate appellate parties. *See* Fed. R. App. P. 28(i) (permitting but not requiring multiple parties to join in or adopt another party's brief). And to the extent they address the issue, this Court's rules indicate a more permissive approach to separate briefs being filed by governmental entities than private parties. *See* D.C. Cir. R. 28(d)(4) (exempting governmental entities from the rule requiring aligned intervenors to file joint briefs when practicable); D.C. Cir. R. 29(d) (same as to briefs of amicus curiae).

Recognizing the Court's strong preference for joint briefing, however, the U.S. Plaintiffs and the Colorado Plaintiffs have discussed how to efficiently present their arguments to this Court while avoiding unnecessary duplication. Based on those discussions, the Colorado Plaintiffs do not seek to file significant separate briefing regarding

Google's appeal and intend to adopt that portion of the U.S. Plaintiffs' brief.

The Colorado Plaintiffs' brief will instead focus on their cross-appeal, which challenges the district court's decision to allow Google to continue to pay for default and other preferential placement on browsers and with smartphone manufacturers and wireless carriers. That issue is critical to the ability of the remedial decree to pry open the relevant markets to competition. The Colorado Plaintiffs will rely on specific grounds to present this issue, which arise from their experience in ensuring the remedial decrees recognize the continuing effects of illegal conduct, including the use of supracompetitive profits to secure future marketplace advantage, and the need to focus on restoring in-market competition before deferring to claimed downstream effects (which may themselves stem from the continued use of profits derived from illegal conduct). The Colorado Plaintiffs do not intend to duplicate or needlessly revisit the U.S. Plaintiffs' briefing regarding these issues, adopting those portions of the U.S. Plaintiffs' briefs as appropriate.

The Colorado Plaintiffs seek 6,200 words for their brief, which is their best estimate of the length necessary to address the points they

anticipate making based on their early drafting efforts. That length is more than justified by the complexity and importance of the issue in the cross-appeal. Indeed, the 6,200-word brief that Colorado Plaintiffs request is shorter than a brief of an amicus curiae even though the Colorado Plaintiffs are parties to this matter, *see* Fed. R. App. P. 29(a)(5), and 6,200 words is similar to the length Google seeks regarding the data-sharing and syndication remedies it seeks to overturn in its appeal.

While Google's statement below regarding its non-opposition suggests concerns over the Plaintiffs' request regarding the cross-appeal, Google significantly understates the portions of the district court's lengthy liability and remedies decisions that are relevant to Plaintiffs' cross-appeal. Specifically, in addition to the portion cited by Google, Plaintiffs' cross-appeal implicates the district court's extensive factual findings concerning Google's distribution agreements (Liability Op. 101-34; Remedies Op. 49-57), its legal conclusions about the agreements' anticompetitive effects and other fruits derived from Google's unlawful conduct (Liability Op. 214-48, 258-64; Remedies Op.

82-97), and its legal conclusions on the applicable law in fashioning antitrust remedies (Remedies Op. 58-63).

Moreover, the length of treatment in the Plaintiffs' remedies brief in the district court is not informative here. The Plaintiffs' remedies brief had to address many potential remedies, with correspondingly limited space to address each one. By contrast, Plaintiffs' cross-appeal briefs will focus on the district court's error in failing to provide a remedy necessary to fully restore competition at this stage, from the perspective of each sovereign plaintiff group.

**Google's statement.**  Google has been unable to square Plaintiffs' proposed allotment of approximately 11,200 words to the one cross-appeal issue with the modest extent of treatment that the cross-appeal issue received by Plaintiffs and the district court below.  For example, by Google's reckoning, the issue on cross-appeal occupied 4 pages out of 75 (pp. 23-26) of Plaintiffs' Remedies Post-Trial Brief (Dkt. No. 1369) and 9 pages out of 240 pages (pp. 80-84 and pp. 93-96) of Plaintiffs' Remedies Proposed Findings of Fact (Dkt. No. 1370).  The district court's analysis of the cross-appeal issue occupied 10 pages out of 223 pages (Remedies Op. 119-128).  Nonetheless, Google respects

Plaintiffs' desire to make their own judgments about their approach to cross-appeal briefing, both as to volume and divided briefing, provided that Google is allowed a commensurate expansion of its response/reply brief.  Google therefore does not oppose Plaintiffs' proposal, subject to the Court's approval of Google's proposal for its response/reply brief.

