# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA et al.,

      Plaintiffs-Appellees-
      Cross-Appellants,

          v.

GOOGLE LLC,

      Defendant-Appellant-
      Cross-Appellee.

No. 26-5023

Consolidated with
Nos. 26-5047, 26-5049

## MOTION OF BRAVE SOFTWARE, INC.
## FOR AN EXTENSION OF TIME TO FILE AMICUS BRIEF

# <u>CERTIFICATE AS TO PARTIES</u>

Pursuant to Circuit Rules 27(a)(4) and 28(a)(1), Brave Software, Inc. ("Brave") certifies that all parties, intervenors, and amici appearing before the district court and in this Court are listed in the Plaintiffs' Certificate as to Parties, Rulings, and Related Cases (App. Dkt. 2160541), except that an amicus brief was also filed in the district court by Public Knowledge and Brave has noticed its intent to appear and file as an amicus curiae in this Court with the consent of the Parties.

# ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 29(a)(6), Brave moves for an extension of time to file an amicus brief and the accompanying motion for leave to appear as an amicus curiae in the above-captioned matter so that its brief shall be due **within seven days after the Government Plaintiffs file their principal brief** (currently scheduled to be filed on July 28, 2026). Brave anticipates it will seek leave to participate as an amicus curiae on issues raised in both Google's appeal and the Government Plaintiffs' cross-appeal, in support of neither party. Absent the requested extension, the default rules—which do not expressly address a cross-appeal situation—would require Brave to file its amicus brief months before the Government Plaintiffs file their principal brief, forcing Brave to guess which arguments the Government Plaintiffs will or will not raise months later. Brave submits this would be unfair to Brave and less helpful to the Court. Google takes no position on this motion; the Government Plaintiffs oppose. Brave states as follows:

1. Brave is a private company that operates its own web browser and search engine. Brave competes with Google in both of the relevant markets in this action. In the market for general search services, Brave competes through its general search engine, Brave Search, which is one of only three independent search engines in the United States (along with Google and Microsoft's Bing). In the

1

market for general search text advertising, Brave competes with Google through Brave Search Ads.  Brave anticipates becoming a Qualified Competitor (as that term is defined in the Final Judgment) and availing itself of certain remedies under the Final Judgment.

2.      Brave filed an amicus brief during the remedies proceeding below.  As amicus, Brave offered its perspective on the Government Plaintiffs' proposed search syndication remedy, a version of which was adopted by the district court in the Final Judgment.  (*See* Dist. Ct. Dkt. 1462 (Final Judgment) at Section V.)  The district court cited to Brave's amicus brief multiple times in its remedies opinion and described Brave's arguments as "compelling."  (*See* Dist. Ct. Dkt. 1436 (Memorandum Opinion re Remedies) at 174-77.)

3.      Brave anticipates moving for leave to participate as amicus curiae to address issues in both Google's appeal and the Government Plaintiffs' cross-appeal, and its brief will not be filed in support of either Party.  But Brave cannot know what non-duplicative arguments it ought to raise until both Parties have filed their principal briefs.  The liability and remedies issues underlying this action are far-ranging, and the exact issues the Parties intend to raise on appeal— and the arguments they will present in support—remain uncertain.  Although the Parties submitted preliminary statements of the issues they intend to present, those statements do not provide sufficient detail to guide and focus Brave's arguments.

2

For example, one of Google's "questions presented" encompasses the entire Final Judgment: "Whether the remedies ordered by the district court were contrary to law or supported by insufficient evidence." (App. Dkt. 2160435.) Moreover, the Parties are not bound by their preliminary issue statements and may raise additional or different issues in their briefs. (*See, e.g.*, *Canty v. Ferguson*, 2025 WL 1538659, at *1 (D.C. Cir. May 29, 2025) ("The statement of issues is non-binding and does not limit the scope of the appeal.").)

4.      Under the default rules (which, as noted above, do not expressly address cross-appeals), if Brave intends to file a brief in support of neither Party, it must do so within seven days after Google's principal brief is filed (currently due May 22, 2026), which would be two months before the Government Plaintiffs' principal brief is due. This timing would force Brave to take positions on the Government Plaintiffs' cross-appeal without knowing the specific positions and arguments the Government Plaintiffs actually raise.

5.      To allow Brave to focus its arguments on the matters actually raised by the Parties in these cross-appeals, and to avoid unnecessary duplication, Brave requests that it be allowed to file its amicus brief seven days after the Government Plaintiffs file their principal brief, *i.e.*, at the time Brave would have been required to file an amicus brief had only the Government Plaintiffs appealed

3

the judgment below (or if Brave were to file a brief in support of the Government Plaintiffs).

6.     Brave's request for an extension of time is consistent with the intent of Rule 29.  This Circuit's Rule 29(a) states that an amicus brief "must avoid repetition of facts or legal arguments made in the principal (appellant/petitioner or appellee/respondent) brief and focus on points not made or adequately elaborated upon in the principal brief."  (D.C. Cir. R. 29(a).)  Further, the Advisory Committee Notes to the Rule's 1998 amendments explain that "[t]he 7-day stagger [in Rule 29(a)(6)] was adopted because it is long enough to permit an amicus to review the completed brief of the party being supported and avoid repetitious argument."  (Comm. Notes on Rules–1998 Amendment.)  The purpose of avoiding repetitious argument is best served by allowing Brave to file its brief at a time that would "permit [Brave] to review the completed brief" of the Government Plaintiffs in their cross-appeal.  (*Id*.)

7.     Granting Brave this extension of time will not require any other change to the briefing schedule.  As the Advisory Committee explained, the seven-day amicus briefing window "also is short enough that no adjustment need be made in the opposing party's briefing schedule.  The opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading."  (Comm. Notes on Rules–1998 Amendment.)  That is

4

true of Brave's proposed extension here:  if Brave files its amicus brief in support of neither Party on August 4, 2026, both Google and the Government Plaintiffs will have ample opportunity to respond to Brave's arguments in subsequent briefs both Parties are scheduled to file.  The Government Plaintiffs have stated that they believe that such an extension would deny them the opportunity to respond in their opposition brief to any arguments Brave may present addressing issues raised in Google's appeal.  However, the Government Plaintiffs could address such arguments adequately in the reply brief they are entitled to file in their own appeal. The alternative—requiring Brave to respond to issues on appeal it has not seen and cannot predict—is neither fair nor efficient.

8.     Accordingly, Brave respectfully requests that this Court grant this motion and order that any amicus brief to be filed by Brave, and the accompanying motion for leave to appear as an amicus curiae, be due within seven days of the Government Plaintiffs' principal brief.

Dated:  May 8, 2026

Respectfully submitted,


By:  _____

**CRAVATH, SWAINE & MOORE LLP**

Dean M. Nickles (#65799)
Gary A. Bornstein (*application for
    admission pending*)
Yonatan Even (*application for admission
    pending*)
Andrew C. Finch (*application for
    admission pending*)

375 Ninth Avenue
New York, New York 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
dnickles@cravath.com
gbornstein@cravath.com
yeven@cravath.com
afinch@cravath.com

*Counsel for Brave Software, Inc.*

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned certifies:

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and D.C. Circuit Rule 32(e)(1), this document contains 1,098 words.

2. This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: May 8, 2026

Dean M. Nickles

*Counsel for Brave Software, Inc.*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2026, I electronically filed the foregoing document using the CM/ECF system.  I further certify that all participants in this case are registered CM/ECF users and will be served through the CM/ECF system.

Dated: May 8, 2026

Dean M. Nickles

*Counsel for Brave Software, Inc.*