ORAL ARGUMENT NOT YET SCHEDULED

No. 26-5023
(Consolidated with Nos. 26-5047, 26-5049)

## IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA, et al.,

*Plaintiffs-Appellees-Cross-Appellants*,

v.

GOOGLE LLC,

*Defendant-Appellant-Cross-Appellee.*

On Appeals from the United States District Court for the District of Columbia, Nos. 20-cv-3010 & 20-cv-3715 (Hon. Amit P. Mehta)

## BRIEF OF *AMICI CURIAE* HUNT ALLCOTT AND MATTHEW GENTZKOW IN SUPPORT OF NEITHER PARTY

David R. Roth
Benjamin H. Diessel
WIGGIN AND DANA LLP
265 Church Street
New Haven, CT 06510
(203) 498-4400
droth@wiggin.com
bdiessel@wiggin.com

*Attorneys for Amici Curiae*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), undersigned counsel for *amici curiae* Hunt Allcott and Matthew Gentzkow states that:

### (A) Parties and Amici

All parties, intervenors, and *amici* appearing before the District Court and this Court are listed in the Plaintiffs' Certificate as to Parties, Rulings, and Related Cases (App. Dkt. 2160541), except that an amicus brief was also filed in the district court by Public Knowledge, and in this Court, Brave Software, Inc., Washington Legal Foundation, Mozilla Corporation, Apple Inc., Samsung Electronics Co., Ltd., and the Former Antitrust Enforcers received the Parties' consent to participate as amici curiae in these proceedings.

*Amici Curiae*: Hunt Allcott and Matthew Gentzkow have filed notices of intent to participate as *amici curiae*.

### (B) Rulings under Review

References to the rulings at issue appear in the Parties' Certificates as to Parties, Rulings, and Related Cases (App. Dkts. 2160428, 2160541).

i

**(C)    Related Cases**

A list of related cases appears in the Parties' Certificates as to Parties, Rulings, and Related Cases (App. Dkts. 2160428, 2160541).

/s/ *David R. Roth*
David R. Roth

## STATEMENT REGARDING CONSENT TO
## FILE AND SEPARATE BRIEFING

All parties have consented to the filing of this *amicus* brief. Fed. R. App. P. 29; Cir. R. 29(b).

Pursuant to Circuit Rule 29(d), undersigned counsel for *amici curiae* certifies that a separate brief is necessary. *Amici* are among the authors of a study relied on by the District Court and they offer unique insights concerning that study and the District Court's reliance on it that may aid the Court's resolution of the issues presented.

/s/ *David R. Roth*
David R. Roth

## STATEMENT OF AUTHORSHIP AND
## FINANCIALS CONTRIBUTIONS

No counsel for a party authored this brief in whole or in part, and no person other than *amici curiae* or their counsel contributed money that was intended to fund the preparation or submission of this brief. Fed. R. App. P. 29(a)(4)(E).

/s/ *David R. Roth*
David R. Roth

## TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ...................................................................................................i

STATEMENT REGARDING CONSENT TO FILE AND SEPARATE BRIEFING.................................................................................... iii

STATEMENT OF AUTHORSHIP AND FINANCIALS CONTRIBUTIONS....................................................................................iv

INTEREST OF AMICI CURIAE.............................................................1

ARGUMENT .........................................................................................1

## INTEREST OF AMICI CURIAE

Hunt Allcott is a Professor in the Doerr School of Sustainability at Stanford University.

Matthew Gentzkow is the Landau Professor of Technology and the Economy at Stanford University.

Mr. Allcott and Mr. Gentzkow are two of the authors of the May 2025 NBER working paper titled "Sources of Market Power in Web Search: Evidence from a Field Experiment" (the "Allcott Study"). The District Court cited to and relied on the Allcott Study for various propositions in its September 2, 2025, Memorandum Opinion ("Opinion"), including with respect to the search syndication remedy that Google now asks the Court to vacate.[1] As coauthors of the study, Mr. Allcott and Mr. Gentzkow have a unique perspective on the Allcott Study's findings and what the data in that study does and does not demonstrate.

## ARGUMENT

The Allcott Study analyzed the potential sources of Google's market dominance in the global web search market. One part of the Allcott Study

---

[1] Plaintiffs introduced the Allcott Study into the record during the remedies proceeding.  Mr. Allcott, Mr. Gentzkow, and their coauthors were not called to testify about its contents.

involved estimating the extent to which collecting additional data may help search engines present more relevant results. As part of their analysis, the authors of the Allcott Study analyzed 12 months of data on search terms and clicks from Bing desktop users. The study noted that, of the Bing desktop search data collected, "more than 38.7 percent of searches are for rare queries that [were] searched less than 100 times" during the calendar year studied.

The District Court relied on this finding in setting the query cap for the search syndication remedy under the Final Judgment. Specifically, the District Court stated as follows:

> The Allcott study examined all Bing desktop searches over 12 months in 2021 and 2022 and determined that "more than 38.7 percent of searches are for rare queries that [were] searched less than 100 times." Allcott Study at 28. The court sets a 40% cap in the first year consistent with this study's finding.

Opinion at 177.

*Amici curiae* are making this submission in response to a request from Brave Software, Inc., in order to clarify the meaning of the Allcott Study's cited finding.

*First*, the Allcott Study reported the share of queries searched less than 100 times only to illustrate the fact that there are many "tail"

2

queries (i.e., queries that have relatively few searches). The Allcott Study characterized these tail queries as ones for which additional data could plausibly be valuable. That 100-search threshold was a subjective judgment, not based on any formal analysis.

*Second*, the Allcott Study did not suggest that the effect of additional data changes materially at the 100-per-annum cutoff, and no analysis was undertaken as part of the Allcott Study indicating that it does.

*Third*, the Allcott Study did not involve evaluation of whether general search engines (or new entrants) could or could not address queries below the 100-per-annum cutoff in a commercially satisfactory way.

Dated: May 29, 2026

Respectfully submitted,

/s/ *David R. Roth*
David R. Roth
Benjamin H. Diessel
Wiggin and Dana LLP
265 Church Street
New Haven, CT 06510
(203) 498-4400
droth@wiggin.com
bdiessel@wiggin.com

*Attorneys for Amici Curiae
Hunt Allcott and Matthew
Gentzkow*

3

# CERTIFICATE OF COMPLIANCE

## Federal Rules of Appellate Procedure Form 6.
## Certificate of Compliance With Rule 32(a)

## Certificate of Compliance With Type-Volume Limitation, Typeface Requirements and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒    This brief contains 499 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) **or**

☐    This brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒    This brief has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14 point type Century Schoolbook type style, **or**

☐    This brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: May 29, 2026              By:   /s/ *David R. Roth*
                                       David R. Roth

# CERTIFICATE OF SERVICE

I hereby certify that, on May 29, 2026, I electronically filed the foregoing Amici Curiae Brief in Support of Neither Party with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the Court's CM/ECF system, and served copies of the foregoing via the Court's CM/ECF system on all ECF-registered counsel.

Dated: May 29, 2026

/s/ *David R. Roth*
David R. Roth