### 3.    Google's Response/Reply Brief

**Google's statement.**  Google proposes a response/reply brief word limit equal to (a) 50% of the word limit for Google's principal brief (in keeping with the usual ratio of reply-to-principal brief word limits), plus (b) the word limit expansion given to Plaintiffs for their cross-appeal issue (in keeping with the usual rule that principal and response briefs are afforded the same number of words).  Under the proposals above, that would be 10,400 words plus 11,200 words, for a total of 21,600 words.  Google expects to use the words approximately in line with the justifications for the expansion (*i.e.*, dividing them between appeal reply issues and cross-appeal response).  If the Court varies from the parties' word-limit proposals, it should compute the word limit for Google's response/reply brief based on the formula above.

### 4. Plaintiffs' Reply Briefs

**Plaintiffs' statement.**  Plaintiffs propose filing separate reply briefs totaling no more than 8,000 words.  This would enable each group of Plaintiffs to file a reply brief of approximately 4,000 words.  For each Plaintiff group, that would result in a reply less than half the length of Google's anticipated cross-appeal argument in the response/reply brief. 4,000 words of reply argument for each group of Plaintiffs is appropriate for a cross-appeal in a case of this size and importance, particularly given that the cross-appeal issue is likely to attract considerable attention from amici curiae.  If the Court varies from the parties' word-limit proposals, Plaintiffs request to file separate reply briefs with an aggregate word limit reduced from 8,000 words by the same percentage as Google's request for 11,200 words on the cross-appeal in its response/reply brief.

The Colorado Plaintiffs submit that separate reply briefs are justified for the same reasons explained with respect to the Colorado Plaintiffs' principal brief and to allow them an opportunity to respond to any arguments Google or its amici make in response to the Colorado Plaintiffs' principal brief.

**Google's statement.** Google refers the Court to its statement

with respect to Plaintiffs' principal briefs.

Respectfully submitted,

By: */s/ Donald B. Verrilli, Jr.†*

| | |
|---|---|
| Benjamin J. Horwich | Donald B. Verrilli, Jr. |
| Justin P. Raphael | Helen E. White |
| Munger, Tolles & Olson LLP | Kyle A. Schneider |
| 560 Mission Street, 27th Floor | Munger, Tolles & Olson LLP |
| San Francisco, CA 94105 | 601 Massachusetts Ave. NW |
| (415) 512-4000 | Suite 500E |
| | Washington, DC 20001 |
| John E. Schmidtlein | (202) 220-1100 |
| Graham W. Safty | Donald.Verrilli@mto.com |
| Williams & Connolly LLP | |
| 680 Maine Avenue, SW | Mark S. Popofsky |
| Washington, DC 20024 | Ropes & Gray LLP |
| (202) 434-5000 | 2099 Pennsylvania Avenue, NW |
| | Washington, DC 20006 |
| | (202) 508-4624 |

*Counsel for Appellant-Cross-Appellee Google LLC*

DATED:  April 16, 2026

---

† Pursuant to D.C. Cir. Rule 32(a)(2)(ii), I represent the consent of the other parties indicated as joining in this document.

*/s/ Matthew A. Waring*
Daniel E. Haar
Nickolai G. Levin
Patrick M. Kuhlmann
Matthew A. Waring
  *Attorneys*
U.S. Department of Justice
Antitrust Division
950 Pennsylvania Ave., N.W.
Room 3224
Washington, D.C. 20530-0001
(202) 532-4186
matthew.waring@usdoj.gov

*Counsel for the United States*

*/s/ Lee Istrail*
James Uthmeier, Attorney
General
Lee Istrail, Assistant Attorney
General
R. Scott Palmer, Special Counsel,
Complex Enforcement Chief
Office of the Attorney General,
State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com

*Counsel for the State of Florida*

*/s/ Carolyn D. Jeffries*
Rob Bonta, Attorney General
Paula L. Blizzard, Senior
Assistant Attorney General
Michael W. Jorgenson,
Supervising Deputy Attorney
General
Brian D. Wang, Deputy Attorney
General
Carolyn D. Jeffries, Deputy
Attorney General
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite
11000
San Francisco, California 94102
Cari.Jeffries@doj.ca.gov

*Counsel for the State of California*

/s/ *Diamante Smith*
Ken Paxton, Attorney General
Brent Webster, First Assistant
Attorney General
Ralph Molina, Deputy First
Assistant Attorney General
Austin Kinghorn, Deputy
Attorney General for Civil
Litigation
Thomas York, Division Chief,
Antitrust Division
Diamante Smith, Assistant
Attorney General, Antitrust
Division
Office of the Attorney General,
State of Texas
P.O. Box 12548
Austin, Texas 78711-2548
Diamante.Smith@oag.texas.gov

*Counsel for the State of Texas*

/s/ *Logan Winkles*
Chris Carr, Attorney General
Logan Winkles, Deputy Attorney
General
40 Capitol Square SW
Atlanta, GA 30334
lwinkles@law.ga.gov

*Counsel for the State of Georgia*

/s/ *Amanda J. Wentz*
Amanda J. Wentz
Senior Assistant Attorney
General
Office of the Arkansas Attorney
General
101 West Capitol Avenue
Little Rock, Arkansas 72201
Amanda.Wentz@ArkansasAG.gov

*Counsel for the State of Arkansas*

/s/ *Scott L. Barnhart*
Theodore Edward Rokita,
Attorney General
Scott L. Barnhart, Chief Counsel
and Director, Consumer
Protection Division
Office of the Attorney General,
State of Indiana
Indiana Government Center
South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Scott.Barnhart@atg.in.gov
Jesse.Moore@atg.in.gov

*Counsel for the State of Indiana*

*/s/ Jonathan E. Farmer*
Jonathan E. Farmer
Deputy Executive Director of
Consumer Protection
Office of the Attorney General of
Kentucky
1024 Capital Center Drive, Suite
200
Frankfort, KY 40601
Jonathan.Farmer@ky.gov

*Counsel for the Commonwealth of Kentucky*

*/s/ Asyl Nachabe*
Liz Murrill, Attorney General
Asyl Nachabe, Assistant Attorney
General
Office of the Attorney General
State of Louisiana
Public Protection Division
909 Poydras St. Suite 1850
New Orleans, LA 70112
NachabeA@ag.louisiana.gov

*Counsel for the State of Louisiana*

*/s/ Scott Mertens*
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney
General
Michigan Department of Attorney
General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for the State of Michigan*

*/s/ Lee Morris*
Lynn Fitch, Attorney General
Lee Morris, Special Assistant
Attorney General
Office of the Attorney General,
State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Lee.Morris@ago.ms.gov

*Counsel for the State of Mississippi*

/s/ Alison Esbeck
Assistant Attorney General
Missouri Attorney General's
Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
Alison.Esbeck@ago.mo.gov

*Counsel for the State of Missouri*

/s/ Mary Frances G. Jowers
Alan Wilson, Attorney General
Mary Frances G. Jowers,
Assistant Deputy Attorney
General
Office of the Attorney General,
State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for the State of South Carolina*

/s/ Christian B. Corrigan
Christian B. Corrigan
Solicitor General, State of
Montana
Anna K. Schneider
Bureau Chief, Montana Office of
Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Christian.Corrigan@mt.gov

*Counsel for the State of Montana*

/s/ Gabe Johnson-Karp
Joshua L. Kaul, Attorney General
Gabe Johnson-Karp, Assistant
Attorney General
Wisconsin Department of Justice
17 W. Main St.
Post Office Box 7857
Madison, Wisconsin 53707-7857
gabe.johnson-karp@wisconsin.gov

*Counsel for the State of Wisconsin*

- 24 -

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail: wfcavanaugh@pbwt.com

*/s/ Jonathan B. Sallet*
PHILIP WEISER
Attorney General of Colorado

Jonathan B. Sallet, DC Bar No.
336198
Russell D. Johnson
Conor J. May
Bryn A. Williams
Radhika Kattula
Colorado Office of the Attorney
General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: jon.sallet@coag.gov
russell.johnson@coag.gov
bryn.williams@coag.gov
conor.may@coag.gov
radhika.kattula@coag.gov

*Counsel for Plaintiff State of
Colorado*

MIKE HILGERS
Attorney General of Nebraska

Justin C. McCully, Assistant
Attorney General
Nebraska Department of
Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-9305
E-Mail:
justin.mccully@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP
WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2793
E-Mail:
wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of
Nebraska*

KRISTIN K. MAYES
Attorney General of Arizona

Jayme Weber, Senior
Litigation Counsel
Arizona Office of the Attorney
General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6609
E-Mail: jayme.weber@azag.gov

*Counsel for Plaintiff State of
Arizona*

BRENNA BIRD
Attorney General of Iowa

Noah Goerlitz, Assistant
Attorney General
Office of the Attorney General
of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail:
noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of
Iowa*

LETITIA JAMES
Attorney General of New York

Barbara D. Underwood
Judith N. Vale
Philip J. Levitz
Office of the New York State
Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-6325
E-Mail: philip.levitz@ag.ny.gov

*Counsel for Plaintiff State of
New York*

JEFF JACKSON
Attorney General of North
Carolina

James Wellner Doggett
North Carolina Department of
Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6400
E-Mail: jdoggett@ncdoj.gov

*Counsel for Plaintiff State of
North Carolina*

JONATHAN SKRMETTI
Attorney General of Tennessee

J. David McDowell
Austin C. Ostiguy
Tyler T. Corcoran
Office of the Attorney General
and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-1671
E-Mail:
david.mcdowell@ag.tn.gov
austin.ostiguy@ag.tn.gov
tyler.corcoran@ag.tn.gov

*Counsel for Plaintiff State of
Tennessee*

DEREK E. BROWN
Attorney General of Utah

Marie W.L. Martin
Matthew Michaloski
Utah Office of Attorney
General
160 E 300 S, 5th Floor
P.O. Box 140811
Salt Lake City, Utah 84114
Telephone: (801) 440-9825
E-Mail: mwmartin@agutah.gov
mmichaloski@agutah.gov

*Counsel for Plaintiff State of
Utah*

STEPHEN J. COX
Attorney General of Alaska

Jeff Pickett
Senior Assistant Attorney
General
State of Alaska, Department of
Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite
200
Anchorage, Alaska 99501
Telephone: (907) 269-5275
E-Mail: jeff.pickett@alaska.gov

*Counsel for Plaintiff State of
Alaska*

WILLIAM TONG
Attorney General of
Connecticut

Nicole Demers
Office of the Attorney General
of Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: nicole.demers@ct.gov

*Counsel for Plaintiff State of
Connecticut*

KATHLEEN JENNINGS
Attorney General of Delaware

Michael A. Undorf
Delaware Department of
Justice
Fraud and Consumer
Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 683-8816
E-Mail:
michael.undorf@delaware.gov

*Counsel for Plaintiff State of
Delaware*

BRIAN L. SCHWALB
Attorney General of the
District of Columbia

Caroline S. Van Zile
Ashwin P. Phatak
Tessa Gellerson
Office of the Attorney General
for the District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6609
E-Mail: caroline.vanzile@dc.gov
ashwin.phatak@dc.gov
tessa.gellerson@dc.gov

*Counsel for Plaintiff District of
Columbia*

DOUGLAS MOYLAN
Attorney General of Guam

Fred Nishihira
Office of the Attorney General
of Guam
590 S. Marine Corps Drive,
Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324
E-Mail:
fnishihira@oagguam.org

*Counsel for Plaintiff Territory
Guam*

ANNE E. LOPEZ
Attorney General of Hawaiʻi

Rodney I. Kimura
Department of the Attorney
General, State of Hawaiʻi
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail:
rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of
Hawaiʻi*

RAÚL LABRADOR
Attorney General of Idaho

John K. Olson
Office of the Idaho Attorney
General
Consumer Protection Division
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720
Telephone: (208) 332-3549
E-Mail:
john.olson@ag.idaho.gov

*Counsel for Plaintiff State of
Idaho*

KWAME RAOUL
Attorney General of Illinois

Sarah A. Hunger
Office of the Attorney General
of Illinois
115 S. LaSalle St.
Chicago, IL 60603
Telephone: (312) 771-3885
E-Mail: sarah.hunger@ilag.gov

*Counsel for Plaintiff State of
Illinois*

KRIS W. KOBACH
Attorney General of Kansas

Christopher Teters
Kansas Office of the Attorney
General
120 S.W. 10th Avenue, 2nd
Floor
Topeka, KS 66612
Telephone: (785) 368-8429
E-Mail: chris.teters@ag.ks.gov

*Counsel for Plaintiff State of
Kansas*

AARON M. FREY
Attorney General of Maine

Christina M. Moylan
Office of the Attorney General
of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8838
E-Mail:
christina.moylan@maine.gov

*Counsel for Plaintiff State of
Maine*

ANTHONY G. BROWN
Attorney General of Maryland

Schonette J. Walker
Office of the Attorney General
of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6473
E-Mail:
swalker@oag.maryland.gov

*Counsel for Plaintiff State of
Maryland*

ANDREA JOY CAMPBELL
Attorney General of
Massachusetts

Jennifer E. Greaney
Office of the Attorney General
of Massachusetts
One Ashburton Place, 18th
Floor
Boston, MA 02108
Telephone: (617) 963-2981
E-Mail:
jennifer.greaney@mass.gov

*Counsel for Plaintiff
Commonwealth of
Massachusetts*

KEITH ELLISON
Attorney General of Minnesota

Zach Biesanz
Senior Enforcement Counsel
Office of the Minnesota
Attorney General
Antitrust Division
445 Minnesota Street, Suite
600
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail:
zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of
Minnesota*

AARON D. FORD
Attorney General of Nevada

Michelle C. Badorine
Nevada Office of the Attorney
General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mbadorine@ag.nv.gov

*Counsel for Plaintiff State of
Nevada*

JOHN FORMELLA
Attorney General of New
Hampshire

Brandon Garod
Office of Attorney General of
New Hampshire
1 Granite Place South
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail:
brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of
New Hampshire*

JENNIFER DAVENPORT
Attorney General of New
Jersey

Yale A. Leber
Abiola G. Miles
Deputy Attorneys General
New Jersey Attorney General's
Office
25 Market Street, P.O. Box 106
Trenton, NJ 08625
Telephone: (862) 381-4159
E-Mail:
yale.leber@law.njoag.gov
abiola.miles@law.njoag.gov

*Counsel for Plaintiff State of
New Jersey*

RAÚL TORREZ
Attorney General of New Mexico

Anthony R. Juzaitis
Assistant Attorney General
New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 651-7565
E-Mail: ajuziatis@nmdoj.gov

*Counsel for Plaintiff State of New Mexico*

DREW WRIGLEY
Attorney General of North Dakota

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

DAVE YOST
Attorney General of Ohio

Sarah Mader, Assistant Attorney General, Antitrust
Jennifer L. Pratt
Office of the Ohio Attorney General
30 E Broad Street, 26th Floor
Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
sarah.mader@ohioago.gov
jennifer.pratt@ohioago.gov

*Counsel for Plaintiff State of Ohio*

GENTNER DRUMMOND
Attorney General of Oklahoma

Sylvia Lanfair
Assistant Attorney General
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105
Telephone: (405) 522-8159
E-Mail:
sylvia.lanfair@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

DAN RAYFIELD
Attorney General of Oregon

Robert A. Koch, Attorney-in-Charge of Civil &
Administrative Appeals
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
Telephone: (503) 378-4402
E-Mail:
robert.a.koch@oregon.gov

*Counsel for Plaintiff State of Oregon*

DAVID W. SUNDAY, JR.
Attorney General of
Pennsylvania

Tracy W. Wertz
Daniel B. Mullen
Pennsylvania Office of
Attorney General Strawberry
Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail:
twertz@attorneygeneral.gov
dmullen@attorneygeneral.gov

*Counsel for Plaintiff
Commonwealth of
Pennsylvania*

LOURDES L. GÓMEZ
TORRES
Secretary of Justice

TANIA L. FERNÁNDEZ-MEDERO
Assistant Secretary of Justice

SAMUEL WISCOVITCH-CORALI
Deputy Undersecretary

Pablo Tufiño-Soto
Senior Attorney
Diana Jordán-González
Office of Monopolistic Affairs
Puerto Rico Department of
Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, Ext. 1205
E-Mail: ptufino@justicia.pr.gov
diana.jordan@justicia.pr.gov

*Counsel for Plaintiff Territory
Puerto Rico*

PETER NERONHA
Attorney General of Rhode Island

Nicholas M. Vaz
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: nvaz@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

MARTY J. JACKLEY
Attorney General of South Dakota

Amanda Miiller
Office of the Attorney General of South Dakota
1302 E. South Dakota Hwy 1889, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: amanda.miiller@state.sd.us

*Counsel for Plaintiff State of South Dakota*

CHARITY R. CLARK
Attorney General of Vermont

Christopher J. Curtis,
Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3171
E-Mail: christopher.curtis@vermont.gov

*Counsel for Plaintiff State of Vermont*

JAY JONES
Attorney General of Virginia

Tyler T. Henry
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

NICHOLAS W. BROWN
Attorney General of
Washington

Amy N.L. Hanson
Senior Managing Assistant
Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail:
amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of
Washington*

JOHN B. McCUSKEY
Attorney General of West
Virginia

Douglas Lee Davis
Office of the Attorney General,
State of West Virginia
1900 Kanawha Boulevard East
Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
E-Mail:
douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of
West Virginia*

KEITH KAUTZ
Attorney General of Wyoming

Michael Kahler
Wyoming Attorney General's
Office
109 State Capitol
Cheyenne, WY 82002
Telephone: (307) 777-7196
E-Mail: mike.kahler@wyo.gov

*Counsel for Plaintiff State of
Wyoming*