PUBLIC APPENDIX – SEALED MATERIAL IN SEPARATE SUPPLEMENT

**No. 26-5023**
**(Consolidated with Nos. 26-5047, 26-5049)**

---

**UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

UNITED STATES OF AMERICA, *ET AL.*,
Plaintiffs-Appellees-Cross-Appellants,

v.

GOOGLE LLC,
Defendant-Appellant-Cross-Appellee.

---

On Appeals from the United States District Court
for the District of Columbia, Nos. 20-cv-3010 & 20-cv-3715
Hon. Amit P. Mehta

---

# JOINT APPENDIX VOLUME I OF V
**(JA0001-0473)**

---


Daniel E. Haar
Nickolai G. Levin
Patrick M. Kuhlmann
Matthew A. Waring
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave. NW, Room 3224
Washington, DC 20530-0001
(202) 532-4186
matthew.waring@usdoj.gov

*Counsel for Plaintiff-Appellee-Cross-Appellant United States of America*

Donald B. Verrilli, Jr.
Ginger D. Anders
Helen E. White
Daniel J. Kane
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW
Suite 500E
Washington, DC 20001
(202) 220-1100
Donald.Verrilli@mto.com

Benjamin J. Horwich
Justin P. Raphael
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000

*Counsel for Appellant-Cross-Appellee Google LLC*

Stanley E. Woodward, Jr.
*Associate Attorney General*
Stephanie A. Greco
*Deputy Assistant Attorney General, Litigation*
Ethan S. Hoffman
*Counsel to the Assistant Attorney General*

Travis R. Chapman
Grant Fergusson
Karl E. Herrmann
Ryan T. Karr
Claire M. Maddox
Michael G. McLellan
U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave. NW, Room 3224
Washington, DC 20530-0001

*Counsel for Plaintiff-Appellee-Cross-Appellant United States of America*

John E. Schmidtlein
Graham W. Safty
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000

Mark S. Popofsky
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 508-4624

*Counsel for Appellant-Cross-Appellee Google LLC*

Philip J. Weiser
*Attorney General*
Shannon Stevenson
*Solicitor General*
Jonathan Sallet
*Special Assistant Attorney General*
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
Jon.Sallet@coag.gov

Russell D. Johnson
*Deputy Solicitor General*
Conor May
*Assistant Attorney General*
Radhika M. Kattula
*Assistant Attorney General Fellow*

*Counsel for Plaintiff-Appellee-Cross-Appellant State of Colorado*

## TABLE OF CONTENTS

## VOLUME I

Docket Report for United States of America v. Google LLC, No. 20-3010 (D.D.C.) ........ JA0001

Docket Report for State of Colorado v. Google LLC, No. 20-3715 (D.D.C.) ........ JA0213

Order Granting in Part and Denying in Part Plaintiffs' Motion to Consolidate (Jan. 7, 2021) 20-cv-3715 Dkt. 67 ........ JA0227

Order to Bifurcate Proceedings (Dec. 6, 2021) Dkt. 264* ........ JA0229

Order Regarding Production Deadline, Motion to Compel Deadline, and Evidentiary Cut-Off Date (May 25, 2022) Dkt. 357 ........ JA0231

Excerpts from Plaintiffs' Opposition to Defendant's Motion for Summary Judgment (Feb. 16, 2023) Dkt. 506 (Sealed Version at Dkt. 476) ........ JA0235

Excerpts from Plaintiffs' Pre-Trial Brief (Sept. 8, 2023) Dkt. 688 Sealed Version at Dkt. 667) ........ JA0245

Opinion – Summary Judgment (Oct. 6, 2023) Dkt. 728 ........ JA0250

Designated Deposition Testimony of Mitchell Baker (Nov. 3, 2023) Dkt. 757-2 ........ JA0310

Defendant's Proposed Conclusions of Law (Feb. 23, 2024) Dkt. 834 ........ JA0351

Excerpts from Plaintiffs' Post-Trial Brief (Feb. 23, 2024) Dkt. 837 ........ JA0409

Plaintiffs' Proposed Conclusions of Law (Feb. 23, 2024) Dkt. 838 (Sealed Version at Dkt. 821) ........ JA0411

## VOLUME II

Excerpts from Plaintiffs' Proposed Findings of Fact (Apr. 30, 2024) Dkt. 906 ........ JA0474

---

* Docket entries are from No. 20-3010 unless otherwise specified.

Excerpts from Liability Transcript Dkt. 917 .......... JA0480
Excerpts from Liability Transcript Dkt. 918 .......... JA0510
Excerpts from Liability Transcript Dkt. 936 .......... JA0515
Excerpts from Liability Transcript Dkt. 938 .......... JA0555
Excerpts from Liability Transcript Dkt. 940 .......... JA0559
Excerpts from Liability Transcript Dkt. 941 .......... JA0566
Excerpts from Liability Transcript Dkt. 943 .......... JA0599
Excerpts from Liability Transcript Dkt. 944 .......... JA0608
Excerpts from Liability Transcript Dkt. 945 .......... JA0621
Excerpts from Liability Transcript Dkt. 951 .......... JA0623
Excerpts from Liability Transcript Dkt. 954 .......... JA0631
Excerpts from Liability Transcript Dkt. 965 .......... JA0648
Excerpts from Liability Transcript Dkt. 967 .......... JA0662
Excerpts from Liability Transcript Dkt. 970 .......... JA0667
Excerpts from Liability Transcript Dkt. 971 .......... JA0690
Excerpts from Liability Transcript Dkt. 972 .......... JA0693
Excerpts from Liability Transcript Dkt. 973 .......... JA0710
Excerpts from Liability Transcript Dkt. 974 .......... JA0712
Excerpts from Liability Transcript Dkt. 975 .......... JA0725
Excerpts from Liability Transcript Dkt. 979 .......... JA0727
Excerpts from Liability Transcript Dkt. 982 .......... JA0737
Excerpts from Liability Transcript Dkt. 983 .......... JA0740
Excerpts from Liability Transcript Dkt. 984 .......... JA0746

Excerpts from Liability Transcript Dkt. 985 ........ JA0752

Excerpts from Liability Transcript Dkt. 986 ........ JA0767

Excerpts from Liability Transcript Dkt. 992 ........ JA0770

Excerpts from Liability Transcript Dkt. 1004 ........ JA0773

Excerpts from Liability Transcript Dkt. 1006 ........ JA0785

Excerpts from Liability Transcript Dkt. 1007 ........ JA0791

Excerpts from Liability Transcript Dkt. 1010 ........ JA0800

Excerpts from Liability Transcript Dkt. 1012 ........ JA0812

Excerpts from Liability Transcript Dkt. 1013 ........ JA0820

**VOLUME III**

Opinion – Liability (Aug. 5, 2024) Dkt. 1033
(Sealed Version at Dkt. 1032)........ JA0825

Declaration of Eddy Cue (Dec. 23, 2024) Dkt. 1111-1 ........ JA1111

Excerpts from Opinion and Order Denying Apple's Motion for Limited Intervention (Jan. 27, 2025) Dkt. 1153 ........ JA1115

Plaintiffs' Revised Proposed Final Judgment (March 7, 2025) Dkt. 1184-1 ........ JA1117

Defendant's Proposed Final Judgment (March 7, 2025) Dkt. 1185 ........ JA1167

Declaration of John Giannandrea (May 2, 2025) Dkt. 1239 ........ JA1179

Excerpts from Deposition of Jay Kim (May 16, 2025) Dkt. 1344-1 ........ JA1184

Excerpts from Redacted Deposition of Francois Laflamme (May 16, 2025) Dkt. 1350 ........ JA1226

Excerpts from Defendant's Proposed Conclusions of Law (May 21, 2025) Dkt. 1359 ........ JA1252

Excerpts from Plaintiffs' Remedies Post-Trial Brief (May 29, 2025) Dkt. 1369 (Sealed Version at Dkt. 1348)........ JA1255

Excerpts from Plaintiffs' Remedies Proposed Findings of Fact (May 29, 2025) Dkt. 1370 ........ JA1273

## VOLUME IV

Excerpts from Remedies Transcript Dkt. 1393 ........ JA1322

Excerpts from Remedies Transcript Dkt. 1395 ........ JA1326

Excerpts from Remedies Transcript Dkt. 1396 ........ JA1347

Excerpts from Remedies Transcript Dkt. 1397 ........ JA1357

Excerpts from Remedies Transcript Dkt. 1398 ........ JA1360

Excerpts from Remedies Transcript Dkt. 1399 ........ JA1378

Excerpts from Remedies Transcript Dkt. 1402 ........ JA1394

Excerpts from Remedies Transcript Dkt. 1405 ........ JA1398

Excerpts from Remedies Transcript Dkt. 1410 ........ JA1436

Excerpts from Remedies Transcript Dkt. 1411 ........ JA1449

Excerpts from Remedies Transcript Dkt. 1412 ........ JA1477

Excerpts from Remedies Transcript Dkt. 1414 ........ JA1483

Excerpts from Remedies Transcript Dkt. 1416 ........ JA1511

Excerpts from Remedies Transcript Dkt. 1417 ........ JA1528

Excerpts from Remedies Transcript Dkt. 1419 ........ JA1533

Excerpts from Remedies Transcript Dkt. 1420 ........ JA1542

Opinion – Remedies (Sept. 2, 2025) Dkt. 1436 (Sealed Version at Dkt. 1435) ........ JA1560

## VOLUME V

Defendant's Brief in Support of Entry of Its Proposed Final Judgment (Sept. 17, 2025) Dkt. 1443 ........ JA1790

Excerpts from Final Judgment Hearing Transcript Dkt. 1447 ........................ JA1834

Opinion – Judgment (Dec. 5, 2025) Dkt. 1461 ............................................. JA1839

Judgment (Dec. 5, 2025) Dkt. 1462 ............................................................ JA1934

Motion for Extension of Time to File Notice of Appeal (Dec. 17, 2025) Dkt. 1465 ............................................................................................ JA1969

Order Granting Motion for Extension of Time to File Notice of Appeal (Dec. 18, 2025) Dkt. 1466 ....................................................................... JA1981

Excerpts from Declaration of Jesse Adkins (Jan. 16, 2026) Dkt. 1471-3 ...... JA1982

Notice of Appeal (Jan. 16, 2026) 20-cv-3715 Dkt. 174 ................................ JA1985

Notice of Appeal (Jan. 16, 2026) Dkt. 1472 ................................................. JA1987

Notice of Cross-Appeal (Feb. 3, 2026) Dkt. 1484 ......................................... JA1989

Notice of Cross-Appeal (Feb. 3, 2026) Dkt. 1485 ......................................... JA1997

Technical Committee's Status Report (Feb. 6, 2026) Dkt. 1492 .................. JA2002

Excerpts from Plaintiffs' First Status Report on Defendant's Compliance with the Final Judgment (May 4, 2026) Dkt. 1512 ....................................... JA2033

Order Denying Without Prejudice Defendant's Motion for a Partial Stay Pending Appeal (May 7, 2026) Dkt. 1514 .................................................. JA2036

Order Granting Plaintiffs' Unopposed Joint Motion for Additional Time to Submit Template License Agreements for Search Syndication and Search Text Ads Syndication (June 26, 2026) Dkt. 1529 .............................. JA2044

Excerpts from Cue 30(b)(6) Deposition (Material Under Seal) ..................... JA2046

Excerpts from Designated Deposition Testimony of Phiroze Parakh (Material Under Seal) ........................................................................... JA2056

Excerpts from DX0081 (Material Under Seal) ............................................. JA2059

Excerpts from DX0543 (Material Under Seal) ............................................. JA2060

Excerpts from DX0924 (Material Under Seal) .......... JA2064

DX0946 (Material Under Seal) .......... JA2077

Excerpts from DX0962 (Material Under Seal) .......... JA2097

Excerpts from DX1027 (Material Under Seal) .......... JA2115

DXD06 .......... JA2134

Excerpts from DXD29 (Material Under Seal) .......... JA2135

Excerpts from DXD37 (Material Under Seal) .......... JA2138

JX1 (Material Under Seal) .......... JA2143

JX24 (Material Under Seal) .......... JA2153

JX33 (Material Under Seal) .......... JA2157

Excerpts from JX71 (Material Under Seal) .......... JA2177

PXR176 (Material Under Seal) .......... JA2185

PXR181 (Material Under Seal) .......... JA2194

Excerpts from PXR571 (Material Under Seal) .......... JA2195

PXR606 (Material Under Seal) .......... JA2199

PXR607 (Material Under Seal) .......... JA2201

Excerpts from PXR608 (Material Under Seal) .......... JA2203

PXR609 (Material Under Seal) .......... JA2214

Excerpts from RDX338 (Material Under Seal) .......... JA2216

Excerpts from RDX340 (Material Under Seal) .......... JA2217

Excerpts from RDX355 (Material Under Seal) .......... JA2221

Excerpts from RDX365 (Material Under Seal) .......... JA2223

Excerpts from RDX366 (Material Under Seal) ............................................ JA2225

Excerpts from RDX367 (Material Under Seal) ............................................ JA2227

RDX368 (Material Under Seal) .................................................................... JA2228

Excerpts from RDX432 (Material Under Seal) ............................................ JA2236

Excerpts from RDX435 (Material Under Seal) ............................................ JA2247

Excerpts from RDXD025 ............................................................................ JA2250

Excerpts from RDXD33 (Material Under Seal) ............................................ JA2252

UPX0002 (Material Under Seal) .................................................................. JA2254

UPX0123 (Material Under Seal) .................................................................. JA2261

UPX0134 (Material Under Seal) .................................................................. JA2284

UPX0260 (Material Under Seal) .................................................................. JA2294

Excerpts from UPX0334 ............................................................................... JA2298

UPX0339 (Material Under Seal) .................................................................. JA2306

UPX0340 (Material Under Seal) .................................................................. JA2308

Excerpts from UPX0344 (Material Under Seal) ............................................ JA2311

UPX0605 ...................................................................................................... JA2315

UPX0856 (Material Under Seal) .................................................................. JA2325

UPX2051 (Material Under Seal) .................................................................. JA2326

UPX6033 (Material Under Seal) .................................................................. JA2379

UPXD104 (Material Under Seal) .................................................................. JA2384

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:20-cv-03010-APM

UNITED STATES OF AMERICA et al v. GOOGLE LLC
Assigned to: Judge Amit P. Mehta
Case in other court: USCA, 24-05006
USCA, 25-05016
USCA, 26-05023
USCA, 26-05047
USCA, 26-05049
Cause: 15:1 Antitrust Litigation

Date Filed: 10/20/2020
Jury Demand: None
Nature of Suit: 410 Anti-Trust
Jurisdiction: U.S. Government Plaintiff

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2020 | 1 | COMPLAINT against GOOGLE LLC filed by UNITED STATES OF AMERICA. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(ztnr) (Entered: 10/20/2020) |
| 10/20/2020 | 2 | NOTICE of Appearance by Jesus Manuel Alvarado-Rivera on behalf of UNITED STATES OF AMERICA (Alvarado-Rivera, Jesus) (Entered: 10/20/2020) |
| 10/21/2020 | | Case Assigned to Judge Amit P. Mehta. (zmd) (Entered: 10/21/2020) |
| 10/21/2020 | 3 | SUMMONS (1) Issued Electronically as to GOOGLE LLC. (Attachments: # 1 Notice and Consent) (zmd) (Entered: 10/21/2020) |
| 10/23/2020 | 4 | WAIVER OF SERVICE. GOOGLE LLC waiver sent on 10/20/2020, answer due 12/19/2020. (Alvarado-Rivera, Jesus) (Entered: 10/23/2020) |
| 10/23/2020 | 5 | NOTICE of Appearance by John E. Schmidtlein on behalf of GOOGLE LLC (Schmidtlein, John) (Entered: 10/23/2020) |
| 10/23/2020 | 6 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GOOGLE LLC (Schmidtlein, John) (Entered: 10/23/2020) |
| 10/23/2020 | 7 | NOTICE of Appearance by Benjamin M. Greenblum on behalf of GOOGLE LLC (Greenblum, Benjamin) (Entered: 10/23/2020) |
| 10/26/2020 | 8 | NOTICE of Appearance by Mark Samuel Popofsky on behalf of GOOGLE LLC (Popofsky, Mark) (Entered: 10/26/2020) |
| 10/26/2020 | | MINUTE ORDER. The parties shall appear for a telephonic status hearing on October 30, 2020, at 10:00 a.m. The courtroom deputy shall circulate dial-in information. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Signed by Judge Amit P. Mehta on 10/26/2020. (lcapm2) (Entered: 10/26/2020) |
| 10/26/2020 | | Set/Reset Hearings: Telephonic Status Conference set for 10/30/2020 at 10:00 AM Judge Amit P. Mehta. (zjd) (Entered: 10/27/2020) |
| 10/27/2020 | 9 | NOTICE of Appearance by Franklin M. Rubinstein on behalf of All Defendants (Rubinstein, Franklin) (Entered: 10/27/2020) |

| | | |
|---|---|---|
| 10/27/2020 | 10 | NOTICE of Appearance by Ryan M. Sandrock on behalf of UNITED STATES OF AMERICA (Sandrock, Ryan) (Entered: 10/27/2020) |
| 10/28/2020 | 11 | NOTICE of Appearance by Elizabeth Skjelborg Jensen on behalf of UNITED STATES OF AMERICA (Jensen, Elizabeth) (Entered: 10/28/2020) |
| 10/29/2020 | 12 | NOTICE of Appearance by Chaim Alexander Cohen on behalf of UNITED STATES OF AMERICA (Cohen, Chaim) (Main Document 12 replaced on 10/29/2020) (zeg). (Entered: 10/29/2020) |
| 10/29/2020 | 13 | NOTICE of Appearance by Justin Clark on behalf of COMMONWEALTH OF KENTUCKY (Clark, Justin) (Entered: 10/29/2020) |
| 10/29/2020 | 14 | NOTICE of Appearance by Kimberley G. Biagioli on behalf of STATE OF MISSOURI (Biagioli, Kimberley) (Entered: 10/29/2020) |
| 10/30/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via teleconference on 10/30/2020. Joint Status Report due by 11/6/2020. Defendant's Notice due by 11/13/2020. Rule 26(a)(1) Initial Disclosures due by 11/20/2020. Status Conference set for 11/18/2020 at 11:30 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. (Court Reporter: William Zaremba) (zjd) (Entered: 10/30/2020) |
| 10/30/2020 | 15 | NOTICE of Appearance by Matthew Alan Michaloski on behalf of STATE OF INDIANA (Michaloski, Matthew) (Entered: 10/30/2020) |
| 10/30/2020 | 16 | NOTICE of Appearance by Scott Leroy Barnhart on behalf of STATE OF INDIANA (Barnhart, Scott) (Entered: 10/30/2020) |
| 10/30/2020 | | MINUTE ORDER setting the following schedule for further proceedings in this matter: (1) the parties shall file a Joint Status Report on or before November 6, 2020, which updates the court on the status of a protective order; (2) Defendant shall notify the court on or before November 13, 2020, of how it intends to respond to 1 the Complaint; (3) the parties shall appear for a telephonic status hearing on November 18, 2020, at 11:30 a.m.; and (4) the parties shall exchange their initial disclosures, as required under Rule 26(a)(1), on or before November 20, 2020. Initial disclosures shall be for attorneys' eyes only unless and until a protective order is in place or the court orders otherwise. Signed by Judge Amit P. Mehta on 10/30/2020. (lcapm2) (Entered: 10/30/2020) |
| 10/30/2020 | 17 | NOTICE of Appearance by Bret Fulkerson on behalf of STATE OF TEXAS (Fulkerson, Bret) (Entered: 10/30/2020) |
| 10/30/2020 | 18 | NOTICE of Appearance by Kim Van Winkle on behalf of STATE OF TEXAS (Van Winkle, Kim) (Entered: 10/30/2020) |
| 10/30/2020 | 19 | NOTICE of Appearance by Kelsey Paine on behalf of STATE OF TEXAS (Paine, Kelsey) (Entered: 10/30/2020) |
| 11/02/2020 | 20 | NOTICE of Appearance by Rebecca McCormack Hartner on behalf of STATE OF SOUTH CAROLINA (Hartner, Rebecca) (Entered: 11/02/2020) |
| 11/02/2020 | 21 | NOTICE of Appearance by Mark W Mattioli on behalf of STATE OF MONTANA (Mattioli, Mark) (Entered: 11/02/2020) |
| 11/04/2020 | 22 | NOTICE of Appearance by R. S. Palmer on behalf of STATE OF FLORIDA (Palmer, R.) (Main Document 22 replaced on 11/5/2020) (zeg). (Entered: 11/04/2020) |

| | | |
|---|---|---|
| 11/05/2020 | 23 | NOTICE of Appearance by Michael Glenn McLellan on behalf of UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 11/05/2020) |
| 11/06/2020 | 24 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/06/2020) |
| 11/09/2020 | | MINUTE ORDER. Upon consideration of the parties' 24 Joint Status Report, the parties are directed to submit position statements outlining their respective positions on the disputed terms of a protective order, not to exceed ten pages, on or before November 13, 2020. Third parties wishing to be heard on the disputed terms of the protective order may also submit position statements, not to exceed seven pages, on or before November 13, 2020. Signed by Judge Amit P. Mehta on 11/9/2020. (lcapm2) (Entered: 11/09/2020) |
| 11/09/2020 | | Set/Reset Deadlines: Position Statements due by 11/13/2020. (zjd) (Entered: 11/09/2020) |
| 11/09/2020 | 32 | NOTICE pursuant to R.P.J.P.M.L. 4.l(b) of PLAINTIFF'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407. by J. JACKSON PAIGE (zrdj) (Entered: 11/13/2020) |
| 11/10/2020 | 25 | NOTICE of Appearance by Erica S Sullivan on behalf of STATE OF INDIANA (Sullivan, Erica) (Entered: 11/10/2020) |
| 11/11/2020 | 26 | NOTICE of Appearance by Matthew Guice Aiken on behalf of AT&T INC. (Aiken, Matthew) (Entered: 11/11/2020) |
| 11/11/2020 | 27 | NOTICE of Appearance by Amy Wilkie Ray on behalf of MICROSOFT CORPORATION (Ray, Amy) (Entered: 11/11/2020) |
| 11/11/2020 | 28 | Joint MOTION for Extension of Time to *File Position Statements on Protective Order* by AT&T INC. (Aiken, Matthew) (Entered: 11/11/2020) |
| 11/11/2020 | 29 | NOTICE of Appearance by John A. Jurata, Jr on behalf of Sonos, Inc. (Jurata, John) (Entered: 11/11/2020) |
| 11/11/2020 | 30 | NOTICE of Appearance by Stephen Michael Nickelsburg on behalf of ORACLE CORPORATION, ORACLE CORPORATION (Nickelsburg, Stephen) (Entered: 11/11/2020) |
| 11/11/2020 | | MINUTE ORDER granting Non-Parties' Request for Additional Time to File Position Statements on the Protective Order, ECF No. 28 . Any non-party wishing to make its views known with respect to the proposed protective order shall make its filing by November 20, 2020. Such filing shall be no more than seven, double-spaced pages. Neither the parties nor the third parties need include hyperlinks in their submissions. Signed by Judge Amit P. Mehta on 11/11/2020. (lcapm2) (Entered: 11/11/2020) |
| 11/11/2020 | | Set/Reset Deadlines: Non-Party Position Statements due by 11/20/2020. (zjd) (Entered: 11/12/2020) |
| 11/12/2020 | 31 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on October 30, 2020; Page Numbers: 1-44. Date of Issuance: November 12, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/3/2020. Redacted Transcript Deadline set for 12/13/2020. Release of Transcript Restriction set for 2/10/2021.(wz) (Entered: 11/12/2020) |
| 11/13/2020 | 33 | SUPPLEMENTAL MEMORANDUM by GOOGLE LLC. (Attachments: # 1 Exhibit Ex. A Proposed Protective Order)(Schmidtlein, John) Modified event title on 11/17/2020 (znmw). (Entered: 11/13/2020) |
| 11/13/2020 | 34 | SUPPLEMENTAL MEMORANDUM to *Status Report* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Proposed Protective Order, # 2 Exhibit Comparison of Parties' Proposals)(Dintzer, Kenneth) (Entered: 11/13/2020) |
| 11/16/2020 | 35 | NOTICE of Appearance by Helgi C. Walker on behalf of T-MOBILE USA, INC. (Walker, Helgi) (Entered: 11/16/2020) |
| 11/16/2020 | 36 | NOTICE of Appearance by Russell Balikian on behalf of T-MOBILE USA, INC. (Balikian, Russell) (Entered: 11/16/2020) |
| 11/17/2020 | 37 | NOTICE of Appearance by Megan Gray on behalf of Duck Duck Go, Inc. (Gray, Megan) Modified on 11/17/2020 (zjd). (Entered: 11/17/2020) |
| 11/17/2020 | 38 | NOTICE of Appearance by Melissa H. Maxman on behalf of DUCK DUCK GO, INC. (Maxman, Melissa) (Entered: 11/17/2020) |
| 11/17/2020 | 39 | NOTICE of Appearance by Ronald F. Wick on behalf of DUCK DUCK GO, INC. (Wick, Ronald) (Entered: 11/17/2020) |
| 11/17/2020 | 40 | NOTICE of Appearance by Richard G. Parker on behalf of AMAZON.COM, INC. (Parker, Richard) (Entered: 11/17/2020) |
| 11/17/2020 | 41 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Marjorie A. Walter, Filing fee $ 100, receipt number ADCDC-7847350. Fee Status: Fee Paid. by T-MOBILE USA, INC. (Attachments: # 1 Declaration of Marjorie A. Walter, # 2 Text of Proposed Order)(Walker, Helgi) (Entered: 11/17/2020) |
| 11/17/2020 | 42 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Michael E. Kipling, Filing fee $ 100, receipt number ADCDC-7847414. Fee Status: Fee Paid. by T-MOBILE USA, INC. (Attachments: # 1 Declaration of Michael E. Kipling, # 2 Text of Proposed Order)(Walker, Helgi) (Entered: 11/17/2020) |
| 11/18/2020 | | MINUTE ORDER granting 41 Motion for Leave to Appear Pro Hac Vice. Attorney Marjorie A. Walter is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/18/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/18/2020) |
| 11/18/2020 | | MINUTE ORDER granting 42 Motion for Leave to Appear Pro Hac Vice. Attorney Michael E. Kipling is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/18/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/18/2020) |

| | | |
|---|---|---|
| 11/18/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 11/18/2020 via teleconference. Modified Rule 16.3 Statement due by 12/11/2020. Telephonic Status Conferences set for 12/2/2020 at 11:00 AM and 12/18/2020 at 11:00 AM before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. (Court Reporter: William Zaremba) (zjd) (Entered: 11/18/2020) |
| 11/18/2020 | | MINUTE ORDER entering the following schedule, as discussed at the November 18, 2020 telephonic status hearing: (1) the parties shall appear for a telephonic status hearing to discuss the pending protective order on December 2, 2020, at 11:00 a.m.; (2) the parties shall meet and confer in accordance with Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, and submit a joint statement that includes proposals for a case management order on or before December 11, 2020; and (3) the parties shall appear for a telephonic status hearing to resolve any disputes raised in the parties' statement and to set a schedule for further proceedings in this matter on December 18, 2020, at 11:00 a.m. Signed by Judge Amit P. Mehta on 11/18/2020. (lcapm2) (Entered: 11/18/2020) |
| 11/19/2020 | 43 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- John D. Friel, Filing fee $ 100, receipt number ADCDC-7855120. Fee Status: Fee Paid. by ORACLE CORPORATION (Attachments: # 1 Declaration of John D. Friel, # 2 Text of Proposed Order)(Nickelsburg, Stephen) (Entered: 11/19/2020) |
| 11/19/2020 | 44 | NOTICE of Appearance by James Donald Sadowski on behalf of GroupM Worldwide LLC (Sadowski, James) (Entered: 11/19/2020) |
| 11/19/2020 | | MINUTE ORDER granting 43 Motion for Leave to Appear Pro Hac Vice. Attorney John D. Friel is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/19/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/19/2020) |
| 11/20/2020 | 45 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Kristen C. Limarzi, Filing fee $ 100, receipt number ADCDC-7861480. Fee Status: Fee Paid. by AT&T INC. (Attachments: # 1 Declaration of Kristen C. Limarzi, # 2 Text of Proposed Order) (Aiken, Matthew) (Entered: 11/20/2020) |
| 11/20/2020 | 46 | NOTICE of Appearance by Steven C. Sunshine on behalf of APPLE INC. (Sunshine, Steven) (Entered: 11/20/2020) |
| 11/20/2020 | 47 | NOTICE *(Non-Party Apple Inc.'s Position Statement on Protective Order)* by APPLE INC. re Order on Motion for Extension of Time to, (Sunshine, Steven) (Entered: 11/20/2020) |
| 11/20/2020 | 48 | NOTICE of Appearance by Joseph M. Rancour on behalf of APPLE INC. (Rancour, Joseph) (Entered: 11/20/2020) |
| 11/20/2020 | | MINUTE ORDER granting 45 Motion for Leave to Appear Pro Hac Vice. Attorney Kristen C. Limarzi is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).**Click here for instructions Signed by Judge Amit P. Mehta on 11/20/2020. (lcapm2) Modified on 11/20/2020 (zjd). (Entered: 11/20/2020) |
| 11/20/2020 | 49 | NOTICE of Appearance by Elisabeth Hart Pepper Martin on behalf of STATE OF MISSISSIPPI (Martin, Elisabeth) (Main Document 49 replaced on 11/20/2020) (zeg). (Entered: 11/20/2020) |

| | | |
|---|---|---|
| 11/20/2020 | 50 | NOTICE *Non-Parties' Position Statement on the Protective Order* by AT&T INC. (Aiken, Matthew) (Entered: 11/20/2020) |
| 11/20/2020 | 51 | NOTICE *of Non-Party Position Statement Regarding the Proposed Protective Order* by GROUPM WORLDWIDE LLC re 34 Supplemental Memorandum (Sadowski, James) (Entered: 11/20/2020) |
| 11/20/2020 | 52 | NOTICE *Non-Party DuckDuckGo's Position Statement on Protective Order* by DUCK DUCK GO, INC. (Gray, Megan) (Entered: 11/20/2020) |
| 11/20/2020 | 53 | NOTICE of Appearance by Kristen Ceara Limarzi on behalf of AT&T INC. (Limarzi, Kristen) (Entered: 11/20/2020) |
| 11/23/2020 | 54 | NOTICE of Supplemental Information re MDL No. 2981 by J. JACKSON PAIGE (zrdj) (Entered: 11/25/2020) |
| 11/25/2020 | 55 | MOTION for Leave to File *Reply Submission in Support of Protective Order* by GOOGLE LLC (Attachments: # 1 Reply in Support of PO, # 2 Exhibit 1 Danaye-Elmi Declaration, # 3 Exhibit 2 Kollios Declaration, # 4 Text of Proposed Order)(Schmidtlein, John) (Entered: 11/25/2020) |
| 12/01/2020 | 56 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on November 18, 2020; Page Numbers: 1-40. Date of Issuance: December 1, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/22/2020. Redacted Transcript Deadline set for 1/1/2021. Release of Transcript Restriction set for 3/1/2021.(wz) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER granting 55 Defendant's Motion for Leave to File Reply Submission Regarding Proposed Protective Order. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | 57 | NOTICE of Appearance by Marjorie A. Walter on behalf of T-MOBILE USA, INC. (Walter, Marjorie) (Entered: 12/01/2020) |
| 12/01/2020 | 58 | NOTICE of Appearance by Michael Edward Kipling on behalf of T-MOBILE USA, INC. (Kipling, Michael) (Entered: 12/01/2020) |
| 12/01/2020 | 59 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Arthur J. Burke, Fee Status: No Fee Paid. by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Arthur J. Burke, # 2 Text of Proposed Order) (Solomon, Jesse) (Entered: 12/01/2020) |

| | | |
|---|---|---|
| 12/01/2020 | 60 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Christopher Lynch, Fee Status: No Fee Paid. by NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Christopher Lynch, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER. The court denies 59 Motion for Leave to Appear Pro Hac Vice without prejudice. Counsel has not paid the $100 fee required by Local Civil Rule 83.2(d). Once the payment is confirmed, the court will reconsider the motion. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER. The court denies 60 Motion for Leave to Appear Pro Hac Vice without prejudice. Counsel has not paid the $100 fee required by Local Civil Rule 83.2(d). Once the payment is confirmed, the court will reconsider the motion. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | 61 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Arthur J. Burke, Filing fee $ 100, receipt number ADCDC-7902315. Fee Status: Fee Paid. by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Arthur J. Burke, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | 62 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Christopher Lynch, Filing fee $ 100, receipt number ADCDC-7902398. Fee Status: Fee Paid. by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Attachments: # 1 Declaration of Christopher Lynch, # 2 Text of Proposed Order)(Solomon, Jesse) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER granting 61 Motion for Leave to Appear Pro Hac Vice. Attorney Arthur J. Burke is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | | MINUTE ORDER granting 62 Motion for Leave to Appear Pro Hac Vice. Attorney Christopher Lynch is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 12/1/2020. (lcapm2) (Entered: 12/01/2020) |
| 12/01/2020 | 63 | REPLY Submission in Support of Protective Order filed by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(eg) (Entered: 12/02/2020) |
| 12/02/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/2/2020 via teleconference. Revised Proposed Protective Order due by 12/14/2020. Third-Party Submission(s) due by 12/15/2020. (Court Reporter: William Zaremba) (zjd) (Entered: 12/02/2020) |
| 12/02/2020 | 64 | NOTICE of Appearance by Arthur Joseph Burke on behalf of COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Burke, Arthur) (Entered: 12/02/2020) |
| 12/02/2020 | 65 | NOTICE of Appearance by Christopher Lynch on behalf of COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Lynch, Christopher) (Entered: 12/02/2020) |
| 12/04/2020 | 66 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on December 2, 2020; Page Numbers: 1-72. Date of Issuance: December 4, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal o r purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/25/2020. Redacted Transcript Deadline set for 1/4/2021. Release of Transcript Restriction set for 3/4/2021.(wz) (Entered: 12/04/2020) |
| 12/04/2020 | 67 | NOTICE of Appearance by John D. Friel on behalf of ORACLE CORPORATION (Friel, John) (Entered: 12/04/2020) |
| 12/09/2020 | 68 | NOTICE of Appearance by Colette Connor on behalf of GOOGLE LLC (Connor, Colette) (Entered: 12/09/2020) |
| 12/11/2020 | 69 | MOTION for Joinder *of Prospective Plaintiff State of California as Plaintiff* by STATE OF CALIFORNIA, STATE OF CALIFORNIA (Attachments: # 1 Exhibit Proposed Order Granting State of California's Motion for Joinder as Plaintiff)(McCauley, Ryan) (Entered: 12/11/2020) |
| 12/11/2020 | | MINUTE ORDER. Defendant Google LLC shall respond to State of California's motion for joinder, ECF No. 69 , by no later than December 18, 2020. Signed by Judge Amit P. Mehta on 12/11/2020. (lcapm2) (Entered: 12/11/2020) |
| 12/11/2020 | 70 | MEET AND CONFER STATEMENT. (Attachments: # 1 Exhibit Proposed ESI Order, # 2 Exhibit Proposed CMO Order)(Alvarado-Rivera, Jesus) (Entered: 12/11/2020) |
| 12/11/2020 | | Set/Reset Deadlines: Response due by 12/18/2020. (zjd) (Entered: 12/14/2020) |
| 12/14/2020 | 71 | NOTICE of Appearance by Susan A. Creighton on behalf of GOOGLE LLC (Creighton, Susan) (Entered: 12/14/2020) |
| 12/14/2020 | 72 | STATUS REPORT. (Attachments: # 1 Exhibit Stipulated Protective Order)(Alvarado-Rivera, Jesus) Modified event title on 12/16/2020 (znmw). (Entered: 12/14/2020) |
| 12/14/2020 | 80 | NOTICE of Appearance and Reply Memorandum filed in MDL 2981 by J. JACKSON PAIGE (Attachments: # 1 Reply Memorandum, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Proof of Service)(eg) Modified filing party on 12/21/2020 (zjd). (Entered: 12/18/2020) |
| 12/15/2020 | 73 | NOTICE *Non-Parties' Position Statement on the Parties' Stipulated Protective Order* by AT&T INC. re 72 Meet and Confer Statement (Limarzi, Kristen) (Entered: 12/15/2020) |
| 12/17/2020 | 74 | NOTICE of Appearance by Gwendolyn Jean Cooley on behalf of WISCONSIN, STATE OF (Attachments: # 1 Certificate of Service Certificate of Service)(Cooley, Gwendolyn) (Entered: 12/17/2020) |
| 12/17/2020 | 75 | MOTION for Joinder *Prospective Plaintiff States of Wisconsin and Michigan for Joinder as Plaintiffs in the Instant Action* by WISCONSIN, STATE OF (Attachments: # 1 Memorandum in Support Prospective Plaintiff States of Wisconsin and Michigans Memorandum of Law in Support of Motion for Joinder as Plaintiffs, # 2 Text of Proposed Order [Proposed] Order Granting Moving Parties States of Wisconsin and |

| | | |
|---|---|---|
| | | Michigans Motion for Joinder, # 3 Certificate of Service Certificate of Service)(Cooley, Gwendolyn) (Entered: 12/17/2020) |
| 12/17/2020 | 76 | NOTICE of Appearance by Paula L. Blizzard on behalf of STATE OF CALIFORNIA (Blizzard, Paula) (Entered: 12/17/2020) |
| 12/17/2020 | 77 | NOTICE of Appearance by Wisam Naoum on behalf of STATE OF MICHIGAN (Naoum, Wisam) (Entered: 12/17/2020) |
| 12/17/2020 | 78 | NOTICE of Appearance by Jeremy Michael Purkey Goldstein on behalf of UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) (Entered: 12/17/2020) |
| 12/17/2020 | 79 | RESPONSE re 69 MOTION for Joinder *of Prospective Plaintiff State of California as Plaintiff*, 75 MOTION for Joinder *Prospective Plaintiff States of Wisconsin and Michigan for Joinder as Plaintiffs in the Instant Action* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/17/2020) |
| 12/18/2020 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/18/2020 via teleconference. Submission due by 1/19/2021. Initial Disclosures due by 1/20/2021. Status Conference set for 1/21/2021 at 11:00 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel of record. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Jury Trial set for 9/12/2023 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 12/18/2020) |
| 12/18/2020 | | MINUTE ORDER. Pursuant to the telephonic status conference held on December 18, 2020, the court sets the following schedule for further proceedings in this matter: (1) the parties shall submit amended versions of the Proposed Protective Order and Case Management Order to chambers by 12:00 p.m. on December 21, 2020; and (2) the parties shall appear for a telephonic status conference on January 21, 2021, at 11:00 a.m. Signed by Judge Amit P. Mehta on 12/18/2020. (lcapm2) (Entered: 12/18/2020) |
| 12/18/2020 | 81 | NOTICE of Appearance by Johnathan R Carter on behalf of STATE OF ARKANSAS (Carter, Johnathan) (Entered: 12/18/2020) |
| 12/18/2020 | 82 | NOTICE of Appearance by Brian Wang on behalf of STATE OF CALIFORNIA (Wang, Brian) (Entered: 12/18/2020) |
| 12/18/2020 | | MINUTE ORDER. Pursuant to Fed. R. Civ. P. 24(b)(1)(B), the motions to intervene filed by the states of California, Wisconsin, and Michigan, ECF Nos. 69 and 75 , are hereby granted. Plaintiffs shall file an amended complaint incorporating the amendments detailed in the intervening states' motions on or before the deadline for amending the pleadings. Signed by Judge Amit P. Mehta on 12/18/2020. (lcapm2) (Entered: 12/18/2020) |
| 12/18/2020 | 83 | NOTICE of Appearance by Adam Miller on behalf of STATE OF CALIFORNIA (Miller, Adam) (Entered: 12/18/2020) |
| 12/21/2020 | 84 | ORDER entering Stipulated Protective Order. Please see the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/21/2020. (lcapm2) (Entered: 12/21/2020) |
| 12/21/2020 | 85 | CASE MANAGEMENT AND SCHEDULING ORDER. Please see the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/21/2020. (lcapm2) (Entered: 12/21/2020) |

| | | |
|---|---|---|
| 12/21/2020 | 86 | STIPULATION AND ORDER regarding discovery procedure. Please see the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/21/2020. (lcapm2) (Entered: 12/21/2020) |
| 12/21/2020 | 87 | ANSWER to 1 Complaint by GOOGLE LLC.(Schmidtlein, John) (Entered: 12/21/2020) |
| 12/22/2020 | 88 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on December 18, 2020; Page Numbers: 1-82. Date of Issuance: December 22, 2020. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/12/2021. Redacted Transcript Deadline set for 1/22/2021. Release of Transcript Restriction set for 3/22/2021.(wz) (Entered: 12/22/2020) |
| 12/29/2020 | | Set/Reset Deadlines: Amended Complaint, Amended Pleadings, and Joinder of Parties due by 1/15/2021. Fact Discovery shall conclude on 3/22/2022. Opening Expert Disclosures due by 4/21/2022. Rebuttal Expert Reports due by 6/20/2022. Reply Expert Reports due by 8/9/2022. Expert Discovery shall conclude on 9/23/2022. Motions for Summary Judgment and Daubert Motions due by 10/24/2022. Oppositions due by 12/8/2022. Replies due by 1/9/2023. Motions in Limine due by 8/1/2023. Oppositions due by 8/15/2023. Joint Submission due by 8/22/2023. This docket entry serves to enter deadlines into the CM/ECF database. Please refer to the 85 Scheduling and Case Management Order for full details. (zjd) (Entered: 12/29/2020) |
| 01/07/2021 | | Cases Consolidated. Case 20-3715 has been consolidated with case 20-3010, pursuant to an Order entered 01/07/2021. From this date forward, all pleadings should be filed in lead case 20-3010. Parties are advised NOT to elect the spread text option when filing in ECF. (eg) (Entered: 01/13/2021) |
| 01/08/2021 | 89 | NOTICE OF DISCLOSURE. See the attached Notice for additional details. Signed by Judge Amit P. Mehta on 1/8/2021. (lcapm2) (Entered: 01/08/2021) |
| 01/08/2021 | 90 | NOTICE *Regarding Rule 12 Motion* by GOOGLE LLC (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 01/08/2021) |
| 01/11/2021 | 91 | NOTICE of Appearance by Amy Hanson on behalf of STATE OF WASHINGTON (Hanson, Amy) (Entered: 01/11/2021) |
| 01/14/2021 | 92 | ENTERED IN ERROR.....NOTICE of Appearance by Lee Istrail on behalf of STATE OF FLORIDA (Istrail, Lee) (Main Document 92 replaced on 1/15/2021) (zeg). Modified on 1/15/2021 (eg). (Entered: 01/14/2021) |

| | | |
|---|---|---|
| 01/14/2021 | 93 | ORDER. Please see the attached Standing Order No. 21-3, signed by Chief Judge Beryl A. Howell, In Re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents. (zjd) (Entered: 01/14/2021) |
| 01/15/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 92 Notice of Appearance was entered in error and counsel was instructed to refile said pleading with correct case information. (eg) (Entered: 01/15/2021) |
| 01/15/2021 | 94 | AMENDED COMPLAINT against GOOGLE LLC filed by STATE OF LOUISIANA, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF MICHIGAN, STATE OF ARKANSAS, UNITED STATES OF AMERICA, STATE OF WISCONSIN, STATE OF CALIFORNIA, COMMONWEALTH OF KENTUCKY, STATE OF FLORIDA, STATE OF MISSOURI, STATE OF MISSISSIPPI, STATE OF GEORGIA, STATE OF INDIANA.(Alvarado-Rivera, Jesus) (Entered: 01/15/2021) |
| 01/15/2021 | 95 | NOTICE *AMENDED COMPLAINT* by COMMONWEALTH OF KENTUCKY, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF WISCONSIN, UNITED STATES OF AMERICA (Alvarado-Rivera, Jesus) (Entered: 01/15/2021) |
| 01/19/2021 | 96 | Joint STATUS REPORT by STATE OF COLORADO. (Attachments: # 1 Exhibit Exhibit 1 Stipulated Protective Order_, # 2 Exhibit Exhibit 2 Stipulation and Order Regarding Discovery Procedure)(Sallet, Jonathan) (Entered: 01/19/2021) |
| 01/21/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 1/21/2021 via teleconference. Status Conferences set for 2/25/2021 at 11:00 AM via teleconference, 3/30/2021 at 11:00 AM in Courtroom 10, and 4/30/2021 at 11:00 AM in Courtroom 10 before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel of record for the teleconference hearing. Members of the public may access the teleconference hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. (Court Reporter: William Zaremba) (zjd) (Entered: 01/21/2021) |
| 01/21/2021 | 97 | NOTICE of Appearance by Parrell D. Grossman on behalf of STATE OF NORTH DAKOTA (Grossman, Parrell) (Main Document 97 replaced on 1/22/2021) (zeg). (Entered: 01/21/2021) |
| 01/21/2021 | 98 | ORDER entering Stipulated Protective Order. This Order supersedes the 84 Stipulated Protective Order entered on December 21, 2020. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/21/2021. (lcapm2) (Entered: 01/21/2021) |
| 01/21/2021 | 99 | STIPULATION AND ORDER regarding discovery procedure. This Order supersedes the 86 Stipulation and Order entered on December 21, 2020. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/21/2021. (lcapm2) (Entered: 01/21/2021) |
| 01/21/2021 | | MINUTE ORDER setting a schedule for further proceedings in this consolidated matter. The State Plaintiffs in State of Colorado v. Google, shall begin making their initial production of the investigative file, as set forth in paragraph 7 of the Case Management Order, by no later than February 4, 2021. Furthermore, the parties in the Colorado matter shall file a supplemental Joint Status Report regarding a modified Case Management Order on or before January 27, 2021. The parties shall appear for telephonic status conferences on the following dates: February 25, 2021, at 11:00 a.m.; March 30, 2021, at 11:00 a.m.; and April 30, 2021, at 11:00 a.m. The courtroom deputy will circulate |

| | | |
|---|---|---|
| | | dial-in information. Members of the public may access the conference by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Signed by Judge Amit P. Mehta on 1/21/2021. (lcapm2) (Entered: 01/21/2021) |
| 01/25/2021 | 100 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on January 21, 2021; Page Numbers: 1-54. Date of Issuance: January 25, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal o r purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/15/2021. Redacted Transcript Deadline set for 2/25/2021. Release of Transcript Restriction set for 4/25/2021.(wz) (Entered: 01/25/2021) |
| 01/27/2021 | 101 | NOTICE of Appearance by Stacie L. Deblieux on behalf of STATE OF LOUISIANA (Deblieux, Stacie) (Main Document 101 replaced on 1/28/2021) (zeg). (Entered: 01/27/2021) |
| 01/27/2021 | 102 | Joint MOTION for Extension of Time to File *Status Report* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sallet, Jonathan) (Entered: 01/27/2021) |
| 01/27/2021 | | MINUTE ORDER granting the parties' 102 Joint Request for Extension of Time to Submit Status Report. The parties in the Colorado matter shall file a Joint Status Report regarding a modified Case Management Order on or before January 29, 2021. Signed by Judge Amit P. Mehta on 1/27/2021. (lcapm2) (Entered: 01/27/2021) |
| 01/29/2021 | 103 | ANSWER to 94 Amended Complaint, by GOOGLE LLC.(Schmidtlein, John) (Entered: 01/29/2021) |
| 01/29/2021 | 104 | NOTICE of Appearance by Michael S. Catlett on behalf of STATE OF ARIZONA (Catlett, Michael) (Entered: 01/29/2021) |
| 01/29/2021 | 105 | Joint STATUS REPORT *Regarding Case Management Order* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 01/29/2021) |
| 01/29/2021 | 106 | MEMORANDUM by COMMONWEALTH OF KENTUCKY, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, STATE OF WISCONSIN, UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order Plaintiffs' Proposed Order for Discovery Coordination)(Alvarado-Rivera, Jesus) (Entered: 01/29/2021) |

| | | |
|---|---|---|
| 02/02/2021 | | MINUTE ORDER. The parties shall submit Word versions of their Proposed Case Management Orders, Exhibits A and B to the parties' 105 Joint Status Report, via e-mail to the law clerk by 12:00 p.m. on February 3, 2021. Signed by Judge Amit P. Mehta on 2/2/2021. (lcapm2) (Entered: 02/02/2021) |
| 02/03/2021 | 107 | NOTICE of Appearance by Wendy W.H. Waszmer on behalf of GOOGLE LLC (Waszmer, Wendy) (Entered: 02/03/2021) |
| 02/03/2021 | 108 | ORDER entering AMENDED SCHEDULING AND CASE MANAGEMENT ORDER. See the attached Order and Amended Scheduling and Case Management Order for additional details. Signed by Judge Amit P. Mehta on 2/3/2021. (lcapm2) (Attachments: # 1 Amended Scheduling and Case Management Order) (Entered: 02/03/2021) |
| 02/11/2021 | 109 | NOTICE of Appearance by Linh K Tran on behalf of STATE OF WASHINGTON (Tran, Linh) (Entered: 02/11/2021) |
| 02/15/2021 | 110 | ANSWER to Complaint *of State of Colorado, et al.* by GOOGLE LLC.(Schmidtlein, John) (Entered: 02/15/2021) |
| 02/16/2021 | | MINUTE ORDER. The parties in these consolidated actions shall by February 23, 2021, file a Joint Status Report that (1) summarizes the state of discovery, and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status hearing. Signed by Judge Amit P. Mehta on 2/16/2021. (lcapm2) (Entered: 02/16/2021) |
| 02/23/2021 | 111 | Joint STATUS REPORT *on Discovery* by UNITED STATES OF AMERICA. (Jensen, Elizabeth) (Entered: 02/23/2021) |
| 02/24/2021 | | MINUTE ORDER. The United States shall submit a copy of the Requests for Production discussed in the Parties' Joint Status Report, ECF No. 111 , via e-mail to the law clerk by 9:30 a.m. on February 25, 2021. Signed by Judge Amit P. Mehta on 2/24/2021. (lcapm2) (Entered: 02/24/2021) |
| 02/24/2021 | 112 | ENTERED IN ERROR.....Supplemental STATUS REPORT *on Discovery* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Text of Proposed Order)(Jensen, Elizabeth) Modified on 2/26/2021 (zeg). (Entered: 02/24/2021) |
| 02/25/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 2/25/2021 via teleconference. Joint Status Report due by 3/5/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 02/25/2021) |
| 02/26/2021 | 113 | TRANSCRIPT OF STATUS CONFERENCE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on February 25, 2021; Page Numbers: 1-56. Date of Issuance: February 26, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/19/2021. Redacted Transcript Deadline set for 3/29/2021. Release of Transcript Restriction set for 5/27/2021.(wz) (Entered: 02/26/2021) |
| 02/26/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 112 Status Report, was entered in error and counsel was instructed to refile said pleading using the correct event. (eg) (Entered: 02/26/2021) |
| 03/01/2021 | 114 | Unopposed MOTION for Leave to File *Supplemental Materials* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Jensen, Elizabeth) (Entered: 03/01/2021) |
| 03/01/2021 | | MINUTE ORDER granting 114 the United States' Unopposed Motion for Leave to File Supplemental Materials. Signed by Judge Amit P. Mehta on 3/1/2021. (lcapm2) (Entered: 03/01/2021) |
| 03/02/2021 | 115 | NOTICE of Appearance by Scott R Ryther on behalf of STATE OF UTAH (Ryther, Scott) (Entered: 03/02/2021) |
| 03/05/2021 | 116 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/05/2021) |
| 03/08/2021 | | MINUTE ORDER. The parties in the consolidated actions shall submit an additional Joint Status Report by March 10, 2021, which updates the court on their progress concerning search protocols and search terms. Also, the parties shall file a Joint Status Report by March 26, 2021, which (1) summarizes the state of discovery, and (2) identifies any issues, and the parties' respective positions as to those issues, to be raised at the status hearing scheduled for March 30, 2021. Signed by Judge Amit P. Mehta on 3/8/2021. (lcapm2) (Entered: 03/08/2021) |
| 03/10/2021 | 117 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/10/2021) |
| 03/11/2021 | | MINUTE ORDER. The parties in the consolidated actions shall submit an additional Joint Status Report by March 18, 2021, which updates the court on their progress concerning search protocols and search terms. Signed by Judge Amit P. Mehta on 3/11/2021. (lcapm2) (Entered: 03/11/2021) |
| 03/18/2021 | 118 | Joint STATUS REPORT by COMMONWEALTH OF KENTUCKY, COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF KANSAS, STATE OF LOUISIANA, STATE OF MAINE, STATE OF MARYLAND, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WISCONSIN, STATE OF WYOMING, TERRITORY OF |

| | | |
|---|---|---|
| | | GUAM, UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Plaintiffs' Search Proposal, # 2 Exhibit Google's Search Proposal)(Alvarado-Rivera, Jesus) (Entered: 03/19/2021) |
| 03/22/2021 | 119 | NOTICE of Appearance by Dana Vogel on behalf of STATE OF ARIZONA (Vogel, Dana) (Main Document 119 replaced on 3/24/2021) (zeg). (Entered: 03/22/2021) |
| 03/23/2021 | 120 | ORDER re: 118 the parties' Joint Status Report. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/23/2021. (lcapm2) (Entered: 03/23/2021) |
| 03/24/2021 | 121 | NOTICE of Appearance by Christopher M. Sloot on behalf of STATE OF ARIZONA (Sloot, Christopher) (Main Document 121 replaced on 3/25/2021) (ztd). (Entered: 03/24/2021) |
| 03/25/2021 | 122 | NOTICE of Appearance by Philip Heleringer on behalf of COMMONWEALTH OF KENTUCKY (Heleringer, Philip) (Entered: 03/25/2021) |
| 03/28/2021 | 123 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Schmidtlein, John) (Entered: 03/28/2021) |
| 03/28/2021 | 124 | Joint STATUS REPORT *Regarding Discovery (Redacted Version)* by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schmidtlein, John) (Entered: 03/28/2021) |
| 03/29/2021 | 125 | NOTICE of Appearance by Diana Arlen Aguilar Aldape on behalf of UNITED STATES OF AMERICA (Aguilar Aldape, Diana) (Main Document 125 replaced on 3/30/2021) (zjf). (Entered: 03/29/2021) |
| 03/30/2021 | | MINUTE ORDER. Pursuant to the status hearing held on March 30, 2021, the parties shall meet and confer and submit a Joint Status Report on or before April 15, 2021, that updates the court on the status of discovery and whether any issues remain in dispute, and if so, outlines the parties' positions as to those issues. Signed by Judge Amit P. Mehta on 3/30/2021. (lcapm2) (Entered: 03/30/2021) |
| 03/30/2021 | 126 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108-1, to include deadlines for third-party subpoenas. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/30/2021. (lcapm2) (Entered: 03/30/2021) |
| 03/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 3/30/2021 via videoconference. (Court Reporter: William Zaremba) (zjd) (Entered: 03/31/2021) |
| 04/01/2021 | 127 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 30, 2021; Page Numbers: 1-78. Date of Issuance: April 1, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fr om the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 4/22/2021. Redacted Transcript Deadline set for 5/2/2021. Release of Transcript Restriction set for 6/30/2021.(wz) (Entered: 04/01/2021) |
| 04/02/2021 | 128 | ENTERED IN ERROR.....NOTICE of Appearance by Jonathan Bruce Sallet on behalf of STATE OF COLORADO (Sallet, Jonathan) (Main Document 128 replaced on 4/5/2021) (zeg). Modified on 4/6/2021 (eg). (Entered: 04/02/2021) |
| 04/02/2021 | 129 | NOTICE of Appearance by William F. Cavanaugh, Jr on behalf of STATE OF COLORADO (Cavanaugh, William) (Main Document 129 replaced on 4/5/2021) (zeg). (Entered: 04/02/2021) |
| 04/06/2021 | | NOTICE OF CORRECTED DOCKET ENTRY: re 128 Notice of Appearance was entered in error and counsel has refiled said pleading in Docket Entry 129 . (eg) (Entered: 04/06/2021) |
| 04/15/2021 | 130 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/15/2021) |
| 04/19/2021 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by April 23, 2021, which updates the court on the status of discovery and whether any issues remain in dispute, and if so, the parties' positions as to those issues. Signed by Judge Amit P. Mehta on 4/19/2021. (lcapm2) (Entered: 04/19/2021) |
| 04/23/2021 | 131 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Alvarado-Rivera, Jesus) (Entered: 04/23/2021) |
| 04/27/2021 | | NOTICE of Hearing: Status Conference set for 4/30/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) (Entered: 04/27/2021) |
| 04/28/2021 | 132 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Kim Van Winkle terminated. (Van Winkle, Kim) (Entered: 04/28/2021) |
| 04/30/2021 | | MINUTE ORDER. The parties shall appear via videoconference for status conferences on May 27, 2021 at 1:00 p.m. and June 29, 2021 at 11:00 a.m. In advance of those conferences, by May 24 and June 24, respectively, the parties shall file a Joint Status Report that (1) summarizes the state of discovery, and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status conference. The courtroom deputy will circulate connection information to counsel. Members of the public or media may access the conferences by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Signed by Judge Amit P. Mehta on 4/30/2021. (lcapm2) (Entered: 04/30/2021) |
| 04/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 4/30/2021 via videoconference. (Court Reporter: William Zaremba) (zjd) (Entered: 04/30/2021) |
| 05/03/2021 | 133 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on April 30, 2021; Page Numbers: 1-42. Date of Issuance: May 3, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 |

| | | |
|---|---|---|
| | | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/1/2021.(wz) (Entered: 05/03/2021) |
| 05/24/2021 | 134 | NOTICE of Appearance by Graham Safty on behalf of GOOGLE LLC (Safty, Graham) (Entered: 05/24/2021) |
| 05/24/2021 | 135 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/24/2021) |
| 05/25/2021 | 136 | NOTICE of Appearance by John K. Olson on behalf of STATE OF IDAHO (Olson, John) (Entered: 05/25/2021) |
| 05/25/2021 | | NOTICE of Hearing: A Status Conference has been set for 5/27/2021 at 1:00 PM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube.(zjd) (Entered: 05/25/2021) |
| 05/26/2021 | 137 | NOTICE of Appearance by Matthew B Frank on behalf of COMMONWEALTH OF MASSACHUSETTS (Frank, Matthew) (Main Document 137 replaced on 5/27/2021) (zeg). (Entered: 05/26/2021) |
| 05/26/2021 | 138 | NOTICE of Appearance by Michael Bruce MacKenzie on behalf of COMMONWEALTH OF MASSACHUSETTS (MacKenzie, Michael) (Entered: 05/26/2021) |
| 05/27/2021 | 139 | NOTICE of Appearance by Matt Schock on behalf of STATE OF COLORADO (Schock, Matt) (Entered: 05/27/2021) |
| 05/27/2021 | 140 | NOTICE of Appearance by Erica Lee Fruiterman on behalf of STATE OF COLORADO (Fruiterman, Erica) (Entered: 05/27/2021) |
| 05/27/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 5/27/2021. Joint Status Report by the parties in the Colorado action due 6/10/2021. Joint Status Report by all parties due 6/24/2021. Status Conference set for 6/29/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection to counsel of record. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (Court Reporter: William Zaremba) (zjd) (Entered: 05/27/2021) |
| 05/27/2021 | 141 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108-1, to include a paragraph on the sharing of materials across cases. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/27/2021. (lcapm2) (Entered: 05/27/2021) |

| | | |
|---|---|---|
| 05/28/2021 | 142 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on May 27, 2021; Page Numbers: 1-58. Date of Issuance: May 28, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/18/2021. Redacted Transcript Deadline set for 6/28/2021. Release of Transcript Restriction set for 8/26/2021.(wz) (Entered: 05/28/2021) |
| 06/07/2021 | 143 | NOTICE of Appearance by Carla J. Baumel on behalf of STATE OF COLORADO (Baumel, Carla) (Main Document 143 replaced on 6/7/2021) (zeg). (Entered: 06/07/2021) |
| 06/11/2021 | 144 | JOINT STATUS REPORT by STATE OF COLORADO. (zjd) (Entered: 06/11/2021) |
| 06/11/2021 | | MINUTE ORDER. The Colorado Plaintiffs and Google shall file an additional Joint Status Report by June 16, 2021, which updates the court on their information requests, including, as necessary, position statements on unresolved disputes. Signed by Judge Amit P. Mehta on 6/11/2021. (lcapm2) (Entered: 06/11/2021) |
| 06/11/2021 | 145 | MOTION for Leave to File *Supplemental Materials under Seal* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order Proposed Order)(Alvarado-Rivera, Jesus) (Entered: 06/11/2021) |
| 06/11/2021 | 146 | ORDER granting 145 Plaintiffs' Motion for Leave to File Supplemental Materials Under Seal. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 6/11/2021. (lcapm2) (Entered: 06/11/2021) |
| 06/14/2021 | 147 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Alvarado-Rivera, Jesus) (Entered: 06/14/2021) |
| 06/16/2021 | 148 | Joint STATUS REPORT by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 06/16/2021) |
| 06/24/2021 | 149 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 06/24/2021) |
| 06/28/2021 | | NOTICE of Hearing: The Status Conference set for 6/29/2021 at 11:00 AM before Judge Amit P. Mehta will proceed via videoconference. Members of the public or media may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) (Entered: 06/28/2021) |
| 06/28/2021 | 150 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Matthew L. McGinnis, Filing fee $ 100, receipt number ADCDC-8561048. Fee Status: Fee Paid. by GOOGLE |

| | | |
|---|---|---|
| | | LLC. (Attachments: # 1 Declaration of Matthew L. McGinnis in Support, # 2 Text of Proposed Order)(Popofsky, Mark) (Entered: 06/28/2021) |
| 06/28/2021 | | MINUTE ORDER granting 150 Motion for Leave to Appear Pro Hac Vice. Attorney Matthew L. McGinnis is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 6/28/2021. (lcapm2) (Entered: 06/28/2021) |
| 06/29/2021 | | MINUTE ORDER. Pursuant to the status conference held on June 29, 2021, the court orders the following with respect to further proceedings in this matter: 1) the court will hold a hearing to resolve outstanding disputes involving third-party subpoenas on July 14, 2021, at 2:30 p.m. via videoconference; in advance of that hearing, by July 9, 2021, the parties and relevant third parties shall file statements outlining their positions as to the issues in dispute; 2) the parties in the Colorado Action shall file a Joint Status Report on or before July 14, 2021, updating the court on progress with respect to the Plaintiff States' data requests; and 3) the parties shall appear for status conferences on July 30, 2021 and August 31, 2021, at 11:00 a.m. in Courtroom 10. In advance of those conferences, by July 27 and August 27, respectively, the parties shall file a Joint Status Report that (1) summarizes the state of discovery and (2) identifies any issues, and the parties' respective positions, that will be raised at the upcoming status conference. Any party wishing to attend the status conferences via videoconference may do so by coordinating with the courtroom deputy in advance of the hearing. Members of the public or media may access the conferences by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Signed by Judge Amit P. Mehta on 6/29/2021. (lcapm2) (Entered: 06/29/2021) |
| 06/29/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 6/29/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 07/09/2021) |
| 06/30/2021 | 151 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on June 29, 2021; Page Numbers: 1-48. Date of Issuance: June 30, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249; Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/21/2021. Redacted Transcript Deadline set for 7/31/2021. Release of Transcript Restriction set for 9/28/2021.(wz) (Entered: 06/30/2021) |
| 07/01/2021 | 152 | NOTICE of Appearance by Matthew L McGinnis on behalf of GOOGLE LLC (McGinnis, Matthew) (Entered: 07/01/2021) |

| | | |
|---|---|---|
| 07/06/2021 | 153 | NOTICE of Appearance by Haley P. Tynes on behalf of MICROSOFT CORPORATION (Tynes, Haley) (Entered: 07/06/2021) |
| 07/06/2021 | 154 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Caroline Simons, Filing fee $ 100, receipt number BDCDC-8578261. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration ISO of Motion for Pro Hac Vice, # 2 Text of Proposed Order)(Tynes, Haley) (Entered: 07/06/2021) |
| 07/06/2021 | | MINUTE ORDER granting 154 Motion for Leave to Appear Pro Hac Vice. Attorney Caroline Simons is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 7/6/2021. (lcapm2) (Entered: 07/06/2021) |
| 07/09/2021 | 155 | NOTICE of Appearance by Caroline Simons on behalf of MICROSOFT CORPORATION (Simons, Caroline) (Entered: 07/09/2021) |
| 07/09/2021 | 156 | RESPONSE TO ORDER OF THE COURT re Order,,,,,, *Third-Party Discovery Disputes* filed by UNITED STATES OF AMERICA. (Alvarado-Rivera, Jesus) (Entered: 07/09/2021) |
| 07/09/2021 | 157 | STATUS REPORT *Regarding Disputes Involving Compliance with Subpoenas Issued to Third Parties* by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/09/2021) |
| 07/12/2021 | | MINUTE ORDER. In view of the parties' respective Status Reports, ECF Nos. 156 , 157 , the hearing scheduled for July 14, 2021, to address discovery disputes with third parties is hereby vacated. If there remain unresolved disputes with third parties ripe for the court's consideration, the involved party shall set forth its position in the Status Report due on July 27, 2021, and the third party shall file its position by that date as well, so the court can address the matter at the hearing scheduled for July 30, 2021. Signed by Judge Amit P. Mehta on 7/12/2021. (lcapm2) (Entered: 07/12/2021) |
| 07/14/2021 | 158 | Joint STATUS REPORT by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 07/14/2021) |
| 07/19/2021 | 159 | NOTICE of Appearance by Kunal Janak Choksi on behalf of STATE OF NORTH CAROLINA (Choksi, Kunal) (Entered: 07/19/2021) |
| 07/21/2021 | 160 | NOTICE of Appearance by Claire Molle Maddox on behalf of UNITED STATES OF AMERICA (Maddox, Claire) (Entered: 07/21/2021) |
| 07/27/2021 | 161 | NOTICE of Appearance by Karl Edward Herrmann on behalf of UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 07/27/2021) |
| 07/27/2021 | 162 | NOTICE of Appearance by Brendan Ballou on behalf of UNITED STATES OF AMERICA (Ballou, Brendan) (Main Document 162 replaced on 7/30/2021) (zeg). (Entered: 07/27/2021) |
| 07/27/2021 | 163 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 07/27/2021) |
| 07/27/2021 | 164 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MICROSOFT CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Status Report, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(Simons, Caroline) (Entered: 07/27/2021) |

| | | |
|---|---|---|
| 07/27/2021 | 165 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 07/27/2021) |
| 07/28/2021 | 166 | Joint STATUS REPORT *Regarding Discovery (Redacted Version)* by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/28/2021) |
| 07/29/2021 | 167 | NOTICE of Appearance by Thomas P. DeMatteo on behalf of UNITED STATES OF AMERICA (DeMatteo, Thomas) (Entered: 07/29/2021) |
| 07/29/2021 | | NOTICE of Hearing: The Status Conference set for 7/30/2021 at 11:00 AM will proceed before Judge Amit P. Mehta in Courtroom 10. The courtroom deputy has circulated connection information to counsel appearing remotely. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. Alternatively, members of the media may watch a livestream of the hearing in Overflow Courtroom 8. (zjd) (Entered: 07/29/2021) |
| 07/29/2021 | | NOTICE of Hearing: The Status Conference set for 7/30/2021 at 11:00 AM before Judge Amit P. Mehta will now proceed in Courtroom 16. Members of the media may watch a livestream of the hearing in Overflow Courtroom 19.(zjd) (Entered: 07/29/2021) |
| 07/29/2021 | 168 | STATUS REPORT *Regarding Disputes Involving Compliance with a Subpoena to Microsoft* by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/29/2021) |
| 07/29/2021 | 169 | STATUS REPORT by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B (Redacted), # 3 Exhibit C, # 4 Exhibit D (Redacted))(Simons, Caroline) (Entered: 07/29/2021) |
| 07/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 7/30/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 07/30/2021) |
| 07/30/2021 | | MINUTE ORDER. Pursuant to the status hearing held on July 30, 2021, the court orders the following with respect to further proceedings in this matter: 1) Google and non-party Microsoft shall submit a status report on or before August 6, 2021, which updates the court on the status of their negotiations over document custodians and, if necessary, proposes a date for a hearing on the issue; and 2) on or before August 9, 2021 and August 20, 2021, the parties shall file a Joint Status Report outlining their positions as to any remaining disputes over privilege in advance of the depositions noticed for August 12 and September 14, respectively. The parties need not file such report if there are no remaining issues in dispute in advance of the relevant deposition. Signed by Judge Amit P. Mehta on 7/30/2021. (lcapm2) (Entered: 07/30/2021) |
| 08/02/2021 | 170 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on July 30, 2021; Page Numbers: 1-83. Date of Issuance: August 2, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cou rt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/23/2021. Redacted Transcript Deadline set for 9/2/2021. Release of Transcript Restriction set for 10/31/2021.(wz) (Entered: 08/02/2021) |
| 08/03/2021 | 171 | NOTICE of Appearance by Lara E.V. Trager on behalf of UNITED STATES OF AMERICA (Trager, Lara) (Entered: 08/03/2021) |
| 08/06/2021 | 172 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/06/2021) |
| 08/08/2021 | | MINUTE ORDER. Google and non-party Microsoft shall file an additional Joint Status Report by August 27, 2021, which updates the court on whether any disputes remain and, if so, sets forth their respective positions on such disputes. Signed by Judge Amit P. Mehta on 08/08/2021 (lcapm2). (Entered: 08/08/2021) |
| 08/13/2021 | | MINUTE ORDER. The United States and third party Apple shall submit their respective briefs, of no more than ten pages (excluding exhibits), concerning their discovery dispute by August 17, 2021. The parties shall hold August 19, 2021, at 10:30 a.m. for a hearing, subject to change. Signed by Judge Amit P. Mehta on 08/13/2021. (lcapm2) (Entered: 08/13/2021) |
| 08/16/2021 | 173 | NOTICE of Appearance by Richard Cameron Gower on behalf of UNITED STATES OF AMERICA (Gower, Richard) (Entered: 08/16/2021) |
| 08/16/2021 | 174 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Karen Hoffman Lent, Filing fee $ 100, receipt number ADCDC-8669884. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration Karen Hoffman Lent, # 2 Text of Proposed Order)(Lent, Karen) (Entered: 08/16/2021) |
| 08/16/2021 | | MINUTE ORDER. The hearing previously scheduled for August 19, 2021, at 10:30 a.m., will now be held at 10:00 a.m. on the same date. Signed by Judge Amit P. Mehta on 08/16/2021. (lcapm2) (Entered: 08/16/2021) |
| 08/16/2021 | | Set/Reset Hearings: Status Conference set for 8/19/2021 at 10:00 AM via video before Judge Amit P. Mehta. (zjch) (Entered: 08/17/2021) |
| 08/17/2021 | | MINUTE ORDER granting 174 Motion for Leave to Appear Pro Hac Vice. Attorney Karen Hoffman Lent is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 08/17/2021. (lcapm2) (Entered: 08/17/2021) |
| 08/17/2021 | 175 | NOTICE of Appearance by Karen Hoffman Lent on behalf of APPLE INC. (Lent, Karen) (Entered: 08/17/2021) |
| 08/17/2021 | 176 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit E, # 2 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/17/2021) |
| 08/17/2021 | 177 | STATUS REPORT by APPLE INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E (Redacted), # 6 Exhibit F)(Sunshine, Steven) (Entered: 08/17/2021) |
| 08/17/2021 | 178 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 |

| | | |
|---|---|---|
| | | Memorandum in Support US Position Statement, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Exhibit Exhibit 3-A, # 6 Exhibit Exhibit 3-B, # 7 Exhibit Exhibit 3-C, # 8 Exhibit Exhibit 3-D, # 9 Exhibit Exhibit 3-E, # 10 Exhibit Exhibit 3-F, # 11 Exhibit Exhibit 3-G, # 12 Exhibit Exhibit 3-H, # 13 Exhibit Exhibit 3-I, # 14 Exhibit Exhibit 3-J, # 15 Exhibit Exhibit 3-K, # 16 Exhibit Exhibit 3-L, # 17 Exhibit Exhibit 3-M, # 18 Exhibit Exhibit 3-N, # 19 Exhibit Exhibit 3-O)(Alvarado-Rivera, Jesus) (Entered: 08/17/2021) |
| 08/18/2021 | | NOTICE of Hearing: Discovery Hearing set for 8/19/2021 at 10:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy has circulated connection information to counsel. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (zjd) (Entered: 08/18/2021) |
| 08/19/2021 | | MINUTE ORDER. Pursuant to the discovery hearing held on August 19, 2021, the court orders the following with respect to further proceedings: (1) non-party Apple will provide deconstructed hit reports for the top five remaining disputed search strings (by hit volume) to the United States by August 23, 2021. Apple and the United States will meet and confer about the disputed remaining search strings by August 25, 2021, and they will submit to the court a Joint Status Report concerning those search strings by August 26, 2021. (2) Apple will complete substantial production of its response to the United States' subpoena for records by September 30, 2021. (3) The United States will submit to Apple a revised list of codename requests, limiting its request to 35 subject matters or inquiries, by August 23, 2021. Apple will submit to the United States responses to that list by August 30, 2021. (4) The parties will appear for the status conference already scheduled for August 31, 2021, at 11:00 a.m., prepared to update the court on these matters. Signed by Judge Amit P. Mehta on 8/19/2021. (lcapm2) (Entered: 08/19/2021) |
| 08/19/2021 | 179 | MINUTE ORDER granting 164 Sealed Motion for Leave to File Document Under Seal; granting 176 Sealed Motion for Leave to File Document Under Seal; and granting 178 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Amit P. Mehta on 8/19/2021. (lcapm2) (Entered: 08/19/2021) |
| 08/19/2021 | | MINUTE ORDER. The United States, after consulting with non-party Apple, shall by August 26, 2021, file a proposed redacted version of its Position Statement (including exhibits), which is presently filed under seal at ECF No. 178 . See Stipulated Protective Order, ECF No. 98 , at 21 ("Upon or after filing any paper containing Highly Confidential Information or Confidential Information, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Highly Confidential Information or Confidential Information."). Signed by Judge Amit P. Mehta on 8/19/2021. (lcapm2) (Entered: 08/19/2021) |
| 08/19/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 8/19/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 08/20/2021) |
| 08/20/2021 | 180 | TRANSCRIPT OF DISCOVERY HEARING VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on August 19, 2021; Page Numbers: 1-60. Date of Issuance: August 20, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 |

| | | |
|---|---|---|
| | | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/10/2021. Redacted Transcript Deadline set for 9/20/2021. Release of Transcript Restriction set for 11/18/2021.(wz) (Entered: 08/20/2021) |
| 08/20/2021 | 181 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Jesus Manuel Alvarado-Rivera terminated. (Alvarado-Rivera, Jesus) (Entered: 08/20/2021) |
| 08/20/2021 | 182 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support Joint Status Report, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Exhibit Exhibit 3, # 6 Exhibit Exhibit 4)(Goldstein, Jeremy Michael) (Entered: 08/20/2021) |
| 08/24/2021 | 183 | NOTICE of Appearance by Matthew C. Hammond on behalf of UNITED STATES OF AMERICA (Hammond, Matthew) (Entered: 08/24/2021) |
| 08/24/2021 | 184 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Memorandum in Support US Position Statement, # 3 Exhibit 1, # 4 Exhibit 3-B, # 5 Exhibit 3-C, # 6 Exhibit 3-D, # 7 Exhibit 3-E, # 8 Exhibit 3-F, # 9 Exhibit 3-G, # 10 Exhibit 3-I, # 11 Exhibit 3-J, # 12 Exhibit 3-K, # 13 Exhibit 3-L, # 14 Exhibit 3-M)(Sunshine, Steven) (Entered: 08/24/2021) |
| 08/26/2021 | 185 | NOTICE *Regarding Non-Party Petitioner Apple Inc.'s Motion for Leave to File Under Seal and U.S. Plaintiffs' Request for the Court to Compel Discovery from Apple Inc.* by UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) (Entered: 08/26/2021) |
| 08/26/2021 | 186 | Joint STATUS REPORT *of the United States and Non-Party Apple Inc.* by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 08/26/2021) |
| 08/27/2021 | | MINUTE ORDER granting 182 Sealed Motion for Leave to File Document Under Seal and 184 Sealed Motion for Leave to File Document Under Seal. The United States Plaintiffs shall file redacted versions of their Position Statement and Exhibits, as proposed by third party Apple in ECF No. 184 . Signed by Judge Amit P. Mehta on 8/27/2021. (lcapm2) (Entered: 08/27/2021) |
| 08/27/2021 | 187 | NOTICE of Appearance by Stephen M. Hoeplinger on behalf of STATE OF MISSOURI (Hoeplinger, Stephen) (Entered: 08/27/2021) |
| 08/27/2021 | 188 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Google's Exhibit A, # 2 Exhibit Google's Exhibit B, # 3 Exhibit Microsoft's Exhibit 1, # 4 Exhibit Microsoft's Exhibit 2, # 5 Exhibit Microsoft's Exhibit 3, # 6 Exhibit Microsoft's Exhibit 4, # 7 Exhibit Microsoft's Exhibit 5, # 8 Exhibit Microsoft's Exhibit 6, # 9 Exhibit Microsoft's Exhibit 7, # 10 Certificate of Service)(Schmidtlein, John) (Entered: 08/27/2021) |

| | | |
|---|---|---|
| 08/27/2021 | 189 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/27/2021) |
| 08/27/2021 | 190 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Certificate of Service)(Waszmer, Wendy) (Entered: 08/27/2021) |
| 08/27/2021 | 191 | Joint STATUS REPORT *Regarding Discovery (Redacted Version)* by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Schmidtlein, John) (Entered: 08/27/2021) |
| 08/30/2021 | 192 | NOTICE of Appearance by Sara Young Razi on behalf of BOOKING HOLDINGS INC. (Razi, Sara) (Entered: 08/30/2021) |
| 08/30/2021 | 193 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BOOKING HOLDINGS INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response, # 2 Text of Proposed Order)(Razi, Sara) (Entered: 08/30/2021) |
| 08/30/2021 | 194 | REDACTED DOCUMENT- Position Statement *of U.S Plaintiffs Request for the Court to Compel Discovery from Apple, Inc.* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Exhibit 1 (Redacted), # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3-A, # 4 Exhibit Exhibit 3-B (Redacted), # 5 Exhibit Exhibit 3-C (Redacted), # 6 Exhibit Exhibit 3-D (Redacted), # 7 Exhibit Exhibit 3-E (Redacted), # 8 Exhibit Exhibit 3-F (Redacted), # 9 Exhibit Exhibit 3-G (Redacted), # 10 Exhibit Exhibit 3-H, # 11 Exhibit Exhibit 3-I (Redacted), # 12 Exhibit Exhibit 3-J (Redacted), # 13 Exhibit Exhibit 3-K (Redacted), # 14 Exhibit Exhibit 3-L (Redacted), # 15 Exhibit Exhibit 3-M (Redacted), # 16 Exhibit Exhibit 3-N, # 17 Exhibit Exhibit 3-O)(Goldstein, Jeremy Michael) (Entered: 08/30/2021) |
| 08/30/2021 | | NOTICE of Hearing: The Status Conference set for 8/31/2021 at 11:00 AM will proceed via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube.(zjd) (Entered: 08/30/2021) |
| 08/30/2021 | | MINUTE ORDER provisionally granting Non-Party Booking Holdings Inc.'s 193 Motion for Leave to File Document Under Seal. The court provisionally grants Non-Party's motion to seal, even though the motion does not set forth any justification for sealing. By September 2, 2021, Booking Holdings shall amend its motion to support sealing, in whole or in part, and submit a redacted version of its Response for the court's consideration. Signed by Judge Amit P. Mehta on 8/30/2021. (lcapm2) (Entered: 08/30/2021) |
| 08/30/2021 | 195 | REDACTED DOCUMENT- STATEMENT REGARDING DISPUTES INVOLVING COMPLIANCE WITH SUBPOENAS ISSUED TO CERTAIN THIRD PARTIES to 190 Sealed Document by GOOGLE LLC. (Attachments: # 1 Appendix A, # 2 Appendix B, # 3 Appendix C, # 4 Certificate of Service)(Waszmer, Wendy) (Entered: 08/30/2021) |
| 08/30/2021 | 196 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BOOKING HOLDINGS INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response, # 2 Text of Proposed Order)(Razi, Sara) (Entered: 08/30/2021) |
| 08/30/2021 | 197 | RESPONSE re 195 *to Defendant Google LLC's Statement regarding Disputes Involving Compliance with Subpoenas Issued to Certain Third Parties (Redacted)* filed by |

| | | |
|---|---|---|
| | | BOOKING HOLDINGS INC.. (Razi, Sara) Modified to add link on 9/7/2021 (znmw). (Entered: 08/30/2021) |
| 08/31/2021 | 198 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) (Entered: 08/31/2021) |
| 08/31/2021 | 199 | Joint STATUS REPORT *of Google and Microsoft (Redacted Version)* by GOOGLE LLC. (Attachments: # 1 Joint Status Report of Google and Microsoft (Redacted Version), # 2 Exhibit Google's Exhibit A (Redacted Version), # 3 Exhibit Google's Exhibit B (Redacted Version), # 4 Exhibit Microsoft's Exhibit 1 (Redacted Version), # 5 Exhibit Microsoft's Exhibit 2, # 6 Exhibit Microsoft's Exhibit 3 (Redacted Version), # 7 Exhibit Microsoft's Exhibit 4 (Redacted Version), # 8 Exhibit Microsoft's Exhibit 5 (Redacted Version), # 9 Exhibit Microsoft's Exhibit 6, # 10 Exhibit Microsoft's Exhibit 7 (Redacted Version))(Schmidtlein, John) (Entered: 08/31/2021) |
| 08/31/2021 | | MINUTE ORDER. Pursuant to the status conference held on August 31, 2021, the court orders the following with respect to further proceedings: (1) On or before September 3, 2021, Defendant will submit to the Colorado Plaintiffs available date(s) in September for the data deposition of a 30(b)(6) witness. (2) On or before September 15, 2021, Defendant and the Colorado Plaintiffs will submit to the court a Joint Status Report concerning any issues relating to the data deposition. (3) On or before September 3, 2021, Defendant and third party Microsoft will submit a Joint Status Report updating the court on the status of remaining discovery issues. (4) On or before September 3, 2021, Defendant and non-party Yelp will submit a Joint Status Report updating the court on any remaining issues with respect to search strings and custodians. (5) The parties shall appear for telephonic status conferences on the following dates: September 28, 2021, at 11:00 a.m.; October 29, 2021, at 3:00 p.m.; and November 30, 2021, at 11:00 a.m. The parties shall submit a Joint Status Report in advance of those hearings on September 24, 2021; October 26, 2021; and November 23, 2021, respectively. The courtroom deputy will circulate dial-in information. Members of the public may access the conference by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. Signed by Judge Amit P. Mehta on 8/31/2021. (lcapm2) (Entered: 08/31/2021) |
| 08/31/2021 | | MINUTE ORDER granting 196 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Amit P. Mehta on 8/31/2021. (lcapm2) (Entered: 08/31/2021) |
| 08/31/2021 | 200 | REDACTED DOCUMENT- JOINT STATUS REPORT OF GOOGLE AND BOOKING HOLDINGS to 198 Sealed Document by GOOGLE LLC. (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) (Entered: 08/31/2021) |
| 08/31/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 8/31/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 09/01/2021) |
| 09/01/2021 | 201 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on August 31, 2021; Page Numbers: 1-106. Date of Issuance: September 1, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/22/2021. Redacted Transcript Deadline set for 10/2/2021. Release of Transcript Restriction set for 11/30/2021.(wz) (Entered: 09/01/2021) |
| 09/01/2021 | 202 | NOTICE of Appearance by Elizabeth Louise Maxeiner on behalf of STATE OF ILLINOIS (Maxeiner, Elizabeth) (Entered: 09/01/2021) |
| 09/01/2021 | 203 | NOTICE of Appearance by Serine Consolino on behalf of YELP INC. (Consolino, Serine) (Entered: 09/01/2021) |
| 09/01/2021 | 204 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Douglas J. Dixon, Filing fee $ 100, receipt number ADCDC-8706490. Fee Status: Fee Paid. by YELP INC.. (Attachments: # 1 Declaration in support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order)(Consolino, Serine) (Entered: 09/01/2021) |
| 09/01/2021 | 205 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ellen C. Kenney, Filing fee $ 100, receipt number ADCDC-8706504. Fee Status: Fee Paid. by YELP INC.. (Attachments: # 1 Declaration in support of Motion for Admission Pro Hac Vice, # 2 Text of Proposed Order)(Consolino, Serine) (Entered: 09/01/2021) |
| 09/01/2021 | | MINUTE ORDER granting 204 Motion for Leave to Appear Pro Hac Vice. Attorney Douglas J. Dixon is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 9/1/2021. (lcapm2) (Entered: 09/01/2021) |
| 09/01/2021 | | MINUTE ORDER granting 205 Motion for Leave to Appear Pro Hac Vice. Attorney Ellen C. Kenney is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 9/1/2021. (lcapm2) (Entered: 09/01/2021) |
| 09/02/2021 | 206 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DUCK DUCK GO, INC.. Attorney Megan Gray terminated. (Gray, Megan) (Entered: 09/02/2021) |
| 09/03/2021 | 207 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 09/03/2021) |
| 09/03/2021 | 208 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/03/2021) |
| 09/03/2021 | 209 | NOTICE of Appearance by Douglas J. Dixon on behalf of YELP INC. (Dixon, Douglas) (Entered: 09/03/2021) |
| 09/03/2021 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by September 9, 2021, as to their progress on terms concerning Plaintiffs' July 9 Rule 30(b)(6) deposition notice. Signed by Judge Amit P. Mehta on 9/3/2021. (lcapm2) (Entered: 09/03/2021) |
| 09/03/2021 | 210 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 09/03/2021) |

| | | |
|---|---|---|
| 09/07/2021 | | MINUTE ORDER. Google and non-party Yelp shall file a Joint Status Report by September 14, 2021, advising whether there remain any disputed issues concerning Yelp's response to Google's document subpoena. Signed by Judge Amit P. Mehta on 9/7/2021. (lcapm2) (Entered: 09/07/2021) |
| 09/09/2021 | 211 | NOTICE of Appearance by Ellen Kenney on behalf of YELP INC. (Kenney, Ellen) (Entered: 09/09/2021) |
| 09/09/2021 | 212 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/09/2021) |
| 09/12/2021 | | MINUTE ORDER. The parties shall brief the following two issues -- (1) the number of Rule 30(b)(6) notices that Plaintiffs may serve without leave of court and the dates by which those notices should be served; and (2) the appropriate date range for the topics specified in Plaintiffs' July 9 notice -- according to the following schedule: (1) Google shall file its opening brief by September 13, 2021; (2) Plaintiffs shall file their response brief by September 17, 2021; and (3) Google shall file its reply by September 22, 2021. Opening and response briefs shall be limited to ten double-spaced pages (excluding exhibits), and Google's reply shall be limited to seven double-spaced pages. Signed by Judge Amit P. Mehta on 9/12/2021. (lcapm2) (Entered: 09/12/2021) |
| 09/13/2021 | 213 | NOTICE of Appearance by Kenneth Charles Smurzynski on behalf of GOOGLE LLC (Smurzynski, Kenneth) (Entered: 09/13/2021) |
| 09/13/2021 | 214 | MOTION for Protective Order *Regarding Rule 30(b)(6) Deposition* by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Schmidtlein, John) (Entered: 09/13/2021) |
| 09/14/2021 | 215 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 09/14/2021) |
| 09/15/2021 | 216 | Joint STATUS REPORT *regarding the 30(b)(6) data deposition* by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 09/15/2021) |
| 09/17/2021 | 217 | Memorandum in opposition to re 214 MOTION for Protective Order *Regarding Rule 30(b)(6) Deposition* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 09/17/2021) |
| 09/21/2021 | 218 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ILLINOIS. Attorney Erin L. Shencopp terminated. (Shencopp, Erin) (Entered: 09/21/2021) |
| 09/21/2021 | 219 | NOTICE of Appearance by Erin L. Shencopp on behalf of STATE OF COLORADO (Shencopp, Erin) (Entered: 09/21/2021) |
| 09/22/2021 | 220 | REPLY to opposition to motion re 214 MOTION for Protective Order *Regarding Rule 30(b)(6) Deposition* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/22/2021) |
| 09/23/2021 | 221 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF MISSOURI. Attorney Kimberley G. Biagioli terminated. (Biagioli, Kimberley) (Entered: 09/23/2021) |
| 09/24/2021 | 222 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 09/24/2021) |
| 09/24/2021 | 223 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 09/24/2021) |
| 09/27/2021 | | NOTICE of Hearing: Status Conference set for 9/28/2021 at 11:00 AM via videoconference before Judge Amit P. Mehta. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be |

| | | |
|---|---|---|
| | | livestreamed on YouTube. (zjd) Modified hearing time on 9/27/2021 (zjd). (Entered: 09/27/2021) |
| 09/27/2021 | | MINUTE ORDER. Google and third party Yelp shall brief the issue relating to production of documents from a proposed custodian raised in their 222 Joint Status Report according to the following schedule: (1) Google will submit its opening brief by October 1, 2021; (2) Yelp will submit its opposition by October 8, 2021; and (3) Google will submit its reply by October 13, 2021. Opening and response briefs shall be limited to seven double-spaced pages (excluding exhibits), and Google's reply shall be limited to five double-spaced pages. Signed by Judge Amit P. Mehta on 9/27/2021. (lcapm2) (Entered: 09/27/2021) |
| 09/28/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 9/28/2021. Status Report due by 10/6/2021. The next status conference is reset to 10/28/2021 at 3:00 PM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel of record. Members of the public may access the hearing by dialing the Court's toll-free public access line: (877) 848-7030, access code 321-8747 or by visiting the Court's YouTube channel. Only the audio will be livestreamed on YouTube. (Court Reporter: William Zaremba.) (zjd) (Entered: 09/28/2021) |
| 09/28/2021 | | MINUTE ORDER. Defendant's 214 Motion for Protective Order is granted in part and denied in part for the reasons stated on the record during the September 28, 2021, status conference. The court denies the Motion insofar as it seeks a single comprehensive Rule 30(b)(6) notice by October 15, 2021. Plaintiffs shall issue a Rule 30(b)(6) notice by November 1, 2021, and another notice by January 14, 2022. Plaintiffs may issue one additional data 30(b)(6) notice. Plaintiffs shall endeavor to craft their 30(b)(6) notices on discrete subjects and seek to avoid redundancies with their depositions of fact witnesses. The court grants in part the Motion to narrow the timeframe for the topics covered in the Rule 30(b)(6) deposition. The Rule 30(b)(6) topics shall be limited to the time period between 2005 and the present. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 09/28/2021) |
| 09/28/2021 | | MINUTE ORDER. Pursuant to the September 28, 2021, status conference, on or before October 6, 2021, the Colorado Plaintiffs and Defendant shall submit a Joint Status Report updating the court on the three issues identified by the Colorado Plaintiffs relating to the recently held Rule 30(b)(6) data deposition and whether the court's intervention will be required. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 09/28/2021) |
| 09/28/2021 | 224 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108-1, to include a sentence on the obligation of the parties and third parties to respond to deposition notices and subpoenas within seven days to discuss in good faith a mutually agreeable time and location for depositions. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 09/28/2021) |
| 09/30/2021 | 225 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on September 28, 2021; Page Numbers: 1-84. Date of Issuance: September 30, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purc hased from the court reporter referenced above. After 90 |

| | | |
|---|---|---|
| | | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/21/2021. Redacted Transcript Deadline set for 10/31/2021. Release of Transcript Restriction set for 12/29/2021.(wz) (Entered: 09/30/2021) |
| 09/30/2021 | 226 | NOTICE of Appearance by Edward John Bennett on behalf of GOOGLE LLC (Bennett, Edward) (Entered: 09/30/2021) |
| 10/01/2021 | 227 | SEALED MOTION filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) Modified docket event/text on 10/6/2021 (zeg). (Entered: 10/01/2021) |
| 10/04/2021 | 228 | MOTION to Compel *DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF YELP, INC. CUSTODIAN (Redacted)* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 10/04/2021) |
| 10/06/2021 | 229 | Joint STATUS REPORT by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 10/06/2021) |
| 10/08/2021 | | MINUTE ORDER. The United States and third party Samsung Electronics America, Inc. shall file by October 14, 2021, briefs of no more than ten pages (excluding exhibits) setting forth their respective positions as to their discovery disputes. Signed by Judge Amit P. Mehta on 10/8/2021. (lcapm2) (Entered: 10/08/2021) |
| 10/08/2021 | | MINUTE ORDER. The Colorado Plaintiffs and Defendant shall file an additional Joint Status Report by October 15, 2021, updating the court on their progress concerning issues related to the recently held Rule 30(b)(6) data deposition. Signed by Judge Amit P. Mehta on 10/8/2021. (lcapm2) (Entered: 10/08/2021) |
| 10/08/2021 | 230 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by YELP INC. (This document is SEALED and only available to authorized persons.) (Dixon, Douglas) (Entered: 10/08/2021) |
| 10/12/2021 | 231 | NOTICE of Appearance by Scott Allen Mertens on behalf of STATE OF MICHIGAN (Mertens, Scott) (Entered: 10/12/2021) |
| 10/12/2021 | 232 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF MICHIGAN. Attorney Wisam Naoum terminated. (Mertens, Scott) (Entered: 10/12/2021) |
| 10/13/2021 | 233 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Juan A. Arteaga, Filing fee $ 100, receipt number ADCDC-8797590. Fee Status: Fee Paid. by SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Declaration of Juan A. Arteaga, # 2 Text of Proposed Order)(Debernardis, Alexis) (Entered: 10/13/2021) |
| 10/13/2021 | 234 | NOTICE of Appearance by Alexis Victoria Debernardis on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Debernardis, Alexis) (Entered: 10/13/2021) |
| 10/13/2021 | | MINUTE ORDER granting 233 Motion for Leave to Appear Pro Hac Vice. Attorney Juan A. Arteaga is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR** |

| | | |
|---|---|---|
| | | **83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 10/13/2021. (lcapm2) (Entered: 10/13/2021) |
| 10/13/2021 | 235 | NOTICE of Appearance by Juan Arteaga on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Arteaga, Juan) (Entered: 10/13/2021) |
| 10/13/2021 | 236 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Waszmer, Wendy) (Entered: 10/13/2021) |
| 10/14/2021 | 237 | NOTICE of Appearance by Matthew Keith McKinley on behalf of STATE OF NEBRASKA (McKinley, Matthew) (Main Document 237 replaced on 10/15/2021) (zeg). (Entered: 10/14/2021) |
| 10/14/2021 | 238 | NOTICE of Appearance by Jeane A. Thomas on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Thomas, Jeane) (Entered: 10/14/2021) |
| 10/14/2021 | 239 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SAMSUNG ELECTRONICS AMERICA, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Position Statement, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Text of Proposed Order)(Arteaga, Juan) (Entered: 10/14/2021) |
| 10/14/2021 | 240 | REPLY to opposition to motion re 228 MOTION to Compel *DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS OF YELP, INC. CUSTODIAN (Redacted)* filed by GOOGLE LLC. (Waszmer, Wendy) (Entered: 10/14/2021) |
| 10/14/2021 | 241 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support Position Statement of Plaintiffs' Request for the Court to Compel Discovery from Samsung Electronics America, Inc., # 3 Appendix A, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G)(Goldstein, Jeremy Michael) (Entered: 10/14/2021) |
| 10/15/2021 | 242 | Joint STATUS REPORT by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 10/15/2021) |
| 10/17/2021 | 243 | NOTICE of Appearance by John Paul Foley on behalf of UNITED STATES OF AMERICA (Foley, John) (Main Document 243 replaced on 10/20/2021) (zeg). (Entered: 10/17/2021) |
| 10/22/2021 | 244 | REDACTED DOCUMENT- Position Statement *Concerning Discovery Dispute with Plaintiffs* by SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Arteaga, Juan) (Entered: 10/22/2021) |
| 10/22/2021 | 245 | REDACTED DOCUMENT- Position Statement *of Plaintiffs' Request for the Court to Compel Discovery from Samsung Electronics America, Inc* by UNITED STATES OF AMERICA. (Attachments: # 1 Appendix A, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G)(Goldstein, Jeremy Michael) (Entered: 10/22/2021) |
| 10/25/2021 | 246 | NOTICE of Appearance by Vincent H. Cohen, Jr on behalf of MICROSOFT CORPORATION (Cohen, Vincent) (Entered: 10/25/2021) |
| 10/25/2021 | 247 | NOTICE of Appearance by Amisha R. Patel on behalf of MICROSOFT CORPORATION (Patel, Amisha) (Entered: 10/25/2021) |

| | | |
|---|---|---|
| 10/26/2021 | 248 | Joint STATUS REPORT *Regarding Discovery* by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/26/2021) |
| 10/28/2021 | | Minute Entry for video proceedings held before Judge Amit P. Mehta: Status Conference held on 10/28/2021. Status Report by Google and Yelp due by 11/4/2021. Discovery Hearing set for 11/1/2021 at 2:00 PM via Zoom before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zgdf) (Entered: 10/28/2021) |
| 10/29/2021 | | MINUTE ORDER. Pursuant to the status conference held on October 28, 2021, the court orders the following with respect to further proceedings: (1) Plaintiffs and third party Samsung shall appear for a Status Conference to discuss the status of their remaining discovery issues on November 1, 2021, at 2:00 p.m.; (2) Defendant and third party Yelp shall file a Joint Status Report updating the court on the status of remaining custodian issues on or before November 4, 2021; and (3) United States Plaintiffs and Defendant shall file a Joint Status Report regarding issues relating to the previously completed Rule 30(b)(6) deposition, including a briefing schedule if necessary, on or before November 2, 2021. Signed by Judge Amit P. Mehta on 10/29/2021. (lcapm2) (Entered: 10/29/2021) |
| 10/29/2021 | 249 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on October 28, 2021; Page Numbers: 1-84. Date of Issuance: October 29, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/19/2021. Redacted Transcript Deadline set for 11/29/2021. Release of Transcript Restriction set for 1/27/2022.(wz) (Entered: 10/29/2021) |
| 11/01/2021 | | NOTICE of Hearing: The Discovery Dispute Hearing set for 11/1/2021 at 2:00 PM before Judge Amit P. Mehta is hereby vacated. The Court has been notified that the discovery issue has been resolved. (zjd) (Entered: 11/01/2021) |
| 11/01/2021 | 250 | NOTICE of Appearance by Erin Murdock-Park on behalf of UNITED STATES OF AMERICA (Murdock-Park, Erin) (Entered: 11/01/2021) |
| 11/02/2021 | 251 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 11/02/2021) |
| 11/03/2021 | | MINUTE ORDER. The parties in United States v. Google shall submit an additional Joint Status Report by November 11, 2021, concerning issues arising from the October 6 Rule 30(b)(6) deposition, including, if needed, a briefing schedule. Signed by Judge Amit P. Mehta on 11/3/2021. (lcapm2) (Entered: 11/03/2021) |
| 11/04/2021 | 252 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 11/04/2021) |

| | | |
|---|---|---|
| 11/07/2021 | | MINUTE ORDER. Google and third party Yelp shall file an additional Joint Status Report concerning their dispute by November 11, 2021. Signed by Judge Amit P. Mehta on 11/7/2021. (lcapm2) (Entered: 11/07/2021) |
| 11/11/2021 | 253 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 11/11/2021) |
| 11/11/2021 | 254 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 11/11/2021) |
| 11/12/2021 | | MINUTE ORDER. If Google and Yelp have not reached an agreement as to their discovery dispute by November 16, 2021, they shall submit simultaneous briefs of no more than ten pages (excluding exhibits) by November 24, 2021, so that the court can take up the matter at the hearing scheduled for November 30, 2021. Google and Yelp shall file a notice on November 17, 2021, advising whether they have resolved their dispute. Signed by Judge Amit P. Mehta on 11/12/2021. (lcapm2) (Entered: 11/12/2021) |
| 11/17/2021 | 255 | Joint STATUS REPORT *of Google and Yelp Inc.* by GOOGLE LLC. (Waszmer, Wendy) (Entered: 11/17/2021) |
| 11/23/2021 | 256 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 257 | MOTION to Modify *Scheduling Order* by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Extend Discovery Deadlines, # 2 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 11/23/2021) |
| 11/24/2021 | | MINUTE ORDER. At the request of the United States, the status conference scheduled for November 30, 2021, shall proceed in a hybrid fashion in Courtroom 10. If counsel for any party wishes to appear in person, they may but are not required to do so. Given this late change, the court will not require any counsel, in particular for the Colorado Plaintiffs, to appear in person. Counsel for Google and lead counsel for the Colorado Plaintiffs shall notify the courtroom deputy whether they intend to appear in person or remotely. Counsel for third parties need not appear in person. Signed by Judge Amit P. Mehta on 11/24/2021. (lcapm2) (Entered: 11/24/2021) |
| 11/24/2021 | 258 | MEMORANDUM re 257 MOTION to Modify *Scheduling Order* filed by UNITED STATES OF AMERICA by STATE OF NEBRASKA. (Conrad, Joseph) (Entered: 11/24/2021) |
| 11/29/2021 | 259 | NOTICE of Appearance by Christopher VanDeusen on behalf of UNITED STATES OF AMERICA (VanDeusen, Christopher) (Entered: 11/29/2021) |
| 11/29/2021 | | NOTICE of Hearing: Members of the public or media may access the status hearing set for 11/30/2021 at 11:00 AM before Judge Amit P. Mehta by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 11/29/2021) |
| 11/29/2021 | 260 | NOTICE of Appearance by Sarah Bartels on behalf of UNITED STATES OF AMERICA (Bartels, Sarah) (Main Document 260 replaced on 12/2/2021) (zeg). (Entered: 11/29/2021) |
| 11/30/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 11/30/2021. Proposed Orders due by 12/3/2021. Status Conferences set for 12/6/2021 at 2:00 PM, 1/7/2022 at 11:00 AM, and 2/11/2022 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information. Members of the public or media may access the hearing by dialing the court's toll-free |

| | | |
|---|---|---|
| | | public access line: (877) 848-7030, access code 321-8747. (Court Reporter: William Zaremba) (zjd) (Entered: 11/30/2021) |
| 12/01/2021 | 261 | TRANSCRIPT OF JOINT STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on November 30, 2021; Page Numbers: 1-72. Date of Issuance: December 1, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/22/2021. Redacted Transcript Deadline set for 1/1/2022. Release of Transcript Restriction set for 3/1/2022.(wz) (Entered: 12/01/2021) |
| 12/03/2021 | 262 | NOTICE *of Filing (1) Competing Proposed Orders to Bifurcate Proceedings, and (2) Joint Proposed Order to Modify the Scheduling Order* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Goldstein, Jeremy Michael) (Entered: 12/03/2021) |
| 12/06/2021 | 263 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108-1, to extend fact discovery and subsequent deadlines. See the attached Order for details. Signed by Judge Amit P. Mehta on 12/6/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/06/2021 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 12/6/2021. Joint Status Report due by 12/15/2021. (Court Reporter: William Zaremba) (zjd) (Entered: 12/06/2021) |
| 12/06/2021 | 264 | ORDER to bifurcate proceedings. See attached Order for details. Signed by Judge Amit P. Mehta on 12/6/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/06/2021 | | MINUTE ORDER. Pursuant to the status conference held on December 6, 2021, the court orders the following with respect to further proceedings in this matter: (1) the parties shall file a Joint Status Report on or before December 15, 2021, updating the court on the status of the November 30(b)(6) notice; and (2) on or before December 22, 2021, Google shall provide Plaintiffs with a schedule identifying the witnesses who will address the topics from the November 30(b)(6) notice that will be addressed by live testimony, which topic(s) each witness will address, and the dates each witness is available for deposition. Signed by Amit P. Mehta on 12/6/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/06/2021 | 265 | ORDER amending the Amended Scheduling and Case Management Order, ECF No. 108-1, to include a paragraph on the obligation of recipients of a Rule 30(b)(6) deposition notice or subpoena to serve their responses and objections to such notice or subpoena within ten days. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/28/2021. (lcapm2) (Entered: 12/06/2021) |
| 12/07/2021 | 266 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 6, 2021; Page Numbers: 1-49. Date of Issuance: |

| | | |
|---|---|---|
| | | December 7, 2021. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchase d from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/28/2021. Redacted Transcript Deadline set for 1/7/2022. Release of Transcript Restriction set for 3/7/2022.(wz) (Entered: 12/07/2021) |
| 12/10/2021 | 267 | NOTICE of Appearance by Gloria K. Maier on behalf of GOOGLE LLC (Maier, Gloria) (Entered: 12/10/2021) |
| 12/15/2021 | 268 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/15/2021) |
| 12/17/2021 | 269 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Ryan M. Sandrock terminated. (Sandrock, Ryan) (Entered: 12/17/2021) |
| 12/23/2021 | 270 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Dana Vogel terminated. (Vogel, Dana) (Entered: 12/23/2021) |
| 01/04/2022 | 271 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Goldstein, Jeremy Michael) (Entered: 01/04/2022) |
| 01/05/2022 | 272 | NOTICE of Appearance by William Thorn Matlack on behalf of COMMONWEALTH OF MASSACHUSETTS (Matlack, William) (Entered: 01/05/2022) |
| 01/06/2022 | 273 | NOTICE of Appearance by Aaron Philip Maurer on behalf of GOOGLE LLC (Maurer, Aaron) (Entered: 01/06/2022) |
| 01/07/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 1/7/2022. Proposed Order due by 1/12/2022. Supplements to Initial Disclosures due by 1/14/2022. Joint Status Reports due by 2/8/2022, 3/4/2022, and 4/4/2022. Status Conferences set for 2/11/2022 at 11:00 AM, 3/9/2022 at 11:00 AM, and tentatively for 4/7/2022 at 11:00 AM via videoconference before Judge Amit P. Mehta. The courtroom deputy will circulate connection information to counsel of record. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (Court Reporter: William Zaremba) (zjd) (Entered: 01/07/2022) |
| 01/10/2022 | 274 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on January 7, 2022; Page Numbers: 1-70. Date of Issuance: January 10, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/31/2022. Redacted Transcript Deadline set for 2/10/2022. Release of Transcript Restriction set for 4/10/2022.(wz) (Entered: 01/10/2022) |
| 01/12/2022 | 275 | NOTICE of Proposed Order by GOOGLE LLC (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) Modified docket event/text on 1/14/2022 (zeg). (Entered: 01/12/2022) |
| 01/13/2022 | 276 | ORDER entering Proposed Order, ECF No. 275-1, regarding third party Microsoft's compliance with subpoenas issued in these matters. See attached Order for details. Signed by Judge Amit P. Mehta on 1/13/2022. (lcapm2) (Entered: 01/13/2022) |
| 01/28/2022 | 277 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TENNESSEE. Attorney Jeanette Pascale terminated. (Pascale, Jeanette) (Entered: 01/28/2022) |
| 02/04/2022 | 278 | NOTICE of Appearance by Brian Matthew Yost on behalf of STATE OF ILLINOIS (Yost, Brian) (Entered: 02/04/2022) |
| 02/04/2022 | 279 | NOTICE of Appearance by Meagan Kara Bellshaw on behalf of UNITED STATES OF AMERICA (Bellshaw, Meagan) (Entered: 02/04/2022) |
| 02/08/2022 | 280 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 02/08/2022) |
| 02/08/2022 | 281 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/08/2022) |
| 02/08/2022 | 282 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MICROSOFT CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 02/08/2022) |
| 02/09/2022 | 283 | SEALED DOCUMENT filed by STATE OF NEBRASKA re 281 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Conrad, Joseph) (Entered: 02/09/2022) |
| 02/10/2022 | 284 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service Certificate of Service)(Herrmann, Karl) (Entered: 02/10/2022) |
| 02/10/2022 | | MINUTE ORDER granting 282 Non-Party Microsoft Corporation's Unopposed Motion for Leave to File Materials Under Seal. Having considered the relevant Hubbard factors, the court finds that an initial sealing of Microsoft's filing is warranted. Microsoft shall file an appropriately redacted version of its filing by February 17, 2022. Signed by Judge Amit P. Mehta on 2/10/2022. (lcapm2) (Entered: 02/10/2022) |
| 02/10/2022 | 285 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 02/10/2022) |

| | | |
|---|---|---|
| 02/11/2022 | 286 | ORDER amending the 98 Stipulated Protective Order. See attached Order for details. Signed by Judge Amit P. Mehta on 2/11/2022. (lcapm2) (Entered: 02/11/2022) |
| 02/11/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 2/11/2022. The parties are to meet and confer and submit a proposal regarding an exchange of the identities of witnesses and entities that may be called at trial by 2/16/2022. Google's response to United States Plaintiffs' letter regarding Topic 3 of the November 30(b)(6) notice is due by 2/18/2022. Plaintiffs' next non-data 30(b)(6) notice is due by 2/22/2022. The status conference originally scheduled for April 7, 2022 has been vacated and rescheduled to April 8, 2022 at 2:00 PM via videoconference before Judge Amit P. Mehta. The next status conference will take place on March 9, 2022 at 11:00 AM via videoconference. Members of the public or media may access the hearings by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (Court Reporter: William Zaremba) (zjd) (Entered: 02/11/2022) |
| 02/14/2022 | 287 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on February 11, 2022; Page Numbers: 1-71. Date of Issuance: February 14, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purcha sed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/7/2022. Redacted Transcript Deadline set for 3/17/2022. Release of Transcript Restriction set for 5/15/2022.(wz) (Entered: 02/14/2022) |
| 02/15/2022 | 288 | NOTICE of Appearance by Jake Marvin Shields on behalf of UNITED STATES OF AMERICA (Shields, Jake) (Entered: 02/15/2022) |
| 02/16/2022 | 289 | REDACTED DOCUMENT- U.S. Plaintiffs' Position Statement Regarding a Discovery Dispute Involving Discovery of Microsoft by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2022) |
| 02/16/2022 | 290 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2022) |
| 02/16/2022 | 291 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Goldstein, Jeremy Michael) (Entered: 02/16/2022) |
| 02/16/2022 | 292 | REDACTED DOCUMENT- Plaintiff States' Response to Google LLC's Statement Regarding A Dispute Involving Third-Party Microsoft to 283 Sealed Document by STATE OF NEBRASKA. (Attachments: # 1 Certificate of Service)(Conrad, Joseph) (Entered: 02/16/2022) |
| 02/17/2022 | 293 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Russell P. Cohen, Filing fee $ 100, receipt number ADCDC-9052102. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Russell P. Cohen, # 2 Text of Proposed Order)(Ray, Amy) (Entered: 02/17/2022) |

| | | |
|---|---|---|
| 02/17/2022 | | MINUTE ORDER granting 293 Motion for Admission Pro Hac Vice. Attorney Russell P. Cohen is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 2/17/2022. (lcapm2) (Entered: 02/17/2022) |
| 02/17/2022 | 294 | REDACTED DOCUMENT- Defendant Google LLC's Statement Regarding a Dispute Involving Third Party Discovery of Microsoft by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/17/2022) |
| 02/17/2022 | 295 | RESPONSE re 294 Redacted Document *Google's February 8 Submission* filed by MICROSOFT CORPORATION. (Cohen, Vincent) (Entered: 02/17/2022) |
| 02/17/2022 | 296 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Schmidtlein, John) (Entered: 02/17/2022) |
| 02/18/2022 | 297 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Matthew L. Larrabee, Filing fee $ 100, receipt number ADCDC-9054252. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Matthew L. Larrabee in Support, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 02/18/2022) |
| 02/18/2022 | 298 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Julia E. Chapman, Filing fee $ 100, receipt number ADCDC-9054316. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Julia E. Chapman in Support, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 02/18/2022) |
| 02/18/2022 | | MINUTE ORDER granting 297 Motion for Admission Pro Hac Vice. Attorney Matthew L. Larrabee is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 2/18/2022. (lcapm2) (Entered: 02/18/2022) |
| 02/18/2022 | | MINUTE ORDER granting 297 Motion for Admission Pro Hac Vice. Attorney Julia E. Chapman is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta 2/18/2022. (lcapm2) (Entered: 02/18/2022) |
| 02/19/2022 | 299 | NOTICE of Appearance by Julia Chapman on behalf of MICROSOFT CORPORATION (Chapman, Julia) (Entered: 02/19/2022) |
| 02/21/2022 | 300 | ORDER regarding the exchange of identities of third-party witnesses that may be called at trial. The court has adopted the "more likely" standard favored by Plaintiffs to ensure flexibility in making third-party designations so far out from trial, but it has placed a 40-person/entity cap per side to promote a meaningful set of third-party designees who can be deposed before the close of discovery. See attached Order for details. Signed by Judge Amit P. Mehta on 2/21/2022. (lcapm2) (Entered: 02/21/2022) |
| 02/22/2022 | 301 | NOTICE of Appearance by Allen Robert Davis on behalf of MICROSOFT CORPORATION (Davis, Allen) (Entered: 02/22/2022) |
| 02/22/2022 | 302 | NOTICE of Appearance by Matthew Lloyd Larrabee on behalf of MICROSOFT CORPORATION (Larrabee, Matthew) (Entered: 02/22/2022) |
| 02/22/2022 | 303 | NOTICE of Appearance by Russell P. Cohen on behalf of MICROSOFT CORPORATION (Cohen, Russell) (Entered: 02/22/2022) |

| | | |
|---|---|---|
| 02/25/2022 | 304 | NOTICE of Appearance by Youlin Yuan on behalf of GOOGLE LLC (Yuan, Youlin) (Entered: 02/25/2022) |
| 02/25/2022 | 305 | NOTICE of Appearance by Paul B. Gaffney on behalf of GOOGLE LLC (Gaffney, Paul) (Entered: 02/25/2022) |
| 02/25/2022 | 306 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Michael S. Sommer, Filing fee $ 100, receipt number ADCDC-9067082. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Michael S. Sommer In Support, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 02/25/2022) |
| 02/25/2022 | 307 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Justina K. Sessions, Filing fee $ 100, receipt number ADCDC-9067113. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Justina K. Sessions In Support, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 02/25/2022) |
| 02/25/2022 | 308 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Chul Pak, Filing fee $ 100, receipt number ADCDC-9067137. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Chul Pak In Support, # 2 Text of Proposed Order) (Waszmer, Wendy) (Entered: 02/25/2022) |
| 02/28/2022 | | MINUTE ORDER granting 306 Motion for Admission Pro Hac Vice. Attorney Michael S. Sommer is hereby admitted pro hac vice to appear in this matter. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 2/28/2022. (lcapm2) (Entered: 02/28/2022) |
| 02/28/2022 | | MINUTE ORDER granting 307 Motion for Admission Pro Hac Vice. Attorney Justina K. Sessions is hereby admitted pro hac vice to appear in this matter. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 2/28/2022. (lcapm2) (Entered: 02/28/2022) |
| 02/28/2022 | | MINUTE ORDER granting 308 Motion for Admission Pro Hac Vice. Attorney Chul Pak is hereby admitted pro hac vice to appear in this matter. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 2/28/2022. (lcapm2) (Entered: 02/28/2022) |
| 02/28/2022 | | RESOLVED.....NOTICE of Provisional Status re 305 NOTICE of Appearance by Paul B. Gaffney on behalf of GOOGLE LLC (Gaffney, Paul).<br><br>Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-admissions-and-renewal-information.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/7/2022. (znm) Modified on 2/28/2022 (znm). (Entered: 02/28/2022) |
| 03/01/2022 | 309 | NOTICE of Appearance by Michael Sommer on behalf of GOOGLE LLC (Sommer, Michael) (Entered: 03/01/2022) |
| 03/01/2022 | 310 | NOTICE of Appearance by Justina Sessions on behalf of GOOGLE LLC (Sessions, Justina) (Entered: 03/01/2022) |
| 03/01/2022 | 311 | NOTICE of Appearance by Chul Pak on behalf of GOOGLE LLC (Pak, Chul) (Entered: 03/01/2022) |

| | | |
|---|---|---|
| 03/04/2022 | 312 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Mark S. Parris, Filing fee $ 100, receipt number BDCDC-9083018. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Mark Parris, # 2 Text of Proposed Order)(Tynes, Haley) (Entered: 03/04/2022) |
| 03/04/2022 | | MINUTE ORDER granting 312 Motion for Admission Pro Hac Vice. Attorney Mark S. Parris is hereby admitted pro hac vice to appear in this matter. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 3/4/2022. (lcapm2) (Entered: 03/04/2022) |
| 03/04/2022 | 313 | NOTICE of Appearance by John A. Jurata, Jr on behalf of MICROSOFT CORPORATION (Jurata, John) (Entered: 03/04/2022) |
| 03/04/2022 | 314 | NOTICE of Appearance by Mark Parris on behalf of MICROSOFT CORPORATION (Parris, Mark) (Main Document 314 replaced on 3/4/2022) (zeg). (Entered: 03/04/2022) |
| 03/04/2022 | 315 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Herrmann, Karl) (Entered: 03/04/2022) |
| 03/07/2022 | 316 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Martin J. Black, Filing fee $ 100, receipt number ADCDC-9085761. Fee Status: Fee Paid. by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Martin J. Black in Support, # 2 Text of Proposed Order)(Cohen, Vincent) (Entered: 03/07/2022) |
| 03/07/2022 | | MINUTE ORDER granting 316 Motion for Admission Pro Hac Vice. Attorney Martin J. Black is hereby admitted pro hac vice to appear in this matter. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 3/7/2022. (lcapm2) (Entered: 03/07/2022) |
| 03/08/2022 | 317 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support of Motion to Sanction Google and Compel, # 2 Text of Proposed Order, # 3 Declaration, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 22, # 26 Exhibit 23, # 27 Exhibit 24, # 28 Exhibit 25, # 29 Exhibit 26, # 30 Exhibit 27, # 31 Exhibit 28, # 32 Exhibit 29, # 33 Exhibit 30, # 34 Exhibit 31, # 35 Exhibit 32, # 36 Exhibit 33, # 37 Exhibit 34, # 38 Exhibit 35, # 39 Exhibit 36, # 40 Exhibit 37, # 41 Certificate of Service)(Herrmann, Karl) (Entered: 03/08/2022) |
| 03/08/2022 | 318 | NOTICE of Appearance by Martin J. Black on behalf of MICROSOFT CORPORATION (Black, Martin) (Entered: 03/08/2022) |
| 03/08/2022 | 319 | Joint STATUS REPORT *of March 4, 2022* by UNITED STATES OF AMERICA. (Attachments: # 1 A (Redacted Version), # 2 B (Redacted Version), # 3 C (Redacted Version), # 4 D (Redacted Version))(Herrmann, Karl) (Entered: 03/08/2022) |
| 03/08/2022 | 320 | NOTICE of Appearance by Christopher Yeager on behalf of GOOGLE LLC (Yeager, Christopher) (Entered: 03/08/2022) |
| 03/09/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 3/9/2022. Status Conference set for 3/16/2022 at 4:30 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. All briefing for the pending motion to compel and for sanctions is |

| | | |
|---|---|---|
| | | due by 4/1/2022. Oral Argument set for 4/8/2022 at 1:00 PM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 03/13/2022) |
| 03/10/2022 | 321 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Anne Johnson Palmer, Filing fee $ 100, receipt number ADCDC-9097151. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration of Anne Johnson Palmer in Support, # 2 Text of Proposed Order)(Popofsky, Mark) (Entered: 03/10/2022) |
| 03/10/2022 | | MINUTE ORDER granting 321 Motion for Admission of Attorney Pro Hac Vice. Attorney Anne Johnson Palmer is hereby admitted pro hac vice to appear in this matter. Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Signed by Judge Amit P. Mehta on 3/10/2022. (lcapm2) (Entered: 03/10/2022) |
| 03/11/2022 | 322 | NOTICE of Appearance by Anne Johnson Palmer on behalf of GOOGLE LLC (Johnson Palmer, Anne) (Entered: 03/11/2022) |
| 03/11/2022 | 323 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 9, 2022; Page Numbers: 1-72. Date of Issuance: March 11, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased fro m the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/1/2022. Redacted Transcript Deadline set for 4/11/2022. Release of Transcript Restriction set for 6/9/2022.(wz) (Entered: 03/11/2022) |
| 03/14/2022 | | MINUTE ORDER. The status conference currently scheduled for March 16, 2022, at 4:30 p.m. is rescheduled for 4:15 p.m. on that same date. Signed by Judge Amit P. Mehta on 3/14/2022. (lcapm2) (Entered: 03/14/2022) |
| 03/14/2022 | 324 | ENTERED IN ERROR.....TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 9, 2022; Page Numbers: 1-72. Date of Issuance: March 14, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/4/2022. Redacted Transcript Deadline set for 4/14/2022. Release of Transcript Restriction set for 6/12/2022.(wz) Modified on 3/15/2022 (zeg). (Entered: 03/14/2022) |
| 03/15/2022 | 325 | NOTICE of Appearance by Joshua Daniel Abram on behalf of STATE OF NORTH CAROLINA (Abram, Joshua) (Entered: 03/15/2022) |
| 03/15/2022 | | NOTICE OF CORRECTED DOCKET ENTRY: re 324 Transcript was entered in error as duplicate to docket entry 323 . (zeg) (Entered: 03/15/2022) |
| 03/16/2022 | | NOTICE of Hearing: In light of the parties resolving their discovery dispute, the hearing set for March 16, 2022 at 4:15 PM is hereby vacated. (zjd) (Entered: 03/16/2022) |
| 03/21/2022 | 326 | REDACTED DOCUMENT- Motion to Sanction Google and Compel to 317 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Motion to Sanction Google and Compel (Redacted Version), # 2 Text of Proposed Order (Redacted Version), # 3 Declaration (Redacted Version), # 4 Exhibit 1 (Filed Under Seal), # 5 Exhibit 2 (Filed Under Seal), # 6 Exhibit 3 (Filed Under Seal), # 7 Exhibit 4 (Redacted Version), # 8 Exhibit 5 (Filed Under Seal), # 9 Exhibit 6 (Filed Under Seal), # 10 Exhibit 7 (Filed Under Seal), # 11 Exhibit 8 (Redacted Version), # 12 Exhibit 9 (Filed Under Seal), # 13 Exhibit 10 (Filed Under Seal), # 14 Exhibit 11 (Filed Under Seal), # 15 Exhibit 12 (Filed Under Seal), # 16 Exhibit 13 (Filed Under Seal), # 17 Exhibit 14 (Filed Under Seal), # 18 Exhibit 15 (Filed Under Seal), # 19 Exhibit 16 (Filed Under Seal), # 20 Exhibit 17 (Filed Under Seal), # 21 Exhibit 18 (Filed Under Seal), # 22 Exhibit 19 (Filed Under Seal), # 23 Exhibit 20 (Filed Under Seal), # 24 Exhibit 21 (Filed Under Seal), # 25 Exhibit 22 (Filed Under Seal), # 26 Exhibit 23 (Filed Under Seal), # 27 Exhibit 24 (Filed Under Seal), # 28 Exhibit 25 (Filed Under Seal), # 29 Exhibit 26 (Filed Under Seal), # 30 Exhibit 27 (Filed Under Seal), # 31 Exhibit 28 (Filed Under Seal), # 32 Exhibit 29 (Filed Under Seal), # 33 Exhibit 30 (Filed Under Seal), # 34 Exhibit 31 (Filed Under Seal), # 35 Exhibit 32 (Filed Under Seal), # 36 Exhibit 33 (Filed Under Seal), # 37 Exhibit 34 (Redacted Version), # 38 Exhibit 35 (Redacted Version), # 39 Exhibit 36 (Redacted Version), # 40 Exhibit 37 (Redacted Version))(Herrmann, Karl) (Entered: 03/21/2022) |
| 03/24/2022 | 327 | SEALED OPPOSITION filed by GOOGLE LLC. re 317 SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 (Part 1), # 6 Exhibit 5 (Part 2), # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Certificate of Service)(Schmidtlein, John) (Entered: 03/24/2022) |
| 03/24/2022 | 328 | REDACTED DOCUMENT- Opposition to Motion to Sanction and Compel to 327 Sealed Opposition,, by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5 (Part 1), # 6 Exhibit 5 (Part 2), # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17) (Schmidtlein, John) (Entered: 03/24/2022) |
| 03/31/2022 | 329 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- William E. Ridgway, Filing fee $ 100, receipt number ADCDC-9142063. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of William Ridgway, # 2 Text of Proposed Order) (Sunshine, Steven) (Entered: 03/31/2022) |

| | | |
|---|---|---|
| 03/31/2022 | | MINUTE ORDER granting 329 Non-Party Petitioner Apple Inc.'s Motion for Admission Pro Hac Vice of William Ridgway. Attorney William Ridgway is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Signed by Judge Amit P. Mehta on 3/31/2022. (lcapm2) (Entered: 03/31/2022) |
| 04/01/2022 | 330 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 317 SEALED MOTION filed by UNITED STATES OF AMERICA (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration, # 2 Exhibit 38, # 3 Exhibit 39, # 4 Exhibit 40, # 5 Exhibit 41, # 6 Exhibit 42, # 7 Exhibit 43, # 8 Exhibit 44, # 9 Exhibit 45, # 10 Exhibit 46, # 11 Exhibit 47, # 12 Exhibit 48, # 13 Exhibit 49, # 14 Exhibit 50, # 15 Exhibit 51, # 16 Exhibit 54, # 17 Exhibit 55, # 18 Exhibit 56, # 19 Exhibit 57, # 20 Exhibit 58, # 21 Exhibit 59, # 22 Exhibit 60, # 23 Certificate of Service)(Herrmann, Karl) (Entered: 04/02/2022) |
| 04/04/2022 | 331 | NOTICE of Appearance by Lillian Okamuro on behalf of UNITED STATES OF AMERICA (Okamuro, Lillian) (Entered: 04/04/2022) |
| 04/04/2022 | 332 | NOTICE of Appearance by William Elliott Ridgway on behalf of APPLE INC. (Ridgway, William) (Entered: 04/04/2022) |
| 04/04/2022 | 333 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/04/2022) |
| 04/06/2022 | | NOTICE of Courtroom Change: The Oral Argument/Status Conference set for 4/8/2022 at 1:00 PM before Judge Amit P. Mehta will now proceed in Courtroom 12. Members of the public or media may attend the hearing in-person or access the proceedings by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) Modified hearing type on 4/6/2022 (zjd). (Entered: 04/06/2022) |
| 04/06/2022 | 334 | NOTICE of Appearance by Catharine Sydnie Wright on behalf of UNITED STATES OF AMERICA (Wright, Catharine) (Entered: 04/06/2022) |
| 04/07/2022 | 335 | REDACTED DOCUMENT- Reply in Support of Plaintiffs' Motion to Sanction Google and Compel by UNITED STATES OF AMERICA. (Attachments: # 1 Declaration Meagan K. Bellshaw, # 2 Exhibit 38, # 3 Exhibit 39, # 4 Exhibit 40, # 5 Exhibit 41, # 6 Exhibit 42, # 7 Exhibit 43, # 8 Exhibit 44, # 9 Exhibit 45, # 10 Exhibit 46, # 11 Exhibit 47, # 12 Exhibit 48, # 13 Exhibit 49, # 14 Exhibit 50, # 15 Exhibit 51, # 16 Exhibit 54, # 17 Exhibit 55, # 18 Exhibit 56, # 19 Exhibit 57, # 20 Exhibit 58, # 21 Exhibit 59, # 22 Exhibit 60)(Goldstein, Jeremy Michael) (Entered: 04/07/2022) |
| 04/07/2022 | 336 | NOTICE of Appearance by Christine Sommer on behalf of UNITED STATES OF AMERICA (Sommer, Christine) (Entered: 04/07/2022) |
| 04/08/2022 | 337 | TRANSCRIPT OF STATUS CONFERENCE/ORAL ARGUMENT PROCEEDINGS before Judge Amit P. Mehta held on April 8, 2022; Page Numbers: 1-75. Date of Issuance: April 8, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to |

| | | |
|---|---|---|
| | | the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/29/2022. Redacted Transcript Deadline set for 5/9/2022. Release of Transcript Restriction set for 7/7/2022.(wz) (Entered: 04/08/2022) |
| 04/08/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Oral Argument/Status Conference held on 4/8/2022. Status Conference tentatively set for 4/19/2022 at 2:00 PM via videoconference before Judge Amit P. Mehta. A further Status Conference is set for 5/12/2022 at 3:00 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may access the hearing(s) by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (Court Reporter: William Zaremba) (zjd) (Entered: 04/18/2022) |
| 04/12/2022 | 338 | ORDER regarding 317 Plaintiffs' Motion to Sanction Google and Compel Disclosure of Documents Unjustifiably Claimed by Google as Attorney-Client Privileged. The parties may submit any authority they believe supports their respective positions as to the court's inherent authority to sanction pre-litigation conduct by April 19, 2022. Google shall produce a sample of "silent attorney" emails for the court's in camera review by April 19, 2022. See attached Order for details. Signed by Judge Amit P. Mehta on 4/12/2022. (lcapm2) (Entered: 04/12/2022) |
| 04/12/2022 | | Set/Reset Deadlines: The parties may submit any authority they believe supports their respective positions as to the court's inherent authority to sanction pre-litigation conduct and Google shall produce a sample of "silent attorney" emails for the court's in camera review by 4/19/2022. (zjch, ) (Entered: 04/13/2022) |
| 04/13/2022 | 339 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICROSOFT CORPORATION. Attorney Haley P. Tynes terminated. (Tynes, Haley) (Entered: 04/13/2022) |
| 04/13/2022 | | NOTICE of Hearing: Discovery Hearing re Third Party Dispute set for 4/14/2022 at 8:45 AM via teleconference before Judge Amit P. Mehta. Counsel shall use the dial-in information provided by the courtroom deputy. Members of the public or media may access the proceedings by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 04/13/2022) |
| 04/14/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Discovery Hearing re Third Party Dispute held via teleconference on 4/14/2022. (Court Reporter: William Zaremba) (zjd) (Entered: 04/18/2022) |
| 04/15/2022 | 340 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Rachael A. Racine, Filing fee $ 100, receipt number ADCDC-9175149. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 04/15/2022) |
| 04/15/2022 | | MINUTE ORDER granting 340 Motion for Admission Pro Hac Vice. Attorney Rachael A. Racine is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Signed by Judge Amit P. Mehta on 4/15/2022. (lcapm2) (Entered: 04/15/2022) |
| 04/18/2022 | 341 | TRANSCRIPT OF DISCOVERY HEARING RE THIRD-PARTY DISPUTE VIA TELECONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on April 14, 2022; Page Numbers: 1-20. Date of Issuance: April 18, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/9/2022. Redacted Transcript Deadline set for 5/19/2022. Release of Transcript Restriction set for 7/17/2022.(wz) (Entered: 04/18/2022) |
| 04/18/2022 | 342 | Joint STATUS REPORT by STATE OF NEBRASKA. (McKinley, Matthew) (Entered: 04/18/2022) |
| 04/19/2022 | | MINUTE ORDER. Pursuant to the parties' 342 Joint Status Report, the status conference scheduled for April 19, 2022, is hereby vacated. Signed by Judge Amit P. Mehta on 4/19/2022. (lcapm2) (Entered: 04/19/2022) |
| 04/19/2022 | 343 | NOTICE of Appearance by Rachael Racine on behalf of GOOGLE LLC (Racine, Rachael) (Entered: 04/19/2022) |
| 04/19/2022 | 344 | NOTICE OF SUPPLEMENTAL AUTHORITY by GOOGLE LLC (Schmidtlein, John) (Entered: 04/19/2022) |
| 04/19/2022 | 345 | NOTICE OF SUPPLEMENTAL AUTHORITY *Pursuant to the Court's April 12, 2022 Order* by UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) Modified docket event/text on 4/21/2022 (zeg). (Entered: 04/19/2022) |
| 04/21/2022 | 346 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEW YORK. Attorney John D. Castiglione terminated. (Castiglione, John) (Entered: 04/21/2022) |
| 04/25/2022 | 347 | NOTICE of Appearance by Christi Foust on behalf of STATE OF INDIANA (Foust, Christi) (Main Document 347 replaced on 4/28/2022) (zeg). (Entered: 04/25/2022) |
| 04/29/2022 | 348 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney John Paul Foley terminated. (Foley, John) (Entered: 04/29/2022) |
| 05/06/2022 | 349 | NOTICE of Appearance by Bryce A Pashler on behalf of STATE OF IOWA (Pashler, Bryce) (Main Document 349 replaced on 5/9/2022) (zeg). (Entered: 05/06/2022) |
| 05/09/2022 | 350 | NOTICE of Change of Address by John E. Schmidtlein (Schmidtlein, John) (Entered: 05/09/2022) |
| 05/10/2022 | 351 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 05/10/2022) |
| 05/12/2022 | 352 | REDACTED DOCUMENT- Joint Status Report by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 05/12/2022) |
| 05/12/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 5/12/2022. The parties shall propose an evidentiary cut-off date and a deadline for motions to compel by 5/17/2022. Joint Status Report due by 6/14/2022. The next status conference will take place on 6/16/2022 at 3:00 PM or |

| | | |
|---|---|---|
| | | 6/17/2022 at 3:00 PM. The hearing time will be finalized at a later date. (Court Reporter: William Zaremba) (zjd) (Entered: 05/12/2022) |
| 05/12/2022 | | MINUTE ORDER. For the reasons stated during the status conference held on May 12, 2022, 317 326 Plaintiffs' Motion to Sanction Google and Compel Disclosure of Documents Unjustifiably Claimed by Google as Attorney-Client Privileged is denied. Google is ordered, however, to ensure that all of the "silent-attorney emails" at issue in the Motion have been re-reviewed to the same extent as the sample of 210 emails provided to the court for its in camera review. Signed by Judge Amit P. Mehta on 5/12/2022. (lcapm2) (Entered: 05/12/2022) |
| 05/13/2022 | 353 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on May 12, 2022; Page Numbers: 1-82. Date of Issuance: May 13, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from t he court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/3/2022. Redacted Transcript Deadline set for 6/13/2022. Release of Transcript Restriction set for 8/11/2022.(wz) (Entered: 05/13/2022) |
| 05/17/2022 | 354 | Joint MOTION for Extension of Time to *Propose an Evidentiary Cut-Off Date and a Deadline for Motions to Compel* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 05/17/2022) |
| 05/18/2022 | | MINUTE ORDER granting 354 Joint Motion for Extension of Time to Propose an Evidentiary Cut-off Date and a Deadline for Motions to Compel. The parties shall file their proposal(s) on or before May 19, 2022. Signed by Judge Amit P. Mehta on 5/18/2022. (lcapm2) (Entered: 05/18/2022) |
| 05/18/2022 | 355 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF IOWA. Attorney Max Merrick Miller terminated. (Miller, Max) (Entered: 05/18/2022) |
| 05/19/2022 | 356 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Schmidtlein, John) (Entered: 05/19/2022) |
| 05/24/2022 | | NOTICE of Hearing: The next status conference will proceed in-person on June 17, 2022 at 3:00 PM in Courtroom 10 before Judge Amit P. Mehta. (zjd) (Entered: 05/24/2022) |
| 05/25/2022 | 357 | ORDER regarding production deadline, motion to compel deadline, and evidentiary cut-off date. The parties shall file their Joint Status Report in advance of the status conference scheduled for June 17, 2022, on June 15, 2022. See attached Order for additional details. Signed by Judge Amit P. Mehta on 5/25/2022. (lcapm2) (Entered: 05/25/2022) |
| 05/27/2022 | 358 | NOTICE of Appearance by Colin P. Snider on behalf of STATE OF NEBRASKA (Snider, Colin) (Entered: 05/27/2022) |

| | | |
|---|---|---|
| 06/10/2022 | 359 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Erin L. Shencopp terminated. (Shencopp, Erin) (Entered: 06/10/2022) |
| 06/15/2022 | 360 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 06/15/2022) |
| 06/16/2022 | 361 | REDACTED DOCUMENT- Joint Status Report by GOOGLE LLC. (Schmidtlein, John) (Entered: 06/16/2022) |
| 06/17/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 6/17/2022. Joint Status Report due by 7/12/2022. Status Conference set for 7/14/2022 at 2:00 PM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 06/17/2022) |
| 06/17/2022 | | MINUTE ORDER. Pursuant to the status conference held on June 17, 2022, the court orders the following with respect to further proceedings in this matter: (1) Plaintiffs shall identify the witnesses they wish to re-depose on or before July 8, 2022. (2) The parties shall file a joint status report on July 12, 2022. (3) The parties shall appear for a status conference on July 14, 2022, at 2:00 p.m. in Courtroom 10. (4) The parties shall appear to deliver a tutorial presentation on relevant factual background to the court on September 8, 2022, starting at 9:30 a.m. in Courtroom 10. Each side is allotted three hours. (5) Google shall produce up to 200 additional linked-to documents that Plaintiffs may identify on a case-by-case basis no later than September 26, 2022. Signed by Judge Amit P. Mehta on 6/17/2022. (lcapm2) (Entered: 06/17/2022) |
| 06/21/2022 | 362 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on June 17, 2022; Page Numbers: 1-71. Date of Issuance: June 21, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cour t reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2022. Redacted Transcript Deadline set for 7/22/2022. Release of Transcript Restriction set for 9/19/2022.(wz) (Entered: 06/21/2022) |
| 06/24/2022 | 363 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF CALIFORNIA. Attorney Adam Miller terminated. (Miller, Adam) (Entered: 06/24/2022) |
| 06/24/2022 | 364 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF INDIANA. Attorney Erica S Sullivan terminated. (Sullivan, Erica) (Entered: 06/24/2022) |
| 06/30/2022 | 365 | NOTICE of Appearance by Margaret Sharp on behalf of STATE OF TEXAS (Sharp, Margaret) (Entered: 06/30/2022) |
| 06/30/2022 | 366 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Bret Fulkerson terminated. (Fulkerson, Bret) (Entered: 06/30/2022) |

| | | |
|---|---|---|
| 07/12/2022 | 367 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Appendix A)(Goldstein, Jeremy Michael) (Entered: 07/12/2022) |
| 07/13/2022 | 368 | MOTION for Extension of Time to *Respond to the Report of Edward A. Fox* by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Extend the Deadline to Respond to the Report of Edward A. Fox, # 2 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 07/13/2022) |
| 07/14/2022 | 369 | SEALED OPPOSITION filed by GOOGLE LLC. re 368 MOTION for Extension of Time to *Respond to the Report of Edward A. Fox* (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 07/14/2022) |
| 07/14/2022 | 370 | REDACTED DOCUMENT- Opposition to DOJ Plaintiffs' Motion to Extend the Deadline to Respond to the Report of Edward A. Fox by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 07/14/2022) |
| 07/14/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 7/14/2022. Status Conference set for 8/24/2022 at 2:30 PM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporter: William Zaremba) (zjd) (Entered: 07/14/2022) |
| 07/14/2022 | | MINUTE ORDER. Pursuant to the status conference held on July 14, 2022, the court orders the following with respect to further proceedings in this matter: (1) United States Plaintiffs may take further deposition testimony from Paul Gennai for up to 4 hours; Anna Kartasheva for up to 1 hour; James Kolotouros for up to 4 hours; Jamie Rosenberg for up to 4 hours; and Philipp Schindler for up to 1.5 hours. (2) Colorado Plaintiffs may take further deposition testimony from Richard Holden for up to 2 hours and Andy Miller for up to 2 hours. (3) United States Plaintiffs and Colorado Plaintiffs make take further deposition testimony from Prabhakar Raghavan for up to 3.5 hours and Hal Varian for up to 4 hours, with such time to be allocated as determined by Plaintiffs. (4) Plaintiffs' 368 Motion to Extend the Deadline to Respond to the Report of Edward A. Fox is granted in part. The 263 Amended Scheduling and Case Management Order entered on December 6, 2021, is amended to reflect that Plaintiffs' deadline to serve their rebuttal expert report(s) to the Edward A. Fox report is extended by 14 days to 74 days after service of opening reports, or August 19, 2022. (5) The parties shall appear for a status conference on August 24, 2022, at 2:30 p.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 7/14/2022. (lcapm2) (Entered: 07/14/2022) |
| 07/15/2022 | 371 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Jake Marvin Shields terminated. (Shields, Jake) (Entered: 07/15/2022) |
| 07/19/2022 | 372 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on July 14, 2022; Page Numbers: 1-54. Date of Issuance: July 19, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the cour t reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 8/9/2022. Redacted Transcript Deadline set for 8/19/2022. Release of Transcript Restriction set for 10/17/2022.(wz) (Entered: 07/19/2022) |
| 07/20/2022 | 373 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Diane Rebecca Hazel terminated. (Hazel, Diane) (Entered: 07/20/2022) |
| 07/29/2022 | 374 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Christopher M. Sloot terminated. (Sloot, Christopher) (Entered: 07/29/2022) |
| 08/02/2022 | 375 | NOTICE of Appearance by Michael Schwartz on behalf of STATE OF NEW YORK (Schwartz, Michael) (Entered: 08/02/2022) |
| 08/03/2022 | 376 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports, # 2 Text of Proposed Order, # 3 Certificate of Service, # 4 Exhibit A, # 5 Exhibit B)(Goldstein, Jeremy Michael) (Entered: 08/03/2022) |
| 08/05/2022 | 377 | MOTION to Expedite *Briefing of Plaintiffs' Motion to Compel Production of Documents and Data* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 08/05/2022) |
| 08/08/2022 | 378 | Memorandum in opposition to re 377 Motion to Expedite *Briefing of DOJ Plaintiffs' Motion to Compel* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/08/2022) |
| 08/09/2022 | | MINUTE ORDER denying 377 Plaintiffs' Motion to Expedite Briefing of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel. The court is unavailable next week to resolve the pending motion to compel, so expedited briefing will not result in a quicker resolution. Google shall respond to the 376 Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel by August 15, 2022. Plaintiffs may file a reply brief by August 19, 2022. The court and the parties tentatively agreed to a status conference on August 24, 2022, at 2:30 p.m. The parties shall appear on that time and date so the court can address the 376 Motion to Compel and any other issues in dispute. Signed by Judge Amit P. Mehta on 8/9/2022. (lcapm2) (Entered: 08/09/2022) |
| 08/10/2022 | 379 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Thomas P. DeMatteo terminated. (DeMatteo, Thomas) (Entered: 08/10/2022) |
| 08/12/2022 | 380 | NOTICE of Appearance by Henry Cornillie on behalf of STATE OF CALIFORNIA (Cornillie, Henry) (Main Document 380 replaced on 8/15/2022) (zed). (Entered: 08/12/2022) |
| 08/15/2022 | 381 | SEALED OPPOSITION filed by GOOGLE LLC. re 376 Sealed Motion, (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 08/15/2022) |
| 08/19/2022 | 382 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 376 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 08/19/2022) |
| 08/23/2022 | 383 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 08/23/2022) |
| 08/23/2022 | 384 | REDACTED DOCUMENT- *Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports* by UNITED STATES OF AMERICA. (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion to Compel Production of Documents and |

| | | |
|---|---|---|
| | | Data Cited in Expert Reports, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order) (Goldstein, Jeremy Michael) (Entered: 08/23/2022) |
| 08/23/2022 | 385 | REDACTED DOCUMENT- Google's Opposition to Motion to Compel Production of Documents and Data Cited in Expert Reports to 384 Redacted Document, by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/23/2022) |
| 08/24/2022 | | NOTICE of Hearing: The Status Conference set for 8/24/2022 at 2:30 PM before Judge Amit P. Mehta shall now proceed via videoconference. The parties are instructed to use the Zoom credentials provided by the courtroom deputy. Members of the public or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 08/24/2022) |
| 08/24/2022 | 386 | REDACTED DOCUMENT- Joint Status Report by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 08/24/2022) |
| 08/24/2022 | 387 | REDACTED DOCUMENT- Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel to 382 Sealed Reply by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 08/24/2022) |
| 08/25/2022 | 388 | ORDER entering Joint Stipulation Regarding Plaintiffs' 376 Motion to Compel Production of Documents and Data Cited in Expert Reports of Edward A. Fox and Mark A. Israel. See attached Order for additional details. Signed by Judge Amit P. Mehta on 08/24/2022. (lcapm2) (Entered: 08/25/2022) |
| 08/25/2022 | 389 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on August 24, 2022; Page Numbers: 1-52. Date of Issuance: August 25, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/15/2022. Redacted Transcript Deadline set for 9/25/2022. Release of Transcript Restriction set for 11/23/2022.(wz) (Entered: 08/25/2022) |
| 09/06/2022 | 390 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Erica Lee Fruiterman terminated. (Fruiterman, Erica) (Entered: 09/06/2022) |
| 09/06/2022 | 391 | NOTICE of Appearance by Adam T. Severt on behalf of UNITED STATES OF AMERICA (Severt, Adam) (Entered: 09/06/2022) |
| 09/08/2022 | 392 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Abigail Leah Smith terminated. (Smith, Abigail) (Entered: 09/08/2022) |
| 09/08/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Tutorial Presentation held on 9/8/2022. Status Conference set for 10/14/2022 at 02:00 PM via videoconference before Judge Amit P. Mehta. Members of the public or media may |

| | | |
|---|---|---|
| | | access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (Court Reporter: William Zaremba) (zjd) (Entered: 09/08/2022) |
| 09/13/2022 | 393 | TRANSCRIPT OF TUTORIAL PRESENTATION PROCEEDINGS before Judge Amit P. Mehta held on September 8, 2022; Page Numbers: 1-287. Date of Issuance: September 13, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/4/2022. Redacted Transcript Deadline set for 10/14/2022. Release of Transcript Restriction set for 12/12/2022.(wz) (Entered: 09/13/2022) |
| 09/15/2022 | 394 | NOTICE of Appearance by Mary Frances Jowers on behalf of STATE OF SOUTH CAROLINA (Jowers, Mary) (Main Document 394 replaced on 9/16/2022) (zed). (Entered: 09/15/2022) |
| 09/15/2022 | 395 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEVADA. Attorney Marie W.L. Martin terminated. (Newman, Michelle) (Entered: 09/15/2022) |
| 09/29/2022 | 396 | NOTICE of Appearance by Marie W.L. Martin on behalf of STATE OF UTAH (Martin, Marie) (Entered: 09/29/2022) |
| 10/10/2022 | 397 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 10/10/2022) |
| 10/10/2022 | 398 | REDACTED DOCUMENT- Google's Motion to Exclude the Report and Testimony of DOJ Plaintiffs' Untimely Disclosed Expert to 397 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Schmidtlein, John) (Entered: 10/10/2022) |
| 10/12/2022 | 399 | NOTICE of Appearance by David A.F. McCoy on behalf of STATE OF ARKANSAS (McCoy, David) (Entered: 10/12/2022) |
| 10/13/2022 | 400 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 10/13/2022) |
| 10/13/2022 | | MINUTE ORDER. At the request of the parties, the status conference scheduled for October 14, 2022, is vacated. The court will notify the parties of a future status conference date. Signed by Judge Amit P. Mehta on 10/13/2022. (lcapm2) (Entered: 10/13/2022) |
| 10/18/2022 | 401 | Memorandum in opposition to re 397 Sealed Motion *Exclude* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 10/18/2022) |
| 10/25/2022 | 402 | REPLY to opposition to motion re 397 SEALED MOTION filed by GOOGLE LLC *re: Untimely Disclosed Expert* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: |

| | | |
|---|---|---|
| | | 10/25/2022) |
| 10/25/2022 | | MINUTE ORDER. The parties shall appear for a post-discovery status conference on November 18, 2022, at 1:00 p.m. If the parties believe that a hearing is needed on the pending motion to exclude 397 , or a status conference is otherwise needed prior to November 18, 2022, they shall contact chambers to schedule such hearing. Signed by Judge Amit P. Mehta on 10/25/2022. (lcapm2) (Entered: 10/25/2022) |
| 11/10/2022 | 403 | ENTERED IN ERROR..... MOTION for Discovery *Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox and Memorandum in Support Thereof* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael); Modified on 11/10/2022 (ztth). (Entered: 11/10/2022) |
| 11/10/2022 | | NOTICE OF ERROR regarding 403 MOTION for Discovery *Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox and Memorandum in Support Thereof*. The following error(s) need correction: Invalid attorney signature-signature on document must match PACER login. Please refile. (ztth) (Entered: 11/10/2022) |
| 11/10/2022 | 404 | MOTION for Discovery *Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox and Memorandum in Support Thereof* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Goldstein, Jeremy Michael) (Entered: 11/10/2022) |
| 11/10/2022 | 405 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Christopher VanDeusen terminated. (VanDeusen, Christopher) (Entered: 11/10/2022) |
| 11/10/2022 | | MINUTE ORDER. Defendant Google LLC shall file any opposition to U.S. Plaintiffs' 404 Expedited Motion to Permit Two Attorneys for U.S. Plaintiffs to Examine Edward A. Fox by November 11, 2022, at 2:00 p.m. Signed by Judge Amit P. Mehta on 11/10/2022. (lcapm2) (Entered: 11/10/2022) |
| 11/10/2022 | 406 | Memorandum in opposition to re 404 Motion for Discovery, *Opposition to DOJ Plaintiffs' Motion to Allow a Divided Examination of Dr. Fox* filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 11/10/2022) |
| 11/10/2022 | 407 | ORDER granting U.S. Plaintiff's 404 Expedited Motion to Permit Two Attorneys to Examine Edward A. Fox. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/10/2022. (lcapm2) (Entered: 11/10/2022) |
| 11/15/2022 | 408 | NOTICE of Appearance by Joshua Hafenbrack on behalf of UNITED STATES OF AMERICA (Hafenbrack, Joshua) (Main Document 408 replaced on 11/15/2022) (znmw). (Entered: 11/15/2022) |
| 11/16/2022 | | NOTICE of Hearing: The hearing set for Friday, November 18, 2022 at 1:00 PM is hereby vacated. The courtroom deputy will contact the parties to schedule a new hearing date. (zjd) (Entered: 11/16/2022) |
| 11/18/2022 | 409 | NOTICE of Appearance by Zachary William Biesanz on behalf of STATE OF MINNESOTA (Biesanz, Zachary) (Entered: 11/18/2022) |
| 11/23/2022 | | NOTICE of Hearing: Status Conference set for 11/28/2022 at 4:15 PM via videoconference before Judge Amit P. Mehta. (zjd) (Entered: 11/23/2022) |
| 11/25/2022 | 410 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Proposed Order), # 2 Exhibit B (Proposed Order)(Herrmann, Karl) (Entered: 11/25/2022) |

| | | |
|---|---|---|
| 11/28/2022 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 11/28/2022. (Court Reporter: William Zaremba) (zjd) (Entered: 12/11/2022) |
| 11/29/2022 | 411 | ORDER. The Amended Scheduling and Case Management Order 108 and 263 is further amended so that the deadline to file any Daubert motions regarding experts Prof. Catherine Tucker and Prof. Kirsten Martin is extended to December 19, 2022, or ten days after the completion of the depositions of Prof. Tucker and Prof. Martin, whichever is later. The deadline to file all other Daubert motions remains December 12, 2022. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/29/2022. (lcapm2). (Entered: 11/29/2022) |
| 11/29/2022 | 412 | ORDER regarding the filing of public redacted versions of papers filed under seal in connection with summary judgment or Daubert motions. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/29/2022. (lcapm2) (Entered: 11/29/2022) |
| 11/29/2022 | 413 | ORDER regarding page limits for summary judgment briefs. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 11/29/2022. (lcapm2) (Entered: 11/29/2022) |
| 12/01/2022 | | ORDER denying Defendant's 397 Motion to Exclude the Report and Testimony of DOJ Plaintiffs' Untimely Disclosed Expert. For the reasons stated on the record during the November 28, 2022 hearing, Defendant's motion is denied. Signed by Judge Amit P. Mehta on 12/1/2022. (lcapm2) (Entered: 12/01/2022) |
| 12/02/2022 | 414 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on November 28, 2022; Page Numbers: 1-45. Date of Issuance: December 2, 2022. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchas ed from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/23/2022. Redacted Transcript Deadline set for 1/2/2023. Release of Transcript Restriction set for 3/2/2023.(wz) (Entered: 12/02/2022) |
| 12/06/2022 | 415 | NOTICE of Appearance by Christian Brian Corrigan on behalf of STATE OF MONTANA (Corrigan, Christian) (Entered: 12/06/2022) |
| 12/12/2022 | 416 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Text of Proposed Order, # 9 Certification, # 10 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 417 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 |

| | | |
|---|---|---|
| | | Exhibit 9, # 10 Exhibit 10, # 11 Text of Proposed Order, # 12 Certification, # 13 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 418 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Text of Proposed Order, # 21 Certification, # 22 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 419 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Text of Proposed Order, # 15 Certification, # 16 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 420 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Text of Proposed Order, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 12/12/2022) |
| 12/12/2022 | 421 | MOTION for Summary Judgment by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 422 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 423 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 424 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order, # 4 Certificate of Service)(Herrmann, Karl) (Entered: 12/12/2022) |
| 12/12/2022 | 425 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order, # 14 Certificate of Service)(Herrmann, Karl) (Entered: 12/12/2022) |
| 12/12/2022 | 426 | MOTION for Summary Judgment by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 427 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/12/2022 | 428 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 12/12/2022) |
| 12/13/2022 | 429 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 |

| | | |
|---|---|---|
| | | Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 430 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 26, # 2 Exhibit 27, # 3 Exhibit 28, # 4 Exhibit 29, # 5 Exhibit 30, # 6 Exhibit 31, # 7 Exhibit 32, # 8 Exhibit 33, # 9 Exhibit 34, # 10 Exhibit 35, # 11 Exhibit 36, # 12 Exhibit 37, # 13 Exhibit 38, # 14 Exhibit 39, # 15 Exhibit 40, # 16 Exhibit 41, # 17 Exhibit 42, # 18 Exhibit 43, # 19 Exhibit 44, # 20 Exhibit 45, # 21 Exhibit 46, # 22 Exhibit 47, # 23 Exhibit 48, # 24 Exhibit 49, # 25 Exhibit 50) (Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 431 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 51, # 2 Exhibit 52, # 3 Exhibit 53, # 4 Exhibit 54, # 5 Exhibit 55, # 6 Exhibit 56, # 7 Exhibit 57, # 8 Exhibit 58, # 9 Exhibit 59, # 10 Exhibit 60, # 11 Exhibit 61, # 12 Exhibit 62, # 13 Exhibit 63, # 14 Exhibit 64, # 15 Exhibit 65, # 16 Exhibit 66, # 17 Exhibit 67, # 18 Exhibit 68, # 19 Exhibit 69, # 20 Exhibit 70, # 21 Exhibit 71, # 22 Exhibit 72, # 23 Exhibit 73, # 24 Exhibit 74, # 25 Exhibit 75) (Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 432 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 76, # 2 Exhibit 77, # 3 Exhibit 78, # 4 Exhibit 79, # 5 Exhibit 80, # 6 Exhibit 81, # 7 Exhibit 82, # 8 Exhibit 83, # 9 Exhibit 84, # 10 Exhibit 85, # 11 Exhibit 86, # 12 Exhibit 87, # 13 Exhibit 88, # 14 Exhibit 89, # 15 Exhibit 90, # 16 Exhibit 91, # 17 Exhibit 92, # 18 Exhibit 93, # 19 Exhibit 94, # 20 Exhibit 95, # 21 Exhibit 96, # 22 Exhibit 97, # 23 Exhibit 98, # 24 Exhibit 99, # 25 Exhibit 100) (Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 433 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 101, # 2 Exhibit 102, # 3 Exhibit 103, # 4 Exhibit 104, # 5 Exhibit 105, # 6 Exhibit 106, # 7 Exhibit 107, # 8 Exhibit 108, # 9 Exhibit 109, # 10 Exhibit 110, # 11 Exhibit 111, # 12 Exhibit 112, # 13 Exhibit 113, # 14 Exhibit 114, # 15 Exhibit 115, # 16 Exhibit 116, # 17 Exhibit 117, # 18 Exhibit 118, # 19 Exhibit 119, # 20 Exhibit 120, # 21 Exhibit 121, # 22 Exhibit 122, # 23 Exhibit 123, # 24 Exhibit 124, # 25 Exhibit 125, # 26 Exhibit 126, # 27 Exhibit 127, # 28 Exhibit 128, # 29 Exhibit 129, # 30 Certificate of Service)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 434 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 435 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 41, # 2 Exhibit 42, # 3 Exhibit 43, # 4 Exhibit 44, # 5 Exhibit 45, # 6 Exhibit 46, # 7 Exhibit 47, # 8 Exhibit 48, # 9 Exhibit 49, # 10 Exhibit 50, # 11 |

| | | |
|---|---|---|
| | | Exhibit 51, # 12 Exhibit 52, # 13 Exhibit 53, # 14 Exhibit 54, # 15 Exhibit 55, # 16 Exhibit 56, # 17 Exhibit 57, # 18 Exhibit 58, # 19 Exhibit 59, # 20 Exhibit 60, # 21 Exhibit 61, # 22 Exhibit 62, # 23 Exhibit 63, # 24 Exhibit 64, # 25 Exhibit 65, # 26 Exhibit 66, # 27 Exhibit 67, # 28 Exhibit 68, # 29 Exhibit 69, # 30 Exhibit 70, # 31 Exhibit 71, # 32 Exhibit 72, # 33 Exhibit 73, # 34 Exhibit 74, # 35 Exhibit 75, # 36 Exhibit 76, # 37 Exhibit 77, # 38 Exhibit 78, # 39 Exhibit 79, # 40 Exhibit 80) (Schmidtlein, John) (Entered: 12/13/2022) |
| 12/13/2022 | 436 | SEALED DOCUMENT filed by GOOGLE LLC re 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 81, # 2 Exhibit 82, # 3 Exhibit 83, # 4 Exhibit 84, # 5 Exhibit 85, # 6 Exhibit 86, # 7 Exhibit 87, # 8 Exhibit 88, # 9 Exhibit 89, # 10 Exhibit 90, # 11 Exhibit 91, # 12 Exhibit 92, # 13 Exhibit 93, # 14 Exhibit 94, # 15 Exhibit 95, # 16 Exhibit 96, # 17 Exhibit 97, # 18 Exhibit 98, # 19 Exhibit 99, # 20 Exhibit 100, # 21 Exhibit 101, # 22 Exhibit 102, # 23 Exhibit 103, # 24 Exhibit 104, # 25 Exhibit 105, # 26 Exhibit 106, # 27 Exhibit 107, # 28 Exhibit 108, # 29 Exhibit 109, # 30 Exhibit 110, # 31 Exhibit 111, # 32 Exhibit 112, # 33 Exhibit 113, # 34 Exhibit 114, # 35 Exhibit 115, # 36 Exhibit 116, # 37 Certificate of Service)(Schmidtlein, John) (Entered: 12/13/2022) |
| 12/19/2022 | 437 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Kelsey Paine terminated. (Paine, Kelsey) (Entered: 12/19/2022) |
| 12/20/2022 | 438 | NOTICE of Appearance by Keaton Lynn Barnes on behalf of STATE OF ARKANSAS (Barnes, Keaton) (Entered: 12/20/2022) |
| 12/21/2022 | 439 | NOTICE of Appearance by Sara Trent Gray on behalf of UNITED STATES OF AMERICA (Gray, Sara) (Entered: 12/21/2022) |
| 12/21/2022 | 440 | NOTICE *Regarding Evidentiary Hearings in Connection with Daubert Motions* by GOOGLE LLC (Schmidtlein, John) (Entered: 12/21/2022) |
| 12/21/2022 | 441 | NOTICE *Regarding Evidentiary Hearings in Connection with Daubert Motions* by UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 12/21/2022) |
| 12/22/2022 | 442 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order)(Herrmann, Karl) (Entered: 12/22/2022) |
| 12/23/2022 | | MINUTE ORDER granting 442 SEALED MOTION. Plaintiffs may file under seal a corrected version of Plaintiffs' Sealed Motion, ECF No. 425 . Signed by Judge Amit P. Mehta on 12/23/2022. (zjd) (Entered: 12/23/2022) |
| 12/23/2022 | 443 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Text of Proposed Order, # 14 Certificate of Service)(Herrmann, Karl) (Entered: 12/23/2022) |
| 12/27/2022 | 444 | SEALED DOCUMENT filed by GOOGLE LLC re 421 MOTION for Summary Judgment , 426 MOTION for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Statement of Facts, # 5 Exhibit, # 6 Exhibit, # 7 Certificate of Service)(Schmidtlein, John) (Entered: 12/27/2022) |
| 12/30/2022 | 445 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Matt Schock terminated. (Schock, Matt) (Entered: 12/30/2022) |

| | | |
|---|---|---|
| 01/03/2023 | 446 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARKANSAS. Attorney David A.F. McCoy terminated. (McCoy, David) (Entered: 01/03/2023) |
| 01/11/2023 | 447 | REDACTED DOCUMENT- Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 416 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 448 | REDACTED DOCUMENT- Motion to Exclude the Opinion of Plaintiffs' Expert Michael A.M. Davies to 417 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 449 | REDACTED DOCUMENT- Motion to Partially Exclude the Opinion of Plaintiffs' Expert Michael Whinston to 418 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 450 | REDACTED DOCUMENT- Motion to Partially Exclude the Opinion of Plaintiffs' Expert Jonathan Baker to 419 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 451 | REDACTED DOCUMENT- Google's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment to 422 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 452 | REDACTED DOCUMENT- Google's Memorandum of Points and Authorities in Support of Its Motion for Summary Judgment to 427 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/11/2023) |
| 01/11/2023 | 453 | REDACTED DOCUMENT- Plaintiffs' Motion to Exclude the Expert Testimony of Randolph E. Bucklin and Memorandum In Support to 420 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order (Redacted))(Herrmann, Karl) (Entered: 01/11/2023) |
| 01/11/2023 | 454 | REDACTED DOCUMENT- Plaintiffs' Motion to Exclude the Expert Testimony of Ronald T. Wilcox and Memorandum In Support to 424 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order (Redacted))(Herrmann, Karl) (Entered: 01/11/2023) |
| 01/11/2023 | 455 | REDACTED DOCUMENT- Plaintiffs' Motion to Exclude the Expert Testimony of Edward A. Fox and Memorandum In Support to 443 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order (Redacted))(Herrmann, Karl) (Entered: 01/11/2023) |
| 01/12/2023 | 456 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF IDAHO. Attorney Brett Talmage DeLange terminated. (DeLange, Brett) (Entered: 01/12/2023) |
| 01/12/2023 | 457 | NOTICE of Appearance by Robert Bernheim on behalf of STATE OF ARIZONA (Bernheim, Robert) (Main Document 457 replaced on 1/16/2023) (zed). (Entered: 01/12/2023) |
| 01/13/2023 | 458 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Michael S. Catlett terminated. (Bernheim, Robert) (Entered: 01/13/2023) |
| 01/20/2023 | 459 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AT&T INC.. Attorney Matthew Guice Aiken terminated. (Aiken, Matthew) (Entered: 01/20/2023) |
| 01/25/2023 | 460 | SEALED OPPOSITION filed by STATE OF COLORADO. re 419 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 |

| | | |
|---|---|---|
| | | Exhibit Q, # 18 Exhibit R, # 19 Text of Proposed Order)(Sallet, Jonathan) (Entered: 01/25/2023) |
| 01/25/2023 | 461 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 418 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Text of Proposed Order, # 19 Certificate of Service)(Herrmann, Karl) (Entered: 01/25/2023) |
| 01/25/2023 | 462 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 416 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Text of Proposed Order, # 13 Certificate of Service)(Herrmann, Karl) (Entered: 01/25/2023) |
| 01/25/2023 | 463 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 417 Sealed Motion, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Text of Proposed Order, # 6 Certificate of Service)(Herrmann, Karl) (Entered: 01/25/2023) |
| 01/25/2023 | 464 | NOTICE of Appearance by Veronica N. Onyema on behalf of UNITED STATES OF AMERICA (Onyema, Veronica) (Entered: 01/25/2023) |
| 01/26/2023 | 465 | SEALED OPPOSITION filed by STATE OF COLORADO. re 426 Motion for Summary Judgment (Attachments: # 1 Plaintiff States' Statement of Material Facts, # 2 Plaintiff States' Response to Google's Statement of Material Facts, # 3 Text of Proposed Order)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 466 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 467 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 41, # 2 Exhibit 42, # 3 Exhibit 43, # 4 Exhibit 44, # 5 Exhibit 45, # 6 Exhibit 46, # 7 Exhibit 47, # 8 Exhibit 48, # 9 Exhibit 49, # 10 Exhibit 50, # 11 Exhibit 51, # 12 Exhibit 52, # 13 Exhibit 53, # 14 Exhibit 54, # 15 Exhibit 55, # 16 Exhibit 56, # 17 Exhibit 57, # 18 Exhibit 58, # 19 Exhibit 59, # 20 Exhibit 60, # 21 Exhibit 61, # 22 Exhibit 62, # 23 Exhibit 63, # 24 Exhibit 64, # 25 Exhibit 65, # 26 Exhibit 66, # 27 Exhibit 67, # 28 Exhibit 68, # 29 Exhibit 69, # 30 Exhibit 70, # 31 Exhibit 71, # 32 Exhibit 72, # 33 Exhibit 73, # 34 Exhibit 74, # 35 Exhibit 75, # 36 Exhibit 76, # 37 Exhibit 77, # 38 Exhibit 78, # 39 Exhibit 79, # 40 Exhibit 80)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 468 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 81, # 2 Exhibit 82, # 3 Exhibit 83, # 4 Exhibit 84, # 5 Exhibit 85, # 6 Exhibit 86, # 7 Exhibit 87, # 8 Exhibit 88, # 9 Exhibit 89, # 10 Exhibit 90, # 11 Exhibit 91, # 12 Exhibit 92, # 13 Exhibit 93, # 14 Exhibit 94, # 15 Exhibit 95, # 16 Exhibit 96, # 17 |

| | | |
|---|---|---|
| | | Exhibit 97, # 18 Exhibit 98, # 19 Exhibit 99, # 20 Exhibit 100, # 21 Exhibit 101, # 22 Exhibit 102, # 23 Exhibit 103, # 24 Exhibit 104, # 25 Exhibit 105, # 26 Exhibit 106, # 27 Exhibit 107, # 28 Exhibit 108, # 29 Exhibit 109, # 30 Exhibit 110, # 31 Exhibit 111, # 32 Exhibit 112, # 33 Exhibit 113, # 34 Exhibit 114, # 35 Exhibit 115, # 36 Exhibit 116, # 37 Exhibit 117, # 38 Exhibit 118, # 39 Exhibit 119, # 40 Exhibit 120)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 469 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 121, # 2 Exhibit 122, # 3 Exhibit 123, # 4 Exhibit 124, # 5 Exhibit 125, # 6 Exhibit 126, # 7 Exhibit 127, # 8 Exhibit 128, # 9 Exhibit 129, # 10 Exhibit 130, # 11 Exhibit 131, # 12 Exhibit 132, # 13 Exhibit 133, # 14 Exhibit 134, # 15 Exhibit 135, # 16 Exhibit 136, # 17 Exhibit 137, # 18 Exhibit 138, # 19 Exhibit 139, # 20 Exhibit 140, # 21 Exhibit 141, # 22 Exhibit 142, # 23 Exhibit 143, # 24 Exhibit 144, # 25 Exhibit 145, # 26 Exhibit 146, # 27 Exhibit 147, # 28 Exhibit 148, # 29 Exhibit 149, # 30 Exhibit 150, # 31 Exhibit 151, # 32 Exhibit 152, # 33 Exhibit 153, # 34 Exhibit 154, # 35 Exhibit 155, # 36 Exhibit 156, # 37 Exhibit 157, # 38 Exhibit 158, # 39 Exhibit 159, # 40 Exhibit 160)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 470 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 161, # 2 Exhibit 162, # 3 Exhibit 163, # 4 Exhibit 164, # 5 Exhibit 165, # 6 Exhibit 166, # 7 Exhibit 167, # 8 Exhibit 168, # 9 Exhibit 169, # 10 Exhibit 170, # 11 Exhibit 171, # 12 Exhibit 172, # 13 Exhibit 173, # 14 Exhibit 174, # 15 Exhibit 175, # 16 Exhibit 176, # 17 Exhibit 177, # 18 Exhibit 178, # 19 Exhibit 179, # 20 Exhibit 180, # 21 Exhibit 181, # 22 Exhibit 182, # 23 Exhibit 183, # 24 Exhibit 184, # 25 Exhibit 185, # 26 Exhibit 186, # 27 Exhibit 187, # 28 Exhibit 188, # 29 Exhibit 189, # 30 Exhibit 190, # 31 Exhibit 191, # 32 Exhibit 192, # 33 Exhibit 193, # 34 Exhibit 194, # 35 Exhibit 195, # 36 Exhibit 196, # 37 Exhibit 197, # 38 Exhibit 198, # 39 Exhibit 199, # 40 Exhibit 200)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 471 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 201, # 2 Exhibit 202, # 3 Exhibit 203, # 4 Exhibit 204, # 5 Exhibit 205, # 6 Exhibit 206, # 7 Exhibit 207, # 8 Exhibit 208, # 9 Exhibit 209, # 10 Exhibit 210, # 11 Exhibit 211, # 12 Exhibit 212, # 13 Exhibit 213, # 14 Exhibit 214, # 15 Exhibit 215, # 16 Exhibit 216, # 17 Exhibit 217, # 18 Exhibit 218, # 19 Exhibit 219, # 20 Exhibit 220, # 21 Exhibit 221, # 22 Exhibit 222, # 23 Exhibit 223, # 24 Exhibit 224, # 25 Exhibit 225, # 26 Exhibit 226, # 27 Exhibit 227, # 28 Exhibit 228, # 29 Exhibit 229, # 30 Exhibit 230, # 31 Exhibit 231, # 32 Exhibit 232, # 33 Exhibit 233, # 34 Exhibit 234, # 35 Exhibit 235, # 36 Exhibit 236, # 37 Exhibit 237, # 38 Exhibit 238, # 39 Exhibit 239, # 40 Exhibit 240)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 472 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 241, # 2 Exhibit 242, # 3 Exhibit 243, # 4 Exhibit 244, # 5 Exhibit 245, # 6 Exhibit 246, # 7 Exhibit 247, # 8 Exhibit 248, # 9 Exhibit 249, # 10 Exhibit 250, # 11 Exhibit 251, # 12 Exhibit 252, # 13 Exhibit 253, # 14 Exhibit 254, # 15 Exhibit 255, # 16 Exhibit 256, # 17 Exhibit 257, # 18 Exhibit 258, # 19 Exhibit 259, # 20 Exhibit 260, # 21 Exhibit 261)(Sallet, Jonathan) (Entered: 01/26/2023) |
| 01/26/2023 | 473 | SEALED OPPOSITION filed by GOOGLE LLC. re 424 Sealed Motion (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Text of Proposed Order, # 7 Certificate of Service)(Schmidtlein, John) (Entered: 01/26/2023) |

| | | |
|---|---|---|
| 01/26/2023 | 474 | SEALED OPPOSITION filed by GOOGLE LLC. re 420 Sealed Motion (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Text of Proposed Order, # 10 Certificate of Service)(Schmidtlein, John) (Entered: 01/26/2023) |
| 01/26/2023 | 475 | SEALED OPPOSITION filed by GOOGLE LLC. re 443 Sealed Motion, (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Text of Proposed Order, # 11 Certificate of Service)(Schmidtlein, John) (Entered: 01/26/2023) |
| 01/26/2023 | 476 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 421 Motion for Summary Judgment (Attachments: # 1 Statement of Facts (Plaintiffs' Statement of Genuine Issues), # 2 Statement of Facts (Plaintiffs' Counterstatement of Material Facts), # 3 Text of Proposed Order, # 4 Certificate of Service)(Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 477 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 001, # 2 Exhibit - Pls. Ex. 002, # 3 Exhibit - Pls. Ex. 003, # 4 Exhibit - Pls. Ex. 004, # 5 Exhibit - Pls. Ex. 005, # 6 Exhibit - Pls. Ex. 006, # 7 Exhibit - Pls. Ex. 007, # 8 Exhibit - Pls. Ex. 008, # 9 Exhibit - Pls. Ex. 009, # 10 Exhibit - Pls. Ex. 010, # 11 Exhibit - Pls. Ex. 014, # 12 Exhibit - Pls. Ex. 015, # 13 Exhibit - Pls. Ex. 019, # 14 Exhibit - Pls. Ex. 020, # 15 Exhibit - Pls. Ex. 022, # 16 Exhibit - Pls. Ex. 023, # 17 Exhibit - Pls. Ex. 024, # 18 Exhibit - Pls. Ex. 025, # 19 Exhibit - Pls. Ex. 026, # 20 Exhibit - Pls. Ex. 028, # 21 Exhibit - Pls. Ex. 029, # 22 Exhibit - Pls. Ex. 030, # 23 Exhibit - Pls. Ex. 045, # 24 Exhibit - Pls. Ex. 046, # 25 Exhibit - Pls. Ex. 047, # 26 Exhibit - Pls. Ex. 048, # 27 Exhibit - Pls. Ex. 049, # 28 Exhibit - Pls. Ex. 050, # 29 Exhibit - Pls. Ex. 051, # 30 Exhibit - Pls. Ex. 052, # 31 Exhibit - Pls. Ex. 053, # 32 Exhibit - Pls. Ex. 054, # 33 Exhibit - Pls. Ex. 055, # 34 Exhibit - Pls. Ex. 056, # 35 Exhibit - Pls. Ex. 057, # 36 Exhibit - Pls. Ex. 058, # 37 Exhibit - Pls. Ex. 059, # 38 Exhibit - Pls. Ex. 060, # 39 Exhibit - Pls. Ex. 061, # 40 Exhibit - Pls. Ex. 062) (Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 478 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 063, # 2 Exhibit - Pls. Ex. 064, # 3 Exhibit - Pls. Ex. 066, # 4 Exhibit - Pls. Ex. 067, # 5 Exhibit - Pls. Ex. 068, # 6 Exhibit - Pls. Ex. 069, # 7 Exhibit - Pls. Ex. 070, # 8 Exhibit - Pls. Ex. 072, # 9 Exhibit - Pls. Ex. 073, # 10 Exhibit - Pls. Ex. 074, # 11 Exhibit - Pls. Ex. 075, # 12 Exhibit - Pls. Ex. 076, # 13 Exhibit - Pls. Ex. 077, # 14 Exhibit - Pls. Ex. 078, # 15 Exhibit - Pls. Ex. 079, # 16 Exhibit - Pls. Ex. 080, # 17 Exhibit - Pls. Ex. 081, # 18 Exhibit - Pls. Ex. 083, # 19 Exhibit - Pls. Ex. 084, # 20 Exhibit - Pls. Ex. 085, # 21 Exhibit - Pls. Ex. 086, # 22 Exhibit - Pls. Ex. 087, # 23 Exhibit - Pls. Ex. 088, # 24 Exhibit - Pls. Ex. 089, # 25 Exhibit - Pls. Ex. 090, # 26 Exhibit - Pls. Ex. 091, # 27 Exhibit - Pls. Ex. 092, # 28 Exhibit - Pls. Ex. 093, # 29 Exhibit - Pls. Ex. 094, # 30 Exhibit - Pls. Ex. 095, # 31 Exhibit - Pls. Ex. 096, # 32 Exhibit - Pls. Ex. 097, # 33 Exhibit - Pls. Ex. 098, # 34 Exhibit - Pls. Ex. 099, # 35 Exhibit - Pls. Ex. 100, # 36 Exhibit - Pls. Ex. 101, # 37 Exhibit - Pls. Ex. 102, # 38 Exhibit - Pls. Ex. 103, # 39 Exhibit - Pls. Ex. 104, # 40 Exhibit - Pls. Ex. 105) (Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 479 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 106, # 2 Exhibit - Pls. Ex. 107, # 3 Exhibit - Pls. Ex. 108, # 4 Exhibit - Pls. Ex. 109, # 5 Exhibit - Pls. Ex. 110, # 6 Exhibit - Pls. Ex. 111, # 7 Exhibit - Pls. Ex. 112, # 8 Exhibit - Pls. Ex. 113, # 9 Exhibit - Pls. Ex. 114, # 10 Exhibit - Pls. Ex. 115, # 11 Exhibit - Pls. Ex. 116, # 12 Exhibit - Pls. Ex. 117, # 13 Exhibit - Pls. |

| | | |
|---|---|---|
| | | Ex. 118, # 14 Exhibit - Pls. Ex. 119, # 15 Exhibit - Pls. Ex. 120, # 16 Exhibit - Pls. Ex. 121, # 17 Exhibit - Pls. Ex. 122, # 18 Exhibit - Pls. Ex. 123, # 19 Exhibit - Pls. Ex. 124, # 20 Exhibit - Pls. Ex. 125, # 21 Exhibit - Pls. Ex. 126, # 22 Exhibit - Pls. Ex. 127, # 23 Exhibit - Pls. Ex. 128, # 24 Exhibit - Pls. Ex. 129, # 25 Exhibit - Pls. Ex. 130, # 26 Exhibit - Pls. Ex. 131, # 27 Exhibit - Pls. Ex. 132, # 28 Exhibit - Pls. Ex. 133, # 29 Exhibit - Pls. Ex. 134, # 30 Exhibit - Pls. Ex. 135, # 31 Exhibit - Pls. Ex. 137, # 32 Exhibit - Pls. Ex. 138, # 33 Exhibit - Pls. Ex. 139, # 34 Exhibit - Pls. Ex. 140, # 35 Exhibit - Pls. Ex. 142, # 36 Exhibit - Pls. Ex. 143, # 37 Exhibit - Pls. Ex. 144, # 38 Exhibit - Pls. Ex. 145, # 39 Exhibit - Pls. Ex. 146, # 40 Exhibit - Pls. Ex. 148) (Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 480 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 149, # 2 Exhibit - Pls. Ex. 150, # 3 Exhibit - Pls. Ex. 151, # 4 Exhibit - Pls. Ex. 152, # 5 Exhibit - Pls. Ex. 153, # 6 Exhibit - Pls. Ex. 154, # 7 Exhibit - Pls. Ex. 155, # 8 Exhibit - Pls. Ex. 156, # 9 Exhibit - Pls. Ex. 157, # 10 Exhibit - Pls. Ex. 158, # 11 Exhibit - Pls. Ex. 159, # 12 Exhibit - Pls. Ex. 160, # 13 Exhibit - Pls. Ex. 161, # 14 Exhibit - Pls. Ex. 162, # 15 Exhibit - Pls. Ex. 163, # 16 Exhibit - Pls. Ex. 164, # 17 Exhibit - Pls. Ex. 165, # 18 Exhibit - Pls. Ex. 166, # 19 Exhibit - Pls. Ex. 167, # 20 Exhibit - Pls. Ex. 168, # 21 Exhibit - Pls. Ex. 169, # 22 Exhibit - Pls. Ex. 170, # 23 Exhibit - Pls. Ex. 171, # 24 Exhibit - Pls. Ex. 172, # 25 Exhibit - Pls. Ex. 173, # 26 Exhibit - Pls. Ex. 174, # 27 Exhibit - Pls. Ex. 175, # 28 Exhibit - Pls. Ex. 176, # 29 Exhibit - Pls. Ex. 177, # 30 Exhibit - Pls. Ex. 178, # 31 Exhibit - Pls. Ex. 179, # 32 Exhibit - Pls. Ex. 180, # 33 Exhibit - Pls. Ex. 181, # 34 Exhibit - Pls. Ex. 182, # 35 Exhibit - Pls. Ex. 183, # 36 Exhibit - Pls. Ex. 184, # 37 Exhibit - Pls. Ex. 185, # 38 Exhibit - Pls. Ex. 186, # 39 Exhibit - Pls. Ex. 187, # 40 Exhibit - Pls. Ex. 188) (Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 481 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 189, # 2 Exhibit - Pls. Ex. 190, # 3 Exhibit - Pls. Ex. 191, # 4 Exhibit - Pls. Ex. 192, # 5 Exhibit - Pls. Ex. 193, # 6 Exhibit - Pls. Ex. 194, # 7 Exhibit - Pls. Ex. 195, # 8 Exhibit - Pls. Ex. 196, # 9 Exhibit - Pls. Ex. 197, # 10 Exhibit - Pls. Ex. 198, # 11 Exhibit - Pls. Ex. 199, # 12 Exhibit - Pls. Ex. 200, # 13 Exhibit - Pls. Ex. 201, # 14 Exhibit - Pls. Ex. 202, # 15 Exhibit - Pls. Ex. 203, # 16 Exhibit - Pls. Ex. 204, # 17 Exhibit - Pls. Ex. 205, # 18 Exhibit - Pls. Ex. 206, # 19 Exhibit - Pls. Ex. 207, # 20 Exhibit - Pls. Ex. 208, # 21 Exhibit - Pls. Ex. 209, # 22 Exhibit - Pls. Ex. 210, # 23 Exhibit - Pls. Ex. 211, # 24 Exhibit - Pls. Ex. 212, # 25 Exhibit - Pls. Ex. 213, # 26 Exhibit - Pls. Ex. 214, # 27 Exhibit - Pls. Ex. 215, # 28 Exhibit - Pls. Ex. 216, # 29 Exhibit - Pls. Ex. 217, # 30 Exhibit - Pls. Ex. 218, # 31 Exhibit - Pls. Ex. 219, # 32 Exhibit - Pls. Ex. 220, # 33 Exhibit - Pls. Ex. 221, # 34 Exhibit - Pls. Ex. 222, # 35 Exhibit - Pls. Ex. 223, # 36 Exhibit - Pls. Ex. 224, # 37 Exhibit - Pls. Ex. 225, # 38 Exhibit - Pls. Ex. 226, # 39 Exhibit - Pls. Ex. 230, # 40 Exhibit - Pls. Ex. 231) (Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 482 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 232, # 2 Exhibit - Pls. Ex. 233, # 3 Exhibit - Pls. Ex. 234, # 4 Exhibit - Pls. Ex. 236, # 5 Exhibit - Pls. Ex. 237, # 6 Exhibit - Pls. Ex. 238, # 7 Exhibit - Pls. Ex. 239, # 8 Exhibit - Pls. Ex. 240, # 9 Exhibit - Pls. Ex. 241, # 10 Exhibit - Pls. Ex. 242, # 11 Exhibit - Pls. Ex. 243, # 12 Exhibit - Pls. Ex. 244, # 13 Exhibit - Pls. Ex. 245, # 14 Exhibit - Pls. Ex. 246, # 15 Exhibit - Pls. Ex. 247, # 16 Exhibit - Pls. Ex. 248, # 17 Exhibit - Pls. Ex. 249, # 18 Exhibit - Pls. Ex. 251, # 19 Exhibit - Pls. Ex. 252, # 20 Exhibit - Pls. Ex. 253, # 21 Exhibit - Pls. Ex. 254, # 22 Exhibit - Pls. Ex. 255, # 23 Exhibit - Pls. Ex. 256, # 24 Exhibit - Pls. Ex. 257, # 25 Exhibit - Pls. Ex. 258, # 26 |

| | | |
|---|---|---|
| | | Exhibit - Pls. Ex. 264, # 27 Exhibit - Pls. Ex. 265, # 28 Exhibit - Pls. Ex. 268, # 29 Exhibit - Pls. Ex. 269, # 30 Exhibit - Pls. Ex. 270, # 31 Exhibit - Pls. Ex. 272, # 32 Exhibit - Pls. Ex. 273, # 33 Exhibit - Pls. Ex. 274, # 34 Exhibit - Pls. Ex. 275, # 35 Exhibit - Pls. Ex. 276, # 36 Exhibit - Pls. Ex. 277, # 37 Exhibit - Pls. Ex. 278, # 38 Exhibit - Pls. Ex. 279, # 39 Exhibit - Pls. Ex. 280, # 40 Exhibit - Pls. Ex. 283) (Herrmann, Karl) (Entered: 01/26/2023) |
| 01/26/2023 | 483 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit - Pls. Ex. 284, # 2 Exhibit - Pls. Ex. 285, # 3 Exhibit - Pls. Ex. 286, # 4 Exhibit - Pls. Ex. 287, # 5 Exhibit - Pls. Ex. 288, # 6 Exhibit - Pls. Ex. 289, # 7 Exhibit - Pls. Ex. 290, # 8 Exhibit - Pls. Ex. 292, # 9 Exhibit - Pls. Ex. 293, # 10 Exhibit - Pls. Ex. 294, # 11 Exhibit - Pls. Ex. 295, # 12 Exhibit - Pls. Ex. 296, # 13 Exhibit - Pls. Ex. 297, # 14 Exhibit - Pls. Ex. 298, # 15 Exhibit - Pls. Ex. 299, # 16 Exhibit - Pls. Ex. 300, # 17 Exhibit - Pls. Ex. 301, # 18 Exhibit - Pls. Ex. 308, # 19 Exhibit - Pls. Ex. 309, # 20 Exhibit - Pls. Ex. 310, # 21 Exhibit - Pls. Ex. 311, # 22 Exhibit - Pls. Ex. 312, # 23 Exhibit - Pls. Ex. 313, # 24 Exhibit - Pls. Ex. 314, # 25 Exhibit - Pls. Ex. 315, # 26 Exhibit - Pls. Ex. 316, # 27 Exhibit - Pls. Ex. 317, # 28 Certificate of Service) (Herrmann, Karl) (Entered: 01/26/2023) |
| 02/03/2023 | 484 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 460 Sealed Opposition, . (Conrad, Joseph) (Entered: 02/03/2023) |
| 02/03/2023 | 485 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 468 Sealed Document,,, 470 Sealed Document,,, 467 Sealed Document,,, 469 Sealed Document,,, 466 Sealed Document,,, 471 Sealed Document,,, 472 Sealed Document,, 465 Sealed Opposition, . (Conrad, Joseph) (Entered: 02/03/2023) |
| 02/07/2023 | 486 | NOTICE of Appearance by Jayme L. Weber on behalf of STATE OF ARIZONA (Weber, Jayme) (Entered: 02/07/2023) |
| 02/07/2023 | 487 | NOTICE of Change of Address by John A. Jurata, Jr (Jurata, John) (Entered: 02/07/2023) |
| 02/08/2023 | | RESOLVED...NOTICE of Provisional/Government Not Certified Status re 487 NOTICE of Change of Address by John A. Jurata, Jr (Jurata, John).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/15/2023. (zbaj) Modified on 2/10/2023 (zbaj). (Entered: 02/08/2023) |
| 02/08/2023 | 488 | NOTICE of Change of Address by Russell P. Cohen (Cohen, Russell) (Entered: 02/08/2023) |
| 02/08/2023 | 489 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 462 Sealed Opposition, 463 Sealed Opposition, 461 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 (Attachment 1), # 2 (Attachment 2), # 3 (Attachment 3), # 4 (Attachment 4), # 5 Certificate of Service) (Herrmann, Karl) (Entered: 02/08/2023) |

| | | |
|---|---|---|
| 02/09/2023 | 490 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2023) |
| 02/09/2023 | 491 | SEALED DOCUMENT filed by STATE OF COLORADO re 465 Sealed Opposition, (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2023) |
| 02/09/2023 | 492 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 480 Sealed Document,,,,, 477 Sealed Document,,,,, 482 Sealed Document,,,,, 476 Sealed Opposition, 481 Sealed Document,,,,, 478 Sealed Document,,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 (Attachment 1), # 2 (Attachment 2), # 3 (Attachment 3), # 4 (Attachment 4), # 5 (Attachment 5), # 6 (Attachment 6), # 7 (Attachment 7), # 8 (Attachment 8), # 9 (Attachment 9), # 10 (Attachment 10), # 11 (Attachment 11), # 12 (Attachment 12), # 13 (Attachment 13), # 14 (Attachment 14), # 15 (Attachment 15), # 16 (Attachment 16), # 17 (Attachment 17), # 18 (Attachment 18), # 19 (Attachment 19), # 20 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2023) |
| 02/09/2023 | 493 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 490 Sealed Document . (Conrad, Joseph) (Entered: 02/09/2023) |
| 02/09/2023 | 494 | CERTIFICATE OF SERVICE by STATE OF NEBRASKA re 491 Sealed Document . (Conrad, Joseph) (Entered: 02/09/2023) |
| 02/10/2023 | 495 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Memorandum in Support of Motion to Sanction Google And An Evidentiary Hearing To Determine The Appropriate Relief, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32, # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43, # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47, # 50 Exhibit 48, # 51 Exhibit 49, # 52 Exhibit 50, # 53 Exhibit 51, # 54 Exhibit 52, # 55 Certificate of Service)(Herrmann, Karl) (Entered: 02/10/2023) |
| 02/12/2023 | 496 | SEALED MOTION filed by STATE OF COLORADO (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Certificate of Service)(Sallet, Jonathan) (Entered: 02/12/2023) |
| 02/15/2023 | 497 | MOTION for Extension of Time to File Response/Reply as to 495 SEALED MOTION filed by UNITED STATES OF AMERICA, 496 SEALED MOTION filed by STATE OF COLORADO by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order) (Schmidtlein, John) (Entered: 02/15/2023) |
| 02/16/2023 | | MINUTE ORDER granting Defendant's 497 Motion for an Extension of Time to Oppose the Motions Filed on February 10 and 12, 2023. Defendant Google's oppositions to Plaintiff United States' Motion 495 and Plaintiff States' Motion 496 shall be due on or before March 10, 2023. Plaintiffs' replies shall be due on or before March 24, 2023. Signed by Judge Amit P. Mehta on 2/16/2023. (lcapm2) (Entered: 02/16/2023) |
| 02/16/2023 | 498 | REDACTED DOCUMENT- Plaintiff States Opposition to Googles Motion to Partially Exclude the Opinion of Plaintiffs Expert Jonathan Baker to 460 Sealed Opposition, by |

| | | |
|---|---|---|
| | | STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/16/2023) |
| 02/16/2023 | 499 | REDACTED DOCUMENT- Plaintiff States' Memorandum in Opposition to Defendant Google LLC's Motion for Summary Judgement to 465 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/16/2023) |
| 02/16/2023 | 500 | REDACTED DOCUMENT- Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Ronald T. Wilcox to 473 Sealed Opposition by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2023) |
| 02/16/2023 | 501 | REDACTED DOCUMENT- Defendant's Opposition to Plaintiffs' Motion to Exclude Certain Expert Testimony of Professor Randolph E. Bucklin to 474 Sealed Opposition, by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2023) |
| 02/16/2023 | 502 | REDACTED DOCUMENT- Defendant's Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion to Exclude the Expert Testimony of Edward A. Fox to 475 Sealed Opposition, by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/16/2023) |
| 02/16/2023 | 503 | REDACTED DOCUMENT- Plaintiffs' Memorandum in Opposition to Defendant Google LLC's Motion to Partially Exclude the Opinion of Plaintiffs' Expert Michael Whinston to 461 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/16/2023 | 504 | REDACTED DOCUMENT- Plaintiffs' Memorandum in Opposition to Defendant Google LLC's Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 462 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/16/2023 | 505 | REDACTED DOCUMENT- Plaintiffs' Memorandum in Opposition to Defendant Google LLC's Motion to Exclude the Opinion of Plaintiffs' Expert Michael A.M. Davies to 463 Sealed Opposition by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/16/2023 | 506 | REDACTED DOCUMENT- Plaintiffs' Memorandum in Opposition to Defendant Google's Motion for Summary Judgment to 476 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/16/2023) |
| 02/17/2023 | 507 | NOTICE of Appearance by Joseph J. Wardenski on behalf of GEORGE LOEWENSTEIN, KLAUS M. SCHMIDT, PAUL HEIDHUES (Wardenski, Joseph) (Main Document 507 replaced on 2/27/2023) (zed). (Entered: 02/17/2023) |
| 02/17/2023 | 508 | MOTION for Leave to File *Amicus Brief* by AMERICAN ANTITRUST INSTITUTE. (Attachments: # 1 Text of Proposed Order Proposed Order, # 2 Exhibit Proposed Amicus Curiae Brief)(Bradish, Kathleen) (Entered: 02/17/2023) |
| 02/17/2023 | 509 | MOTION for Leave to File *Brief as Amici Curiae in Support of Plaintiffs* by PAUL HEIDHUES, GEORGE LOEWENSTEIN, KLAUS M. SCHMIDT. (Attachments: # 1 Exhibit A - Proposed Brief, # 2 Exhibit B - Email Correspondence, # 3 Text of Proposed Order)(Wardenski, Joseph) (Entered: 02/17/2023) |
| 02/21/2023 | 510 | NOTICE of Appearance by Michael Rosengart on behalf of UNITED STATES OF AMERICA (Rosengart, Michael) (Entered: 02/21/2023) |
| 02/22/2023 | 511 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. Attorney Tara Pincock terminated. (Pincock, Tara) (Entered: 02/22/2023) |
| 02/23/2023 | 512 | REDACTED DOCUMENT- United States' Motion for Sanctions Against Google, LLC and an Evidentiary Hearing to Determine Appropriate Relief to 495 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Memorandum in Support of Motion to Sanction Google And An Evidentiary Hearing To Determine The Appropriate Relief, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2 (Sealed), # 5 Exhibit 3 (Sealed), # 6 Exhibit 4, # 7 Exhibit 5 (Sealed), # 8 Exhibit 6 (Sealed), # 9 Exhibit 7 (Sealed), # 10 Exhibit 8 (Sealed), # 11 Exhibit 9 (Sealed), # 12 Exhibit 10 (Sealed), # 13 Exhibit 11 (Sealed), # 14 Exhibit 12 (Sealed), # 15 Exhibit 13 (Sealed), # 16 Exhibit 14 (Sealed), # 17 Exhibit 15 (Sealed), # 18 Exhibit 16 (Sealed), # 19 Exhibit 17 (Sealed), # 20 Exhibit 18 (Sealed), # 21 Exhibit 19 (Sealed), # 22 Exhibit 20 (Sealed), # 23 Exhibit 21 (Sealed), # 24 Exhibit 22 (Sealed), # 25 Exhibit 23 (Redacted), # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27, # 30 Exhibit 28, # 31 Exhibit 29, # 32 Exhibit 30, # 33 Exhibit 31, # 34 Exhibit 32 (Redacted), # 35 Exhibit 33, # 36 Exhibit 34, # 37 Exhibit 35, # 38 Exhibit 36, # 39 Exhibit 37, # 40 Exhibit 38, # 41 Exhibit 39, # 42 Exhibit 40, # 43 Exhibit 41, # 44 Exhibit 42, # 45 Exhibit 43 (Sealed), # 46 Exhibit 44, # 47 Exhibit 45, # 48 Exhibit 46, # 49 Exhibit 47 (Sealed), # 50 Exhibit 48 (Sealed), # 51 Exhibit 49 (Sealed), # 52 Exhibit 50, # 53 Exhibit 51 (Sealed), # 54 Exhibit 52, # 55 Certificate of Service) (Herrmann, Karl) (Entered: 02/23/2023) |
| 02/23/2023 | 513 | REDACTED DOCUMENT- Plaintiff States' Motion for Sanctions Against Google, LLC and an Evidentiary Hearing to Determine Appropriate Relief to 496 SEALED MOTION filed by STATE OF COLORADO by STATE OF COLORADO. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A (Sealed), # 4 Exhibit B, # 5 Exhibit C (Sealed), # 6 Certificate of Service)(Sallet, Jonathan) (Entered: 02/23/2023) |
| 02/24/2023 | 514 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 416 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11, # 5 Certificate of Service) (Schmidtlein, John) (Entered: 02/24/2023) |
| 02/24/2023 | 515 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 417 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 11, # 2 Exhibit 12, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 02/24/2023) |
| 02/24/2023 | 516 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 418 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 20, # 2 Exhibit 21, # 3 Exhibit 22, # 4 Exhibit 23, # 5 Certificate of Service) (Schmidtlein, John) (Entered: 02/24/2023) |
| 02/24/2023 | 517 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 419 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 14, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 02/24/2023) |
| 02/27/2023 | 518 | NOTICE of Appearance by Conor J. May on behalf of STATE OF COLORADO (May, Conor) (Entered: 02/27/2023) |
| 02/27/2023 | 519 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 420 Sealed Motion (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit F, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Certificate of Service)(Herrmann, Karl) (Entered: 02/27/2023) |
| 02/27/2023 | 520 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA. re 424 Sealed Motion (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E, # 4 Exhibit F, # 5 Exhibit G, # 6 Exhibit H, # 7 Exhibit I, # 8 Exhibit J, # 9 Exhibit K, # 10 Certificate of Service)(Herrmann, Karl); Modified docketing event at the request of counsel on 2/28/2023 (ztth). (Entered: 02/27/2023) |

| | | |
|---|---|---|
| 02/27/2023 | 521 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 443 Sealed Motion, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit M, # 2 Exhibit N, # 3 Exhibit O, # 4 Exhibit P, # 5 Exhibit Q, # 6 Exhibit R, # 7 Exhibit S, # 8 Exhibit T, # 9 Exhibit U, # 10 Certificate of Service) (Herrmann, Karl) (Entered: 02/27/2023) |
| 02/27/2023 | 522 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 421 Motion for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 STRICKEN AND DELETED PURSUANT TO 569 SEALED ORDER.....Response to Plaintiffs' Counterstatement of Material Facts, # 2 Index of Exhibits, # 3 Exhibit 130, # 4 Exhibit 131, # 5 Exhibit 132, # 6 Certificate of Service)(Schmidtlein, John) Modified on 3/22/2023 (zjd). (Entered: 02/27/2023) |
| 02/27/2023 | 523 | SEALED REPLY TO OPPOSITION filed by GOOGLE LLC re 426 Motion for Summary Judgment (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Response to Plaintiff States' Statement of Material Facts, # 2 Index of Exhibits, # 3 Exhibit 117, # 4 Exhibit 118, # 5 Exhibit 119, # 6 Exhibit 120, # 7 Exhibit 121, # 8 Exhibit 122, # 9 Certificate of Service)(Schmidtlein, John) (Entered: 02/27/2023) |
| 02/28/2023 | | MINUTE ORDER: The parties shall appear for a remote scheduling conference on March 3, 2023, at 4:15 p.m. before Judge Amit P. Mehta. Signed by Judge Amit P. Mehta on 2/28/2023. (lcapm2) (Entered: 02/28/2023) |
| 03/01/2023 | 524 | NOTICE of Appearance by Elizabeth Winsor Hereford on behalf of STATE OF COLORADO (Hereford, Elizabeth) (Entered: 03/01/2023) |
| 03/02/2023 | | NOTICE of Hearing: Scheduling Conference set for 3/3/2023 at 4:15 PM via videoconference before Judge Amit P. Mehta. Members of the public may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 03/02/2023) |
| 03/03/2023 | 525 | NOTICE of Appearance by Ryan R. Frasher on behalf of STATE OF INDIANA (Frasher, Ryan) (Main Document 525 replaced on 3/3/2023) (zed). (Entered: 03/03/2023) |
| 03/03/2023 | 526 | Memorandum in opposition to re 508 Motion for Leave to File filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/03/2023) |
| 03/03/2023 | 527 | Memorandum in opposition to re 509 Motion for Leave to File, filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/03/2023) |
| 03/03/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Scheduling Conference held via videoconference on 3/3/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 03/15/2023) |
| 03/06/2023 | 528 | TRANSCRIPT OF SCHEDULING CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 3, 2023; Page Numbers: 1-17. Date of Issuance: March 6, 2023. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/27/2023. Redacted Transcript Deadline set for 4/6/2023. Release of Transcript Restriction set for 6/4/2023.(wz) (Entered: 03/06/2023) |
| 03/10/2023 | 529 | SEALED OPPOSITION filed by GOOGLE LLC. re 495 Sealed Motion,,,, 496 Sealed Motion (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Text of Proposed Order, # 20 Certificate of Service)(Schmidtlein, John) (Entered: 03/10/2023) |
| 03/13/2023 | 530 | REDACTED DOCUMENT- Plaintiff States' Statement of Material Facts to 499 Redacted Document, 465 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 531 | REDACTED DOCUMENT- Plaintiff States' Response to Google's Statement of Material Facts to 499 Redacted Document, 465 Sealed Opposition, by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 532 | REDACTED DOCUMENT- Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Randolph E. Bucklin to 519 Sealed Reply, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 533 | REDACTED DOCUMENT- Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Ronald T. Wilcox to 520 Sealed Opposition, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 534 | REDACTED DOCUMENT- Exhibits to Plaintiff States' Opposition to Defendant Google LLC's Motion for Summary Judgement to 470 Sealed Document,,, 466 Sealed Document,,, 471 Sealed Document,,, 468 Sealed Document,,, 469 Sealed Document,,, 467 Sealed Document,,, 472 Sealed Document,, by STATE OF COLORADO. (Attachments: # 1 Exhibit 1-8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11-12, # 5 Exhibit 13, # 6 Exhibit 14, # 7 Exhibit 15, # 8 Exhibit 16, # 9 Exhibit 17-19, # 10 Exhibit 20, # 11 Exhibit 21-22, # 12 Exhibit 23-27, # 13 Exhibit 28, # 14 Exhibit 29-30, # 15 Exhibit 31, # 16 Exhibit 32-37, # 17 Exhibit 38, # 18 Exhibit 39, # 19 Exhibit 40, # 20 Exhibit 41, # 21 Exhibit 42, # 22 Exhibit 43, # 23 Exhibit 44, # 24 Exhibit 45, # 25 Exhibit 46-54, # 26 Exhibit 55-57, # 27 Exhibit 58-72, # 28 Exhibit 73, # 29 Exhibit 74-80, # 30 Exhibit 81-83, # 31 Exhibit 84, # 32 Exhibit 85, # 33 Exhibit 86, # 34 Exhibit 87, # 35 Exhibit 88, # 36 Exhibit 89-90, # 37 Exhibit 91, # 38 Exhibit 92, # 39 Exhibit 93-99, # 40 Exhibit 100-101, # 41 Exhibit 102-112, # 42 Exhibit 113, # 43 Exhibit 114-116, # 44 Exhibit 117-118, # 45 Exhibit 119-121, # 46 Exhibit 122, # 47 Exhibit 123, # 48 Exhibit 124-126, # 49 Exhibit 127, # 50 Exhibit 128-131)(Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 535 | REDACTED DOCUMENT- Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude the Expert Testimony of Edward A. Fox to 521 Sealed Reply, by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 536 | REDACTED DOCUMENT- Exhibits to Plaintiff States Opposition to Defendant Google LLC's Motion for Summary Judgement to 470 Sealed Document,,, 466 Sealed Document,,, 471 Sealed Document,,, 468 Sealed Document,,, 469 Sealed Document,,, |

| | | |
|---|---|---|
| | | 467 Sealed Document,,, 472 Sealed Document,, by STATE OF COLORADO. (Attachments: # 1 Exhibit 132, # 2 Exhibit 133, # 3 Exhibit 134, # 4 Exhibit 135-145, # 5 Exhibit 146, # 6 Exhibit 147-149, # 7 Exhibit 150, # 8 Exhibit 151-155, # 9 Exhibit 156, # 10 Exhibit 157-158, # 11 Exhibit 159-161, # 12 Exhibit 162-164, # 13 Exhibit 165, # 14 Exhibit 166, # 15 Exhibit 167-168, # 16 Exhibit 169-170, # 17 Exhibit 171, # 18 Exhibit 172-173, # 19 Exhibit 174, # 20 Exhibit 175-179, # 21 Exhibit 180-182, # 22 Exhibit 183, # 23 Exhibit 184-189, # 24 Exhibit 190-192, # 25 Exhibit 193-195, # 26 Exhibit 196-197, # 27 Exhibit 198, # 28 Exhibit 199-201, # 29 Exhibit 202-205, # 30 Exhibit 206-209, # 31 Exhibit 210, # 32 Exhibit 211-222, # 33 Exhibit 223-224, # 34 Exhibit 225-235, # 35 Exhibit 236, # 36 Exhibit 237, # 37 Exhibit 238, # 38 Exhibit 239-240, # 39 Exhibit 241, # 40 Exhibit 242-243, # 41 Exhibit 244-246, # 42 Exhibit 247-248, # 43 Exhibit 249, # 44 Exhibit 250-252, # 45 Exhibit 253, # 46 Exhibit 254-255, # 47 Exhibit 256-261)(Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 537 | REDACTED DOCUMENT- Exhibits to Plaintiff States' Opposition to Defendant Google LLC's Motion to Partially Exclude the Opinion of Plaintiffs Expert Jonathan Baker. Ex. A-H to 498 Redacted Document, 460 Sealed Opposition, by STATE OF COLORADO. (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K, # 4 Exhibit L, # 5 Exhibit M, # 6 Exhibit N, # 7 Exhibit O, # 8 Exhibit P-R)(Sallet, Jonathan) (Entered: 03/13/2023) |
| 03/13/2023 | 538 | NOTICE OF FILING REDACTED DOCUMENT to 420 SEALED MOTION filed by UNITED STATES OF AMERICA, 519 Sealed Reply, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A - B (Sealed), # 2 Exhibit C (Redacted), # 3 Exhibit D - E (Sealed), # 4 Exhibit F (Redacted), # 5 Exhibit G - H (Sealed), # 6 Exhibit I (Redacted), # 7 Exhibit J - L (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 539 | NOTICE OF FILING REDACTED DOCUMENT to 424 SEALED MOTION filed by UNITED STATES OF AMERICA, 520 Sealed Opposition, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B (Sealed), # 3 Exhibit C (Redacted), # 4 Exhibit D (Redacted), # 5 Exhibit E (Redacted), # 6 Exhibit F (Redacted), # 7 Exhibit G (Redacted), # 8 Exhibit H (Redacted), # 9 Exhibit I (Redacted), # 10 Exhibit J (Redacted), # 11 Exhibit K (Redacted))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 540 | NOTICE OF FILING REDACTED DOCUMENT to 443 SEALED MOTION filed by UNITED STATES OF AMERICA, 521 Sealed Reply, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A - U (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 541 | NOTICE OF FILING REDACTED DOCUMENT to 461 Sealed Opposition, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Redacted), # 3 Exhibit C - D (Sealed), # 4 Exhibit E (Redacted), # 5 Exhibit F (Redacted), # 6 Exhibit G - I (Sealed), # 7 Exhibit J (Redacted), # 8 Exhibit K - L (Sealed), # 9 Exhibit M (Redacted), # 10 Exhibit N - Q (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 542 | NOTICE OF FILING REDACTED DOCUMENT to 462 Sealed Opposition, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A - D (Sealed), # 2 Exhibit E (Redacted), # 3 Exhibit F (Redacted), # 4 Exhibit G (Redacted), # 5 Exhibit H (Redacted), # 6 Exhibit I (Redacted), # 7 Exhibit J (Redacted), # 8 Exhibit K (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 543 | NOTICE OF FILING REDACTED DOCUMENT to 463 Sealed Opposition by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Redacted), # 3 Exhibit C - D (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |

| | | |
|---|---|---|
| 03/13/2023 | 544 | NOTICE OF FILING REDACTED DOCUMENT to 480 Sealed Document,,,,, 479 Sealed Document,,,,, 483 Sealed Document,,,, 477 Sealed Document,,,,, 492 Sealed Document,,, 482 Sealed Document,,,,, 476 Sealed Opposition, 481 Sealed Document,,,,, 478 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Statement of Facts Plaintiffs' Statement of Genuine Issues - Redacted, # 2 Statement of Facts Plaintiffs' Counterstatement of Material Facts - Redacted, # 3 Plaintiffs' List of Exhibits)(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 545 | REDACTED DOCUMENT- Defendant's Reply in Support of Its Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 514 Sealed Reply, by GOOGLE LLC. (Attachments: # 1 Exhibit 8, # 2 Exhibit 9, # 3 Exhibit 10, # 4 Exhibit 11)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 546 | REDACTED DOCUMENT- Exhibits to Defendant's Motion to Partially Exclude the Opinion of Plaintiffs' Expert Christine M. Hammer to 416 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit 6, # 2 Exhibit 7) (Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 547 | REDACTED DOCUMENT- Defendant's Reply in Support of Its Motion to Exclude the Opinion of Plaintiffs' Expert Michael A. M. Davies to 515 Sealed Reply by GOOGLE LLC. (Attachments: # 1 Exhibit 11, # 2 Exhibit 12)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 548 | NOTICE OF FILING REDACTED DOCUMENT to 477 Sealed Document,,,,, 492 Sealed Document,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 001-002 (Sealed), # 2 Exhibit - Pls. Ex. 003 (Redacted), # 3 Exhibit - Pls. Ex. 004 (Sealed), # 4 Exhibit - Pls. Ex. 005 (Sealed), # 5 Exhibit - Pls. Ex. 006 (Sealed), # 6 Exhibit - Pls. Ex. 007 (Sealed), # 7 Exhibit - Pls. Ex. 008 (Sealed), # 8 Exhibit - Pls. Ex. 009 (Sealed), # 9 Exhibit - Pls. Ex. 010 (Sealed), # 10 Exhibit - Pls. Ex. 014 (Redacted), # 11 Exhibit - Pls. Ex. 015 (Redacted), # 12 Exhibit - Pls. Ex. 019-020 (Sealed), # 13 Exhibit - Pls. Ex. 022-024 (Sealed), # 14 Exhibit - Pls. Ex. 025 (Redacted), # 15 Exhibit - Pls. Ex. 026 (Redacted), # 16 Exhibit - Pls. Ex. 028 (Redacted), # 17 Exhibit - Pls. Ex. 029 (Sealed), # 18 Exhibit - Pls. Ex. 030 (Sealed), # 19 Exhibit - Pls. Ex. 045-060 (Sealed), # 20 Exhibit - Pls. Ex. 061 (Redacted), # 21 Exhibit - Pls. Ex. 062 (Redacted)) (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 549 | REDACTED DOCUMENT- Defendant's Reply in Support of Its Motion to Partially Exclude the Opinion of Plaintiffs' Expert Michael Whinston to 516 Sealed Reply, by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 550 | REDACTED DOCUMENT- Defendant's Reply in Support of Its Motion to Partially Exclude the Opinion of Plaintiffs' Expert Jonathan Baker to 517 Sealed Reply by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 551 | NOTICE OF FILING REDACTED DOCUMENT to 492 Sealed Document,,, 478 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 063 (Redacted), # 2 Exhibit - Pls. Ex. 064 (Sealed), # 3 Exhibit - Pls. Ex. 066-067 (Sealed), # 4 Exhibit - Pls. Ex. 068 (Redacted), # 5 Exhibit - Pls. Ex. 069-070 (Sealed), # 6 Exhibit - Pls. Ex. 072-076 (Sealed), # 7 Exhibit - Pls. Ex. 077 (Redacted), # 8 Exhibit - Pls. Ex. 078-081 (Sealed), # 9 Exhibit - Pls. Ex. 083 (Sealed), # 10 Exhibit - Pls. Ex. 084 (Sealed), # 11 Exhibit - Pls. Ex. 085 (Sealed), # 12 Exhibit - Pls. Ex. 086 (Sealed), # 13 Exhibit - Pls. Ex. 087-092 (Sealed), # 14 Exhibit - Pls. Ex. 093 (Redacted), # 15 Exhibit - Pls. Ex. 094-097 (Sealed), # 16 Exhibit - Pls. Ex. 098 (Redacted), # 17 Exhibit - Pls. Ex. 099 (Sealed), # 18 Exhibit - Pls. Ex. 100 (Redacted), # 19 Exhibit - Pls. Ex. 101 (Redacted), # 20 Exhibit - Pls. Ex. 102 (Redacted), # 21 |

| | | |
|---|---|---|
| | | Exhibit - Pls. Ex. 104 (Redacted), # 22 Exhibit - Pls. Ex. 105 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 552 | NOTICE OF FILING REDACTED DOCUMENT to 479 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 106 (Sealed), # 2 Exhibit - Pls. Ex. 107 (Sealed), # 3 Exhibit - Pls. Ex. 108-110 (Sealed), # 4 Exhibit - Pls. Ex. 111 (Sealed), # 5 Exhibit - Pls. Ex. 112-116 (Sealed), # 6 Exhibit - Pls. Ex. 117 (Sealed), # 7 Exhibit - Pls. Ex. 118 (Sealed), # 8 Exhibit - Pls. Ex. 119 (Sealed), # 9 Exhibit - Pls. Ex. 120 (Sealed), # 10 Exhibit - Pls. Ex. 121-129 (Sealed), # 11 Exhibit - Pls. Ex. 130 (Sealed), # 12 Exhibit - Pls. Ex. 131 (Redacted), # 13 Exhibit - Pls. Ex. 132 (Sealed), # 14 Exhibit - Pls. Ex. 133 (Redacted), # 15 Exhibit - Pls. Ex. 134-135 (Sealed), # 16 Exhibit - Pls. Ex. 137-140 (Sealed), # 17 Exhibit - Pls. Ex. 142-145 (Sealed), # 18 Exhibit - Pls. Ex. 146 (Sealed), # 19 Exhibit - Pls. Ex. 148 (Sealed)) (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 553 | NOTICE OF FILING REDACTED DOCUMENT to 480 Sealed Document,,,,, 492 Sealed Document,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 149 (Sealed), # 2 Exhibit - Pls. Ex. 150 (Redacted), # 3 Exhibit - Pls. Ex. 151-154 (Sealed), # 4 Exhibit - Pls. Ex. 155 (Redacted), # 5 Exhibit - Pls. Ex. 156 (Redacted), # 6 Exhibit - Pls. Ex. 157 (Sealed), # 7 Exhibit - Pls. Ex. 158-164 (Sealed), # 8 Exhibit - Pls. Ex. 165 (Redacted), # 9 Exhibit - Pls. Ex. 166-169 (Sealed), # 10 Exhibit - Pls. Ex. 170 (Sealed), # 11 Exhibit - Pls. Ex. 171-174 (Sealed), # 12 Exhibit - Pls. Ex. 175 (Sealed), # 13 Exhibit - Pls. Ex. 176 (Redacted), # 14 Exhibit - Pls. Ex. 177-178 (Sealed), # 15 Exhibit - Pls. Ex. 179 (Sealed), # 16 Exhibit - Pls. Ex. 180 (Redacted), # 17 Exhibit - Pls. Ex. 181 (Redacted), # 18 Exhibit - Pls. Ex. 182 (Redacted), # 19 Exhibit - Pls. Ex. 183 (Sealed), # 20 Exhibit - Pls. Ex. 184-188 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 554 | NOTICE OF FILING REDACTED DOCUMENT to 492 Sealed Document,,, 481 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 189-209 (Sealed), # 2 Exhibit - Pls. Ex. 210 (Redacted), # 3 Exhibit - Pls. Ex. 211 (Redacted), # 4 Exhibit - Pls. Ex. 212 (Sealed), # 5 Exhibit - Pls. Ex. 213 (Sealed), # 6 Exhibit - Pls. Ex. 214-220 (Sealed), # 7 Exhibit - Pls. Ex. 221 (Redacted), # 8 Exhibit - Pls. Ex. 222 (Redacted), # 9 Exhibit - Pls. Ex. 223 (Redacted), # 10 Exhibit - Pls. Ex. 224 (Sealed), # 11 Exhibit - Pls. Ex. 225 (Sealed), # 12 Exhibit - Pls. Ex. 226 (Redacted), # 13 Exhibit - Pls. Ex. 230 (Redacted), # 14 Exhibit - Pls. Ex. 231 (Sealed)) (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 555 | REDACTED DOCUMENT- Defendant's Statement of Material Facts as to Which There Is No Genuine Issue in Support of Its Motion for Summary Judgment to 423 Sealed Document, 429 Sealed Document,, by GOOGLE LLC. (Attachments: # 1 List of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2-7, # 4 Exhibit 8, # 5 Exhibit 9-29, # 6 Exhibit 30, # 7 Exhibit 31-129)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 556 | NOTICE OF FILING REDACTED DOCUMENT to 492 Sealed Document,,, 482 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 232-233 (Sealed), # 2 Exhibit - Pls. Ex. 234 (Sealed), # 3 Exhibit - Pls. Ex. 236-242 (Sealed), # 4 Exhibit - Pls. Ex. 243 (Sealed), # 5 Exhibit - Pls. Ex. 244 (Redacted), # 6 Exhibit - Pls. Ex. 245 (Sealed), # 7 Exhibit - Pls. Ex. 246 (Sealed), # 8 Exhibit - Pls. Ex. 247-248 (Sealed), # 9 Exhibit - Pls. Ex. 249 (Redacted), # 10 Exhibit - Pls. Ex. 251-254 (Sealed), # 11 Exhibit - Pls. Ex. 255 (Redacted), # 12 Exhibit - Pls. Ex. 256 (Redacted), # 13 Exhibit - Pls. Ex. 257-258 (Sealed), # 14 Exhibit - Pls. Ex. 264 (Redacted), # 15 Exhibit - Pls. Ex. 265-269 (Sealed), # 16 Exhibit - Pls. Ex. 270 (Redacted), # 17 Exhibit - Pls. Ex. 272 (Sealed), # 18 Exhibit - Pls. Ex. 273 (Sealed), # 19 Exhibit - Pls. Ex. 274 (Sealed), # 20 Exhibit - Pls. Ex. 275-276 (Sealed), # 21 Exhibit - Pls. Ex. 277 (Redacted), # 22 Exhibit - Pls. Ex. 278 (Sealed), # 23 Exhibit - Pls. Ex. |

| | | |
|---|---|---|
| | | 279 (Redacted), # 24 Exhibit - Pls. Ex. 280 (Sealed), # 25 Exhibit - Pls. Ex. 283 (Sealed))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 557 | NOTICE OF FILING REDACTED DOCUMENT to 483 Sealed Document,,,, 492 Sealed Document,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 284-290 (Sealed), # 2 Exhibit - Pls. Ex. 292-293 (Sealed), # 3 Exhibit - Pls. Ex. 294 (Redacted), # 4 Exhibit - Pls. Ex. 295-299 (Sealed), # 5 Exhibit - Pls. Ex. 300 (Redacted), # 6 Exhibit - Pls. Ex. 301 (Sealed), # 7 Exhibit - Pls. Ex. 308 (Sealed), # 8 Exhibit - Pls. Ex. 309 (Sealed), # 9 Exhibit - Pls. Ex. 310 (Sealed), # 10 Exhibit - Pls. Ex. 311 (Redacted), # 11 Exhibit - Pls. Ex. 312 (Redacted), # 12 Exhibit - Pls. Ex. 313 (Sealed), # 13 Exhibit - Pls. Ex. 314 (Redacted), # 14 Exhibit - Pls. Ex. 315-317 (Sealed), # 15 Exhibit - Pls. Ex. 318 (Redacted), # 16 Exhibit - Pls. Ex. 319 (Sealed)) (Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 558 | NOTICE OF FILING REDACTED DOCUMENT to 478 Sealed Document,,,,, by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit - Pls. Ex. 103 (Redacted - Part 1 of 2), # 2 Exhibit - Pls. Ex. 103 (Redacted - Part 2 of 2))(Herrmann, Karl) (Entered: 03/13/2023) |
| 03/13/2023 | 559 | REDACTED DOCUMENT- Defendant's Statement of Material Facts as to Which There Is No Genuine Issue in Support of Its Motion for Summary Judgment to 428 Sealed Document, 434 Sealed Document,,, by GOOGLE LLC. (Attachments: # 1 List of Exhibits, # 2 Exhibit 1-2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7-9, # 8 Exhibit 10, # 9 Exhibit 11-15, # 10 Exhibit 16, # 11 Exhibit 17-20, # 12 Exhibit 21, # 13 Exhibit 22-48, # 14 Exhibit 49, # 15 Exhibit 50-63, # 16 Exhibit 64, # 17 Exhibit 65-73, # 18 Exhibit 74, # 19 Exhibit 75, # 20 Exhibit 76, # 21 Exhibit 77, # 22 Exhibit 78, # 23 Exhibit 79, # 24 Exhibit 80, # 25 Exhibit 81, # 26 Exhibit 82, # 27 Exhibit 83-92, # 28 Exhibit 93, # 29 Exhibit 94, # 30 Exhibit 95, # 31 Exhibit 96-101, # 32 Exhibit 102, # 33 Exhibit 103, # 34 Exhibit 104, # 35 Exhibit 105-116)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 560 | REDACTED DOCUMENT- Reply in Support of Defendant's Motion for Summary Judgment to 522 Sealed Reply, by GOOGLE LLC. (Attachments: # 1 Response to Plaintiffs' Counterstatement of Material Facts, # 2 List of Exhibits, # 3 Exhibit 130-131, # 4 Exhibit 132)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/13/2023 | 561 | REDACTED DOCUMENT- Reply in Support of Defendant's Motion for Summary Judgment to 523 Sealed Reply, by GOOGLE LLC. (Attachments: # 1 Response to Plaintiff States' Statement of Material Facts, # 2 List of Exhibits, # 3 Exhibit 117-118, # 4 Exhibit 119, # 5 Exhibit 120-122)(Schmidtlein, John) (Entered: 03/13/2023) |
| 03/16/2023 | 562 | NOTICE of Appearance by Matthew Michael Ford on behalf of STATE OF ARKANSAS (Ford, Matthew) (Entered: 03/16/2023) |
| 03/16/2023 | 563 | MOTION to Substitute *Matthew Ford* by STATE OF ARKANSAS. (Attachments: # 1 Text of Proposed Order Granting Motion to Substitute)(Ford, Matthew) (Entered: 03/16/2023) |
| 03/16/2023 | | ORDER granting 563 Motion for Substitution of Counsel. Attorney Matthew M. Ford will be the attorney of record for the State of Arkansas. Signed by Judge Amit P. Mehta on 3/16/2023. (lcapm2) (Entered: 03/16/2023) |
| 03/16/2023 | 564 | NOTICE of Appearance by Anna Schneider on behalf of STATE OF MONTANA (Schneider, Anna) (Main Document 564 replaced on 3/17/2023) (zed). (Entered: 03/16/2023) |
| 03/17/2023 | 565 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order, # 4 Certificate of Service) |

| | | |
|---|---|---|
| | | (Herrmann, Karl) (Entered: 03/17/2023) |
| 03/17/2023 | 566 | REDACTED DOCUMENT- Memorandum in Opposition to Plaintiffs' Motions for Sanctions to 529 Sealed Opposition,, by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Text of Proposed Order)(Schmidtlein, John) (Entered: 03/17/2023) |
| 03/20/2023 | | MINUTE ORDER granting 565 SEALED MOTION. Signed by Judge Amit P. Mehta on 3/20/2023. (zjd) (Entered: 03/20/2023) |
| 03/20/2023 | 567 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 03/20/2023) |
| 03/21/2023 | 568 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 480 Sealed Document,,,,,, 492 Sealed Document,,, 476 Sealed Opposition, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Statement of Facts Plaintiffs' corrected Counterstatement of Material Facts, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 03/21/2023) |
| 03/22/2023 | 569 | SEALED ORDER granting 567 SEALED MOTION. Signed by Judge Amit P. Mehta on 3/20/2023. (zjd) (Entered: 03/22/2023) |
| 03/22/2023 | 570 | SEALED DOCUMENT filed by GOOGLE LLC re 522 Sealed Reply, 569 Sealed Order (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 03/22/2023) |
| 03/24/2023 | 571 | SEALED REPLY TO OPPOSITION filed by UNITED STATES OF AMERICA re 495 Sealed Motion,,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 53, # 2 Exhibit 54, # 3 Exhibit 55, # 4 Exhibit 56, # 5 Exhibit 57, # 6 Exhibit 58, # 7 Exhibit 59, # 8 Exhibit 60, # 9 Exhibit 61, # 10 Exhibit 62, # 11 Exhibit 63, # 12 Exhibit 64, # 13 Exhibit 65, # 14 Exhibit 66, # 15 Exhibit 67, # 16 Exhibit 68, # 17 Exhibit 69, # 18 Exhibit 70, # 19 Certificate of Service)(Goldstein, Jeremy Michael) (Entered: 03/24/2023) |
| 03/24/2023 | 572 | SEALED REPLY TO OPPOSITION filed by STATE OF COLORADO re 496 Sealed Motion (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Sealed), # 3 Exhibit C (Sealed), # 4 Exhibit D (Sealed), # 5 Exhibit E (Sealed), # 6 Exhibit F (Sealed), # 7 Exhibit G (Sealed), # 8 Exhibit H (Sealed), # 9 Certificate of Service)(Sallet, Jonathan) (Entered: 03/24/2023) |
| 03/28/2023 | 573 | NOTICE *of Rule 37(e)(2) Sanctions Against Google LLC* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(Goldstein, Jeremy Michael) (Entered: 03/28/2023) |
| 03/31/2023 | 574 | REDACTED DOCUMENT- to 571 Sealed Reply,, *United States' Reply in Support of Its Motion for Sanctions Against Google LLC* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 53, # 2 Exhibit 54, # 3 Exhibit 55, # 4 Exhibit 56, # 5 Exhibit 57, # 6 Exhibit 58, # 7 Exhibit 59, # 8 Exhibit 60, # 9 Exhibit 61, # 10 Exhibit 62, # 11 Exhibit 63, # 12 Exhibit 64, # 13 Exhibit 65, # 14 Exhibit 66, # 15 Exhibit 67, # 16 Exhibit 68, # 17 Exhibit 69, # 18 Exhibit 70)(Goldstein, Jeremy Michael) (Entered: 03/31/2023) |
| 04/04/2023 | | MINUTE ORDER granting the following Motions to Seal: 416 417 418 419 420 424 425 443 495 and 496 . Signed by Judge Amit P. Mehta on 4/4/2023. (lcapm2) (Entered: 04/04/2023) |

| | | |
|---|---|---|
| 04/04/2023 | 575 | REDACTED DOCUMENT- Plaintiff States' Reply in Support of Their Motion for Sanctions Against Google, LLC and an Evidentiary Hearing to Determine Appropriate Relief to 572 Sealed Reply, by STATE OF COLORADO. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G (Redacted), # 8 Exhibit H (Sealed), # 9 Certificate of Service)(Sallet, Jonathan) (Entered: 04/04/2023) |
| 04/05/2023 | 576 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 04/05/2023) |
| 04/06/2023 | 577 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 576 Sealed Motion (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Certificate of Service) (Herrmann, Karl) (Entered: 04/06/2023) |
| 04/07/2023 | 578 | SEALED OPPOSITION filed by STATE OF COLORADO. re 576 Sealed Motion (Attachments: # 1 Certificate of Service)(Sallet, Jonathan) (Entered: 04/07/2023) |
| 04/10/2023 | 579 | ORDER setting the schedule for the summary judgment hearing on April 13, 2023. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 4/10/2023. (lcapm2) (Entered: 04/10/2023) |
| 04/11/2023 | | NOTICE of Hearing: Summary Judgment Hearing set for 4/13/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Courtroom 25 will serve as the overflow courtroom and is located on the fourth floor of the annex. The public access line will not be connected for this hearing. (zjd) Modified on 4/11/2023 (zjd). (Entered: 04/11/2023) |
| 04/11/2023 | | MINUTE ORDER granting 508 and 509 motions for leave to file amicus briefs. The court hereby exercises its discretion and accepts the amicus briefs of the American Antitrust Institute [508-2] and the Behavioral Economists [509-1]. The court recognizes that, as a result of the timing of this decision, Google has not had the opportunity to respond to the arguments of amici. Google may request the opportunity to respond in writing, but from the court's perspective, additional briefing is not needed to understand Google's positions or to elucidate the matters addressed by amici. Signed by Judge Amit P. Mehta on 4/11/2023. (lcapm2) (Entered: 04/11/2023) |
| 04/13/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Summary Judgment Hearing held on 4/13/2023. Arguments heard and taken under advisement. (Court Reporter: William Zaremba) (zjd) (Entered: 04/13/2023) |
| 04/14/2023 | 580 | TRANSCRIPT OF HEARING ON MOTIONS FOR SUMMARY JUDGMENT PROCEEDINGS before Judge Amit P. Mehta held on April 13, 2023; Page Numbers: 1-276. Date of Issuance: April 14, 2023. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/5/2023. Redacted Transcript Deadline set for 5/15/2023. Release of Transcript Restriction set for 7/13/2023.(wz) (Entered: 04/14/2023) |
| 04/14/2023 | 581 | REDACTED DOCUMENT- Defendant's Motion for Leave to File Sur-Reply in Further Opposition to Plaintiffs' Motions for Sanctions and Response to Notice of Play Litigation Order to 576 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 04/14/2023) |
| 04/17/2023 | 582 | REDACTED DOCUMENT- to 577 Sealed Opposition by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted Version), # 2 Exhibit B (Redacted Version))(Herrmann, Karl) (Entered: 04/17/2023) |
| 04/17/2023 | 583 | REDACTED DOCUMENT- to 578 Sealed Opposition by STATE OF COLORADO. (Attachments: # 1 Certificate of Service)(Sallet, Jonathan) (Entered: 04/17/2023) |
| 04/21/2023 | 584 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Certificate of Service)(Sallet, Jonathan) (Entered: 04/21/2023) |
| 04/24/2023 | 585 | NOTICE of Appearance by Noah Goerlitz on behalf of STATE OF IOWA (Goerlitz, Noah) (Entered: 04/24/2023) |
| 04/27/2023 | 586 | ORDER re: Plaintiffs' 495 and 496 Motions for Sanctions. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 4/27/2023. (lcapm2) (Entered: 04/27/2023) |
| 04/28/2023 | 587 | SEALED DOCUMENT filed by GOOGLE LLC re 584 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 04/28/2023) |
| 05/04/2023 | 588 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 477 Sealed Document,,,,, 492 Sealed Document,,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit (Pls. Ex. 22), # 2 Exhibit (Pls. Ex. 24), # 3 Certificate of Service)(Herrmann, Karl) (Entered: 05/04/2023) |
| 05/05/2023 | 589 | SEALED DOCUMENT filed by STATE OF COLORADO re 584 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Sallet, Jonathan) (Entered: 05/05/2023) |
| 05/09/2023 | 590 | REDACTED DOCUMENT- Plaintiff States' Motion for Leave to File a Supplemental Response to Certain Questions of the Court at Oral Argument to 584 Sealed Document, by STATE OF COLORADO. (Attachments: # 1 Memorandum in Support A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Certificate of Service)(Sallet, Jonathan) (Entered: 05/09/2023) |
| 05/11/2023 | 591 | MEMORANDUM re 586 Order by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 05/11/2023) |
| 05/11/2023 | 592 | MEMORANDUM re 586 Order by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 05/11/2023) |
| 05/11/2023 | 593 | MEMORANDUM re 586 Order by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/11/2023) |
| 05/15/2023 | 594 | REDACTED DOCUMENT- RESPONSE TO PLAINTIFF STATES SUPPLEMENTAL RESPONSE TO CERTAIN QUESTIONS OF THE COURT AT ORAL ARGUMENT to |

| | | |
|---|---|---|
| | | 587 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schmidtlein, John) (Entered: 05/15/2023) |
| 05/17/2023 | 595 | NOTICE of Appearance by Kerrie J. Freeborn on behalf of UNITED STATES OF AMERICA (Freeborn, Kerrie) (Main Document 595 replaced on 5/18/2023) (zed). (Entered: 05/17/2023) |
| 05/19/2023 | 596 | NOTICE of Appearance by James Thomas Greene on behalf of UNITED STATES OF AMERICA (Greene, James) (Main Document 596 replaced on 6/1/2023) (zed). (Entered: 05/19/2023) |
| 05/22/2023 | 597 | NOTICE of Appearance by Matthew Robert Jones on behalf of UNITED STATES OF AMERICA (Jones, Matthew) (Entered: 05/22/2023) |
| 05/24/2023 | 598 | NOTICE of Appearance by Eric Schleef on behalf of UNITED STATES OF AMERICA (Schleef, Eric) (Entered: 05/24/2023) |
| 05/24/2023 | 599 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF CALIFORNIA. Attorney Henry Cornillie terminated. (Cornillie, Henry) (Entered: 05/24/2023) |
| 05/26/2023 | 600 | REDACTED DOCUMENT- Plaintiff States' Reply in Support of their Supplemental Response to Certain Questions of the Court at Oral Argument to 589 Sealed Document by STATE OF COLORADO. (Attachments: # 1 Exhibit A (Sealed), # 2 Certificate of Service)(Sallet, Jonathan) (Entered: 05/26/2023) |
| 06/01/2023 | 601 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 06/01/2023) |
| 06/01/2023 | 602 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Certificate of Service)(Sallet, Jonathan) (Entered: 06/01/2023) |
| 06/01/2023 | 603 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 06/01/2023) |
| 06/08/2023 | 604 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 601 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 06/08/2023) |
| 06/20/2023 | 605 | MOTION to Amend/Correct *the Amended Scheduling and Case Management Order* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order) (Goldstein, Jeremy Michael) (Entered: 06/20/2023) |
| 06/20/2023 | 606 | Memorandum in opposition to re 605 Motion to Amend/Correct filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 06/20/2023) |
| 06/26/2023 | | MINUTE ORDER. The parties shall appear for a status conference on June 28, 2023, at 2:00 p.m. via videoconference before Judge Amit P. Mehta. Signed by Judge Amit P. Mehta on 6/26/2023. (lcapm2) (Entered: 06/26/2023) |
| 06/26/2023 | | NOTICE of Hearing: Status Conference set for 6/28/2023 at 2:00 PM via videoconference before Judge Amit P. Mehta. (zjd) (Entered: 06/26/2023) |
| 06/27/2023 | 607 | SEALED MOTION filed by STATE OF COLORADO (Attachments: # 1 Exhibit Plaintiff States' Motion to Consolidate, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 |

| | | |
|---|---|---|
| | | Exhibit Exhibit C, # 5 Text of Proposed Order Proposed Order, # 6 Certificate of Service Certificate of Service)(Sallet, Jonathan) (Entered: 06/27/2023) |
| 06/28/2023 | 608 | ORDER re: Plaintiffs' 591 592 and Google's 593 Position Statements on Google's Litigation Hold. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 6/28/2023. (lcapm2) (Entered: 06/28/2023) |
| 06/28/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 6/28/2023. Status Conference set for 7/19/2023 at 4:00 PM via videoconference before Judge Amit P. Mehta. A further status conference and hearing re Third Party Testimony is set for the afternoon of 8/11/2023 via videoconference. The parties shall file their submissions by 8/9/2023. Pretrial Conference set for 9/1/2023 at 2:00 PM in Courtroom 10. (Court Reporter: William Zaremba) (zjd) (Entered: 06/28/2023) |
| 06/29/2023 | 609 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on June 28, 2023; Page Numbers: 1-41. Date of Issuance: June 29, 2023. Court Reporter/Transcriber: William P. Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/20/2023. Redacted Transcript Deadline set for 7/30/2023. Release of Transcript Restriction set for 9/27/2023.(wz) (Entered: 06/29/2023) |
| 06/30/2023 | 610 | ORDER setting the schedule for trial proceedings in this matter. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 6/30/2023. (lcapm2) (Entered: 06/30/2023) |
| 07/07/2023 | 611 | Joint MOTION for Order *to Reset Dates Related to Resolving Confidentiality Disputes Prior to Trial* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 07/07/2023) |
| 07/11/2023 | 612 | ORDER amending the [108-1] Amended Scheduling and Case Management Order. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 7/11/2023. (lcapm2) (Entered: 07/11/2023) |
| 07/12/2023 | 613 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Carla J. Baumel terminated. (Baumel, Carla) (Entered: 07/12/2023) |
| 07/13/2023 | | MINUTE ORDER. On June 28, 2023, the court ordered Google to produce for in camera review its proposed redactions to the Hold Memoranda. Order, ECF No. 608. Google has complied with the court's Order, and upon review, the court is satisfied with Google's proposed redactions, which received input from the court. Accordingly, Google shall produce to Plaintiffs the redacted versions of the Hold Memoranda approved by the court. Signed by Judge Amit P. Mehta on 7/13/2023. (lcapm2) (Entered: 07/13/2023) |

| | | |
|---|---|---|
| 07/14/2023 | 614 | NOTICE of Appearance by Thomas W. Ryan on behalf of GOOGLE LLC (Ryan, Thomas) (Entered: 07/14/2023) |
| 07/14/2023 | 615 | NOTICE of Appearance by David E. Dahlquist on behalf of UNITED STATES OF AMERICA (Dahlquist, David) (Entered: 07/14/2023) |
| 07/17/2023 | 616 | STATUS REPORT by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 07/17/2023) |
| 07/19/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held via videoconference on 7/19/2023. Joint Status Report due by 7/26/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 07/19/2023) |
| 07/20/2023 | 617 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on July 19, 2023; Page Numbers: 1-43. Date of Issuance: July 20, 2023. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/10/2023. Redacted Transcript Deadline set for 8/20/2023. Release of Transcript Restriction set for 10/18/2023.(wz) (Entered: 07/20/2023) |
| 07/26/2023 | 618 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 07/26/2023) |
| 07/27/2023 | 619 | NOTICE of Appearance by Carolyn Danielle Jeffries on behalf of STATE OF CALIFORNIA (Jeffries, Carolyn) (Entered: 07/27/2023) |
| 08/01/2023 | 620 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 08/01/2023) |
| 08/01/2023 | 621 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Text of Proposed Order, # 11 Certificate of Service)(Schmidtlein, John) (Entered: 08/01/2023) |
| 08/01/2023 | 622 | MOTION in Limine *to Exclude Evidence of Purported Benefits Outside Relevant Markets* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 08/01/2023) |
| 08/01/2023 | 623 | MOTION in Limine *to Limit Google's Ability to Use Evidence of Product Quality as a Complete Defense to Liability* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 08/01/2023) |
| 08/02/2023 | | MINUTE ORDER. The pretrial conference previously scheduled for September 1, 2023, at 2:00 p.m. shall now take place at 3:00 p.m. on the same date. Signed by Judge Amit P. Mehta on 8/2/2023. (lcapm2) (Entered: 08/02/2023) |

| | | |
|---|---|---|
| 08/03/2023 | 624 | SEALED MEMORANDUM OPINION re: 421 and 426 . The parties shall submit their proposed redactions to the Memorandum Opinion by 12:00 p.m. on August 4, 2023. The court will file a public version of the Memorandum Opinion after considering the parties' redactions. Signed by Judge Amit P. Mehta on 8/3/2023. (This document is SEALED and only available to authorized persons.) (zjd) Modified on 8/3/2023 (zjd). (Entered: 08/03/2023) |
| 08/03/2023 | | MINUTE ORDER. The parties may file separate pretrial briefs of no more than 20 pages by August 28, 2023. Any such brief shall be limited to disputed issues not raised in the summary judgment motions (e.g., market definition, market share, procompetitive justifications). Signed by Judge Amit P. Mehta on 8/3/2023. (lcapm2) (Entered: 08/03/2023) |
| 08/03/2023 | | Set/Reset Deadlines: Pretrial Briefs due by 8/28/2023. (smc) (Entered: 08/04/2023) |
| 08/04/2023 | 625 | ORDER re: scheduling of trial witnesses. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 8/3/2023. (lcapm2) (Entered: 08/04/2023) |
| 08/04/2023 | 626 | REDACTED MEMORANDUM OPINION AND ORDER. For the reasons stated in the 624 Memorandum Opinion, Google's 421 and 426 Motions for Summary Judgment are granted in part and denied in part. The court may lift all or some portion of the redactions after conferring with the parties at the status conference on August 11, 2023. Please see attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 8/4/2023. (lcapm2) (Entered: 08/04/2023) |
| 08/07/2023 | 627 | NOTICE of Appearance by Joshua Lipton on behalf of AMAZON.COM, INC. (Lipton, Joshua) (Entered: 08/07/2023) |
| 08/07/2023 | 628 | NOTICE of Proposed Order *Regarding the Use of Confidential Information at Trial* by GOOGLE LLC (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/07/2023) |
| 08/08/2023 | 629 | NOTICE of Appearance by Ronan Patrick Doherty on behalf of HOME DEPOT U.S.A., INC. (Doherty, Ronan) (Entered: 08/08/2023) |
| 08/08/2023 | 630 | RESPONSE TO ORDER OF THE COURT re 612 Order *Regarding Confidentiality* filed by HOME DEPOT U.S.A., INC.. (Doherty, Ronan) (Entered: 08/08/2023) |
| 08/08/2023 | 631 | NOTICE of Appearance by Bryant Steven Green on behalf of VERIZON (Green, Bryant) (Entered: 08/08/2023) |
| 08/08/2023 | 632 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Judith A. Zahid, Filing fee $ 100, receipt number ADCDC-10262236. Fee Status: Fee Paid. by VERIZON. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Green, Bryant) (Entered: 08/08/2023) |
| 08/09/2023 | | MINUTE ORDER granting 632 Motion for Leave to Appear Pro Hac Vice. Attorney Judith A. Zahid is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 08/09/2023. (lcapm2) (Entered: 08/09/2023) |
| 08/09/2023 | 633 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by DUCK DUCK GO, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A - Position Statement, # 2 Exhibit A-1, # 3 Exhibit A-2, # 4 Exhibit A-3, # 5 Exhibit A-4, # 6 Exhibit A-5, # 7 Exhibit A-6, # 8 Exhibit A-7, # 9 Exhibit A-8, # 10 Exhibit A-9, # 11 Text of Proposed Order Exhibit B - Proposed Order)(Wick, Ronald) (Entered: 08/09/2023) |

| | | |
|---|---|---|
| 08/09/2023 | 634 | NOTICE *Position Statement of Non-Party Verizon Concerning Confidentiality of Its Documents As Potential Trial Exhibits* by VERIZON (Green, Bryant) (Entered: 08/09/2023) |
| 08/09/2023 | 635 | NOTICE *NONPARTY MICROSOFT CORPORATION'S POSITION STATEMENT CONCERNING THE CONFIDENTIALITY OF ITS DOCUMENTS AND TESTIMONY* by MICROSOFT CORPORATION (Ray, Amy) (Entered: 08/09/2023) |
| 08/10/2023 | 636 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A (Google), # 2 Exhibit B (Google), # 3 Exhibit C (Google), # 4 Exhibit D (Google), # 5 Exhibit E (Google), # 6 Exhibit A (DOJ), # 7 Exhibit B (DOJ), # 8 Exhibit C (DOJ), # 9 Exhibit D (DOJ), # 10 Exhibit E (DOJ), # 11 Exhibit A (Apple), # 12 Exhibit DX1012, # 13 Exhibit PSX0988, # 14 Exhibit UPX0002, # 15 Exhibit UPX0058, # 16 Exhibit UPX0115, # 17 Exhibit UPX0116, # 18 Exhibit UPX0133, # 19 Exhibit UPX0143, # 20 Exhibit UPX0148, # 21 Exhibit UPX0164, # 22 Exhibit UPX0170, # 23 Exhibit UPX0190, # 24 Exhibit UPX0213, # 25 Exhibit UPX0239, # 26 Exhibit UPX0301, # 27 Exhibit UPX0302, # 28 Exhibit UPX0456, # 29 Exhibit UPX0457, # 30 Exhibit UPX0486, # 31 Exhibit UPX0495, # 32 Exhibit UPX0496, # 33 Exhibit UPX0509, # 34 Exhibit UPX0574, # 35 Exhibit UPX0586, # 36 Exhibit UPX0590, # 37 Exhibit UPX0624, # 38 Exhibit UPX0631, # 39 Exhibit UPX0641, # 40 Exhibit UPX0663, # 41 Exhibit UPX0665, # 42 Exhibit UPX0666, # 43 Exhibit UPX0690, # 44 Exhibit UPX0692, # 45 Exhibit UPX0749, # 46 Exhibit UPX0794, # 47 Exhibit UPX0806, # 48 Exhibit UPX0811, # 49 Exhibit UPX0818, # 50 Exhibit UPX0824, # 51 Exhibit UPX0941, # 52 Exhibit UPX0948, # 53 Exhibit UPX0984, # 54 Exhibit UPX1012, # 55 Exhibit UPX5308, # 56 Exhibit UPX5314, # 57 Exhibit UPX5336, # 58 Exhibit UPX5497, # 59 Exhibit UPX5500, # 60 Exhibit UPX5507, # 61 Exhibit UPX5509, # 62 Exhibit UPX5530, # 63 Exhibit UPX7002, # 64 Certificate of Service)(Herrmann, Karl) (Entered: 08/10/2023) |
| 08/10/2023 | | MINUTE ORDER granting in part and denying in part Non-Party Duck Duck Go, Inc.'s 633 Motion for Leave to File Under Seal its Position Statement on Confidentiality of Potential Trial Exhibits and the Underlying Documents. The court can discern no reason to seal the motion, ECF No. 633, or the supporting memorandum, ECF No. 633-1. Those filings contain only legal argument and, to the extent they refer to the disputed confidential records, those records are described as such a high level of generality that disclosure of their description would not cause Duck Duck Go competitive harm. Accordingly, the court orders Duck Duck Go to file on the public docket ECF Nos. 633 and 633-1, as well as the proposed order at ECF No. 633-11. The exhibits filed at ECF Nos. 633-2 through 633-10 shall remain under seal until further order from the court. Signed by Judge Amit P. Mehta on 08/10/2023. (lcapm2) (Entered: 08/10/2023) |
| 08/10/2023 | 637 | NOTICE - *Refiling ECF Nos. 633, 633-1, and 633-11 Pursuant to the Court's Order* by DUCK DUCK GO, INC. (Attachments: # 1 Exhibit A - Position Statement, # 2 Text of Proposed Order Exhibit B - Proposed Order)(Wick, Ronald) (Entered: 08/10/2023) |
| 08/10/2023 | 638 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMAZON.COM, INC.. Attorney Richard G. Parker terminated. (Lipton, Joshua) (Entered: 08/10/2023) |
| 08/10/2023 | | NOTICE of Hearing: The Status Conference set for August 11, 2023 at 1:00 PM before Judge Amit P. Mehta shall now proceed in Courtroom 10. Parties unable to attend in-person may participate remotely. (zjd) (Entered: 08/10/2023) |
| 08/11/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 8/11/2023. Order forthcoming setting the deadlines discussed on the record. (Court Reporter: William Zaremba) (zjd) (Entered: 08/11/2023) |

| | | |
|---|---|---|
| 08/11/2023 | 639 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Motion, # 2 Exhibit Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Text of Proposed Order, # 13 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/11/2023) |
| 08/14/2023 | 640 | ORDER setting the schedule for the parties' submissions regarding the confidentiality of trial exhibits and proposed updated redactions to the courts summary judgment memorandum opinion, ECF No. 624. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 08/14/2023. (lcapm2) (Entered: 08/14/2023) |
| 08/14/2023 | | MINUTE ORDER granting 639 Non-Party Apple Inc.'s Sealed Motion for Leave to File Document Under Seal. Signed by Judge Amit P. Mehta on 08/14/2023. (lcapm2) (Entered: 08/14/2023) |
| 08/14/2023 | 641 | NOTICE of Appearance by Judith A. Zahid on behalf of VERIZON (Zahid, Judith) (Entered: 08/14/2023) |
| 08/14/2023 | 642 | NOTICE *Public Copy of Motion for Leave to File Under Seal* by APPLE INC. (Attachments: # 1 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/14/2023) |
| 08/14/2023 | 643 | MOTION to Quash *Trial Subpoenas* by APPLE INC.. (Attachments: # 1 Declaration of Karen Hoffman Lent in Support of Motion to Quash Trial Subpoenas, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E (Filed Under Seal), # 7 Exhibit F (Filed Under Seal), # 8 Exhibit G (Filed Under Seal), # 9 Exhibit H (Filed Under Seal), # 10 Exhibit I (Redacted), # 11 Exhibit J, # 12 Text of Proposed Order)(Sunshine, Steven) (Entered: 08/14/2023) |
| 08/15/2023 | 644 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on August 11, 2023; Page Numbers: 1-77. Date of Issuance: August 15, 2023. Court Reporter/Transcriber: William P. Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/5/2023. Redacted Transcript Deadline set for 9/15/2023. Release of Transcript Restriction set for 11/13/2023.(wz) (Entered: 08/15/2023) |
| 08/15/2023 | 645 | Memorandum in opposition to re 622 Motion in Limine *to Exclude Evidence of Benefits Outside Relevant Markets* filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/15/2023) |
| 08/15/2023 | 646 | Memorandum in opposition to re 623 Motion in Limine *to Limit Google's Ability to Use Evidence of Product Quality as a Complete Defense to Liability* filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/15/2023) |

| | | |
|---|---|---|
| 08/15/2023 | 647 | ORDER entering the parties' stipulated order on the use of confidential information at trial. Please see the attached Order for further details. Signed by Judge Amit P. Mehta on 08/15/2023. (lcapm2) (Entered: 08/15/2023) |
| 08/15/2023 | 648 | SEALED OPPOSITION filed by STATE OF COLORADO. re 621 Sealed Motion, (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Certificate of Service Certificate of Service)(Sallet, Jonathan) (Entered: 08/15/2023) |
| 08/15/2023 | 649 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 620 Sealed Motion (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Goldstein, Jeremy Michael) (Entered: 08/15/2023) |
| 08/18/2023 | 650 | REDACTED DOCUMENT- Defendant's Motion in Limine to Preclude Evidence, Testimony or Argument Concerning Abandoned Conduct Allegations to 620 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/18/2023) |
| 08/18/2023 | 651 | REDACTED DOCUMENT- Defendant's Motion in Limine to Preclude Evidence Concerning Microsoft Corp.'s Purported Estimate of Revenue from SEM Tool Feature Development to 621 SEALED MOTION filed by GOOGLE LLC by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Text of Proposed Order)(Schmidtlein, John) (Entered: 08/18/2023) |
| 08/18/2023 | 652 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Patrick Chang, Samsung Next LLC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Motion, # 3 Exhibit Memo ISO Motion, # 4 Exhibit Declaration, # 5 Exhibit Declaration, # 6 Exhibit A, # 7 Text of Proposed Order)(Arteaga, Juan) (Entered: 08/18/2023) |
| 08/22/2023 | 653 | MOTION Public Version of Motion to Seal re 652 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Patrick Chang, Samsung Next LLC (This document is SEALED and only available to authorized persons.) by Patrick Chang, Samsung Next LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Motion, # 3 Exhibit Memo ISO Motion [Redacted], # 4 Exhibit Declaration, # 5 Exhibit Declaration, # 6 Exhibit A [Redacted], # 7 Text of Proposed Order)(Arteaga, Juan) (Entered: 08/22/2023) |
| 08/22/2023 | 654 | Joint STATUS REPORT *REGARDING DISPUTES CONCERNING ADMISSIBILITY OF TRIAL EXHIBITS AND DEPOSITION DESIGNATIONS* by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/22/2023) |
| 08/23/2023 | 655 | NOTICE of Appearance by Tyler Corcoran on behalf of STATE OF TENNESSEE (Corcoran, Tyler) (Entered: 08/23/2023) |
| 08/23/2023 | 656 | NOTICE of Appearance by Austin Ostiguy on behalf of STATE OF TENNESSEE (Ostiguy, Austin) (Entered: 08/23/2023) |
| 08/23/2023 | 657 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Rosa M. Morales, Filing fee $ 100, receipt number ADCDC-10297479. Fee Status: Fee Paid. by SAMSUNG ELECTRONICS AMERICA, INC.. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Thomas, Jeane) (Entered: 08/23/2023) |
| 08/23/2023 | 658 | NOTICE of Appearance by Emma Waitzman on behalf of UNITED STATES OF AMERICA (Waitzman, Emma) (Entered: 08/23/2023) |

| | | |
|---|---|---|
| 08/23/2023 | | MINUTE ORDER granting 657 Motion for Leave to Appear Pro Hac Vice. Attorney Rosa M. Morales is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 08/23/2023. (lcapm2) (Entered: 08/23/2023) |
| 08/24/2023 | 659 | NOTICE of Appearance by Tyler Corcoran on behalf of STATE OF TENNESSEE (Corcoran, Tyler) (Main Document 659 replaced on 8/29/2023) (zed). (Entered: 08/24/2023) |
| 08/24/2023 | 660 | NOTICE of Appearance by Austin Ostiguy on behalf of STATE OF TENNESSEE (Ostiguy, Austin) (Main Document 660 replaced on 8/29/2023) (zed). (Entered: 08/24/2023) |
| 08/24/2023 | 661 | RESPONSE TO ORDER OF THE COURT re 640 Order, *Submission Regarding Proposed Redactions* filed by HOME DEPOT U.S.A., INC.. (Doherty, Ronan) (Entered: 08/24/2023) |
| 08/25/2023 | 662 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 643 Motion to Quash, (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 08/25/2023) |
| 08/25/2023 | 663 | SEALED OPPOSITION filed by UNITED STATES OF AMERICA. re 653 Motion for Miscellaneous Relief, 652 Sealed Motion for Leave to File Document Under Seal, (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 08/25/2023) |
| 08/28/2023 | 664 | NOTICE of Appearance by Rosa M. Morales on behalf of SAMSUNG ELECTRONICS AMERICA, INC. (Morales, Rosa) (Entered: 08/28/2023) |
| 08/28/2023 | 665 | RESPONSE re 621 SEALED MOTION filed by GOOGLE LLC filed by STATE OF COLORADO. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8)(Sallet, Jonathan) (Entered: 08/28/2023) |
| 08/28/2023 | 666 | ORDER responding to the parties' 654 Joint Submission Regarding Disputes Concerning Admissibility of Trial Exhibits and Deposition Designations. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 08/28/2023. (lcapm2) (Entered: 08/28/2023) |
| 08/28/2023 | 667 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A) (Herrmann, Karl) (Entered: 08/28/2023) |
| 08/28/2023 | 668 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Figures 1-6, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 08/28/2023) |
| 08/28/2023 | 669 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service Certificate of Service)(Sallet, Jonathan) (Entered: 08/28/2023) |
| 08/30/2023 | 670 | SEALED REPLY TO OPPOSITION filed by Patrick Chang, Samsung Next LLC re 652 Sealed Motion for Leave to File Document Under Seal, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Juan A. Arteaga, # 2 Exhibit B)(Arteaga, Juan) (Entered: 08/30/2023) |
| 08/30/2023 | 671 | NOTICE *Statement Regarding Proposed Redactions of Potential Trial Exhibits* by DUCK DUCK GO, INC. (Attachments: # 1 Exhibit A - August 9 Position Statement) |

| | | |
|---|---|---|
| | | (Wick, Ronald) (Entered: 08/30/2023) |
| 08/30/2023 | 672 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit UPX5314, # 5 Certificate of Service) (Goldstein, Jeremy Michael) (Entered: 08/30/2023) |
| 08/31/2023 | 673 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service, # 2 Exhibit UPX0001, # 3 Exhibit UPX0010, # 4 Exhibit UPX0012, # 5 Exhibit UPX0123, # 6 Exhibit UPX0134, # 7 Exhibit UPX0235, # 8 Exhibit UPX0244, # 9 Exhibit UPX0266, # 10 Exhibit UPX0273, # 11 Exhibit UPX0302, # 12 Exhibit UPX0309, # 13 Exhibit UPX0312, # 14 Exhibit UPX0314, # 15 Exhibit UPX0408, # 16 Exhibit UPX0559, # 17 Exhibit UPX0560, # 18 Exhibit UPX0586, # 19 Exhibit UPX0588)(Goldstein, Jeremy Michael) (Entered: 08/31/2023) |
| 08/31/2023 | 674 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 673 Sealed Document,, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit UPX0605, # 2 Exhibit UPX0620, # 3 Exhibit UPX0666, # 4 Exhibit UPX0667, # 5 Exhibit UPX0678, # 6 Exhibit UPX0679, # 7 Exhibit UPX0697, # 8 Exhibit UPX0720, # 9 Exhibit UPX0781, # 10 Exhibit UPX0787, # 11 Exhibit UPX0816, # 12 Exhibit UPX0818, # 13 Exhibit UPX0824, # 14 Exhibit UPX1012, # 15 Exhibit UPX5127, # 16 Exhibit UPX5314, # 17 Exhibit UPX5317, # 18 Exhibit UPX5416, # 19 Exhibit UPX5530)(Goldstein, Jeremy Michael) (Entered: 08/31/2023) |
| 08/31/2023 | 675 | RESPONSE re 643 MOTION to Quash *Trial Subpoenas by APPLE INC.* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Rosengart, Michael) (Entered: 08/31/2023) |
| 08/31/2023 | 676 | REPLY to opposition to motion re 643 MOTION to Quash *Trial Subpoenas* filed by APPLE INC.. (Sunshine, Steven) (Entered: 08/31/2023) |
| 08/31/2023 | 677 | REPLY to opposition to motion re 652 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Patrick Chang, Samsung Next LLC (This document is SEALED and only available to authorized persons.) *(Public Version.)* filed by Patrick Chang, Samsung Next LLC. (Attachments: # 1 Declaration of Juan A. Arteaga, # 2 Exhibit B - Redacted)(Arteaga, Juan) (Entered: 08/31/2023) |
| 08/31/2023 | 678 | NOTICE *Defendant's Response to United States Plaintiffs' Submission in Advance of Pretrial Conference on Confidentiality* by GOOGLE LLC re 673 Sealed Document,, (Schmidtlein, John) (Entered: 08/31/2023) |
| 08/31/2023 | 679 | MOTION to Intervene *for the Limited Purpose of Seeking Public Audio Feed of Trial* by AMERICAN ECONOMIC LIBERTIES PROJECT, DEMAND PROGRESS, OPEN MARKETS INSTITUTE, REVOLVING DOOR PROJECT. (Attachments: # 1 Text of Proposed Order)(Van Dyck, Katherine) (Entered: 08/31/2023) |
| 09/01/2023 | 680 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ryan J. Travers, Filing fee $ 100, receipt number ADCDC-10321479. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Ryan J. Travers, # 2 Certification of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/01/2023) |
| 09/01/2023 | | MINUTE ORDER granting 680 Motion for Leave to Appear Pro Hac Vice. Attorney Ryan J. Travers is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 09/01/2023. (lcapm2) (Entered: 09/01/2023) |

| | | |
|---|---|---|
| 09/01/2023 | 681 | MOTION to Withdraw as Attorney by STATE OF MISSOURI. (Hoeplinger, Stephen) (Entered: 09/01/2023) |
| 09/01/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Final Pretrial Conference held on 9/1/2023. (Court Reporter: William Zaremba) (zjd) (Entered: 09/01/2023) |
| 09/04/2023 | 682 | ORDER regarding confidentiality of trial exhibits and the parties' Joint Exhibit List. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/04/2023. (lcapm2) (Entered: 09/04/2023) |
| 09/04/2023 | 683 | ORDER ruling on the parties' pending motions in limine, ECF Nos. 620, 621, 622, 623, and the third-parties' motions to quash, ECF Nos. 643, 652-2. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/04/2023. (lcapm2) (Entered: 09/04/2023) |
| 09/04/2023 | | MINUTE ORDER granting 681 Motion to Withdraw as Attorney. Attorney Stephen M. Hoeplinger is terminated as counsel for Plaintiff State of Missouri. Signed by Judge Amit P. Mehta on 09/04/2023. (lcapm2) (Entered: 09/04/2023) |
| 09/08/2023 | 684 | ORDER granting Defendant's 620 Motion in Limine to Preclude Evidence, Testimony, or Argument Concerning Abandoned Conduct Allegations, with respect to Google Assistant and Internet-of-Things devices. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/08/2023. (lcapm2) (Entered: 09/08/2023) |
| 09/08/2023 | 685 | ORDER denying the request of Plaintiffs and the Motion of Third Parties American Economic Liberties Project, Demand Progress, Open Markets Institute, and Revolving Door Project to Intervene for the Limited Purpose of Seeking Public Audio Feed of Trial, ECF No. 679. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/08/2023. (lcapm2) (Entered: 09/08/2023) |
| 09/08/2023 | | Set/Reset Hearings. (zjd) (Entered: 09/08/2023) |
| 09/08/2023 | 686 | REDACTED DOCUMENT re 669 Pretrial Brief by STATE OF COLORADO. (Sallet, Jonathan) Modified event title on 9/11/2023 (znmw). (Entered: 09/08/2023) |
| 09/08/2023 | 687 | REDACTED DOCUMENT- Defendant Google LLC's Pre-Trial Brief to 668 Sealed Document by GOOGLE LLC. (Attachments: # 1 Figures 1-6)(Schmidtlein, John) (Entered: 09/08/2023) |
| 09/08/2023 | 688 | REDACTED DOCUMENT- Redacted Document to 667 Sealed Document *U.S. Plaintiffs Pre-trial Brief* by UNITED STATES OF AMERICA. (Onyema, Veronica) (Entered: 09/08/2023) |
| 09/10/2023 | 689 | NOTICE of Appearance by David C. Kully on behalf of Digital Content Next (Kully, David) (Entered: 09/10/2023) |
| 09/10/2023 | 690 | MOTION to Intervene *for the Limited Purpose of Seeking to Maximize Public Access to Trial Materials* by Digital Content Next. (Kully, David) (Entered: 09/10/2023) |
| 09/10/2023 | 691 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service) (Sallet, Jonathan) (Entered: 09/10/2023) |
| 09/11/2023 | 692 | NOTICE of Appearance by Jennifer Marie Coronel on behalf of STATE OF ILLINOIS (Coronel, Jennifer) (Main Document 692 replaced on 9/11/2023) (zed). (Entered: 09/11/2023) |

| | | |
|---|---|---|
| 09/11/2023 | 693 | NOTICE of Appearance by Jonathan Edward Farmer on behalf of COMMONWEALTH OF KENTUCKY (Farmer, Jonathan) (Entered: 09/11/2023) |
| 09/11/2023 | | Notice of Hearing: Bench trial is scheduled to proceed on September 12, 2023 at 9:30 AM. Members of the public or media may remotely access opening statements by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will not be connected for any witness testimony. Recording or rebroadcasting proceedings is prohibited. (zjd) (Entered: 09/11/2023) |
| 09/12/2023 | 694 | ORDER updating the redactions to the court's memorandum opinion, ECF No. 624. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 09/12/2023. (lcapm2) (Entered: 09/12/2023) |
| 09/12/2023 | 695 | NOTICE of Appearance by Ryan J. Travers on behalf of APPLE INC. (Travers, Ryan) (Entered: 09/12/2023) |
| 09/12/2023 | 696 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on September 1, 2023; Page Numbers: 1-126. Date of Issuance: September 12, 2023. Court Reporter/Transcriber: William P. Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/3/2023. Redacted Transcript Deadline set for 10/13/2023. Release of Transcript Restriction set for 12/11/2023.(wz) (Entered: 09/12/2023) |
| 09/12/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 1) held on 9/12/2023. Bench Trial shall resume on 9/13/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.); Plaintiffs' Witness: Dr. Hal Varian (began direct examination). (zjd) (Entered: 09/12/2023) |
| 09/12/2023 | 697 | NOTICE of Appearance by George Charles Nierlich on behalf of UNITED STATES OF AMERICA (Nierlich, George) (Entered: 09/12/2023) |
| 09/13/2023 | 698 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Bradley J. Pierson, Filing fee $ 100, receipt number ADCDC-10347002. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Bradley J. Pierson, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/13/2023) |
| 09/13/2023 | 699 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Michael A. Lanci, Filing fee $ 100, receipt number ADCDC-10347058. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Michael A. Lanci, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/13/2023) |
| 09/13/2023 | 700 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Andrew J. Shanahan, Filing fee $ 100, receipt number ADCDC-10347098. Fee Status: Fee Paid. by APPLE |

| | | |
|---|---|---|
| | | INC.. (Attachments: # 1 Declaration of Andrew J. Shanahan, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/13/2023) |
| 09/13/2023 | 701 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WEST VIRGINIA. Attorney Tanya Lynn Godfrey terminated. (Davis, Douglas) (Entered: 09/13/2023) |
| 09/13/2023 | | MINUTE ORDER granting Non-Party Apple, Inc.'s Motions for Admission Pro Hac Vice, ECF Nos. 698, 699, 700. Attorneys Bradley J. Pierson, Michael A. Lanci, and Andrew J. Shanahan are hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 09/13/23. (lcapm2) (Entered: 09/13/2023) |
| 09/13/2023 | 702 | NOTICE of Appearance by Christopher Michael D'Angelo on behalf of STATE OF NEW YORK (D'Angelo, Christopher) (Entered: 09/13/2023) |
| 09/13/2023 | 703 | NOTICE of Appearance by Ian David Hoffman on behalf of UNITED STATES OF AMERICA (Hoffman, Ian) (Main Document 703 replaced on 9/13/2023) (zed). (Entered: 09/13/2023) |
| 09/13/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 2) held on 9/13/2023. Bench Trial shall resume on 9/14/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.); Plaintiffs' Witnesses: Chris Barton (completed testimony), Dr. Hal Varian (completed testimony), and Dr. Antonio Rangel (began direct examination). (zjd) (Entered: 09/13/2023) |
| 09/14/2023 | 704 | NOTICE of Appearance by Aaron D. Hoag on behalf of UNITED STATES OF AMERICA (Hoag, Aaron) (Entered: 09/14/2023) |
| 09/14/2023 | 705 | NOTICE of Appearance by Andrew J. Shanahan on behalf of APPLE INC. (Shanahan, Andrew) (Entered: 09/14/2023) |
| 09/14/2023 | 706 | NOTICE of Appearance by Michael A. Lanci on behalf of APPLE INC. (Lanci, Michael) (Entered: 09/14/2023) |
| 09/14/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 3) held on 9/14/2023. Bench Trial shall resume on 9/15/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.); Plaintiffs' Witnesses: Dr. Antonio Rangel (completed testimony) and Jim Kolotouros (began direct examination). (zjd) (Entered: 09/14/2023) |
| 09/15/2023 | 707 | NOTICE of Appearance by Norman Wesley Marden on behalf of COMMONWEALTH OF PENNSYLVANIA (Marden, Norman) (Entered: 09/15/2023) |
| 09/15/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 4) held on 9/15/2023. Bench Trial shall resume on 9/18/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Janice Dickman. Plaintiffs' Witness: Jim Kolotouros (completed testimony). (zjd) (Entered: 09/15/2023) |
| 09/18/2023 | 708 | SEALED DOCUMENT filed by GOOGLE LLC re 691 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 09/18/2023) |
| 09/18/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 5) held on 9/18/2023. Bench Trial shall resume on 9/19/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Brian Higgins (completed testimony) and Jerry Dischler (began cross-examination). (zjd) (Entered: 09/18/2023) |

| | | |
|---|---|---|
| 09/19/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 6) held on 9/19/2023. Bench Trial shall resume on 9/20/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Jerry Dischler (completed testimony), John Yoo (completed testimony), and Mike Roszak (began direct examination). (zjd) (Entered: 09/19/2023) |
| 09/20/2023 | 709 | MEMORANDUM by UNITED STATES OF AMERICA. (Onyema, Veronica) (Entered: 09/20/2023) |
| 09/20/2023 | 710 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/20/2023) |
| 09/20/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 7) held on 9/20/2023. Bench Trial shall resume on 9/21/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Mike Roszak (completed testimony) and Dr. Eric Lehman (began cross-examination). (zjd) (Entered: 09/20/2023) |
| 09/21/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 8) held on 9/21/2023. Bench Trial shall resume on 9/22/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.) (p.m.). Plaintiffs' Witnesses: Dr. Eric Lehman (completed testimony), Gabriel Weinberg (completed testimony), and John Giannandrea (began direct examination). (zjd) (Entered: 09/21/2023) |
| 09/22/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 9) held on 9/22/2023. Bench Trial shall resume on Tuesday, September 26, 2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Janice Dickman. Plaintiffs' Witness: John Giannandrea (completed testimony). (zjd) (Entered: 09/22/2023) |
| 09/22/2023 | 711 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Herrmann, Karl) (Entered: 09/22/2023) |
| 09/25/2023 | | MINUTE ORDER. The court hereby authorizes disclosure of the under seal portions of the testimony of John Giannandrea pertaining only to his time at Apple to counsel of record for Apple. Signed by Judge Amit P. Mehta on 9/25/23. (lcapm2) (Entered: 09/25/2023) |
| 09/25/2023 | 712 | NOTICE of Appearance by Jennifer Levy on behalf of STATE OF NEW YORK (Levy, Jennifer) (Entered: 09/25/2023) |
| 09/25/2023 | 713 | NOTICE of Appearance by Letitia James on behalf of STATE OF NEW YORK (James, Letitia) (Entered: 09/25/2023) |
| 09/25/2023 | 714 | Joint STATUS REPORT *Regarding Public Posting of Trial Exhibits* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Plaintiffs' Proposed Order), # 2 Exhibit B (Google's Proposed Order))(Herrmann, Karl) (Entered: 09/25/2023) |
| 09/25/2023 | 715 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Herrmann, Karl) (Entered: 09/25/2023) |
| 09/25/2023 | 716 | REDACTED DOCUMENT- United States Plaintiffs' Submission Regarding Confidentiality in Advance of Testimony of Eddy Cue of Apple to 715 Sealed Document by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Filed Under Seal), # |

| | | |
|---|---|---|
| | | 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal))(Herrmann, Karl) (Entered: 09/25/2023) |
| 09/25/2023 | 717 | MEMORANDUM by APPLE INC.. (Attachments: # 1 Exhibit A)(Sunshine, Steven) (Entered: 09/25/2023) |
| 09/26/2023 | 718 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 09/26/2023) |
| 09/26/2023 | | NOTICE OF ERROR re 711 Notice (Other); emailed to karl.herrmann@usdoj.gov, cc'd 318 associated attorneys -- The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Future filings may be ENTERED IN ERROR, 3. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 09/26/2023) |
| 09/26/2023 | | MINUTE ORDER. The court hereby authorizes the release of the under seal portion of the testimony of Gabriel Weinberg to counsel of record for Duck Duck Go, Inc. Signed by Judge Amit P. Mehta on 9/26/23. (lcapm2) (Entered: 09/26/2023) |
| 09/26/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 10) held on 9/26/2023. Bench Trial shall resume on 9/27/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Eddy Cue (completed testimony) and Mikhail Parakhin (began direct examination). (zjd) (Entered: 09/26/2023) |
| 09/27/2023 | 719 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Julia K. York, Filing fee $ 100, receipt number ADCDC-10380785. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Julia K. York, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Sunshine, Steven) (Entered: 09/27/2023) |
| 09/27/2023 | 720 | MOTION to Enforce *Court Order Regarding Trial Schedule* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(Schmidtlein, John) (Entered: 09/27/2023) |
| 09/27/2023 | | MINUTE ORDER granting 719 Motion for Leave to Appear Pro Hac Vice. Attorney Julia K. York is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 09/27/2023. (lcapm2) (Entered: 09/27/2023) |
| 09/27/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 11) held on 9/27/2023. Bench Trial set for 9/28/2023 at 8:15 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Plaintiffs' Witnesses: Mikhail Parakhin (completed testimony), Anna Kartasheva (completed testimony), and Alex Austin (began cross-examination). (zjd) (Entered: 09/27/2023) |
| 09/27/2023 | 721 | Memorandum in opposition to re 720 Motion to Enforce *Court Order regarding Trial Schedule* filed by UNITED STATES OF AMERICA. (Onyema, Veronica) (Entered: 09/27/2023) |
| 09/28/2023 | 722 | Memorandum in opposition to re 720 Motion to Enforce *Court Order regarding Trial Schedule* filed by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 09/28/2023) |
| 09/28/2023 | 723 | NOTICE of Appearance by Julia K. York on behalf of APPLE INC. (York, Julia) (Main Document 723 replaced on 9/29/2023) (znmw). (Entered: 09/28/2023) |

| | | |
|---|---|---|
| 09/28/2023 | | MINUTE ORDER. The court hereby authorizes the unsealing and disclosure, as requested, of the transcript of September 20, 2023 (AM), lines 1690:11-1700:21, and September 20, 2023 (PM), lines 1741:10-1743:18. Signed by Judge Amit P. Mehta on 9/28/23. (lcapm2) (Entered: 09/28/2023) |
| 09/28/2023 | 724 | Emergency MOTION to Intervene *to Ensure Public Access to Trial Evidence* by Jon Schweppe, ADAM CANDEUB. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bailen, Mark) (Entered: 09/28/2023) |
| 09/28/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 12) held on 9/28/2023. Proposed Transcript Redactions due by 10/2/2023. Bench Trial shall resume on 9/29/2023 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Alex Austin (completed testimony) and Jon Tinter (began cross-examination). (zjd) (Entered: 09/28/2023) |
| 09/28/2023 | 725 | ORDER on Posting Trial Materials. See attached order for full details. Signed by Judge Amit P. Mehta on 9/28/2023. (zjd) (Entered: 09/28/2023) |
| 09/28/2023 | | MINUTE ORDER. The court hereby authorizes disclosure to counsel of record for Apple the under seal portions of the September 26, 2023, transcript that contain (1) the testimony of Eddy Cue and (2) the discussions in which Apples counsel participated. Signed by Judge Amit P. Mehta on 9/28/23. (lcapm2) (Entered: 09/28/2023) |
| 09/29/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 13) held on 9/29/2023. Bench Trial shall resume on 10/2/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Janice Dickman. Plaintiffs' Witness: Jon Tinter (completed testimony). (zjd) (Entered: 09/29/2023) |
| 09/29/2023 | | MINUTE ORDER. The court grants in part and denies in part the Emergency Motion to Intervene by Non-Parties Jon Schweppe of the American Principles Project and Adam Candeub of the Center for Renewing America, ECF No. 724. The court grants the non-parties intervention for the limited purpose set forth in the motion, but denies the further relief requested. Signed by Judge Amit P. Mehta on 9/29/23. (lcapm2) (Entered: 09/29/2023) |
| 10/02/2023 | 726 | NOTICE of Appearance by Adam Gitlin on behalf of DISTRICT OF COLUMBIA (Gitlin, Adam) (Entered: 10/02/2023) |
| 10/02/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 14) held on 10/2/2023. Proposed Transcript Redactions due by 10/6/2023. Bench Trial shall resume on 10/3/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Satya Nadella (completed testimony) and Sridhar Ramaswamy (began cross-examination). (zjd) (Entered: 10/02/2023) |
| 10/03/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 15) held on 10/3/2023. Bench Trial shall resume on 10/4/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Plaintiffs' Witnesses: Sridhar Ramaswamy (completed testimony), Joshua Lowcock (completed testimony), and Adam Juda (began direct examination). (zjd) (Entered: 10/03/2023) |
| 10/03/2023 | 727 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 10/03/2023) |

| | | |
|---|---|---|
| 10/04/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 16) held on 10/4/2023. Bench Trial shall resume on 10/5/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Adam Juda (completed testimony) and Ryan Krueger (began direct examination). (zjd) (Entered: 10/04/2023) |
| 10/05/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 17) held on 10/5/2023. Bench Trial shall resume on 10/6/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Ryan Krueger (completed testimony), Patrick Chang (completed testimony), and Professor Michael Whinston (began direct examination). (zjd) (Entered: 10/05/2023) |
| 10/06/2023 | | MINUTE ORDER updating the redactions to the court's memorandum opinion, ECF No. 624. The final public version of the court's summary judgment opinion reflects unredacted text on the pages and lines indicated in the court's prior order, ECF No. 694, as well as the following pages and lines: (1) page 18 at line 17, (2) page 42 at line 15, (3) page 52 at lines 18-19, and (4) page 53 at lines 1-2. The court considered Defendant's objections to redacting certain market share numbers, but ultimately finds that a weighing of the Hubbard factors requires their release. Signed by Judge Amit P. Mehta on 10/6/23. (lcapm2) (Entered: 10/06/2023) |
| 10/06/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 18) held on 10/6/2023. Bench Trial shall resume on Tuesday, October 10, 2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: William Zaremba. Plaintiffs' Witnesses: Amit Varia (completed testimony) and Professor Michael Whinston (completed direct testimony as to market definition and monopoly power). (zjd) (Entered: 10/06/2023) |
| 10/06/2023 | 728 | REDACTED MEMORANDUM OPINION AND ORDER. For the reasons stated in the 624 Memorandum Opinion, Google's 421 and 426 Motions for Summary Judgment are granted in part and denied in part. This is the final public version of the court's summary judgment opinion. Signed by Judge Amit P. Mehta on 10/6/23. (lcapm2) (Entered: 10/06/2023) |
| 10/10/2023 | 729 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/10/2023) |
| 10/10/2023 | 730 | MEMORANDUM by VERIZON. (Zahid, Judith) (Entered: 10/10/2023) |
| 10/10/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 19) held on 10/10/2023. Proposed Transcript Redactions due by 10/13/2023. Bench Trial shall resume on 10/11/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witnesses: Tracy-Ann Lim (completed testimony) and Joan Braddi (completed testimony). (zjd) (Entered: 10/10/2023) |
| 10/11/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 20) held on 10/11/2023. Bench Trial shall resume on 10/12/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Ryan Booth (completed testimony), Arjan Dijk (completed testimony), and Professor Kinshuk Jerath (began direct examination). (zjd) (Entered: 10/11/2023) |
| 10/12/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 21) held on 10/12/2023. Bench Trial shall resume on Monday, October 16, 2023 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba |

| | | |
|---|---|---|
| | | (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witness: Professor Kinshuk Jerath (completed testimony). (zjd) (Entered: 10/12/2023) |
| 10/16/2023 | 731 | MOTION to Intervene *and for Access to Judicial Records* by The New York Times Company. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order) (Sumar, Al-Amyn). Added MOTION to Permit on 10/17/2023 (mg). (Entered: 10/16/2023) |
| 10/16/2023 | 732 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by The New York Times Company (Sumar, Al-Amyn) (Entered: 10/16/2023) |
| 10/16/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 22) held on 10/16/2023. Bench Trial shall resume on 10/17/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witness: Professor Michael Whinston (began cross-examination). (zjd) (Entered: 10/16/2023) |
| 10/17/2023 | 733 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/17/2023) |
| 10/17/2023 | 734 | REDACTED DOCUMENT- Defendant's Response to the Court's Order Regarding UPX0552, UPX0137, and the Declaration of Sang Eun (Kate) Lee by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 10/17/2023) |
| 10/17/2023 | 735 | SEALED DOCUMENT filed by GOOGLE LLC re 734 Redacted Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit B-1, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 10/17/2023) |
| 10/17/2023 | 736 | MEMORANDUM re 733 Memorandum filed by GOOGLE LLC by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 10/17/2023) |
| 10/17/2023 | 737 | SUPPLEMENTAL MEMORANDUM to re 731 MOTION to Intervene *and for Access to Judicial Records* MOTION to Permit filed by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al-Amyn) (Entered: 10/17/2023) |
| 10/17/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 23) held on 10/17/2023. Bench Trial shall resume on 10/18/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Professor Michael Whinston (completed testimony) and Neil Barrett-Bowen (completed testimony). (zjd) (Entered: 10/17/2023) |
| 10/17/2023 | | MINUTE ORDER. The court has released, with appropriate redactions, the closed-session transcripts of the testimony of Brian Higgins and Jim Kolotouros. The court applied the Hubbard factors to the proposed redactions, and accepted those that are in accord with the court's explanations for sealing portions of the transcripts of John Giannandrea and Gabriel Weinberg. Hrg Tr. at 4363:7-4368:25 (Oct. 4, 2023). The transcripts can be ordered directly from the court reporter. Signed by Judge Amit P. Mehta on 10/17/23. (lcapm2) (Entered: 10/17/2023) |
| 10/18/2023 | | MINUTE ORDER. As stated on the record during the morning proceedings, moving forward, the court hereby institutes the following procedure for proposed closed-session testimony: (1) a party that believes a closed session will be required for either the direct or cross-examination of a witness shall so notify the court by the end of the trial day immediately prior to the day of the witness's expected testimony; (2) the court will docket the anticipated closed session the evening before the witness's expected testimony; and (3) the court will consider arguments and objections with respect to the proposed closed session, including from a media representative, at 9:30 a.m. on the day |

| | | |
|---|---|---|
| | | of the witness's expected testimony. Signed by Judge Amit P. Mehta on 10/18/23. (lcapm2) Modified on 10/18/2023 (zjd). (Entered: 10/18/2023) |
| 10/18/2023 | | MINUTE ORDER. The parties have advised the court of possible closed-session testimony from witness Paul Vallez (Skai) on October 19, 2023. The court will consider any argument and objections regarding the proposed closed session at 9:30 a.m. on October 19, 2023. Signed by Judge Amit P. Mehta on 10/18/23. (lcapm2) (Entered: 10/18/2023) |
| 10/18/2023 | | MINUTE ORDER. The court has released, with appropriate redactions, the closed-session transcripts of the testimony of Jonathan Yoo, Michael Roszak, and Eric Lehman. The court applied the Hubbard factors to the proposed redactions, and accepted those that are in accord with the court's explanations on the record during the afternoon proceedings. The transcripts can be ordered directly from the court reporter. Signed by Judge Amit P. Mehta on 10/18/23. (lcapm2) (Entered: 10/18/2023) |
| 10/18/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 24) held on 10/18/2023. Bench Trial shall resume on 10/19/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jeff Hook (p.m.). Defense Witness: Dr. Pandu Nayak (completed testimony). (zjd) (Entered: 10/18/2023) |
| 10/18/2023 | 738 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/18/2023) |
| 10/19/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 25) held on 10/19/2023. Bench Trial shall resume on Tuesday, October 24, 2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witnesses: Jeffrey Hurst (completed testimony) and Paul Vallez (completed testimony). (zjd) (Entered: 10/19/2023) |
| 10/19/2023 | 739 | REPLY to opposition to motion re 731 MOTION to Intervene *and for Access to Judicial Records* MOTION to Permit filed by NEW YORK TIMES COMPANY. (Sumar, Al-Amyn) (Entered: 10/19/2023) |
| 10/20/2023 | 740 | REDACTED DOCUMENT- Notice of Filing of Excerpt of Joint Status Report and Accompanying Declarations by GOOGLE LLC. (Attachments: # 1 Google's Position Statement Regarding Issues Relating to Confidentiality (ECF 636), # 2 Exhibit A (Simon Declaration), # 3 Exhibit B (Zwibelman Declaration), # 4 Exhibit C (Daly Declaration), # 5 Exhibit D (Lee Declaration), # 6 Exhibit E (Bondar Declaration))(Schmidtlein, John) (Entered: 10/20/2023) |
| 10/20/2023 | 741 | REDACTED DOCUMENT- Defendant's Memorandum Regarding the Confidentiality of JX0033, UPX0586, UPX0588, and UPX0594 to 718 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/20/2023) |
| 10/20/2023 | 742 | REDACTED DOCUMENT- Defendant's Memorandum Regarding the Confidentiality of the Testimony of Apple Employees John Giannandrea and Eduardo Cue to 727 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/20/2023) |
| 10/22/2023 | 743 | MINUTE ORDER. The parties have offered the attached order setting forth procedures for releasing exhibits requested by the press. Intervenor New York Times shall submit any comments to the proposed order by 5:00 p.m. on October 23, 2023. Signed by Judge Amit P. Mehta on 10/22/23. (lcapm2) (Entered: 10/22/2023) |
| 10/23/2023 | 744 | MEMORANDUM re 743 Order, by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al-Amyn) (Entered: 10/23/2023) |
| 10/23/2023 | 745 | Unopposed MOTION for Order *Regarding The Disclosure Of Exhibits Containing Confidential Material During Googles Case-In-Chief* by UNITED STATES OF |

| | | |
|---|---|---|
| | | AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 10/23/2023) |
| 10/24/2023 | 746 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 10/24/2023) |
| 10/24/2023 | 747 | MOTION to Amend/Correct *To Correct The Record* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) Modified relief on 10/27/2023 (mg). (Entered: 10/24/2023) |
| 10/24/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 26) held on 10/24/2023. Bench Trial shall resume on 10/25/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jan Dickman (p.m.). Plaintiffs' Witnesses: Jason Krueger (completed testimony) and Professor Wilfred Amaldoss (began cross-examination). (zjd) (Entered: 10/24/2023) |
| 10/25/2023 | | NOTICE OF HEARING. Bench trial set for 10/25/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta shall now proceed at 10:30 AM in Courtroom 10 (same date, new time). (Entered: 10/25/2023) |
| 10/25/2023 | 748 | ORDER granting Plaintiffs' 745 Unopposed Motion for Order Regarding the Disclosure of Exhibits Containing Confidential Material During Google's Case-In-Chief. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/25/23. (lcapm2) (Entered: 10/25/2023) |
| 10/25/2023 | 749 | ORDER granting Plaintiffs' 747 Unopposed Motion for Order to Correct the Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/25/23. (lcapm2) (Entered: 10/25/2023) |
| 10/25/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 27) held on 10/25/2023. Bench Trial shall resume on 10/26/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Sara Wick (p.m.). Plaintiffs' Witnesses: Professor Wilfred Amaldoss (completed testimony) and Professor Jonathan Baker (began cross-examination). (zjd) (Entered: 10/25/2023) |
| 10/25/2023 | 750 | ORDER. For the reasons stated on the record and in the attached Order, the court grants in part and denies in part Intervenor New York Times' 731 Motion to Intervene and for Access to Judicial Records. The court grants the New York Times intervention for the limited purpose set forth in the motion. The court grants in part and denies in part the further relief requested. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/25/23. (lcapm2) (Entered: 10/25/2023) |
| 10/26/2023 | 751 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Herrmann, Karl) (Entered: 10/26/2023) |
| 10/26/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 28) held on 10/26/2023. Bench Trial shall resume on 10/27/2023 at 9:30 AM in Courtroom 10 Judge Amit P. Mehta. Court Reporters: Jan Dickman (a.m.) and Jeff Hook (p.m.). Plaintiffs' Witness: Professor Jonathan Baker (completed testimony). Defense Witness: Dr. Prabhakar Raghavan (began cross-examination). (zjd) (Entered: 10/26/2023) |
| 10/27/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 29) held on 10/27/2023. Bench Trial shall resume on 10/30/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Courtroom 24 will be the overflow courtroom. Court Reporter: Sara Wick: Defense Witness: Dr. Prabhakar Raghavan (completed testimony). (zjd) (Entered: 10/27/2023) |
| 10/30/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 30) held on 10/30/2023. Bench Trial shall resume on 10/31/2023 at 9:30 AM in Courtroom |

| | | |
|---|---|---|
| | | 10 before Judge Amit P. Mehta. Court Reporters: Jeff Hook (a.m.) and Jan Dickman (p.m.). Defense Witnesses: Sundar Pichai (completed testimony) and Professor Edward Fox (began cross examination). (zjd) (Entered: 10/30/2023) |
| 10/31/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 31) held on 10/31/2023. Bench Trial shall resume on 11/1/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Sara Wick (a.m.) and Jeff Hook (p.m.). Defense Witnesses: Professor Edward Fox (completed testimony) and Dr. Ben Gomes (completed testimony). (zjd) (Entered: 10/31/2023) |
| 10/31/2023 | 752 | NOTICE of Appearance by Toyja E. Kelley, Sr on behalf of Farmers Group, Inc. (Kelley, Toyja) (Main Document 752 replaced on 11/1/2023) (mg). (Entered: 10/31/2023) |
| 10/31/2023 | 753 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Farmers Group, Inc. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A - Objection, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Kelley, Toyja) (Entered: 10/31/2023) |
| 11/01/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 32) held on 11/1/2023. Bench Trial shall resume on 11/2/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter Jan Dickman (a.m.) and Sara Wick (p.m.). Defense Witnesses: Elizabeth Reid (completed testimony), Eric Christensen (called by video deposition; completed testimony), Mitchell Baker (called by video deposition; completed testimony). (zjd) (Entered: 11/01/2023) |
| 11/02/2023 | 754 | MOTION To Preclude Rebuttal Testimony of Michael A.M. Davies by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order, # 3 Rule 7(m) Certification) (Schmidtlein, John) Modified on 11/6/2023 (mg). (Entered: 11/02/2023) |
| 11/02/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 33) held on 11/2/2023. Bench Trial shall resume on 11/3/2023 at 09:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: Jan Dickman (a.m.) and Jeff Hook (p.m.). Defense Witness: Dr. Mark A. Israel (began cross-examination). (lsj) (Entered: 11/02/2023) |
| 11/02/2023 | 755 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit F)(Schmidtlein, John) (Entered: 11/02/2023) |
| 11/03/2023 | | MINUTE ORDER granting Farmers Group, Inc.'s 753 Motion for Leave to File Document Under Seal, and denying as moot the further relief requested in the Sealed Objection, ECF No. 753-1. Signed by Judge Amit P. Mehta on 11/3/23. (lcapm2) (Entered: 11/03/2023) |
| 11/03/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 34) held on 11/3/2023. Bench Trial shall resume on 11/6/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: Sara Wick. Defense Witness: Dr. Mark A. Israel (resumed cross-examination). (zjd) (Entered: 11/03/2023) |
| 11/03/2023 | 756 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 11/03/2023) |
| 11/03/2023 | 757 | REDACTED DOCUMENT- Defendant's Notice Regarding Designated Deposition Testimony of Eric Christensen and Mitchell Baker to 756 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Schmidtlein, John) (Entered: 11/03/2023) |

| | | |
|---|---|---|
| 11/06/2023 | 758 | Memorandum in opposition to re 754 Motion for Miscellaneous Relief *Motion to Preclude Rebuttal Testimony of Michael A.M. Davies* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit)(Onyema, Veronica) (Entered: 11/06/2023) |
| 11/06/2023 | 759 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 11/06/2023) |
| 11/06/2023 | 760 | REDACTED DOCUMENT- United States Plaintiffs' Submission Regarding The Public Posting of JX0024 and JX0033 to 759 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted Version), # 2 Exhibit B (Redacted Version), # 3 Exhibit C (Redacted Version), # 4 Exhibit D (Redacted Version), # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 11/06/2023) |
| 11/06/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 35) held on 11/6/2023. Bench Trial shall resume on 11/7/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Defense Witnesses: Dr. Mark A. Israel (completed testimony) and Jennifer Fitzpatrick (completed testimony). (zjd) (Entered: 11/06/2023) |
| 11/06/2023 | | MINUTE ORDER. The parties have advised the court of proposed closed-session testimony from witness Adrienne McCallister (Google) on November 7, 2023. The court will consider any argument and objections regarding the proposed closed session at 9:30 a.m. on November 7, 2023. Signed by Judge Amit P. Mehta on 11/6/23. (lcapm2) (Entered: 11/06/2023) |
| 11/06/2023 | 761 | REDACTED DOCUMENT- Evidentiary Proffer to 691 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 11/06/2023) |
| 11/07/2023 | 762 | REPLY to opposition to motion re 754 MOTION in Limine *to Preclude Rebuttal Testimony of Michael A.M. Davies* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/07/2023) |
| 11/07/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 36) held on 11/7/2023. Bench Trial shall resume on 11/8/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Proposed Transcript Redactions due by 11/9/2023. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Defense Witnesses: Richard Holden (completed testimony) and Adrienne McCallister (completed testimony). (zjd) (Entered: 11/07/2023) |
| 11/07/2023 | 763 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/07/2023) |
| 11/08/2023 | 764 | MOTION to Seal Document re 760 *to Seal Filing* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) Modified relief on 11/9/2023 (mg). (Entered: 11/08/2023) |
| 11/08/2023 | 765 | REDACTED DOCUMENT- United States Plaintiffs' Submission Regarding The Public Posting of JX0024 and JX0033 to 759 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Certificate of Service)(Herrmann, Karl) (Entered: 11/08/2023) |
| 11/08/2023 | 766 | NOTICE of Appearance by Jesse Josef Moore, I on behalf of STATE OF INDIANA (Moore, Jesse) (Main Document 766 replaced on 11/13/2023) (znmw). (Entered: 11/08/2023) |

| | | |
|---|---|---|
| 11/08/2023 | | MINUTE ORDER granting Plaintiffs' 764 Motion for Order. The previously-public submission, ECF No. 760, shall remain under seal due to inadvertently omitted redactions. Signed by Judge Amit P. Mehta on 11/8/23. (lcapm2) (Entered: 11/08/2023) |
| 11/08/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 37) held on 11/8/2023. Bench Trial shall resume on 11/9/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Defense Witnesses: Jamie Rosenberg (completed testimony) and Jeffrey Giard (called by video deposition; completed testimony). (zjd) (Entered: 11/08/2023) |
| 11/08/2023 | 767 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Proposed Order Granting Motion To Seal, # 2 Exhibit Non-Party Petitioner Apple Inc.'s Response to Plaintiff Department of Justice's Submission) (Sunshine, Steven) (Entered: 11/08/2023) |
| 11/08/2023 | 768 | SEALED DOCUMENT filed by GOOGLE LLC re 759 Sealed Document, (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 11/08/2023) |
| 11/08/2023 | 769 | REDACTED DOCUMENT- Defendant Google LLC's Response to United States Plaintiffs' Submission Regarding the Public Posting of JX0024 and JX0033 to 768 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/08/2023) |
| 11/09/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 38) held on 11/9/2023. Bench Trial shall resume on 11/13/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporter: William Zaremba. Defense Witnesses: Daniel Levy (called by video deposition; completed testimony) and Jeffrey Ezell (called by video deposition; completed testimony). (zjd) (Entered: 11/09/2023) |
| 11/09/2023 | 770 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/09/2023) |
| 11/10/2023 | 771 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 11/10/2023) |
| 11/10/2023 | 772 | REDACTED DOCUMENT- Defendant's Notice Regarding Designated Deposition Testimony of Jeffrey Giard, Daniel Levy, and Jeffrey Ezell to 771 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Schmidtlein, John) (Entered: 11/10/2023) |
| 11/13/2023 | 773 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/13/2023) |
| 11/13/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 39) held on 11/13/2023. Bench Trial shall resume on 11/14/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Defense Witness: Prof. Kevin Murphy (began direct examination). (zjd) (Entered: 11/13/2023) |
| 11/14/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 40) held on 11/14/2023. Bench Trial shall resume on 11/15/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Sara Wick (p.m.). Defense Witness: Prof. Kevin Murphy (completed testimony). (zjd) (Entered: 11/14/2023) |
| 11/14/2023 | 774 | Second MOTION to Amend/Correct *To Correct the Record* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sallet, |

| | | |
|---|---|---|
| | | Jonathan) (Entered: 11/14/2023) |
| 11/14/2023 | 775 | NOTICE *Regarding Designated Deposition Testimony* by GOOGLE LLC (Schmidtlein, John) (Entered: 11/14/2023) |
| 11/14/2023 | 776 | REDACTED DOCUMENT- Defendant's Response to Colorado Plaintiffs' Evidentiary Proffer Related to Specialized Vertical Providers to 708 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/14/2023) |
| 11/14/2023 | 777 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/14/2023) |
| 11/15/2023 | 778 | ORDER granting 774 Second Motion to Correct the Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 11/15/23. (lcapm2) (Entered: 11/15/2023) |
| 11/15/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 41) held on 11/15/2023. Bench Trial shall resume on 11/16/2023 at 9:30 AM in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Jeff Hook (p.m.). Rebuttal Witness: Professor Douglas W. Oard (completed testimony). (zjd) (Entered: 11/15/2023) |
| 11/16/2023 | 779 | NOTICE *of Exhibits Admitted into Evidence in Bulk* by STATE OF COLORADO (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Sallet, Jonathan) (Entered: 11/16/2023) |
| 11/16/2023 | 780 | NOTICE *Regarding Designated Deposition Testimony* by UNITED STATES OF AMERICA (Goldstein, Jeremy Michael) (Entered: 11/16/2023) |
| 11/16/2023 | 781 | NOTICE *of Exhibits Admitted into Evidence* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Herrmann, Karl) (Entered: 11/16/2023) |
| 11/16/2023 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Bench Trial (Day 42) held and concluded on 11/16/2023. Closing Arguments set for 5/1/2024 in Courtroom 10 before Judge Amit P. Mehta. Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.). Rebuttal Witness: Prof. Michael Whinston (completed testimony). (zjd) (Entered: 11/16/2023) |
| 11/16/2023 | 783 | MOTION to Intervene by BRAD GREENSPAN. (mg) (Entered: 11/20/2023) |
| 11/17/2023 | 782 | ORDER setting the schedule and page limitations for the parties' post-trial submissions. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 11/17/23. (lcapm2) (Entered: 11/17/2023) |
| 11/17/2023 | 784 | MOTION for CM/ECF Password by BRAD GREENSPAN. (mg) (Entered: 11/21/2023) |
| 11/26/2023 | 785 | NOTICE *Regarding Designated Deposition Testimony* by STATE OF COLORADO (Sallet, Jonathan) (Entered: 11/26/2023) |
| 11/27/2023 | 786 | NOTICE *Joint Notice Regarding Designated Deposition Testimony* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit GG, # 34 Exhibit HH, # 35 Exhibit II, # 36 Exhibit JJ, # 37 Exhibit KK, # 38 Exhibit LL, # 39 Exhibit MM, # 40 Exhibit NN, # 41 Exhibit OO, |

| | | |
|---|---|---|
| | | # 42 Exhibit PP, # 43 Exhibit QQ, # 44 Exhibit RR, # 45 Exhibit SS)(Goldstein, Jeremy Michael) (Entered: 11/27/2023) |
| 11/28/2023 | 787 | Memorandum in opposition to re 783 Motion to Intervene filed by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 11/28/2023) |
| 11/28/2023 | | MINUTE ORDER denying Brad Greenspan's 783 Motion to Intervene and 784 Motion for a CM/ECF Password. First, the movant has neither demonstrated that he is entitled to intervene as a matter of right, Fed. R. Civ. P. 24(a), nor that the court should permit him to intervene, Fed. R. Civ. P. 24(b). Movant appears to argue that as an intervenor, he would contribute additional evidence in support of the Plaintiffs' case. ECF No. 783, at 4-7. However, movant has failed to identify any cognizable claims or injuries he would be able to pursue or remedy, as required to establish Article III standing and under Fed. R. Civ. P. 24. Second, the motion is not timely, as required by Fed. R. Civ. P. 24, considered in light of the "time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." Amador Cnty., Cal. v. U.S. Dep't of the Interior, 772 F.3d 901, 903 (D.C. Cir. 2014). Having denied the Motion to Intervene, the court denies the Motion for a CM/ECF Password as moot. Signed by Judge Amit P. Mehta on 11/28/23. (lcapm2) (Entered: 11/28/2023) |
| 12/11/2023 | 788 | Unopposed MOTION to Amend/Correct *the Trial Record* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/11/2023) |
| 12/12/2023 | 789 | ORDER granting Defendant's 788 Unopposed Motion to Amend/Correct the Trial Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/12/23. (lcapm2) (Entered: 12/12/2023) |
| 12/27/2023 | 790 | MOTION for Reconsideration re 11/28/2023 MINUTE Order on Motion to Intervene by BRAD GREENSPAN. (Attachments: # 1 Declaration, # 2 Exhibit)(mg) (Entered: 12/28/2023) |
| 12/27/2023 | 792 | CERTIFICATE OF SERVICE by BRAD GREENSPAN re 790 MOTION for Reconsideration. (mg) (Entered: 12/29/2023) |
| 12/28/2023 | 791 | ERRATA by BRAD GREENSPAN re 790 Motion for Reconsideration. (Attachments: # 1 Errata Declaration)(mg) (Entered: 12/29/2023) |
| 12/28/2023 | 793 | CERTIFICATE OF SERVICE by BRAD GREENSPAN re 790 MOTION for Reconsideration. (mg). (Entered: 01/02/2024) |
| 01/02/2024 | 794 | MOTION to Take Judicial Notice by BRAD GREENSPAN. (Attachments: # 1 Exhibit)(mg) (Entered: 01/03/2024) |
| 01/02/2024 | 795 | CERTIFICATE OF SERVICE by BRAD GREENSPAN re 790 MOTION for Reconsideration. (mg) (Entered: 01/03/2024) |
| 01/05/2024 | 796 | Memorandum in opposition to re 794 Motion to Take Judicial Notice, 790 Motion for Reconsideration filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 01/05/2024) |
| 01/09/2024 | | MINUTE ORDER denying Brad Greenspan's 790 Motion for Reconsideration and granting his 794 Motion to take Judicial Notice. This court's prior Minute Order denied Mr. Greenspan's motion to intervene, ECF No. 783, concluding that he did not have standing to intervene in this matter and, even if he had standing, his intervention would not be timely under Federal Rules of Civil Procedure 24. Mr. Greenspan seeks reconsideration of that decision and has submitted several unrelated filings and dockets |

| | | |
|---|---|---|
| | | from cases in other jurisdictions, requesting that this court take judicial notice of those filings in connection with the reconsideration motion. See ECF No. 794-1. First, the court takes judicial notice of the offered exhibits, though they are not ultimately relevant to the court's decision. Second, the court declines to reconsider its prior order. "Motions for reconsideration are 'disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances.'" Wright v. F.B.I., 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (quoting Andreen v. Lanier, 582 F. Supp. 2d 48, 4950 (D.D.C. 2008)). This is because "motions for reconsideration cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier." Klayman v. Jud. Watch, Inc., 296 F. Supp. 3d 208, 21314 (D.D.C. 2018) (quoting Estate of Gaither ex rel. Gaither v. District of Columbia, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011)) (internal quotation marks and alterations omitted). Here, Mr. Greenspan has identified no intervening change in law, new evidence, or other reason for this court to reconsider its prior decision. And, in any event, nothing presented in his motion alters the court's conclusions that he lacks Article III standing to intervene and that his application is untimely. Signed by Judge Amit P. Mehta on 1/9/24. (lcapm2) (Entered: 01/09/2024) |
| 01/10/2024 | 797 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Joshua Hafenbrack terminated. (Herrmann, Karl) (Entered: 01/10/2024) |
| 01/10/2024 | 798 | NOTICE OF INTERLOCUTORY APPEAL as to Order on Motion for Reconsideration, Order on Motion to Take Judicial Notice, by BRAD GREENSPAN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(mg) (Entered: 01/10/2024) |
| 01/10/2024 | 799 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 798 Notice of Interlocutory Appeal. (mg) (Entered: 01/10/2024) |
| 01/11/2024 | | USCA Case Number 24-5006 for 798 Notice of Interlocutory Appeal filed by BRAD GREENSPAN. (znmw) (Entered: 01/11/2024) |
| 01/19/2024 | 800 | MOTION to Unseal Document by NEW YORK TIMES COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Declaration of Al-Amyn Sumar, # 4 Ex A to Sumar Decl., # 5 Ex B to Sumar Decl., # 6 Ex C to Sumar Decl., # 7 Ex D to Sumar Decl., # 8 Ex E to Sumar Decl., # 9 Ex F to Sumar Decl., # 10 Ex G to Sumar Decl., # 11 Ex H to Sumar Decl., # 12 Ex I to Sumar Decl., # 13 Ex J to Sumar Decl.)(Sumar, Al-Amyn) (Entered: 01/19/2024) |
| 01/23/2024 | 803 | MOTION for Joinder re 1 Complaint by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration) (mg) (Entered: 01/24/2024) |
| 01/23/2024 | 804 | MOTION to Vacate Order on Motion to Intervene, by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration)(mg) (Entered: 01/24/2024) |
| 01/23/2024 | 805 | MOTION to Vacate 789 Order on Motion to Amend/Correct by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration)(mg) (Entered: 01/24/2024) |
| 01/23/2024 | 806 | MOTION for Reconsideration by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/23/2024. (Attachments: # 1 Declaration, # 2 Exhibit) (mg) (Entered: 01/24/2024) |

| | | |
|---|---|---|
| 01/24/2024 | 801 | MOTION for Recusal of Judge Mehta by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/24/2024. (Attachments: # 1 Exhibit)(mg) (Entered: 01/24/2024) |
| 01/24/2024 | 802 | MOTION for Recusal of Judge Ana C. Reyes by BRAD GREENSPAN. "LET THIS BE FILED." Signed by Judge Amit Mehta on 1/24/2024. (Attachments: # 1 Declaration, # 2 Exhibit)(mg) (Entered: 01/24/2024) |
| 01/25/2024 | | MINUTE ORDER denying Brad Greenspan's Motion for Joinder, ECF No. 803, as well as his motions to recuse Judge Amit P. Mehta and Judge Ana Reyes from this case, ECF Nos. 801 and 802. This court has previously denied Mr. Greenspan intervention under Fed. R. Civ. P. 24, Minute Order (Nov. 28, 2023), and denied reconsideration of that order, Minute Order (Jan. 9, 2024). Mr. Greenspan is thus not a party to this action and therefore does not have standing to join parties to this action under either Federal Rule of Civil Procedure 19 or 20. See Terwilliger v. Allen, No. 23-cv-00740, 2023 WL 5485626, at *2 (D. Colo. Aug. 24, 2023) (nonparties seeking to join lawsuit must do so via Rule 24 intervention, not joinder); Scherer v. Merck & Co., No. 05-2019, 2005 WL 8160891, at *1 (D. Kan. July 12, 2005) ("Rules 19 and 20 simply do not allow for a non-party to move for joinder."). The same is true with respect to the motions to recuse. 28 U.S.C. § 455 sets forth the circumstances under which a judge must be disqualified from presiding over a case. Mr. Greenspan as a nonparty does not have standing to move to recuse under this statute. See United States v. Sciarra, 851 F.2d 621, 634 (3d Cir. 1988) (Section 455 does not confer standing upon non-party witnesses to challenge the impartiality of the judge); United States v. 8 Gilcrease Lane, No. 08-cv-1345 (RMC), 2009 WL 2408414, at *1 (D.D.C. Aug. 4, 2009) (denying motion to recuse by a nonparty whom the court had already denied intervention, citing Sciarra). Signed by Judge Amit P. Mehta on 1/25/24. (lcapm2) (Entered: 01/25/2024) |
| 01/25/2024 | | MINUTE ORDER. Brad Greenspan's motions at ECF Nos. 804, 805, and 806 are hereby denied. Signed by Judge Amit P. Mehta on 1/25/24. (lcapm2) (Entered: 01/25/2024) |
| 01/25/2024 | | MINUTE ORDER. In light of the court's denials of intervention by Brad Greenspan and his history of frivolous, repetitive filings, the Clerk of Court is hereby directed to accept no further filings from Mr. Greenspan in this matter, absent leave of court. Signed by Judge Amit P. Mehta on 1/25/24. (lcapm2) (Entered: 01/25/2024) |
| 01/26/2024 | 807 | Supplemental Record on Appeal transmitted to US Court of Appeals re Order on Motion to Vacate, Order on Motion for Reconsideration, Order on Motion for Recusal, Order on Motion for Joinder; USCA Case Number 24-05006. (mg) (Entered: 01/26/2024) |
| 01/26/2024 | 808 | Joint STATUS REPORT *Regarding Proposed Confidentiality Management Orders and Plaintiffs Position Statement Regarding the New York Times Company Motion for Access to Judicial Records* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Herrmann, Karl) (Entered: 01/26/2024) |
| 01/31/2024 | 809 | NOTICE of Appearance by Diamante A. Smith on behalf of STATE OF TEXAS (Smith, Diamante) (Entered: 01/31/2024) |
| 01/31/2024 | 810 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TEXAS. Attorney Margaret Sharp terminated. (Smith, Diamante) (Entered: 01/31/2024) |
| 01/31/2024 | 811 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH DAKOTA. Attorney Parrell D. Grossman terminated. (Alm, Elin) (Entered: 01/31/2024) |
| 02/02/2024 | 812 | Memorandum in opposition to re 800 Motion to Unseal Document, filed by APPLE INC.. (Sunshine, Steven) (Entered: 02/02/2024) |

| | | |
|---|---|---|
| 02/02/2024 | 813 | Memorandum in opposition to re 800 Motion to Unseal Document, filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 02/02/2024) |
| 02/02/2024 | 814 | RESPONSE re 800 MOTION to Unseal Document *NON-PARTY MICROSOFT CORPORATION'S POSITION STATEMENT ON THE PROPOSED CONFIDENTIALITY MANAGEMENT ORDERS AND THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS* by MICROSOFT CORPORATION (Ray, Amy) Modified event title and link on 2/5/2024 (znmw). (Entered: 02/02/2024) |
| 02/06/2024 | 815 | Unopposed MOTION to Amend/Correct *the Record* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 02/06/2024) |
| 02/06/2024 | 816 | NOTICE of Appearance by Christopher A. Knight on behalf of STATE OF FLORIDA (Knight, Christopher) (Entered: 02/06/2024) |
| 02/07/2024 | 817 | ORDER granting Plaintiffs' 815 Unopposed Third Motion to Correct the Record. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/7/24. (lcapm2) (Entered: 02/07/2024) |
| 02/07/2024 | 818 | MOTION for Extension of Time to File Response/Reply as to 800 MOTION to Unseal Document by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al-Amyn) (Entered: 02/07/2024) |
| 02/08/2024 | | MINUTE ORDER granting Intervenor New York Times' 818 Motion for Extension of Time on Intervenor's Reply in Support of its Motion for Access to Judicial Records. Intervenor's reply shall be due on or before February 23, 2024. Signed by Judge Amit P. Mehta on 2/9/24. (lcapm2) (Entered: 02/08/2024) |
| 02/09/2024 | 819 | NOTICE of Appearance by Charles K. Thimmesch on behalf of STATE OF GEORGIA (Thimmesch, Charles) (Main Document 819 replaced on 2/9/2024) (mg). (Entered: 02/09/2024) |
| 02/09/2024 | 820 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2024) |
| 02/09/2024 | 821 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2024) |
| 02/09/2024 | 822 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/09/2024) |
| 02/09/2024 | 823 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2024) |
| 02/09/2024 | 824 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 02/09/2024) |
| 02/09/2024 | 825 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Sallet, Jonathan) (Entered: 02/09/2024) |
| 02/09/2024 | 826 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, |

| | | |
|---|---|---|
| | | John) (Entered: 02/09/2024) |
| 02/09/2024 | 827 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/09/2024) |
| 02/09/2024 | 828 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 02/09/2024) |
| 02/10/2024 | | MINUTE ORDER. The parties shall appear for a status conference on February 12, 2024, at 11:30 a.m. in Courtroom 10, to discuss the parties' proposed case management orders. Signed by Judge Amit P. Mehta on 2/10/24. (lcapm2) (Entered: 02/10/2024) |
| 02/11/2024 | | NOTICE of Hearing: The public access line will be connected for the status conference set for 2/12/2024 at 11:30 AM. Members of the public or media may access the hearing by dialing (877) 848-7030 and entering access code 321-8747. (zjd) (Entered: 02/11/2024) |
| 02/12/2024 | | NOTICE OF ERROR re 822 Sealed Document; emailed to karl.herrmann@usdoj.gov, cc'd 340 associated attorneys -- The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) NOTICE OF ERROR re 822 Sealed Document; emailed to karl.herrmann@usdoj.gov, cc'd 340 associated attorneys -- The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. Signature of filer must match the name on the PACER account. (mg, ) (Entered: 02/12/2024) |
| 02/12/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 2/12/2024. Court and parties set schedule for finding of facts. Court Reporter William Zaremba. (zjch, ) (Entered: 02/12/2024) |
| 02/13/2024 | | USCA Appeal Fees received $ 605 receipt number 206639 re 798 Notice of Interlocutory Appeal filed by BRAD GREENSPAN (mg) (Entered: 02/14/2024) |
| 02/14/2024 | 829 | Supplemental Record on Appeal transmitted to US Court of Appeals re USCA Appeal Fees ; USCA Case Number 24-5006. (mg) (Entered: 02/14/2024) |
| 02/14/2024 | 830 | NOTICE *of Filing of Proposed Stipulated Post-Trial Submissions Confidentiality Management Order* by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order Stipulated Post-Trial Submissions Confidentiality Management Order)(Goldstein, Jeremy Michael) (Entered: 02/14/2024) |
| 02/15/2024 | 831 | ORDER entering the parties' Stipulated Post-Trial Submissions Confidentiality Management Order. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/15/24. (lcapm2) (Entered: 02/15/2024) |
| 02/15/2024 | | MINUTE ORDER. The parties shall appear for a status conference on March 11, 2024, at 11:00 a.m. in Courtroom 10, to discuss outstanding confidentiality disputes. See Order, ECF No. 831. Signed by Judge Amit P. Mehta on 2/15/24. (lcapm2) (Entered: 02/15/2024) |
| 02/15/2024 | | NOTICE of Hearing: The public access line will be connected for the status conference set for 3/11/2024 at 11:00 AM. Members of the public or media may access the hearing by dialing (877) 848-7030 and entering access code 321-8747. (smc) (Entered: 02/15/2024) |
| 02/15/2024 | 832 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on February 12, 2024; Page Numbers: 1-40. Date of Issuance: February 15, |

| | | |
|---|---|---|
| | | 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/7/2024. Redacted Transcript Deadline set for 3/17/2024. Release of Transcript Restriction set for 5/15/2024.(Zaremba, William) (Entered: 02/15/2024) |
| 02/23/2024 | 833 | REDACTED DOCUMENT- Defendant's Post-Trial Brief to 826 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/23/2024) |
| 02/23/2024 | 834 | REDACTED DOCUMENT- Defendant's Proposed Conclusions of Law to 827 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/23/2024) |
| 02/23/2024 | 835 | REDACTED DOCUMENT- Defendant's Proposed Findings of Fact to 828 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/23/2024) |
| 02/23/2024 | 836 | REPLY to opposition to motion re 800 MOTION to Unseal Document filed by NEW YORK TIMES COMPANY. (Sumar, Al-Amyn) (Entered: 02/23/2024) |
| 02/23/2024 | 837 | REDACTED DOCUMENT- Plaintiffs' Post-Trial Brief to 820 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/23/2024) |
| 02/23/2024 | 838 | REDACTED DOCUMENT- Plaintiffs' Proposed Conclusions of Law to 821 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 02/23/2024) |
| 02/23/2024 | 839 | REDACTED DOCUMENT- Plaintiffs' Proposed Findings of Fact to 822 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Main Document 839 replaced on 2/26/2024) (smc). (Entered: 02/23/2024) |
| 02/23/2024 | 840 | REDACTED DOCUMENT- Plaintiff States' Post-Trial Brief to 823 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/23/2024) |
| 02/23/2024 | 841 | REDACTED DOCUMENT- Plaintiff States' Proposed Conclusions of Law to 824 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/23/2024) |
| 02/23/2024 | 842 | REDACTED DOCUMENT- Plaintiff States' Proposed Findings of Fact to 825 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 02/23/2024) |
| 02/27/2024 | 843 | MOTION to Take Judicial Notice *of Certain Publicly Available Exhibits* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Attachment A, # 2 Exhibit Attachment B, # 3 Exhibit Attachment C, # 4 Text of Proposed Order)(Herrmann, Karl) (Entered: 02/27/2024) |
| 02/29/2024 | 844 | NOTICE of Change of Address by Amy Wilkie Ray (Ray, Amy) (Entered: 02/29/2024) |

| | | |
|---|---|---|
| 03/11/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 3/11/2024. (Court Reporter: William Zaremba) (zjd) (Entered: 03/11/2024) |
| 03/12/2024 | 845 | RESPONSE re 843 MOTION to Take Judicial Notice *of Certain Publicly Available Exhibits* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/12/2024) |
| 03/12/2024 | 847 | NOTICE OF INTERLOCUTORY APPEAL as to 1/25/2024 MINUTE Order on Motion for Joinder by BRAD GREENSPAN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(mg) . Modified docket text on 3/27/2024 (mg). (Entered: 03/14/2024) |
| 03/13/2024 | 846 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on March 11, 2024; Page Numbers: 1-68. Date of Issuance: March 13, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/3/2024. Redacted Transcript Deadline set for 4/13/2024. Release of Transcript Restriction set for 6/11/2024.(Zaremba, William) (Entered: 03/13/2024) |
| 03/14/2024 | 848 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 847 Notice of Interlocutory Appeal. (mg) (Entered: 03/14/2024) |
| 03/14/2024 | 849 | NOTICE of Proposed Order *Proposed Stipulated Confidentiality Management Order Regarding Responsive Post-Trial Submissions and Intervenor The New York Times Company's Motion for Judicial Access* by GOOGLE LLC (Schmidtlein, John) (Entered: 03/14/2024) |
| 03/14/2024 | | USCA Case Number 24-5006 for 847 Notice of Interlocutory Appeal filed by BRAD GREENSPAN. (znmw) (Entered: 03/18/2024) |
| 03/15/2024 | 850 | ORDER entering the parties' 849 Stipulated Confidentiality Management Order. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 3/15/24. (lcapm2) (Entered: 03/15/2024) |
| 03/19/2024 | 851 | REPLY to opposition to motion re 843 MOTION to Take Judicial Notice *of Certain Publicly Available Exhibits* filed by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/19/2024) |
| 03/22/2024 | 852 | SEALED DOCUMENT filed by STATE OF COLORADO re 828 Sealed Document (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 03/22/2024) |

| | | |
|---|---|---|
| 03/22/2024 | 853 | SEALED DOCUMENT filed by STATE OF COLORADO re 827 Sealed Document (This document is SEALED and only available to authorized persons.)(Sallet, Jonathan) (Entered: 03/22/2024) |
| 03/22/2024 | 854 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 827 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 03/22/2024) |
| 03/22/2024 | 855 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 828 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 03/22/2024) |
| 03/22/2024 | 856 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 03/22/2024) |
| 03/22/2024 | 857 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 03/22/2024) |
| 03/25/2024 | 858 | NOTICE OF INTERLOCUTORY APPEAL as to 1/25/2024 MINUTE Order on Motion for Recusal by BRAD GREENSPAN. Fee Status: No Fee Paid. Parties have been notified. (Attachments: # 1 Exhibit)(mg) (Entered: 03/27/2024) |
| 03/27/2024 | 859 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The fee remains to be paid and another notice will be transmitted when the fee has been paid in the District Court or motion to proceed In Forma Pauperis has been decided re 858 Notice of Interlocutory Appeal. (mg) (Entered: 03/27/2024) |
| 03/27/2024 | | USCA Case Number 24-5006 for 858 Notice of Interlocutory Appeal filed by BRAD GREENSPAN. (znmw) (Entered: 03/27/2024) |
| 03/29/2024 | 860 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Matthew C. Hammond terminated. (Hammond, Matthew) (Entered: 03/29/2024) |
| 03/29/2024 | 861 | REDACTED DOCUMENT- Plaintiff States' Responsive Proposed Findings of Fact to 852 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/29/2024) |
| 03/29/2024 | 862 | REDACTED DOCUMENT- Plaintiff States' Responsive Proposed Conclusions of Law to 853 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 03/29/2024) |
| 03/29/2024 | 863 | REDACTED DOCUMENT- Plaintiffs' Response to Defendant's Proposed Conclusions of Law to 854 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/29/2024) |
| 03/29/2024 | 864 | REDACTED DOCUMENT- Plaintiffs' Response to Defendant's Proposed Findings of Fact to 855 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 03/29/2024) |
| 03/29/2024 | 865 | REDACTED DOCUMENT- Defendant's Responsive Proposed Findings of Fact to 856 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/29/2024) |
| 03/29/2024 | 866 | REDACTED DOCUMENT- Defendant's Responsive Proposed Conclusions of Law to 857 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/29/2024) |

| | | |
|---|---|---|
| 04/02/2024 | 867 | NOTICE of Appearance by Maya Gandhi on behalf of NEW YORK TIMES COMPANY (Gandhi, Maya) (Entered: 04/02/2024) |
| 04/10/2024 | 868 | NOTICE of Appearance by Anthony Stephen Ferrara on behalf of MOTOROLA MOBILITY LLC (Ferrara, Anthony) (Entered: 04/10/2024) |
| 04/10/2024 | 869 | NOTICE *of Non-Party Motorola Mobility LLC's Position Statement on The New York Times Company's Motion for Judicial Access* by MOTOROLA MOBILITY LLC re 800 Motion to Unseal Document, 850 Order (Ferrara, Anthony) (Entered: 04/10/2024) |
| 04/10/2024 | 870 | SEALED DOCUMENT filed by STATE OF COLORADO(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Certificate of Service)(Sallet, Jonathan) (Entered: 04/10/2024) |
| 04/10/2024 | 871 | NOTICE *of Non-Party Samsung Electronics Co., Ltd.'s Position Statement Regarding Intervenor The New York Times Company's Motion for Access to Judicial Records* by SAMSUNG ELECTRONICS CO., LTD. re 800 Motion to Unseal Document, (Attachments: # 1 Declaration of Kyu Sung Lee in support)(Arteaga, Juan) (Entered: 04/10/2024) |
| 04/10/2024 | 872 | NOTICE *of Position Statement* by AMAZON.COM, INC. re 850 Order (Attachments: # 1 Declaration of Mike James, # 2 Exhibit Designations)(Lipton, Joshua) (Entered: 04/10/2024) |
| 04/10/2024 | 873 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Non-Party Apple Inc.'s Motion for Leave to File Under Seal, # 2 Non-Party Apple Inc.'s Position Statement regarding DOJ's Post-Trial Submissions and Responsive Post-Trial Submissions, # 3 Declaration of Dave Lacy Kusters In Support Of Non-Party Apple Inc.'s Position Statement regarding DOJ's Post-Trial Submissions and Responsive Post-Trial Submissions) (Sunshine, Steven) (Entered: 04/10/2024) |
| 04/10/2024 | 874 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration Bondar, # 2 Declaration Price, # 3 Declaration Zwibelman, # 4 Declaration Daly, # 5 Declaration Lee, # 6 Exhibit A, # 7 Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R, # 24 Certificate of Service)(Schmidtlein, John) (Entered: 04/10/2024) |
| 04/10/2024 | 875 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Non-Party Apple Inc.'s Motion for Leave to File Under Seal, # 2 Non-Party Apple Inc.'s Position Statement Regarding The New York Times Company's Motion for Access to Judicial Records, # 3 Declaration of Dave Lacy Kusters In Support Of Non-Party Apple Inc.'s Position Statement Regarding The New York Times Company's Motion for Access to Judicial Records, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H)(Sunshine, Steven) (Entered: 04/10/2024) |
| 04/10/2024 | 876 | NOTICE of Appearance by Christian Dibblee on behalf of AT&T INC. (Dibblee, Christian) (Entered: 04/10/2024) |
| 04/10/2024 | 877 | NOTICE *of NON-PARTY AT&T INC.'S POSITION STATEMENT ON THE NEW YORK TIMES COMPANY'S MOTION FOR ACCESS TO JUDICIAL RECORDS* by AT&T INC. |

| | | |
|---|---|---|
| | | re 800 Motion to Unseal Document, 850 Order (Attachments: # 1 Exhibit 1)(Dibblee, Christian) (Entered: 04/10/2024) |
| 04/10/2024 | 878 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Certificate of Service)(Herrmann, Karl) (Entered: 04/10/2024) |
| 04/10/2024 | 879 | REDACTED DOCUMENT- Defendant's Submission Regarding Redactions to the Parties' Post-Trial Submissions and Certain Exhibits to 874 Sealed Document,, by GOOGLE LLC. (Attachments: # 1 Declaration Bondar, # 2 Declaration Price, # 3 Declaration Zwibelman, # 4 Declaration Daly, # 5 Declaration Lee, # 6 Exhibit A, # 7 Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H, # 14 Exhibit I, # 15 Exhibit J, # 16 Exhibit K, # 17 Exhibit L, # 18 Exhibit M, # 19 Exhibit N, # 20 Exhibit O, # 21 Exhibit P, # 22 Exhibit Q, # 23 Exhibit R) (Schmidtlein, John) (Entered: 04/10/2024) |
| 04/10/2024 | 880 | SUPPLEMENTAL MEMORANDUM to re 800 MOTION to Unseal Document filed by NEW YORK TIMES COMPANY. (Attachments: # 1 Declaration of Maya Gandhi, # 2 Ex A to Gandhi Decl, # 3 Ex B to Gandhi Decl, # 4 Ex C to Gandhi Decl, # 5 Ex D to Gandhi Decl, # 6 Ex E to Gandhi Decl, # 7 Ex F to Gandhi Decl, # 8 Ex G to Gandhi Decl)(Sumar, Al-Amyn) (Entered: 04/10/2024) |
| 04/10/2024 | 881 | NOTICE *of Nonparty Microsoft Corporation's Position Statement Concerning the Confidentiality of Its Documents and Testimony* by MICROSOFT CORPORATION re 850 Order (Attachments: # 1 Declaration of Julia E. Chapman In Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Declaration of Allen Robert Davis In Support, # 21 Declaration of Jonathan Tinter In Support)(Chapman, Julia) (Entered: 04/10/2024) |
| 04/11/2024 | 882 | REDACTED DOCUMENT- Plaintiffs' Confidentiality Position Statement to 878 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted), # 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal), # 5 Exhibit E (Redacted), # 6 Exhibit F (Redacted), # 7 Exhibit G (Redacted), # 8 Exhibit H (Redacted), # 9 Exhibit I (Redacted), # 10 Exhibit J (Redacted), # 11 Exhibit K (Redacted), # 12 Exhibit L (Redacted), # 13 Certificate of Service)(Herrmann, Karl) (Entered: 04/11/2024) |
| 04/11/2024 | 883 | NOTICE *re: Corrected Exhibit No. 7* by MICROSOFT CORPORATION re 881 Notice (Other),, (Chapman, Julia) (Entered: 04/11/2024) |
| 04/11/2024 | 884 | MOTION to Seal Exhibit No. 7 re 881 Notice (Other),, *(ECF No. 881-8)* by MICROSOFT CORPORATION. (Chapman, Julia) (Entered: 04/11/2024) |
| 04/11/2024 | 885 | REDACTED DOCUMENT- to 870 Sealed Document by STATE OF COLORADO. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Sallet, Jonathan) (Entered: 04/11/2024) |
| 04/18/2024 | 886 | MOTION to Withdraw as Attorney by STATE OF INDIANA. (Attachments: # 1 Text of Proposed Order)(Frasher, Ryan) (Entered: 04/18/2024) |
| 04/19/2024 | | MINUTE ORDER granting 886 Motion to Withdraw as Attorney. Attorney Ryan R. Frasher is hereby terminated as counsel of record for the State of Indiana. Signed by Judge Amit P. Mehta on 4/19/24. (lcapm2) (Entered: 04/19/2024) |

| | | |
|---|---|---|
| 04/19/2024 | 887 | Exhibit List - *Plaintiffs' Redacted Exhibit List* by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/19/2024) |
| 04/19/2024 | 888 | Exhibit List - *Joint Exhibit List* by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/19/2024) |
| 04/19/2024 | 889 | Exhibit List *Plaintiff States' Redacted Exhibit List* by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/19/2024) |
| 04/19/2024 | 890 | ORDER setting the schedule for closing arguments. Closing arguments shall occur over two days, May 2 - 3, 2024, in Courtroom 10. Arguments on each day will begin at 9:00 a.m. A public access line will be connected for the duration of the proceedings, and audience overflow and media access rooms will be designated in the courthouse. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/19/24. (lcapm2) (Entered: 04/19/2024) |
| 04/19/2024 | 891 | Exhibit List *Google's Redacted Exhibit List* by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/19/2024) |
| 04/23/2024 | | NOTICE of Hearing: The parties shall appear for an oral ruling on April 24, 2024 at 3:00 p.m. in Courtroom 10 before Judge Amit P. Mehta. Parties unable to attend in person may participate remotely. Members of the public or media may access proceedings by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zjd) (Entered: 04/23/2024) |
| 04/24/2024 | 892 | ORDER. For the reasons stated on the record on this date, the court grants in part and denies in part Intervenor The New York Times' 800 Motion to Unseal. The ruling the court read into the record is attached, including legal and record citations. If counsel have questions about this ruling, please contact chambers. Signed by Judge Amit P. Mehta on 04/24/2024. (lcapm2) (Entered: 04/24/2024) |
| 04/24/2024 | | Minute Entry for Oral Ruling proceedings held on 4/24/2024 before Judge Amit P. Mehta. Oral Ruling heard in respect to the records that are subject to the Times decision. Per the Oral Ruling, the parties are instructed to disclose specific portions of the requested exhibits, including those portions or records that must be re-reviewed, no later than 4/30/2024. (Court Reporter William Zaremba.) (zdrf) (Entered: 04/24/2024) |
| 04/24/2024 | 893 | ORDER updating the redactions in the parties' post-trial submissions. The rulings are informed by the legal principles set forth in the court's oral ruling on April 24, 2024, see Order, ECF No. 892, and reflect its individualized balancing of the Hubbard factors during that hearing. The DOJ Plaintiffs and Google shall amend their submissions consistent with the court's rulings and publicly docket them by April 30, 2024. See the attached Order for additional details. If counsel have questions about this Order, please contact chambers. Signed by Judge Amit P. Mehta on 4/24/24. (lcapm2) (Entered: 04/24/2024) |
| 04/24/2024 | 894 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Joseph Conrad terminated. (Conrad, Joseph) (Entered: 04/24/2024) |
| 04/25/2024 | 895 | TRANSCRIPT OF ORAL RULING PROCEEDINGS before Judge Amit P. Mehta held on April 24, 2024; Page Numbers: 1-45. Date of Issuance: April 25, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/16/2024. Redacted Transcript Deadline set for 5/26/2024. Release of Transcript Restriction set for 7/24/2024.(Zaremba, William) (Entered: 04/25/2024) |
| 04/30/2024 | | Closing Arguments set for 5/2/2024 at 09:00 AM in Courtroom 10- In Person (Audio Line Available) before Judge Amit P. Mehta. (zglw) (Entered: 04/30/2024) |
| 04/30/2024 | 896 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 820 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 897 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 822 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 898 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA re 855 Sealed Document (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 899 | RESPONSE re 827 Sealed Document *Plaintiffs' Response to Defendant's Proposed Conclusions of Law [Corrected April 30, 2024]* filed by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 900 | REDACTED DOCUMENT- to 823 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 901 | REDACTED DOCUMENT- to 824 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 902 | REDACTED DOCUMENT- to 825 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 903 | REDACTED DOCUMENT- to 852 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 904 | REDACTED DOCUMENT- to 853 Sealed Document by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 04/30/2024) |
| 04/30/2024 | 905 | REDACTED DOCUMENT- Plaintiffs' Post-Trial Brief [Corrected April 30, 2024] to 896 Sealed Document, 820 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 907 | REDACTED DOCUMENT- Plaintiffs' Response to Defendant's Proposed Findings of Fact [Corrected April 30, 2024] to 898 Sealed Document, 855 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/30/2024) |
| 04/30/2024 | 908 | REDACTED DOCUMENT- Google's Post-Trial Brief to 826 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 909 | REDACTED DOCUMENT- Defendant's Proposed Conclusions of Law to 827 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |

| | | |
|---|---|---|
| 04/30/2024 | 910 | REDACTED DOCUMENT- Defendant's Proposed Findings of Fact to 828 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 911 | REDACTED DOCUMENT- Defendant's Responsive Proposed Conclusions of Law to 857 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 04/30/2024 | 912 | REDACTED DOCUMENT- Defendant's Responsive Proposed Findings of Fact to 856 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 04/30/2024) |
| 05/02/2024 | 913 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. (Martin, Marie) (Entered: 05/02/2024) |
| 05/02/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Closing Arguments (Day 1) held on 5/2/2024. Closing Arguments shall resume on 5/3/2024 at 9:00 AM in Courtroom 10 before Judge Amit P. Mehta. (Court Reporters: William Zaremba (a.m.) and Janice Dickman (p.m.)) (zjd) (Entered: 05/02/2024) |
| 05/03/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Closing Arguments (Day 2) held on 5/3/2024. (Court Reporter William Zaremba (a.m.) and Janice Dickman (p.m.)) (zjd) (Entered: 05/03/2024) |
| 05/07/2024 | 914 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 1 MORNING SESSION before Judge Amit P. Mehta held on September 12, 2023; Page Numbers: 1-132. Date of Issuance: May 7, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Zaremba, William) (Entered: 05/07/2024) |
| 05/07/2024 | 915 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 12, 2023; Page Numbers: 133-301. Date of Issuance:May 7, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Dickman, Janice) (Entered: 05/07/2024) |
| 05/07/2024 | 916 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 2 MORNING SESSION before Judge Amit P. Mehta held on September 13, 2023; Page Numbers: 302-450. Date of Issuance: May 7, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Zaremba, William) (Entered: 05/07/2024) |
| 05/07/2024 | 917 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 13, 2023 Afternoon; Page Numbers: 451-601. Date of Issuance:May 7, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Dickman, Janice) (Entered: 05/07/2024) |
| 05/07/2024 | 918 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 3 MORNING SESSION before Judge Amit P. Mehta held on September 14, 2023; Page Numbers: 602-731. Date of Issuance: May 7, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Zaremba, William) (Entered: 05/07/2024) |
| 05/07/2024 | 919 | TRANSCRIPT OF BENCH TRIAL - DAY 3 - AFTERNOON SESSION before Judge Amit P. Mehta held on September 14, 2023. Page Numbers: 732 - 881. Date of Issuance: May 7, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2024. Redacted Transcript Deadline set for 6/7/2024. Release of Transcript Restriction set for 8/5/2024.(Hook, Jeff) (Entered: 05/07/2024) |
| 05/08/2024 | 920 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Wendy W.H. Waszmer terminated. (Waszmer, Wendy) (Entered: 05/08/2024) |
| 05/08/2024 | 921 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 15, 2023; Page Numbers: 882-1013. Date of Issuance:May 8, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/29/2024. Redacted Transcript Deadline set for 6/8/2024. Release of Transcript Restriction set for 8/6/2024.(Dickman, Janice) (Entered: 05/08/2024) |
| 05/08/2024 | 922 | TRANSCRIPT OF Testimony of Mr. Kolotouros (as partially unsealed) before Judge Amit P. Mehta held on September 15, 2023; Page Numbers: 884-990. Date of Issuance:May 8, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/29/2024. Redacted Transcript Deadline set for 6/8/2024. Release of Transcript Restriction set for 8/6/2024.(Dickman, Janice) (Entered: 05/08/2024) |
| 05/10/2024 | 923 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. (Ryther, Scott) (Entered: 05/10/2024) |
| 05/13/2024 | 924 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 5 MORNING SESSION before Judge Amit P. Mehta held on September 18, 2023; Page Numbers: 1014-1152. Date of Issuance: May 13, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/3/2024. Redacted Transcript Deadline set for 6/13/2024. Release of Transcript Restriction set for 8/11/2024.(Zaremba, William) (Entered: 05/13/2024) |
| 05/13/2024 | 925 | TRANSCRIPT OF (BRIAN HIGGINS REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 5 MORNING SESSION before Judge Amit P. Mehta held on September 18, 2023; Page Numbers: 1014-1120. Date of Issuance: May 13, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/3/2024. Redacted Transcript Deadline set for 6/13/2024. Release of Transcript Restriction set for 8/11/2024.(Zaremba, William) (Entered: 05/13/2024) |
| 05/13/2024 | 932 | AMICUS BRIEF by PET FUND. "LET THIS BE FILED." Signed by Judge Amit P. Mehta on 5/13/2024. (mg) (Entered: 05/15/2024) |
| 05/14/2024 | 926 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 09/18/2023. Page Numbers: 1165-1316. Date of Issuance: 05/14/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/4/2024. Redacted Transcript Deadline set for 6/14/2024. Release of Transcript Restriction set for 8/12/2024.(Wick, Sara) (Entered: 05/14/2024) |
| 05/14/2024 | 927 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 6 MORNING SESSION before Judge Amit P. Mehta held on September 19, 2023; Page Numbers: 1322-1472. Date of Issuance: May 14, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 6/4/2024. Redacted Transcript Deadline set for 6/14/2024. Release of Transcript Restriction set for 8/12/2024.(Zaremba, William) (Entered: 05/14/2024) |
| 05/15/2024 | 928 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 6 AFTERNOON SESSION before Judge Amit P. Mehta held on September 19, 2023. Page Numbers: 1473 - 1595. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/15/2024 | 929 | TRANSCRIPT OF (JONATHAN YOO REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 6 AFTERNOON SESSION before Judge Amit P. Mehta held on September 19, 2023. Page Numbers: 1 - 35. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/15/2024 | 930 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 7 MORNING SESSION before Judge Amit P. Mehta held on September 20, 2023; Page Numbers: 1596-1715. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Entered: 05/15/2024) |
| 05/15/2024 | 931 | TRANSCRIPT OF (MIKE ROSZAK REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 7 MORNING SESSION before Judge Amit P. Mehta held on September 20, 2023; Page Numbers: 1596-1711. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Entered: 05/15/2024) |
| 05/15/2024 | 933 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 09/20/2023. Page Numbers: 1732-1874. Date of Issuance: 05/15/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Wick, Sara) (Entered: 05/15/2024) |
| 05/15/2024 | 934 | TRANSCRIPT OF TESTIMONY OF MICHAEL ROSZAK, before Judge Amit P. Mehta held on 09/20/2023. Page Numbers: 1732-1746. Date of Issuance: 05/15/2024. |

| | | |
|---|---|---|
| | | Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Wick, Sara) (Entered: 05/15/2024) |
| 05/15/2024 | 935 | TRANSCRIPT OF TESTIMONY OF ERIC LEHMAN before Judge Amit P. Mehta held on 09/20/2023. Page Numbers: 1732-1859. Date of Issuance: 0/15/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Wick, Sara) (Entered: 05/15/2024) |
| 05/15/2024 | 936 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 8 MORNING SESSION before Judge Amit P. Mehta held on September 21, 2023; Page Numbers: 1885-2013. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Entered: 05/15/2024) |
| 05/15/2024 | 937 | TRANSCRIPT OF (ERIC LEHMAN REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 8 MORNING SESSION before Judge Amit P. Mehta held on September 21, 2023; Page Numbers: 1885-1935. Date of Issuance: May 15, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Zaremba, William) (Note: Date on transcript is incorrect and could not be modified; correct date of trial is 9/21/2023.) Modified on 5/16/2024 (znmw). (Entered: 05/15/2024) |
| 05/15/2024 | 938 | TRANSCRIPT OF (GABRIEL WEINBERG REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 8 AFTERNOON SESSION before Judge Amit P. Mehta held on September 21, 2023. Page Numbers: 2019 - 2115. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/15/2024 | 939 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 8 AFTERNOON SESSION before Judge Amit P. Mehta held on September 21, 2023. Page Numbers: 2133 - 2200. Date of Issuance: May 15, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 |

| | | |
|---|---|---|
| | | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/5/2024. Redacted Transcript Deadline set for 6/15/2024. Release of Transcript Restriction set for 8/13/2024.(Hook, Jeff) (Entered: 05/15/2024) |
| 05/17/2024 | 940 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 22, 2023; Page Numbers: 2201-2375. Date of Issuance: May 17, 2024. Court Reporter: Janice Dickman, Telephone number 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/7/2024. Redacted Transcript Deadline set for 6/17/2024. Release of Transcript Restriction set for 8/15/2024.(Dickman, Janice) (Entered: 05/17/2024) |
| 05/20/2024 | 941 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 10 MORNING SESSION before Judge Amit P. Mehta held on September 26, 2023; Page Numbers: 2413-2556. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |

| | | |
|---|---|---|
| 05/20/2024 | 942 | TRANSCRIPT OF (EDDY CUE REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 10 MORNING SESSION before Judge Amit P. Mehta held on September 26, 2023; Page Numbers: 2413-2545. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |
| 05/20/2024 | 943 | TRANSCRIPT OF (EDDY CUE REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 10 AFTERNOON SESSION before Judge Amit P. Mehta held on September 26, 2023. Page Numbers: 2571 - 2607. Date of Issuance: May 20, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Hook, Jeff) (Entered: 05/20/2024) |
| 05/20/2024 | 944 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 10 AFTERNOON SESSION before Judge Amit P. Mehta held on September 26, 2023. Page Numbers: 2615 - 2711. Date of Issuance: May 20, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Hook, Jeff) (Entered: 05/20/2024) |
| 05/20/2024 | 945 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 11 MORNING SESSION before Judge Amit P. Mehta held on September 27, 2023; Page Numbers: 2712-2849. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |
| 05/20/2024 | 946 | TRANSCRIPT OF (MIKHAIL PARAKHIN REDACTED EXCERPT) BENCH TRIAL PROCEEDINGS - DAY 11 MORNING SESSION before Judge Amit P. Mehta held on September 27, 2023; Page Numbers: 2712-2778. Date of Issuance: May 20, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/10/2024. Redacted Transcript Deadline set for 6/20/2024. Release of Transcript Restriction set for 8/18/2024.(Zaremba, William) (Entered: 05/20/2024) |
| 05/21/2024 | 947 | NOTICE OF SUBSTITUTION OF COUNSEL by Laura E. McFarlane on behalf of STATE OF WISCONSIN Substituting for attorney Gwendolyn J. Lindsay Cooley |

| | | |
|---|---|---|
| | | (McFarlane, Laura) (Entered: 05/21/2024) |
| 05/22/2024 | 948 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 27, 2023, afternoon session; Page Numbers: 2850-3032. Date of Issuance: May 22, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Dickman, Janice) (Entered: 05/22/2024) |
| 05/22/2024 | 949 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta, testimony of Anna Kartasheva, held on September 27, 2023; Page Numbers: 2850-2877. Date of Issuance: May 22, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Dickman, Janice) (Entered: 05/22/2024) |
| 05/22/2024 | 950 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 12 MORNING SESSION before Judge Amit P. Mehta held on September 28, 2023; Page Numbers: 3038-3225. Date of Issuance: May 22, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Zaremba, William) (Entered: 05/22/2024) |
| 05/22/2024 | 951 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 09/28/2023. Page Numbers: 3226-3400. Date of Issuance: 05/22/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Wick, Sara) (Entered: 05/22/2024) |
| 05/22/2024 | 952 | TRANSCRIPT OF TESTIMONY OF JON TINTER before Judge Amit P. Mehta held on 09/28/2023. Page Numbers: 3226-3379. Date of Issuance: 05/22/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/12/2024. Redacted Transcript Deadline set for 6/22/2024. Release of Transcript Restriction set for 8/20/2024.(Wick, Sara) (Entered: 05/22/2024) |
| 05/23/2024 | 953 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 29, 2023; Page Numbers: 3408-3469. Date of Issuance: May 23, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/13/2024. Redacted Transcript Deadline set for 6/23/2024. Release of Transcript Restriction set for 8/21/2024.(Dickman, Janice) (Entered: 05/23/2024) |
| 05/28/2024 | 954 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 14 MORNING SESSION before Judge Amit P. Mehta held on October 2, 2023; Page Numbers: 3470-3630. Date of Issuance: May 28, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/18/2024. Redacted Transcript Deadline set for 6/28/2024. Release of Transcript Restriction set for 8/26/2024.(Zaremba, William) (Entered: 05/28/2024) |
| 05/28/2024 | 955 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 14 AFTERNOON SESSION before Judge Amit P. Mehta held on October 2, 2023. Page Numbers: 3631 - 3768. Date of Issuance: May 28, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 6/18/2024. Redacted Transcript Deadline set for 6/28/2024. Release of Transcript Restriction set for 8/26/2024.(Hook, Jeff) (Entered: 05/28/2024) |
| 05/28/2024 | 956 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Kenneth Michael Dintzer terminated. (Herrmann, Karl) (Entered: 05/28/2024) |
| 05/29/2024 | 957 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 15 MORNING SESSION before Judge Amit P. Mehta held on October 3, 2023; Page Numbers: 3769-3919. Date of Issuance: May 29, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/19/2024. Redacted Transcript Deadline set for 6/29/2024. Release of Transcript Restriction set for 8/27/2024.(Zaremba, William) (Entered: 05/29/2024) |
| 05/30/2024 | 958 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 3, 2023; Page Numbers: 3920-4082. Date of Issuance: May 30, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Dickman, Janice) (Entered: 05/30/2024) |
| 05/30/2024 | 959 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 16 MORNING SESSION before Judge Amit P. Mehta held on October 4, 2023; Page Numbers: 4083-4230. Date of Issuance: May 30, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Zaremba, William) (Entered: 05/30/2024) |
| 05/30/2024 | 960 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/04/2023. Page Numbers: 4231-4398. Date of Issuance: 05/30/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Wick, Sara) (Entered: 05/30/2024) |
| 05/30/2024 | 961 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 17 MORNING SESSION before Judge Amit P. Mehta held on October 5, 2023; Page Numbers: 4399-4544. Date of Issuance: May 30, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Zaremba, William) (Entered: |

| | | |
|---|---|---|
| | | 05/30/2024) |
| 05/30/2024 | 962 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 17 AFTERNOON SESSION before Judge Amit P. Mehta held on October 5, 2023. Page Numbers: 4545 - 4678. Date of Issuance: May 30, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/18/2024. Redacted Transcript Deadline set for 6/28/2024. Release of Transcript Restriction set for 8/26/2024. (Hook, Jeff) Modified on 5/30/2024 (zjd). (Main Document 962 replaced on 5/30/2024) (zjd). (Entered: 05/30/2024) |
| 05/30/2024 | 963 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 18 before Judge Amit P. Mehta held on October 6, 2023; Page Numbers: 4678-4830. Date of Issuance: May 30, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/20/2024. Redacted Transcript Deadline set for 6/30/2024. Release of Transcript Restriction set for 8/28/2024.(Zaremba, William) (Entered: 05/30/2024) |
| 05/31/2024 | 964 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 19 MORNING SESSION before Judge Amit P. Mehta held on October 10, 2023; Page Numbers: 4831-4970. Date of Issuance: May 31, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/21/2024. Redacted Transcript Deadline set for 7/1/2024. Release of Transcript Restriction set for 8/29/2024.(Zaremba, William) (Entered: 05/31/2024) |
| 06/03/2024 | 965 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 19 AFTERNOON SESSION before Judge Amit P. Mehta held on October 10, 2023. Page Numbers: 4971 - 5106. Date of Issuance: June 3, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/24/2024. Redacted Transcript Deadline set for 7/4/2024. Release of Transcript Restriction set for 9/1/2024.(Hook, Jeff) (Entered: 06/03/2024) |
| 06/03/2024 | 966 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 20 MORNING SESSION before Judge Amit P. Mehta held on October 11, 2023; Page Numbers: 5107-5271. Date of Issuance: June 3, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/24/2024. Redacted Transcript Deadline set for 7/4/2024. Release of Transcript Restriction set for 9/1/2024.(Zaremba, William) (Entered: 06/03/2024) |
| 06/04/2024 | 967 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/11/2023. Page Numbers: 5272-5422. Date of Issuance: 06/05/2024. |

| | | |
|---|---|---|
| | | Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/25/2024. Redacted Transcript Deadline set for 7/5/2024. Release of Transcript Restriction set for 9/2/2024.(Wick, Sara) (Entered: 06/04/2024) |
| 06/04/2024 | 968 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 21 MORNING SESSION before Judge Amit P. Mehta held on October 12, 2023; Page Numbers: 5423-5578. Date of Issuance: June 4, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 6/25/2024. Redacted Transcript Deadline set for 7/5/2024. Release of Transcript Restriction set for 9/2/2024.(Zaremba, William) (Entered: 06/04/2024) |
| 06/10/2024 | 969 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 12, 2023, Afternoon Session; Page Numbers: 5579-5704. Date of Issuance: June 10, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/1/2024. Redacted Transcript Deadline set for 7/11/2024. Release of Transcript Restriction set for 9/8/2024.(Dickman, Janice) (Entered: 06/10/2024) |
| 06/11/2024 | 970 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 22 MORNING SESSION before Judge Amit P. Mehta held on October 16, 2023; Page Numbers: 5705 - 5823. Date of Issuance:June 11, 2024. Court Reporter: Jeff Hook, Telephone number 202-354-3373, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/2/2024. Redacted Transcript Deadline set for 7/12/2024. Release of Transcript Restriction set for 9/9/2024.(Hook, Jeff) (Entered: 06/11/2024) |
| 06/12/2024 | 971 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 16, 2023; Page Numbers: 5824-6012. Date of Issuance: June 12, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/3/2024. Redacted Transcript Deadline set for 7/13/2024. Release of Transcript Restriction set for 9/10/2024.(Dickman, Janice) (Entered: 06/12/2024) |
| 06/12/2024 | 972 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 23 MORNING SESSION before Judge Amit P. Mehta held on October 17, 2023. Page Numbers: 6013 - 6128. Date of Issuance: June 12, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/3/2024. Redacted Transcript Deadline set for 7/13/2024. Release of Transcript Restriction set for 9/10/2024.(Hook, Jeff) (Entered: 06/12/2024) |
| 06/13/2024 | 973 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/17/2023. Page Numbers: 6129-6275. Date of Issuance: 06/13/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Wick, Sara) (Entered: 06/13/2024) |
| 06/13/2024 | 974 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/18/2023. Page Numbers: 6279-6391. Date of Issuance: 06/13/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Wick, Sara) (Entered: 06/13/2024) |
| 06/13/2024 | 975 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 24 AFTERNOON SESSION before Judge Amit P. Mehta held on October 18, 2023. Page Numbers: 6392 - 6495. Date of Issuance: June 13, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Hook, Jeff) (Entered: 06/13/2024) |
| 06/13/2024 | 976 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/19/2023. Page Numbers: 6496-6627. Date of Issuance: 06/13/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Wick, Sara) (Entered: 06/13/2024) |
| 06/13/2024 | 977 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 19, 2023; Page Numbers: 6628-6741. Date of Issuance: June 13, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/4/2024. Redacted Transcript Deadline set for 7/14/2024. Release of Transcript Restriction set for 9/11/2024.(Dickman, Janice) (Main Document 977 replaced on 6/14/2024) (mg). (Entered: 06/13/2024) |

| | | |
|---|---|---|
| 06/14/2024 | 978 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/24/2023. Page Numbers: 6742-6841. Date of Issuance: 06/14/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Wick, Sara) (Entered: 06/14/2024) |
| 06/14/2024 | 979 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 24, 2023; Page Numbers: 6842-6997. Date of Issuance:June 14, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Dickman, Janice) (Entered: 06/14/2024) |
| 06/14/2024 | 980 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 27 MORNING SESSION before Judge Amit P. Mehta held on October 25, 2023. Page Numbers: 6998 - 7083. Date of Issuance: June 14, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Hook, Jeff) (Entered: 06/14/2024) |
| 06/14/2024 | 981 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 10/25/2023. Page Numbers: 7084-7219. Date of Issuance: 06/14/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Wick, Sara) (Entered: 06/14/2024) |
| 06/14/2024 | 982 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 26, 2024; Page Numbers: 7220-7341. Date of Issuance: June 14, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/5/2024. Redacted Transcript Deadline set for 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(Dickman, Janice) (Entered: 06/14/2024) |
| 06/17/2024 | 983 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 28 AFTERNOON SESSION before Judge Amit P. Mehta held on October 26, 2023. Page Numbers: 7342 - 7506. Date of Issuance: June 17, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/15/2024.(Hook, Jeff) (Entered: 06/17/2024) |
| 06/17/2024 | 984 | TRANSCRIPT OF BENCH TRIAL before Judge Amit P. Mehta held on 10/27/2023. Page Numbers: 7507-7633. Date of Issuance: 06/17/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/15/2024.(Wick, Sara) (Entered: 06/17/2024) |
| 06/17/2024 | 985 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 30 MORNING SESSION before Judge Amit P. Mehta held on October 30, 2023. Page Numbers: 7634 - 7764. Date of Issuance: June 17, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/8/2024. Redacted Transcript Deadline set for 7/18/2024. Release of Transcript Restriction set for 9/15/2024.(Hook, Jeff) (Entered: 06/17/2024) |
| 06/21/2024 | 986 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on October 30, 2023; Page Numbers: 7765-7929. Date of Issuance:June 21, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2024. Redacted Transcript Deadline set for 7/22/2024. Release of Transcript Restriction set for 9/19/2024.(Dickman, Janice) (Entered: 06/21/2024) |
| 06/21/2024 | 987 | TRANSCRIPT OF BENCH TRIAL, MORNING SESSION, before Judge Amit P. Mehta held on 10/31/2023. Page Numbers: 7930-8062. Date of Issuance: 06/21/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2024. Redacted Transcript Deadline set for 7/22/2024. Release of Transcript Restriction set for 9/19/2024.(Wick, Sara) (Entered: 06/21/2024) |
| 06/21/2024 | 988 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 31 AFTERNOON SESSION before Judge Amit P. Mehta held on October 31, 2023. Page Numbers: 8063 - 8185. Date of Issuance: June 21, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/12/2024. Redacted Transcript Deadline set for 7/22/2024. Release of Transcript Restriction set for 9/19/2024.(Hook, Jeff) (Entered: 06/21/2024) |

| | | |
|---|---|---|
| 06/24/2024 | 989 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 1, 2023; Page Numbers: 8186-8322. Date of Issuance:June 24, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/15/2024. Redacted Transcript Deadline set for 7/25/2024. Release of Transcript Restriction set for 9/22/2024.(Dickman, Janice) (Entered: 06/24/2024) |
| 06/25/2024 | 990 | NOTICE of Change of Address by John D. Friel (Friel, John) (Entered: 06/25/2024) |
| 06/25/2024 | 991 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 11/01/2023. Page Numbers: 8323-8366. Date of Issuance: 06/25/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/16/2024. Redacted Transcript Deadline set for 7/26/2024. Release of Transcript Restriction set for 9/23/2024.(Wick, Sara) (Entered: 06/25/2024) |
| 06/26/2024 | 992 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 2, 2023; Page Numbers: 8367-8502. Date of Issuance:June 26, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to |

| | | |
|---|---|---|
| | | the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/27/2024. Release of Transcript Restriction set for 9/24/2024.(Dickman, Janice) (Entered: 06/26/2024) |
| 06/26/2024 | 993 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 33 AFTERNOON SESSION before Judge Amit P. Mehta held on November 2, 2023. Page Numbers: 8503 - 8655. Date of Issuance: June 26, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/17/2024. Redacted Transcript Deadline set for 7/27/2024. Release of Transcript Restriction set for 9/24/2024.(Hook, Jeff) (Entered: 06/26/2024) |
| 06/27/2024 | 994 | TRANSCRIPT OF BENCH TRIAL before Judge Amit P. Mehta held on 11/03/2023. Page Numbers: 8656-8806. Date of Issuance: 06/27/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Wick, Sara) (Entered: 06/27/2024) |
| 06/27/2024 | 995 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 35 MORNING SESSION before Judge Amit P. Mehta held on November 6, 2023; Page Numbers: 8807-8957. Date of Issuance: June 27, 2024. Court Reporter/Transcriber: William Zaremba: Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 |

| | | |
|---|---|---|
| | | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Zaremba, William) (Entered: 06/27/2024) |
| 06/27/2024 | 996 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH CAROLINA. Attorney Jonathan R. Marx terminated. (Marx, Jonathan) (Entered: 06/27/2024) |
| 06/27/2024 | 997 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 6, 2023; Page Numbers: 8958-9123. Date of Issuance: June 27, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/18/2024. Redacted Transcript Deadline set for 7/28/2024. Release of Transcript Restriction set for 9/25/2024.(Dickman, Janice) (Entered: 06/27/2024) |
| 06/28/2024 | 998 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 36 MORNING SESSION before Judge Amit P. Mehta held on November 7, 2023; Page Numbers: 9124-9277. Date of Issuance: June 28, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Zaremba, William) (Entered: 06/28/2024) |
| 06/28/2024 | 999 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 36 AFTERNOON SESSION before Judge Amit P. Mehta held on November 7, 2023. Page Numbers: 9278 - 9402. Date of Issuance: June 28, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Hook, Jeff) (Entered: 06/28/2024) |
| 06/28/2024 | 1000 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 36 AFTERNOON SESSION (REDACTED) before Judge Amit P. Mehta held on November 7, 2023; Page Numbers: 9320 - 9350. Date of Issuance: June 28, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Hook, Jeff) (Entered: 06/28/2024) |
| 06/28/2024 | 1001 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 37 MORNING SESSION before Judge Amit P. Mehta held on November 8, 2023; Page Numbers: 9403-9540. Date of Issuance: June 28, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/19/2024. Redacted Transcript Deadline set for 7/29/2024. Release of Transcript Restriction set for 9/26/2024.(Zaremba, William) (Entered: 06/28/2024) |
| 07/01/2024 | 1002 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 11/08/2023. Page Numbers: 9541-9612. Date of Issuance: 07/01/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Wick, Sara) (Entered: 07/01/2024) |
| 07/01/2024 | 1003 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 38 before Judge Amit P. Mehta held on November 9, 2023; Page Numbers: 9613-9674. Date of Issuance: July 1, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Zaremba, William) (Entered: 07/01/2024) |
| 07/01/2024 | 1004 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 39 MORNING SESSION before Judge Amit P. Mehta held on November 13, 2023; Page Numbers: 9675-9829. Date of Issuance: July 1, 2024. Court Reporter/Transcriber: William Zaremba; |

| | | |
|---|---|---|
| | | Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Zaremba, William) (Entered: 07/01/2024) |
| 07/01/2024 | 1005 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 13, 2023; Page Numbers: 9830-9981. Date of Issuance:July 1, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024.(Dickman, Janice) (Entered: 07/01/2024) |
| 07/02/2024 | 1006 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 40 MORNING SESSION before Judge Amit P. Mehta held on November 14, 2023; Page Numbers: 9982-10147. Date of Issuance: July 2, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/23/2024. Redacted Transcript Deadline set for 8/2/2024. Release of Transcript Restriction set for 9/30/2024.(Zaremba, William) (Entered: 07/02/2024) |
| 07/02/2024 | 1007 | TRANSCRIPT OF BENCH TRIAL, AFTERNOON SESSION, before Judge Amit P. Mehta held on 11/14/2023. Page Numbers: 10148-10252. Date of Issuance: 07/02/2024. Court Reporter: Sara Wick, telephone number 202-354-3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/23/2024. Redacted Transcript Deadline set for 8/2/2024. Release of Transcript Restriction set for 9/30/2024.(Wick, Sara) (Entered: 07/02/2024) |
| 07/03/2024 | 1008 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 41 MORNING SESSION before Judge Amit P. Mehta held on November 15, 2023; Page Numbers: 10253-10375. Date of Issuance: July 3, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/3/2024. Release of Transcript Restriction set for 10/1/2024.(Zaremba, William) (Entered: 07/03/2024) |
| 07/03/2024 | 1009 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 41 AFTERNOON SESSION before Judge Amit P. Mehta held on November 15, 2023. Page Numbers: 10376 - 10445. Date of Issuance: July 3, 2024. Court Reporter: Jeff Hook. Telephone number: 202-354-3373. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/3/2024. Release of Transcript Restriction set for 10/1/2024.(Hook, Jeff) (Entered: 07/03/2024) |
| 07/03/2024 | 1010 | TRANSCRIPT OF BENCH TRIAL PROCEEDINGS - DAY 42 MORNING SESSION before Judge Amit P. Mehta held on November 16, 2023; Page Numbers: 10446-10579. Date of Issuance: July 3, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/24/2024. Redacted Transcript Deadline set for 8/3/2024. Release of Transcript Restriction set for 10/1/2024.(Zaremba, William) (Entered: 07/03/2024) |
| 07/05/2024 | 1011 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on November 16, 2023; Page Numbers: 10580-10698. Date of Issuance: July 5, 2024. Court Reporter: Janice Dickman, Telephone number 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/26/2024. Redacted Transcript Deadline set for 8/5/2024. Release of Transcript Restriction set for 10/3/2024.(Dickman, Janice) (Entered: |

| | | |
|---|---|---|
| | | 07/05/2024) |
| 07/11/2024 | 1012 | TRANSCRIPT OF BENCH TRIAL CLOSING ARGUMENT PROCEEDINGS - DAY 1 MORNING SESSION before Judge Amit P. Mehta held on May 2, 2024; Page Numbers: 1-199. Date of Issuance: July 11, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Zaremba, William) (Entered: 07/11/2024) |
| 07/11/2024 | 1013 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on May 2, 2024; Page Numbers: 200-336. Date of Issuance: July 11, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Dickman, Janice) (Entered: 07/11/2024) |
| 07/11/2024 | 1014 | TRANSCRIPT OF BENCH TRIAL CLOSING ARGUMENT PROCEEDINGS - DAY 2 MORNING SESSION before Judge Amit P. Mehta held on May 3, 2024; Page Numbers: 337-508. Date of Issuance: July 11, 2024. Court Reporter/Transcriber: William Zaremba; Telephone number: (202) 354-3249. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Zaremba, William) (Entered: 07/11/2024) |
| 07/11/2024 | 1015 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on May 3, 2024; Page Numbers: 509-658. Date of Issuance: July 11, 2024. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/1/2024. Redacted Transcript Deadline set for 8/11/2024. Release of Transcript Restriction set for 10/9/2024.(Dickman, Janice) (Entered: 07/11/2024) |
| 08/05/2024 | 1032 | SEALED MEMORANDUM OPINION. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 8/5/24. (zjd) (Entered: 08/05/2024) |
| 08/05/2024 | 1033 | REDACTED MEMORANDUM OPINION. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 8/5/24. (lcapm2) (Entered: 08/05/2024) |
| 08/05/2024 | 1034 | ORDER re: the redactions to the Memorandum Opinion, ECF No. 1033. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 8/5/24. (lcapm2) (Entered: 08/05/2024) |
| 08/05/2024 | 1035 | ORDER. Pursuant to the court's Memorandum Opinion, the court hereby orders the following with respect to further proceedings in this matter. The parties shall meet and confer and submit a Joint Status Report no later than September 4, 2024, which proposes a schedule for proceedings regarding remedies. The parties shall appear for a Status Conference on September 6, 2024, at 2:00 p.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 8/5/24. (lcapm2) (Entered: 08/05/2024) |
| 08/14/2024 | 1036 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Matthew Keith McKinley terminated. (Sallet, Jonathan) (Entered: 08/14/2024) |
| 08/26/2024 | 1037 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Meagan Kara Bellshaw terminated. (Bellshaw, Meagan) (Entered: 08/26/2024) |

| | | |
|---|---|---|
| 09/04/2024 | 1038 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 09/04/2024) |
| 09/05/2024 | | Set/Reset Hearings: Status Conference set for 9/6/2024 at 2:00 PM in Courtroom 10- In Person before Judge Amit P. Mehta. Interested members of the public and/or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zakb) (Entered: 09/05/2024) |
| 09/05/2024 | 1039 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NEW YORK TIMES COMPANY. Attorney Maya Gandhi terminated. (Gandhi, Maya) (Entered: 09/05/2024) |
| 09/06/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 9/6/2024. Parties to submit Joint Remedy Schedule by 9/13/2024. (Court Reporter William Zaremba.) (zakb) (Entered: 09/09/2024) |
| 09/09/2024 | 1040 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on September 6, 2024; Page Numbers: 1-39. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/30/2024. Redacted Transcript Deadline set for 10/10/2024. Release of Transcript Restriction set for 12/8/2024.(Zaremba, William) (Entered: 09/09/2024) |
| 09/13/2024 | 1041 | NOTICE OF WITHDRAWAL OF APPEARANCE as to COMMONWEALTH OF MASSACHUSETTS. Attorney Michael Bruce MacKenzie terminated. (MacKenzie, Michael) (Entered: 09/13/2024) |
| 09/13/2024 | 1042 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 09/13/2024) |
| 09/18/2024 | 1043 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 9/18/2024. (lcapm2) (Entered: 09/18/2024) |
| 09/24/2024 | 1044 | ENTERED IN ERROR.....Joint STATUS REPORT *regarding Joint Discovery Plan* by UNITED STATES OF AMERICA. (Herrmann, Karl) Modified on 9/24/2024 (mg). (Entered: 09/24/2024) |
| 09/24/2024 | | NOTICE OF ERROR regarding 1044 Status Report. The following error(s) need correction: Other- Missing attorney's signature. Please refile. (mg) (Entered: 09/24/2024) |
| 09/24/2024 | 1045 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF INDIANA. Attorney Matthew Alan Michaloski terminated. (Michaloski, Matthew) (Entered: 09/24/2024) |

| | | |
|---|---|---|
| 09/24/2024 | 1046 | Joint STATUS REPORT *regarding Joint Discovery Plan* by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 09/24/2024) |
| 09/25/2024 | 1047 | ORDER setting limitations on discovery in this matter. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/25/2024. (lcapm2) (Entered: 09/25/2024) |
| 09/25/2024 | | Set/Reset Deadlines/Hearings: Pretrial Conference set for 4/11/2025 at 10:00 AM in Courtroom 10- In Person before Judge Amit P. Mehta. Evidentiary Hearing set for 4/22/2025 at 09:30 AM in Courtroom 10- In Person before Judge Amit P. Mehta. Status Conferences set for 10/24/2024 at 11:00 AM, 11/25/2024 at 11:00 AM, 1/9/2025 at 11:00 AM, 2/10/2025 at 11:00 AM and 3/10/2025 at 11:00 AM via Zoom before Judge Amit P. Mehta. Interested members of the public and/or media may access the pretrial and status conferences by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zakb) (Entered: 09/25/2024) |
| 09/25/2024 | 1048 | NOTICE of Appearance by Travis Richard Chapman on behalf of UNITED STATES OF AMERICA (Chapman, Travis) (Entered: 09/25/2024) |
| 09/26/2024 | 1049 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF SOUTH CAROLINA. Attorney Rebecca McCormack Hartner terminated. (Hartner, Rebecca) (Entered: 09/26/2024) |
| 09/26/2024 | 1050 | NOTICE of Appearance by Crystal Utley Secoy on behalf of STATE OF MISSISSIPPI (Secoy, Crystal) (Entered: 09/26/2024) |
| 10/07/2024 | 1051 | NOTICE of Appearance by Matthew Alan Michaloski on behalf of STATE OF UTAH (Michaloski, Matthew) (Entered: 10/07/2024) |
| 10/08/2024 | 1052 | NOTICE *of Plaintiffs' Proposed Remedy Framework* by UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 10/08/2024) |
| 10/14/2024 | 1053 | NOTICE of Appearance by Robert J. Carlson on behalf of STATE OF OKLAHOMA (Carlson, Robert) (Entered: 10/14/2024) |
| 10/14/2024 | 1054 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF OKLAHOMA. Attorney Caleb J. Smith terminated. (Carlson, Robert) (Entered: 10/14/2024) |
| 10/16/2024 | 1055 | NOTICE of Appearance by Ryan Thomas Karr on behalf of UNITED STATES OF AMERICA (Karr, Ryan) (Entered: 10/16/2024) |
| 10/18/2024 | 1056 | NOTICE of Appearance by Ryan Scott Struve on behalf of UNITED STATES OF AMERICA (Struve, Ryan) (Entered: 10/18/2024) |
| 10/21/2024 | 1057 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Schmidtlein, John) (Entered: 10/21/2024) |
| 10/23/2024 | 1058 | NOTICE of Appearance by Patrick Voelker on behalf of STATE OF LOUISIANA (Voelker, Patrick) (Entered: 10/23/2024) |
| 10/23/2024 | | NOTICE of Hearing: The Status Conference set for October 24, 2024 at 11:00 AM will now be held in person in Courtroom 10 before Judge Amit P. Mehta. Counsel located outside Washington, D.C. may join via Zoom. Interested members of the public and/or media may join by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (lcapm2) (Entered: 10/23/2024) |
| 10/23/2024 | 1059 | NOTICE of Appearance by Gina Ko on behalf of STATE OF OREGON (Ko, Gina) (Entered: 10/23/2024) |

| | | |
|---|---|---|
| 10/24/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 10/24/2024. Court held discussions with the parties regarding the 1057 Joint Status Report. (Court Reporter William Zaremba.) (zakb) (Entered: 10/24/2024) |
| 10/25/2024 | 1060 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on October 24, 2024; Page Numbers: 1-56. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/15/2024. Redacted Transcript Deadline set for 11/25/2024. Release of Transcript Restriction set for 1/23/2025.(Zaremba, William) (Entered: 10/25/2024) |
| 11/01/2024 | | NOTICE of Hearing: The Status Conference currently set for 11/25/2024 is vacated and reset for 11/26/2024 at 11:00 AM via Zoom before Judge Amit P. Mehta. Interested members of the public and/or media may access the hearing by dialing the court's toll-free public access line: (877) 848-7030, access code 321-8747. (zakb) (Entered: 11/01/2024) |
| 11/13/2024 | 1061 | NOTICE of Appearance by Grant Fergusson on behalf of UNITED STATES OF AMERICA (Fergusson, Grant) (Entered: 11/13/2024) |
| 11/20/2024 | 1062 | NOTICE *of Plaintiffs' Initial Proposed Final Judgment* by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 11/20/2024) |
| 11/22/2024 | 1063 | NOTICE of Appearance by Natalie Peelish on behalf of GOOGLE LLC (Peelish, Natalie) (Entered: 11/22/2024) |
| 11/22/2024 | 1064 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 11/22/2024) |
| 11/22/2024 | 1065 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 11/22/2024) |
| 11/22/2024 | 1066 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Schmidtlein, John) (Entered: 11/22/2024) |
| 11/22/2024 | 1067 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Schmidtlein, John) (Entered: 11/22/2024) |
| 11/25/2024 | | NOTICE of Hearing: The Status Conference set for November 26, 2024 at 11:00 AM will now be held in person in Courtroom 10 before Judge Amit P. Mehta. Counsel |

| | | |
|---|---|---|
| | | located outside Washington, D.C. may join via Zoom. If counsel is not available to appear in person, counsel shall promptly notify chambers (mehta_chambers@dcd.uscourts.gov) and the Courtroom Deputy, Mr. Alexander Burton (alexander_burton@dcd.uscourts.gov), via email. Interested members of the public and/or media may join by dialing the court's toll-free public access line: Toll Free Number: 833-990-9400; Meeting ID: 707542903. (lcapm2) Modified on 11/26/2024 (zakb). (Entered: 11/25/2024) |
| 11/25/2024 | 1068 | ORDER. See attached order for additional details. Signed by Judge Amit P. Mehta on 11/25/2024. (zakb). (Entered: 11/25/2024) |
| 11/25/2024 | 1069 | RESPONSE *Non-Party Microsoft Corporation's Submission Regarding Google's Statement Regarding Discovery Dispute with Microsoft [ECF No. 1064]* filed by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit A., # 2 Exhibit B., # 3 Exhibit C., # 4 Exhibit D.)(Jurata, John) (Entered: 11/25/2024) |
| 11/25/2024 | 1070 | REDACTED DOCUMENT- Google's Statement Regarding Discovery Dispute with Microsoft to 1064 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/25/2024) |
| 11/25/2024 | 1071 | REDACTED DOCUMENT- Google's Statement Regarding Perplexity's Compliance with Subpoena to 1066 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 11/25/2024) |
| 11/25/2024 | 1072 | REDACTED DOCUMENT- Joint Status Report of Google and OpenAI to 1067 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Schmidtlein, John) (Entered: 11/25/2024) |
| 11/25/2024 | 1073 | ENTERED IN ERROR.....NOTICE of Appearance by Marc Robert Lewis on behalf of Perplexity AI, Inc. (Lewis, Marc) Modified on 11/26/2024 (mg). (Entered: 11/25/2024) |
| 11/25/2024 | 1074 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Grace A. Ramirez, Filing fee $ 100, receipt number ADCDC-11322087. Fee Status: Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Grace A. Ramirez, # 2 Text of Proposed Order)(Lewis, Marc) Modified on 11/26/2024 (mg). (Entered: 11/25/2024) |
| 11/25/2024 | 1075 | ENTERED IN ERROR.....Civil Statement *REGARDING GOOGLE LLCS SUBPOENA* from Non-Party Perplexity AI, Inc.. (Lewis, Marc) Modified on 11/26/2024 (mg). (Entered: 11/25/2024) |
| 11/26/2024 | | NOTICE OF ERROR regarding 1073 Notice of Appearance. The following error(s) need correction: Other- A Motion to Appear Pro Hac Vice must be granted before a Notice of Appearance can be filed. Please refile. (mg) (Entered: 11/26/2024) |
| 11/26/2024 | | NOTICE OF ERROR regarding 1074 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Grace A. Ramirez, Filing fee $ 100, receipt number ADCDC-11322087. Fee Status: Fee Paid.. The following error(s) need correction: Invalid attorney signature- signature on document must match PACER login of Sponsoring Attorney. Sponsoring Attorney must be an Active Member of the Court's Bar. Please refile. (mg) (Entered: 11/26/2024) |
| 11/26/2024 | | NOTICE OF ERROR regarding 1075 Civil Statement. The following error(s) need correction: Other- Filing cannot be docketed until PHV Status is granted or filed by an Active Member of the Court's Bar. Please refile. (mg) (Entered: 11/26/2024) |
| 11/26/2024 | 1076 | NOTICE of Appearance by Caitlin Marie Madden on behalf of STATE OF WISCONSIN (Madden, Caitlin) (Main Document 1076 replaced on 11/27/2024) (mg). NOTICE of Appearance by Caitlin Marie Madden on behalf of STATE OF |

| | | |
|---|---|---|
| | | WISCONSIN (Madden, Caitlin) (Main Document 1076 replaced on 11/27/2024) (mg). (Entered: 11/26/2024) |
| 11/26/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 11/26/2024. Discussions held regarding the parties' 1065 Joint Status Report. Minute Order forthcoming via chambers regarding further proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 11/26/2024) |
| 11/26/2024 | 1077 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 11/26/2024. (lcapm2) (Entered: 11/26/2024) |
| 12/02/2024 | 1078 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF MARYLAND. Attorney Gary Honick terminated. (Honick, Gary) (Entered: 12/02/2024) |
| 12/04/2024 | 1079 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Grace Arias Ramirez, *receipt number ADCDC-11322087* Fee Status: No Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Grace Arias Ramirez, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Foster, Dana) (Entered: 12/04/2024) |
| 12/05/2024 | 1080 | NOTICE of Appearance by Justin Clifford McCully on behalf of STATE OF NEBRASKA (McCully, Justin) (Entered: 12/05/2024) |
| 12/05/2024 | 1081 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on November 26, 2024; Page Numbers: 1-90. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/26/2024. Redacted Transcript Deadline set for 1/5/2025. Release of Transcript Restriction set for 3/5/2025.(Zaremba, William) (Entered: 12/05/2024) |
| 12/05/2024 | | NOTICE OF ERROR regarding 1079 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Grace Arias Ramirez, *receipt number ADCDC-11322087* Fee Status: No Fee Paid.. The following error(s) need correction: Other- Pro Hac Vice motion must be accompanied by a payment of $100 (LCvR 83.2(c)(2)). Please submit payment using event: Payment of Fee- Pro Hac Vice Motion. Please refile. (mg) (Entered: 12/05/2024) |
| 12/05/2024 | | Payment for 1079 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Grace Arias Ramirez, *receipt number ADCDC-11322087* Fee Status: No Fee Paid.. ($100; Receipt number ADCDC-11340290). (Foster, Dana) (Entered: 12/05/2024) |
| 12/05/2024 | 1082 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Colin P. Snider terminated. (Snider, Colin) (Entered: 12/05/2024) |

| | | |
|---|---|---|
| 12/06/2024 | | MINUTE ORDER granting 1079 Motion for Leave to Appear Pro Hac Vice. Attorney Grace Arias Ramirez is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/6/2024. (lcapm2) (Entered: 12/06/2024) |
| 12/06/2024 | 1083 | NOTICE of Appearance by Grace Ramirez on behalf of Perplexity AI, Inc. (Ramirez, Grace) (Entered: 12/06/2024) |
| 12/06/2024 | 1084 | Joint STATUS REPORT *of the Parties* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 12/06/2024) |
| 12/06/2024 | 1085 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 12/06/2024) |
| 12/06/2024 | 1086 | Joint STATUS REPORT *of Google and OpenAI* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 12/06/2024) |
| 12/06/2024 | 1087 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/06/2024) |
| 12/10/2024 | | MINUTE ORDER as to Google-Perplexity Subpoena. Google and Perplexity shall file an additional Joint Status Report by December 11, 2024, which updates the court on the production of records responsive to Google's subpoena. Signed by Judge Amit P. Mehta on 12/10/2024. (lcapm2) (Entered: 12/10/2024) |
| 12/10/2024 | | MINUTE ORDER as to Google-Microsoft Subpoena. Microsoft shall produce the agreements sought by Google, with proposed redactions, no later than December 16, 2024. To allow Google to challenge any proposed redactions, Microsoft shall not withhold any agreement's table of contents, if available, or the header of any provision that is substantially redacted or redacted in full. Thereafter, Google and Microsoft shall meet and confer to resolve any disputes. Google and Microsoft shall notify the court by 5:00 PM on December 18, 2024 whether any unresolved redactions remain. If so, by 12:00 PM on December 19, 2024, Microsoft shall deliver to the court on a thumb drive or external storage device the relevant agreements with only the challenged redactions highlighted for the court's in camera, ex parte review. The parties and Microsoft shall appear for a Status Conference on December 20, 2024 at 9:30 AM via Zoom. Signed by Judge Amit P. Mehta on 12/10/2024. (lcapm2) (Entered: 12/10/2024) |
| 12/10/2024 | | NOTICE of Hearing on Google-OpenAI Subpoena: The parties and OpenAI shall appear for a Status Conference on December 12, 2024 at 9:30 AM via Zoom. (lcapm2) Modified on 12/10/2024 (zakb). (Entered: 12/10/2024) |
| 12/10/2024 | | MINUTE ORDER as to Parties' Requests. For Request Nos. 20, 23, 24, 25, 26, and 27, Google shall produce responsive documents through November 5, 2024 from the previously agreed-upon custodians using Plaintiffs' proposed search terms, subject to the following modification: The disputed proximity connector in Request Nos. 24 and 25 shall be modified from W/10 to W/5. While the court recognizes the relatively compressed timeline to complete discovery in this matter, it finds that an end date of November 5, 2024, coupled with a narrower proximity connector, will not impose an undue burden on Google. Signed by Judge Amit P. Mehta on 12/10/2024. (lcapm2) (Entered: 12/10/2024) |
| 12/10/2024 | | NOTICE of Hearing on Google-OpenAI Subpoena: The Status Conference scheduled for December 12, 2024 is reset to December 13, 2024 at 11:45 AM via Zoom. (lcapm2) (Entered: 12/10/2024) |

| | | |
|---|---|---|
| 12/11/2024 | 1088 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ashok Ramani, Filing fee $ 100, receipt number ADCDC-11349679. Fee Status: Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Affidavit of A. Ramani, # 2 Certificate of Good Standing, # 3 Proposed Order)(Shelanski, Howard) Modified on 12/11/2024 (mg). (Entered: 12/11/2024) |
| 12/11/2024 | 1089 | ENTERED IN ERROR.....MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Serge A. Voronov, Filing fee $ 100, receipt number ADCDC-11349687. Fee Status: Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Affidavit of S. Voronov, # 2 Certificate of Good Standing, # 3 Proposed Order)(Shelanski, Howard) Modified on 12/11/2024 (mg). (Entered: 12/11/2024) |
| 12/11/2024 | | NOTICE OF ERROR regarding 1088 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ashok Ramani, Filing fee $ 100, receipt number ADCDC-11349679. Fee Status: Fee Paid., 1089 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Serge A. Voronov, Filing fee $ 100, receipt number ADCDC-11349687. Fee Status: Fee Paid.. The following error(s) need correction: Other- Motions for Leave to Appear Pro Hac Vice must be signed and docketed by an Active Member of the Court's Bar. Please refile. (mg) (Entered: 12/11/2024) |
| 12/11/2024 | 1090 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Susan A. Creighton terminated. (Creighton, Susan) (Entered: 12/11/2024) |
| 12/11/2024 | 1091 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ashok Ramani, *(Filing fee $ 100, receipt number ADCDC-11349679)* Fee Status: No Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Proposed Order, # 2 Affidavit of A. Ramani, # 3 Certificate of Good Standing)(Nathanson, Paul) (Entered: 12/11/2024) |
| 12/11/2024 | | Payment for 1091 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ashok Ramani, *(Filing fee $ 100, receipt number ADCDC-11349679)* Fee Status: No Fee Paid.. ($100; Receipt number ADCDC-11352826). (Nathanson, Paul) (Entered: 12/11/2024) |
| 12/11/2024 | 1092 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Serge A. Voronov, Filing fee $ 100, receipt number ADCDC-11352828. Fee Status: Fee Paid. by OpenAI, Inc.. (Attachments: # 1 Proposed Order, # 2 Affidavit of S. Voronov, # 3 Certificate of Good Standing)(Nathanson, Paul) (Entered: 12/11/2024) |
| 12/11/2024 | 1093 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schmidtlein, John) (Entered: 12/11/2024) |
| 12/13/2024 | 1094 | NOTICE of Appearance by Keane McKennan Nowlan on behalf of UNITED STATES OF AMERICA (Nowlan, Keane) (Entered: 12/13/2024) |
| 12/13/2024 | 1095 | NOTICE of Appearance by Norman Lee Morris, III on behalf of STATE OF MISSISSIPPI (Morris, Norman) Modified event on 12/13/2024 (mg). (Entered: 12/13/2024) |
| 12/13/2024 | | NOTICE of Hearing on Google-OpenAI Subpoena: The Status Conference scheduled for December 13, 2024 will now be held at 12:00 PM via Zoom. (lcapm2) (Entered: 12/13/2024) |
| 12/13/2024 | | MINUTE ORDER granting 1091 Motion for Leave to Appear Pro Hac Vice. Attorney Ashok Ramani is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/13/2024. (lcapm2) (Entered: 12/13/2024) |

| | | |
|---|---|---|
| 12/13/2024 | | MINUTE ORDER granting 1092 Motion for Leave to Appear Pro Hac Vice. Attorney Serge A. Voronov is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/13/2024. (lcapm2) (Entered: 12/13/2024) |
| 12/13/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Remote Status Conference held on 12/13/2024. Order forthcoming via chambers for deadlines on further proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 12/13/2024) |
| 12/13/2024 | | MINUTE ORDER as to Google-OpenAI Subpoena. OpenAI shall substantially complete production of the agreements sought by Google, with proposed redactions, no later than December 18, 2024. Also, by that same date, OpenAI shall disclose the names of five custodians who are and/or were most involved in negotiating the agreements sought by Google. Finally, OpenAI shall substantially complete production of the noncustodial documents sought by Google no later than December 20, 2024. Signed by Judge Amit P. Mehta on 12/13/2024. (lcapm2) (Entered: 12/13/2024) |
| 12/17/2024 | 1096 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 13, 2024; Page Numbers: 1-25. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/7/2025. Redacted Transcript Deadline set for 1/17/2025. Release of Transcript Restriction set for 3/17/2025.(Zaremba, William) (Entered: 12/17/2024) |
| 12/17/2024 | | NOTICE of Hearing on Google-Perplexity Subpoena: The parties and Perplexity shall appear for a Status Conference on December 18, 2024 at 3:00 PM via Zoom. (lcapm2) (Entered: 12/17/2024) |
| 12/18/2024 | 1097 | MANDATE of USCA as to 858 Notice of Interlocutory Appeal filed by BRAD GREENSPAN, 798 Notice of Interlocutory Appeal filed by BRAD GREENSPAN, 847 Notice of Interlocutory Appeal filed by BRAD GREENSPAN ; USCA Case Number 24-5006. (Attachments: # 1 USCA Order 9/16/2024)(mg) (Entered: 12/18/2024) |
| 12/18/2024 | 1098 | NOTICE of Appearance by Ashok Ramani on behalf of OpenAI, Inc. (Ramani, Ashok) (Entered: 12/18/2024) |
| 12/18/2024 | 1099 | NOTICE of Appearance by Serge A. Voronov on behalf of OpenAI, Inc. (Voronov, Serge) (Entered: 12/18/2024) |
| 12/18/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/18/2024. Scheduling order forthcoming via chambers for deadlines of further |

| | | |
|---|---|---|
| | | proceedings as to Google-Perplexity subpoena. (Court Reporter William Zaremba.) (zakb) (Entered: 12/18/2024) |
| 12/18/2024 | | MINUTE ORDER as to Google-Perplexity Subpoena. By December 20, 2024, Perplexity shall disclose the names of three custodians who are and/or were most involved in negotiating the distribution agreements sought by Google. By December 27, 2024, Perplexity shall substantially complete production of the distribution agreements sought by Google, with proposed redactions. Finally, Perplexity shall substantially complete production of the content-licensing agreements and noncustodial documents sought by Google no later than January 8, 2025. While the court recognizes that some of the distribution agreements sought may contain notice provisions, it finds that a production deadline of December 27, 2024 is reasonable in light of the relatively compressed timeline to complete discovery in this matter. Signed by Judge Amit P. Mehta on 12/18/2024. (lcapm2) (Entered: 12/18/2024) |
| 12/18/2024 | 1100 | Joint STATUS REPORT *of Google and Microsoft Pursuant to the Court's Minute Order of December 10, 2024* by GOOGLE LLC. (Schmidtlein, John) (Entered: 12/18/2024) |
| 12/18/2024 | 1101 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Marc Robert Lewis, Filing fee $ 100, receipt number ADCDC-11367503. Fee Status: Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Marc Robert Lewis, # 2 Certificate of Service, # 3 Text of Proposed Order)(Foster, Dana) (Entered: 12/18/2024) |
| 12/18/2024 | 1102 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Zachary C. Flood, Filing fee $ 100, receipt number ADCDC-11367526. Fee Status: Fee Paid. by Perplexity AI, Inc.. (Attachments: # 1 Declaration of Zachary C. Flood, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Foster, Dana) (Entered: 12/18/2024) |
| 12/19/2024 | 1103 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 18, 2024; Page Numbers: 1-25. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/9/2025. Redacted Transcript Deadline set for 1/19/2025. Release of Transcript Restriction set for 3/19/2025.(Zaremba, William) (Entered: 12/19/2024) |
| 12/20/2024 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 12/20/2024. Status Conference set 1/9/2025 vacated and reset for 1/17/2025 at 3:30 PM via videoconference (Audio Line Available) before Judge Amit P. Mehta. Joint Status Report from the parties due by 1/14/2025. (Court Reporter William Zaremba.) (zakb) (Entered: 12/20/2024) |
| 12/20/2024 | 1104 | NOTICE of Appearance by Gregory G. Garre on behalf of APPLE INC. (Garre, Gregory) (Entered: 12/20/2024) |

| | | |
|---|---|---|
| 12/20/2024 | 1105 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Sarah M. Ray, Filing fee $ 100, receipt number ADCDC-11372358. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Sarah M. Ray, # 2 Text of Proposed Order)(Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1106 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Alfred C. Pfeiffer, Jr., Filing fee $ 100, receipt number ADCDC-11372373. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Alfred C. Pfeiffer, Jr., # 2 Text of Proposed Order)(Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1107 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Aaron T. Chiu, Filing fee $ 100, receipt number ADCDC-11372390. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Aaron T. Chiu, # 2 Text of Proposed Order)(Garre, Gregory) (Entered: 12/20/2024) |
| 12/20/2024 | 1108 | NOTICE *of Defendant's Proposed Final Judgment* by GOOGLE LLC (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/20/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1101 Motion for Leave to Appear Pro Hac Vice. Attorney Marc Robert Lewis is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1102 Motion for Leave to Appear Pro Hac Vice. Attorney Zachary C. Flood is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1105 Motion for Leave to Appear Pro Hac Vice. Attorney Sarah M. Ray is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1106 Motion for Leave to Appear Pro Hac Vice. Attorney Alfred C. Pfeiffer, Jr. is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | | MINUTE ORDER granting 1107 Motion for Leave to Appear Pro Hac Vice. Attorney Aaron T. Chiu is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 12/23/2024. (lcapm2) (Entered: 12/23/2024) |
| 12/23/2024 | 1109 | NOTICE of Appearance by Alfred C Pfeiffer, Jr on behalf of APPLE INC. (Pfeiffer, Alfred) (Entered: 12/23/2024) |
| 12/23/2024 | 1110 | NOTICE of Appearance by Peter E. Davis on behalf of APPLE INC. (Davis, Peter) (Entered: 12/23/2024) |
| 12/23/2024 | 1111 | MOTION to Intervene by APPLE INC.. (Attachments: # 1 Declaration of Eddy Cue, # 2 Text of Proposed Order)(Pfeiffer, Alfred) (Entered: 12/23/2024) |

| | | |
|---|---|---|
| 12/27/2024 | 1112 | NOTICE of Appearance by Sarah M. Ray on behalf of APPLE INC. (Ray, Sarah) (Entered: 12/27/2024) |
| 12/27/2024 | 1113 | NOTICE of Appearance by Aaron Chiu on behalf of APPLE INC. (Chiu, Aaron) (Entered: 12/27/2024) |
| 12/27/2024 | 1114 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by APPLE INC. (Ray, Sarah) (Entered: 12/27/2024) |
| 12/30/2024 | 1115 | NOTICE of Appearance by Jennifer Ellen Greaney on behalf of COMMONWEALTH OF MASSACHUSETTS (Greaney, Jennifer) (Entered: 12/30/2024) |
| 12/30/2024 | 1116 | NOTICE of Appearance by Marc Robert Lewis on behalf of Perplexity AI, Inc. (Lewis, Marc) (Entered: 12/30/2024) |
| 12/30/2024 | 1117 | NOTICE of Appearance by Zachary Christian Flood on behalf of Perplexity AI, Inc. (Flood, Zachary) (Entered: 12/30/2024) |
| 12/30/2024 | 1118 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Youlin Yuan terminated. (Yuan, Youlin) (Entered: 12/30/2024) |
| 01/02/2025 | 1119 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on December 20, 2024; Page Numbers: 1-40. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/23/2025. Redacted Transcript Deadline set for 2/2/2025. Release of Transcript Restriction set for 4/2/2025.(Zaremba, William) (Entered: 01/02/2025) |
| 01/03/2025 | 1120 | Consent MOTION for Extension of Time to File Response/Reply as to 1111 MOTION to Intervene by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Proposed Order)(Struve, Ryan) (Entered: 01/03/2025) |
| 01/06/2025 | | MINUTE ORDER granting 1120 Agreed Motion to Extend Time to Submit Response to Apple's Motion to Intervene. Plaintiffs shall file their response by January 8, 2025. Apple shall file its reply by January 15, 2025. Signed by Judge Amit P. Mehta on 1/6/2025. (lcapm2) (Entered: 01/06/2025) |
| 01/08/2025 | 1122 | Memorandum in opposition to re 1111 Motion to Intervene filed by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 01/08/2025) |
| 01/09/2025 | 1123 | Memorandum in opposition to re 1111 Motion to Intervene filed by UNITED STATES OF AMERICA. (Struve, Ryan) (Entered: 01/09/2025) |
| 01/10/2025 | 1124 | REDACTED DOCUMENT- Plaintiffs' Proposed Findings of Fact [Corrected April 30, 2024] to 897 Sealed Document, 822 Sealed Document by UNITED STATES OF |

| | | |
|---|---|---|
| | | AMERICA. (Herrmann, Karl) (Entered: 01/10/2025) |
| 01/14/2025 | 1125 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit 1, # 7 Exhibit 2)(Herrmann, Karl) (Entered: 01/14/2025) |
| 01/14/2025 | 1126 | STATUS REPORT *Regarding News Corp Subpoena Compliance* by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McGinnis, Matthew) (Entered: 01/14/2025) |
| 01/14/2025 | 1127 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Certificate of Service)(Schmidtlein, John) (Entered: 01/14/2025) |
| 01/14/2025 | 1128 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Certificate of Service)(Schmidtlein, John) (Entered: 01/14/2025) |
| 01/14/2025 | 1129 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Certificate of Service)(Schmidtlein, John) (Entered: 01/14/2025) |
| 01/15/2025 | | NOTICE of Hearing: The Status Conference scheduled for January 17, 2025 will now be held at 3:00 PM in Courtroom 10. Counsel for the parties and non-parties News Corp, Perplexity, OpenAI, and Microsoft shall appear. Counsel located outside Washington, D.C. may join via Zoom. (lcapm2) (Entered: 01/15/2025) |
| 01/15/2025 | 1130 | NOTICE of Appearance by Tiffany Grossman on behalf of STATE OF NORTH DAKOTA (Grossman, Tiffany) (Entered: 01/15/2025) |
| 01/15/2025 | 1131 | NOTICE of Appearance by John Thorne on behalf of News Corp (Thorne, John) (Entered: 01/15/2025) |
| 01/15/2025 | 1132 | NOTICE of Appearance by Daniel G. Bird on behalf of News Corp (Bird, Daniel) (Entered: 01/15/2025) |
| 01/15/2025 | 1133 | NOTICE of Appearance by Eric Joseph Maier on behalf of News Corp (Maier, Eric) (Entered: 01/15/2025) |
| 01/15/2025 | 1134 | STATUS REPORT *in response to Google's January 14 Status Report* by News Corp. (Thorne, John) (Entered: 01/15/2025) |
| 01/15/2025 | 1135 | REPLY to opposition to motion re 1111 Motion to Intervene filed by APPLE INC.. (Pfeiffer, Alfred) (Entered: 01/15/2025) |
| 01/16/2025 | 1136 | RESPONSE *Non-Party Microsoft Corporations Submission Responding to Additional Disputes Raised by Google in the Joint Status Report of Google and Microsoft [ECF No. 1129].* filed by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit A) (Chapman, Julia) (Entered: 01/16/2025) |
| 01/16/2025 | 1137 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MICROSOFT CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A)(Chapman, Julia) (Entered: 01/16/2025) |
| 01/16/2025 | 1138 | NOTICE of Appearance by Christopher Teters on behalf of STATE OF KANSAS (Teters, Christopher) (Main Document 1138 replaced on 1/17/2025) (mg). (Entered: 01/16/2025) |

| | | |
|---|---|---|
| 01/16/2025 | | MINUTE ORDER. At the Status Conference scheduled for January 17, 2025, the court will address the issues raised by the parties, non-parties, and proposed intervenor in the following order: (1) Google-News Corp subpoena; (2) Google-Perplexity subpoena; (3) Google-OpenAI subpoena; (4) Google-Microsoft subpoena; (5) Apple's Motion for Limited Intervention; and (6) parties' disputes. Signed by Judge Amit P. Mehta on 1/16/2025. (lcapm2) (Entered: 01/16/2025) |
| 01/16/2025 | 1139 | REDACTED DOCUMENT- Joint Status Report of Google and Perplexity to 1127 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schmidtlein, John) (Entered: 01/16/2025) |
| 01/16/2025 | 1140 | REDACTED DOCUMENT- Joint Status Report of Google and OpenAI to 1128 Sealed Document, by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Schmidtlein, John) (Entered: 01/16/2025) |
| 01/16/2025 | 1141 | REDACTED DOCUMENT- Joint Status Report of Google and Microsoft to 1129 Sealed Document, by GOOGLE LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Schmidtlein, John) (Entered: 01/16/2025) |
| 01/16/2025 | | NOTICE of Hearing: The Status Conference scheduled for January 17, 2025 will now be held at 2:00 PM. (lcapm2) (Entered: 01/16/2025) |
| 01/17/2025 | 1142 | NOTICE of Appearance by Amanda J. Wentz on behalf of STATE OF ARKANSAS (Wentz, Amanda) (Entered: 01/17/2025) |
| 01/17/2025 | 1143 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF KANSAS. Attorney Lynette R. Bakker terminated. . (Bakker, Lynette) Modified event on 1/28/2025 (mg). (Entered: 01/17/2025) |
| 01/17/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 1/17/2025. See the Court's 1145 Scheduling order and 1145 Amended Scheduling Order for schedule of additional proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 01/21/2025) |
| 01/20/2025 | 1144 | ORDER setting the schedule for further proceedings in this matter and ruling on the parties' discovery disputes. See the attached Order for details. Signed by Judge Amit P. Mehta on 1/20/2025. (lcapm2) (Entered: 01/20/2025) |
| 01/20/2025 | 1145 | AMENDED SCHEDULING ORDER. The Evidentiary Hearing shall be held April 21, 2025 to May 2, 2025, and May 12, 2025 to May 15, 2025; the parties' post-hearing submissions shall be due by May 20, 2025; and closing arguments shall be held on May 30, 2025. The court asks that the parties reserve May 29, 2025 as well, in the event additional time is needed. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/20/2025. (lcapm2) (Entered: 01/20/2025) |
| 01/21/2025 | 1146 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 01/21/2025) |
| 01/21/2025 | | MINUTE ORDER as to Google-Perplexity Subpoena. Google and Perplexity shall report to the court by 8:00 PM (EST) whether Google's revised search strings result in a decreased volume of potentially responsive documents that resolves their dispute. Signed by Judge Amit P. Mehta on 1/21/2025. (lcapm2) (Entered: 01/21/2025) |
| 01/21/2025 | 1147 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on January 17, 2025; Page Numbers: 1-130. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/11/2025. Redacted Transcript Deadline set for 2/21/2025. Release of Transcript Restriction set for 4/21/2025.(Zaremba, William) (Entered: 01/21/2025) |
| 01/21/2025 | 1148 | Joint STATUS REPORT *of Google and Perplexity* by GOOGLE LLC. (Schmidtlein, John) (Entered: 01/21/2025) |
| 01/22/2025 | 1149 | NOTICE of Appearance by Meagan Glynn on behalf of UNITED STATES OF AMERICA (Glynn, Meagan) (Entered: 01/22/2025) |
| 01/23/2025 | 1150 | NOTICE OF WITHDRAWAL OF APPEARANCE as to APPLE INC.. Attorney Andrew J. Shanahan terminated. (Shanahan, Andrew) (Entered: 01/23/2025) |
| 01/24/2025 | 1151 | REDACTED DOCUMENT- Plaintiffs' Proposed Findings of Fact [Corrected April 30, 2024] to 897 Sealed Document, 822 Sealed Document, 1124 Redacted Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 01/24/2025) |
| 01/24/2025 | 1152 | Joint STATUS REPORT *(Joint Status Report Regarding Plaintiff's Witness List and News Corp)* by GOOGLE LLC. (McGinnis, Matthew) (Entered: 01/24/2025) |
| 01/27/2025 | 1153 | MEMORANDUM OPINION AND ORDER denying 1111 Apple's Motion for Limited Intervention. See the attached Memorandum Opinion and Order for additional details. Signed by Judge Amit P. Mehta on 1/27/2025. (lcapm2) (Entered: 01/27/2025) |
| 01/27/2025 | | MINUTE ORDER granting 1137 Microsoft's Motion for Leave to File Materials Under Seal. Signed by Judge Amit P. Mehta on 1/27/2025. (lcapm2) (Entered: 01/27/2025) |
| 01/27/2025 | 1155 | SEALED Exhibit filed by MICROSOFT CORPORATION. re 1136 Response to Document. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 01/29/2025) |
| 01/28/2025 | | MINUTE ORDER as to Plaintiffs' Witness List. Plaintiffs may substitute a witness from the Los Angeles Times for the previously designated witness from News Corp, so long as the Los Angeles Times substantially completes any custodial discovery by February 19, 2025. Signed by Judge Amit P. Mehta on 1/28/2025. (lcapm2) (Entered: 01/28/2025) |
| 01/28/2025 | 1154 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATES OF ILLINOIS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, MARYLAND, MASSACHUSETTS, MINNESOTA, NEW JERSEY, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, AND WASHINGTON. Attorney William Thorn Matlack terminated. (Matlack, William) (Entered: 01/28/2025) |
| 01/29/2025 | 1156 | NOTICE OF INTERLOCUTORY APPEAL TO DC CIRCUIT COURT as to 1153 Order on Motion to Intervene by APPLE INC.. Filing fee $ 605, receipt number ADCDC-11441088. Fee Status: Fee Paid. Parties have been notified. (Ray, Sarah) Modified event on 1/29/2025 (mg). (Entered: 01/29/2025) |

| | | |
|---|---|---|
| 01/29/2025 | 1157 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 1156 Notice of Appeal to DC Circuit Court,. (mg) (Entered: 01/29/2025) |
| 01/30/2025 | 1158 | Emergency MOTION to Stay *, or in the Alternative, for Miscellaneous Relief* by APPLE INC.. (Attachments: # 1 Declaration of Sarah M. Ray, # 2 Text of Proposed Order)(Ray, Sarah). Added MOTION for Relief on 1/31/2025 (mg). (Entered: 01/30/2025) |
| 01/31/2025 | | USCA Case Number 25-5016 for 1156 Notice of Appeal to DC Circuit Court, filed by APPLE INC.. (mg) (Entered: 01/31/2025) |
| 01/31/2025 | 1159 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH CAROLINA. Attorney Jessica Vance Sutton terminated. (Sutton, Jessica) (Entered: 01/31/2025) |
| 02/02/2025 | 1160 | ORDER denying 1158 Apple's Emergency Motion for Stay, or in the Alternative, for Miscellaneous Relief. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/2/2025. (lcapm2) (Entered: 02/02/2025) |
| 02/07/2025 | 1161 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/07/2025) |
| 02/07/2025 | 1162 | Joint STATUS REPORT *of Google and Microsoft* by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 02/07/2025) |
| 02/07/2025 | | NOTICE of Hearing: The Status Conference scheduled for February 10, 2025 will be held at 11:00 AM via Zoom. Counsel for the parties and non-party Microsoft shall appear. Interested members of the public and/or media may join by dialing the court's toll-free public access line: Toll Free Number: 833-990-9400; Meeting ID: 707542903. (lcapm2) (Entered: 02/07/2025) |
| 02/10/2025 | | Minute Entry for remote proceedings held before Judge Amit P. Mehta: Status Conference held on 2/10/2025. Order directing further proceedings forthcoming via chambers. (Court Reporter William Zaremba.) (zakb) (Entered: 02/10/2025) |
| 02/11/2025 | 1163 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on February 10, 2025; Page Numbers: 1-22. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/4/2025. Redacted Transcript Deadline set for 3/14/2025. Release of Transcript Restriction set for 5/12/2025.(Zaremba, William) (Entered: 02/11/2025) |
| 02/11/2025 | 1164 | SECOND AMENDED SCHEDULING ORDER. The Evidentiary Hearing shall be held April 21, 2025 to May 2, 2025, and May 6, 2025 to May 9, 2025. The parties' post- |

| | | |
|---|---|---|
| | | hearing submissions shall be due by May 16, 2025. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/11/2025. (lcapm2) (Entered: 02/11/2025) |
| 02/14/2025 | 1165 | MOTION for Leave to Participate as Amicus Curiae by ANTHROPIC PBC. (Attachments: # 1 Memorandum in Support [Redacted], # 2 Declaration of Tom Brown [Redacted], # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/14/2025) |
| 02/14/2025 | 1166 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANTHROPIC PBC (Mezzina, Paul) (Entered: 02/14/2025) |
| 02/14/2025 | 1167 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by ANTHROPIC PBC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration of Tom Brown in Support of Motion to Seal, # 2 Memorandum in Support of Motion for Leave to Participate as Amicus Curiae [Sealed], # 3 Declaration of Tom Brown in Support of Motion for Leave to Participate as Amicus Curiae [Sealed], # 4 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/14/2025) |
| 02/14/2025 | 1168 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Benjamin Lee, Filing fee $ 100, receipt number ADCDC-11483358. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/14/2025) |
| 02/17/2025 | 1169 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Nema Milaninia, Filing fee $ 100, receipt number ADCDC-11483831. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/17/2025) |
| 02/17/2025 | 1170 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Veronica Moye, Filing fee $ 100, receipt number ADCDC-11483835. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/17/2025) |
| 02/18/2025 | 1171 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Sumon Dantiki, Filing fee $ 100, receipt number ADCDC-11485903. Fee Status: Fee Paid. by ANTHROPIC PBC. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Mezzina, Paul) (Entered: 02/18/2025) |
| 02/18/2025 | 1172 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/18/2025) |
| 02/19/2025 | 1173 | THIRD AMENDED SCHEDULING ORDER setting pre-hearing deadlines. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/19/2025. (lcapm2) (Entered: 02/19/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1168 Motion for Leave to Appear Pro Hac Vice. Attorney Benjamin Lee is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1169 Motion for Leave to Appear Pro Hac Vice. Attorney Nema Milaninia is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1170 Motion for Leave to Appear Pro Hac Vice. Attorney Veronica Moye is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR** |

| | | |
|---|---|---|
| | | **83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/20/2025 | | MINUTE ORDER granting 1171 Motion for Leave to Appear Pro Hac Vice. Attorney Sumon Dantiki is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/20/2025. (lcapm2) (Entered: 02/20/2025) |
| 02/21/2025 | 1174 | NOTICE of Appearance by Veronica Smith Moye on behalf of ANTHROPIC PBC (Moye, Veronica) (Main Document 1174 replaced on 2/21/2025) (mg). (Entered: 02/21/2025) |
| 02/21/2025 | 1175 | NOTICE of Appearance by Benjamin Thomas Lee on behalf of ANTHROPIC PBC (Lee, Benjamin) (Entered: 02/21/2025) |
| 02/21/2025 | 1176 | NOTICE of Appearance by Nema Milaninia on behalf of ANTHROPIC PBC (Milaninia, Nema) (Entered: 02/21/2025) |
| 02/21/2025 | 1177 | NOTICE of Appearance by Sumon Dantiki on behalf of ANTHROPIC PBC (Dantiki, Sumon) (Entered: 02/21/2025) |
| 02/25/2025 | 1178 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Erin Murdock-Park terminated. (Murdock-Park, Erin) (Entered: 02/25/2025) |
| 02/28/2025 | 1179 | Memorandum in opposition to re 1165 Motion for Miscellaneous Relief filed by UNITED STATES OF AMERICA. (Karr, Ryan) (Entered: 02/28/2025) |
| 03/06/2025 | 1180 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Aaron D. Hoag terminated. (Herrmann, Karl) (Entered: 03/06/2025) |
| 03/06/2025 | 1181 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Ryan Scott Struve terminated. (Struve, Ryan) (Entered: 03/06/2025) |
| 03/07/2025 | 1182 | REPLY to opposition to motion re 1165 Motion for Miscellaneous Relief *to Participate as Amicus Curiae* filed by ANTHROPIC PBC. (Mezzina, Paul) (Entered: 03/07/2025) |
| 03/07/2025 | 1183 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Herrmann, Karl) (Entered: 03/07/2025) |
| 03/07/2025 | 1184 | NOTICE *of Plaintiffs' Revised Proposed Final Judgment* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A - Plaintiffs' Revised Proposed Final Judgment, # 2 Exhibit B, # 3 Exhibit C)(Herrmann, Karl) (Entered: 03/07/2025) |
| 03/07/2025 | 1185 | NOTICE *of Defendant's Proposed Final Judgment* by GOOGLE LLC (Schmidtlein, John) (Entered: 03/07/2025) |
| 03/09/2025 | | MINUTE ORDER. The Status Conference scheduled for March 10, 2025 will be held at 11:00 AM in Courtroom 10. Counsel for the parties shall appear in person if they are able to do so. The court recognizes that this Minute Order comes at the eleventh hour, so remote participation by counsel is acceptable. Additionally, counsel for Anthropic shall appear in person or remotely to address its pending Motion for Leave to Participate as Amicus Curiae, ECF No. 1165. Signed by Judge Amit P. Mehta on 3/9/2025. (lcapm2) (Entered: 03/09/2025) |

| | | |
|---|---|---|
| 03/10/2025 | | Minute Entry for hybrid proceedings held before Judge Amit P. Mehta: Status Conference held on 3/10/2025. Order forthcoming via chambers directing further proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 03/10/2025) |
| 03/11/2025 | 1186 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 3/11/2025. (lcapm2) (Entered: 03/11/2025) |
| 03/12/2025 | 1187 | NOTICE of Appearance by John J. Hogan on behalf of UNITED STATES OF AMERICA (Hogan, John) (Entered: 03/12/2025) |
| 03/14/2025 | 1188 | STATUS REPORT *Regarding Anthropic PBC's Motion for Leave to Participate as Amicus Curiae* by ANTHROPIC PBC. (Mezzina, Paul) (Entered: 03/14/2025) |
| 03/14/2025 | | MINUTE ORDER. If either side wishes to respond to Anthropic's Status Report, ECF No. 1188, they shall do so by March 19, 2025. Signed by Judge Amit P. Mehta on 3/14/2025. (lcapm2) (Entered: 03/14/2025) |
| 03/17/2025 | 1189 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on March 10, 2025; Page Numbers: 1-57. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/7/2025. Redacted Transcript Deadline set for 4/17/2025. Release of Transcript Restriction set for 6/15/2025.(Zaremba, William) (Entered: 03/17/2025) |
| 03/19/2025 | 1190 | RESPONSE re 1188 Status Report filed by UNITED STATES OF AMERICA. (Karr, Ryan) (Entered: 03/19/2025) |
| 03/20/2025 | | MINUTE ORDER. The parties shall file a Joint Status Report by March 20, 2025, which addresses the parties' discovery dispute. The parties shall appear for a Discovery Hearing on March 24, 2025 at 10:00 AM via Zoom. Signed by Judge Amit P. Mehta on 3/20/2025. (lcapm2) (Entered: 03/20/2025) |
| 03/20/2025 | 1191 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Certificate of Service) (Herrmann, Karl) (Entered: 03/20/2025) |
| 03/21/2025 | 1192 | MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* by NEW YORK TIMES COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Sumar, Al-Amyn) (Entered: 03/21/2025) |

| | | |
|---|---|---|
| 03/21/2025 | 1193 | NOTICE of Appearance by Timothy Tai on behalf of NEW YORK TIMES COMPANY (Tai, Timothy) (Main Document 1193 replaced on 3/24/2025) (mg). (Entered: 03/21/2025) |
| 03/23/2025 | 1194 | REDACTED DOCUMENT- Joint Status Report Regarding Discovery Dispute to 1191 Sealed Document, *Joint Status Report Regarding Discovery Dispute* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B - Redacted, # 3 Exhibit C, # 4 Exhibit D - Filed Under Seal, # 5 Exhibit E - Filed Under Seal, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Certificate of Service)(Herrmann, Karl) (Entered: 03/23/2025) |
| 03/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* by NEW YORK TIMES COMPANY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Sumar, Al-Amyn).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 3/31/2025. (zapb) Modified on 3/24/2025 (zhcn). (Entered: 03/24/2025) |
| 03/24/2025 | | Minute Entry for remote proceedings held before Judge Amit P. Mehta: Discovery Hearing held on 3/24/2025. Discussions held regarding parties' discovery dispute. Oral Motion by the USA to authorize the Court Reporter to disclose the sealed portion of the transcript of proceedings held on 3/10/2025 to the DOJ and Anthropic granted by the Court. (Court Reporter William Zaremba.) (zakb) (Entered: 03/24/2025) |
| 03/24/2025 | 1195 | NOTICE of Appearance by Melissa L. English on behalf of STATE OF MARYLAND (English, Melissa) (Entered: 03/24/2025) |
| 03/24/2025 | 1196 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/24/2025) |
| 03/26/2025 | 1197 | RESPONSE re 1196 Status Report filed by APPLE INC.. (Pfeiffer, Alfred) (Entered: 03/26/2025) |
| 03/27/2025 | 1199 | TRANSCRIPT OF DISCOVERY HEARING VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on March 24, 2025; Page Numbers: 1-28. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 4/17/2025. Redacted Transcript Deadline set for 4/27/2025. Release of Transcript Restriction set for 6/25/2025.(Zaremba, William) (Entered: 03/27/2025) |
| 03/27/2025 | 1200 | ORDER setting the schedule for further proceedings in this matter. See the attached Order for details. Signed by Judge Amit P. Mehta on 3/27/2025. (lcapm2) (Entered: 03/27/2025) |
| 03/28/2025 | 1201 | AMENDED ORDER setting the schedule for further proceedings in this matter. In addition to the submissions listed in the court's 1200 Order of March 27, 2025, the parties shall submit to chambers by April 14, 2025, summaries of the reports of experts who are expected to testify, each of which shall be no more than 15 pages, double-spaced. Signed by Judge Amit P. Mehta on 3/28/2025. (lcapm2) (Entered: 03/28/2025) |
| 03/28/2025 | 1202 | NOTICE of Proposed Order *Joint Proposed Order on Posting of Hearing Materials* by UNITED STATES OF AMERICA re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* (Hogan, John) (Entered: 03/28/2025) |
| 03/28/2025 | 1203 | RESPONSE re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* filed by UNITED STATES OF AMERICA. (Hogan, John) (Entered: 03/28/2025) |
| 03/28/2025 | 1204 | RESPONSE re 1192 MOTION to Unseal Document *and for Access to Judicial Records and Proceedings* filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 03/28/2025) |
| 03/31/2025 | 1205 | NOTICE of Appearance by Abiola Miles on behalf of STATE OF NEW JERSEY (Miles, Abiola) (Entered: 03/31/2025) |
| 03/31/2025 | | Set/Reset Hearings: Pretrial Conference set for 4/10/2025 at 10:00 AM in Courtroom 10- In Person before Judge Amit P. Mehta. (zakb) (Entered: 03/31/2025) |
| 03/31/2025 | 1206 | REQUEST FOR LEAVE TO FILE REVIEW. The attached document requires leave to file: Non-party Marlon J. Green's Petition for Damages. Reason(s): Filer is not a party to the case. (znmw) (Entered: 04/02/2025) |
| 04/03/2025 | 1207 | ORDER denying 1165 Anthropic's Motion for Leave to Participate as Amicus Curiae and granting 1167 Anthropic's Motion for Leave to File Under Seal. See the attached Order for details. Signed by Judge Amit P. Mehta on 4/3/2025. (lcapm2) (Entered: 04/03/2025) |
| 04/03/2025 | | MINUTE ORDER re 1206 Request for Leave to File Review. Leave to file is denied because the filer is not a party to this case. Signed by Judge Amit P. Mehta on 4/3/2025. (lcapm2) (Entered: 04/03/2025) |
| 04/04/2025 | 1208 | REPLY to opposition to motion re 1192 Motion to Unseal Document *and for Access to Judicial Records and Proceedings* filed by NEW YORK TIMES COMPANY. (Tai, Timothy) (Entered: 04/04/2025) |
| 04/08/2025 | | MINUTE ORDER. Counsel for The New York Times Company shall appear at the Pre-Hearing Conference on April 10, 2025, to address 1192 The Times's Motion for Access to Judicial Records and Proceedings. Signed by Judge Amit P. Mehta on 4/8/2025. (lcapm2) (Entered: 04/08/2025) |
| 04/09/2025 | 1209 | NOTICE of Appearance by Andrew Tisinger on behalf of UNITED STATES OF AMERICA (Tisinger, Andrew) (Entered: 04/09/2025) |
| 04/09/2025 | 1210 | PRETRIAL STATEMENT by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A - List of Anticipated Live Witnesses, # 2 Exhibit B - List of Anticipated Witnesses by Deposition Designation)(Chapman, Travis) (Entered: 04/09/2025) |

| | | |
|---|---|---|
| 04/09/2025 | 1211 | NOTICE of Appearance by Lauren Marguerite Weinstein on behalf of adMarketplace, Inc. (Weinstein, Lauren) (Entered: 04/09/2025) |
| 04/09/2025 | 1212 | NOTICE *of Defendant's Submission Regarding Redactions to Potential Exhibits* by GOOGLE LLC (Attachments: # 1 Affidavit, # 2 Affidavit, # 3 Affidavit, # 4 Affidavit, # 5 Affidavit, # 6 Affidavit, # 7 Affidavit)(Schmidtlein, John) (Entered: 04/09/2025) |
| 04/10/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Pretrial Conference held on 4/10/2025. Order forthcoming via chambers regarding The New York Times' 1192 Motion for Access to Judicial Records and Proceedings. (Court Reporter William Zaremba.) (zakb) (Entered: 04/10/2025) |
| 04/10/2025 | 1213 | TRANSCRIPT OF PRETRIAL CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on April 10, 2025; Page Numbers: 1-66. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/1/2025. Redacted Transcript Deadline set for 5/11/2025. Release of Transcript Restriction set for 7/9/2025.(Zaremba, William) (Entered: 04/10/2025) |
| 04/10/2025 | 1214 | ORDER regarding the presentation and release of evidence during the remedies-phase trial proceedings. See the attached Order for details. Signed by Judge Amit P. Mehta on 4/10/2025. (lcapm2) (Entered: 04/10/2025) |
| 04/14/2025 | 1215 | PRE-HEARING BRIEF *Defendant's Pre-Hearing Brief* by GOOGLE LLC. (Schmidtlein, John) Modified event title on 4/21/2025 (znmw). (Entered: 04/14/2025) |
| 04/14/2025 | 1216 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 04/14/2025) |
| 04/16/2025 | 1217 | NOTICE of Appearance by Lyndsey M. Antos on behalf of COMMONWEALTH OF KENTUCKY (Antos, Lyndsey) (Entered: 04/16/2025) |
| 04/16/2025 | 1218 | REDACTED DOCUMENT- PLAINTIFFS' REMEDIES PRE-TRIAL BRIEF by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 04/16/2025) |
| 04/16/2025 | 1219 | SEALED MOTION filed by GOOGLE LLC (Attachments: # 1 Exhibit)(Schmidtlein, John) (Entered: 04/16/2025) |
| 04/18/2025 | 1220 | NOTICE *Of Plaintiffs' Exhibits Offered For Admission* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(McLellan, Michael) (Entered: 04/18/2025) |
| 04/18/2025 | 1221 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joseph M. Alioto, Filing fee $ 100, receipt number ADCDC-11628872. Fee Status: Fee Paid. by CALIFORNIA |

| | | |
|---|---|---|
| | | CRANE SCHOOL, INC., on behalf of itself and all others similarly situated. (Attachments: # 1 Affidavit Decl. of J. Alioto iso Motion to Appear PHV, # 2 Exhibit A - Certificate of Good Standing, # 3 Exhibit B - Prop. Amici Brief, # 4 Proposed Order Granting PHV)(Larson, Stephen) (Entered: 04/18/2025) |
| 04/20/2025 | | MINUTE ORDER granting 1219 Sealed Motion. The court hereby accepts the filing of Exhibit E, ECF No. 1219-1, as a replacement for the document previously filed under seal at ECF No. 1191-5 and strikes and deletes the document filed at ECF No. 1191-5. Signed by Judge Amit P. Mehta on 4/20/2025. (lcapm2) Modified on 4/25/2025 to amend language (zakb). (Entered: 04/20/2025) |
| 04/20/2025 | | MINUTE ORDER granting 1221 Motion for Leave to Appear Pro Hac Vice. Attorney Joseph M. Alioto is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 4/20/2025. (lcapm2) (Entered: 04/20/2025) |
| 04/20/2025 | 1231 | SEALED DOCUMENT(EXHIBIT E) filed by GOOGLE LLC. re 1191 Sealed Document. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 04/25/2025) |
| 04/21/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1221 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joseph M. Alioto, Filing fee $ 100, receipt number ADCDC-11628872. Fee Status: Fee Paid. by CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated. (Attachments: # 1 Affidavit Decl. of J. Alioto iso Motion to Appear PHV, # 2 Exhibit A - Certificate of Good Standing, # 3 Exhibit B - Prop. Amici Brief, # 4 Proposed Order Granting PHV)(Larson, Stephen).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 4/28/2025. (zapb) Modified on 4/22/2025 (zhcn). (Entered: 04/21/2025) |
| 04/21/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing commenced on 4/21/2025. Evidentiary Hearing continued for 4/22/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Gregory Durrett and Peter Fitzgerald. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 04/21/2025) |
| 04/21/2025 | 1222 | NOTICE of Appearance by Anna M Rathbun on behalf of YAHOO! INC. (Rathbun, Anna) (Entered: 04/21/2025) |
| 04/21/2025 | 1223 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Caitlin N. Fitzpatrick, Filing fee $ 100, receipt number ADCDC-11633049. Fee Status: Fee Paid. by YAHOO! INC.. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Rathbun, Anna) (Entered: 04/21/2025) |
| 04/21/2025 | 1224 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by APPLE INC. (This document is SEALED and only available to authorized persons.) |

| | | |
|---|---|---|
| | | (Attachments: # 1 Text of Proposed Order, # 2 Affidavit of John Giannandrea)(Ray, Sarah) (Entered: 04/21/2025) |
| 04/22/2025 | 1225 | MOTION for Leave to File Amicus Brief by CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated. (Attachments: # 1 Memorandum in Support Amicus Brief, # 2 Text of Proposed Order)(Alioto, Joseph) (Entered: 04/22/2025) |
| 04/22/2025 | 1226 | NOTICE of Appearance by Joseph M. Alioto, Sr on behalf of CALIFORNIA CRANE SCHOOL, INC., on behalf of itself and all others similarly situated (Alioto, Joseph) (Entered: 04/22/2025) |
| 04/22/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/22/2025. Evidentiary Hearing continued for 4/23/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Peter Fitzgerald (continued from 4/22/2025), Nicholas Turley, and Antonio Rangel. (Court Reporter AM - William Zaremba, PM - Christine Asif.) (zakb) (Entered: 04/22/2025) |
| 04/22/2025 | | MINUTE ORDER granting 1223 Motion for Leave to Appear Pro Hac Vice. Attorney Caitlin N. Fitzpatrick is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 4/22/2025. (lcapm2) (Entered: 04/22/2025) |
| 04/23/2025 | 1227 | NOTICE of Appearance by Caitlin Fitzpatrick on behalf of YAHOO! INC. (Fitzpatrick, Caitlin) (Entered: 04/23/2025) |
| 04/23/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/23/2025. Evidentiary Hearing continued for 4/24/2025 at 9:00 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Sissie Hsiao, Dmitry Shevelenko, and Gabriel Weinberg. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 04/23/2025) |
| 04/23/2025 | | MINUTE ORDER. The parties have advised the court of possible closed-session testimony from witness Gabriel Weinberg on April 24, 2025. The court will consider any argument and objections regarding the proposed closed session at 9:00 AM on April 24, 2025 in Courtroom 10. Signed by Judge Amit P. Mehta on 4/23/2025. (lcapm2) (Entered: 04/23/2025) |
| 04/24/2025 | 1228 | NOTICE *of Exhibits Offered for Admission* by UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 04/24/2025) |
| 04/24/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/24/2025. Evidentiary Hearing continued for 4/25/2025 at 9:15 AM in Courtroom 10- In Person before Judge Amit P. Mehta. (Court Reporter AM - William Zaremba, PM - Christine Asif.) (zakb) (Entered: 04/24/2025) |
| 04/24/2025 | 1229 | MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION-CWA. (Attachments: # 1 Text of Proposed Order)(Grunes, Allen) (Entered: 04/24/2025) |
| 04/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1229 MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION-CWA. (Attachments: # 1 Text of Proposed Order)(Grunes, Allen).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the |

| | | |
|---|---|---|
| | | appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/1/2025. (zhcn) 4/28/2025 (zapb). (Entered: 04/25/2025) |
| 04/25/2025 | 1230 | MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION-CWA. (Attachments: # 1 Text of Proposed Order)(Meschke, David) (Entered: 04/25/2025) |
| 04/25/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/25/2025. Evidentiary Hearing continued for 4/28/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witnesses: Paul Vallez, James Mickens, and Parisa Tabriz. (Court Reporters: AM - William Zaremba and PM - Christine Asif.) (zakb) (Entered: 04/25/2025) |
| 04/28/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/28/2025. Evidentiary Hearing continued for 4/29/2025 at 9:15 AM in Courtroom 10 before Judge Amit P. Mehta. Plaintiff's witnesses: Adam Epstein, Michael Luca, and David Locala. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 04/28/2025) |
| 04/28/2025 | | MINUTE ORDER. The parties have advised the court of possible closed-session testimony from witness Heather Adkins on April 29, 2025. The court will consider any argument and objections regarding the proposed closed session at 9:15 AM on April 29, 2025 in Courtroom 10. Signed by Judge Amit P. Mehta on 4/28/2025. (lcapm2) (Entered: 04/28/2025) |
| 04/29/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/29/2025. Plaintiffs rested their case in chief. Evidentiary Hearing continued for 4/30/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Plaintiff's witness: Tasneem Chipty. Defendant's witness: Heather Adkins. (Court Reporters: AM - William Zaremba and PM - Christine Asif.) (zakb) (Entered: 04/29/2025) |
| 04/30/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 4/30/2025. Evidentiary Hearing continued for 5/1/2025 at 9:15 AM in Courtroom 10 before Judge Amit P. Mehta. Defendant's witnesses: Sundar Pichai, Jason Nieh, and Marc Zenner. (Court Reporter AM: William Zaremba and PM: Lorraine Herman.) (zakb) (Entered: 04/30/2025) |
| 04/30/2025 | 1232 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Katharine M. O'Connor, Filing fee $ 100, receipt number ADCDC-11657166. Fee Status: Fee Paid. by MOTOROLA MOBILITY LLC. (Attachments: # 1 Declaration Declaration for Pro Hac Vice Admission as to Katharine O'Connor, # 2 Supplement Attachment to Declaration of Katharine O'Connor, # 3 Text of Proposed Order)(Ferrara, Anthony) (Entered: 04/30/2025) |
| 04/30/2025 | 1233 | NOTICE *of Exhibits Offered for Admission* by GOOGLE LLC (Schmidtlein, John) (Entered: 04/30/2025) |
| 04/30/2025 | 1234 | NOTICE *of Exhibits Offered for Admission Subject to Standing Objection* by GOOGLE LLC (Schmidtlein, John) (Entered: 04/30/2025) |
| 05/01/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/1/2025. Evidentiary Hearing continued for 5/2/2025 at 9:15 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: James Allan and |

| | | |
|---|---|---|
| | | Jesse Adkins. (Court Reporter AM - William Zaremba and PM - Christine Asif.) (zakb) Modified on 5/2/2025 to include witnesses (zakb). (Entered: 05/01/2025) |
| 05/01/2025 | 1235 | ORDER granting 1224 Apple's Motion for Leave to File Under Seal. Apple shall file a redacted version of the Giannandrea Declaration by May 2, 2025. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/29/2025. (lcapm2) (Entered: 05/01/2025) |
| 05/01/2025 | 1236 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Lee A. Hepner, Filing fee $ 100, receipt number ADCDC-11660095. Fee Status: Fee Paid. by AMERICAN ECONOMIC LIBERTIES PROJECT. (Attachments: # 1 Declaration of Lee A. Hepner, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Van Dyck, Katherine) (Entered: 05/01/2025) |
| 05/01/2025 | 1237 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Catherine S. Simonsen, Filing fee $ 100, receipt number ADCDC-11660145. Fee Status: Fee Paid. by AMERICAN ECONOMIC LIBERTIES PROJECT. (Attachments: # 1 Declaration of Catherine S. Simonsen, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Van Dyck, Katherine) (Entered: 05/01/2025) |
| 05/01/2025 | 1240 | SEALED DOCUMENT (Affidavit of John Giannandrea) filed by APPLE INC.. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 05/05/2025) |
| 05/02/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/2/2025 Evidentiary Hearing continued for 5/6/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Jesse Adkins (continued from 5/1/2025), Eric Muhlheim, Mark Israel, and Eli Collins. (Court Reporters AM: William Zaremba and PM: Lorraine Herman.) (zakb) (Entered: 05/02/2025) |
| 05/02/2025 | | MINUTE ORDER granting 1232 Motion for Leave to Appear Pro Hac Vice. Attorney Katharine M. O'Connor is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/2/2025. (lcapm2) (Entered: 05/02/2025) |
| 05/02/2025 | | MINUTE ORDER granting 1236 Motion for Leave to Appear Pro Hac Vice. Attorney Lee A. Hepner is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/2/2025. (lcapm2) (Entered: 05/02/2025) |
| 05/02/2025 | | MINUTE ORDER granting 1237 Motion for Leave to Appear Pro Hac Vice. Attorney Catherine S. Simonsen is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/2/2025. (lcapm2) (Entered: 05/02/2025) |
| 05/02/2025 | 1238 | NOTICE *Of Plaintiffs' Exhibits Offered For Admission* by UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 05/02/2025) |
| 05/02/2025 | 1239 | DECLARATION re 1235 Order on Sealed Motion for Leave to File Document Under Seal, *(Redacted Affidavit of John Giannandrea)* by APPLE INC.. (Ray, Sarah) Modified event on 5/5/2025 (mg). (Entered: 05/02/2025) |
| 05/05/2025 | | NOTICE of Hearing: On May 6, 2025, the Evidentiary Hearing will begin at 9:15 AM in Courtroom 10. (lcapm2) (Entered: 05/05/2025) |

| | | |
|---|---|---|
| 05/06/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/6/2025. Evidentiary Hearing continued for 5/7/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Elizabeth Reid and Christopher Culnane. (Court Reporter AM: William Zaremba and PM: Lorraine Herman.) (zakb) (Entered: 05/06/2025) |
| 05/06/2025 | 1241 | NOTICE of Appearance by Brandon Kressin on behalf of NEWS/MEDIA ALLIANCE (Kressin, Brandon) (Entered: 05/06/2025) |
| 05/06/2025 | 1242 | NOTICE of Appearance by Ian Simmons on behalf of BIPARTISAN FORMER ANTITRUST ENFORCERS (Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1243 | MOTION for Leave to File Amicus Brief by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Exhibit A - Brief of Bipartisan Former Antitrust Enforcers As Amicus Curiae in Support of Neither Party, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1244 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Peter Herrick, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Peter Herrick, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1245 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Michael F. Rosenblatt, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Mike Rosenblatt, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1246 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Andrew Ezekoye, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Andrew Ezekoye, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/06/2025 | 1247 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joshua P. Cayetano, Filing fee $ 100. Fee Status: Fee Paid. by BIPARTISAN FORMER ANTITRUST ENFORCERS. (Attachments: # 1 Declaration of Joshua P. Cayetano, # 2 Text of Proposed Order)(Simmons, Ian) (Entered: 05/06/2025) |
| 05/07/2025 | | Payment for 1244 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Peter Herrick, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC-11674119). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | | Payment for 1245 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Michael F. Rosenblatt, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC-11674129). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | | Payment for 1246 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Andrew Ezekoye, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC-11674140). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | | Payment for 1247 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joshua P. Cayetano, Filing fee $ 100. Fee Status: Fee Paid.. ($100; Receipt number ADCDC-11674143). (Simmons, Ian) (Entered: 05/07/2025) |
| 05/07/2025 | 1248 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Stephen Wu, Filing fee $ 100, receipt number ADCDC-11674390. Fee Status: Fee Paid. by MOTOROLA MOBILITY LLC. (Attachments: # 1 Declaration Declaration for Pro Hac Vice Admission as to Stephen Wu, Certificate of Good Standing, # 2 Supplement Attachment |

| | | |
|---|---|---|
| | | to Declaration of Stephen Wu, # 3 Text of Proposed Order)(Ferrara, Anthony) (Entered: 05/07/2025) |
| 05/07/2025 | 1249 | NOTICE of Appearance by Katharine M. O'Connor on behalf of MOTOROLA MOBILITY LLC (O'Connor, Katharine) (Entered: 05/07/2025) |
| 05/07/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/7/2025. Evidentiary Hearing continued for 5/8/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Eduardo Cue, Sameer Samat, and Lorin Hitt. (Court Reporters AM: William Zaremba and PM: Christine Asif) (zakb) (Entered: 05/07/2025) |
| 05/07/2025 | 1250 | NOTICE of Appearance by Catherine S. Simonsen on behalf of AMERICAN ECONOMIC LIBERTIES PROJECT (Simonsen, Catherine) (Entered: 05/07/2025) |
| 05/07/2025 | 1251 | NOTICE of Appearance by Benjamin G. Bradshaw on behalf of CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION (Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1252 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Anna T. Pletcher, Filing fee $ 100, receipt number ADCDC-11674793. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Anna Pletcher, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1253 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Sergei Zaslavsky, Filing fee $ 100, receipt number ADCDC-11674795. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Serge Zaslavsky, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1254 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Melissa C. Cassel-Walker, Filing fee $ 100, receipt number ADCDC-11674796. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Melissa C. Cassel-Walker, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1255 | MOTION for Extension of Time to *File Amicus Brief* by APPLE INC.. (Attachments: # 1 Text of Proposed Order)(Ray, Sarah) (Entered: 05/07/2025) |
| 05/07/2025 | 1256 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Monsura A. Sirajee, Filing fee $ 100, receipt number ADCDC-11674799. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Monsura A. Sirajee, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1257 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Enoch O. Ajayi, Filing fee $ 100, receipt number ADCDC-11674805. Fee Status: Fee Paid. by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (Attachments: # 1 Declaration of Enoch O. Ajayi, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/07/2025) |
| 05/07/2025 | 1258 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Andrew C. Finch, Filing fee $ 100, receipt number ADCDC-11674813. Fee Status: Fee Paid. by Brave Software, Inc.. (Attachments: # 1 Declaration of Andrew C. Finch in Support of Motion to Admit |

| | | |
|---|---|---|
| | | Pro Hac Vice, # 2 Exhibit A - Certificate of Good Standing, # 3 Exhibit B - Court Admissions, # 4 Text of Proposed Order)(Buretta, John) (Entered: 05/07/2025) |
| 05/07/2025 | 1259 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Gary A. Bornstein, Filing fee $ 100, receipt number ADCDC-11674830. Fee Status: Fee Paid. by Brave Software, Inc.. (Attachments: # 1 Declaration of Gary A. Bornstein in Support of Motion to Admit Pro Hac Vice, # 2 Exhibit A - Certificate of Good Standing, # 3 Exhibit B - Court Admissions, # 4 Text of Proposed Order)(Buretta, John) (Entered: 05/07/2025) |
| 05/07/2025 | 1260 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Yonatan Even, Filing fee $ 100, receipt number ADCDC-11674842. Fee Status: Fee Paid. by Brave Software, Inc.. (Attachments: # 1 Declaration of Yonatan Even in Support of Motion to Admit Pro Hac Vice, # 2 Exhibit A - Certificate of Good Standing, # 3 Exhibit B - Court Admissions, # 4 Text of Proposed Order)(Buretta, John) (Entered: 05/07/2025) |
| 05/07/2025 | 1263 | MOTION for Leave to File Amicus Brief by GREGORY J. WERDEN. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(zdp) (Entered: 05/08/2025) |
| 05/08/2025 | 1261 | MEMORANDUM by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/08/2025) |
| 05/08/2025 | 1262 | MEMORANDUM by UNITED STATES OF AMERICA. (Chapman, Travis) (Entered: 05/08/2025) |
| 05/08/2025 | 1264 | NOTICE of Appearance by Brandon Kressin on behalf of Y Combinator (Kressin, Brandon) (Entered: 05/08/2025) |
| 05/08/2025 | 1265 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ben Harris, Filing fee $ 100, receipt number ADCDC-11677524. Fee Status: Fee Paid. by APPLE INC.. (Attachments: # 1 Declaration of Ben Harris, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order)(Garre, Gregory) (Entered: 05/08/2025) |
| 05/08/2025 | 1266 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Whitney A. Lee, Filing fee $ 100, receipt number ADCDC-11677638. Fee Status: Fee Paid. by Andrew Stivers. (Attachments: # 1 Declaration Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/08/2025) |
| 05/08/2025 | 1267 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jasmine Arooni, Filing fee $ 100, receipt number ADCDC-11677747. Fee Status: Fee Paid. by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/08/2025) |
| 05/08/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/8/2025. Defendant rested their case. Evidentiary Hearing continued for 5/9/2025 at 9:30 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. Defendant's witnesses: Lorin Hitt, Kevin Murphy, and Omkar Muralidharan. (Court Reporter AM: William Zaremba, PM: Lorraine Herman.) (zakb) (Entered: 05/08/2025) |
| 05/08/2025 | | MINUTE ORDER denying 1255 Apple's Motion for Extension of Time. Apple shall file its amicus brief by May 9, 2025. Signed by Judge Amit P. Mehta on 5/8/2025. (lcapm2) (Entered: 05/08/2025) |
| 05/08/2025 | 1268 | NOTICE *of Exhibits Offered for Admission* by GOOGLE LLC (Schmidtlein, John) (Entered: 05/08/2025) |
| 05/08/2025 | 1269 | NOTICE of Appearance by Graham Robert Cronogue on behalf of ACT \| The App Association (Cronogue, Graham) (Entered: 05/08/2025) |

| | | |
|---|---|---|
| 05/08/2025 | 1270 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Creighton James Macy, Filing fee $ 100, receipt number ADCDC-11678147. Fee Status: Fee Paid. by ACT \| The App Association. (Attachments: # 1 Declaration of Creighton J. Macy, # 2 Exhibit A - Certificate of Good Standing, # 3 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/08/2025) |
| 05/08/2025 | 1271 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Mark Geoffrey Weiss, Filing fee $ 100, receipt number ADCDC-11678189. Fee Status: Fee Paid. by ACT \| The App Association. (Attachments: # 1 Declaration of Mark G. Weiss, # 2 Exhibit A - Certificate of Good Standing, # 3 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/08/2025) |
| 05/08/2025 | 1272 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Kaitlyn Elizabeth Barry, Filing fee $ 100, receipt number ADCDC-11678190. Fee Status: Fee Paid. by ACT \| The App Association. (Attachments: # 1 Declaration of Kaitlyn E. Barry, # 2 Exhibit A - Certificate of Good Standing, # 3 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/08/2025) |
| 05/09/2025 | 1273 | NOTICE of Appearance by Lee Hepner on behalf of AMERICAN ECONOMIC LIBERTIES PROJECT (Hepner, Lee) (Entered: 05/09/2025) |
| 05/09/2025 | 1274 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Miriam H. Wugmeister, Filing fee $ 100, receipt number ADCDC-11678806. Fee Status: Fee Paid. by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/09/2025) |
| 05/09/2025 | 1275 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jonathan Louis Newmark, Filing fee $ 100, receipt number ADCDC-11678859. Fee Status: Fee Paid. by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Declaration in Support of Pro Hac Vice Motion, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Gerking, Megan) (Entered: 05/09/2025) |
| 05/09/2025 | 1276 | NOTICE of Appearance by Megan Gerking on behalf of JAMES COOPER, ANDREW STIVERS (Gerking, Megan) (Entered: 05/09/2025) |
| 05/09/2025 | 1277 | NOTICE of Appearance by Joseph Charles Folio, III on behalf of JAMES COOPER, ANDREW STIVERS (Folio, Joseph) (Entered: 05/09/2025) |
| 05/09/2025 | 1278 | NOTICE of Appearance by Lisa M. Phelan on behalf of JAMES COOPER, ANDREW STIVERS (Phelan, Lisa) (Entered: 05/09/2025) |
| 05/09/2025 | 1279 | MOTION for Leave to File Amicus Brief by ANTHROPIC PBC, ENGINE ADVOCACY, TECHNET. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Mezzina, Paul) (Entered: 05/09/2025) |
| 05/09/2025 | 1280 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests *[Amended]* by ANTHROPIC PBC (Mezzina, Paul) (Entered: 05/09/2025) |
| 05/09/2025 | 1281 | MOTION for Leave to File Amicus Brief by AMERICAN ECONOMIC LIBERTIES PROJECT. (Attachments: # 1 Exhibit - Brief of Amicus Curiae American Economic Liberties Project, # 2 Text of Proposed Order)(Hepner, Lee) (Entered: 05/09/2025) |
| 05/09/2025 | 1282 | NOTICE of Appearance by Marisa Poncia on behalf of MOTOROLA MOBILITY LLC (Poncia, Marisa) (Entered: 05/09/2025) |
| 05/09/2025 | 1283 | NOTICE *Of Plaintiffs' Exhibits Offered For Admission* by UNITED STATES OF AMERICA (McLellan, Michael) (Entered: 05/09/2025) |

| | | |
|---|---|---|
| 05/09/2025 | 1284 | MOTION for Leave to File Amicus Brief by NEWS/MEDIA ALLIANCE. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Kressin, Brandon) (Entered: 05/09/2025) |
| 05/09/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/9/2025. Plaintiffs presented and concluded their rebuttal case. Order addressing closing arguments forthcoming via chambers. Plaintiff's rebuttal witnesses: Kinshuk Jerath and Tasneem Chipty. (Court Reporter: William Zaremba.) (zakb) (Entered: 05/09/2025) |
| 05/09/2025 | 1285 | NOTICE *OF EXHIBIT OFFERED FOR ADMISSION* by STATE OF COLORADO (Sallet, Jonathan) (Entered: 05/09/2025) |
| 05/09/2025 | 1286 | MOTION for Leave to File Amicus Brief by Federal Trade Commission. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Sawkar, Anupama) (Entered: 05/09/2025) |
| 05/09/2025 | 1287 | ENTERED IN ERROR.....NOTICE of Appearance by Elizabeth Rinehart on behalf of The Center for Cybersecurity Policy and Law (Rinehart, Elizabeth) Modified on 5/13/2025 (mg). (Entered: 05/09/2025) |
| 05/09/2025 | 1288 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Jennifer C. Daskal, Filing fee $ 100, receipt number ADCDC-11681005. Fee Status: Fee Paid. by The Center for Cybersecurity Policy and Law. (Attachments: # 1 Declaration for Pro Hac Vice Admission of Jennifer C. Daskal, # 2 Certificate of Good Standing of Jennifer C. Daskal, # 3 Text of Proposed Order)(Rinehart, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | 1289 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Matthew D. Field, Filing fee $ 100, receipt number ADCDC-11681044. Fee Status: Fee Paid. by The Center for Cybersecurity Policy and Law. (Attachments: # 1 Declaration for Pro Hac Vice Admission of Matthew D. Field, # 2 Certificate of Good Standing of Matthew D. Field, # 3 Text of Proposed Order)(Rinehart, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | | MINUTE ORDER granting 1244 , 1245 , 1246 , 1247 , 1248 , 1252 , 1253 , 1254 , 1256 , 1257 , 1258 , 1259 , 1260 , 1265 , 1266 , 1267 , 1270 , 1271 , 1272 , 1274 , 1275 , 1288 , 1289 Motions for Leave to Appear Pro Hac Vice. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 5/9/2025. (lcapm2) (Entered: 05/09/2025) |
| 05/09/2025 | 1290 | MOTION for Leave to File Amicus Brief by CHAMBER OF PROGRESS. (Attachments: # 1 Exhibit A - Brief of Chamber of Progress and Computer & Communications Industry Association as Amicus Curiae Supporting Google LLC, # 2 Text of Proposed Order)(Bradshaw, Benjamin) (Entered: 05/09/2025) |
| 05/09/2025 | 1291 | Unopposed MOTION for Leave to File Amicus Brief by JAMES COOPER, ANDREW STIVERS. (Attachments: # 1 Exhibit Brief of Amicus Curiae Drs. James Cooper and Andrew Stivers, # 2 Text of Proposed Order)(Phelan, Lisa) (Entered: 05/09/2025) |
| 05/09/2025 | 1292 | Unopposed MOTION for Leave to File Amicus Brief by THE CENTER FOR CYBERSECURITY POLICY AND LAW. (Attachments: # 1 Exhibit - Brief of Amicus Curiae The Center for Cybersecurity Policy and Law, # 2 Text of Proposed Order) (Rinehart, Elizabeth) (Entered: 05/09/2025) |
| 05/09/2025 | 1293 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SAMSUNG ELECTRONICS CO., LTD. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 - Unopposed Motion for Leave to File Amicus Brief in Support of Defendant's Opposition to Certain Remedies, # 2 Exhibit 2 - Exhibit 1 to Motion to File Amicus Brief, # 3 Exhibit 3 - Exhibit 2 to Motion |

| | | |
|---|---|---|
| | | to File Amicus Brief, # 4 Exhibit 4 - Declaration in Support of Motion to File Amicus Brief, # 5 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/09/2025) |
| 05/09/2025 | 1294 | AMICUS BRIEF by ALPHABET WORKERS UNION-CWA. (Grunes, Allen) (Entered: 05/09/2025) |
| 05/09/2025 | 1295 | NOTICE of Appearance by Juan Arteaga on behalf of Mozilla Corporation (Arteaga, Juan) (Entered: 05/09/2025) |
| 05/09/2025 | 1296 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Mozilla Corporation (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 - Unopposed Motion for Leave to File Amicus Brief in Support of Neither Party, # 2 Exhibit 2 - Ex 1 in Support of Motion to File Amicus Brief, # 3 Exhibit 3 - Ex 2 in Support of Motion to File Amicus Brief, # 4 Exhibit 4 - Declaration in Support of Motion to File Amicus Brief, # 5 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/09/2025) |
| 05/09/2025 | 1297 | Unopposed MOTION for Leave to File Amicus Brief by SCHOLARS OF LAW & ECONOMICS. (Attachments: # 1 Exhibit 1 (proposed amicus brief), # 2 Text of Proposed Order)(LeGrand, Rebecca) (Entered: 05/09/2025) |
| 05/09/2025 | 1298 | NOTICE of Appearance by Rebecca S. LeGrand on behalf of SCHOLARS OF LAW & ECONOMICS (LeGrand, Rebecca) (Entered: 05/09/2025) |
| 05/09/2025 | 1299 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by MOTOROLA MOBILITY LLC (O'Connor, Katharine) (Entered: 05/09/2025) |
| 05/09/2025 | 1300 | MOTION for Leave to File Amicus Brief by Y Combinator. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Kressin, Brandon) (Entered: 05/09/2025) |
| 05/09/2025 | 1301 | NOTICE of Appearance by Yonatan Even on behalf of Brave Software, Inc. (Even, Yonatan) (Entered: 05/09/2025) |
| 05/09/2025 | 1302 | NOTICE *Regarding Designated Deposition Testimony* by GOOGLE LLC (Schmidtlein, John) (Entered: 05/09/2025) |
| 05/09/2025 | 1303 | AMICUS BRIEF by APPLE INC.. (Ray, Sarah) (Entered: 05/09/2025) |
| 05/09/2025 | 1304 | MOTION for Leave to File Amicus Brief by Brave Software, Inc.. (Attachments: # 1 Exhibit A - Brief of Amicus Curiae Brave Software, Inc. in Support of Neither Party, # 2 Text of Proposed Order)(Even, Yonatan) (Entered: 05/09/2025) |
| 05/09/2025 | 1305 | MOTION for Leave to File Amicus Brief by ACT \| The App Association. (Attachments: # 1 Amicus Brief, # 2 Text of Proposed Order)(Cronogue, Graham) (Entered: 05/09/2025) |
| 05/09/2025 | 1306 | MOTION for Leave to File Amicus Brief by MOTOROLA MOBILITY LLC. (Attachments: # 1 Exhibit Proposed Brief of Amicus Curiae, # 2 Exhibit A to Proposed Amicus Brief - F. Laflamme Transcript Excerpts (REDACTED), # 3 Exhibit B to Proposed Amicus Brief - E. Christensen Transcript Excerpts, # 4 Exhibit C to Proposed Amicus Brief - Bates No. MOTO-DDC-00162956 (REDACTED), # 5 Text of Proposed Order)(O'Connor, Katharine) (Entered: 05/09/2025) |
| 05/09/2025 | 1307 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOTOROLA MOBILITY LLC (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A to Proposed Amicus Brief - F. Laflamme Transcript Excerpts (SEALED), # 2 Exhibit C to Proposed Amicus Brief - |

| | | |
|---|---|---|
| | | Bates No. MOTO-DDC-00162956 (SEALED), # 3 Text of Proposed Order)(O'Connor, Katharine) (Entered: 05/09/2025) |
| 05/12/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1278 NOTICE of Appearance by Lisa M. Phelan on behalf of JAMES COOPER, ANDREW STIVERS (Phelan, Lisa).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/19/2025. (zapb) Modified on 5/12/2025 (zapb). (Entered: 05/12/2025) |
| 05/12/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 1304 MOTION for Leave to File Amicus Brief by Brave Software, Inc.. (Attachments: # 1 Exhibit A - Brief of Amicus Curiae Brave Software, Inc. in Support of Neither Party, # 2 Text of Proposed Order)(Even, Yonatan).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/19/2025. (zapb) 5/13/2025 (zapb). (Entered: 05/12/2025) |
| 05/12/2025 | | MINUTE ORDER granting 1225 , 1229 , 1230 , 1243 , 1263 , 1279 , 1281 , 1284 , 1286 , 1290 , 1291 , 1292 , 1297 , 1300 , 1304 , 1305 , 1306 Motions for Leave to File Amicus Brief. Signed by Judge Amit P. Mehta on 5/12/2025. (lcapm2) (Entered: 05/12/2025) |
| 05/12/2025 | | MINUTE ORDER granting 1293 Samsung's Sealed Motion for Leave to File Documents Under Seal. On or before May 16, 2025, Samsung shall file public versions of its amicus brief and supporting materials, as well as a motion for leave to file under seal the redacted portions. *See United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Signed by Judge Amit P. Mehta on 5/12/2025. (lcapm2) (Entered: 05/12/2025) |
| 05/12/2025 | | MINUTE ORDER granting 1296 Mozilla's Sealed Motion for Leave to File Documents Under Seal. On or before May 16, 2025, Mozilla shall file public versions of its amicus brief and supporting materials, as well as a motion for leave to file under seal the redacted portions. *See United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Signed by Judge Amit P. Mehta on 5/12/2025. (lcapm2) (Entered: 05/12/2025) |
| 05/12/2025 | 1308 | NOTICE of Appearance by Ben Harris on behalf of APPLE INC. (Harris, Ben) (Entered: 05/12/2025) |
| 05/12/2025 | 1322 | AMICUS BRIEF by CALIFORNIA CRANE SCHOOL. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1323 | AMICUS BRIEF by BIPARTISAN FORMER ANTITRUST ENFORCERS. (mg) (Entered: 05/15/2025) |

| | | |
|---|---|---|
| 05/12/2025 | 1324 | AMICUS BRIEF by GREGORY J. WERDEN. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1325 | AMICUS BRIEF by ANTHROPIC PBC, ENGINE ADVOCACY, TECHNET. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1326 | AMICUS BRIEF by AMERICAN ECONOMIC LIBERTIES PROJECT. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1327 | AMICUS BRIEF by NEWS/MEDIA ALLIANCE. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1328 | AMICUS BRIEF by Federal Trade Commission. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1329 | AMICUS BRIEF by CHAMBER OF PROGRESS, COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1330 | AMICUS BRIEF by JAMES COOPER, ANDREW STIVERS. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1331 | AMICUS BRIEF by THE CENTER FOR CYBERSECURITY POLICY AND LAW. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1332 | AMICUS BRIEF by SCHOLARS OF LAW & ECONOMICS. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1333 | AMICUS BRIEF by Brave Software, Inc.. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1334 | AMICUS BRIEF by ACT \| The App Association. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1335 | AMICUS BRIEF by MOTOROLA MOBILITY LLC. (mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1336 | SEALED DOCUMENT (SAMSUNG ELECTRONICS CO., LTD.S AMICUS CURIAE BRIEF) filed by SAMSUNG ELECTRONICS CO., LTD.. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 - Exhibit 1 to Motion to File Amicus Brief, # 2 Exhibit 3 - Exhibit 2 to Motion to File Amicus Brief, # 3 Exhibit 4 - Declaration in Support of Motion to File Amicus Brief)(mg) (Entered: 05/15/2025) |
| 05/12/2025 | 1337 | SEALED DOCUMENT (MOZILLA CORPORATIONS AMICUS CURIAE BRIEF) filed by Mozilla Corporation. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 - Ex 1 in Support of Motion to File Amicus Brief, # 2 Exhibit 3 - Ex 2 in Support of Motion to File Amicus Brief, # 3 Exhibit 4 - Declaration in Support of Motion to File Amicus Brief)(mg) (Entered: 05/15/2025) |
| 05/13/2025 | 1309 | NOTICE of Appearance by Creighton J. Macy on behalf of ACT \| The App Association (Macy, Creighton) (Entered: 05/13/2025) |
| 05/13/2025 | | NOTICE OF ERROR regarding 1287 Notice of Appearance. The following error(s) need correction: Document incomplete, missing attorney's signature. Please refile. (mg) (Entered: 05/13/2025) |
| 05/13/2025 | 1310 | NOTICE of Appearance by Mark Geoffrey Weiss on behalf of ACT \| The App Association (Weiss, Mark) (Entered: 05/13/2025) |
| 05/13/2025 | 1311 | NOTICE of Appearance by Kaitlyn Barry on behalf of ACT \| The App Association (Barry, Kaitlyn) (Entered: 05/13/2025) |
| 05/13/2025 | 1312 | Joint STATUS REPORT *TO ADDRESS CONFIDENTIAL INFORMATION IN POST-HEARING SUBMISSIONS* by UNITED STATES OF AMERICA. (Chapman, Travis) (Entered: 05/13/2025) |

| | | |
|---|---|---|
| 05/13/2025 | 1313 | MOTION to Amend/Correct *ECF No. 1306-2, 1307-1*, MOTION to Strike 1307 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOTOROLA MOBILITY LLC (This document is SEALED and only available to authorized persons.), 1306 MOTION for Leave to File Amicus Brief - *Motion to Strike and Amend Docket No. 1306-2 and 1307-1* by MOTOROLA MOBILITY LLC. (Attachments: # 1 Exhibit Revised ECF No. 1306-2 - REDACTED, # 2 Text of Proposed Order)(O'Connor, Katharine) (Entered: 05/13/2025) |
| 05/13/2025 | 1314 | SEALED DOCUMENT filed by MOTOROLA MOBILITY LLC re 1313 MOTION to Amend/Correct *ECF No. 1306-2, 1307-1* MOTION to Strike 1307 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOTOROLA MOBILITY LLC (This document is SEALED and only available to authorized persons.), 1306 MOTION for Leave to File Amicus Brief - *Motion to (This document is SEALED and only available to authorized persons.)(O'Connor, Katharine) (Entered: 05/13/2025)* |
| 05/13/2025 | | MINUTE ORDER granting 1313 Motorola's Motion to Strike and Amend Docket Nos. 1306-2 and 1307-1. The court hereby accepts the filing of ECF No. 1313-1 as a replacement for the document previously filed at ECF No. 1306-2 and strikes and deletes the document filed at ECF No. 1306-2. The court also accepts the filing of ECF No. 1314 as a replacement for the document previously filed under seal at ECF No. 1307-1 and strikes and deletes the document filed at ECF No. 1307-1. Signed by Judge Amit P. Mehta on 5/13/2025. (lcapm2) (Entered: 05/13/2025) |
| 05/13/2025 | | MINUTE ORDER granting 1307 Motorola's Motion for Leave to File Documents Under Seal. Balancing the *Hubbard* factors weighs in favor of sealing the portions requested by Motorola, as their disclosure would reveal the business strategies and confidential information of a third party. These considerations outweigh the public's interest in access. Signed by Judge Amit P. Mehta on 5/13/2025. (lcapm2) (Entered: 05/13/2025) |
| 05/13/2025 | 1315 | ERRATA by BIPARTISAN FORMER ANTITRUST ENFORCERS re 1243 Motion for Leave to File Amicus Brief,. (Attachments: # 1 Motion for Leave to File Amicus Brief, # 2 Exhibit A - Brief of Bipartisan Former Antitrust Enforcers As Amicus Curiae in Support of Neither Party)(Simmons, Ian) (Entered: 05/13/2025) |
| 05/13/2025 | 1318 | MANDATE of USCA as to 1156 Notice of Appeal to DC Circuit Court, filed by APPLE INC. ; USCA Case Number 25-5016. (Attachments: # 1 USCA Judgment 3/21/2025) (mg) (Entered: 05/14/2025) |
| 05/13/2025 | 1350 | NOTICE of Exhibit 1313-1 by MOTOROLA MOBILITY LLC re 5/13/2025 MINUTE Order on Motion to Amend/Correct, Order on Motion to Strike,, (mg) Modified docket text on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/13/2025 | 1351 | SEALED DOCUMENT (Exhibit 1314) filed by MOTOROLA MOBILITY LLC. re 5/13/2025 MINUTE Order on Motion to Amend/Correct, Order on Motion to Strike. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 05/20/2025) |
| 05/14/2025 | 1316 | NOTICE of Appearance by Gary Bornstein on behalf of Brave Software, Inc. (Bornstein, Gary) (Entered: 05/14/2025) |
| 05/14/2025 | 1317 | NOTICE of Appearance by Andrew C. Finch on behalf of Brave Software, Inc. (Finch, Andrew) (Entered: 05/14/2025) |
| 05/14/2025 | 1319 | ORDER regarding post-hearing submissions. See the attached Order for details. Signed by Judge Amit P. Mehta on 5/14/2025. (lcapm2) (Entered: 05/14/2025) |

| | | |
|---|---|---|
| 05/14/2025 | 1320 | SEALED MOTION filed by Mozilla Corporation (Attachments: # 1 Exhibit 1 - Amended Amicus Brief (amending Document No. 1296-2), # 2 Exhibit 2 - Amended Exhibit A to Arteaga Declaration (amending Document No. 1296-4), # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/14/2025) |
| 05/14/2025 | 1321 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by Mozilla Corporation (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 - Amicus Brief Proposed Redactions, # 2 Exhibit 2 - Exhibit A to Arteaga Declaration Proposed Redactions, # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/14/2025) |
| 05/14/2025 | | MINUTE ORDER denying 1321 Motion for Leave to File Under Seal Redacted Material in Mozilla Corporation's Amicus Papers. The court requires a more fulsome discussion of the *Hubbard* factors to determine whether sealing the portions requested by Mozilla is justified. Signed by Judge Amit P. Mehta on 5/14/2025. (lcapm2) (Entered: 05/14/2025) |
| 05/15/2025 | 1338 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by MOZILLA CORPORATION (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 - Amicus Brief Proposed Redactions, # 2 Exhibit 2 - Exhibit A to Arteaga Declaration Proposed Redactions, # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/15/2025) |
| 05/15/2025 | 1339 | NOTICE *of Admitted Exhibits and Demonstratives* by GOOGLE LLC (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 05/15/2025) |
| 05/15/2025 | 1340 | NOTICE *of Admitted Exhibits and Demonstratives* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(McLellan, Michael) (Entered: 05/15/2025) |
| 05/16/2025 | | MINUTE ORDER granting 1320 Motion to Amend Mozilla Corporation's Amicus Papers. The court hereby accepts the filing of ECF No. 1320-1 as a replacement for the document previously filed under seal at ECF No. 1296-2 and strikes and deletes the document filed at ECF No. 1296-2. The court also accepts the filing of ECF No. 1320-2 as a replacement for the document previously filed under seal at ECF No. 1296-4 and strikes and deletes the document filed at ECF No. 1296-4. Signed by Judge Amit P. Mehta on 5/16/2025. (lcapm2) (Entered: 05/16/2025) |
| 05/16/2025 | | MINUTE ORDER granting 1338 Renewed Motion for Leave to File Under Seal Redacted Material in Mozilla Corporation's Amicus Papers. Balancing the *Hubbard* factors weighs in favor of sealing the portions of the amicus brief requested by Mozilla, as their disclosure would reveal the business strategies and confidential information of a third party. These considerations outweigh the public's interest in access. With respect to the portions of the excerpted deposition testimony that Mozilla seeks to redact, the public has minimal interest in accessing this testimony because it was neither cited nor relied upon in Mozilla's amicus brief and is of marginal relevance to the issues in this case. Signed by Judge Amit P. Mehta on 5/16/2025. (lcapm2) (Entered: 05/16/2025) |
| 05/16/2025 | 1341 | AMICUS BRIEF *Amicus Curiae Mozilla Corporation in Support of Neither Party* by MOZILLA CORPORATION. (Attachments: # 1 Declaration of Juan Arteaga with Exhibit A)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | 1342 | SEALED MOTION filed by SAMSUNG ELECTRONICS CO., LTD. (Attachments: # 1 Exhibit 1 - Amended Amicus Brief (amending Document No. 1293-2), # 2 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | 1343 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by SAMSUNG ELECTRONICS CO., LTD. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1 - Amicus Brief Proposed |

| | | |
|---|---|---|
| | | Redactions, # 2 Exhibit 2 - Exhibit A to Arteaga Declaration Proposed Redactions, # 3 Text of Proposed Order)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | 1344 | AMICUS BRIEF *of Amicus Curiae Samsung Electronics Co., Ltd., in Support of Defendant's Opposition to Certain Proposed Remedies* by SAMSUNG ELECTRONICS CO., LTD.. (Attachments: # 1 Declaration of Juan Arteaga with Exhibit A)(Arteaga, Juan) (Entered: 05/16/2025) |
| 05/16/2025 | | MINUTE ORDER granting 1342 Motion to Amend Samsung's Amicus Brief. The court hereby accepts the filing of ECF No. 1342-1 as a replacement for the document previously filed under seal at ECF No. 1293-2 and strikes and deletes the document filed at ECF No. 1293-2. Signed by Judge Amit P. Mehta on 5/16/2025. (lcapm2) (Entered: 05/16/2025) |
| 05/16/2025 | 1345 | NOTICE of Appearance by Malisa Dawn McPherson on behalf of STATE OF OKLAHOMA (McPherson, Malisa) (Entered: 05/16/2025) |
| 05/16/2025 | 1346 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/16/2025) |
| 05/16/2025 | 1347 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/16/2025) |
| 05/16/2025 | 1348 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.)(Herrmann, Karl) (Entered: 05/16/2025) |
| 05/16/2025 | 1349 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Attachment A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 05/16/2025) |
| 05/16/2025 | 1352 | SEALED DOCUMENT (Exhibit A to Proposed Amicus Brief - F. Laflamme Transcript Excerpts (SEALED)) filed by MOTOROLA MOBILITY LLC. re 1335 Amicus Brief. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit C to Proposed Amicus Brief - Bates No. MOTO-DDC-00162956 (SEALED)) (mg) Modified date on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/16/2025 | 1353 | SEALED DOCUMENT (Exhibit 1 - Amended Amicus Brief (amending Document No. 1296-2) filed by MOZILLA CORPORATION. re 1341 Amicus Brief. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 - Amended Exhibit A to Arteaga Declaration (amending Document No. 1296-4))(mg) Modified date on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/16/2025 | 1354 | SEALED DOCUMENT (Exhibit 1 - Amicus Brief Proposed Redactions) filed by MOZILLA CORPORATION. re 1341 Amicus Brief. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A to Arteaga Declaration Proposed Redactions)(mg) Modified date on 5/20/2025 (mg). (Entered: 05/20/2025) |
| 05/16/2025 | 1355 | SEALED DOCUMENT (Exhibit 1 - Amended Amicus Brief (amending Document No. 1293-2)) filed by SAMSUNG ELECTRONICS CO., LTD.. re 1344 Amicus Brief,. (This document is SEALED and only available to authorized persons.)(mg) (Entered: 05/20/2025) |
| 05/16/2025 | 1356 | SEALED DOCUMENT (Exhibit 1 - Amicus Brief Proposed Redactions) filed by SAMSUNG ELECTRONICS CO., LTD.. re 1344 Amicus Brief,. (This document is |

| | | |
|---|---|---|
| | | SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 - Exhibit A to Arteaga Declaration Proposed Redactions)(mg) (Entered: 05/20/2025) |
| 05/19/2025 | | MINUTE ORDER granting 1343 Motion for Leave to File Under Seal Redacted Material in Samsung's Amicus Papers. Balancing the *Hubbard* factors weighs in favor of sealing the portions of the amicus brief requested by Samsung, as their disclosure would reveal the business strategies and confidential information of a third party. These considerations outweigh the public's interest in access. With respect to the portions of the excerpted deposition testimony that Samsung seeks to redact, the public has minimal interest in accessing this testimony because it was neither cited nor relied upon in Samsung's amicus brief and is of marginal relevance to the issues in this case. Signed by Judge Amit P. Mehta on 5/19/2025. (lcapm2) (Entered: 05/19/2025) |
| 05/19/2025 | 1357 | SEALED DOCUMENT (Exhibit 2 - Exhibit A to Arteaga Declaration Proposed Redactions) filed by SAMSUNG ELECTRONICS CO., LTD.. re 1344 Amicus Brief,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 2 - Exhibit A to Arteaga Declaration Proposed Redactions)(mg) (Entered: 05/21/2025) |
| 05/21/2025 | 1358 | REDACTED DOCUMENT- Plaintiffs' Remedies Post Trial Brief to 1348 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 05/21/2025) |
| 05/21/2025 | 1359 | REDACTED DOCUMENT- Defendant's Proposed Conclusions of Law to 1347 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/21/2025) |
| 05/21/2025 | 1360 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MOTOROLA MOBILITY LLC. Attorney Marisa Poncia terminated. (Poncia, Marisa) (Entered: 05/21/2025) |
| 05/23/2025 | 1361 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF OKLAHOMA. Attorney Robert J. Carlson terminated. (Carlson, Robert) (Entered: 05/23/2025) |
| 05/23/2025 | 1362 | ORDER setting the schedule for closing arguments in the remedies-phase proceedings. Closing arguments shall be held on May 30, 2025, at 9:00 AM in Courtroom 10. A public access line will be connected for the duration of the hearing, and audience overflow and media access rooms will be designated in the courthouse. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/23/2025. (lcapm2) (Entered: 05/23/2025) |
| 05/23/2025 | 1363 | NOTICE of Appearance by Stephen Y. Wu on behalf of MOTOROLA MOBILITY LLC (Wu, Stephen) (Entered: 05/23/2025) |
| 05/23/2025 | 1364 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A to Plaintiffs' Responsive Proposed Findings Of Fact, # 2 Certificate of Service)(Chapman, Travis) (Entered: 05/23/2025) |
| 05/23/2025 | 1365 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Chapman, Travis) (Entered: 05/23/2025) |
| 05/23/2025 | 1366 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/23/2025) |
| 05/23/2025 | 1367 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 05/23/2025) |

| | | |
|---|---|---|
| 05/27/2025 | | Set/Reset Deadlines/Hearings: Evidentiary Hearing (Closing arguments) set for 5/30/2025 at 9:00 AM in Courtroom 10 (In Person) before Judge Amit P. Mehta. (Audio Line Available.) (zakb) (Entered: 05/27/2025) |
| 05/28/2025 | 1368 | Joint STATUS REPORT *on the Digital Markets Act* by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/28/2025) |
| 05/29/2025 | 1369 | REDACTED DOCUMENT- Plaintiffs' Remedies Post-Trial Brief to 1348 Sealed Document by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 05/29/2025) |
| 05/29/2025 | 1370 | REDACTED DOCUMENT- Plaintiffs' Remedies Proposed Findings of Fact to 1349 Sealed Document by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit Attachment A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 05/29/2025) |
| 05/29/2025 | 1371 | REDACTED DOCUMENT- Plaintiffs' Responsive Proposed Findings of Fact to 1364 Sealed Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A to Plaintiffs' Responsive Proposed Findings of Fact)(Chapman, Travis) (Entered: 05/29/2025) |
| 05/29/2025 | 1372 | REDACTED DOCUMENT- Plaintiffs' Responsive Post-Trial Brief to 1365 Sealed Document by UNITED STATES OF AMERICA. (Chapman, Travis) (Entered: 05/29/2025) |
| 05/29/2025 | 1373 | REDACTED DOCUMENT- Defendant's Proposed Findings of Fact to 1346 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/29/2025) |
| 05/29/2025 | 1374 | REDACTED DOCUMENT- Defendant's Responsive Proposed Findings of Fact to 1366 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/29/2025) |
| 05/29/2025 | 1375 | REDACTED DOCUMENT- Defendant's Responsive Proposed Conclusions of Law to 1367 Sealed Document by GOOGLE LLC. (Schmidtlein, John) (Entered: 05/29/2025) |
| 05/29/2025 | 1376 | NOTICE *of Errata to Defendant's Proposed Findings of Fact and Responsive Proposed Findings of Fact re 1346 and 1366 by GOOGLE LLC (Schmidtlein, John) Modified on 6/3/2025 to add links (mg). (Entered: 05/29/2025)* |
| 05/30/2025 | 1377 | NOTICE of Appearance by Asyl Nachabe on behalf of STATE OF LOUISIANA (Nachabe, Asyl) (Main Document 1377 replaced on 6/2/2025) (mg). (Entered: 05/30/2025) |
| 05/30/2025 | 1378 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MOTOROLA MOBILITY LLC. Attorney Katharine M. O'Connor terminated. (O'Connor, Katharine) (Entered: 05/30/2025) |
| 05/30/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Evidentiary Hearing held on 5/30/2025. Closing arguments commenced and concluded. Court took the matter under advisement. (Court Reporter William Zaremba.) (zakb) (Entered: 06/02/2025) |
| 06/03/2025 | 1379 | NOTICE of Appearance by Donald Beaton Verrilli, Jr on behalf of GOOGLE LLC (Verrilli, Donald) (Entered: 06/03/2025) |
| 06/03/2025 | 1380 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Benjamin J. Horwich, Filing fee $ 100, receipt number ADCDC-11731401. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/03/2025) |
| 06/03/2025 | 1381 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Justin P. Raphael, Filing fee $ 100, receipt number ADCDC-11731415. Fee Status: Fee Paid. by GOOGLE LLC. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/03/2025) |
| 06/05/2025 | 1382 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Sarah Bartels terminated. (Bartels, Sarah) (Entered: 06/05/2025) |
| 06/06/2025 | 1383 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Diana Arlen Aguilar Aldape terminated. (Herrmann, Karl) (Entered: 06/06/2025) |
| 06/06/2025 | 1384 | NOTICE *of Errata for Post-Trial Briefing* by UNITED STATES OF AMERICA (Chapman, Travis) (Entered: 06/06/2025) |
| 06/09/2025 | 1386 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Benjamin Barber's MOTION for Leave to File Amicus Brief. Reason(s): Filer is not a party to the case. (Attachments: # 1 Exhibit) (mg) (Entered: 06/12/2025) |
| 06/11/2025 | 1385 | Joint MOTION to Amend/Correct *the Record* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 06/11/2025) |
| 06/12/2025 | 1387 | ORDER granting 1385 Joint Motion to Correct the Record. See the attached Order for details. Signed by Judge Amit P. Mehta on 6/12/2025. (lcapm2) (Entered: 06/12/2025) |
| 06/12/2025 | | MINUTE ORDER granting 1380 & 1381 Motions for Leave to Appear Pro Hac Vice. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 6/12/2025. (lcapm2) (Entered: 06/12/2025) |
| 06/13/2025 | 1388 | NOTICE of Appearance by Benjamin Joseph Horwich on behalf of GOOGLE LLC (Horwich, Benjamin) (Entered: 06/13/2025) |
| 06/13/2025 | 1389 | NOTICE of Appearance by Justin Paul Raphael on behalf of GOOGLE LLC (Raphael, Justin) (Entered: 06/13/2025) |
| 06/16/2025 | | MINUTE ORDER re 1386 Request for Leave to File Review. Leave to file is denied. Signed by Judge Amit P. Mehta on 6/16/2025. (lcapm2) (Entered: 06/16/2025) |
| 06/18/2025 | 1390 | NOTICE of Appearance by Cameron Ross Capps on behalf of STATE OF OKLAHOMA (Capps, Cameron) (Entered: 06/18/2025) |
| 06/20/2025 | 1391 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AT&T INC.. Attorney Christian Dibblee terminated. (Dibblee, Christian) (Entered: 06/20/2025) |
| 06/30/2025 | 1392 | NOTICE OF WITHDRAWAL OF APPEARANCE as to APPLE INC.. Attorney Peter E. Davis terminated. (Davis, Peter) (Entered: 06/30/2025) |
| 07/09/2025 | 1393 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 1 MORNING SESSION before Judge Amit P. Mehta held on April 21, 2025; Page Numbers: 1-130. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to |

| | | |
|---|---|---|
| | | the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1394 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 1 AFTERNOON SESSION, before Judge Amit P. Mehta held on April 21, 2025. Page Numbers: 131-309. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) Modified page numbers on 7/9/2025 (mg). (Entered: 07/09/2025) |
| 07/09/2025 | 1395 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 2 MORNING SESSION before Judge Amit P. Mehta held on April 22, 2025; Page Numbers: 310-456. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1396 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 2 AFTERNOON SESSION before Judge Amit P. Mehta held on April 22, 2025; Page Numbers: 457-617. Court Reporter/Transcriber Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1397 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 3 MORNING SESSION before Judge Amit P. Mehta held on April 23, 2025; Page Numbers: 618-783. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1398 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 3 AFTERNOON SESSION, before Judge Amit P. Mehta, held on April 23, 2025. Page Numbers: 784 - 939. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1399 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 4 MORNING SESSION before Judge Amit P. Mehta held on April 24, 2025; Page Numbers: 940-1123. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1400 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 4 AFTERNOON SESSION before Judge Amit P. Mehta held on April 24, 2025; Page Numbers: 1124-1338. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1401 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 5 MORNING SESSION before Judge Amit P. Mehta held on April 25, 2025; Page Numbers: 1339-1518. Court Reporter/Transcriber William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 |

| | | |
|---|---|---|
| | | days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1402 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 5 AFTERNOON SESSION before Judge Amit P. Mehta held on April 25, 2025; Page Numbers: 1519-1772. Court Reporter/Transcriber: Christine_Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1403 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 6 MORNING SESSION before Judge Amit P. Mehta held on April 28, 2025; Page Numbers: 1773-1956. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: |

| | | |
|---|---|---|
| | | 07/09/2025) |
| 07/09/2025 | 1404 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 6 AFTERNOON SESSION before Judge Amit P. Mehta held on April 28, 2025. Page Numbers: 1957-2117. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1405 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 7 MORNING SESSION before Judge Amit P. Mehta held on April 29, 2025; Page Numbers: 2118-2280. Court Reporter/Transcriber William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1406 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 7 AFTERNOON SESSION before Judge Amit P. Mehta held on April 29, 2025; Page Numbers: 2281-2439. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1407 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 8 MORNING SESSION before Judge Amit P. Mehta held on April 30, 2025; Page Numbers: 2441-2593. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1408 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 8 AFTERNOON SESSION before Judge Amit P. Mehta, held on April 30, 2025. Page Numbers: 2594-2761. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1409 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 9 MORNING SESSION before Judge Amit P. Mehta held on May 1, 2025; Page Numbers: 2762-2927. |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1410 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 9 AFTERNOON SESSION before Judge Amit P. Mehta held on May 1, 2025; Page Numbers: 2928-3071. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1411 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 10 MORNING SESSION before Judge Amit P. Mehta held on May 2, 2025; Page Numbers: 3072-3252. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1412 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 11 MORNING SESSION before Judge Amit P. Mehta held on May 6, 2025; Page Numbers: 3424-3596. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1413 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 11 AFTERNOON SESSION before Judge Amit P. Mehta held on May 6, 2025. Page Numbers: 3597-3783. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Main Document 1413 replaced on 7/9/2025) (mg). Modified docket text on 7/9/2025 (mg). (Entered: 07/09/2025) |
| 07/09/2025 | 1414 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 12 MORNING SESSION before Judge Amit P. Mehta held on May 7, 2025; Page Numbers: 3784-3948. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1415 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 12 AFTERNOON SESSION before Judge Amit P. Mehta held on May 7, 2025; Page Numbers: 3949-4148. Court Reporter/Transcriber: Christine Asif: Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/09/2025 | 1416 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 13 MORNING SESSION before Judge Amit P. Mehta held on May 8, 2025; Page Numbers: 4149-4313. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1417 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 13 AFTERNOON SESSION before Judge Amit P. Mehta held on May 8, 2025. Page Numbers: 4314-4525. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Herman, Lorraine) (Entered: 07/09/2025) |
| 07/09/2025 | 1418 | TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 14 before Judge Amit P. Mehta held on May 9, 2025; Page Numbers: 4526-4686. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1419 | TRANSCRIPT OF REMEDIES HEARING CLOSING ARGUMENTS PROCEEDINGS - DAY 15 MORNING SESSION before Judge Amit P. Mehta held on May 30, 2025; Page Numbers: 4687-4890. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Zaremba, William) (Entered: 07/09/2025) |
| 07/09/2025 | 1420 | TRANSCRIPT OF REMEDIES HEARING CLOSING ARGUMENTS PROCEEDINGS - DAY 15 AFTERNOON SESSION before Judge Amit P. Mehta held on May 30, 2025; Page Numbers: 4891-5104. Court Reporter/Transcriber: Christine Asif; Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/30/2025. Redacted Transcript Deadline set for 8/9/2025. Release of Transcript Restriction set for 10/7/2025.(Asif, Christine) (Entered: 07/09/2025) |
| 07/11/2025 | 1421 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Veronica N. Onyema terminated. (Onyema, Veronica) (Entered: 07/11/2025) |
| 07/11/2025 | 1422 | NOTICE of Appearance by Harry Larson on behalf of ADMARKETPLACE, INC. (Larson, Harry) (Entered: 07/11/2025) |
| 07/11/2025 | 1423 | MOTION for Leave to File Amicus Brief by ADMARKETPLACE, INC.. (Attachments: # 1 Brief of Amicus Curiae adMarketplace, Inc., # 2 Proposed Order)(Weinstein, Lauren) (Entered: 07/11/2025) |
| 07/25/2025 | 1424 | Memorandum in opposition to re 1423 MOTION for Leave to File Amicus Brief filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 07/25/2025) |
| 07/29/2025 | | MINUTE ORDER. By August 1, 2025, Google shall file a brief of no more than five pages explaining why it did not include a one-year term limitation for OEM and carrier agreements when such term is included for browser agreements, *see* Google's RPFJ § III.K. Signed by Judge Amit P. Mehta on 7/29/2025. (lcapm2) (Entered: 07/29/2025) |
| 07/30/2025 | 1427 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: KENESHA LATTIMORE'S Emergency MOTION for Protective Order and MOTION for Leave to File Under Seal. Reason(s): Filer is not a party to the case. (mg) (Entered: 08/04/2025) |

| | | |
|---|---|---|
| 07/30/2025 | | MINUTE ORDER re 1427 Request for Leave to File Review. Leave to file is denied. The filer does not have standing to seek the relief requested. Signed by Judge Amit P. Mehta on 8/12/2025. (lcapm2) (Entered: 08/12/2025) |
| 08/01/2025 | 1425 | MEMORANDUM re Order, by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/01/2025) |
| 08/04/2025 | 1426 | NOTICE OF SUPPLEMENTAL AUTHORITY by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A)(Herrmann, Karl) (Entered: 08/04/2025) |
| 08/08/2025 | 1428 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NEW YORK TIMES COMPANY. Attorney Timothy Tai terminated. (Tai, Timothy) (Entered: 08/08/2025) |
| 08/12/2025 | 1429 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Adam T. Severt terminated. (Severt, Adam) (Entered: 08/12/2025) |
| 08/18/2025 | 1430 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Natalie Peelish terminated. (Peelish, Natalie) (Entered: 08/18/2025) |
| 08/18/2025 | 1431 | REDACTED TRANSCRIPT OF REMEDIES HEARING PROCEEDINGS - DAY 7 AFTERNOON SESSION before Judge Amit P. Mehta held on April 29, 2025; Page Numbers: 2281-2440. Court Reporter/Transcriber: Christine Asif: Email: Christine_Asif@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/8/2025. Redacted Transcript Deadline set for 9/18/2025. Release of Transcript Restriction set for 11/16/2025.(Asif, Christine) Modified docket text on 8/18/2025 (mg). (Entered: 08/18/2025) |
| 08/21/2025 | 1433 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Catharine Sydnie Wright terminated. (Wright, Catharine) (Entered: 08/21/2025) |
| 08/29/2025 | 1434 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney George Charles Nierlich terminated. (Nierlich, George) (Entered: 08/29/2025) |
| 09/02/2025 | 1435 | SEALED MEMORANDUM OPINION. The parties shall meet and confer and, by September 10, 2025, submit a revised final judgment that is consistent with this Memorandum Opinion. See the attached Memorandum Opinion for additional details. (This document is SEALED and only available to authorized persons.) Signed by Judge Amit P. Mehta on 9/2/2025.(zakb) (Entered: 09/02/2025) |
| 09/02/2025 | 1436 | REDACTED MEMORANDUM OPINION. The parties shall meet and confer and, by September 10, 2025, submit a revised final judgment that is consistent with this |

| | | |
|---|---|---|
| | | Memorandum Opinion. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 9/2/2025. (lcapm2) (Entered: 09/02/2025) |
| 09/02/2025 | 1437 | ORDER re: the redactions of the Memorandum Opinion, ECF No. 1436. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/2/2025. (lcapm2) (Entered: 09/02/2025) |
| 09/02/2025 | | MINUTE ORDER denying adMarketplace, Inc.'s 1423 Motion for Leave to File Brief as Amicus Curiae in Support of Plaintiffs. The court ordered on March 11, 2025, that amicus briefs were due by May 9, 2025. *See* Order, ECF No. 1186. adMarketplace filed its motion nine weeks after this date. adMarketplace has not shown sufficient reason for not complying with the deadline or asking for leave to file its brief soon after the conclusion of the remedies hearing. Google also would be prejudiced by the court's acceptance of the belatedly filed brief, as it did not have the opportunity to examine adMarketplace's witness or present its own evidence at the remedies hearing to respond to adMarketplace's legal and factual contentions. Signed by Judge Amit P. Mehta on 9/2/2025. (lcapm2) (Entered: 09/02/2025) |
| 09/03/2025 | 1438 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARKANSAS. Attorney Matthew Michael Ford terminated. (Ford, Matthew) (Entered: 09/03/2025) |
| 09/05/2025 | 1439 | MOTION to Withdraw as Attorney by UNITED STATES OF AMERICA. (Schleef, Eric) (Entered: 09/05/2025) |
| 09/08/2025 | | MINUTE ORDER granting 1439 Motion to Withdraw as Attorney. Attorney Eric Schleef is hereby terminated as counsel for Plaintiff United States of America. Signed by Judge Amit P. Mehta on 9/8/2025. (lcapm2) (Entered: 09/08/2025) |
| 09/09/2025 | 1440 | Joint MOTION for Extension of Time to *Submit Revised Proposed Final Judgment* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 09/09/2025) |
| 09/09/2025 | | MINUTE ORDER granting 1440 Joint Motion for Extension of Time to Submit Revised Proposed Final Judgment. The parties shall now file either a joint revised proposed final judgment or separate revised proposed final judgments with accompanying briefs by September 17, 2025. Signed by Judge Amit P. Mehta on 9/9/2025. (lcapm2) (Entered: 09/09/2025) |
| 09/17/2025 | 1441 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Appendix, # 2 Text of Proposed Order, # 3 Certificate of Service)(Schmidtlein, John) (Entered: 09/17/2025) |
| 09/17/2025 | 1442 | MEMORANDUM re Order on Motion for Extension of Time to,, Set/Reset Deadlines, 1436 Memorandum & Opinion,, Set Deadlines, by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 09/17/2025) |
| 09/17/2025 | 1443 | REDACTED DOCUMENT- Google's Brief in Support of Entry of Its Proposed Final Judgment to 1441 Sealed Document by GOOGLE LLC. (Attachments: # 1 Appendix Appendix to Google's Brief in Support of Entry of Its Proposed Final Judgment, # 2 Text of Proposed Order Google's Proposed Final Judgment)(Schmidtlein, John) (Entered: 09/17/2025) |
| 09/24/2025 | | MINUTE ORDER. The parties shall appear on October 8, 2025, at 10:30 a.m. in Courtroom 10 for a hearing on the parties' proposed final judgments. Signed by Judge Amit P. Mehta on 9/24/2025. (lcapm2) (Entered: 09/24/2025) |

| | | |
|---|---|---|
| 09/29/2025 | 1444 | NOTICE of Appearance by Pablo Tufino on behalf of COMMONWEALTH OF PUERTO RICO (Tufino, Pablo) (Main Document 1444 replaced on 9/30/2025) (mg). (Entered: 09/29/2025) |
| 10/01/2025 | 1445 | MOTION to Stay by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Chapman, Travis) (Entered: 10/01/2025) |
| 10/01/2025 | 1446 | MOTION for Leave to File Amicus Brief by DUCK DUCK GO, INC.. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order Text of Proposed Order)(Wick, Ronald) (Entered: 10/01/2025) |
| 10/02/2025 | | MINUTE ORDER denying 1445 Motion for a Temporary Stay of Further Proceedings in Light of Lapse of Appropriations. The United States' request to stay this matter is denied. *See Kornitzky Grp. v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., Edwards, J., concurring) (explaining reasons for denying government request to stay oral argument because of government shut down); *United States v. US Airways Grp.*, 979 F. Supp. 2d 33, 34-35 (D.D.C. 2013) (denying government request to stay merger action because of government shut down); *see also* U.S. Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl ("If a court denies such a [stay] request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue."). Signed by Judge Amit P. Mehta on 10/2/2025. (lcapm2) (Entered: 10/02/2025) |
| 10/07/2025 | | MINUTE ORDER. The hearing scheduled for October 8, 2025, will start at 10:00 a.m. (instead of 10:30 a.m.) in Courtroom 10. Signed by Judge Amit P. Mehta on 10/7/2025. (lcapm2) (Entered: 10/07/2025) |
| 10/08/2025 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Hearing on Final Judgment held on 10/8/2025. Court heard from the parties on their proposed final judgments and took the matter under advisement. (Court Reporter: William Zaremba) (zakb) (Entered: 10/08/2025) |
| 10/09/2025 | | MINUTE ORDER granting Duck Duck Go Inc.'s 1446 Motion for Leave to File a Brief of Amicus Curiae. Signed by Judge Amit P. Mehta on 10/9/2025. (lcapm2) (Entered: 10/09/2025) |
| 10/09/2025 | 1448 | AMICUS BRIEF by DUCK DUCK GO, INC.. (mg) (Entered: 10/10/2025) |
| 10/10/2025 | 1447 | TRANSCRIPT OF HEARING ON FINAL JUDGMENT PROCEEDINGS before Judge Amit P. Mehta held on October 8, 2025; Page Numbers: 1-157. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 10/31/2025. Redacted Transcript Deadline set for 11/10/2025. Release of Transcript Restriction set for 1/8/2026.(Zaremba, William) (Entered: 10/10/2025) |
| 10/15/2025 | 1449 | NOTICE *of Substitute Provisions* by UNITED STATES OF AMERICA (Herrmann, Karl) (Entered: 10/15/2025) |
| 10/15/2025 | 1450 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Sara Trent terminated. (Herrmann, Karl) (Entered: 10/15/2025) |
| 10/16/2025 | 1451 | RESPONSE re 1449 Notice (Other) by GOOGLE LLC. (Schmidtlein, John) Modified event on 10/17/2025 (mg). (Entered: 10/16/2025) |
| 10/31/2025 | 1452 | MOTION for Leave to File Amicus Brief by OPENAI OPCO, LLC. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Text of Proposed Order)(Ramani, Ashok) (Entered: 10/31/2025) |
| 11/03/2025 | 1453 | Memorandum in opposition to re 1452 MOTION for Leave to File Amicus Brief filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/03/2025) |
| 11/04/2025 | 1454 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Lara E.V. Trager terminated. (Trager, Lara) (Entered: 11/04/2025) |
| 11/04/2025 | 1455 | MOTION for Leave to File Amicus Brief by MICROSOFT CORPORATION. (Attachments: # 1 Exhibit -Proposed Amicus Brief, # 2 Exhibit A-Beard Deposition Excerpts (Redacted), # 3 Text of Proposed Order)(Jurata, John) (Entered: 11/04/2025) |
| 11/04/2025 | 1456 | MOTION for Leave to File *Materials Under Seal* by MICROSOFT CORPORATION. (Attachments: # 1 Declaration of Kayleigh Klinzman In Support)(Jurata, John) (Entered: 11/04/2025) |
| 11/04/2025 | 1457 | SEALED DOCUMENT filed by MICROSOFT CORPORATION re 1456 MOTION for Leave to File *Materials Under Seal* (This document is SEALED and only available to authorized persons.)(Jurata, John) (Entered: 11/04/2025) |
| 11/06/2025 | 1458 | MOTION for Leave to File Amicus Brief *(Supplemental)* by MOZILLA CORPORATION. (Attachments: # 1 Exhibit A - Mozilla Supplemental Amicus Brief, # 2 Text of Proposed Order B - Proposed Order)(Arteaga, Juan) (Entered: 11/06/2025) |
| 11/06/2025 | 1459 | SEALED OPPOSITION filed by GOOGLE LLC. re 1455 Motion for Leave to File Amicus Brief (Attachments: # 1 Certificate of Service)(Schmidtlein, John) (Entered: 11/06/2025) |
| 11/06/2025 | 1460 | REDACTED DOCUMENT- Defendant's Opposition to Microsoft Corporation's Motion for Leave to File a Brief of Amicus Curiae to 1459 Sealed Opposition by GOOGLE LLC. (Schmidtlein, John) (Entered: 11/06/2025) |
| 12/05/2025 | 1461 | MEMORANDUM OPINION. See the attached Memorandum Opinion for additional details. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/05/2025 | 1462 | FINAL JUDGMENT. See the attached Final Judgment for additional details. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/05/2025 | | MINUTE ORDER. The Memorandum Opinion, ECF No. 1461, contains no redactions. The court has considered the *Hubbard* factors and has determined that the relevant redacted sentences in Google's Brief in Support of Entry of Its Proposed Final Judgment, ECF No. 1443, did not merit redaction in the Memorandum Opinion. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |

| | | |
|---|---|---|
| 12/05/2025 | | MINUTE ORDER denying OpenAI's 1452 , Microsoft's 1455 , and Mozilla's 1458 Motions for Leave to File a Brief as Amicus Curiae and denying Microsoft's 1456 Motion for Leave to File Materials Under Seal. The court denies the motions for leave to file amicus briefs as untimely. The motions were filed weeks after the hearing on October 8, 2025, and over a month after the parties submitted their briefs on September 17, 2025. Courts have denied such motions after the deadline for briefing and a hearing have passed. *See, e.g.*, *Karuk Tribe of Cal. v. U.S. Forest Serv.*, No. C 04-4275, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005); *In re Domestic Airline Travel Antitrust Litig.*, No. 15-mc-1404, 2025 WL 2760374, at *7 (D.D.C. Sept. 19, 2025). The court recognizes that no party objects to the motion by Mozilla. But in the court's view, it would be inequitable to accept one untimely amicus brief but not the other two. Signed by Judge Amit P. Mehta on 12/5/2025. (lcapm2) (Entered: 12/05/2025) |
| 12/10/2025 | 1463 | Unopposed MOTION to Hold in Abeyance *Deadlines re Attorney's Fees Motions* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order Proposed Order) (Sallet, Jonathan) (Entered: 12/10/2025) |
| 12/10/2025 | 1464 | ORDER granting Plaintiff States' 1463 Unopposed Motion to Hold in Abeyance Deadlines to Move for Attorney's Fees and Costs. The court hereby holds in abeyance all deadlines relating to all Plaintiff States' anticipated motions for attorney's fees and costs. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/10/2025. (lcapm2) (Entered: 12/11/2025) |
| 12/17/2025 | 1465 | MOTION for Extension of Time to File *Notice of Appeal* by STATE OF COLORADO. (Attachments: # 1 Text of Proposed Order)(Sallet, Jonathan) (Entered: 12/17/2025) |
| 12/18/2025 | 1466 | ORDER granting 1465 Motion for Extension of Time to File Notice of Appeal. The deadline for any party to file notices of appeal in *Colorado v. Google* shall be February 3, 2026. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 12/18/2025. (lcapm2) Modified on 12/19/2025 to replace document and correct language (zakb). (Entered: 12/18/2025) |
| 12/29/2025 | 1467 | Unopposed MOTION for Extension of Time to *Submit Technical Committee Nominees to Court* by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/29/2025) |
| 12/30/2025 | | MINUTE ORDER granting Defendant Google's 1467 Unopposed Motion for Additional Time to Submit Technical Committee Nominees to Court. Plaintiffs' deadline to apply to the court for the appointment of the first three proposed designees to the Technical Committee is hereby extended to January 15, 2026. Signed by Judge Amit P. Mehta on 12/30/2025. (lcapm2) (Entered: 12/30/2025) |
| 01/09/2026 | 1468 | **REQUEST FOR LEAVE TO FILE REVIEW.** The attached document requires leave to file: Brad Greenspan's NOTICE OF APPEAL. Reason(s): Case is closed.Filer is not a party to the case. (mg) (Entered: 01/12/2026) |
| 01/10/2026 | | MINUTE ORDER. The parties shall appear for a remote status conference on January 12, 2026, at 11:00 a.m. via Zoom. Signed by Judge Amit P. Mehta on 1/10/2026. (lcapm2) (Entered: 01/10/2026) |
| 01/10/2026 | | MINUTE ORDER. The status conference set for January 12, 2026, is hereby vacated. Signed by Judge Amit P. Mehta on 1/10/2026. (lcapm2) (Entered: 01/10/2026) |
| 01/13/2026 | | MINUTE ORDER re **1468 Request for Leave to File Review.** Leave to file is denied. Mr. Greenspan is not a party to this action. Signed by Judge Amit P. Mehta on 1/13/2026. (lcapm2) (Entered: 01/13/2026) |

| | | |
|---|---|---|
| 01/15/2026 | 1469 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(Herrmann, Karl) (Entered: 01/15/2026) |
| 01/15/2026 | 1470 | REDACTED DOCUMENT- Plaintiffs' Unopposed Joint Motion for Appointment of Technical Committee Members to 1469 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Filed Under Seal), # 2 Certificate of Service)(Herrmann, Karl) (Entered: 01/15/2026) |
| 01/16/2026 | 1471 | MOTION to Stay *Defendant's Motion for a Partial Stay Pending Appeal* by GOOGLE LLC. (Attachments: # 1 Memorandum in Support of Defendant's Motion for a Partial Stay Pending Appeal, # 2 Affidavit of Elizabeth Reid, # 3 Affidavit of Jesse Adkins, # 4 Text of Proposed Order)(Schmidtlein, John) (Entered: 01/16/2026) |
| 01/16/2026 | 1472 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 1462 Order by GOOGLE LLC. Filing fee $ 605, receipt number ADCDC-12191676. Fee Status: Fee Paid. Parties have been notified. (Verrilli, Donald) (Entered: 01/16/2026) |
| 01/20/2026 | 1473 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 1472 Notice of Appeal to DC Circuit Court. (mg) (Entered: 01/20/2026) |
| 01/21/2026 | 1474 | ORDER granting Plaintiffs' 1469 Unopposed Joint Motion for Appointment of Technical Committee Members. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/21/2026. (lcapm2) (Entered: 01/21/2026) |
| 01/21/2026 | 1475 | REDACTED DOCUMENT- Plaintiffs' Unopposed Joint Motion for Appointment of Technical Committee Members to 1470 Redacted Document, by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted), # 2 Certificate of Service) (Herrmann, Karl) (Entered: 01/21/2026) |
| 01/22/2026 | 1476 | NOTICE OF WITHDRAWAL OF APPEARANCE as to ADMARKETPLACE, INC.. Attorney Lauren Marguerite Weinstein terminated. (Weinstein, Lauren) (Entered: 01/22/2026) |
| 01/22/2026 | | USCA Case Number 26-5023 for 1472 Notice of Appeal to DC Circuit Court filed by GOOGLE LLC. (mg) (Entered: 01/23/2026) |
| 01/30/2026 | 1477 | NOTICE of Appearance by Danielle G. Hauck on behalf of UNITED STATES OF AMERICA (Hauck, Danielle) (Entered: 01/30/2026) |
| 01/30/2026 | 1478 | Memorandum in opposition to re 1471 MOTION to Stay *Defendant's Motion for a Partial Stay Pending Appeal* filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Herrmann, Karl) (Entered: 01/30/2026) |
| 02/02/2026 | 1479 | NOTICE of Appearance by Diana Jordan Gonzalez on behalf of COMMONWEALTH OF PUERTO RICO (Jordan Gonzalez, Diana) (Entered: 02/02/2026) |
| 02/02/2026 | 1480 | Unopposed MOTION for Extension of Time to *Designate Technical Committee Members* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 02/02/2026) |
| 02/03/2026 | 1481 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- John Bergmayer, Fee Status: No Fee Paid. by ANDREW JAY SCHWARTZMAN. (Schwartzman, Andrew) (Entered: 02/03/2026) |
| 02/03/2026 | 1482 | ORDER granting Plaintiffs' 1480 Unopposed Joint Motion for Additional Time to Designate Technical Committee Members. The deadline for Plaintiffs to apply to the court for appointment of the persons selected by the Standing Committee Members to |

| | | |
|---|---|---|
| | | serve as the fourth and fifth Technical Committee (TC) Members pursuant to Section VII.A.3.d of the Final Judgment shall be set for four weeks after the date on which the TC Services Agreement, Confidentiality Agreement, and Indemnity Agreement are signed by all Standing Committee Members. The parties shall submit any disputes over the terms of the TC Services Agreement and Confidentiality Agreement to the court for resolution by 4:00 p.m. ET on February 6, 2026. Plaintiffs shall promptly notify the court of the date on which the TC Services Agreement, Confidentiality Agreement, and Indemnity Agreement are signed by all Standing Committee Members. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/3/2026. (lcapm2) (Entered: 02/03/2026) |
| 02/03/2026 | | Payment for 1481 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- John Bergmayer, Fee Status: No Fee Paid.. ($100; Receipt number ADCDC-12221107). (Schwartzman, Andrew) (Entered: 02/03/2026) |
| 02/03/2026 | 1483 | NOTICE of Appearance by Sylvia Lanfair on behalf of STATE OF OKLAHOMA (Lanfair, Sylvia) (Entered: 02/03/2026) |
| 02/03/2026 | 1484 | NOTICE OF CROSS APPEAL as to 1462 Order by COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF IOWA, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WYOMING, TERRITORY OF GUAM. Filing fee $ 605, receipt number ADCDC-12222097. Fee Status: Fee Paid. Parties have been notified. (Sallet, Jonathan) (Entered: 02/03/2026) |
| 02/03/2026 | 1485 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 1462 Order by UNITED STATES OF AMERICA. Fee Status: No Fee Paid. (Herrmann, Karl) (Entered: 02/03/2026) |
| 02/03/2026 | 1486 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 1485 Notice of Appeal to DC Circuit Court. (mg) (Entered: 02/03/2026) |
| 02/04/2026 | 1487 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 1484 Notice of Cross Appeal.(mg) (Entered: 02/04/2026) |
| 02/04/2026 | | MINUTE ORDER granting 1481 Motion for Leave to Appear Pro Hac Vice. Attorney John Bergmayer is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 2/4/2026. (lcapm2) (Entered: 02/04/2026) |
| 02/05/2026 | | USCA Case Number 26-5047 for 1484 Notice of Cross Appeal,,, filed by COMMONWEALTH OF PUERTO RICO, STATE OF OKLAHOMA, STATE OF VERMONT, COMMONWEALTH OF MASSACHUSETTS, STATE OF NEBRASKA, |

| | | |
|---|---|---|
| | | TERRITORY OF GUAM, COMMONWEALTH OF PENNSYLVANIA, STATE OF IOWA, STATE OF IDAHO, STATE OF WEST VIRGINIA, STATE OF NEW MEXICO, COMMONWEALTH OF VIRGINIA, STATE OF DELAWARE, STATE OF ILLINOIS, STATE OF MINNESOTA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ARIZONA, STATE OF MARYLAND, STATE OF CONNECTICUT, STATE OF NEVADA, STATE OF NORTH DAKOTA, DISTRICT OF COLUMBIA, STATE OF COLORADO, STATE OF ALASKA, STATE OF OHIO, STATE OF NEW HAMPSHIRE, STATE OF SOUTH DAKOTA, STATE OF MAINE, STATE OF NORTH CAROLINA, STATE OF OREGON, STATE OF WASHINGTON, STATE OF KANSAS, STATE OF WYOMING, STATE OF NEW YORK, STATE OF NEW JERSEY, STATE OF HAWAII, STATE OF RHODE ISLAND. (mg) (Entered: 02/05/2026) |
| 02/05/2026 | | USCA Case Number 26-5049 for 1485 Notice of Appeal to DC Circuit Court filed by UNITED STATES OF AMERICA. (mg) (Entered: 02/05/2026) |
| 02/05/2026 | 1488 | ENTERED IN ERROR.....NOTICE of Appearance by John Bergmayer on behalf of Public Knowledge (Bergmayer, John) Modified on 2/6/2026, pursuant to Counsel (mg). (Entered: 02/05/2026) |
| 02/05/2026 | 1489 | MOTION for Leave to File Amicus Brief by PUBLIC KNOWLEDGE. (Attachments: # 1 Appendix Proposed Amicus Brief, # 2 Text of Proposed Order Proposed Order) (Bergmayer, John) (Entered: 02/05/2026) |
| 02/05/2026 | 1490 | NOTICE of Appearance by John Bergmayer on behalf of PUBLIC KNOWLEDGE (Bergmayer, John) (Entered: 02/05/2026) |
| 02/06/2026 | 1491 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/06/2026) |
| 02/06/2026 | 1492 | REDACTED DOCUMENT- Joint Status Report to 1491 Sealed Document by UNITED STATES OF AMERICA. (Attachments: # 1 Certificate of Service)(Herrmann, Karl) (Entered: 02/06/2026) |
| 02/06/2026 | 1493 | REPLY to opposition to motion re 1471 Motion to Stay, filed by GOOGLE LLC. (Schmidtlein, John) (Entered: 02/06/2026) |
| 02/11/2026 | | MINUTE ORDER. The parties shall appear for a status conference on February 13, 2026, at 3:00 p.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 2/11/2026. (lcapm2) (Entered: 02/11/2026) |
| 02/13/2026 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 2/13/2026. Court heard disputes from the parties. (Court Reporter William Zaremba.) (zakb) (Entered: 02/17/2026) |
| 02/16/2026 | 1494 | NOTICE of Appearance by Alexander Michael Carnevale on behalf of STATE OF RHODE ISLAND (Carnevale, Alexander) (Entered: 02/16/2026) |
| 02/17/2026 | 1495 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS before Judge Amit P. Mehta held on February 13, 2026; Page Numbers: 1-53. Court Reporter/Transcriber: William Zaremba; William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/10/2026. Redacted Transcript Deadline set for 3/20/2026. Release of Transcript Restriction set for 5/18/2026.(Zaremba, William) (Entered: 02/17/2026) |
| 02/17/2026 | 1496 | REDACTED ORDER as to 1491 Joint Status Report. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/17/2026. (lcapm2) (Entered: 02/17/2026) |
| 02/17/2026 | 1497 | SEALED ORDER as to 1491 Joint Status Report. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 2/17/2026. (This document is SEALED and only available to authorized persons.) (zakb) Modified on 2/18/2026 (zakb). (Entered: 02/18/2026) |
| 03/02/2026 | 1498 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Richard Cameron Gower terminated. (Gower, Richard) (Entered: 03/02/2026) |
| 03/09/2026 | 1499 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Brendan Ballou terminated. (Ballou, Brendan) (Entered: 03/09/2026) |
| 03/31/2026 | 1506 | Mail Returned as Undeliverable re 1/13/2026 MINUTE Order on Leave to File Review Sent to BRAD GREENSPAN; Resent to New Address: Unknown. (mg) (Entered: 04/06/2026) |
| 04/01/2026 | | MINUTE ORDER granting Public Knowledge's 1489 Motion for Leave to File Amicus Curiae Brief in Opposition to Defendant's Motion for Partial Stay Pending Appeal. Public Knowledge's motion states that Defendant Google "did not consent" to its filing. Because Google did not file an opposition, the court treats it as conceded and grants Public Knowledge's motion. Signed by Judge Amit P. Mehta on 4/1/2026. (lcapm2) (Entered: 04/01/2026) |
| 04/01/2026 | 1500 | NOTICE of Appearance by Paul Nathanson on behalf of COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC (Nathanson, Paul) (Entered: 04/01/2026) |
| 04/01/2026 | 1501 | MOTION to Withdraw as Attorney *Jesse Solomon* by COMCAST CORPORATION, NBCUNIVERSAL MEDIA, LLC. (Nathanson, Paul) (Entered: 04/01/2026) |
| 04/01/2026 | 1502 | AMICUS BRIEF by PUBLIC KNOWLEDGE. (Bergmayer, John) (Entered: 04/01/2026) |
| 04/01/2026 | 1503 | AMICUS BRIEF by PUBLIC KNOWLEDGE. (mg) (Entered: 04/02/2026) |
| 04/02/2026 | | MINUTE ORDER granting 1501 Motion to Withdraw Appearance of Jesse Solomon and Pro Hac Vice Sponsor. Attorney Jesse Solomon is hereby terminated as counsel for Third Parties Comcast Corporation and NBCUniversal Media, LLC. Signed by Judge Amit P. Mehta on 4/2/2026. (lcapm2) (Entered: 04/02/2026) |
| 04/02/2026 | | MINUTE ORDER. The parties shall appear on April 8, 2026, at 10:30 a.m. in Courtroom 10 for a hearing on Google's 1471 Motion for a Partial Stay Pending Appeal. Signed by Judge Amit P. Mehta on 4/2/2026. (lcapm2) (Entered: 04/02/2026) |

| | | |
|---|---|---|
| 04/03/2026 | 1504 | Unopposed MOTION for Extension of Time to *Submit Template License Agreements for Search Syndication and Search Text Ads Syndication* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 04/03/2026) |
| 04/05/2026 | 1505 | ORDER granting Plaintiffs' 1504 Unopposed Joint Motion for Additional Time to Submit Template License Agreements for Search Syndication and Search Text Ads Syndication. The deadline for Plaintiffs to submit to the court templates for a Search Syndication License and a Search Text Ads Syndication License is 60 days after the date on which the remaining two Technical Committee Members are appointed by the court. The Plaintiffs shall promptly notify the court of the date on which the TC Services Agreement, Confidentiality Agreement, and Indemnity Agreement are signed by the remaining Technical Committee Members. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/5/2026. (lcapm2) (Entered: 04/06/2026) |
| 04/08/2026 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Motion Hearing held on 4/8/2026. Court heard arguments on Google, LLC's 1471 Motion *for a Partial Stay Pending Appeal* and took the matter under advisement. (Court Reporter William Zaremba.) (zakb) (Entered: 04/08/2026) |
| 04/08/2026 | 1507 | TRANSCRIPT OF HEARING ON MOTION PROCEEDINGS before Judge Amit P. Mehta held on April 8, 2026; Page Numbers: 1-58. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/29/2026. Redacted Transcript Deadline set for 5/9/2026. Release of Transcript Restriction set for 7/7/2026.(Zaremba, William) (Entered: 04/08/2026) |
| 04/10/2026 | 1508 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney David E. Dahlquist terminated. (Herrmann, Karl) (Entered: 04/10/2026) |
| 04/24/2026 | 1509 | Unopposed MOTION for Extension of Time to *Designate Technical Committee Members* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Herrmann, Karl) (Entered: 04/24/2026) |
| 04/24/2026 | 1510 | ORDER granting Plaintiffs' 1509 Unopposed Joint Motion for Additional Time to Designate Technical Committee Members. The deadline for Plaintiffs to apply to the court for appointment of the persons selected by the Standing Committee members to serve as the fourth and fifth Technical Committee members shall be set for May 18, 2026. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 4/24/2026. (lcapm2) (Entered: 04/24/2026) |

| | | |
|---|---|---|
| 05/01/2026 | 1511 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Declaration of Steve Fischer)(Schmidtlein, John) (Entered: 05/01/2026) |
| 05/01/2026 | | MINUTE ORDER. The parties shall appear for a status conference on May 5, 2026, at 5:00 p.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 5/1/2026. (lcapm2) (Entered: 05/01/2026) |
| 05/04/2026 | 1512 | First STATUS REPORT *on Google's Compliance with the Final Judgment* by UNITED STATES OF AMERICA. (Fergusson, Grant) (Entered: 05/04/2026) |
| 05/05/2026 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 5/5/2026. Joint Status Reports from the parties due by 5/15/2026 and 9/18/2026. (Court Reporter William Zaremba.) (zakb) (Entered: 05/05/2026) |
| 05/07/2026 | 1513 | TRANSCRIPT OF STATUS HEARING PROCEEDINGS before Judge Amit P. Mehta held on May 5, 2026; Page Numbers: 1-63. Court Reporter/Transcriber: William Zaremba; William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2026. Redacted Transcript Deadline set for 6/7/2026. Release of Transcript Restriction set for 8/5/2026.(Zaremba, William) (Entered: 05/07/2026) |
| 05/07/2026 | 1514 | ORDER denying without prejudice Google's 1471 Motion for a Partial Stay Pending Appeal. Plaintiffs shall notify Google and the court 45 days before the date on which any Qualified Competitor (as certified by Plaintiffs and the Technical Committee) may begin to access a data-sharing or syndication remedy so that Google can renew its request for a stay, if necessary. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/7/2026. (lcapm2) (Entered: 05/07/2026) |
| 05/08/2026 | 1515 | SEALED MOTION filed by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order, # 3 Certificate of Service)(Herrmann, Karl) (Entered: 05/08/2026) |
| 05/08/2026 | 1516 | REDACTED DOCUMENT- Unopposed Motion for Appointment of the Fourth and Fifth Technical Committee Members to 1515 SEALED MOTION filed by UNITED STATES OF AMERICA by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A (Under Seal), # 2 Text of Proposed Order (Redacted), # 3 Certificate of Service)(Herrmann, Karl) (Entered: 05/08/2026) |
| 05/09/2026 | 1517 | ORDER granting Plaintiffs' 1515 Unopposed Joint Motion for Appointment of the Fourth and Fifth Technical Committee Members. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/9/2026. (lcapm2) (Entered: 05/11/2026) |
| 05/11/2026 | 1518 | REDACTED DOCUMENT- Unopposed Joint Motion for Appointment of the Fourth and Fifth Technical Committee Members to 1516 Redacted Document, by UNITED |

| | | |
|---|---|---|
| | | STATES OF AMERICA. (Attachments: # 1 Exhibit A (Redacted), # 2 Text of Proposed Order, # 3 Certificate of Service)(Herrmann, Karl) (Entered: 05/11/2026) |
| 05/15/2026 | 1519 | Joint MOTION for Extension of Time to File *Joint Status Report* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Fergusson, Grant) (Entered: 05/15/2026) |
| 05/15/2026 | | MINUTE ORDER granting the parties' 1519 Joint Motion for Additional Time to Submit a Joint Status Report Concerning Information Disclosures to Google. The parties shall file their Joint Status Report by May 20, 2026. Signed by Judge Amit P. Mehta on 5/15/2026. (lcapm2) (Entered: 05/15/2026) |
| 05/20/2026 | 1520 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Attachments: # 1 Appendix)(Fergusson, Grant) (Entered: 05/20/2026) |
| 05/29/2026 | 1521 | ORDER re: 1511 , 1520 Joint Status Reports. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 5/29/2026. (lcapm2) (Entered: 05/29/2026) |
| 06/02/2026 | 1522 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Keane McKennan Nowlan terminated. (Herrmann, Karl) (Entered: 06/02/2026) |
| 06/16/2026 | 1523 | SEALED DOCUMENT filed by GOOGLE LLC(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Schmidtlein, John) (Entered: 06/16/2026) |
| 06/17/2026 | 1524 | REDACTED DOCUMENT- Joint Status Report to 1523 Sealed Document by GOOGLE LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Schmidtlein, John) (Entered: 06/17/2026) |
| 06/23/2026 | | MINUTE ORDER. The parties shall appear for a remote status conference on June 23, 2026, at 2:30 p.m. via Zoom. Signed by Judge Amit P. Mehta on 6/23/2026. (lcapm2) (Entered: 06/23/2026) |
| 06/23/2026 | 1525 | NOTICE of Appearance by C. William Margrabe on behalf of STATE OF NEW YORK (Margrabe, C.) (Entered: 06/23/2026) |
| 06/23/2026 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Remote Status Conference held on 6/23/2026. Parties update the Court on the posture of the case. Status Report due by 7/7/2026. (Court Reporter William Zaremba.) (zcll) (Entered: 06/23/2026) |
| 06/24/2026 | 1526 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on June 23, 2026; Page Numbers: 1-42. Court Reporter/Transcriber: William Zaremba; Email: William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 7/15/2026. Redacted Transcript Deadline set for 7/25/2026. Release of Transcript Restriction set for 9/22/2026.(Zaremba, William) (Entered: 06/24/2026) |
| 06/24/2026 | 1527 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Chaim Alexander Cohen terminated. (Cohen, Chaim) (Entered: 06/24/2026) |
| 06/26/2026 | 1528 | Unopposed MOTION for Extension of Time to *Submit Template License Agreements for Search Syndication and Search Text Ads Syndication* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order, # 2 Appendix)(Fergusson, Grant) (Entered: 06/26/2026) |
| 06/26/2026 | 1529 | ORDER granting Plaintiffs' 1528 Unopposed Joint Motion for Additional Time to Submit Template License Agreements for Search Syndication and Search Text Ads Syndication. The deadline for Plaintiffs to submit to the court templates for a Search Syndication License and a Search Text Ads Syndication License shall now be October 6, 2026. The parties shall adopt all proposed terms set forth in Appendix A of Plaintiffs' motion. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 6/26/2026. (lcapm2) (Entered: 06/29/2026) |
| 07/02/2026 | 1530 | MOTION to Withdraw by NEW YORK TIMES COMPANY. (Attachments: # 1 Text of Proposed Order)(Sumar, Al-Amyn) (Entered: 07/02/2026) |
| 07/06/2026 | | MINUTE ORDER granting The New York Times Company's 1530 Motion to Withdraw as Intervenor. The New York Times Company is hereby removed as intervenor in this case. Signed by Judge Amit P. Mehta on 7/6/2026. (lcapm2) (Entered: 07/06/2026) |
| 07/09/2026 | | MINUTE ORDER. The parties shall appear for a remote status conference on July 14, 2026, at 9:30 a.m. via Zoom. Signed by Judge Amit P. Mehta on 7/9/2026. (lcapm2) (Entered: 07/09/2026) |
| 07/14/2026 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Virtual Status Conference held on 7/14/2026. The parties discuss the posture of the case. Status Report due by 7/22/2026. Further Status Conference set for 7/23/2026 at 5:15 PM by Telephonic/VTC before Judge Amit P. Mehta. Court Reporter William Zaremba. (zcll) (Entered: 07/14/2026) |
| 07/16/2026 | 1531 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF INDIANA. Attorney Jesse Josef Moore, I terminated. (Attachments: # 1 Text of Proposed Order Proposed Order)(Moore, Jesse) (Entered: 07/16/2026) |
| 07/21/2026 | 1532 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF UTAH. Attorney Matthew Alan Michaloski terminated. (Michaloski, Matthew) (Entered: 07/21/2026) |
| 07/22/2026 | 1533 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Fergusson, Grant) (Entered: 07/22/2026) |
| 07/23/2026 | | MINUTE ORDER. The status conference set for July 23, 2026, is hereby vacated. The parties shall file an additional Joint Status Report by July 30, 2026. Signed by Judge Amit P. Mehta on 7/23/2026. (lcapm2) (Entered: 07/23/2026) |
| 07/27/2026 | 1534 | NOTICE OF WITHDRAWAL OF APPEARANCE as to APPLE INC.. (Sunshine, Steven) (Entered: 07/27/2026) |
| 07/28/2026 | 1535 | NOTICE OF WITHDRAWAL OF APPEARANCE as to NEW YORK TIMES COMPANY. Attorney Al-Amyn Sumar terminated. (Sumar, Al-Amyn) (Entered: 07/28/2026) |

| | | |
|---|---|---|
| 07/28/2026 | 1536 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Michael Rosengart terminated. (Rosengart, Michael) (Entered: 07/28/2026) |
| 07/30/2026 | 1537 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Fergusson, Grant) (Entered: 07/30/2026) |
| 07/31/2026 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by August 6, 2026, which updates the court on the matters raised during the July 14, 2026, status hearing. Signed by Judge Amit P. Mehta on 7/31/2026. (lcapm2) (Entered: 07/31/2026) |
| 07/31/2026 | 1538 | Unopposed MOTION for Extension of Time to *Submit a Template License Agreement for Web Search Index and User-Side Data Sharing* by UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Fergusson, Grant) (Entered: 07/31/2026) |
| 08/03/2026 | | MINUTE ORDER granting Plaintiffs' 1538 Unopposed Joint Motion for Additional Time to Submit a Template License Agreement for Web Search Index and User-Side Data Sharing. The deadline for Plaintiffs to submit to the court a template for a Web Search Index and User-Side Data Sharing License shall now be October 27, 2026. Signed by Judge Amit P. Mehta on 8/3/2026. (lcapm2) (Entered: 08/03/2026) |
| 08/06/2026 | 1539 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 08/06/2026) |
| 08/07/2026 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by August 14, 2026, which updates the court on the matters raised during the July 14, 2026, status hearing. Signed by Judge Amit P. Mehta on 08/07/2026. (lcapm2) (Entered: 08/07/2026) |
| 08/07/2026 | 1540 | NOTICE OF WITHDRAWAL OF APPEARANCE as to COMMONWEALTH OF PUERTO RICO. Attorney Diana Jordan Gonzalez terminated. (Jordan Gonzalez, Diana) (Entered: 08/07/2026) |
| 08/10/2026 | 1541 | TRANSCRIPT OF STATUS CONFERENCE VIA ZOOM PROCEEDINGS before Judge Amit P. Mehta held on July 14, 2026; Page Numbers: 1-17. Court Reporter/Transcriber: William Zaremba; William_Zaremba@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, PDF or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/31/2026. Redacted Transcript Deadline set for 9/10/2026. Release of Transcript Restriction set for 11/8/2026.(Zaremba, William) (Entered: 08/10/2026) |
| 08/14/2026 | 1542 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/14/2026) |
| 08/17/2026 | | MINUTE ORDER. The parties shall file an additional Joint Status Report or proposed order, if appropriate, by August 28, 2026, which updates the court on the matters raised |

| | | |
|---|---|---|
| | | during the July 14, 2026, status hearing. Signed by Judge Amit P. Mehta on 8/17/2026. (lcapm2) (Entered: 08/17/2026) |
| 08/25/2026 | 1543 | ORDER regarding certain issues raised at the July 14, 2026, status conference. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 8/25/2026. (lcapm2) (Entered: 08/25/2026) |
| 08/28/2026 | 1544 | Joint STATUS REPORT by GOOGLE LLC. (Schmidtlein, John) (Entered: 08/28/2026) |
| 08/31/2026 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by September 11, 2026, which updates the court on the status of the Technical Committee's proposal regarding indemnification. Signed by Judge Amit P. Mehta on 8/31/2026. (lcapm2) (Entered: 08/31/2026) |
| 09/08/2026 | 1545 | NOTICE OF WITHDRAWAL OF APPEARANCE as to APPLE INC.. Attorney Alfred C Pfeiffer, Jr terminated. (Pfeiffer, Alfred) (Entered: 09/08/2026) |
| 09/09/2026 | 1546 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICROSOFT CORPORATION. Attorney Martin J. Black terminated. (Chapman, Julia) (Entered: 09/09/2026) |
| 09/09/2026 | 1547 | NOTICE OF WITHDRAWAL OF APPEARANCE as to MICROSOFT CORPORATION. Attorney Matthew Lloyd Larrabee terminated. (Chapman, Julia) (Entered: 09/09/2026) |
| 09/11/2026 | 1548 | Joint STATUS REPORT by UNITED STATES OF AMERICA. (Herrmann, Karl) (Entered: 09/11/2026) |
| 09/11/2026 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by September 16, 2026, which updates the court on the status of the Source Code Agreement. The parties shall also appear for a status conference on September 18, 2026, at 11:00 a.m. in Courtroom 10. Signed by Judge Amit P. Mehta on 9/11/2026. (lcapm2) (Entered: 09/11/2026) |
| 09/16/2026 | 1549 | SEALED DOCUMENT filed by UNITED STATES OF AMERICA(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Certificate of Service)(Herrmann, Karl) (Entered: 09/16/2026) |
| 09/17/2026 | 1550 | Supplemental STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit P, # 2 Exhibit Q)(Schmidtlein, John) (Entered: 09/17/2026) |
| 09/17/2026 | 1551 | REDACTED DOCUMENT- Joint Status Report to 1549 Sealed Document, *Joint Status Report regarding the status of the Source Code Agreement* by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J (Filed Under Seal), # 11 Exhibit K, # 12 Exhibit L (Filed Under Seal), # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Certificate of Service)(Herrmann, Karl) (Entered: 09/17/2026) |
| 09/17/2026 | 1552 | Second STATUS REPORT *on Google's Compliance with the Final Judgment* by UNITED STATES OF AMERICA. (Fergusson, Grant) (Entered: 09/17/2026) |
| 09/17/2026 | | MINUTE ORDER. The status conference currently set for September 18, 2026, will now be heard at 2:00 p.m. in Courtroom 10 before Judge Amit P. Mehta (time change ONLY). Signed by Judge Amit P. Mehta on 9/17/2026. (lcapm2) (Entered: 09/17/2026) |

| | | |
|---|---|---|
| 09/18/2026 | | Minute Entry for proceedings held before Judge Amit P. Mehta: Status Conference held on 9/18/2026. Joint Status Report from the parties due by 11/10/2026. (Court Reporter Janice Dickman.) (zakb) (Entered: 09/18/2026) |
| 09/18/2026 | | MINUTE ORDER. The parties shall file an additional Joint Status Report by September 25, 2026, which updates the court on the status of the Source Code Agreement. Plaintiffs shall also file an additional Status Report by November 10, 2026, which updates the court on the enforcement of and Google's compliance with the Final Judgment. Signed by Judge Amit P. Mehta on 9/18/2026. (lcapm2) (Entered: 09/18/2026) |
| 09/19/2026 | 1553 | TRANSCRIPT OF PROCEEDINGS before Judge Amit P. Mehta held on September 18, 2026; Page Numbers: 1-72. Date of Issuance: September 19, 2026. Court Reporter: Janice Dickman, Telephone number: 202-354-3267, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi-page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty-one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/10/2026. Redacted Transcript Deadline set for 10/20/2026. Release of Transcript Restriction set for 12/18/2026.(Dickman, Janice) (Entered: 09/19/2026) |
| 09/21/2026 | 1554 | NOTICE of Appearance by Sarah Mader on behalf of STATE OF OHIO (Mader, Sarah) (Entered: 09/21/2026) |
| 09/25/2026 | 1555 | Joint STATUS REPORT by GOOGLE LLC. (Attachments: # 1 Exhibit A)(Schmidtlein, John) (Entered: 09/25/2026) |
| 09/28/2026 | 1556 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO, d. (Attachments: |

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:20-cv-03715-APM

STATE OF COLORADO et al v. GOOGLE LLC
Assigned to: Judge Amit P. Mehta
Case: 1:22-cv-00937-APM
Related Case: 1:24-cv-02788-APM
Cause: 15:2 Antitrust Litigation

Date Filed: 12/17/2020
Jury Demand: None
Nature of Suit: 410 Anti-Trust
Jurisdiction: U.S. Government Plaintiff

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2020 | 1 | Exparte MOTION to Seal by STATE OF SOUTH DAKOTA, STATE OF RHODE ISLAND, STATE OF MINNESOTA, STATE OF TENNESSEE, STATE OF NORTH DAKOTA, STATE OF NEBRASKA, STATE OF KANSAS, STATE OF COLORADO, STATE OF MAINE, COMMONWEALTH OF PENNSYLVANIA, STATE OF ILLINOIS, STATE OF OHIO, STATE OF NEW MEXICO, STATE OF OKLAHOMA, COMMONWEALTH OF MASSACHUSETTS, STATE OF HAWAII, STATE OF NEW JERSEY, STATE OF CONNECTICUT, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, STATE OF DELAWARE, STATE OF NEVADA, TERRITORY OF GUAM, STATE OF NEW HAMPSHIRE, STATE OF OREGON, STATE OF NORTH CAROLINA, STATE OF ARIZONA, STATE OF WASHINGTON, STATE OF ALASKA, DISTRICT OF COLUMBIA, STATE OF IDAHO, STATE OF WYOMING, STATE OF UTAH, STATE OF IOWA, STATE OF VERMONT, STATE OF WEST VIRGINIA, STATE OF MARYLAND, STATE OF NEW YORK (Attachments: # 1 Public Redacted Complaint, # 2 Complaint, # 3 Exhibit, # 4 Text of Proposed Order) (eg) (Entered: 12/17/2020) |
| 12/17/2020 | 2 | ORDER granting 1 Motion to Seal Case. Signed by Chief Judge Beryl A. Howell on 12/17/2020. (eg) (Entered: 12/17/2020) |
| 12/17/2020 | 3 | COMPLAINT against GOOGLE LLC filed by STATE OF SOUTH DAKOTA, STATE OF RHODE ISLAND, STATE OF MINNESOTA, STATE OF TENNESSEE, STATE OF NORTH DAKOTA, STATE OF NEBRASKA, STATE OF KANSAS, STATE OF COLORADO, STATE OF MAINE, COMMONWEALTH OF PENNSYLVANIA, STATE OF ILLINOIS, STATE OF OHIO, STATE OF NEW MEXICO, STATE OF OKLAHOMA, COMMONWEALTH OF MASSACHUSETTS, STATE OF HAWAII, STATE OF NEW JERSEY, STATE OF CONNECTICUT, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, STATE OF DELAWARE, STATE OF NEVADA, TERRITORY OF GUAM, STATE OF NEW HAMPSHIRE, STATE OF OREGON, STATE OF NORTH CAROLINA, STATE OF ARIZONA, STATE OF WASHINGTON, STATE OF ALASKA, DISTRICT OF COLUMBIA, STATE OF IDAHO, STATE OF WYOMING, STATE OF UTAH, STATE OF IOWA, STATE OF VERMONT, STATE OF WEST VIRGINIA, STATE OF MARYLAND, STATE OF NEW YORK. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet, # 3 Summons)(eg) (Entered: 12/17/2020) |
| 12/17/2020 | 4 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 20-3010. (eg) (Main Document 4 replaced on 12/18/2020) (znmw). (Entered: 12/17/2020) |

| | | |
|---|---|---|
| 12/17/2020 | 5 | MOTION to Consolidate Cases by COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF IOWA, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WYOMING, TERRITORY OF GUAM (Attachment: # 1 Text of Proposed Order)(eg) (Entered: 12/17/2020) |
| 12/17/2020 | 6 | SUMMONS (1) Issued Electronically as to GOOGLE LLC. (Attachment: # 1 Notice and Consent)(eg) (Entered: 12/17/2020) |
| 12/17/2020 | 12 | SEALED DOCUMENT filed by COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF IDAHO, STATE OF ILLINOIS, STATE OF IOWA, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WYOMING, TERRITORY OF GUAM. (This document is SEALED and only available to authorized persons.)(eg) (Entered: 12/18/2020) |
| 12/18/2020 | 7 | NOTICE of Appearance by Diane Rebecca Hazel on behalf of STATE OF COLORADO, Diane Rebecca Hazel (Hazel, Diane) (Main Document 7 replaced on 12/18/2020) (zeg). (Entered: 12/18/2020) |
| 12/18/2020 | 8 | NOTICE of Appearance by Jonathan Bruce Sallet on behalf of STATE OF COLORADO (Sallet, Jonathan) (Main Document 8 replaced on 12/18/2020) (zeg). (Entered: 12/18/2020) |
| 12/18/2020 | 9 | NOTICE of Appearance by Amy Hanson on behalf of STATE OF WASHINGTON (Hanson, Amy) (Entered: 12/18/2020) |
| 12/18/2020 | 10 | NOTICE of Appearance by Lucas J Tucker on behalf of STATE OF NEVADA (Tucker, Lucas) (Main Document 10 replaced on 12/18/2020) (zeg). (Entered: 12/18/2020) |
| 12/18/2020 | 11 | NOTICE of Appearance by Michelle Christine Newman on behalf of STATE OF NEVADA (Newman, Michelle) (Main Document 11 replaced on 12/18/2020) (zeg). (Entered: 12/18/2020) |
| 12/18/2020 | 13 | NOTICE of Appearance by Marie W.L. Martin on behalf of STATE OF NEVADA (Martin, Marie) (Main Document 13 replaced on 12/18/2020) (zeg). (Entered: 12/18/2020) |

| | | |
|---|---|---|
| 12/18/2020 | 14 | NOTICE of Appearance by J. David McDowell on behalf of STATE OF TENNESSEE (McDowell, J.) (Main Document 14 replaced on 12/18/2020) (zeg). (Entered: 12/18/2020) |
| 12/18/2020 | 15 | WAIVER OF SERVICE. GOOGLE LLC waiver sent on 12/17/2020, answer due 2/15/2021. (Hazel, Diane) (Entered: 12/18/2020) |
| 12/18/2020 | | MINUTE ORDER setting the following schedule for further proceedings in this matter: (1) Defendant shall notify the court on or before January 8, 2021, of how it intends to respond to 3 Plaintiffs' Complaint; (2) the parties shall meet and confer and file a Joint Status Report on or before January 19, 2021, which proposes a schedule for this matter in light of its pending consolidation with United States v. Google LLC, 20-cv-3010; (3) the parties shall exchange their initial disclosures, as required under Rule 26(a)(1), on or before January 20, 2021; and (4) the parties shall appear for a telephonic status conference on January 21, 2021, at 11:00 a.m. Initial disclosures shall be for attorneys' eyes only until a protective order is in place in this matter or until the court orders otherwise. Signed by Judge Amit P. Mehta on 12/18/2020. (lcapm2). (Entered: 12/18/2020) |
| 12/18/2020 | 16 | NOTICE of Appearance by Joseph S. Betsko on behalf of COMMONWEALTH OF PENNSYLVANIA (Betsko, Joseph) (Entered: 12/18/2020) |
| 12/18/2020 | 17 | NOTICE of Appearance by Christopher Dunbar on behalf of STATE OF TENNESSEE (Dunbar, Christopher) (Entered: 12/18/2020) |
| 12/18/2020 | 18 | NOTICE of Appearance by Max Merrick Miller on behalf of STATE OF IOWA (Miller, Max) (Entered: 12/18/2020) |
| 12/18/2020 | 19 | NOTICE of Appearance by John E. Schmidtlein on behalf of GOOGLE LLC (Schmidtlein, John) (Entered: 12/18/2020) |
| 12/18/2020 | 20 | NOTICE of Appearance by Benjamin M. Greenblum on behalf of GOOGLE LLC (Greenblum, Benjamin) (Entered: 12/18/2020) |
| 12/18/2020 | 21 | NOTICE of Appearance by Colette Connor on behalf of GOOGLE LLC (Connor, Colette) (Entered: 12/18/2020) |
| 12/18/2020 | | Set/Reset Deadlines/Hearings: Defendant's Notice due by 1/8/2021. Joint Status Report due by 1/19/2021. Initial Disclosures due by 1/20/2021. Status Conference set for 1/21/2021 at 11:00 AM via teleconference before Judge Amit P. Mehta. The courtroom deputy will circulate dial-in information to counsel. Members of the public or media who wish to access the hearing may dial the court's toll-free public access line: (877) 848-7030, access code 321-8747. The public access line will be muted and should only be used by non-participating parties. (zjd) (Entered: 12/23/2020) |
| 12/21/2020 | 22 | NOTICE of Appearance by Mark Samuel Popofsky on behalf of GOOGLE LLC (Popofsky, Mark) (Entered: 12/21/2020) |
| 12/21/2020 | 23 | NOTICE of Appearance by Douglas Lee Davis on behalf of STATE OF WEST VIRGINIA (Davis, Douglas) (Entered: 12/21/2020) |
| 12/21/2020 | 24 | NOTICE of Appearance by Steven M. Kaufmann on behalf of STATE OF COLORADO (Kaufmann, Steven) (Main Document 24 replaced on 12/23/2020) (ztth). (Entered: 12/21/2020) |
| 12/21/2020 | 25 | NOTICE of Appearance by David Brunfeld on behalf of DISTRICT OF COLUMBIA (Brunfeld, David) (Main Document 25 replaced on 12/23/2020) (ztth). (Entered: 12/21/2020) |

| | | |
|---|---|---|
| 12/21/2020 | 26 | NOTICE of Appearance by Elin S. Alm on behalf of STATE OF NORTH DAKOTA (Alm, Elin) (Main Document 26 replaced on 12/23/2020) (ztth). (Entered: 12/21/2020) |
| 12/21/2020 | 27 | NOTICE of Appearance by Christina M. Moylan on behalf of STATE OF MAINE (Moylan, Christina) (Main Document 27 replaced on 12/29/2020) (zeg). (Entered: 12/21/2020) |
| 12/21/2020 | 28 | NOTICE of Appearance by Sarah Oxenham Allen on behalf of COMMONWEALTH OF VIRGINIA (Allen, Sarah) (Main Document 28 replaced on 12/29/2020) (zeg). (Entered: 12/21/2020) |
| 12/21/2020 | 29 | NOTICE of Appearance by Cheryl Hiemstra on behalf of STATE OF OREGON (Hiemstra, Cheryl) (Entered: 12/21/2020) |
| 12/21/2020 | 30 | NOTICE of Appearance by Nicole Demers on behalf of STATE OF CONNECTICUT (Demers, Nicole) (Main Document 30 replaced on 12/29/2020) (zeg). (Entered: 12/21/2020) |
| 12/22/2020 | 31 | NOTICE of Appearance by Yvette K. Lafrentz on behalf of STATE OF SOUTH DAKOTA (Lafrentz, Yvette) (Main Document 31 replaced on 12/29/2020) (zeg). (Entered: 12/22/2020) |
| 12/22/2020 | 32 | NOTICE of Appearance by Tanya Lynn Godfrey on behalf of STATE OF WEST VIRGINIA (Godfrey, Tanya) (Entered: 12/22/2020) |
| 12/22/2020 | 33 | NOTICE of Appearance by Tyler Timothy Henry on behalf of COMMONWEALTH OF VIRGINIA (Henry, Tyler) (Entered: 12/22/2020) |
| 12/22/2020 | 34 | NOTICE of Appearance by Brett Talmage DeLange on behalf of STATE OF IDAHO (DeLange, Brett) (Entered: 12/22/2020) |
| 12/22/2020 | 35 | NOTICE of Appearance by Rodney I. Kimura on behalf of STATE OF HAWAII (Kimura, Rodney) (Entered: 12/22/2020) |
| 12/22/2020 | 36 | NOTICE of Appearance by Elizabeth Gentry Arthur on behalf of DISTRICT OF COLUMBIA (Arthur, Elizabeth) (Main Document 36 replaced on 12/29/2020) (zeg). (Entered: 12/22/2020) |
| 12/22/2020 | 37 | NOTICE of Appearance by Benjamin Mark Burningham on behalf of STATE OF WYOMING (Burningham, Benjamin) (Entered: 12/22/2020) |
| 12/22/2020 | 38 | NOTICE of Appearance by Ryan G. Kriger on behalf of STATE OF VERMONT (Kriger, Ryan) (Entered: 12/22/2020) |
| 12/22/2020 | 39 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by GOOGLE LLC (Schmidtlein, John) (Entered: 12/22/2020) |
| 12/23/2020 | 40 | NOTICE of Appearance by Joseph Conrad on behalf of All Plaintiffs (Conrad, Joseph) (Entered: 12/23/2020) |
| 12/23/2020 | 41 | NOTICE of Appearance by Franklin M. Rubinstein on behalf of GOOGLE LLC (Rubinstein, Franklin) (Entered: 12/23/2020) |
| 12/23/2020 | 42 | NOTICE of Appearance by Susan A. Creighton on behalf of GOOGLE LLC (Creighton, Susan) (Entered: 12/23/2020) |
| 12/24/2020 | 43 | NOTICE of Appearance by Michael Andrew Undorf on behalf of STATE OF DELAWARE (Undorf, Michael) (Entered: 12/24/2020) |

| | | |
|---|---|---|
| 12/28/2020 | 44 | NOTICE of Appearance by Jeanette Pascale on behalf of STATE OF TENNESSEE (Pascale, Jeanette) (Entered: 12/28/2020) |
| 12/29/2020 | 45 | NOTICE of Appearance by Lynette R. Bakker on behalf of STATE OF KANSAS (Bakker, Lynette) (Entered: 12/29/2020) |
| 12/29/2020 | 46 | NOTICE of Appearance by Morgan J. Feder on behalf of STATE OF NEW YORK (Feder, Morgan) (Entered: 12/29/2020) |
| 12/30/2020 | 47 | ENTERED IN ERROR.....NOTICE of Appearance by Amy Pauli on behalf of STATE OF WYOMING (Pauli, Amy) Modified on 12/30/2020 (zjf). (Entered: 12/30/2020) |
| 12/30/2020 | 48 | NOTICE of Appearance by Brandon Garod on behalf of STATE OF NEW HAMPSHIRE (Garod, Brandon) (Entered: 12/30/2020) |
| 12/30/2020 | 49 | NOTICE of Appearance by Amy Pauli on behalf of STATE OF WYOMING (Pauli, Amy) (Entered: 12/30/2020) |
| 12/30/2020 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 47 Notice of Appearance was entered in error and refiled by counsel. (See Docket Entry 49 to view document) (zjf) (Entered: 12/30/2020) |
| 12/31/2020 | 50 | NOTICE of Appearance by Jessica Vance Sutton on behalf of STATE OF NORTH CAROLINA (Sutton, Jessica) (Entered: 12/31/2020) |
| 12/31/2020 | 51 | NOTICE of Appearance by Jonathan R. Marx on behalf of STATE OF NORTH CAROLINA (Marx, Jonathan) (Entered: 12/31/2020) |
| 12/31/2020 | 52 | RESPONSE re 5 MOTION to Consolidate Cases filed by GOOGLE LLC. (Attachments: # 1 Text of Proposed Order)(Schmidtlein, John) (Entered: 12/31/2020) |
| 12/31/2020 | 53 | Proposed MOTION for Leave to File *Document* by STATE OF NEBRASKA (Attachments: # 1 Revised Partially Redacted Complaint, # 2 Text of Proposed Order, # 3 Certificate of Service)(Conrad, Joseph) (Entered: 12/31/2020) |
| 01/04/2021 | 54 | ORDER granting 53 Plaintiff States' Unopposed Motion to File Revised Partially Redacted Complaint. The Clerk of Court shall place on the public docket the States' revised partially redacted Complaint at ECF No. [53-1]. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/4/2021. (lcapm2) (Entered: 01/04/2021) |
| 01/04/2021 | | MINUTE ORDER. Plaintiff States shall advise the court by January 7, 2021, whether they will object to entry of an order consolidating this case with United States v. Google, 20-cv-3010, for purposes of pre-trial proceedings, but deferring a decision on consolidating for purposes of trial. Signed by Judge Amit P. Mehta on 1/4/2021. (lcapm2) (Entered: 01/04/2021) |
| 01/04/2021 | 55 | NOTICE of Appearance by Jennifer L. Pratt on behalf of STATE OF OHIO (Pratt, Jennifer) (Entered: 01/04/2021) |
| 01/04/2021 | 56 | NOTICE of Appearance by Beth Ann Finnerty on behalf of STATE OF OHIO (Finnerty, Beth) (Entered: 01/04/2021) |
| 01/04/2021 | 57 | NOTICE of Appearance by Tara Pincock on behalf of STATE OF UTAH (Pincock, Tara) (Entered: 01/04/2021) |
| 01/04/2021 | 58 | NOTICE of Appearance by Gary Honick on behalf of STATE OF MARYLAND (Honick, Gary) (Entered: 01/04/2021) |

| | | |
|---|---|---|
| 01/04/2021 | 59 | NOTICE of Appearance by John D. Castiglione on behalf of STATE OF NEW YORK (Castiglione, John) (Main Document 59 replaced on 1/4/2021) (zeg). (Entered: 01/04/2021) |
| 01/04/2021 | | Set/Reset Deadlines: Notice due by 1/7/2021. (zjd) (Entered: 01/04/2021) |
| 01/04/2021 | 60 | Partially REDACTED DOCUMENT- Complaint by STATE OF NEBRASKA. (eg) (Entered: 01/04/2021) |
| 01/04/2021 | 61 | NOTICE of Appearance by Schonette Walker on behalf of STATE OF MARYLAND (Walker, Schonette) (Entered: 01/04/2021) |
| 01/04/2021 | 62 | NOTICE of Appearance by Elinor R. Hoffmann on behalf of STATE OF NEW YORK (Hoffmann, Elinor) (Main Document 62 replaced on 1/5/2021) (zeg). (Entered: 01/04/2021) |
| 01/06/2021 | 63 | NOTICE of Appearance by Tracy Wright Wertz on behalf of COMMONWEALTH OF PENNSYLVANIA (Wertz, Tracy) (Entered: 01/06/2021) |
| 01/07/2021 | 64 | NOTICE of Appearance by Mark N. Kittel on behalf of STATE OF OHIO (Kittel, Mark) (Entered: 01/07/2021) |
| 01/07/2021 | 65 | NOTICE of Appearance by Robert Holup on behalf of STATE OF NEW JERSEY (Holup, Robert) (Main Document 65 replaced on 1/14/2021) (zeg). (Entered: 01/07/2021) |
| 01/07/2021 | 66 | REPLY re 5 MOTION to Consolidate Cases filed by STATE OF NEBRASKA. (Attachments: # 1 Certificate of Service)(Conrad, Joseph) Modified event title on 1/15/2021 (znmw). (Entered: 01/07/2021) |
| 01/07/2021 | 67 | ORDER granting in part and denying in part 5 Plaintiffs' Motion to Consolidate. This action shall be consolidated with United States v. Google LLC, 20-cv-3010, for pretrial purposes, including discovery and related proceedings. Plaintiffs' motion to consolidate for trial is denied without prejudice and may be renewed after the close of expert discovery and resolution of any motions for summary judgment. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 1/7/2021. (lcapm2) (Entered: 01/07/2021) |
| 01/07/2021 | | Cases Consolidated. Case 20-3715 has been consolidated with case 20-3010, pursuant to an Order entered 01/07/2021. From this date forward, all pleadings should be filed in lead case 20-3010. Parties are advised NOT to elect the spread text option when filing in ECF. (zeg) (Entered: 01/13/2021) |
| 01/12/2021 | 68 | NOTICE of Appearance by Erin L. Shencopp on behalf of STATE OF ILLINOIS (Shencopp, Erin) (Main Document 68 replaced on 1/14/2021) (zeg). (Entered: 01/12/2021) |
| 01/12/2021 | 69 | NOTICE of Appearance by Abigail Leah Smith on behalf of STATE OF COLORADO (Smith, Abigail) (Main Document 69 replaced on 1/14/2021) (zeg). (Entered: 01/12/2021) |
| 01/13/2021 | 70 | NOTICE of Appearance by Caleb J. Smith on behalf of STATE OF OKLAHOMA (Smith, Caleb) (Entered: 01/13/2021) |
| 01/14/2021 | 71 | NOTICE of Appearance by Blake L. Harrop on behalf of STATE OF ILLINOIS (Harrop, Blake) (Main Document 71 replaced on 1/14/2021) (zeg). (Entered: 01/14/2021) |
| 01/14/2021 | 72 | NOTICE of Appearance by Michael Bruce MacKenzie on behalf of COMMONWEALTH OF MASSACHUSETTS (MacKenzie, Michael) (Entered: 01/14/2021) |
| 01/19/2021 | 73 | ERRATA by STATE OF OHIO re 55 Notice of Appearance filed by STATE OF OHIO, 56 Notice of Appearance filed by STATE OF OHIO. (Attachments: # 1 Exhibit 1: Notice of |

| | | |
|---|---|---|
| | | Appearance by Jennifer L. Pratt, # 2 Exhibit 2: Notice of Appearance by Beth A. Finnerty)(Finnerty, Beth) (Entered: 01/19/2021) |
| 01/19/2021 | 74 | NOTICE of Appearance by William Thorn Matlack on behalf of COMMONWEALTH OF MASSACHUSETTS (Matlack, William) (Main Document 74 replaced on 1/21/2021) (zeg). (Entered: 01/19/2021) |
| 01/22/2021 | 75 | NOTICE of Appearance by Norman Wesley Marden on behalf of COMMONWEALTH OF PENNSYLVANIA (Marden, Norman) (Main Document 75 replaced on 1/24/2021) (zeg). (Entered: 01/22/2021) |
| 01/26/2021 | 76 | NOTICE of Appearance by Matthew B Frank on behalf of COMMONWEALTH OF MASSACHUSETTS (Frank, Matthew) (Main Document 76 replaced on 1/26/2021) (zeg). (Entered: 01/26/2021) |
| 01/29/2021 | 77 | NOTICE of Appearance by Robert B. Harrell, Sr on behalf of STATE OF TENNESSEE (Harrell, Robert) (Main Document 77 replaced on 1/29/2021) (zeg). (Entered: 01/29/2021) |
| 01/29/2021 | 78 | NOTICE of Appearance by Tim D. Nord on behalf of STATE OF OREGON (Nord, Tim) (Main Document 78 replaced on 1/29/2021) (zeg). (Entered: 01/29/2021) |
| 02/01/2021 | 79 | NOTICE of Appearance by Dana Vogel on behalf of STATE OF ARIZONA (Vogel, Dana) (Main Document 79 replaced on 2/5/2021) (zeg). (Main Document 79 replaced on 2/5/2021) (zeg). (Entered: 02/01/2021) |
| 02/01/2021 | 80 | NOTICE of Appearance by Christopher M. Sloot on behalf of STATE OF ARIZONA (Sloot, Christopher) (Main Document 80 replaced on 2/5/2021) (zeg). (Entered: 02/01/2021) |
| 02/03/2021 | 81 | NOTICE of Appearance by Catherine Anne Jackson on behalf of DISTRICT OF COLUMBIA (Jackson, Catherine) (Main Document 81 replaced on 2/5/2021) (zeg). (Entered: 02/03/2021) |
| 02/03/2021 | 82 | NOTICE of Appearance by Wendy W.H. Waszmer on behalf of GOOGLE LLC (Waszmer, Wendy) (Entered: 02/03/2021) |
| 02/23/2021 | 83 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- William F. Cavanaugh, Fee Status: No Fee Paid. by STATE OF COLORADO. (Attachments: # 1 Declaration Declaration in Support of Motion for Admission PHV - W Cavanaugh, # 2 Text of Proposed Order Order for Admission Pro Hac Vice)(Sallet, Jonathan) (Entered: 02/23/2021) |
| 02/23/2021 | | MINUTE ORDER denying 83 Motion for Leave to Appear Pro Hac Vice without prejudice. Counsel has not paid the $100 fee required by Local Civil Rule 83.2(d). Once the payment is confirmed, the court will reconsider the motion. Signed by Judge Amit P. Mehta on 2/23/2021. (lcapm2) (Entered: 02/23/2021) |
| 02/23/2021 | 84 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- William F. Cavanaugh, Filing fee $ 100, receipt number ADCDC-8235470. Fee Status: Fee Paid. by STATE OF COLORADO. (Attachments: # 1 Declaration Declaration in Support of Motion for Admission PHV - W Cavanaugh, # 2 Text of Proposed Order Order for Admission Pro Hac Vice)(Sallet, Jonathan) (Entered: 02/23/2021) |
| 02/24/2021 | | MINUTE ORDER granting 84 Motion for Leave to Appear Pro Hac Vice. Attorney William F. Cavanaugh is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Signed by Judge Amit P. Mehta on 2/24/2021. (lcapm2) (Entered: 02/24/2021) |

| | | |
|---|---|---|
| 02/25/2021 | 85 | NOTICE of Appearance by John K. Olson on behalf of STATE OF IDAHO (Olson, John) (Entered: 02/25/2021) |
| 02/26/2021 | 86 | NOTICE of Appearance by William F. Cavanaugh, Jr on behalf of STATE OF COLORADO, STATE OF NEBRASKA (Cavanaugh, William) (Entered: 02/26/2021) |
| 03/25/2021 | 87 | NOTICE of Appearance by Bryan Steven Sanchez on behalf of STATE OF NEW JERSEY (Sanchez, Bryan) (Entered: 03/25/2021) |
| 03/31/2021 | 88 | NOTICE of Appearance by Isabella R. Pitt on behalf of STATE OF NEW JERSEY (Pitt, Isabella) (Main Document 88 replaced on 4/1/2021) (zeg). (Main Document 88 replaced on 4/1/2021) (zeg). (Entered: 03/31/2021) |
| 04/01/2021 | 89 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEW JERSEY. Attorney Robert Holup terminated. (Holup, Robert) (Entered: 04/01/2021) |
| 04/22/2021 | 90 | NOTICE of Appearance by Stephen Nicholas Provazza on behalf of STATE OF RHODE ISLAND (Provazza, Stephen) (Entered: 04/22/2021) |
| 04/22/2021 | 91 | NOTICE of Appearance by Matt Schock on behalf of STATE OF COLORADO (Schock, Matt) (Entered: 04/22/2021) |
| 04/29/2021 | 92 | NOTICE of Appearance by Erica Lee Fruiterman on behalf of STATE OF COLORADO (Fruiterman, Erica) (Main Document 92 replaced on 4/29/2021) (zeg). (Entered: 04/29/2021) |
| 05/05/2021 | 93 | NOTICE of Appearance by Carla J. Baumel on behalf of STATE OF COLORADO (Baumel, Carla) (Entered: 05/05/2021) |
| 05/28/2021 | 94 | NOTICE of Appearance by Yale A. Leber on behalf of STATE OF NEW JERSEY (Leber, Yale) (Entered: 05/28/2021) |
| 06/10/2021 | 95 | Joint STATUS REPORT by STATE OF COLORADO. (Sallet, Jonathan) (Entered: 06/10/2021) |
| 07/07/2021 | 96 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WYOMING. Attorney Benjamin Mark Burningham terminated. (Burningham, Benjamin) (Entered: 07/07/2021) |
| 07/15/2021 | 97 | NOTICE of Appearance by Kunal Janak Choksi on behalf of STATE OF NORTH CAROLINA (Choksi, Kunal) (Entered: 07/15/2021) |
| 09/21/2021 | 98 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ILLINOIS. Attorney Blake L. Harrop terminated. (Maxeiner, Elizabeth) (Entered: 09/21/2021) |
| 10/25/2021 | 99 | NOTICE of Appearance by Vincent H. Cohen, Jr on behalf of MICROSOFT CORPORATION (Cohen, Vincent) (Entered: 10/25/2021) |
| 10/25/2021 | 100 | NOTICE of Appearance by Amisha R. Patel on behalf of MICROSOFT CORPORATION (Patel, Amisha) (Entered: 10/25/2021) |
| 10/29/2021 | 101 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DISTRICT OF COLUMBIA. Attorney Catherine Anne Jackson terminated. (Jackson, Catherine) (Entered: 10/29/2021) |
| 11/04/2021 | 102 | NOTICE OF WITHDRAWAL OF APPEARANCE as to COMMONWEALTH OF MASSACHUSETTS. Attorney Matthew B Frank terminated. (Frank, Matthew) (Entered: 11/04/2021) |
| 11/05/2021 | 103 | NOTICE of Appearance by Daniel Wilkes on behalf of STATE OF NORTH CAROLINA (Wilkes, Daniel) (Entered: 11/05/2021) |

| | | |
|---|---|---|
| 12/23/2021 | 104 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Dana Vogel terminated. (Vogel, Dana) (Entered: 12/23/2021) |
| 01/05/2022 | 105 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TENNESSEE. Attorney Robert B. Harrell, Sr terminated. (Harrell, Robert) (Entered: 01/05/2022) |
| 01/10/2022 | 106 | MOTION to Withdraw as Attorney by STATE OF NORTH CAROLINA. (Wilkes, Daniel) (Entered: 01/10/2022) |
| 01/11/2022 | | MINUTE ORDER granting attorney Daniel Wilkes's 106 Motion for Leave to Withdraw as Counsel of Record for Plaintiff State of North Carolina. Signed by Judge Amit P. Mehta on 1/11/2022. (lcapm2) (Entered: 01/11/2022) |
| 01/28/2022 | 107 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF TENNESSEE. Attorney Jeanette Pascale terminated. (Pascale, Jeanette) (Entered: 01/28/2022) |
| 02/08/2022 | 108 | NOTICE OF WITHDRAWAL OF APPEARANCE as to COMMONWEALTH OF VIRGINIA. Attorney Sarah Oxenham Allen terminated. (Allen, Sarah) (Entered: 02/08/2022) |
| 02/22/2022 | 109 | NOTICE of Appearance by Melissa Westby on behalf of STATE OF WYOMING (Westby, Melissa) (Entered: 02/22/2022) |
| 03/04/2022 | 110 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WYOMING. Attorney Amy Pauli terminated. (Pauli, Amy) (Entered: 03/04/2022) |
| 03/30/2022 | 111 | NOTICE of Appearance by Christopher James Curtis on behalf of STATE OF VERMONT (Curtis, Christopher) (Main Document 111 replaced on 3/31/2022) (zeg). (Entered: 03/30/2022) |
| 04/06/2022 | 112 | NOTICE of Appearance by Adam Gitlin on behalf of DISTRICT OF COLUMBIA (Gitlin, Adam) (Entered: 04/06/2022) |
| 04/07/2022 | 113 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF VERMONT. Attorney Ryan G. Kriger terminated. (Attachments: # 1 Certificate of Service)(Kriger, Ryan) (Entered: 04/07/2022) |
| 04/15/2022 | 114 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Rachael A. Racine, Filing fee $ 100, receipt number ADCDC-9175161. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Waszmer, Wendy) (Entered: 04/15/2022) |
| 04/15/2022 | | MINUTE ORDER granting 114 Motion for Admission Pro Hac Vice. Attorney Rachael A. Racine is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Signed by Judge Amit P. Mehta on 4/15/2022. (lcapm2) (Entered: 04/15/2022) |
| 04/19/2022 | 115 | NOTICE of Appearance by Rachael Racine on behalf of GOOGLE LLC (Racine, Rachael) (Entered: 04/19/2022) |
| 05/06/2022 | 116 | NOTICE of Appearance by Bryce A Pashler on behalf of STATE OF IOWA (Pashler, Bryce) (Main Document 116 replaced on 5/6/2022) (zeg). (Entered: 05/06/2022) |
| 05/09/2022 | 117 | NOTICE of Change of Address by John E. Schmidtlein (Schmidtlein, John) (Entered: 05/09/2022) |
| 05/18/2022 | 118 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF IOWA. Attorney Max Merrick Miller terminated. (Miller, Max) (Entered: 05/18/2022) |

| | | |
|---|---|---|
| 05/27/2022 | 119 | NOTICE of Appearance by Colin P. Snider on behalf of STATE OF NEBRASKA (Snider, Colin) (Entered: 05/27/2022) |
| 07/20/2022 | 120 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Diane Rebecca Hazel terminated. (Hazel, Diane) (Entered: 07/20/2022) |
| 07/25/2022 | 121 | NOTICE of Appearance by James C. Kaste on behalf of STATE OF WYOMING (Kaste, James) (Entered: 07/25/2022) |
| 07/26/2022 | 122 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WYOMING. Attorney Melissa Westby terminated. (Westby, Melissa) (Entered: 07/26/2022) |
| 08/02/2022 | 123 | NOTICE of Appearance by Michael Schwartz on behalf of STATE OF NEW YORK (Schwartz, Michael) (Entered: 08/02/2022) |
| 08/18/2022 | 124 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DISTRICT OF COLUMBIA. Attorney David Brunfeld terminated. (Brunfeld, David) (Entered: 08/18/2022) |
| 08/31/2022 | 125 | NOTICE of Appearance by Michael Kahler on behalf of STATE OF WYOMING (Kahler, Michael) (Main Document 125 replaced on 8/31/2022) (zed). (Entered: 08/31/2022) |
| 08/31/2022 | 126 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WYOMING. Attorney James C. Kaste terminated. (Kaste, James) (Entered: 08/31/2022) |
| 09/06/2022 | 127 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Erica Lee Fruiterman terminated. (Fruiterman, Erica) (Entered: 09/06/2022) |
| 09/08/2022 | 128 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Abigail Leah Smith terminated. (Smith, Abigail) (Entered: 09/08/2022) |
| 09/15/2022 | 129 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEVADA. Attorney Marie W.L. Martin terminated. (Newman, Michelle) (Entered: 09/15/2022) |
| 09/29/2022 | 130 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WEST VIRGINIA. Attorney Tanya Lynn Godfrey terminated. (Godfrey, Tanya) (Entered: 09/29/2022) |
| 12/30/2022 | 131 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Matt Schock terminated. (Schock, Matt) (Entered: 12/30/2022) |
| 01/12/2023 | 132 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF IDAHO. Attorney Brett Talmage DeLange terminated. (DeLange, Brett) (Entered: 01/12/2023) |
| 01/12/2023 | 133 | NOTICE of Appearance by Robert Bernheim on behalf of STATE OF ARIZONA (Bernheim, Robert) (Main Document 133 replaced on 1/16/2023) (zed). (Entered: 01/12/2023) |
| 01/23/2023 | 134 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF ARIZONA. Attorney Christopher M. Sloot terminated. (Bernheim, Robert) (Entered: 01/23/2023) |
| 01/27/2023 | 135 | NOTICE of Appearance by Conor J. May on behalf of STATE OF COLORADO (May, Conor) (Entered: 01/27/2023) |
| 01/27/2023 | 136 | NOTICE of Appearance by Elizabeth Winsor Hereford on behalf of STATE OF COLORADO (Hereford, Elizabeth) (Entered: 01/27/2023) |
| 02/07/2023 | 137 | NOTICE of Appearance by Jayme L. Weber on behalf of STATE OF ARIZONA (Weber, Jayme) (Entered: 02/07/2023) |
| 02/28/2023 | 138 | NOTICE of Appearance by Jonathan K. Van Patten on behalf of STATE OF SOUTH DAKOTA (Van Patten, Jonathan) (Entered: 02/28/2023) |

| | | |
|---|---|---|
| 02/28/2023 | 139 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF SOUTH DAKOTA. Attorney Yvette K. Lafrentz terminated. (Lafrentz, Yvette) (Entered: 02/28/2023) |
| 03/03/2023 | 140 | NOTICE of Appearance by Sarah Mader on behalf of STATE OF OHIO (Mader, Sarah) (Main Document 140 replaced on 3/3/2023) (zed). (Entered: 03/03/2023) |
| 04/10/2023 | 141 | NOTICE of Appearance by Judith E. Paquin on behalf of STATE OF NEW MEXICO (Paquin, Judith) (Main Document 141 replaced on 4/11/2023) (zed). (Entered: 04/10/2023) |
| 04/10/2023 | 142 | ORDER setting the schedule for the summary judgment hearing on April 13, 2023. Please see attached Order for additional details. Signed by Judge Amit P. Mehta on 4/10/2023. (lcapm2) (Entered: 04/10/2023) |
| 04/24/2023 | 143 | NOTICE of Appearance by Noah Goerlitz on behalf of STATE OF IOWA (Goerlitz, Noah) (Entered: 04/24/2023) |
| 07/12/2023 | 144 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO. Attorney Carla J. Baumel terminated. (Baumel, Carla) (Entered: 07/12/2023) |
| 08/23/2023 | 145 | NOTICE of Appearance by Tyler Corcoran on behalf of STATE OF TENNESSEE (Corcoran, Tyler) (Main Document 145 replaced on 8/24/2023) (zed). (Entered: 08/23/2023) |
| 08/23/2023 | 146 | NOTICE of Appearance by Austin Ostiguy on behalf of STATE OF TENNESSEE (Ostiguy, Austin) (Main Document 146 replaced on 8/24/2023) (zed). (Entered: 08/23/2023) |
| 04/24/2024 | 147 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Joseph Conrad terminated. (Conrad, Joseph) (Entered: 04/24/2024) |
| 05/08/2024 | 148 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Wendy W.H. Waszmer terminated. (Waszmer, Wendy) (Entered: 05/08/2024) |
| 06/27/2024 | 149 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH CAROLINA. Attorney Jonathan R. Marx terminated. (Marx, Jonathan) (Entered: 06/27/2024) |
| 08/06/2024 | | ENTERED IN ERROR.....Set/Reset Deadlines/Hearings: Status Report due by 9/4/2024. Status Conference set for 9/6/2024 at 02:00 PM in Courtroom 10- In Person before Judge Amit P. Mehta. (zakb) Modified on 9/5/2024 to enter in error as hearing was entered in the wrong case (zakb). (Entered: 08/06/2024) |
| 10/09/2024 | 150 | NOTICE of Appearance by Robert J. Carlson on behalf of STATE OF OKLAHOMA (Carlson, Robert) (Entered: 10/09/2024) |
| 10/10/2024 | 151 | NOTICE of Appearance by Gina Ko on behalf of STATE OF OREGON (Ko, Gina) (Entered: 10/10/2024) |
| 12/05/2024 | 152 | NOTICE of Appearance by Justin Clifford McCully on behalf of STATE OF NEBRASKA (McCully, Justin) (Entered: 12/05/2024) |
| 12/05/2024 | 153 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEBRASKA. Attorney Colin P. Snider terminated. (Snider, Colin) (Entered: 12/05/2024) |
| 12/11/2024 | 154 | NOTICE OF WITHDRAWAL OF APPEARANCE as to GOOGLE LLC. Attorney Susan A. Creighton terminated. (Creighton, Susan) (Entered: 12/11/2024) |
| 01/16/2025 | 155 | NOTICE of Appearance by Christopher Teters on behalf of STATE OF KANSAS (Teters, Christopher) (Main Document 155 replaced on 1/21/2025) (mg). (Entered: 01/16/2025) |

| | | |
|---|---|---|
| 01/17/2025 | 156 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF KANSAS. Attorney Lynette R. Bakker terminated. (Bakker, Lynette) Modified event on 1/28/2025 (mg). (Entered: 01/17/2025) |
| 01/24/2025 | 157 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEW JERSEY. Attorney Isabella R. Pitt terminated. (Pitt, Isabella) (Entered: 01/24/2025) |
| 01/31/2025 | 158 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NORTH CAROLINA. Attorney Jessica Vance Sutton terminated. (Sutton, Jessica) (Entered: 01/31/2025) |
| 03/07/2025 | 159 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF NEW JERSEY. Attorney Robert Holup terminated. (Attachments: # 1 Supplement Letter from Robert Holup, Esq.) (Holup, Robert) Modified event on 3/7/2025, pursuant to Chambers (mg). (Entered: 03/07/2025) |
| 04/18/2025 | 160 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joseph M. Alioto, Filing fee $ 100, receipt number ADCDC-11628882. Fee Status: Fee Paid. by Mary Katherine Arcell, et al.. (Attachments: # 1 Decl. of J. Alioto iso Motion to Appear PHV, # 2 A - Certificate of Good Standing, # 3 B - Prop. Amici Brief, # 4 Proposed Order Granting PHV)(Larson, Stephen) (Entered: 04/18/2025) |
| 04/20/2025 | | MINUTE ORDER granting 160 Motion for Leave to Appear Pro Hac Vice. Attorney Joseph M. Alioto is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e-filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Amit P. Mehta on 4/20/2025. (lcapm2) (Entered: 04/20/2025) |
| 04/21/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 160 MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Joseph M. Alioto, Filing fee $ 100, receipt number ADCDC-11628882. Fee Status: Fee Paid. by Mary Katherine Arcell, et al.. (Attachments: # 1 Decl. of J. Alioto iso Motion to Appear PHV, # 2 A - Certificate of Good Standing, # 3 B - Prop. Amici Brief, # 4 Proposed Order Granting PHV)(Larson, Stephen).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 4/28/2025. (zapb) Modified on 4/22/2025 (zhcn). (Entered: 04/21/2025) |
| 04/21/2025 | 161 | NOTICE of Appearance by William Talley Young on behalf of STATE OF WYOMING (Young, William) (Main Document 161 replaced on 4/22/2025) (mg). (Entered: 04/21/2025) |
| 04/24/2025 | 162 | ENTERED IN ERROR.....MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION-CWA. (Attachments: # 1 Text of Proposed Order)(Grunes, Allen) Modified on 4/25/2025, refiled at docket entry 163 (mg). (Entered: 04/24/2025) |
| 04/24/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re 162 MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION-CWA. (Attachments: # 1 Text of Proposed Order)(Grunes, Allen). |

| | | |
|---|---|---|
| | | Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney-renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 5/1/2025. (zhcn) 4/28/2025 (zapb). (Entered: 04/25/2025) |
| 04/25/2025 | 163 | MOTION for Leave to File Amicus Brief by ALPHABET WORKERS UNION-CWA. (Attachments: # 1 Text of Proposed Order)(Meschke, David) (Entered: 04/25/2025) |
| 05/07/2025 | 164 | NOTICE of Appearance by Catherine S. Simonsen on behalf of AMERICAN ECONOMIC LIBERTIES PROJECT (Simonsen, Catherine) (Entered: 05/07/2025) |
| 05/09/2025 | 165 | AMICUS BRIEF by ALPHABET WORKERS UNION-CWA. (Grunes, Allen) (Entered: 05/09/2025) |
| 05/28/2025 | 166 | NOTICE of Appearance by Billy Jimenez on behalf of STATE OF NEW MEXICO (Jimenez, Billy) (Entered: 05/28/2025) |
| 06/03/2025 | 167 | NOTICE of Appearance by Donald Beaton Verrilli, Jr on behalf of GOOGLE LLC (Verrilli, Donald) (Entered: 06/03/2025) |
| 06/03/2025 | 168 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Benjamin J. Horwich, Filing fee $ 100, receipt number ADCDC-11731457. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/03/2025) |
| 06/03/2025 | 169 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Justin P. Raphael, Filing fee $ 100, receipt number ADCDC-11731471. Fee Status: Fee Paid. by GOOGLE LLC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/03/2025) |
| 06/09/2025 | 170 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF OKLAHOMA. Attorney Robert J. Carlson terminated. (Carlson, Robert) (Entered: 06/09/2025) |
| 09/16/2025 | 171 | MOTION to Withdraw as Attorney *for the State of Oregon* by STATE OF OREGON. (Hiemstra, Cheryl) (Entered: 09/16/2025) |
| 09/17/2025 | | MINUTE ORDER granting 171 Motion to Withdraw as Attorney. Attorney Cheryl Hiemstra is hereby terminated as counsel for Plaintiff State of Oregon. Signed by Judge Amit P. Mehta on 9/17/2025. (lcapm2) (Entered: 09/17/2025) |
| 11/06/2025 | 172 | MOTION for Leave to File Amicus Brief *(Supplemental)* by MOZILLA CORPORATION. (Attachments: # 1 Exhibit A - Mozilla Supplemental Amicus Brief, # 2 Text of Proposed Order B - Proposed Order)(Arteaga, Juan) (Entered: 11/06/2025) |
| 11/17/2025 | 173 | MOTION to Withdraw *AND SUBSTITUTE* by STATE OF SOUTH DAKOTA. (Miiller, Amanda) (Entered: 11/17/2025) |
| 11/19/2025 | | MINUTE ORDER granting 173 Motion to Withdraw and Substitute. Attorney Jonathan K. Van Patten is hereby terminated as counsel for Plaintiff State of South Dakota. Attorney Amanda J. Miiller shall be substituted as counsel of record. Signed by Judge Amit P. Mehta on 11/19/2025. (lcapm2) (Entered: 11/19/2025) |

| | | |
|---|---|---|
| 01/16/2026 | 174 | NOTICE OF APPEAL TO DC CIRCUIT COURT by GOOGLE LLC. Filing fee $ 605, receipt number ADCDC-12191725. Fee Status: Fee Paid. Parties have been notified. (Verrilli, Donald) (Entered: 01/16/2026) |
| 01/20/2026 | 175 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 174 Notice of Appeal to DC Circuit Court. (mg) (Entered: 01/20/2026) |
| 01/30/2026 | 176 | NOTICE of Appearance by Diana Jordan Gonzalez on behalf of COMMONWEALTH OF PUERTO RICO (Jordan Gonzalez, Diana) (Entered: 01/30/2026) |
| 02/03/2026 | 177 | NOTICE OF CROSS APPEAL by COMMONWEALTH OF MASSACHUSETTS, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF VIRGINIA, DISTRICT OF COLUMBIA, STATE OF ALASKA, STATE OF ARIZONA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF HAWAII, STATE OF IDAHO, STATE OF IOWA, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, STATE OF NEBRASKA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF VERMONT, STATE OF WASHINGTON, STATE OF WEST VIRGINIA, STATE OF WYOMING, TERRITORY OF GUAM. Filing fee $ 605, receipt number ADCDC-12222790. Fee Status: Fee Paid. Parties have been notified. (Sallet, Jonathan) (Entered: 02/03/2026) |
| 02/05/2026 | 178 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 177 Notice of Cross Appeal,,,,. (mg) (Entered: 02/05/2026) |
| 06/06/2026 | 179 | NOTICE of Appearance by C. William Margrabe on behalf of STATE OF NEW YORK (Margrabe, C.) (Entered: 06/06/2026) |
| 07/10/2026 | 180 | NOTICE OF WITHDRAWAL OF APPEARANCE as to DISTRICT OF COLUMBIA. Attorney Elizabeth Gentry Arthur terminated. (Arthur, Elizabeth) (Entered: 07/10/2026) |
| 09/28/2026 | 181 | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF COLORADO, . (Attachments: # _ |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| State of Colorado, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA |

**ORDER GRANTING IN PART AND DENYING IN PART**

**PLAINTIFFS' MOTION TO CONSOLIDATE**

Upon consideration of the Plaintiffs' Motion to Consolidate Pursuant to Rule 42(a)(1) of the Federal Rules of Civil Procedure (the "Motion to Consolidate") (ECF 5), the motion is hereby GRANTED IN PART and DENIED IN PART, and it is further ORDERED:

1. This action shall be consolidated with *United States, et al. v. Google LLC*, No. 1:20-cv-3010-APM (the "DOJ Action") for pretrial purposes, including discovery and all related proceedings;

2. Absent further order from this Court, all future filings in this action shall be made exclusively on the DOJ Action docket; and

3. Plaintiffs' Motion to Consolidate this action with the DOJ Action for trial is denied without prejudice and may be renewed after the close of expert discovery and resolution of any motions for summary judgment.

ISSUED this ____ day of ________________, 2021.

SO ORDERED:

Amit P. Mehta

Digitally signed by Amit P. Mehta
Date: 2021.01.07 17:17:44 -05'00'

Hon. Amit P. Mehta
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA |
| STATE OF COLORADO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA |

**ORDER TO BIFURCATE PROCEEDINGS**

The Parties in the above-captioned actions have jointly requested to bifurcate the proceedings to hold separate trials on liability and, if necessary, remedy.

Rule 42(b) of the Federal Rules of Civil Procedure authorizes a court to hold a separate trial on one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and economize." The Court has considered the Parties' requests for separate trials in this matter regarding (a) the liability of the Defendant for violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, as alleged by the U.S. Plaintiffs and the Plaintiff States, and (b) the remedies for any such violations.

The Court finds that, to the extent necessary, holding separate trials on the issues of liability and remedies will be more convenient for the Court and the Parties, and will expedite and economize this litigation.

IT IS THEREFORE ORDERED

1. There will be a liability phase in each matter that will address only the Defendant's liability under the Sherman Act, and, if the Court renders a decision finding the Defendant liable, the Court will hold separate proceedings regarding the remedies for Defendant's violation(s) of the Sherman Act.

2. During the liability phase, expert discovery and testimony need not offer specific opinions regarding particular remedies beyond that necessary to demonstrate liability under Section 2 of the Sherman Act.

3. Nothing in this Order shall (a) alter the Parties' respective abilities in either action to offer evidence relevant to any issue in the liability proceedings nor alter the burden of proof, persuasion, or production to establish each and every element of liability, justifications, or defenses, or (b) prohibit or limit discovery during the liability phases of these actions on issues relevant to liability under Section 2 of the Sherman Act.



2021.12.06
18:49:11
-05'00'

Dated:

Amit. P. Mehta
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA, et al.,** <br> **Plaintiffs,** <br> **v.** <br> **GOOGLE LLC,** <br> **Defendant.** | **Case No. 20-cv-3010 (APM)** |
| **STATE OF COLORADO, et al.,** <br> **Plaintiffs,** <br> **v.** <br> **GOOGLE LLC,** <br> **Defendant.** | **Case No. 20-cv-3715 (APM)** |

**ORDER REGARDING PRODUCTION DEADLINE, MOTION TO COMPEL DEADLINE, AND EVIDENTIARY CUT-OFF DATE**

Upon consideration of the Parties' Joint Status Report of May 10, 2022, the Parties' arguments at the status conference of May 12, 2022, and the Parties' Joint Status Report of May 19, 2022, and for good cause shown, it is hereby ORDERED:

1. Production Deadline. Subject to the exceptions set forth below in Paragraphs 1(a)–(c), on or before **June 17, 2022**,[1] the Parties shall complete production of all documents, data, and privilege log entries in connection with all requests for production made prior to the close of fact discovery. On or before that same Production Deadline, the Parties shall complete service of all supplemental responses to all written discovery requests made prior to the close of fact discovery.

[1] This date is six weeks after the close of fact discovery.

Consistent with the Parties' approach during fact discovery, the Parties shall produce documents, data, privilege logs, and supplemental responses to written discovery requests on a rolling basis prior to the Production Deadline. The foregoing Production Deadline shall not apply to:

a. Documents, data, privilege log entries, or supplemental responses to written discovery requests for which the court finds good cause for a later production, for which the requesting party and the producing party agree to a later production deadline, or subject to court order. Plaintiffs shall consider in good faith any request by Google to allow productions after the Production Deadline. **The parties shall identify any unresolved requests to complete productions after the Production Deadline in the Joint Status Report due on June 15, 2022.**

b. Documents, data, or privilege log entries that cannot reasonably be produced until after a separate, forthcoming production has been made, including, by way of example, documents that are linked in other documents produced for the first time between **May 19, 2022**, and **June 17, 2022**. Any such documents shall be produced as expeditiously as possible **but in no event after June 30, 2022, absent leave of court**.

c. Documents or data that are subject to the disclosure deadlines set forth in Paragraph 24 of the Amended Case Management and Scheduling Order or any other agreement or order relating to the timing of expert witness disclosures.

2. Motion to Compel Deadline. Consistent with the Parties' approach during fact discovery, the Parties shall endeavor to identify any remaining disputes that require the court's intervention on or before **June 10, 2022**, and present them for the court's consideration in the Joint Status Report due **June 15, 2022**. **The parties may file a motion to compel only as to any**

**discovery dispute not resolved during the status conference held on June 17, 2022**.[2] The Parties shall file such motions to compel, if necessary, on or before **June 24, 2022**. The foregoing deadline shall not, however, apply to any disputes relating solely to documents, data, privilege log entries, or supplemental responses to written discovery requests produced for the first time on or after **June 2, 2022**, that could not reasonably have been identified prior to the movant's receipt of the documents, data, privilege log entries, or supplemental responses. The court will set a deadline for such motions, if necessary, at the status conference held on **June 17, 2022**.

3. Evidentiary Cut-Off Date. Subject to the exceptions set forth below in Paragraphs 3(a)–(f), at trial no Party may rely upon non-public documents or data produced by any Party or non-party after **June 17, 2022**, absent a stipulation of the Parties or order of the court for good cause shown. The foregoing Evidentiary Cut-Off Date shall not apply to:

a. Documents or data produced by any Party pursuant to the disclosure deadlines set forth in Paragraph 24 of the Amended Case Management and Scheduling Order or any other agreement or order relating to the timing of expert witness disclosures.

b. Documents or data produced for the purpose of complying with an order regarding a motion to compel filed in accordance with Paragraph 2 of this Order.

c. Affidavits or declarations submitted pursuant to Fed. R. Civ. P. 56(c) based on events having occurred prior to **June 17, 2022**.

d. Affidavits or declarations relating solely to the authentication or admissibility of documents or data.

[2] The court initially asked the parties to hold both June 16, 2022, and June 17, 2022, for the next status conference. That conference will be held on June 17, 2022, at 3:00 p m.

e. Commercially available data.

f. Documents or data used solely for the purpose of impeachment.

Dated: May 25, 2022

Amit P. Mehta
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 1:20-cv-03010-APM

HON. AMIT P. MEHTA

[redacted]

STATE OF COLORADO, STATE OF NEBRASKA, STATE OF ARIZONA, STATE OF IOWA, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF TENNESSEE, STATE OF UTAH, STATE OF ALASKA, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, TERRITORY OF GUAM, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF KANSAS, STATE OF MAINE, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH DAKOTA, STATE OF OHIO, STATE OF OKLAHOMA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, COMMONWEALTH OF PUERTO RICO, STATE OF RHODE ISLAND, STATE OF SOUTH DAKOTA, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON,

Case No. 1:20-cv-03715-APM

HON. AMIT P. MEHTA

[redacted]

STATE OF WEST VIRGINIA, AND STATE OF WYOMING

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

[redacted]

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT GOOGLE'S MOTION FOR SUMMARY JUDGMENT**

January 26, 2023

[redacted] COMF ¶ 649.

## LEGAL STANDARDS

### I. Summary Judgment

To prevail on summary judgment, Google must "show[] that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any doubts, inferences, or issues of credibility must be resolved against the moving party. *See Thompson v. District of Columbia*, 967 F.3d 804, 812-13 (D.C. Cir. 2020). A "genuine" dispute of material fact exists where a reasonable factfinder "could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Monopolization

Unlawful monopoly maintenance requires "the possession of monopoly power" and "the willful . . . maintenance of that power" through "exclusionary conduct as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Microsoft Corp.*, 253 F.3d 34, 50 (D.C. Cir. 2001) (en banc) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966)). Google does not dispute it has monopoly power in the relevant markets for the purpose of its summary judgment motion. Thus, the issue before this Court is whether "there are disputed facts regarding whether [Google] has 'willfully' maintained its alleged monopoly" by engaging in exclusionary conduct. *United States v. Microsoft Corp.*, No. CIV. A. 98-1232-TPJ, 1998 WL 614485, at *22 (D.D.C. Sept. 14, 1998).

#### A. Burden-Shifting Framework

The D.C. Circuit has adopted a fact-specific, burden-shifting framework for determining whether conduct is exclusionary. *Microsoft*, 253 F.3d at 58–59. At step one, the plaintiff must show that the challenged conduct has an "anticompetitive effect"—that it "harm[s] the competitive process and thereby harm[s] consumers." *Id.* at 58. If step one is satisfied, the

burden shifts to the monopolist to show a sufficient "procompetitive justification" for its conduct. *Id.* at 59. The burden then returns to the plaintiff "to rebut that claim" or "demonstrate that the anticompetitive harm of the conduct outweighs the procompetitive benefit." *Id.*

**B. Application Of The Burden-Shifting Framework**

*Microsoft* is instructive. There, the D.C. Circuit affirmed a district court's findings that Microsoft possessed a monopoly in Intel-compatible PC operating systems, which was reinforced by barriers to entry that made it difficult for rival operating systems to compete. *Id.* at 52. Middleware products, such as web browsers, allowed developers to make applications for Microsoft's operating system and rival operating systems at the same time. This created a threat to Microsoft's monopoly. If a middleware product gained a critical mass of users, it could attract developers to write applications that worked on different operating systems, eroding the applications' barriers to entry that protected Microsoft's operating system monopoly. *Id.* at 53, 55–56, 60. To nullify this threat, Microsoft stifled the growth of middleware products by, among other things, using exclusionary agreements to control the two leading distribution channels for browsers: OEMs and internet access providers (IAPs). *Id.* at 60.

For example, the district court found that Microsoft "prevented many OEMs from distributing browsers other than IE [Microsoft's own browser]." *Id.* at 60. As the D.C. Circuit explained, this conduct was anticompetitive because it eliminated "one of the two primary channels for distribution of browsers" and thus "protect[ed] Microsoft's monopoly from the competition that middleware [like browsers] might otherwise present." *Id.* at 61. The court reached similar conclusions for other contractual provisions with similar effect. *See, e.g.*, *id.* at 62 (holding that provisions preventing OEMs from promoting rival browsers in computers' initial boot sequence and through "various alterations to the desktop" were anticompetitive). The court condemned these agreements even though they were not exclusive contracts and did not

explicitly prevent OEMs from preinstalling or promoting rival browsers. What controlled—as in any monopolization case—was the *effect* these agreements had on the competitive process and ultimately in reinforcing Microsoft's monopoly. *See, e.g.*, *id.* at 64 ("[T]he OEM license restrictions at issue represent uses of Microsoft's market power to protect its monopoly[.]").

In addition, Microsoft required IAPs to offer Microsoft's own browser "as the default browser or as the only browser." *Id.* at 71. Similar to the OEM agreements, the D.C. Circuit held that the IAP agreements were anticompetitive because they foreclosed "a substantial percentage of the available opportunities for browser distribution," which "help[ed] keep usage of Navigator [a browser rival] below the critical level necessary for Navigator or any other rival to pose a real threat to Microsoft's monopoly." *Id.* at 71. In doing so, the court emphasized that when the defendant is a proven monopolist, exclusive contracts can violate Section 2 of the Sherman Act "even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a [violation of Section 1 of the Sherman Act]." *Id.* at 70; *see also McWane, Inc. v. FTC*, 783 F.3d 814, 834 (11th Cir. 2015) (focusing on the "practical effect" of agreements at issue rather than "formalistic distinctions").

### C. Anticompetitive Effects Are Analyzed Contextually, Not Through The Formalistic Granularity Proposed By Google

In assessing the anticompetitive effect of Microsoft's conduct, the D.C. Circuit did not analyze each of Microsoft's acts in isolation; instead, it examined them in light of each other. For example, in analyzing Microsoft's agreements with independent software vendors (ISVs), the court recognized these agreements covered "a relatively small channel for browser distribution." *Microsoft*, 253 F.3d at 72. And yet, they were still anticompetitive because "Microsoft had largely foreclosed the two primary channels [the OEM and IAP channels] to its rivals," meaning the anticompetitive effect of the ISV agreements took on "greater significance."

*Id.*

The D.C. Circuit analyzed Microsoft's acts in light of market realities, including the role that scale played in reinforcing its operating systems monopoly. These market realities amplified the effect that Microsoft's conduct had on distorting the competitive process. *See, e.g.*, *id.* at 60 (recognizing that browsers benefit from scale and thus they "must have a critical mass of users" in order to succeed); *id.* at 71 (Microsoft's conduct preserved its operating system monopoly by keeping rival browsers "below the critical level necessary" to "pose a real threat").

## ARGUMENT

### I. Google Has Engaged In Anticompetitive Conduct In Violation Of Section 2

Google argues that it is entitled to summary judgment solely because its conduct is not anticompetitive, i.e., the first step of *Microsoft*'s burden-shifting framework, and therefore cannot violate Section 2.[8] Def. Br. at 1. But whether Google's conduct is anticompetitive involves "fact-bound questions that generally cannot be resolved on summary judgment." *Microsoft*, 1998 WL 614485 at *22, 23 ("These are quintessential fact questions and genuinely disputed.").

Here, case documents and deposition testimony create clear issues of material fact as to this important issue. Indeed, as explained below, the record evidence shows that Google's distribution agreements with Apple, Android OEMs, wireless carriers, and third-party web browsers ensure Google is the only preset default for key search access points. That walls off Google's rivals from almost 50% of U.S. search traffic and roughly 70% of U.S. mobile search

[8] Any argument about alleged procompetitive benefits is thus not relevant and, in any event, no basis for summary judgment. *See Microsoft*, 1998 WL 614485 at *22 ("balancing of potentially legitimate business justifications against what plaintiffs contend are exclusionary effects are fact-bound questions that generally cannot be resolved on summary judgment").

disputes as to material facts regarding the anticompetitive effects of its distribution agreements. Indeed, the record shows that, as a result of Google's conduct, consumers are left with less choice, less innovation, and lower-quality search offerings than what they would see in a more competitive market. COMF ¶¶ 485–487. For instance, Google has cited the absence of competition as a reason to forgo offering improved privacy protections. *Id.* ¶ 488. On the advertising side, the absence of competition allows Google to raise the prices and reduce the quality of its search ads products. *Id.* ¶ 489. The Court should deny Google's motion.

## II. Even Under Its Own Erroneous Legal Standard, Google's Conduct Violates Section 2

Application of *Microsoft* and related case law support Plaintiffs; the existence of material, factual disputes to be resolved at trial precludes summary judgment, much less in favor of Google. Given these circumstances, the Court may deny Google's motion without applying its incorrect and overly rigid exclusive dealing framework. But even if the Court indulges Google's incorrect framing of the legal standard, it should conclude that Google's agreements are exclusive contracts that unlawfully maintain Google's monopolies in general search, search ads, and general search text ads.

### A. Google's Motion Asks The Court To Apply The Wrong Legal Standard

Google's motion almost entirely ignores *Microsoft*. Instead, Google moves for summary judgment on the theory that Plaintiffs must establish a Section 2 violation "under an 'exclusive dealing' framework." Def. Br. at 3; *see also id.* at 26 ("Google's agreements with . . . Apple . . . are ***not*** 'exclusive' or '*de facto* exclusive'"), *id.* at 39 ("Plaintiffs' contentions regarding the Android agreements rely in large part on the . . . doctrine of 'exclusive' (or '*de facto* exclusive') dealing"), *id.* at 28 ("challenge to Google's agreements with independent browser developers is predicated on [Plaintiffs'] assertion that those agreements make Google the '*de facto* exclusive

general search engine'"). Google's narrow focus on exclusive dealing and the label that the Court should give its contracts—rather than their effect on competition—ignores disputed facts.

In *Microsoft*, the D.C. Circuit analyzed the anticompetitive effects of both non-exclusive and exclusive contracts. In addressing the exclusive contracts under Section 2, *Microsoft* acknowledged that exclusive dealing requires showing the challenged agreements create "a significant degree of foreclosure[.]" *Microsoft*, 253 F.3d at 69. But the D.C. Circuit also recognized that a monopolist's use of exclusive contracts raises heightened concerns.[19] *Id.* at 70. Thus, although the court acknowledged that the degree of foreclosure is relevant, it declined to adopt a rigid test for assessing whether a monopolist's use of exclusive contracts is anticompetitive. *Id.* at 70 (exclusive contracts may violate Section 2 "even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation"); *see also United States v. Dentsply Intern., Inc.*, 399 F.3d 181, 191 (3d Cir. 2005) ("The test is not total foreclosure, but whether the challenged practices bar a substantial number of rivals or severely restrict the market's ambit."). In analyzing Microsoft's exclusive contracts with ISVs, the D.C. Circuit recognized that these agreements foreclosed "a relatively small channel for browser distribution[]" on their own but still "had a substantial effect" because Microsoft had already foreclosed the other key distribution channels available to rival browsers. *Id.* at 72; *see* Section I.C.1.

By ignoring *Microsoft*'s holding that Microsoft's non-exclusive agreements with OEMs were anticompetitive and that Microsoft's exclusive contracts with ISVs were anticompetitive

---

[19] The Third Circuit similarly recognized that, "[e]xclusive dealing arrangements are of special concern when imposed by a monopolist." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 271 (3d Cir. 2012); *LePage's*, 324 F.3d at 151–52 ("[A] monopolist is not free to take certain actions that a company in a competitive (or even oligopolistic) market may take, because there is no market constraint on a monopolist's behavior.").

even though they individually foreclosed "a relatively small channel for browser distribution," *id.* at 61–62, 72, Google invites the Court to adopt the wrong legal standard. The Court should reject that invitation. As noted above, *Microsoft* dictates that the Court should focus on the anticompetitive effect of Google's conduct overall, not the rigid, formalistic framework Google proposes.

On the last page of its brief, Google also suggests that Plaintiffs' claims fail under a "refusal to deal" framework. Def. Br. at 50 (citing *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 415 (2004) ("*Trinko*").[20] Again, Google's reliance on labels and formalism ignores the case-by-case assessments that drive the proper analysis under Section 2. *See Trinko*, 540 U.S. at 411 (analysis depends on "the particular structure and circumstances of the industry at issue"). In any event, *Trinko* did not involve a monopolist's decision to voluntarily deal with its rivals. *See* 540 U.S. at 409 (because Verizon never "voluntarily engaged in a course of dealing with its rivals" the court declined to force it to do so). Here, Google has voluntarily entered into the challenged distribution agreements, along with the conduct challenged by the Colorado Plaintiffs. *Trinko*'s framework for analyzing duty to deal claims is therefore inapposite. The question for the Court, as in *Microsoft*, is whether Google's conduct has anticompetitive effects. *See* 253 F.3d at 61 (analyzing whether the Microsoft license agreements were anticompetitive). As explained above, there are numerous genuine disputes of material fact as to that question.

---

[20] Although, "as a general matter, the Sherman Act 'does not restrict the long recognized right of [a] trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal,' . . . [u]nder certain circumstances, a refusal to cooperate with rivals can constitute anticompetitive conduct and violate § 2." *Trinko*, 540 U.S. at 408 (internal citations omitted).

### B. Factual Disputes Remain Even Under Google's Incorrect Legal Standard

Even if the Court applies Google's exclusive dealing framework, genuine disputes of material fact remain on the two issues Google raises: (1) whether Google's distribution agreements are exclusive; and (2) whether they substantially foreclose rivals. These questions are not apt for resolution by a motion for summary judgment.

#### 1. Google's Distribution Agreements Are Exclusive Contracts

"An exclusive dealing arrangement is an agreement in which a buyer agrees to purchase certain goods or services only from a particular seller for a certain period of time." *ZF Meritor*, 696 F.3d at 270. Express exclusivity, however, is not required for an agreement to count as exclusive because courts "look past the terms of the contract to ascertain the relationship between the parties and the effect of the agreement 'in the real world.'" *Id.* at 270; *Microsoft*, 253 F.3d at 75 (noting a contract need not be "literally exclusive" to run afoul of Section 2); *ZF Meritor*, 696 F.3d at 270 ("Therefore, just as total foreclosure is not required for an exclusive dealing arrangement to be unlawful, nor is complete exclusivity required with each customer." (internal citation and quotation marks omitted)); *Am. Pres. Lines, LLC v. Matson, Inc.*, No. 21-cv-02040 CRC, 2022 WL 4598538, at *10 (D.D.C. Sept. 30, 2022) ("[The defendant] does not cite—and the Court has not independently identified—any federal precedent requiring 100% exclusivity. Accordingly, the Court finds that the absence of a total exclusivity requirement does not shield [the defendant's] loyalty program from potential liability."). Thus, a contract may be considered "exclusive" whether it is either actually exclusive or "de facto" exclusive. *FTC v. Surescripts, LLC*, 424 F. Supp. 3d 92, 101 (D.D.C. 2020) (holding that the plaintiff alleged a valid claim for "de facto exclusive dealing" (emphasis in original)); *see also S.E. Missouri Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 612 (8th Cir. 2011) (defendant's discounts exclusive even when no one was required to purchase from the defendant or refrain from purchasing from a rival).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF ARKANSAS, STATE OF CALIFORNIA, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF INDIANA, COMMONWEALTH OF KENTUCKY, STATE OF LOUISIANA, STATE OF MICHIGAN, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF MONTANA, STATE OF SOUTH CAROLINA, STATE OF TEXAS, AND STATE OF WISCONSIN,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |

**PLAINTIFFS' PRE-TRIAL BRIEF**

August 28, 2023

## INTRODUCTION

Each day, people use their phones, computers, and tablets to search the internet. Where is the nearest coffee shop? When is Beyoncé's newest album coming out? How do I play pickleball? In the United States, nearly 90 percent of these searches rely on Google. Google also has durable monopolies in related markets for general search text ads and search ads with market shares of 88 and 74 percent, respectively. Google pays billions of dollars each year to maintain these monopolies by ensuring that it is the default search engine for iPhones, Android phones, and most third-party browsers, such as Mozilla's Firefox.

Google's use of contracts to maintain default status denies rival search engines access to critical distribution channels and, by extension, the data necessary to improve their products. With each search query routed to Google, its search engine improves, providing the next user with more accurate results. This in turn attracts more users, who generate more data and who help attract more advertising revenue. Thus, although Google benefits from this feedback loop, its rivals face an insurmountable—and still growing—difference in scale. Ultimately, because Google's exclusionary contracts deprive rivals of the opportunity to provide more accurate results, only Google has the full opportunity to improve. As the Court recognized and Google's counsel conceded, being the default is like having a 200-meter head start in a 400-meter race. *See* Apr. 13, 2023 Hrg. Tr. 111:6–16, 112:2–7. Fueled by defaults, today Google has 16 times more fresh search data than Bing, its nearest competitor.

Google's anticompetitive conduct harms consumers—even those who prefer its search engine—because Google has not innovated as it would have with competitive pressure. Even more, Google's restrictive agreements undermine the ability of its competitors and potential entrants to offer consumers more attractive general search services. One example is that

Google's [redacted] with [redacted] prevents [redacted] from pre-setting a different, more private search engine (e.g., [redacted]) as its default [redacted]. This restriction reduces Google's and rivals' incentives to compete on privacy and leads consumers to enjoy less innovation in this area.

Google's anticompetitive conduct harms advertisers as well, by allowing the company to raise prices and reduce ad quality. *First*, Google designed its ad auction algorithms to include adjustable variables (internally known as "pricing knobs"); Google, then, "tunes" the variables to increase advertiser prices. *Second*, Google has lessened the quality of the advertisements it sells by taking away advertisers' control over when and where their ads appear. Google has also reduced advertisers' visibility into where and why Google displays ads, impeding advertisers' ability to optimize advertising and lower costs. The monopoly profits Google extracts from advertisers ultimately help pay for Google's default distribution agreements, which fuel Google's scale advantage and further reduces rivals' ability to compete.

Consistent with the Court's order, Plaintiffs preview the trial evidence regarding market definition, monopoly power, conduct and effects in the advertising markets, and the insufficiency of Google's likely procompetitive justifications.[1]

## I. LEGAL FRAMEWORK

Under the D.C. Circuit's decision in *United States v. Microsoft*, Plaintiffs may establish a violation of Section 2 of the Sherman Act by demonstrating "the possession of monopoly power

[1] In its August 3, 2023 minute order, the Court indicated that the parties should limit pre-trial briefs "to disputed issues not raised in the summary judgment motions (e.g., market definition, market share, procompetitive justifications)." *See* August 3, 2023 Summary Judgment Order (ECF No. 624) ("SJ Order") at 4 ("At this stage, Google is not contesting the markets as Plaintiffs have defined them. Nor does it dispute that it possesses monopoly power in those markets."); *see generally* ECF Nos. 422, 476, and 522 (Google and Plaintiffs did not brief anticompetitive effects in the ad markets).

in the relevant market" and "the willful . . . maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." 253 F.3d 34, 50 (D.C. Cir. 2001) (*en banc*). In a monopoly maintenance case such as this one, the operative question is ***not*** whether the defendant has acquired its monopoly through anticompetitive means, but whether, once acquired, the defendant used anticompetitive means to maintain its monopoly. *See United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 196 (3d Cir. 2005) ("While we may assume that Dentsply won its preeminent position by fair competition, that fact does not permit maintenance of its monopoly by unfair practices."); *see also* 2A Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 618(3) (4th ed. 2017) ("[T]he monopoly may have been created by skill but later maintained by exclusionary practices; in that case, §2 clearly applies to the maintenance of monopoly power.").

As the Court acknowledged in its summary judgment order (*see* SJ Order at 30), "exclusive contracts that foreclose a substantial part of [a] relevant market[]" may constitute unlawful monopoly maintenance.[2] *Microsoft* declined to adopt a rigid test for assessing foreclosure. 253 F.3d at 70 (exclusive contracts may violate Section 2 "even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation" (citation omitted)); *see also* ECF No. 476 at 16–18 (citing cases). Consistent with *Microsoft*, courts routinely measure foreclosure by estimating the volume of distribution closed

[2] This Court need not analyze the challenged exclusionary conduct "under any solitary framework." *Chase Mfg., Inc. v. Johns Manville Corp.*, 2023 WL 5341501, at *25 (10th Cir. Aug. 21, 2023). The Court should "look[] to the reality of the [relevant] market and the practical effect of [the defendant's] conduct." *Id.* at *26. In undertaking this analysis, exclusive-dealing precedent may be instructive, but it is not the sole path to Section 2 liability. *See id.* at 26–32. This is consistent with the *Microsoft* Court's analysis of OEM agreements, which shows how exclusionary contracts can violate Section 2 even when not analyzed as exclusive deals. *See* ECF No. 476 at 16–18 (citing cases).

off to rivals (i.e., coverage), not the volume of sales these rivals would have won in some but-for world. *See Microsoft*, 253 F.3d at 69 (foreclosure concerns exclusive contracts' limitations on "the *opportunities* for other traders to enter into or remain in that market" (emphasis added) (quoting *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 328 (1961)).[3] Indeed, *Microsoft* expressly rejects the requirement of a but-for world that a lost-sales analysis would require. 253 F.3d at 79 ("To require that § 2 liability turn on a plaintiff's ability or inability to reconstruct the hypothetical marketplace absent a defendant's anticompetitive conduct would only encourage monopolists to take more and earlier anticompetitive action.").

Finally, evidence of intent can "bear[] on the 'likely effect of the monopolist's conduct.'" SJ Order at 22. Plaintiffs will introduce evidence at trial of Google's intent to maintain its monopoly, including Google's deliberate destruction and concealing of evidence that could demonstrate its liability. *See, e.g.*, ECF Nos. 495-1, 571. Accordingly, Google's documents and testimony should be considered with this intent in mind.

## II. ARGUMENT

### A. Plaintiffs Have Properly Defined The Relevant Markets

General search services, general search text ads, and search ads each constitute a relevant product market. "'Because the ability of consumers to turn to other suppliers restrains a firm from raising prices above the competitive level,' . . . the relevant market must include all products 'reasonably interchangeable by consumers for the same purposes.'" *Microsoft*, 253 F.3d

---

[3] *See also FTC v. Surescripts*, 424 F. Supp. 3d 92, 102 (D.D.C. 2020) ("Exclusivity provisions covering about 40–50% of the relevant market have been found to foreclose competition illegally, and Surescript's loyalty program allegedly places 70–80% of [two] markets into effectively exclusivity contracts." (citations omitted)); *LePage's Inc. v. 3M*, 324 F.3d 141, 159 (3d Cir. 2003) (endorsing *Microsoft*'s focus on the foreclosure "of the available *opportunities* for browser distribution" (emphasis added) (quoting *Microsoft*, 253 F.3d at 70–71)); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 286 (3d Cir. 2012) (finding 85 percent foreclosure because only 15 percent of the market was not covered by the disputed contracts).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GOOGLE LLC,**<br><br>**Defendant.** | ) | **Case No. 20-cv-3010 (APM)** |
| **STATE OF COLORADO, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GOOGLE LLC,**<br><br>**Defendant.** | ) | **Case No. 20-cv-3715 (APM)** |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Google LLC operates the largest Internet general search engine in the United States. Its brand name has become so ubiquitous that dictionaries recognize it as a verb.[1]

A Google search can be performed in a variety of ways—through (1) web browsers, like Apple's Safari, Microsoft's Edge, Mozilla's Firefox, and Google's Chrome; (2) search widgets

[1] *See, e.g.*, *Google*, DICTIONARY.COM, https://www.dictionary.com/browse/google (last visited July 31, 2023) ("to search the internet for information about (a person, topic, etc.)"); *Google*, OXFORD ENGLISH DICTIONARY, https://www.oed.com/dictionary/google_v2?tab=meaning_and_use#10568538 (last visited July 31, 2023) ("To use the Google search engine to find information on the internet."); *Google*, MERRIAM-WEBSTER'S DICTIONARY, https://www.merriam-webster.com/dictionary/google (last visited July 31, 2023) ("to use the Google search engine to obtain information about (someone or something) on the World Wide Web.").

that appear on the face of Android devices; (3) the Google Search application, available through various app stores; and (4) Google's webpage. Users can search using Google on a host of devices, including personal computers, mobile phones, tablets, and Internet-of-Things ("IoT") devices such as smart speakers, home appliances, and cars.

There are other search engines, of course: Microsoft's Bing, Yahoo!, and DuckDuckGo, to name a few. But their market penetration pales in comparison to Google's. In 2020, Google's share of the U.S. general search services market was nearly 90%, and even higher on mobile devices. The market share of Google's closest competitor, Bing, was roughly 6%.

Google, like most search engines, generates revenue from digital advertising. Digital advertising is incredibly lucrative. Advertisers spend over $80 billion annually just to reach general search users (and billions more on other forms of digital advertising). Not surprisingly, because of its large market share in general search services, Google also holds a superior market position in various search-related advertising markets.

A dominant firm like Google does not violate the law, however, merely because it occupies a monopoly market position. It must act in a manner that produces anticompetitive effects in the defined markets. That is, a company with monopoly power acts unlawfully only when its conduct stifles competition.

In these consolidated cases, the United States and the Attorneys General of 38 states have accused Google of doing just that. They contend that Google has violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by unlawfully maintaining monopolies through exclusionary practices in four relevant markets. The United States and Attorneys General jointly allege anticompetitive conduct in the markets for (1) general search services and (2) general search text advertising. The United

States identifies another relevant market for (3) search advertising, and the Attorneys General assert one more, (4) general search advertising.[2]

Both sets of plaintiffs allege that Google has unlawfully maintained its monopoly power through a set of exclusive contracts. These agreements make Google the default search engine on a range of products in exchange for a share of the advertising revenue generated by searches run on Google. Google has such agreements with (1) web browser developers, most notably Apple and Mozilla, and (2) original equipment manufacturers (like Samsung) and wireless carriers (like Verizon) who sell Android devices. So, for example, when a purchaser buys a new iPad, Google will be the out-of-the-box default search engine on Apple's Safari web browser. Similarly, if a user prefers Android devices, the search widget that appears on the home screen typically is preloaded with Google's search engine. Occupying the default search engine position on these products, Plaintiffs contend, is exclusionary conduct that unlawfully prevents Google's rivals from effectively competing in the relevant markets.

The Attorneys General also charge Google with two other forms of anticompetitive conduct, which they contend reinforce Google's monopolies. First, the Attorneys General claim that Google's conduct has weakened Specialized Vertical Providers ("SVPs"), which are companies focused on niche markets—like Expedia or Tripadvisor for travel, OpenTable for restaurant reservations, and Amazon or eBay for shopping. Google has harmed SVPs, the Attorneys General allege, by (1) limiting the visibility of SVPs on Google's Search Engine Results Page, and (2) demanding that SVPs make their data available to Google on terms no less favorable than it does to others. The weakening of SVPs, the Attorneys General say, harms competition in the general search and general search-related advertising markets.

---

[2] The relevant markets are discussed in Section III.A.

Second, the Attorneys General claim that Google uses its proprietary search engine marketing tool—SA360—to thwart competition. Buyers use SA360 to purchase digital advertisements across multiple platforms, including on Google (through Google Ads) and its closest rival Bing (through Microsoft Ads). The Attorneys General accuse Google of harming competition by delaying the implementation of various SA360 product features for Microsoft Ads that have long been available for Google Ads, thus harming Microsoft's ability to compete.

Before the court are Google's motions for summary judgment as to all claims in both cases. At this stage, Google is not contesting the markets as Plaintiffs have defined them. Nor does it dispute that it possesses monopoly power in those markets. What Google challenges is the accusation that its alleged conduct has harmed competition in the relevant markets.

After having considered the parties' briefing and the extensive record, and for the reasons explained below, the court grants Google's motions in part and denies them in part. With respect to the complaint filed by the United States, and joined by the Attorneys General, the court denies summary judgment as to the claim that Google's alleged exclusive dealing arrangements violate Section 2 of the Sherman Act. There remain genuine disputes of material fact that warrant a trial. Google's motion is granted, however, insofar as the United States' claims rest on (1) Google's Android Compatibility Commitments and Anti-Fragmentation Agreements; (2) Google's agreements relating to Google Assistant and IoT devices; and (3) Google's management of its Android Open Source Project. Plaintiffs have not offered any opposition as to those three parts of their claims.

As for the Attorneys General's additional claims, the court grants judgment in favor of Google insofar as those claims rely on Google's alleged weakening of SVPs. With respect to those allegations, Plaintiffs have not demonstrated the requisite anticompetitive effect in the relevant

markets to make out a Section 2 *prima facie* case. However, there remains a genuine dispute of material fact with regard to the anticompetitive effect of Google's disparate development of SA360's ad-buying features. Summary judgment is therefore denied as to that part of the Attorneys General's claims.

## II. PROCEDURAL HISTORY

On October 20, 2020, the United States Department of Justice ("DOJ") and the Attorneys General of eleven states[3] (collectively, "DOJ Plaintiffs") filed a complaint ("DOJ Action") against Google asserting violations of Section 2 of the Sherman Act. DOJ Compl., ECF No. 1. The DOJ Plaintiffs accused Google of unlawful monopoly maintenance "in the markets for general search services, search advertising, and general search text advertising in the United States through anticompetitive and exclusionary practices." *Id.* at 2. Its Complaint contained three Section 2 claims, each corresponding to one of the alleged markets. *Id.* ¶¶ 173–193.

Two months later, the Attorneys General of 38 states and territories,[4] led by the State of Colorado ("Colorado Plaintiffs"), filed a separate complaint ("Colorado Action") against Google alleging unlawful monopoly maintenance in the markets for "general search services, general search text advertising, and general search advertising in the United States." Compl., *Colorado v. Google*, No. 20-cv-3715 (APM) (D.D.C.) [hereinafter *Colorado* Docket], ECF No. 3 [hereinafter Colorado Compl.], ¶ 1. The Colorado Action incorporated "[t]he search advertising market defined in the DOJ Complaint" and the claims made by the DOJ Plaintiffs, *id.* at 22 n.3, and "allege[d] additional facts demonstrating a broader pattern of Google's anticompetitive conduct,"

[3] The 11 states that initially joined DOJ are Arkansas, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, Missouri, Montana, South Carolina, and Texas. *See* DOJ Compl. at 1–2.

[4] The 38 states and territories in the Colorado Action are Colorado, Nebraska, Arizona, Iowa, New York, North Carolina, Tennessee, Utah, Alaska, Connecticut, Delaware, the District of Columbia, Guam, Hawaii, Idaho, Illinois, Kansas, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Hampshire, New Jersey, New Mexico, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Dakota, Vermont, Virginia, Washington, West Virginia, and Wyoming. Colorado Compl. at 4–5.

*id.* ¶ 58. The Colorado Plaintiffs also asserted three Section 2 claims, each corresponding to one of the alleged markets. *Id.* ¶¶ 212–232.

On January 7, 2021, the court consolidated the two cases under Federal Rule of Civil Procedure 42(a) "for pretrial purposes, including discovery and related proceedings." Order Granting in Part and Denying in Part Pls.' Mot. to Consolidate, *Colorado* Docket, ECF No. 67, at 1; *see* FED. R. CIV. P. 42(a)(1). On January 15, 2021, the DOJ Plaintiffs filed an Amended Complaint, adding California, Michigan, and Wisconsin as plaintiffs. DOJ Am. Compl., ECF No. 94, at 2.

After a rigorous period of discovery, Google moved for summary judgment as to all claims in both cases. Def.'s Mot. Summ. J., ECF No. 421 (DOJ Action); Def.'s Mot. for Summ. J., ECF No. 426 (Colorado Action).

## III. BACKGROUND

The following recitation of background facts is largely undisputed by the parties.

### A. Relevant Markets

*General Search Services*. The general search services market consists of "general search engines, which are 'one-stop shops' consumers can use to search the internet for answers to a wide range of queries." Pls.' Mem. in Opp'n to Def.'s Mot., ECF No. 476 [hereinafter DOJ Opp'n], Pls.' Ctstmt. of Mat. Facts, ECF No. 476-2 [hereinafter DOJ CSMF], ¶ 400. Google and Bing are the two leading general search engines in the United States. Smaller players in the market include Yahoo!, DuckDuckGo, Brave, Ecosia, and Neeva. *Id.* ¶ 405.

*General Search Text Advertising.* The general search text advertising market is a subset of the general search advertising market described below. It consists of a specific type of advertisement sold by general search engines that are "typically placed just above or below the

organic search results on a Search Engine Results Page ("SERP"), and resemble the organic results that appear on a general search engine's SERP, with a subtle notation that they are 'ads' or 'sponsored.'" DOJ Am. Compl. ¶ 101. Figure 1 is an example of a general search text ad.




**Figure 1**

*General Search Advertising*. The general search advertising market includes all advertisements sold "by a general search engine in connection with a general search query." Colorado Compl. ¶ 82. Only the Colorado Plaintiffs allege unlawful monopoly maintenance in this market. *Id.* ¶ 59.

The general search advertising market encompasses not only search text ads, but other types of ads that appear on Google's SERP, such as "vertically-focused search ads" and "universals." Pl. States' Mem. in Opp'n to Def.'s Mot., ECF No. 465, Pl. States' Stmt. of Mat. Facts as to Which There is No Genuine Issue, ECF No. 465-1 [hereinafter Colorado SMF], ¶¶ 23–26. Vertically focused search ads include product listings, local search ads, and hotel ads. *Id.* ¶ 25. Google also has universals for hotels, flights, shopping, and vacation rentals, to name a few. *Id.* ¶ 26. Figure 2 illustrates the different types of general search ads.




**Figure 2**

"Google has also developed its own specialized vertical sites that are separate but reachable from the SERP, such as immersive and business listing . . . pages." *Id.* ¶ 27. An immersive page can be reached by clicking on the search universal. *Id.* ¶ 29. An example of a Google immersive page for a hotel search in New York City is included below as Figure 3.




**Figure 3**

*Search Advertising*. "The search advertising market consists of all types of ads generated in response to online search queries, including general search text ads (offered by general search engines such as Google and Bing) and other, specialized search ads (offered by general search engines and specialized search providers such as Amazon, Expedia, or Yelp)." DOJ Am. Compl.

¶ 97; *see also* DOJ CSMF ¶ 413 ("There is a search ads market that consists of advertising that is displayed on the SERP that general or specialized search engines return in response to consumer real-time queries."). Only the DOJ Plaintiffs allege that Google unlawfully monopolizes the search advertising market. DOJ Am. Compl. ¶ 108; Colorado Compl. ¶¶ 59–89.

**B. Distribution Agreements**

Both the DOJ Plaintiffs and Colorado Plaintiffs contend that "Google has unlawfully maintained its monopolies by implementing and enforcing a series of exclusionary agreements with distributors over at least the last decade." DOJ Am. Compl. ¶ 112; Colorado Compl. ¶ 58. Plaintiffs[5] take issue with two types of contracts: Browser Agreements and Android Agreements. The court provides a brief summary of these agreements before discussing them in detail.

Browser Agreements are between Google and web browser developers, primarily Apple and Mozilla. Under these arrangements, the developers have agreed to make Google the default search engine for all search access points on their browsers in exchange for a share of the search advertising revenue generated by Google. The Browser Agreements do not, however, prohibit a user from changing the default to a different search engine. So, a user who types a query into Safari's integrated search bar will search the Internet using Google, unless the user changes the default setting. The same is true on Firefox.

Android Agreements are between Google and original equipment manufacturers ("OEMs") of Android devices, like Samsung, or phone carriers that sell Android devices, like Verizon. These contracts—there are two—(1) require OEMs that choose to pre-install any of Google's proprietary apps to pre-install 11 Google apps (including Google Search and Chrome)

[5] References to "Plaintiffs" when discussing the Distribution Agreements in Section III.B. and V.A. refer to both the DOJ Plaintiffs and the Colorado Plaintiffs. References to "Plaintiffs" when discussing allegations in the Colorado Action in Section III.C. and V.B refer to the Colorado Plaintiffs only.

and place the Google search widget on the device's home screen; and (2) as part of a separate revenue share agreement, prohibit OEMs and carriers from preinstalling or otherwise promoting an alternative general search engine. As a result of these agreements, an Android device user that enters a search query on a new device will default to Google, unless the user first changes that setting.

*1. Browser Agreements*

Web browsers, like Apple's Safari and Mozilla's Firefox, have built-in search access points that automatically route user queries to a default search engine. In Plaintiffs' view, "[b]eing the preset default search engine for a search access point on a preinstalled and prominently placed app is the most efficient and effective way for a search engine to reach users." DOJ CSMF ¶ 445.

*Apple*. In 2005, Google and Apple entered into an agreement where, in exchange for Apple setting Google Search as the default search engine on all Safari search access points, Google paid Apple $15 million and a share of the revenue Google generated from search traffic originating from the Safari search box. Def.'s Stmt. of Mat. Facts as to Which There is No Genuine Issue in Supp. of Mot., ECF No. 423 [hereinafter Google DOJ SMF], ¶ 14; *see* Google 429 Exs.,[6] ECF No. 429, Ex. 7, ECF No. 429-7 [hereinafter Apple Agreement]. Importantly, Safari is the only web browser that is pre-installed on Apple devices. *See* Google 429 Exs., Ex. 2, ECF No. 429-2, at 126:3–17. Thus, under the Browser Agreement with Apple, "Google will automatically be used for the web search [on all Apple devices through Safari] unless the user selects another search provider." Apple Agreement at 4.[7] Since 2005, "the revenue share percentage and related financial terms have changed several times." Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. for

---

[6] Citations to "Google 429 Exs." refer to Google's exhibits filed under ECF No. 429. Similarly, citations to "Colorado 470 Exs." refers to Colorado Plaintiffs' exhibits filed under ECF No. 470. This citing convention will be used for exhibits throughout the Memorandum Opinion.
[7] ECF pagination is used for all exhibits.

Summ. J., ECF No. 422 [hereinafter Google DOJ Mot.], at 9. "With the exception of the one-time payment in 2005, all of the payments Google has made to Apple pursuant to these agreements have taken the form of a share of net advertising revenue." *Id.*

*Mozilla*. The year before it entered into a browser agreement with Apple, Google reached a similar agreement with Mozilla. Under that contract, Mozilla agreed to preset Google as the default search engine for all search access points on its Firefox browser in exchange for a share of search advertising revenue "that resulted from queries sent to Google from Firefox's integrated search box or default home page." Google DOJ Mot. at 14; Google DOJ SMF ¶ 109; Google 430 Exs., ECF No. 430, Ex. 32, ECF No. 430-7. In 2014, Mozilla decided to change the default search engine on its Firefox web browser in the United States from Google Search to Yahoo!. *See* Google 430 Exs., Ex. 31, ECF No. 430-6, at 69:12–19. Two years later it switched back to Google. *Id.*, Ex. 39, ECF No. 430-14. As with Google's agreements with Apple, the contract with Mozilla did "not limit or preclude" users from changing the default search engine. *Id.* at 3.

*Smaller Web Browser Developers.* Google also has agreements with two smaller browser developers, Opera and UCWeb, which "provide revenue-share payments in exchange for being the default search engine upon first use, without preventing the promotion of rival search services or user's ability . . . to change the default." Google DOJ Mot. at 18–19.

### 2. *Android Agreements: MADAs and RSAs*

The Android Operating System ("Android OS") is a mobile phone operating system that Google acquired in 2005. DOJ CSMF ¶ 570. It is now the "second most widely used mobile phone operating system in the U.S." behind Apple's iOS. Google DOJ SMF ¶ 198. Unlike iOS, which can only be used on Apple devices, Android OS is open source, meaning that numerous OEMs can use Android OS on their smartphones and other devices. *Id.* ¶ 199. In the United

States, "consumers purchase Android devices directly from OEMs (such as Samsung or Motorola) as well as from carriers (such as Verizon or AT&T)." *Id.* ¶ 223.

The DOJ and Colorado Plaintiffs take issue with two types of agreements between Google and OEMs/carriers—Mobile Application Distribution Agreements ("MADAs") and Revenue Share Agreements ("RSAs").

*MADAs.* Google has entered into MADAs with OEMs, whereby Google provides the OEMs a non-exclusive, royalty-free license to 11 proprietary Google applications. *Id.* ¶¶ 212–13.[8] If an OEM chooses to download any of the proprietary apps, absent an exemption, the OEM must "(i) preload on that device [the 11] applications licensed pursuant to the MADA and (ii) place on the device's default home screen the Google Search widget, the Google Play application, and a folder containing the other MADA applications." *Id.* ¶ 217. Among the 11 applications are the Google Search App and Chrome browser. DOJ CSMF ¶ 584. The MADA prohibits OEMs from "encouraging, teaching, or helping end users to change an Android device's out-of-the-box default settings if Google apps are preinstalled on the device." *Id.* ¶ 585. MADAs do not, however, "restrict an OEM from preloading a search application, widget, or browser provided by a search engine other than Google on any of its devices, including devices on which it chooses to install the MADA applications." DOJ Opp'n, Pls.' Stmt. of Genuine Issues, ECF No. 476-1, [hereinafter DOJ SGI], ¶ 219.

*RSAs.* Under its RSAs with "carriers and OEMs, Google makes monthly payments to the counterparty in exchange for Google being (1) the exclusive general search engine preinstalled on Android devices covered by the RSA, as well as (2) the search default for all search access points

[8] The 11 applications are Google Search, Google Play Store, Google Chrome, YouTube, Google Maps, Gmail, Google Photos, YouTube Music, Google Duo, Google Drive, and Google Play Movies and TV. DOJ 480 Exs., ECF No. 480, Ex. 160, ECF No. 480-12, at 21.

on such devices." DOJ CSMF ¶ 602. That generally includes search access points on non-Chrome browsers. *Id.* ¶ 605. The RSA prohibits the carrier or OEM from preinstalling or otherwise including a search engine substantially similar to Google's. *Id.* ¶ 604. Some RSAs permit the party to earn Google revenue share on a device-by-device basis,[9] [redacted]. *Id.* ¶ 610. OEMs and carriers can choose among multiple tiers that provide varying levels of "promotion" of Google Search. DOJ SGI ¶ 227.[10] "Except for a small number of Android devices . . . the overwhelming majority of Android devices sold in the United States are subject to the search default rules established in Google's RSAs." DOJ CSMF ¶ 611.

**C. The Colorado Plaintiffs' Allegations: SVPs and SA360**

The Colorado Plaintiffs' claims against Google overlap with the DOJ Plaintiffs' claims with respect to the Browser and Android Agreements, but also involve two additional types of alleged exclusionary conduct. That conduct concerns Specialized Vertical Providers ("SVPs") and Google's development of SA360—Google's search engine marketing tool.

*1. Specialized Vertical Providers*

SVPs are websites or applications that provide search results in a limited number of commercial segments that serve a common group of customers. Colorado SMF ¶ 127. For example, Amazon and Etsy are SVPs that sell products to shoppers, and Expedia and Booking.com are SVPs that sell airline, hotel, and car rental reservations. *Id.* ¶ 128. The commercial segments for which SVPs provide search results are referred to as "verticals." *Id.* ¶ 127. So, Amazon and

[9] A device-by-device agreement means that Samsung, for example, can have different out-of-the-box configurations under its RSA for the Samsung Galaxy Note20 and Samsung Galaxy S10, if it so chooses.
[10] For example, [redacted] Google DOJ SMF ¶ 228.

Etsy are part of the "shopping vertical," while Expedia and Booking are part of both the "flight vertical" and "hotel vertical." SVPs differ from general search engines "because of their much narrower commercial focus and because many of them afford users the convenience of completing transactions on their websites, such as purchasing a pair of shoes (Amazon) or reserving a hotel room (Booking)." *Id.* ¶ 129.

*Limited Visibility in Google's SERP*. To understand the Colorado Plaintiffs' theory of how Google's monopoly power affects SVPs, it is critical to understand how Google designs its Search Engine Results Page ("SERP"). Google's SERP includes three types of search results that appear in response to a query: (1) organic web results, which are the blue "plain text hyperlinks to webpages for which Google does not receive any payment, ranked according to relevancy and quality"; (2) search text ads, which look like the organic web results but are actually "paid advertisements relevant to a query that has been entered"; and (3) specialized search results in various commercial segments ("universals" or "verticals"), including "'vertical' units for certain categories of information." Def.'s Stmt. of Mat. Facts as to Which There is No Genuine Issue in Supp. of Def.'s Mot., ECF No. 428 [hereinafter Google Colorado SMF], ¶¶ 3–5, 8.

The third category, specialized vertical units, refers to results organized around a particular search query. For example, when a user searches for "hotels in Washington, DC," in addition to organic web results and search text ads, Google "offers a hotels unit organized around hotel listings in a specified location in response to the query." *Id.* ¶ 6; *see* Figure 4. "Unlike text ads, vertically-focused search ads look less like algorithmic results and may include photos and information such as prices, customer ratings, and business hours." Colorado SMF ¶ 24. "Google has universals that can appear on its SERP for hotels, flights, shopping, and vacation rentals, among others." *Id.* ¶ 26. "Over time, Google has altered its SERP for commercial queries to increasingly display Google's

own search universals above the unpaid blue links," and the blue links often appear "below the fold" requiring users to scroll down to see them. *Id.* ¶¶ 33–34.




**Figure 4**

Plaintiffs take issue with Google's imposition of "visibility restrictions on SVPs" in certain commercial segments. Errata Pl. States Mem. in Opp'n to Def.'s Mot., ECF No. 491 [hereinafter Colorado Opp'n], at 18. For example, "SVPs cannot appear in results in the free listings in Google's hotel universal, flights universal, or in the local universal triggered by searches for nearby businesses" and "cannot purchase ads in their own name" or "appear prominently in the tile of local services ads on Google's SERP." *Id.*; *see* Figure 4. However, SVPs can and do appear in other universals, like vacation rentals. Colorado SMF ¶ 154; *see* Figure 5 (listing SVPs Vio.com, Evolve, and Sojourn).




**Figure 5**

*Data-acquisition Agreements.* The Colorado Plaintiffs' allegations concerning SVPs also center on how Google obtains data from them. Google collects information in two primary ways: (1) "by crawling and indexing websites throughout the internet," Colorado SMF ¶ 6, and (2) by acquiring "structured data" (such as flight availability on a given day or a restaurant's hours of operation) from third parties, information that "is not otherwise available through Google's internet crawling and indexing." *Id.* ¶¶ 7, 173.

Google acquires "structured data" from SVPs. "[A]s a condition of participating in its vertically-focused search advertising, Google requires certain SVPs to provide access to their data." *Id.* ¶ 175. "Google uses SVP data for its own purposes in its hotels, flights, and local universals, in local services ads, and in the hotel and flights immersive pages." *Id.* ¶ 180. SVPs who share data with Google are not restricted from providing that same data to Google's rivals. *Id.* ¶ 183. However, SVPs are required to give Google "data equivalent to any competitor." *Id.*

2. *SA360*

The Colorado Plaintiffs' claims also concern Google's development and use of its search engine marketing ("SEM") tool, SA360. Advertisers can purchase online advertisements in a variety of ways. The three most notable are: (1) directly from online content publishers, like *The New York Times*, (2) directly from online platforms like Google, Amazon, Facebook, and Microsoft through "native tools" or "interface tools," and (3) through an SEM tool. *See* Google Colorado SMF ¶ 243. Native advertising tools allow advertisers to place ads directly on a single general search engine or platform. Colorado SMF ¶ 75. For example, an advertiser could use Google's native tool—Google Ads—to place an ad on Google, and Microsoft's native tool—Microsoft Ads—to place an ad on Bing. *Id.* Alternatively, advertisers can use SEM tools, which "allow advertisers to plan and manage search advertising campaigns across multiple" general search engines. *Id.* ¶ 76.

"SEM tools are popular because they save advertisers time and effort by allowing them to use a single product to manage and compare ad campaigns across multiple native tools, evaluate the relative performance of ad campaigns across multiple platforms, and use powerful tools to assist with ad placement and bidding strategies." *Id.* ¶ 81. Google's SEM tool—SA360—is the most used SEM tool, accounting for 76% of general search ad revenue among ads placed through SEM tools. *Id.* ¶ 80. Rival SEM tools include Skai, Marin, and Adobe. Google Colorado SMF ¶ 253.[11] "When an advertiser places ads through an SEM tool, including SA360, the tool earns a commission on the dollar it manages." Colorado SMF ¶ 78.

---

[11] SA360 allows advertisers to place ads across multiple search engines, including Google, Bing, Yahoo! Japan, and Baidu. Google Colorado SMF ¶ 252. Some SEM tools like Skai, Marin, and Adobe "allow advertisers to buy ads on search engines, social media, and other sites, and, unlike SA360, integrate not just with search engines like Google and Bing, but also with sites like Amazon, Facebook, Twitter, and Pinterest." Google Colorado Mot. at 13; Google Colorado SMF ¶ 254.

*Feature Parity*. SEM tools offer various features that make ad buying campaigns more efficient, such as "language targeting" and "location search specific targeting." Google 436 Exs., ECF No. 436, Ex. 87, ECF No. 436-7 at 5 [hereinafter Google Ex. 87]. Historically, SA360 has supported more features on Google Ads than Microsoft Ads, meaning users of SA360 could buy ads more efficiently on Google Ads than Microsoft Ads. Colorado SMF ¶¶ 117, 125. The absence of "feature parity"—which "refers to parity between Google Ads features and Microsoft Ads features offered by SA360," Google Colorado SMF ¶ 268—is not unique amongst SEM tools. "SA360, Marin, Skai, and Adobe offer differing levels of support for Microsoft Ads and other ad platforms." *Id.* ¶ 250.

In November 2019, Microsoft identified 27 features that "SA360 supports for Google Ads, but not for Microsoft Ad[s]." Google Ex. 87 at 3. Microsoft explained that "[i]t is important for our clients that use [Google's SA360] platform to have the same level of access to Microsoft Advertising features that they have to Google Ads features." *Id.* at 2. To that end, Microsoft made two requests. First, for the 27 features that SA360 did not support on Microsoft Ads, Microsoft requested that Google "commit[] to work down the disparity." *Id.* Second, in the future, "for new [SA360] features that are aligned with Google Ads" but not Microsoft Ads, Microsoft requested that Google commit to supporting those features with Microsoft Ads within 90 days. *Id.* Plaintiffs' Complaint identifies five of the 27 SA360 features that "Google either delayed support for, or failed to support: auction-time bidding, call extensions, dynamic search ads, responsive search ads, and local inventory ads." Google Colorado SMF ¶ 272; *see also* Colorado Compl. ¶¶ 152, 160.

A new version of SA360 launched in February 2022, less than two years after Plaintiffs filed the instant complaint. Google Colorado SMF ¶ 291. The new version supported four of the five features for Microsoft Ads that Plaintiffs had identified as lacking: "call extensions, dynamic

search ads, responsive search ads, and local inventory ads." *Id.* Google began working on developing the fifth feature—auction-time bidding—in early 2021, and it "is currently in the testing phase." Google Colorado SMF ¶ 308–09; Hr'g Tr., ECF No. 580, at 180:15–181:18 (counsel for the Colorado Plaintiffs conceding that "it is undisputed that Google is going to install the very auction time bidding that [Plaintiffs] have complained" of).

## IV. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A material fact is one that is capable of affecting the outcome of the litigation, and a genuine dispute exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

### B. Monopolization: *Microsoft* Burden-Shifting Framework

Section 2 of the Sherman Act makes it unlawful for a person to "monopolize, or attempt to monopolize, or combine or conspire with any other person or persons[] to monopolize any part of the trade or commerce among the several States." 15 U.S.C. § 2. The offense of monopolization has two elements: (1) "the possession of monopoly power in the relevant market" and (2) "the willful acquisition or maintenance of that power" through "exclusionary conduct 'as distinguished from growth or development as a consequence of a superior product, business acumen, or historic

accident.'" *United States v. Microsoft Corp.*, 253 F.3d 34, 50, 58 (D.C. Cir. 2001) (per curiam) (internal quotation marks omitted) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966)). For purposes of summary judgment, Google does not contest element one—monopoly power in the relevant markets. Hr'g Tr. at 6:11–12. The sole issue for the court to resolve is whether Google has maintained monopoly power in the relevant markets through "exclusionary conduct" as opposed to procompetitive means. *Microsoft*, 253 F.3d at 58.

The D.C. Circuit in *Microsoft* established a burden-shifting framework for determining "[w]hether any particular act of a monopolist is exclusionary, rather than merely a form of vigorous competition." *Id.* First, the plaintiff bears the burden of establishing a *prima facie* case that the monopolist's conduct has an "anticompetitive effect." *Id.* at 58–59. "That is, [the alleged conduct] must harm the competitive *process* and thereby harm consumers. In contrast, harm to one or more competitors will not suffice." *Id.* at 58; *id.* at 59 (stating that the plaintiff "must demonstrate that the monopolist's conduct harmed competition, not just a competitor").

Second, "if a plaintiff successfully establishes a *prima facie* case under § 2 by demonstrating anticompetitive effect, then the monopolist may proffer a 'procompetitive justification' for its conduct." *Id.* Conduct is procompetitive if it "is indeed a form of competition on the merits because it involves, for example, greater efficiency or enhanced consumer appeal." *Id.* If the defendant offers a procompetitive justification, the burden shifts back to the plaintiff to rebut it. *Id.*

Finally, "if the monopolist's procompetitive justification stands unrebutted, then the plaintiff must demonstrate that the anticompetitive harm of the conduct outweighs the procompetitive benefit." *Id.* In carrying out this balancing, which resembles a "rule of reason" analysis, courts must focus "upon the effect of [the] conduct, not upon the intent behind it." *Id.*

Evidence of intent is relevant only insofar as it bears on the "likely effect of the monopolist's conduct." *Id.*

Google's motion for summary judgment targets the first step of the burden-shifting framework. Hr'g Tr. at 13:6–12. In other words, it has not asked the court to evaluate the procompetitive justification for its alleged conduct nor rule that any procompetitive benefit outweighs the anticompetitive harm. Its argument is simply that "plaintiffs have not made out their *prima facie* case." *Id.*

Though the *Microsoft* burden-shifting framework would seem straightforward, the parties disagree on precisely how to apply it. They contest two points: (1) the constituent elements of the *prima facie* case, and (2) whether the challenged conduct should be considered in the aggregate or independently. The court addresses each in turn.

*1.* Prima Facie *Case*

The parties disagree about what the *prima facie* case entails. Google contends that establishing a *prima facie* case is a "two-step process." *Id.* at 14:19–25. First, Plaintiffs must show that the conduct is by nature anticompetitive, as opposed to conduct that is "competition on the merits." *Id.* Second, Plaintiffs must proffer evidence of substantial anticompetitive effects in the relevant market. *Id.* Plaintiffs disagree with Google's bifurcation of the *prima facie* burden. *Id*. at 50:3–51:5. In their view, establishing a *prima facie* case is a one-step inquiry that considers only whether the conduct at issue has an anticompetitive effect in the relevant market. *Id.*

Despite their apparent differences, there is not much daylight between the parties on what the *prima facie* showing requires. All parties agree that there are categories of conduct that generally do not harm competition. *Id.* at 51:1–22 (DOJ counsel agreeing that "[t]here are certain things that generally don't harm competition" like "cutting your price or improving your product,"

and "[s]ome conduct is generally not problematic"); Def.'s Mem. of P. &. A in Supp. of Def.'s Mot., ECF No. 427 [hereinafter Google Colorado Mot.], at 20 ("[I]f a product design change improves a product, the conduct reflects 'competition on the merits,' and cannot [standing alone] form the basis for an antitrust violation."). Where they part ways is that Plaintiffs contend that even conduct that is typically thought of as competition on the merits still could be anticompetitive depending on the circumstances. *See* Hr'g Tr. at 51:15–22. For example, price cutting, though ordinarily procompetitive, can be anticompetitive if done for a predatory purpose. So, Plaintiffs say, the court must determine whether there are anticompetitive effects regardless of the "nature" of the conduct.

Whether conceived as a one-step or two-step inquiry, the *prima face* case boils down to one fundamental question: Has the plaintiff shown that the monopolist's conduct harmed competition? Plaintiffs are not required to make a further showing that the challenged conduct by its nature is anticompetitive.

### 2. *Individual v. Aggregation of Harm*

The parties' more significant disagreement is over how the court should go about determining whether Google's "conduct indeed has the requisite anticompetitive effect." *Microsoft*, 253 F.3d at 58–59. Google maintains that the court should not "consider[] the challenged conduct in the aggregate without first considering whether each category of conduct is exclusionary and in fact has some anticompetitive effect on its own." Reply in Supp. of Def.'s Mot., ECF No. 523 [hereinafter Google Colorado Reply], at 6.

Plaintiffs take a different view. They insist that "anticompetitive effects are analyzed contextually, not through the formalistic granularity proposed by Google." DOJ Opp'n at 17. Plaintiffs ask the court to instead aggregate the anticompetitive effects of Google's conduct—

including conduct that is not anticompetitive on its own—when determining whether the conduct has an overall anticompetitive effect. *See id*. at 20 n.10 ("Google's agreements are anticompetitive when the effects of each type of agreement are viewed in light of each other and cumulatively. They are mutually reinforcing, not discrete acts that should be 'isolatedly viewed.'") (internal citations omitted); Colorado Opp'n at 24 ("Google wants to rewrite the States' Complaint to assert three independent claims, thus sidestepping and leaving unchallenged the States' assertion that the totality of conduct harms competition."); Hr'g Tr. at 52:18–53:25 (DOJ Plaintiffs' counsel asserting in response to a hypothetical that the court *would* be required to consider the Apple Browser Agreement in assessing anticompetitive effect, even if the court were to conclude that the agreement on its own is not anticompetitive).

The Colorado Plaintiffs, in particular, insist that their SA360 and SVP allegations cannot be viewed independently of each other or the exclusive distribution agreements. "[T]aken together," they assert, "Google's SA360 and SVP tactics weaken its rivals, amplifying Google's ability to secure distribution agreements, and creating [a] monopoly feedback loop." Colorado Opp'n at 27.

Not surprisingly then, the parties offer different interpretations of how the D.C. Circuit measured anticompetitive harm in *Microsoft*. Plaintiffs contend that "the *Microsoft* Court illustrated in its careful review of the multiple forms of conduct" that trial courts must conduct "a fact-intensive inquiry that considers whether 'the monopolist's conduct on balance harms competition.'" *Id.* at 22 (quoting *Microsoft*, 253 F.3d at 59). *Microsoft* "analyzed five forms of conduct that together constituted the offense of monopoly maintenance under Section 2 of the Sherman Act," and "[i]n assessing liability, the Court examined the interaction among different contracts and categories of conduct." *Id.* at 21–22. In Plaintiffs' view, "the D.C. Circuit did not

analyze each of Microsoft's acts in isolation; instead, it examined them in light of each other" and "in light of market realities, including the role that scale played in reinforcing [Microsoft's] operating systems monopoly." DOJ Opp'n at 17–18. As an example, Plaintiffs point to the court's analysis of Microsoft's agreements with independent software vendors (ISVs). *Id.* at 17. ISVs represented "a relatively small channel for browser distribution" but Microsoft's agreements with ISVs were nevertheless found anticompetitive because "Microsoft had largely foreclosed the two primary channels [for browser distribution] to its rivals," *Microsoft*, 253 F.3d at 72, and thus "the anticompetitive effect of the ISV agreements took on 'greater significance'" and "amplified the effect that Microsoft's conduct had on distorting the competitive process," DOJ Opp'n at 17–18 (quoting *Microsoft*, 253 F.3d at 72).[12]

Google responds that "the *Microsoft* court did not, as Plaintiffs do here, lump together both exclusionary and non-exclusionary conduct in assessing whether there was an anticompetitive effect," and "expressly *rejected* the approach Plaintiffs urge here." Google Colorado Reply at 6–7. When "assessing whether the [*Microsoft*] plaintiffs had met their *prima facie* burden of showing harm to competition," Google argues, "[t]he court considered only" the particular exclusionary conduct. *Id.* at 7. Google points to the "range of challenged conduct in the [Internet Access Provider (IAP)] distribution channel" and argues that the D.C. Circuit "analyzed the conduct separately to determine whether it was competitive or exclusionary, and effects from competitive acts were thereafter excluded from the analysis." *Id.* at 7.

---

[12] In *Microsoft*, the trial court had found that Microsoft, through various anticompetitive means, had maintained its monopoly in personal computer operating systems (Windows) by suppressing competition with Netscape's Navigator web browser. *See* 253 F.3d at 50. Among other things, Microsoft sought to block distribution channels for Navigator through various agreements. The most cost-effective of those were exclusive agreements with OEMs to install Microsoft's Internet Explorer as the default web browser. *Id.* at 60. The second prominent agreement involved bundling its browser with internet access software distributed by Internet Access Providers, like America Online. *See id.* at 67–68. These two exclusionary arrangements "largely foreclosed the two primary channels [of distribution] to its rivals." *Id.* at 72. The third, and smallest, of the distribution channels was through ISVs. *Id.* It is in this context that the court held the exclusive arrangements with ISVs "amplified" Microsoft's monopoly power. *Id.*

The court agrees with Google that, under *Microsoft*, courts must evaluate whether each type of alleged exclusionary practice has the requisite anticompetitive effect. In other words, when determining whether plaintiffs have met their *prima facie* burden, courts can only aggregate conduct that is itself deemed anticompetitive (even if only minimally so). This approach is best illustrated, as Google notes, by the D.C. Circuit's evaluation of IAP distribution channels in *Microsoft*. The district court had "condemned as exclusionary Microsoft's agreements with various IAPs," and had determined that five challenged "actions" were anticompetitive. *Microsoft*, 253 F.3d at 67–68. On appeal, the Circuit analyzed each of the five actions separately and held that only one—an exclusive dealing arrangement—was anticompetitive. *Id.* at 67–71. And, only as to that conduct did the burden shift to Microsoft "to defend its exclusive dealing contracts with IAPs by providing a procompetitive justification for them." *Id.* at 71. Notably, the Circuit did *not* evaluate whether the practices deemed separately not to violate Section 2 were in fact anticompetitive when viewed alongside the exclusive dealing arrangement. The other four allegations—which the Circuit found did not harm competition—were not considered further.[13]

Plaintiffs' reliance on the D.C. Circuit's analysis of Microsoft's agreements with ISVs is misplaced. DOJ Opp'n at 17–18. In those agreements, Microsoft "promised to give preferential support" to ISVs that agreed to, among other things, "use Internet Explorer as the default browsing software." *Microsoft*, 253 F.3d at 71. The D.C. Circuit found that these were "exclusive deals," and when determining "what share of the market for browser distribution the exclusive deals with the ISVs foreclose[d]," the Circuit reasoned that "[a]lthough the ISVs are a relatively small channel

[13] The D.C. Circuit's analysis of "course of conduct" liability is also instructive. *Microsoft*, 253 F.3d at 78. Under this theory, a plaintiff must "point to any series of acts, each of which *harms competition only slightly* but the cumulative effect of which is significant enough to form an independent basis for liability." *Id.* (emphasis added). Thus, even "course of conduct" liability must be premised on forms of conduct that are, at least, "slightly" anticompetitive. *Id.* *Microsoft* did not suggest that conduct deemed procompetitive could be included in that calculus. The court notes that the Colorado Plaintiffs have eschewed a course-of-conduct theory. *See* Colorado Opp'n at 25 n.9 ("So, there is no need to consider a separate 'course of conduct.'").

for browser distribution, they take on greater significance because, as discussed above, Microsoft had largely foreclosed the two primary channels to its rivals." *Id.* at 72. In other words, the court held that, although the ISV market foreclosure on its own was not significant, the exclusive arrangements with the ISVs were anticompetitive when aggregated with the foreclosure occurring through the two main channels of browser distribution.

*Microsoft*'s aggregation of harm—which aggregates *foreclosure* in the exclusive dealing context—is different than what Plaintiffs, most notably the Colorado Plaintiffs, have asked the court to do here. They argue that three different *types* of monopolistic conduct—exclusive distribution agreements, denied or delayed functionality of SA360, and the suppression and exploitation of SVPs—must effectively be viewed as one in order to evaluate harm in the relevant markets. Colorado Opp'n at 25–28. But that is not the approach the *Microsoft* court took, and it is contrary to how other appeals courts generally have proceeded. *See, e.g.*, *Covad Commc'ns Co. v. Bell Atl. Corp.*, 398 F.3d 666, 672 (D.C. Cir. 2005) (evaluating separately "five types of conduct" alleged to have violated the Sherman Act); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, 44 F.4th 959, 982 (10th Cir. 2022) (When "[r]eal-world monopolists . . . engage in allegedly exclusionary conduct which does not fit within a single paradigm[,] . . . the courts disaggregate the exclusionary conduct into its component parts before applying the relevant law."; "For the sake of accuracy, precision, and analytical clarity, we must evaluate [the defendant's] allegedly exclusionary conduct separately. Only then can we evaluate the evidence in totality to see if any synergistic effect saves [the plaintiff's] case.") (internal quotation marks omitted); *Retractable Techs., v. Becton Dickinson & Co.*, 842 F.3d 883, 891 (5th Cir. 2016) (stating that a jury's finding of anticompetitive conduct that rested on "three types of 'deception'" "must be separately analyzed in light of settled principles of antitrust law").

The Supreme Court's decision in *Continental Ore*, on which the Colorado Plaintiffs rely, is inapposite. Colorado Opp'n at 24. In *Continental Ore*, six defendants were accused of "conspiring to restrain, by monopolizing, and by attempting and conspiring to monopolize, trade and commerce" in the vanadium industry. *Cont'l Ore Co. v. Union Carbide & Carbon Corp*., 370 U.S. 690, 693 (1962)). The court of appeals had "examined seriatim" the conduct of various defendants and "ruled separately upon [each defendant's] alleged damage to Continental." *Id.* at 698. The Supreme Court found this analysis "improper," explaining—in language that the Colorado Plaintiffs highlight in their opposition—that "plaintiffs should be given the full benefit of their proof without tightly compartmentalizing the various factual components and wiping the slate clean after scrutiny of each." *Continental Ore*, 370 U.S. at 699; *see* Colorado Opp'n at 24.

But the Colorado Plaintiffs fail to cite both what precedes that quotation—"In cases such as this"—and what follows it—"The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Continental Ore*, 370 U.S. at 699 (cleaned up). The full context thus shows that the Court's statement concerned proof of antitrust conspiracy, not, as here, an alleged monopolist's "unilateral conduct." *Eatoni Ergonomics, Inc. v. Rsch. In Motion Corp.*, 826 F. Supp. 2d 705, 710 (S.D.N.Y. 2011); *see also Intergraph Corp. v. Intel Corp.*, 195 F.3d 1346, 1366–67 (Fed. Cir. 1999) ("*Continental Ore* did not hold . . . that the degrees of support for each legal theory should be added up. Each legal theory must be examined for its sufficiency and applicability, on the entirety of the relevant facts.") (citing *City of Groton v. Conn. Light & Power Co.*, 662 F.2d 921, 929 (2d Cir. 1981) ("Even though many of the issues the municipalities raise are interrelated and interdependent, however, we must, like the municipalities' briefs, analyze the various issues individually.")).

The other out-of-circuit cases cited by the Colorado Plaintiffs (*Conwood*, *Actavis*, and *LePage's*) do not instruct otherwise. Colorado Opp'n at 24–25. In *Conwood Company v. United States Tobacco Company*, the Sixth Circuit determined that the defendant "began a systematic effort to exclude competition" and "sought to achieve its goals of excluding competition and competitors' products by numerous avenues." 290 F.3d 768, 783 (6th Cir. 2002). The court evaluated the various kinds of anticompetitive conduct and, in so doing, cited to an earlier Sixth Circuit decision, *Byars v. Bluff City News Co.*, 609 F.2d 843 (6th Cir. 1979). *See Conwood*, 290 F.3d at 784. In *Byars*, the Sixth Circuit observed that, "[i]n a § 2 case, only a thorough analysis of each fact situation will reveal whether the monopolist's conduct is unreasonably anti-competitive and thus unlawful." *Byars*, 609 F.2d at 860.

In *New York v. Actavis*, the Second Circuit affirmed that "when a monopolist combines product withdrawal with some other conduct, the overall effect of which is to coerce consumers rather than persuade them on the merits, and to impede competition, its actions are anticompetitive under the Sherman Act." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 654 (2d Cir. 2015) (internal citations omitted). There, the defendant company had introduced a new product and withdrawn the old one relatively close in time. *Id.* While acknowledging that "neither product withdrawal nor product improvement alone is anticompetitive," the Second Circuit reasoned that the combination of the two created a singular "hard switch" that resulted in anticompetitive effects in the relevant market. *Id.* at 653–54.

And in *LePage's v. 3M*, while the Third Circuit did state that "[t]he relevant inquiry is the anticompetitive effect of 3M's exclusionary practices considered together," it did so only after separately finding that 3M's bundled rebates and exclusive dealing practices were themselves anticompetitive. 324 F.3d 141, 157, 159, 162 (3d Cir. 2003).

None of these cases support the proposition that the court must combine the anticompetitive effects across different types of monopolistic behavior, when deciding whether any particular type of conduct has anticompetitive effects. Rather, the court must "disaggregate the exclusionary conduct into its component parts before applying the relevant law." *EpiPen*, 44 F.4th at 982.

## V. DISCUSSION

### A. Joint Claims: Browser Agreements & Android Agreements

Having established the proper framework, the court first addresses Plaintiffs' allegations concerning Google's Browser Agreements and Android Agreements. Recall, Plaintiffs claim that both agreements are exclusive contracts that foreclose a substantial part of the relevant markets. DOJ Opp'n at 18–19. Google concedes that the Android RSAs are exclusive but contests the exclusive nature of the Browser Agreements and the Android MADAs. Google DOJ Mot. at 26, 39. Additionally, the parties disagree on how to measure "substantial foreclosure" and the extent of foreclosure. Google Reply in Supp. of Google Mot., ECF No. 522, at 22–25. The court first addresses whether the Browser Agreements and MADAs are exclusive or *de facto* exclusive agreements, and then turns to the proper measure of substantial foreclosure.

#### 1. *Exclusive Dealing*

"An exclusive dealing arrangement is an agreement in which a buyer agrees to purchase certain goods or services only from a particular seller for a certain period of time." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 270 (3d Cir. 2012). "Despite some initial confusion, today exclusive dealing contracts are not disfavored by the antitrust laws." *E. Food Servs., Inc. v. Pontifical Cath. Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir. 2004). In many circumstances, exclusive dealing contracts are understood to "pose no competitive threat at all." *Id.*; *see also Microsoft*, 253 F.3d at 70 ("[I]mposing upon a firm with market power the risk of an antitrust suit

every time it enters into [an exclusive dealing] contract, no matter how small the effect, would create an unacceptable and unjustified burden upon any such firm."). Such contracts, however, "are of special concern when imposed by a monopolist." *ZF Meritor*, 696 F.3d at 271; *Microsoft*, 253 F.3d at 70 (acknowledging that a lower foreclosure rate may give rise to a Section 2 violation by a monopolist). The primary worry is that the monopolist might use such agreements "to strengthen its position, which may ultimately harm competition." *ZF Meritor*, 696 F.3d at 270.

"The legality of [an exclusive] arrangement ultimately depends on whether the agreement foreclosed a substantial share of the relevant market such that competition was harmed." *Id.* at 283 (citing *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 326–28 (1961). "The share of the market foreclosed is important because, for the contract to have an adverse effect upon competition, 'the opportunities for other traders to enter into or remain in that market must be significantly limited.'" *Microsoft*, 253 F.3d at 69 (quoting *Tampa Elec.*, 365 U.S. at 328). The D.C. Circuit has not conclusively determined what constitutes substantial foreclosure under § 2 of the Sherman Act, but in *Microsoft* said that "a monopolist's use of exclusive contracts, in certain circumstances, may give rise to a § 2 violation even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation." *Id.* at 70. Plaintiffs "must both define the relevant market and prove the degree of foreclosure." *Id.* at 69.

a. <u>Browser Agreements</u>

Google's Browser Agreements require the developers to set Google as the default search engine on their web browsers but allow end users to change the default. *See e.g.*, Apple Agreement at 4. Still, Plaintiffs contend the agreements constitute exclusive dealing because they make Google "the *de facto* exclusive general search engine." DOJ Am. Compl. ¶ 119. Plaintiffs' argument centers on the "stickiness" of the default position—they argue that "[b]eing the default

search engine on a preinstalled and prominently placed app is *by far* the most efficient and effective way for a general search engine to reach users." DOJ Opp'n at 8. "Even where search users might want to switch defaults, the effort and knowledge required to make that change biases them towards sticking with the default option," and "[d]efaults are particularly powerful on mobile devices." *Id.* at 9.

Google responds that their "agreements with browser developers such as Apple and Mozilla are ***not*** 'exclusive' or '*de facto* exclusive' under any established meaning of those concepts" for two reasons: (1) the agreements "have never prevented [Apple, Mozilla, and other browser developers] from promoting rival search engines to consumers in the same browsers," and (2) web browser developers "have decided to design their browsers with a single search engine set as the default upon first use" and Google simply "supplied a superior product in response to a customer's product design demands." Google DOJ Mot. at 26–27. Alternatively, even if the Browser Agreements were exclusive, Google argues that they "are the product of customer-driven 'competition on the merits,' which antitrust law protects rather than condemns," and therefore could not result in any anticompetitive effect. *Id.* at 27.

*Exclusivity*. The court first addresses Google's argument that the Browser Agreements are not *de facto* exclusive because the agreements do not restrict web browser developers from promoting rival search engines. Google asserts that, "[g]enerally speaking, '[e]xclusive dealing involves an agreement between a vendor and a buyer that prevents the buyer from purchasing a given good from any other vendor.'" Google DOJ Mot. at 28 (quoting *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 996 (9th Cir. 2010)). Plaintiffs' claims regarding the Browser Agreements "fail at the threshold," Google maintains, "because the contracts indisputably do ***not*** prevent Apple, Mozilla, or other browser developers from integrating

and promoting any other search engine, or users from otherwise accessing search rivals via these browsers." *Id.* In Google's view, "agreements 'are not exclusive dealing arrangements, de facto or actual, *unless they prevent the buyer from purchasing a given good from any other vendor*.'" *Id.* (quoting *FTC v. Qualcomm Inc.*, 969 F.3d 974, 1004 (9th Cir. 2020)). "Apple and Mozilla not only are permitted to promote other search engines under the terms of their agreements with Google, but ***actually do*** promote rival search engines in Safari and Firefox in exchange for revenue-share payments from those rivals." *Id.* at 28–29. Furthermore, they "have ***no*** obligation to ensure that any particular volume of search traffic flows to Google, and the revenue share percentage that Google pays does ***not*** vary based on the number or percentage of queries submitted to Google instead of rival search engines." *Id.* at 30.

Plaintiffs respond that "an agreement need not close off *all* channels of distribution to be considered exclusive." DOJ Opp'n at 45. In Plaintiffs' view, the Browser Agreement with Apple is "exclusive because it requires Apple to make Google the preset default search engine on the only preinstalled search access point on its devices—the address bar in Safari—until at least [redacted]" and "no rival can become the preset default search engine in Safari's address bar, and no rival search bar can be added to Safari." *Id.* at 44. Google's Browser Agreements with browser developers Mozilla, Opera, and UCWeb—"which require [them] to make Google the preset default search engine [on their browsers] and cover nearly all search access points on nearly all versions of third-party browsers in the United States"—are also *de facto* exclusive for the same reason. *Id.* at 47. At a minimum, Plaintiffs contend, "Google's argument that its distribution agreements are not exclusive . . . raises factual disputes about whether these agreements are actually or de facto exclusive." *Id.* at 44.

The court finds that there is a genuine dispute of material fact as to whether Google's Browser Agreements are, at least, *de facto* exclusive. Google is, of course, correct that its Browser Agreements do not prevent users from switching the default search engine, and do not prohibit browser developers from promoting and entering into revenue-share agreements with other search engines. In fact, developers have entered into such agreements. *See* Google DOJ SMF ¶ 64. But that is not dispositive. "Antitrust analysis must always be attuned to the particular structure and circumstances of the industry at issue." *Verizon Commc'ns Inc. v. L. Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 411 (2004). And "[l]egal presumptions that rest on formalistic distinctions rather than actual market realities are generally disfavored in antitrust law." *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 466–67 (1992).

The Browser Agreements do lock in Google as the default search engine for years at a time. In the case of Apple products, that means Google is a purchaser's out-of-the-box search engine. That is arguably a form of exclusivity—rivals are prevented from occupying default position in the browser's integrated search bar at the time of purchase. *Cf. Microsoft*, 253 F.3d at 68 (finding that Microsoft's arrangement with AOL that required AOL not to "promote any non-Microsoft browser, nor provide software using any non-Microsoft browser *except at the customer's request*" qualified as an exclusive contract) (emphasis added);[14] *ZF Meritor*, 696 F.3d at 283 ("[W]e decline to adopt [the defendant's] view that a requirements contract covering less than 100% of the buyer's needs can *never* be an unlawful exclusive dealing arrangement.").

Critically, the competitive effects of holding default status, when combined with Google's scale advantage, is a hotly disputed issue in this case. Even Google's own positions reflect that

[14] The court acknowledges that there are differences between the Browser Agreements and Microsoft's agreement with AOL. The Browser Agreements do not, for example, foreclose the browser developers from entering into promotional arrangements with other search engines. *See e.g.*, Google DOJ SMF ¶ 61. In fact, they permit it. *Id.* ¶ 64 However, the legal significance of that factual distinction is a matter left to resolve after a trial.

dispute. *Compare* Redacted Reply in Supp. of Google's Mot., ECF No. 560, Google's Resp. to DOJ CSMF, ECF No. 560-1 [hereinafter Google DOJ CSMF], ¶ 445 (Google denying that "[b]eing the preset default search engine for a search access point on a preinstalled and prominently placed app is the most efficient and effective way for a search engine to reach users."), *with id.* ¶ 454 (Google agreeing that "search defaults can increase search volume for the default search provider."). It is best to await a trial to determine whether, as a matter of actual market reality, Google's position as the default search engine across multiple browsers is a form of exclusionary conduct.

Google's second argument against exclusivity fares no better. The fact that the single-preset default search "is a consequence of Apple, Mozilla, and other companies having ***chosen to design*** their browsers with a single search engine set as the default upon first use," Google DOJ Mot. at 32, does not change the fact that Google has *exclusive* rights to the default across multiple web browsers. A purchaser of an Apple device is not, for example, given the out-of-the-box option to select a default search engine. Google occupies that space by agreement. Again, the competitive market effects of holding the default is a disputed issue. Accordingly, the court finds that Google has not shown as a matter of law that the Browser Agreements are not exclusive contracts.

*Competition for the Contract.* In the alternative, Google says that, even if the Browser Agreements are exclusive or *de facto* exclusive, they are lawful because they are "'merely a form of vigorous competition' that the antitrust laws encourage rather than condemn." *Id.* at 38 (quoting *Microsoft*, 253 F.3d at 58). Google contends that it "has prevailed in the ongoing competition to be the default search engine in most third-party browsers in the U.S. since the mid-2000s because companies such as Mozilla and Apple have repeatedly determined it is the best option for creating a compelling search experience for their customers." *Id.* at 36. Rival search engines "can and do

compete with Google to be the default search engine in Safari, Firefox, and other third-party browsers," and "[w]hen Google wins this competition, it has done so on the merits as established and judged by its customers, not through anticompetitive or exclusionary conduct." *Id.* at 35. Google cites the example of Mozilla, which in 2014 switched to Yahoo! as the default search engine for Firefox, only to return to Google soon after. *Id.* at 37. "Any 'concern' that may potentially arise under other circumstances involving allegations of 'exclusive dealing' is wholly absent here," Google argues, "as there is no evidence of coercive conduct, and Google has won based on considerations of quality and price." *Id.* at 38.

Plaintiffs respond that "[t]he existence of multiple bidders does not transform an anticompetitive agreement into a permissible one." DOJ Opp'n at 27. Under Google's approach, Plaintiffs warn that "a monopolist could enter into *any* contract—no matter its effects on competition—so long as one rival existed and made some feeble attempt to secure the business, or the buyer had another option," and would be insulated from any "Section 2 challenge[] to [an] exclusionary agreement[] until the dominant firm had managed to wipe out all vestiges of present or future competition." *Id.* at 27–28. "What matters here is whether the terms of Google's contracts harm competition, not whether Google beat out a rival in imposing those terms," and "competitors are at a distinct disadvantage relative to a monopolist in the bidding process, which means that a monopolist's offer will often be the winning bid." *Id.* at 28. Finally, Plaintiffs contend that "Google fails to cite a single case supporting the proposition that a showing of 'competition for the contract' is sufficient to warrant summary judgment against a claim that the contract is exclusionary." *Id.*

The court thinks that Google's "competition for the contract" defense cannot be resolved on summary judgment at the *prima facie* stage and is better left for the procompetitive prong of

the *Microsoft* analysis. *See Microsoft*, 253 F.3d at 59 (describing a procompetitive justification as "a nonpretextual claim that [the monopolist's] conduct is indeed a form of competition on the merits because it involves, for example, . . . *enhanced consumer appeal*") (emphasis added).

*Microsoft* is instructive here. The D.C. Circuit encountered three types of agreements that were either explicitly exclusive or "exclusive as a practical matter"—Microsoft's deals with ISVs (independent software vendors), IAPs (internet access providers), and Apple. *Id.* at 71, 76. For each exclusive agreement, at the *prima facie* stage, the Circuit simply determined whether the exclusive agreement foreclosed a substantial share of the market. *Id.* at 71–74. If it did, the court looked to Microsoft to provide a procompetitive justification. *Id.* For instance, when it analyzed the exclusive agreements between Microsoft and ISVs, the D.C. Circuit held that the plaintiff had met its *prima facie* burden because "Microsoft's exclusive deals with the ISVs had a substantial effect in further foreclosing rival browsers from the market" and "in preserving Microsoft's monopoly." *Id.* at 72. Similarly, the Circuit held that Microsoft's exclusive contract with Apple "ha[d] a substantial effect upon the distribution of rival browsers," and because it "serve[d] to protect Microsoft's monopoly, its deal with Apple must be regarded as anticompetitive." *Id.* at 73–74. The analysis was the same for IAPs. *Id.* at 71.

At no point did the D.C. Circuit, at the *prima facie* stage, consider whether the exclusive agreements were the result of a lawful "competition for the contract" or something akin to that. *Id.* at 71–74. Only after satisfying itself that these agreements were anticompetitive did the court turn to asking whether there was a procompetitive justification for the exclusive arrangements. *See id.* at 71 (IAPs), 72 (ISVs), 74 (Apple). Because Microsoft had offered none, the agreements were deemed exclusionary and therefore violated Section 2. *Id.* Here, Google will have the

opportunity to proffer a procompetitive justification and show that the Browser Agreements resulted from "competition for the contract"—it will just have to wait until trial.

The out-of-circuit cases Google cites (*Menasha*, *Balaklaw*, *Race Tires*, and *EpiPen*) do not entitle it to judgment as a matter of law at this stage. Google DOJ Mot. at 35–38. Google quotes *Menasha* to argue that "competition for the contract" is "a vital form of rivalry . . . which the antitrust laws encourage rather than suppress." *Id.* at 35 (quoting *Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, 354 F.3d 661, 663 (7th Cir. 2004)). *Menasha*, however, merely confirms that exclusive agreements are not *per se* anticompetitive. *Menasha*, 354 F.3d at 663 ("In the district court Menasha argued that these contractual devices, which it deems exclusionary, are unlawful *per se*. That argument has been abandoned on appeal—sensibly so, as competition for the contract is a vital form of rivalry, and often the most powerful one, which the antitrust laws encourage rather than suppress."). In *Balaklaw*—a Section 1 case—the Second Circuit did state that exclusive agreements "may actually encourage, rather than discourage, competition," but clarified that "[t]his is not to say that under proper pleading and proof exclusive-dealing contracts could not still be scrutinized under the antitrust laws." *Balaklaw v. Lovell*, 14 F.3d 793, 799–800 (2d Cir. 1994). And in *Race Tires*, the Third Circuit observed that "[i]t is well established that competition among businesses to serve as an exclusive supplier should actually be *encouraged*," but emphasized that "such exclusive agreements are not exempt from antitrust scrutiny." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 76, 83 (3d Cir. 2010).

Google also cites to *EpiPen* to argue that customer-instigated exclusive dealing eases "any anticompetitive concern arising from a monopolist's use of exclusive dealing contracts," and that "rival search engines need only 'offer a better product or a better deal to reverse'" Google's default status in Safari, Firefox, and other third-party browsers. Google DOJ Mot. at 38 (quoting *EpiPen*,

44 F.4th at 995). While *EpiPen* does state that customer-instigated exclusivity "*sometimes* eases any anticompetitive concern arising from a monopolist's use of exclusive dealing contracts," it caveated that observation: "This does not mean that exclusive dealing arrangements instigated by the monopolist cannot be procompetitive or that exclusive dealing arrangements instigated by the customer cannot be anticompetitive." *EpiPen*, 44 F.4th at 995 n.14 (emphasis added). Ultimately, the Tenth Circuit made clear that to "analyze the legality of exclusive dealing contracts, we apply the rule of reason," and under that approach, courts must "conduct a fact-specific assessment of market power and market structure to assess the challenged restraint's actual effect on competition." *Id.* at 983–84 (citing *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2284 (2018)) (internal quotation marks omitted); *see also Menasha*, 354 F.3d at 663 (stating that even exclusive deals preferred by retailers and manufacturers must be subject to a rule-of-reason analysis). That is an inquiry better left for trial.

Accordingly, Google cannot prevail at this stage based on a "competition for the contract" theory. Importantly, the court is not taking the position that Google's "competition for the contract" argument is irrelevant to the ultimate Section 2 question. Rather, as stated, the argument is better suited for the procompetitive prong of the *Microsoft* analysis.

Having determined that Plaintiffs have carried their burden of showing that the Browser Agreements are, at least, *de facto* exclusive contracts, they still must be subject to a market foreclosure analysis to determine whether they are anticompetitive. *See Microsoft*, 253 F.3d at 69 ("Following *Tampa Electric*, courts considering antitrust challenges to exclusive contracts have taken care to identify the share of the market foreclosed."). The court addresses foreclosure in Section V.A.2.

b. Android Agreements

The court now considers the Android MADAs and whether they are exclusive dealing arrangements. Plaintiffs argue that Google's Android Agreements—MADAs and RSAs—are exclusive because they work together as a "belt and suspenders" in order to "guarantee Google is the only preset default search engine on any Android preinstalled search access point." DOJ Opp'n at 45. "[A]lmost all Android devices sold in the United States" are subject to a MADA, *id.* at 30, and Plaintiffs argue that "[m]arket realities require OEMS to sign MADAs" because, "[f]or an Android mobile device to be successful in the United States, it must have proprietary Google Software preinstalled," like the Google Play Store, which is only available to MADA signatories. DOJ SGI at 132. MADAs require OEMs to preinstall the Google Search App and Chrome browser, and to place Google's search widget on the device home screen, all of which default to Google Search. DOJ Opp'n at 32. The RSA then "ensures that all preinstalled search access points will have Google as the preset default and no rival search will be preinstalled." *Id.* at 46. "When viewed collectively," Plaintiffs say, "the MADAs and Android RSAs ensure all roads on Android lead to Google. That is exclusivity." *Id.* at 47.

Google concedes that RSAs are exclusive but argues that MADAs are not because "MADA licensees can preinstall other browsers and search apps and set them as the default upon first use." Google DOJ Mot. at 39. "Any purported 'exclusivity' arguably arises only if an OEM or wireless carrier choose to earn revenue from Google on its Android device by signing an RSA." *Id.* And, like the Browser Agreements, nothing in the MADA or the RSA prevents the end user from downloading a rival's search engine from the Google Play Store or changing the default search engine on the preinstalled Chrome browser. *Id.* at 40.

The court finds that although, by its terms, the MADA is not an exclusive contract, there is a dispute of fact as to whether market realities make it one. For instance, Google's expert Dr. Kevin Murphy admits that OEMs "can't sign an RSA unless [they have] also signed the MADA," therefore "thinking about the advantages of the RSA would be relevant for deciding whether to sign a MADA." DOJ 478 Exs., ECF No. 478, Ex. 87, ECF No. 478-22, at 220:19–22. Indeed, it would seem contrary to an OEM's economic self-interest to sign a MADA but not an RSA. Further, Google admits that, "[i]n the past three years, no manufacturer has sold an Android phone into the United States, preinstalled with Google's search widget and an additional search widget for a different search engine." Google DOJ CSMF ¶ 591. So, even though the MADA permits an OEM to install a second search widget, OEMs have declined to do so. Google says that is by choice, but it may be that market realities are such that once Google occupies the default search widget, a rival cannot realistically hope to compete for another place on an Android device's home screen. So, as with the Browser Agreement, the mere fact that the MADA does not prohibit an OEM from engaging with competitors does not mean the MADA is not an exclusive agreement.

*2. Substantial Foreclosure*

As discussed, the Sherman Act does not make it per se unlawful for a monopolist to secure an exclusive contract. *Microsoft*, 253 F.3d at 70. To determine whether such a deal is anticompetitive, courts must ask how much of the relevant market the agreement forecloses from competition. *Id.* at 69. In other words, courts must "identify the share of the market foreclosed." *Id.* "[W]hat is 'significant' may vary depending upon the antitrust provision under which an exclusive deal is challenged." *Id.* The *Microsoft* decision declined to adopt a rigid test of what degree of foreclosure is required for a successful Section 2 challenge but observed "that a monopolist's use of exclusive contracts, in certain circumstances, may give rise to a § 2 violation

even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation." *Id.* at 70. Plaintiffs have the burden of proving "a significant degree of foreclosure." *Id.* at 69. The court therefore must inquire whether Plaintiffs here have met their burden, as part of their *prima facie* case, of showing that the Browser Agreements and Android Agreements have caused "a significant degree of foreclosure." *Id.*

Plaintiffs contend that substantial foreclosure "is measured by looking at the percentage of the market that is 'tied up' by the exclusive-dealing contract, and thus by considering how much of the market is available to rival sellers." DOJ Opp'n at 47 (quoting 7D-2 Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law* ¶ 768b4 n.39 (5th ed. 2022)). In other words, "the foreclosure created by exclusive contracts is equal to the percentage of the market those contracts cover." *Id.* So, Plaintiffs ask the court to aggregate the foreclosure numbers resulting from the Browser Agreements and Android Agreements. Their expert's analysis shows that the Browser Agreements and Android Agreements "cover almost 50% of all U.S. general search traffic . . . 45% of U.S. general search text ads, and 36% of U.S. search ads." *Id.* at 47–48. "These coverage numbers—especially when viewed in light of the 22% of searches controlled by the Google default on Chrome for Windows and Apple devices—easily qualify as 'significant foreclosure' under *Microsoft*." *Id.* at 48 (internal citations omitted).[15]

Google's foreclosure argument focuses only on the Android Agreements. *See* Google DOJ Mot. at 40–43; Hr'g Tr. at 39:8–18 (Google counsel clarifying that a foreclosure analysis was done

[15] Google rejects Plaintiffs' attempt to include in the foreclosure analysis any Google searches made through Chrome on Windows and Apple devices, because the default browser on Windows devices is Edge and on Apple devices is Safari. Hr'g Tr. at 41 ("Our getting search[es] from Chrome on Windows should be counted in a foreclosure analysis? That's crazy. Or Chrome on Apple devices. We're not preloaded on Apple devices any more than Apple is not preloaded on Android devices."). Plaintiffs seem to implicitly concede that the foreclosure analysis should not include searches through Chrome on Windows and Apple devices, *id.* at 56–60 (DOJ counsel stating that "generally speaking, doing what you want with your own products and making them better, that is not exclusionary conduct, and that's certainly not being challenged here"), but argue that "it's a market reality the Court needs to consider," *id.* at 97.

with respect to the Apple Agreement but noting that it wasn't "focused on" in the briefing). As to the Android Agreements, Google argues that the appropriate way to measure foreclosure is to identify "the impact of those agreements relative to a but-for world in which the alleged unlawful agreements do not exist." Google DOJ Mot. at 41. Plaintiffs' expert, Professor Whinston, "has offered no opinion about what a but-for world without Google's Android MADA or RSA agreements would look like," but he "has opined that if all Android OEMs and carriers were to choose to display a choice screen prompting their customers in the U.S. to select a default search engine from a list of options . . . Google would be selected more than 90% of the time." *Id.* at 41–42. "The estimated 'shift' from Google to other search engines in this mandatory choice screen world would ***total approximately 1%*** of all search queries in the U.S." *Id.* at 42. Google further argues that there is no evidence of substantial foreclosure even if a rival search engine were the "exclusive preinstalled default search engine on all search access points on Android devices in the U.S." because even Plaintiffs' expert estimated that, in that scenario, only "approximately 11.6% to 13.5% of total U.S. search queries may have shifted from Google to other general search engines." Google DOJ SMF ¶ 251; Google 430 Exs., Ex. 40, ECF No. 430-15, ¶ 905 (opining that between 18.2% to 21.2% of U.S. mobile phone queries may shift in such scenario).

As the above summary of the parties' positions shows, there is sufficient conflict about the extent of foreclosure—and, importantly, the proper way to measure it—to preclude a finding of summary judgment. Among the questions the court will have to consider at trial are: (1) what channels of distribution are included in the foreclosure analysis; (2) whether either the Browser Agreements or Android Agreements, or both, are part of the foreclosure calculus; and (3) whether a but-for approach is the appropriate way to measure foreclosure. Accordingly, Plaintiffs' claims regarding the Browser Agreements and Android Agreements survive summary judgment.

**B. The Colorado Plaintiffs' Claims: SVPs & SA360**

The court now turns to the allegations raised only by the Colorado Plaintiffs related to Google's treatment of SVPs and Google's development of SA360, which they contend has anticompetitive effects in three markets: general search services, general search text advertising, and general search advertising. Colorado Opp'n at 2 (citing Colorado Compl. ¶ 59).

*1. Google's Conduct Directed at SVPs*

"SVPs deal with Google in two ways." Colorado Opp'n at 16. "First, SVPs depend on Google as a source of customers, especially new customers, through unpaid results (like the blue links) and advertising." *Id.* "Second, SVPs are important suppliers to Google of structured data—proprietary information that SVPs create that is not available to be crawled on the web," such as hotel and flight availability and prices. *Id.* Plaintiffs take issue with Google (1) placing "visibility limitations" on SVPs, and (2) requiring SVPs to share data with Google to the same extent they share it with Google's rivals. *Id.* at 17–20.

*Visibility Limitations.* Plaintiffs argue that Google "imposes visibility restrictions on SVPs in certain strategically important commercial arenas such as hotels, flights, and local services." *Id.* at 18. For example, (1) "SVPs cannot appear in results in the free listings in Google's hotel universal, flights universal, or in the local universal triggered by searches for nearby businesses," (2) "SVPs cannot purchase ads in their own name and cannot appear prominently in the tile of local services ads on Google's SERP," and (3) "when a user clicks on an ad paid for by the SVP featuring the name of a supplier, the consumer is directed to another Google site, not the SVP's site." *Id.* Because Google "insert[s] the restricted universals in a prominent place on the SERP, typically above the fold, Google demotes the blue [organic web result] links, in which SVPs often appear, making it less likely users will click on them." *Id.* "The demotion of blue links magnifies

the impact of Google's visibility restrictions on SVPs that are excluded from its universals." *Id.* at 19. Plaintiffs allege that "Google's visibility-limitation practices, in combination with its demotion of the unpaid blue links, have raised customer acquisition costs for the affected SVPs, often by inducing them to purchase more advertising in an effort to restore their visibility." *Id.*

*Data Sharing.* Plaintiffs also contend that "Google abuses its monopoly power to acquire valuable proprietary data [from SVPs] that it cannot obtain by crawling the web." *Id.* at 42. "Google mandates that SVPs . . . provide it with data equivalent to what they provide to any of Google's competitors, robbing SVPs of control over their valuable assets and potentially foreclosing a differentiated data deal with a [general search engine] rival." *Id.* at 44. Furthermore, "Google uses SVP data within SERP features where SVPs are not permitted to appear, such as in the restricted universals on its SERP, and also uses data without attribution to SVPs in immersives that link to the SERP." *Id.* at 19.

Plaintiffs' theory of competitive harm in the relevant markets arising from these practices is as follows: (1) search-related advertising on Google is the primary way users get to SVPs because "Google's monopoly makes SVPs depend almost entirely on Google," Colorado Opp'n at 27; (2) because Google has reduced SVPs' visibility in key selected verticals in multiple ways—i.e., the anticompetitive conduct—SVPs have had to spend more on customer acquisition in the form of higher advertising costs, *see id.* at 16–19; (3) the limited visibility and increased customer acquisition costs weaken SVPs, *see id.*; (4) by weakening SVPs, Google discourages "stronger content partnerships and other arrangements" between its rivals and SVPs, *id.* at 45; (5) if there were there stronger partnerships between Google's rivals and SVPs, other search engines would be more attractive to end users, leading to greater competition in the search and general search-related ad markets, *id.* at 45; and (6) at the same time, Google's demand for parity, or "most favored

nation status," with respect to SVPs' data "disincentivizes SVPs from investing in the creation of valuable structured data," which forecloses "differentiated data deal[s]" with Google's rivals. *Id.* at 44. In Plaintiffs' view, "[u]nhampered growth of partnerships" between SVPs and Google's rivals would "facilitate competition in the Relevant Markets" and "aid the growth of innovative challengers to Google's monopoly." *Id.* at 45.

Google responds that Plaintiffs "cannot meet either element of their *prima facie* burden" for two primary reasons. Google Colorado Mot. at 23. First, Google argues that "the challenged [SVP] conduct is a genuine product improvement," *id.*, and where a "product design improve[s] [a] product . . . it is lawful procompetitive conduct and not exclusionary conduct as a matter of law," Google Colorado Reply at 12. Second, Plaintiffs fail to "raise a triable issue with respect to the requisite anticompetitive effects." Google Colorado Mot. at 23. "Plaintiffs have painted themselves into a corner by proposing markets fundamentally disconnected from the harms they allege," and because SVPs "are outside the proffered general search services and derivative [general-]search advertising markets," "[t]here is no basis to conclude that the alleged harm to SVPs harms competition in the alleged markets." *Id.* at 31–32. "Most fundamentally, Plaintiffs have no answer to the question at the core of their harm-to-competition theory: What basis is there to believe that ***stronger*** SVPs would somehow increase competition among general search engines?" Google Colorado Reply at 20.

The court agrees with Google's second argument.[16] Plaintiffs' theory of anticompetitive harm rests on a multi-linked causal sequence that relies not on evidence but almost entirely on the

[16] Because the court agrees that Plaintiffs' SVP claim fails due to the absence of factual dispute showing injury in any of the relevant markets, it does not reach the issue of whether a product design improvement is actionable under Section 2.

opinion and speculation of its expert, Professor Jonathan Baker. Plaintiffs cite Professor Baker's report for the following propositions:

- Google's conduct "make[s] SVPs less attractive and less valuable partners for general search firms." Colorado SMF ¶ 188 (citing Colorado 466 Exs., ECF No. 466, Baker Opening Rep., ECF No. 466-1, ¶ 325; *id.*, Baker Rebuttal Rep., ECF No. 466-2, ¶¶ 62–66).
- "Google's data requirements disincentivize SVPs from using their data to strike better deals with Google rivals by, for example, providing some of their data to only select [general search engines]." Colorado Opp'n at 45 (citing Baker Opening Rep. ¶¶ 324–25); *see* Colorado SMF ¶ 187 (citing Colorado 466 Exs, Baker Reply Rep., ECF No. 466-3, ¶ 165).
- "Google's data restrictions disincentivize SVPs from investing in their data further, as they cannot realize a meaningful return on these investments." Colorado Opp'n at 44 (citing Baker Opening Rep. ¶ 278; Baker Reply Rep. ¶ 163).
- "[B]y requiring SVPs to provide Google all data provided to any other [general search engine], these mandates appear to prevent SVPs from granting exclusive access to some data to Google's rivals." Colorado Opp'n at 44 (citing Colorado SMF ¶ 186 (citing Baker Reply Rep. ¶¶ 166–67)).

Remarkably, not one of Professor Baker's opinions, on which these fact assertions are based, cites to any record evidence.

Indeed, a closer inspection of Professor Baker's reports shows that he has largely theorized the anticompetitive effects in the relevant markets of Google's conduct towards SVPs.

- "Google's visibility restrictions *can reasonably be expected* to discourage investment by the affected SVPs." Baker Rebuttal Rep. ¶ 61[17] (emphasis added).
- "The terms on which Google often obtains access to structured data *can reasonably be expected* to discourage the SVPs that invest in assembling such data from using their data in ways that would aid their own expansion and growth." Baker Opening Rep. ¶ 51 (emphasis added); *see also id.* ¶ 278 (again stating that Google's terms of access to data can "reasonably be expected" to discourage SVPs' investment in such data); *id.* ¶ 324 (stating that Google's data requirements have "*likely discouraged* SVPs from using their data to aid their own expansion and growth") (emphasis added).
- Opining that, absent Google's "most favored nation" data provision, "an SVP specializing in hotels *might* reach an agreement with a search firm rival to Google by which the SVP makes available its lower-priced, lower-quality hotel room inventory through the rival only," and that "[c]ompetition of this form *could potentially* be discouraged by the type of contractual provision found in Google's contracts with Expedia." Baker Reply Rep. ¶ 167; *id.* at 88 n.463.

Speculation that Google's conduct "can reasonably be expected," "might," or "could potentially" degrade SVPs and make them less attractive partners to Google's rivals is not evidence of

---

[17] Professor Baker does provide some factual support for this opinion, but it is not a material fact. He cites to [redacted]. *See* Baker Rebuttal Rep. ¶ 61. But Professor Baker does not explain how [redacted] but not harm in the relevant product markets, because SVPs are not competitors in those markets. And, if there were harm, it would be a European market and thus outside the relevant geographic market in this case (the United States). *See* DOJ Am. Compl. ¶ 107.

anticompetitive effects in the relevant markets. Plaintiffs are required to show with proof "that the monopolist's conduct *indeed* has the requisite anticompetitive effect," and they have fallen well short. *Microsoft*, 253 F.3d at 58–59 (emphasis added).[18]

The Colorado Plaintiffs confirmed this state of evidence at oral argument. The court asked if there was "any evidence" that Google's conduct makes SVPs less attractive partners for rival search engines. Hr'g Tr. at 197–98 ("All you need is one SVP representative who says, 'Before Google made the change, we were a much more attractive partner to Microsoft. But since then, we have been degraded in the following ways that makes us less attractive to Microsoft [Bing], DuckDuckGo, or me or whoever it may be.'"). Plaintiffs identified none.[19] They did not point the court to any evidence showing that any of Google's rivals viewed SVPs as less desirable partners once SVPs became less visible on Google's SERP—and Plaintiffs do not dispute that there are

[18] Ironically, Professor Baker does offer record support for one material fact: "Some SVPs have shared data with Google's rivals, including Bing and DuckDuckGo, on terms *more favorable* to the SVPs than the terms that Google requires." Baker Opening Rep. ¶ 278 (emphasis added). That fact undermines the notion that Google's conduct has weakened the ability of SVPs to partner with Google's rivals, or diminished the incentives for SVPs to invest in structured data.

[19] In response to the court's question, Plaintiffs pointed to a quote from Jeff Hurst, the COO of Expedia, Hr'g Tr. at 198, who was asked, "what do you think would happen if there were more economically viable alternatives to replace traffic on Google?" Colorado 470 Exs., Ex. 187, ECF No. 470-27, at 245:20–22. Hurst responded that "[i]f there were equal-sized players, you know, in particular if there were multiple equal-sized players in [Search Engine Management], I think you'd have more likelihood that people would be, you know, potentially choosing to optimize more for a different search engine, you know, or spend more time partnering with a search engine on features or different types of development in a way where you might see more differentiation in the consumer experience." *Id.* at 246:5–14 (emphasis added). This answer does not say anything about how Google's *alleged conduct* towards SVPs has harmed competition in the relevant markets. Rather, it is simply a response to a hypothetical question that is unconnected to the actual alleged anticompetitive conduct targeting SVPs and, if anything, appears directed at the market for SEM tools.

The Colorado Plaintiffs' opposition also quotes a [redacted] Colorado Opp'n at 5 (citing Colorado 466 Exs., Ex. 14, ECF No. 466-14). But the [redacted] said no such thing. In response to a question about whether "[redacted]"). This testimony does not support the theory that Google's conduct towards SVPs had degraded SVPs so as to make them less desirable partners to Google's rivals.

many such partnerships. Nor have they cited any evidence that an SVP has reduced or altered in any way its investments in structured data as a result of Google's data demands, or that an SVP has sought a deal with a Google competitor based on unique structured data only to be stymied because it was also required to provide such data to Google. Simply put, there is no record evidence of anticompetitive harm in the relevant markets resulting from Google's treatment of SVPs.

That leaves Professor Baker, but Plaintiffs cannot survive summary judgment on his unsupported opinions alone. "To hold that Rule 703 prevents a court from granting summary judgment against a party who relies solely on an expert's opinion that has no more basis in or out of the record than [the expert's] theoretical speculations would seriously undermine the policies of Rule 56." *Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666, 673 (D.C. Cir. 1977). Put more simply, "[i]n this circuit, a party cannot avoid summary judgment when it offers an expert opinion that is speculative and provides no basis in the record for its conclusions." *Martin v. Omni Hotels Mgmt. Corp.*, 321 F.R.D. 35, 40 (D.D.C. 2017); *see also Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[A] party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations."). Professor Baker's opinions do not rest on facts; only his ruminations about the market effects of Google's conduct.

Plaintiffs' various other arguments do not help establish a *prima facie* case. First, Plaintiffs assert that Google has a motive to diminish SVPs to prevent users from skipping over Google and going directly to the SVPs for specialized information. Colorado Opp'n at 38–39. Such consumer behavior would threaten "Google's monopoly revenues." *Id.* That argument does not, however, describe harm to competition in the relevant markets. If a user bypasses Google to go directly to

an SVP, the user would presumably also bypass a rival search engine. In other words, greater navigation directly to SVPs does not depress *competition* in the relevant markets because SVPs do not compete with Google in general search or the general search-related ad markets.

Second, Plaintiffs takes Google to task for failing to produce evidence showing that the visibility limits actually benefit users. Colorado Opp'n at 39–40. But that argument puts the cart before the horse. Google need only establish a procompetitive justification for the visibility limits if Plaintiffs first show them to be anticompetitive in the general search or the derivative general search advertising markets. *See Microsoft*, 253 F.3d at 59. They have not done so.

Third, Plaintiffs contend that Google's inclusion of SVPs in some verticals—Vacation Rentals and Shopping, for example—undercuts Google's claim of user benefit. Colorado Opp'n at 40–41. But differential treatment of SVPs among various verticals does not, once again, prove anticompetitive harm in the relevant markets.

Fourth, Plaintiffs point to documented complaints from SVPs about Google's data demands. *Id.* at 43–44. The court accepts these statements at face value. The relevant inquiry here, however, is not whether Google is leveraging its monopoly position to unfairly extract data from SVPs, but instead whether that practice harms competition in the marketplaces for general search services and general-search related advertising. Plaintiffs offer only Professor Baker's speculation that Google's "data requirements disincentivize SVPs from investing in the creation of valuable structured data," *id.* at 44, which in turn makes them "less attractive, and less valuable, as partners" to Google's rivals, *id.* at 45. They offer no proof to support those contentions or the chain of causation.

Fifth, Plaintiffs rely on the fact that Google requires SVPs to "provide it with data equivalent to what they provide to any of Google's competitors" to argue that this "rob[s] SVPs

of control over their valuable assets and potentially foreclosing a differentiated deal with a [general search engine] rival." *Id.* at 44. But, once more, Plaintiffs cite only to Professor Baker's hypothesis that this requirement translates into a weakening of competition in general search and the related general-search advertising markets. *Id.* Google may be acting heavy-handed with respect to SVPs' data, but the Colorado Action is not about competition in the marketplace for search advertising (which would include SVPs). Only the DOJ Plaintiffs allege a Section 2 violation in that market. DOJ Compl. ¶ 97.

Finally, Plaintiffs rely on two case studies to support their theory of harm, but neither move the dial. Plaintiffs point to internal Google communications about the "importance of developing strategic partnerships" with SVPs in Japan to compete with Yahoo! Japan. *Id.* at 45. From that evidence, Plaintiffs assert that "[j]ust as partnerships with SVPs facilitate Google's competition with Japanese rivals, so too would the unhampered growth of partnerships between SVPs and [general search engines] in the U.S. facilitate competition in the Relevant Market." *Id.* No one disputes, however, that partnerships with SVPs are "important." There is ample evidence that Google's rivals have entered into partnerships with SVPs. The question is whether Google's treatment of domestic SVPs has diminished their attractiveness to Google's general search rivals, and there is no proof to support that proposition.

Plaintiffs also cite the example of Branch Metrics, an application that allows mobile users to search for information across various applications, including those the user has not downloaded. *Id.* [redacted]." *Id.* at 46. Google does not dispute this factual assertion. *See* Google Colorado Reply, Def.'s Resp. to Colorado SMF, ECF No. 523-1 [hereinafter Google Colorado CSMF], ¶ 70.

Plaintiffs cite the Branch Metrics episode as an example of Google protecting its monopoly in search by impeding users from directly navigating to SVPs. Colorado Opp'n at 45–46. But again, conduct that discourages users from navigating directly to SVPs for information does not harm competition in general search and related general-search ad markets. As previously observed, if a user looks to an SVP for specialized information instead of Google, the user is not using Google's rivals, either.

In sum, the court holds that Plaintiffs have not shown that there is a genuine dispute of material fact that would warrant a trial to determine whether Google's treatment of SVPs has anticompetitive effects in the general search and related general-search ad markets. Accordingly, the court grants Google summary judgment as to those portions of the Colorado Plaintiffs' claims that rest on Google's conduct directed at SVPs. *See* FED. R. CIV. P. 56 (authorizing entry of summary judgment as to a "part" of a claim); *id.*, Committee Notes on Rules—2010 Amend. (stating that summary judgment may be requested not only as to an entire case but also as to each "claim, defense, *or part of a claim* or defense") (emphasis added).

*2. Google's Conduct Directed at Rivals as it Relates to SVPs*

Plaintiffs argue that Google degrades partnerships between SVPs and its rivals in another way. They write: "One cannot fully understand harm to competition without examining the continuing interrelationship among harmful acts. . . . Google's SVP conduct weakens SVPs, making them less attractive as partners to Google rivals. *In the other direction, Google's distribution agreements deprive its rivals of users, making them less attractive to SVPs.*" Colorado Opp'n at 28 (emphasis added); *see also id.* at 4 ("Consider the ripple effects of the distribution agreements. By pushing rivals to the edges of the marketplace, these agreements effectively

eliminate the ability of . . . SVPs to substitute Google rivals for Google as a way to attract users.”). “Google has thus degraded both sides of the bargaining table.” *Id.* at 28.

Plaintiffs’ theory seems to be that (1) Google’s distribution agreements limit its rivals’ ability to attract users, (2) this weakens Google’s rivals, and make *them* less attractive partners to SVPs, and (3) the inability to form better partnerships with SVPs depresses Google’s rivals’ ability to compete for general search users. There is arguably some evidence to support the theory. *See supra* note 19 (testimony from [redacted]).

Nevertheless, it remains unclear to the court whether Plaintiffs contend that this is a different form of exclusionary conduct, or it is merely a downstream effect of Google’s distribution agreements. It would seem to be the later. Plaintiffs’ papers do not give this theory much airtime, instead focusing on how Google’s conduct allegedly weakens SVPs. The court therefore will defer ruling on what role, if any, this theory will play at trial.

*3. SA360*

The court now turns to the Colorado Plaintiffs’ allegations regarding Google’s development of SA360 and the lack of “feature parity” between Google Ads and Microsoft Ads.

Google argues that summary judgment is appropriate on Plaintiffs’ SA360 theory because “[t]he record contains no support for Plaintiffs’ only theory of anticompetitive harm—that SA360s feature design and development process has foreclosed advertisers from running campaigns on Microsoft Bing’s search advertising platform.” Google Colorado Mot. at 36–37.[20] “Plaintiffs

[20] Google further argues that “Plaintiffs have not even *attempted* to estimate the market foreclosure caused by Google’s [SA360] feature development decisions, much less quantify it.” Google Colorado Mot. at 37. Plaintiffs correctly note that Google’s foreclosure argument “conflates exclusive dealing and exclusionary conduct,” and that “[t]he ‘substantial foreclosure’ test applies only to exclusive dealing contracts.” Colorado Opp’n at 36. “The difference

have identified *no* advertiser who was prevented or even dissuaded from buying search ads on Microsoft Ads because of SA360's feature (un)availability," Google argues, "[n]or can they show that any purported feature delay, individually or collectively, caused advertisers to buy less search advertising on Microsoft Ads, which is their theory of anticompetitive harm." *Id.* at 37. "There is literally no record evidence that any lack of specific features for Microsoft Ads on SA360 affects advertisers' ability or propensity to buy search ads. . . . Nor is there any evidence that advertising spend in the alleged markets would have increased on Microsoft Ads had SA360 developed features for Microsoft Ads ***sooner***." *Id.* at 38.

Plaintiffs respond that "by offering 'day zero support' for new SA360 features for Google Ads—but not for rival advertising platforms—[Google] makes ad campaigns more efficient on Google than on Bing (and other actual or potential competitors)," and thus "steers ad spend towards Google and away from its competitors." Colorado Opp'n at 34. "When advertisers cannot access Microsoft Ads features that would make their ad campaigns more efficient and productive, they spend less on Microsoft Ads, which widens the scale gap." *Id.* Furthermore, advertisers are compelled to use SA360 because "Google's undisputed general search monopoly makes Google Search a 'must have' for digital advertisers" and "all other advertising alternatives—such as using native advertising tools, switching SEM tools, or using multiple SEM tools—are costly and burdensome for advertisers that place ads on multiple online channels." *Id.* Plaintiffs argue that "Google's claim that advertisers can simply switch SEM tools or avoid SEM tools altogether ignores these market realities." *Id.*

---

between the traditional rule of reason and the rule of reason for exclusive dealing is that in the exclusive dealing context, courts are bound by *Tampa Electric*'s requirement to consider substantial foreclosure." *McWane, Inc. v. F.T.C.*, 783 F.3d 814, 835 (11th Cir. 2015) (citing *Microsoft*, 253 F.3d at 69). Plaintiffs are not required to proffer evidence of substantial foreclosure resulting from Google's SA360 conduct because it is not an exclusive dealing contract.

The court finds that there is a genuine dispute of material fact as to anticompetitive effects in the alleged markets that precludes summary judgment. Specifically, Plaintiffs point to an internal Microsoft email as evidence that "Microsoft estimated that the feature disparity for auction-time bidding, dynamic search ads, and responsive search ads cost it as much as [redacted]" Colorado SMF ¶ 124; *see* Colorado 470 Exs., ECF No. 470, Ex. 168, ECF No. 470-8 [hereinafter Colorado Ex. 168], at 3; Colorado 466 Exs., ECF No. 466, Ex. 21, ECF No. 466-21, at 241:2–5 (testimony from [redacted]"). Google responds that Plaintiffs' "entire causation theory hangs on" this "back of the napkin" calculation, Hr'g Tr. at 145–46, and "none of the Microsoft witnesses who testified in this case . . . who sent the email containing the estimate . . . were able to account for the data or methodology behind . . . the estimate, including how much was attributable to SA360 alone." Google Colorado CSMF ¶ 124. Maybe so. But Google's effort to discount this evidence goes to its weight and, at this stage, the court must draw all reasonable inferences in Plaintiffs' favor. Summary judgment is not appropriate in the circumstances.

Google further contends that this "unsubstantiated claim of 'spend shift' from Bing to Google on SA360" is not relevant because "the antitrust laws were not designed to . . . protect particular competitors, as opposed to competition itself." Google Colorado Mot. at 39. Google is right that the antitrust laws are not meant to protect competitors, but that is not the salient issue here. The issue is whether Google's delayed rollout of SA360 support for Microsoft Ads inhibited or dissuaded advertisers from placing ads on its competitor's search engine, thereby harming competition in the general search advertising market. Plaintiffs offer some evidence that it has.

Colorado Ex. 168 at 3. The issue of whether advertiser spending actually shifted from Microsoft Ads to Google Ads due to the lack of full feature parity on SA360 is a disputed material fact that precludes a finding of summary judgment.

Finally, Google argues that, at most, Plaintiffs have established a "transitory delay" in providing parity of services in SA360 that does not rise to a Section 2 violation. Google Colorado Mot. at 45. It contends that "building complex features like automated bidding for Google Ads and Microsoft Ads takes substantial time and resources," and notes that "SA360's integration of Google Ads' auction-time bidding feature took at least three years to build." *Id.* at 44. Yet, Google admits to evidence suggesting that it was "technically feasible" for Google to have introduced auction-time bidding for Microsoft Ads sooner, but it did not do so because achieving parity was not a priority. Google Colorado CSMF ¶¶ 114–115. It also does not dispute that a smaller competitor was able to bring auction-time bidding on its platform within a shorter time period and that, once that feature became active, it had a material impact on "sales conversions." *Id.* ¶¶ 112–113. Thus, there remains a genuine dispute of material fact as to whether the time it took Google to create feature parity for Microsoft Ads on SA360 was a mere "transitory delay," or whether the delay was intended to harm competition. *See Microsoft*, 253 F.3d at 59 ("Evidence of the intent behind the conduct of a monopolist is relevant only to the extent it helps us understand the likely effect of the monopolist's conduct."). Accordingly, the SA360 component of the Colorado Plaintiffs' claims survive summary judgment.

### C. Additional Theories of Anticompetitive Effect

Finally, Google asks the court to grant summary judgment as to those elements of Plaintiffs' claims related to Google's Android Compatibility Commitments ("ACCs") and Anti-

Fragmentation Agreements ("AFAs"), Google Assistant, Internet-of-Things ("IoT") Devices, and the Android Open-Source Project ("AOSP"). Google DOJ Mot. at 43–50.

*1. ACCs and AFAs*

Google's ACCs (previously known as AFAs) prohibit manufacturers from distributing devices that do not comply with Google's hardware and software specifications." *See* Google DOJ SMF ¶ 270 (ACCs specify that "'[a]ll devices based on Android that [an OEM] manufactures, distributes or markets will be Android Compatible Devices,' which are defined as devices that comply with the [Android Compatibility Definition Document]."). Plaintiffs allege that the ACCs and AFAs "restrict manufacturers' ability to build and distribute innovative versions of mobile phones . . . smart TVs, watches, and automotive devices" and "inhibit the development of an operating system based on an Android fork that could serve as a viable path to market for a search competitor." DOJ Am. Compl. ¶¶ 71, 126–32. Google argues that summary judgment is appropriate because Plaintiffs provide no evidence that "limitations on OEMs' marketing of incompatible Android devices has a substantial anticompetitive effect in a search or search advertising market." Google DOJ Mot. at 44.

Plaintiffs' opposition mentions ACCs and AFAs once in passing in a footnote, and simply states that "[o]n top of the MADA's own compatibility requirements, the MADA also generally requires OEMs to have signed either an Antifragmentation Agreement (AFA) or an Android Compatibility Commitment (ACC), which separately prevent OEMs from distributing Android devices (with limited exceptions) that do not comply with Google's [Compatibility Definition Document], regardless of whether the OEM preinstalls [Google's proprietary apps] or not." DOJ Opp'n at 13 n.7. Because Plaintiffs offer no evidence showing that ACCs and AFAs have an

anticompetitive effect in the relevant markets, summary judgment is granted with respect to those parts of the claims.

2. *Google Assistant and IoT Devices*

Plaintiffs' Complaint alleges anticompetitive conduct related to the promotion of Google Assistant in IoT devices, which are "internet-enabled devices such as smart speakers, home appliances, and automobiles." DOJ Am. Compl. ¶¶ 12, 139–41, 163. "Google's Assistant, like Apple's Siri or Amazon's Alexa, is a virtual assistant that can respond to voice commands" to perform various tasks. Google DOJ Mot. at 47. "Google's MADAs have recently included the Google Assistant and made it the out-of-the-box default assistant; and Google's Android RSAs with OEMs and carriers provide for forms of increased promotion for Google Assistant." *Id.*

Google argues that summary judgment is warranted on claims related to Google Assistant because "[n]one of Plaintiffs' experts opine on Google's IoT Agreements" and "Google's Assistant agreements lack any substantial anticompetitive effect in search." *Id.* at 47–48. Plaintiffs' opposition does not address the Google Assistant arguments. *See generally* DOJ Opp'n. Accordingly, summary judgment is granted to the extent Plaintiffs' claims rest on conduct relating to Google Assistant. *See Wilkins v. Jackson*, 750 F. Supp. 2d 160, 162 (D.D.C. 2010) ("It is well established that if a plaintiff fails to respond to an argument raised in a motion for summary judgment, it is proper to treat that argument as conceded."); *Sykes v. Dudas*, 573 F. Supp. 2d 191, 202 (D.D.C. 2008) ("[W]hen a party responds to some but not all arguments raised on a Motion for Summary Judgment, a court may fairly view the unacknowledged arguments as conceded.").

3. *Android Open-Source Project (AOSP)*

Finally, Google asks this court to grant summary judgment on the parts of Plaintiffs' claims relating to "Google's decisions regarding which Android apps to develop on an open-source or

proprietary basis." Google DOJ Mot. at 26. Plaintiffs' Complaint does not allege that Google's decision-making regarding the AOSP had an anticompetitive effect in the relevant markets. Plaintiffs do allege, however, that "[o]ver time, Google has chosen to include important features and functionality in Google's own ecosystem of proprietary apps and [application program interfaces], rather than the open-source Android code," DOJ Am. Compl. ¶ 73, and "as the functionality gap between open-source Android apps and Google's proprietary apps grows, developers are more dependent on [Google Play Services]," *id.* ¶ 75.

In their opposition brief, Plaintiffs repeat that "[o]ver time, Google has removed or deprecated many AOSP apps (e.g., calendar, camera, email) and placed newly developed features exclusively within its proprietary apps and services." DOJ Opp'n at 12. Yet, they offer no proof of any anticompetitive effect in the relevant markets. Accordingly, summary judgment is entered in Google's favor to the extent Plaintiffs' claims rest on AOSP development decisions.

## VI. CONCLUSION

For the stated reasons, Google's Motion for Summary Judgment in the DOJ Action, ECF No. 421, is granted in part with respect to the parts of Plaintiffs' claims that rest on allegations relating to ACCs, AFAs, Google Assistant, IoT Devices, and AOSP. Google's Motion for Summary Judgment in the Colorado Action, ECF No. 426, is granted insofar as it is premised on Google's conduct directed against SVPs. Google's motions are otherwise denied.

Dated: August 3, 2023

Amit P. Mehta
United States District Judge

[redacted]

# Exhibit 2

[redacted]

# Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11

Designation List Report

**Baker, Mitchell** **2022-01-06**

| | |
|---|---|
| Google Affirmative | 00:41:02 |
| DOJ Counter | 00:36:34 |
| **TOTAL RUN TIME** | **01:17:35** |

Documents linked to video:
D280
D2036
U898
U979
U1070

oncue

ID: 26Baker_short_v11

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| 15:12 - 15:15 | **Baker, Mitchell 2022-01-06**<br>15:12 Could you state your full name for<br>15:13 the record.<br>15:14 A. My full name is Winifred Mitchell<br>15:15 Baker. | 00:00:09 | 26Baker_short_v1 1.1 |
| 19:18 - 19:25 | **Baker, Mitchell 2022-01-06**<br>19:18 Q. Are you the chairwoman of the Mozilla<br>19:19 Foundation board today?<br>19:20 A. Yes, I am.<br>19:21 Q. And are you -- do you also have a<br>19:22 role at the Mozilla Corporation?<br>19:23 A. Yes, I do. I have had different<br>19:24 roles at the Mozilla Corporation. Currently, I'm<br>19:25 the CEO. | 00:00:23 | 26Baker_short_v1 1.2 |
| 20:07 - 20:10 | **Baker, Mitchell 2022-01-06**<br>20:07 You've been with Mozilla in one<br>20:08 capacity or another since its founding in 2003?<br>20:09 A. Yes, in a range of different<br>20:10 capacities, yes. | 00:00:13 | 26Baker_short_v1 1.3 |
| 20:11 - 20:15 | **Baker, Mitchell 2022-01-06**<br>20:11 Q. Today am I right that you are the<br>20:12 Chief Executive Officer of the Mozilla Corporation?<br>20:13 A. Yes. That started as interim in<br>20:14 December of 2019, and as a permanent CEO I think in<br>20:15 April of 2020. | 00:00:19 | 26Baker_short_v1 1.4 |
| 33:17 - 33:19 | **Baker, Mitchell 2022-01-06**<br>33:17 Q. Ms. Baker, does Mozilla make certain<br>33:18 search engines available in the Firefox browser?<br>33:19 A. Yes, we do. | 00:00:12 | 26Baker_short_v1 1.5 |
| 33:21 - 33:24 | **Baker, Mitchell 2022-01-06**<br>33:21 Do the search engines that Mozilla<br>33:22 makes available in the Firefox browser, is that<br>33:23 choice that Mozilla makes important to the<br>33:24 competitiveness of the browser? | 00:00:12 | 26Baker_short_v1 1.6 |
| 34:01 - 34:13 | **Baker, Mitchell 2022-01-06**<br>34:01 A. We have found the search experience<br>34:02 in the browser to be fundamental to the browser. In<br>34:03 fact, you know, for many, many years, many people | 00:00:54 | 26Baker_short_v1 1.7 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 34:04 didn't -- you know, weren't able to distinguish<br>34:05 between where -- what was Firefox and what was<br>34:06 search, and so the overall search experience is, you<br>34:07 know, one of the fundamental use cases of the<br>34:08 browser, and so the quality of the search<br>34:09 experience, whether it works for your users, whether<br>34:10 people like it is -- maybe it's the fundamental use<br>34:11 case, but if it's not the fundamental, it's one of<br>34:12 the handful of things that are the most critical<br>34:13 about a browser. | | |
| 39:01 - 39:02 | **Baker, Mitchell 2022-01-06**<br>39:01 Q. How has Mozilla generated the revenue<br>39:02 to develop and maintain Firefox? | 00:00:05 | 26Baker_short_v1 1.8 |
| 39:04 - 39:15 | **Baker, Mitchell 2022-01-06**<br>39:04 A. Mozilla's major source of revenue<br>39:05 comes through the search functionality and the<br>39:06 revenue shares for search that Google does with most<br>39:07 of the Web I guess.<br>39:08 Q. Are there other --<br>39:09 A. I should say we have -- sorry. We<br>39:10 have revenues from Bing and used to be from Yahoo!<br>39:11 and Yandex and, you know, other search engines, and<br>39:12 increasingly, we've been working to diversify, you<br>39:13 know, revenue into other areas. Still the bulk of<br>39:14 it comes from search and the bulk of the Search<br>39:15 revenue comes from Google. | 00:00:48 | 26Baker_short_v1 1.9 |
| 45:15 - 45:17 | **Baker, Mitchell 2022-01-06**<br>45:15 Q. Has revenue from the agreements that<br>45:16 you have with Google funded the development of<br>45:17 Mozilla products other than Firefox? | 00:00:09 | 26Baker_short_v1 1.10 |
| 45:19 - 45:21 | **Baker, Mitchell 2022-01-06**<br>45:19 A. Our Search revenue has funded<br>45:20 products other than Firefox, yes, and the Search<br>45:21 revenue, the bulk of that is Google. | 00:00:09 | 26Baker_short_v1 1.11 |
| 46:24 - 48:01 | **Baker, Mitchell 2022-01-06**<br>46:24 Q. Are you familiar with the concept of<br>46:25 a default search engine in a Web browser?<br>47:01 A. I am familiar with that, yes.<br>47:02 Q. Can you explain what that is? | 00:02:06 | 26Baker_short_v1 1.12 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|

47:03 A. Sure. Maybe I'll start with kind of
47:04 the why. The -- you know, the software that we use
47:05 is complex enough when you get to the computers and
47:06 devices, that many users want their device or the
47:07 software -- I'll talk about browsers. You want the
47:08 browser to work when it starts, and so the
47:09 default -- in Firefox, the default in the search
47:10 box, the awesome bar in Firefox, is what happens if
47:11 the user makes no choice.
47:12 We're very big on choice, and so it's
47:13 always been a key principal of our search philosophy
47:14 that users always have choice, and we try to make it
47:15 easy for people to pick a different search engine if
47:16 they want it. It's right there in the UI and we
47:17 reject exclusivity, and so we try to make it easy
47:18 for people to find other search engines and to use
47:19 them, and we combine that with the default of what
47:20 happens if you open a browser, you look at the
47:21 search box and you just want to type something in
47:22 and get an answer, and so if you make no other
47:23 choice, you'll get the default.
47:24 Q. Has that structure that you described
47:25 always been in place on the Firefox browser since it
48:01 was first introduced?

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| 48:03 - 49:15 | **Baker, Mitchell 2022-01-06** | 00:02:47 | 26Baker_short_v1 1.13 |

48:03 A. Firefox browsers have had a search
48:04 box for a long time before 1.0. So somewhere
48:05 before -- yeah, so somewhere early in the Firefox
48:06 development cycle there was a search box. That's
48:07 always been there. The search box used to be
48:08 separate from the awesome bar, so the place of it
48:09 has moved a little bit. That's changed.
48:10 The concept of a default search has
48:11 always been there and from when we made a consumer
48:12 product, so Firefox 1.0, the prevalent or the
48:13 existence of multiple search engines in the product
48:14 has always been there. That was a requirement of
48:15 our search partnership agreement, that we would not
48:16 have defaults and that we would make it -- you know,
48:17 so maybe in Firefox, it's common today, although you

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | | | DURATION | ID |
|---|---|---|---|---|---|
| | 48:18 | | don't see it in all browsers, but there is Google, | | |
| | 48:19 | | there used to be Yahoo!, there is Bing. Now, we've | | |
| | 48:20 | | got, you know, others right in the UI. Like that's | | |
| | 48:21 | | rare, you know, and that was a requirement to -- of | | |
| | 48:22 | | our first deal, that we were not doing anything | | |
| | 48:23 | | exclusive and we would honor user choice. And that | | |
| | 48:24 | | turned out to be kind of rare in the tech industry. | | |
| | 48:25 | | You know, Microsoft has overridden | | |
| | 49:01 | | people's default to Firefox. I think last November | | |
| | 49:02 | | they did it yet again. They make it hard to make a | | |
| | 49:03 | | change, and when we do make a change, you know, like | | |
| | 49:04 | | overriding the default, so we work hard to go in the | | |
| | 49:05 | | opposite direction and help promote discovery for | | |
| | 49:06 | | the other search engines are there, and Firefox, you | | |
| | 49:07 | | can change the default if you want, and even easier, | | |
| | 49:08 | | every time you do a search, we give you an option of | | |
| | 49:09 | | another search engine so you can do a search in | | |
| | 49:10 | | Amazon or Bing, you know, right there if you want | | |
| | 49:11 | | to. | | |
| | 49:12 | Q. | When you mentioned your first deal, | | |
| | 49:13 | | which deal were you referring to? | | |
| | 49:14 | A. | The 2004 was our first deal with | | |
| | 49:15 | | Google and Yahoo!. | | |
| 49:16 - 49:23 | **Baker, Mitchell 2022-01-06** | | | 00:00:29 | 26Baker_short_v1 1.14 |
| | 49:16 | Q. | In your experience, do competing | | |
| | 49:17 | | browsers also come with preset default search | | |
| | 49:18 | | engines? | | |
| | 49:19 | A. | Yes. | | |
| | 49:20 | Q. | Are you familiar with any browser -- | | |
| | 49:21 | | sorry. Finish your answer, please. | | |
| | 49:22 | A. | I was going to say, and often not | | |
| | 49:23 | | nearly as easy to change the default as in Firefox. | | |
| 52:04 - 52:06 | **Baker, Mitchell 2022-01-06** | | | 00:00:09 | 26Baker_short_v1 1.15 |
| | 52:04 | Q. | At the time that Mozilla entered into | | |
| | 52:05 | | this agreement, did it consider Google to be | | |
| | 52:06 | | offering a high quality search product to users? | | |
| 52:08 - 52:19 | **Baker, Mitchell 2022-01-06** | | | 00:01:06 | 26Baker_short_v1 1.16 |
| | 52:08 | A. | When we entered this agreement, there | | |
| | 52:09 | | was nothing in the world like Google. Prior to | | |
| | 52:10 | | Google, there had been Excite and Infoseek and the | | |

| DESIGNATION | SOURCE | | | DURATION | ID |
|---|---|---|---|---|---|
| | 52:11 | | Yahoo! directory. I'm not sure if Microsoft had | | |
| | 52:12 | | started their search at this time, but Google was | | |
| | 52:13 | | way ahead. Like search in those days was miraculous | | |
| | 52:14 | | and so there was nothing like Google. | | |
| | 52:15 | | I mean, it's hard to remember how | | |
| | 52:16 | | earth-shattering search was when Google changed the | | |
| | 52:17 | | game with their page rank from what, you know, | | |
| | 52:18 | | Yahoo! had been doing or the other things that we | | |
| | 52:19 | | called search. | | |
| 52:22 - 54:16 | **Baker, Mitchell 2022-01-06** | | | 00:03:38 | 26Baker_short_v1 |
| | 52:22 | | Did Mozilla consider making different | | 1.17 |
| | 52:23 | | search engines other than Google its default in | | |
| | 52:24 | | 2004? | | |
| | 52:25 | A. | Yes. We also spent a lot of time | | |
| | 53:01 | | with Yahoo! discussing whether they should be the | | |
| | 53:02 | | default search engine or not, and Google turned out | | |
| | 53:03 | | to be better for us in a number of different ways. | | |
| | 53:04 | Q. | Could you explain the different ways | | |
| | 53:05 | | in which Google turned out to be better for Mozilla? | | |
| | 53:06 | A. | Well, first as I say it was the | | |
| | 53:07 | | search which was before -- when we -- before Google | | |
| | 53:08 | | went public, and they went public somewhere in | | |
| | 53:09 | | there, but when we started talking to them about | | |
| | 53:10 | | this, they weren't public. They were, as I said, | | |
| | 53:11 | | the very exciting new capability that all the | | |
| | 53:12 | | developers and early adopters and people who loved | | |
| | 53:13 | | the internet were using. So that was one. | | |
| | 53:14 | | Second, they spent the time with | | |
| | 53:15 | | Sergey in particular, they spent the time to | | |
| | 53:16 | | understand us, and we're still an unusual | | |
| | 53:17 | | organization, but then we were harder to understand. | | |
| | 53:18 | | You know, in this era, open source | | |
| | 53:19 | | was not main stream. Firefox was the first open | | |
| | 53:20 | | source product to be adopted by consumers. Before | | |
| | 53:21 | | Firefox, the conventional wisdom was that open | | |
| | 53:22 | | source was for geeks only, and you couldn't build a | | |
| | 53:23 | | good product from open source. | | |
| | 53:24 | | So Google spent the time to | | |
| | 53:25 | | understand that. We built our product with an open | | |
| | 54:01 | | source community, and so we -- local communities | | |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|

54:02 were important in localizing the product in
54:03 different languages, and so we said things like, Oh,
54:04 if we're going to make Google the default in country
54:05 X, say Germany, say France, I, Mitchell, here can't
54:06 promise that for you. We have a community of open
54:07 source volunteers who produce the German and French
54:08 versions, and I have to go to them and talk to them
54:09 about whether this makes sense as a default in the
54:10 language they're creating with us, and that sounded
54:11 even odder today -- I mean, odder than it does now,
54:12 and it was Google that spent the time to say, Well,
54:13 it's working. We like your product so we'll make
54:14 these changes. And so they really spent a lot of
54:15 time to do that and made changes in their system for
54:16 us, and Yahoo! was not willing to do that.

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| 55:02 - 56:07 | **Baker, Mitchell 2022-01-06** | 00:02:38 | 26Baker_short_v1 1.18 |

55:02 Q. Did you consider setting a default
55:03 search engine to be inconsistent with Mozilla's
55:04 mission of user choice?
55:05 A. We do not consider that at odds. One
55:06 of the things that is unusual or maybe not unique,
55:07 especially now, but what's highly unusual about
55:08 Mozilla is that we're trying to create this internet
55:09 accessible to all with the characteristics of a
55:10 manifesto by competing in the consumer marketplace.
55:11 And that's different -- that's a different piece
55:12 than advocating policy or a different piece than
55:13 describing the world we want, and the hard part is
55:14 we -- balancing like the purity of what we want or
55:15 the purity of the manifesto with the consumer
55:16 marketplace because consumers are very often
55:17 interested in convenience, ease, and often choice
55:18 when something isn't working, and so we always live,
55:19 I call it, the art of product.
55:20 If we build the thing we think is
55:21 perfect for the mission, it's very likely dead in
55:22 the market. Like consumers are a force. They make
55:23 decisions about what works for them, and so we are
55:24 always trying to balance what is it that makes a
55:25 product work that consumers vote and say, This is

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|

56:01 helping me, and how are we moving our mission
56:02 forward in those products, and so we felt, A,
56:03 consumers are choosing Google. We're making search
56:04 easy for them, and we had added choice in this
56:05 product in a way that no one else had or had even
56:06 thought of, and we're making it easy. So that's a
56:07 pretty good balance.

56:08 - 56:12 **Baker, Mitchell 2022-01-06** 00:00:11 26Baker_short_v1 1.19

56:08 Q. I realize you were working from
56:09 memory describing sort of how one would change
56:10 search engines in Firefox.
56:11 Let me mark an exhibit that might
56:12 help show that graphically.

56:25 - 58:04 **Baker, Mitchell 2022-01-06** 00:02:38 26Baker_short_v1 1.20

D2036
D2036.2.4

56:25 Q. And, Ms. Baker, I'm going to be
57:01 asking you for the most part about the graphic on
57:02 page two. So let me know when you've had a chance
57:03 to look at that.
57:04 A. Okay. I have looked at it and I see
57:05 the graphic.
57:06 Q. Could you -- could you explain using
57:07 the graphic, Ms. Baker, how a user would select a
57:08 different search engine in Firefox?
57:09 A. If you look at the box with the
57:10 rounded edges at the top and there is the caret at
57:11 the left, that caret gives you this drop-down menu
57:12 and then you select the one you want.
57:13 Q. Has Mozilla had commercial
57:14 relationships for revenue sharing with some of the
57:15 other search engines listed in this graphic in
57:16 exhibit two?
57:17 A. Yahoo!, yes; Google, yes; Bing, yes.;
57:18 DuckDuckGo, yes. This one I think is from the time
57:19 of 2014. I don't think DuckDuckGo is in the 1.0
57:20 version. Amazon, as I said, we had an affiliate,
57:21 and Amazon has an affiliate program, and so this
57:22 Amazon.com may well have gone to an affiliate
57:23 program.
57:24 By 2014, I wasn't, you know, the
57:25 management team negotiating these, so there may have

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| Clear | 58:01 been an Amazon agreement at that point, but I don't<br>58:02 know of one. Twitter, I don't recall, and<br>58:03 Wikipedia, I don't recall we've ever had a revenue<br>58:04 agreement with them. | | |
| 62:09 - 62:18 | **Baker, Mitchell 2022-01-06**<br>62:09 Q. And do you recall that there came a<br>62:10 point in time when Mozilla switched to a different<br>62:11 default search engine for Firefox in the United<br>62:12 States?<br>62:13 A. Yes, I remember that.<br>62:14 Q. And which happen search engine and<br>62:15 when was that?<br>62:16 A. Mozilla switched to Yahoo! as the<br>62:17 default search engine in the U.S., and I see from<br>62:18 the documents that was 2014. | 00:00:32 | 26Baker_short_v1 1.21 |
| 68:12 - 68:21 | **Baker, Mitchell 2022-01-06**<br>68:12 Q. At the time that Mozilla was deciding<br>68:13 which search engine to pick as its default in 2014,<br>68:14 did it consider the financial compensation offered<br>68:15 by each of these three search engines?<br>68:16 A. The financial aspect is an element of<br>68:17 our consideration.<br>68:18 Q. What are the other elements of your<br>68:19 considerations?<br>68:20 A. What our users want and look for and<br>68:21 the ability to drive our mission forward. | 00:00:46 | 26Baker_short_v1 1.22 |
| 70:04 - 71:01 | **Baker, Mitchell 2022-01-06**<br>70:04 Q. And why did you not select Bing as<br>70:05 your default search provider?<br>70:06 A. I can speak to why we selected<br>70:07 Yahoo!, and my memories of that are clear, and I<br>70:08 think that covers why not Bing.<br>70:09 (Stenographer clarification.)<br>70:10 A. Yeah, why we did not select Bing.<br>70:11 Q. Would you explain that? Why not<br>70:12 Bing?<br>70:13 A. Well, we selected Yahoo! for the<br>70:14 ability to work with -- you know, a new CEO, a<br>70:15 turnaround CEO from a search background, who was --<br>70:16 wanted to make a big bet on us and search and the | 00:01:48 | 26Baker_short_v1 1.23 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 70:17 combination of the search engine that Yahoo! had and<br>70:18 the browser piece that Mozilla had for the future<br>70:19 and that was the selection of Yahoo! -- or at least<br>70:20 that's why ultimately in our selection of Yahoo! I<br>70:21 agreed, and those things weren't present in the<br>70:22 Microsoft setting so.<br>70:23 Q. Can you explain why they weren't<br>70:24 present in the Microsoft setting?<br>70:25 A. No, I can't. Why Microsoft makes the<br>71:01 decisions it does, I don't know. | | |
| 71:02 - 71:05 | **Baker, Mitchell 2022-01-06**<br>71:02 Q. Okay. At the time that you selected<br>71:03 Yahoo!, did you consider Yahoo! to be on par with<br>71:04 Google in terms of search quality?<br>71:05 A. We did not. | 00:00:17 | 26Baker_short_v1 1.24 |
| 71:06 - 71:07 | **Baker, Mitchell 2022-01-06**<br>71:06 Q. And how did you expect to address<br>71:07 that problem? | 00:00:04 | 26Baker_short_v1 1.25 |
| 71:09 - 72:20 | **Baker, Mitchell 2022-01-06**<br>71:09 A. We expected a few things to happen.<br>71:10 One -- and many of these or all of them probably,<br>71:11 you know, were detailed in our contract. One, we<br>71:12 expected that the relationship between Mozilla and<br>71:13 Yahoo! or Firefox and Yahoo! Search engine would be<br>71:14 a significant part of the future of each of the two<br>71:15 companies. We expected that Marissa, as she said,<br>71:16 wanted to make a big bet there. We expected that<br>71:17 actually to continue to be important. We saw that<br>71:18 if that bet succeeded, Yahoo!'s future looked a lot<br>71:19 brighter than it did. And, in fact, that bet failed<br>71:20 and Yahoo! is gone. We survived, but so that was<br>71:21 one.<br>71:22 We expected Yahoo! to reduce the<br>71:23 number of ads. One of the issues with the search<br>71:24 experience that user's experience is how many ads<br>71:25 you see before you get to what you're looking for,<br>72:01 and sometimes the ads are okay, if they are exactly<br>72:02 what you're looking for, but Yahoo! had many, many,<br>72:03 many more ads on a search results page, and so we<br>72:04 expected that to decline. | 00:02:31 | 26Baker_short_v1 1.26 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 72:05 We expected to be able to work with | | |
| | 72:06 Yahoo! to innovate, and we expected them to invest | | |
| | 72:07 in a set of specific things about search results or | | |
| | 72:08 search experience that I think were outlined in the | | |
| | 72:09 contract. | | |
| | 72:10 Q. Did you expect as of 2014 that it was | | |
| | 72:11 possible, if Yahoo! made those investments, for | | |
| | 72:12 Yahoo! to get to parity with Google? | | |
| | 72:13 A. Yes. | | |
| | 72:14 Q. You mentioned a Marissa. Do you | | |
| | 72:15 recall her last name? | | |
| | 72:16 A. Marissa Mayer, who was an early | | |
| | 72:17 employee at Google and deep in the search experience | | |
| | 72:18 and credited with a chunk of Google's early search | | |
| | 72:19 book. She was a turnaround CEO who came to Yahoo! | | |
| | 72:20 not too long before this. | | |
| 73:06 - 73:10 | **Baker, Mitchell 2022-01-06** | 00:00:27 | 26Baker_short_v1 1.27 |
| | 73:06 Q. Ms. Baker, can you identify exhibit | | |
| | 73:07 five for the record? | | |
| | 73:08 A. The exhibit is titled: Strategic | | |
| | 73:09 agreement, and it's an agreement between Yahoo! or | | |
| | 73:10 three or four Yahoo! entities and Mozilla from 2014. | | |
| 74:01 - 74:03 | **Baker, Mitchell 2022-01-06** | 00:00:10 | 26Baker_short_v1 1.28 |
| | 74:01 Q. After the 2014 agreement in exhibit | | |
| | 74:02 five was signed, did Yahoo!, in fact, bring its | | |
| | 74:03 product to parity with Google? | | |
| 74:05 - 74:11 | **Baker, Mitchell 2022-01-06** | 00:00:33 | 26Baker_short_v1 1.29 |
| | 74:05 A. My recollection is that there was a | | |
| | 74:06 moment at the launch of Yahoo! where the experience | | |
| | 74:07 was either -- was close or at parity. I don't know | | |
| | 74:08 which, but that it was close enough that the product | | |
| | 74:09 got to a point where we launched with Yahoo!. That | | |
| | 74:10 didn't last, but there was a high point around the | | |
| | 74:11 launch. | | |
| 74:24 - 76:23 | **Baker, Mitchell 2022-01-06** | 00:03:54 | 26Baker_short_v1 1.30 |
| | 74:24 Q. Can you explain what you mean, | | |
| | 74:25 Ms. Baker, by it didn't last? | | |
| | 75:01 A. As we went forward, the product or | | |
| | 75:02 the search experience that Yahoo! was providing to | | |

| DESIGNATION | SOURCE | | DURATION | ID |
|---|---|---|---|---|

75:03 Firefox users deteriorated and -- yes.
75:04 Q. Can you explain the reasons why in
75:05 your view the search experience that Yahoo! was
75:06 offering deteriorated?
75:07 A. I recall our discussions about the
75:08 number of ads on the page and those ads would go up,
75:09 you know, those ads are a way of meeting your
75:10 quarterly revenue targets for the market. So it's
75:11 possible to have ads and generate revenue even
75:12 though the experience for users is bad.
75:13 And the other piece that I remember
75:14 is that we had high dropoff of users, and I myself
75:15 struggled, and as a Firefox user, you know, I myself
75:16 would do a search and wonder why can't I find what I
75:17 need, and then realize, oh, and switch to Google,
75:18 because Firefox makes it easy, so I use the same
75:19 search query and I go to the UI, I use Google. I
75:20 find what I wanted. You know, and that happens so
75:21 many times that finally I gave up. I mean, I use
75:22 Firefox, but I couldn't even use the product
75:23 experience we were shipping as our default. So that
75:24 was pretty heartbreaking.
75:25 Q. Can you explain, Ms. Baker, what you
76:01 mean by "high dropoff of users"?
76:02 A. By high dropoff of users, I meant the
76:03 number of Firefox users who use the default search
76:04 functionality.
76:05 Q. Did the loading of Yahoo! as the
76:06 default search engine also impact the number of
76:07 users who stayed with Firefox?
76:08 A. The number of users who stayed with
76:09 Firefox declined noticeably during the years when
76:10 Yahoo! was the default. It is difficult to make a
76:11 direct absolute connection. Like so high
76:12 correlation, but, of course, Chrome market share has
76:13 been growing for years and Firefox has been
76:14 declining, so that may not be the only feature, but
76:15 that period we found very high dropoff in the use of
76:16 the search experience we were providing. We found
76:17 our users trying all sorts of different ways to get
76:18 back to Google, and we experienced lots of people

| DESIGNATION | SOURCE | | | DURATION | ID |
|---|---|---|---|---|---|
| | 76:19 | | leaving Firefox and, you know, many of them we can't | | |
| | 76:20 | | trace directly, but, you know, Chrome marketplace | | |
| | 76:21 | | grew at that time, so you assume a good portion of | | |
| | 76:22 | | them just went to Chrome where Google Search is | | |
| | 76:23 | | built in. | | |
| 77:18 - 77:20 | **Baker, Mitchell 2022-01-06** | | | 00:00:12 | 26Baker_short_v1 1.31 |
| | 77:18 | Q. | Ms. Baker, in your view, did Yahoo! | | |
| | 77:19 | | comply with its obligations in its agreement with | | |
| | 77:20 | | Mozilla in exhibit five? | | |
| 78:09 - 78:12 | **Baker, Mitchell 2022-01-06** | | | 00:00:14 | 26Baker_short_v1 1.32 |
| | 78:09 | A. | I felt strongly that Yahoo! was not | | |
| | 78:10 | | delivering the search experience that we needed and | | |
| | 78:11 | | had contracted for and our users were telling us | | |
| | 78:12 | | that. | | |
| 79:20 - 79:22 | **Baker, Mitchell 2022-01-06** | | | 00:00:10 | 26Baker_short_v1 1.33 |
| | 79:20 | | At the time that Mozilla terminated | | |
| | 79:21 | | its agreement with Yahoo!, did it undertake a | | |
| | 79:22 | | process to select a different default search engine? | | |
| 79:24 - 80:06 | **Baker, Mitchell 2022-01-06** | | | 00:00:32 | 26Baker_short_v1 1.34 |
| | 79:24 | A. | Yes. | | |
| | 79:25 | Q. | And what factors did Mozilla consider | | |
| | 80:01 | | in that process? | | |
| | 80:02 | A. | What our users want. Like what is -- | | |
| | 80:03 | | what's the product that we're putting in the market | | |
| | 80:04 | | and you -- like general consumers respond well to it | | |
| | 80:05 | | and what do they want? What's the nature of the | | |
| | 80:06 | | relationship with the search provider? | | |
| 80:15 - 80:24 | **Baker, Mitchell 2022-01-06** | | | 00:00:40 | 26Baker_short_v1 1.35 |
| | 80:15 | Q. | Which search engine did Mozilla | | |
| | 80:16 | | actually choose to replace Yahoo!? | | |
| | 80:17 | A. | We replaced Yahoo! with Google. | | |
| | 80:18 | Q. | And why did you choose Google? | | |
| | 80:19 | A. | Because our users made it clear that | | |
| | 80:20 | | they look for and want and expect Google, and that | | |
| | 80:21 | | when they get Google Search results and Google as | | |
| | 80:22 | | the default, that's what they expect, and they're | | |
| | 80:23 | | happy, and because we were able to reach an | | |
| | 80:24 | | agreement with Google, that made sense for us. | | |
| 87:17 - 87:24 | **Baker, Mitchell 2022-01-06** | | | 00:00:39 | 26Baker_short_v1 |

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|

87:17 Q. Ms. Baker, why did Mozilla extend the — 1.36
87:18 term of its agreement with Google for Google to be
87:19 the default search engine in Firefox in 2020?
87:20 A. Because the search experience that
87:21 Firefox users are receiving from Google when they
87:22 use Firefox is the search experience that we want.
87:23 The users continue to tell us that and we reached,
87:24 you know, an agreement that made sense with Google.

88:03 - 88:06 **Baker, Mitchell 2022-01-06** 00:00:16 26Baker_short_v1

88:03 Q. Ms. Baker, did Mozilla recently — 1.37
88:04 launch an innovation known as Firefox Suggest?
88:05 A. Yes, Firefox Suggest is an
88:06 innovation, in fact, Firefox.

90:04 - 90:11 **Baker, Mitchell 2022-01-06** 00:00:20 26Baker_short_v1

90:04 Do you recall the year in which — 1.38
90:05 Mozilla launched Firefox Suggest?
90:06 A. Yes, it was recently, 2021, like the
90:07 fall of 2021.
90:08 Q. Understood.
90:09 So it was after entering into the
90:10 extension with Google in exhibit nine in 2020?
90:11 A. Yes, it was.

90:12 - 91:03 **Baker, Mitchell 2022-01-06** 00:01:19 26Baker_short_v1

90:12 Q. I just want to depict, sort of — 1.39
90:13 understand visually how Suggest works. If you could
90:14 turn to the third page -- well, actually, let me
D280.1 — 90:15 start with, Ms. Baker, what is exhibit 10.
D280.1.2 — 90:16 A. Exhibit 10 looks like a blog post,
90:17 and it's got the URL blog.Mozilla.org. So there is
90:18 a Mozilla blog post describing Firefox Suggest.
D280.3.1 — 90:19 Q. And if you take a look at the third
90:20 page of exhibit 10, do you see the graphic at the
90:21 top of the page?
90:22 A. Yes, I do.
90:23 Q. Can you explain using the graphic how
90:24 Firefox Suggest works?
90:25 A. Firefox Suggest -- as you type,
91:01 Firefox Suggest provides suggestions of what you
91:02 might be looking for and that allows you to go there
91:03 directly.

26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| 93:01 - 93:06<br>D280.4<br>D280.4.4<br>Clear | **Baker, Mitchell 2022-01-06**<br>93:01 Q. If you'd turn to page four of exhibit<br>93:02 10, can you explain the different search engine that<br>93:03 Firefox Suggest proposes to the user in that query?<br>93:04 A. In this example, Firefox Suggest asks<br>93:05 if you're interested in shopping for Van shoes on<br>93:06 eBay. | 00:00:30 | 26Baker_short_v1 1.40 |
| 94:15 - 94:19 | **Baker, Mitchell 2022-01-06**<br>94:15 Q. Ms. Baker, could you explain what the<br>94:16 letter in exhibit 11 is.<br>94:17 A. The letter is -- explains what the<br>94:18 difficulties in a world in which Mozilla's option<br>94:19 for search is Microsoft Bing. | 00:00:26 | 26Baker_short_v1 1.41 |
| 95:01 - 95:04 | **Baker, Mitchell 2022-01-06**<br>95:01 Q. Did Mozilla authorize its lawyers at<br>95:02 Crowell & Moring to send this letter to the<br>95:03 Department of Justice?<br>95:04 A. Yes. | 00:00:09 | 26Baker_short_v1 1.42 |
| 96:10 - 96:13 | **Baker, Mitchell 2022-01-06**<br>96:10 Q. Ms. Baker, can you explain why it is<br>96:11 that Mozilla's ability to compete in the browser<br>96:12 market would be severely undermined in the manner<br>96:13 explained in the letter? | 00:00:11 | 26Baker_short_v1 1.43 |
| 96:21 - 98:03 | **Baker, Mitchell 2022-01-06**<br>96:21 A. We would suffer harm in a set of<br>96:22 different ways. One, our users have shown us that<br>96:23 when Google isn't default, they find ways to get to<br>96:24 Google. They type in Google.com. They change the<br>96:25 default. They go elsewhere. So that puts us in a<br>97:01 fight with our users.<br>97:02 Second, when Microsoft has a power of<br>97:03 market, it is not a good partner. That's been true<br>97:04 for much of its history, and we see it with its<br>97:05 operating system today. Microsoft continues to try<br>97:06 to thwart consumers to use Firefox. It uses its<br>97:07 operating system. It overrides user choice in order<br>97:08 to make it hard to use Firefox and, you know, to<br>97:09 make it harder for people to switch from Bing, but<br>97:10 our issue is our experience with Microsoft, when | 00:02:27 | 26Baker_short_v1 1.44 |

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 97:11 they have power, they use it in ways, you know, that<br>97:12 our experience is far worse than our relationship<br>97:13 with Google.<br>97:14 Third, giving -- you know, Microsoft<br>97:15 has the power of the market. It's the only option.<br>97:16 No history of Microsoft being generous in that<br>97:17 setting. So I wouldn't know what a negotiation<br>97:18 looks like. Sorry, I had no choice. You've been<br>97:19 trying to kill Firefox every way you can. You're<br>97:20 our only possible partner. That's like a death<br>97:21 spiral. And then fourthly, I'd say that we worked<br>97:22 to build, as I said earlier, you know, protocols and<br>97:23 internet capabilities, and Microsoft is not a<br>97:24 partner in that either. So you add all those up and<br>97:25 here we are stuck with a company that, you know,<br>98:01 actively uses its operating system to thwart user<br>98:02 choice to Firefox as our partner? Like business<br>98:03 negotiations don't go well in that setting. | | |
| 100:03 - 100:16 | **Baker, Mitchell 2022-01-06**<br>100:03 Q. Ms. Baker, if I could direct your<br>100:04 attention to the second sentence of the second<br>100:05 paragraph on page two where it says: As shown by<br>100:06 the contemporaneous documents provided to the<br>100:07 antitrust division, Mozilla Corporation has<br>100:08 carefully weighed the quality of the search product<br>100:09 and user experience offered by both Google Search<br>100:10 and Microsoft Bing and has determined that Google is<br>100:11 the clear winner when it comes to product experience<br>100:12 and what users want.<br>100:13 Do you see that language?<br>100:14 A. Yes, I do.<br>100:15 Q. Does that remain your view in January<br>100:16 of 2022? | 00:00:39 | 26Baker_short_v1 1.45 |
| 100:18 - 101:11 | **Baker, Mitchell 2022-01-06**<br>100:18 A. Yes, it does.<br>100:19 Q. If I could direct your attention --<br>100:20 A. Microsoft shifts -- if you look at<br>100:21 the desktop computers in the world, Microsoft has a<br>100:22 massive, massive, massive amount of that, and they<br>100:23 ship with Bing and even with that level of putting | 00:01:05 | 26Baker_short_v1 1.46 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 100:24 their product in front of users, users go to Google.<br>100:25 Q. If you could look at the third<br>101:01 paragraph on page two where it says: Mozilla<br>101:02 Corporation's analyses have shown that Microsoft<br>101:03 Bing, when compared to Google Search, has poor user<br>101:04 retention, lower follow on Search volume, and lower<br>101:05 monetization rates, all of which would significantly<br>101:06 threaten Mozilla Corporation's competitive and<br>101:07 financial viability.<br>101:08 Do you see that, Ms. Baker?<br>101:09 A. Yes, I see that.<br>101:10 Q. Does that remain your view in January<br>101:11 of 2022? | | |
| 101:13 - 101:13 | **Baker, Mitchell 2022-01-06**<br>101:13 A. Yes, it does. | 00:00:01 | 26Baker_short_v1 1.47 |
| 102:02 - 102:07 | **Baker, Mitchell 2022-01-06**<br>102:02 Q. Ms. Baker, did the Department of<br>102:03 Justice interview you before it brought this<br>102:04 lawsuit?<br>102:05 A. Interviewed me personally?<br>102:06 Q. Yes.<br>102:07 A. No. | 00:00:14 | 26Baker_short_v1 1.49 |
| 127:12 - 128:08 | **Baker, Mitchell 2022-01-06**<br>127:12 Did you know what Firefox's peak<br>127:13 market share on desktop among browsers was?<br>127:14 A. As, you know, measured externally, I<br>127:15 think our peak was something like 32 percent in the<br>127:16 U.S., right. It varies wildly by geography, but in<br>127:17 the U.S., the peak was somewhere like 30 or<br>127:18 something like that. Not as high as you would<br>127:19 expect --<br>127:20 Q. I think if we get to a certain color,<br>127:21 you'll see it shows 32 percent high. Did that occur<br>127:22 in roughly 2009?<br>127:23 A. That I don't know.<br>127:24 Q. Is Firefox -- Firefox's market share<br>127:25 among browsers in the desktop setting under 10<br>128:01 percent today?<br>128:02 A. Again, depends on geography, but it's<br>128:03 somewhere around there in the U.S. I don't have the | 00:01:23 | 26Baker_short_v1 1.50 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 128:04 exact figure though.<br>128:05 Q. It's somewhere around 10 percent?<br>128:06 A. I think so. I don't know. Well, I<br>128:07 don't know exactly, but it was far lower than it was<br>128:08 in the past. | | |
| 134:09 - 135:05 | **Baker, Mitchell 2022-01-06**<br>134:09 Q. What is -- what is Firefox's market<br>134:10 share among browsers on mobile?<br>134:11 A. Very, very small, but for some of the<br>134:12 reasons that I described. It's very difficult to<br>134:13 compete in these, you know, highly integrated<br>134:14 systems where the device manufacturer provides the<br>134:15 full stack on top. So I don't know what this number<br>134:16 is here, but, you know, if it's actually -- if it's<br>134:17 totally accurate in 2019, or if we would have agreed<br>134:18 with the methodology in 2019, but the point that<br>134:19 Firefox market share on mobile browsers is small is<br>134:20 correct.<br>134:21 Q. Is Firefox's market share on mobile<br>134:22 browsers less than 1 percent?<br>134:23 A. I don't know.<br>134:24 Q. Okay. And Firefox has an app that --<br>134:25 a browser app that is available for download on both<br>135:01 Apple and Google phones; correct?<br>135:02 A. Yes.<br>135:03 Q. And the availability of those apps<br>135:04 have not helped Firefox grow its market share on<br>135:05 mobile; correct? | 00:01:14 | 26Baker_short_v1 1.51 |
| 135:08 - 135:22 | **Baker, Mitchell 2022-01-06**<br>135:08 A. I -- well, our mobile usage is<br>135:09 growing today, like says 2019. So I'd say the<br>135:10 browser apps on a mobile phone are absolutely<br>135:11 necessary and do help in our usage on mobile phones,<br>135:12 and having an aftermarket app that people have to<br>135:13 find and install and you have to struggle if you can<br>135:14 make them your default and find them is exceedingly<br>135:15 difficult for us. It's only recently you can even<br>135:16 set Firefox as a default on iOS, and even when you<br>135:17 can, you know, you get all the logos of Apple and<br>135:18 Google and this funky little default browser at the | 00:01:16 | 26Baker_short_v1 1.52 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 135:19 bottom. It shocks me every time, and I'm like, Oh,<br>135:20 yeah, that's where Firefox is. So we need the apps.<br>135:21 Others you've got zero and yet even with the apps,<br>135:22 it's a hard competitive setting. | | |
| 136:11 - 136:18 | **Baker, Mitchell 2022-01-06**<br>136:11 Q. Okay. Ms. Baker, is it correct that<br>136:12 Firefox is not typically the preset default browser<br>136:13 on either desktop computers or mobile phones in the<br>136:14 United States?<br>136:15 A. Yes, it is.<br>136:16 Q. And are customers more willing in the<br>136:17 desktop computer setting to switch away from the<br>136:18 default browser and to instead use Firefox? | 00:00:25 | 26Baker_short_v1 1.53 |
| 136:21 - 136:25 | **Baker, Mitchell 2022-01-06**<br>136:21 A. I'm not quite sure how to answer<br>136:22 that. I mean, like the data -- I don't know. Like<br>136:23 clearly more people have made that shift on desktop<br>136:24 historically than have made it on mobile, but that's<br>136:25 all I really know on that. | 00:00:25 | 26Baker_short_v1 1.54 |
| 139:20 - 139:23 | **Baker, Mitchell 2022-01-06**<br>139:20 Q. Is it fair to say that merely having<br>139:21 an app in an app store is not an effective means to<br>139:22 gain distribution on mobile phones for a browser,<br>139:23 Ms. Baker? | 00:00:13 | 26Baker_short_v1 1.55 |
| 140:01 - 141:04 | **Baker, Mitchell 2022-01-06**<br>140:01 A. I say merely having an app in the app<br>140:02 store is a very difficult way to compete with the<br>140:03 preloaded defaults.<br>140:04 Q. And why is that?<br>140:05 A. Because each person who gets that<br>140:06 phone has to make a conscious decision and go<br>140:07 through a lot of work to get your product. Find the<br>140:08 app, get it, download it, install it, and then very<br>140:09 often the operating systems continue to make it<br>140:10 difficult for that user to actually enjoy the<br>140:11 default that they've set. So often there is another<br>140:12 app and it's got links in it. So you're in some<br>140:13 other app with a link and you click on that link.<br>140:14 What happens? Well, behind the scenes, you know, | 00:01:56 | 26Baker_short_v1 1.56 |

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | | | DURATION | ID |
|---|---|---|---|---|---|
| | 140:15 | | there is something where that app connects and | | |
| | 140:16 | | connects to the OS and says, Hey, I have something a | | |
| | 140:17 | | browser should open, what should I do with it? | | |
| | 140:18 | | And if the OS sets it -- sends it to | | |
| | 140:19 | | the factory default, then even though I've selected | | |
| | 140:20 | | Firefox as my browser, when I click on that link, I | | |
| | 140:21 | | don't get Firefox. I'm back in the other browser, | | |
| | 140:22 | | and so it's just -- it's very hard, you know, when | | |
| | 140:23 | | people are trying to choose you as a product to be | | |
| | 140:24 | | able to access them and for them to access us. | | |
| | 140:25 | Q. | Can we go back to an earlier | | |
| | 141:01 | | question, Ms. Baker? As you sit here today, is it | | |
| | 141:02 | | your testimony that you don't know whether Google | | |
| | 141:03 | | makes it difficult for Firefox to be preloaded on | | |
| | 141:04 | | Android phones? | | |
| 141:08 - 141:13 | **Baker, Mitchell 2022-01-06** | | | 00:00:29 | 26Baker_short_v1 1.57 |
| | 141:08 | A. | My testimony was -- let me say. My | | |
| | 141:09 | | testimony is I understand it is difficult to do | | |
| | 141:10 | | distribution deals with OEMs for an Android device | | |
| | 141:11 | | and that they struggle to be able to make those | | |
| | 141:12 | | deals work for us. | | |
| | 141:13 | | Specifics beyond that, I don't know. | | |
| 145:13 - 145:23 | **Baker, Mitchell 2022-01-06** | | | 00:00:25 | 26Baker_short_v1 1.58 |
| | 145:13 | Q. | Okay. I'm going to ask you about a | | |
| | 145:14 | | couple of your comments. | | |
| | 145:15 | | You said: The idea that someone is | | |
| | 145:16 | | going to arise and have a new search engine that's | | |
| | 145:17 | | really different any time soon is pretty rare, and | | |
| | 145:18 | | part of that is the experience, it's the data, it's | | |
| | 145:19 | | the history of searching that makes Google so much | | |
| | 145:20 | | better. | | |
| | 145:21 | | Ms. Baker, you think -- did you think | | |
| | 145:22 | | it's unlikely that a new search engine will arise | | |
| | 145:23 | | and directly challenge Google? | | |
| 146:01 - 146:14 | **Baker, Mitchell 2022-01-06** | | | 00:00:49 | 26Baker_short_v1 1.59 |
| | 146:01 | A. | I think the head on challenge to the | | |
| | 146:02 | | model that Google has is unlikely. I think Bing is | | |
| | 146:03 | | evidence of that. The richest companies in the | | |
| | 146:04 | | world with the biggest distribution channel in the | | |
| | 146:05 | | world trying to take Google head on and can't | | |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 146:06 succeed. | | |
| | 146:07 The technology, you know, has a way, | | |
| | 146:08 things change, you know, a new experience develops. | | |
| | 146:09 But I still continue to think that taking Google as | | |
| | 146:10 a challenge head on and trying to beat it in the | | |
| | 146:11 current search model, like, you know, succeeding in | | |
| | 146:12 that is really hard. You know, there are some | | |
| | 146:13 companies out there trying it, but it's pretty | | |
| | 146:14 tough. | | |
| 188:20 - 188:22 | **Baker, Mitchell 2022-01-06** | 00:00:07 | 26Baker_short_v1 1.60 |
| | 188:20 Q. Okay. What Google pays Mozilla for | | |
| | 188:21 through its revenue share is the out of the box | | |
| | 188:22 default; correct? | | |
| 188:25 - 189:14 | **Baker, Mitchell 2022-01-06** | 00:00:34 | 26Baker_short_v1 1.61 |
| | 188:25 A. Yes. | | |
| | 189:01 Q. And -- | | |
| | 189:02 A. Shipped with Firefox, yes. | | |
| | 189:03 Q. The first time a user launches the | | |
| | 189:04 Firefox browser, Google is the preset default search | | |
| | 189:05 engine; right? | | |
| | 189:06 A. Yes, if you type in the search box | | |
| | 189:07 and you make no other choice, the search goes to | | |
| | 189:08 Google. | | |
| | 189:09 Q. No action is required by the user to | | |
| | 189:10 make Google the default in the first instance; | | |
| | 189:11 right? | | |
| | 189:12 A. That's right. | | |
| | 189:13 Q. And that's what Google is paying for | | |
| | 189:14 through the revenue share; right? | | |
| 189:18 - 190:17 | **Baker, Mitchell 2022-01-06** | 00:01:11 | 26Baker_short_v1 1.62 |
| | 189:18 A. Well, that -- that's the obligation | | |
| | 189:19 that we have, but I -- I don't want to say -- you | | |
| | 189:20 know, I don't want to speak for Google about what | | |
| | 189:21 they're paying for, but that's the product design | | |
| | 189:22 that they agreed to. | | |
| | 189:23 Q. And to be clear, it's not a secret | | |
| | 189:24 that Firefox users can change the Firefox default, | | |
| | 189:25 default search engine at any time; right? | | |
| | 190:01 A. That's right. We try hard to tell | | |
| | 190:02 people. | | |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 190:03 Q. And it's not a secret that Mozilla's<br>190:04 philosophy is to make it relatively easy for users<br>190:05 to change the default; right?<br>190:06 A. Right.<br>190:07 Q. And to your understanding, is Google<br>190:08 aware that Firefox users can change the default<br>190:09 search engine at any time?<br>190:10 A. My understanding is, indeed, they are<br>190:11 aware.<br>190:12 Q. And Google still pays Mozilla<br>190:13 hundreds of millions of dollars a year through its<br>190:14 revenue share to be the default search engine on the<br>190:15 Firefox browser; right?<br>190:16 A. Yes. Google generates billions on<br>190:17 that business. | | |
| 190:21 - 191:02 | **Baker, Mitchell 2022-01-06**<br>190:21 I said Google generates billions on<br>190:22 that business, and they -- and the rev share ends up<br>190:23 in the hundreds of millions of dollars, yes, that's<br>190:24 right.<br>190:25 Q. Google generates billions of dollars<br>191:01 as a result of being the default search engine on<br>191:02 the Firefox browser; right? | 00:00:22 | 26Baker_short_v1 1.63 |
| 191:05 - 191:15 | **Baker, Mitchell 2022-01-06**<br>191:05 A. So let me again be specific, and the<br>191:06 billions of dollars I haven't actually calculated,<br>191:07 but let me say Google generates many -- you know,<br>191:08 multiples of the amount of money they pay us. And,<br>191:09 yes, it is -- the revenue share for us ends up in<br>191:10 the hundreds of millions of dollars a year.<br>191:11 Q. Is it true that Mozilla makes more<br>191:12 money today overall in the annual payments it gets<br>191:13 for the Firefox default position than it did a<br>191:14 decade ago, back in 2011 and 2012, when Mozilla's<br>191:15 usage in market share were higher? | 00:00:40 | 26Baker_short_v1 1.64 |
| 191:18 - 191:23 | **Baker, Mitchell 2022-01-06**<br>191:18 A. Our revenue has increased over time.<br>191:19 Q. And that revenue comes -- strike<br>191:20 that.<br>191:21 And the vast majority of that revenue | 00:00:15 | 26Baker_short_v1 1.65 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 191:22 comes from Search advertising; correct?<br>191:23 A. Yes. | | |
| 198:18 - 198:20 | **Baker, Mitchell 2022-01-06**<br>198:18 Q. Did there come a time when Mozilla<br>198:19 switched from a revenue share percentage to a flat<br>198:20 fee arrangement with Google? | 00:00:05 | 26Baker_short_v1 1.66 |
| 198:23 - 199:16 | **Baker, Mitchell 2022-01-06**<br>198:23 A. Mozilla had a flat fee -- one of the<br>198:24 agreements was a flat fee agreement.<br>198:25 Q. Was that the -- was that agreement<br>199:01 struck in 2011?<br>199:02 A. I would have to look.<br>199:03 Q. Okay. If you'd look at tab nine in<br>199:04 your binder.<br>199:05 MR. HAFENBRACK: I believe this will<br>199:06 be exhibit 17.<br>199:07 (Whereupon, document MOZ-LIT-037173<br>199:08 through 037208, is received and marked as Exhibit 17<br>199:09 for Identification.)<br>199:10 A. Sorry, tab nine is -- sorry, A, B, C,<br>199:11 D, E --<br>199:12 BY MR. HAFENBRACK:<br>199:13 Q. Oh, in the -- in the DOJ binder.<br>199:14 A. Okay. Tab nine.<br>199:15 Q. Binders galore.<br>199:16 A. Okay. Item nine. | 00:00:42 | 26Baker_short_v1 1.67 |
| 199:23 - 200:22 | **Baker, Mitchell 2022-01-06**<br>199:23 Q. And is this -- Ms. Baker, is this the<br>199:24 2011 amendment to the Mozilla/Google sponsorship<br>199:25 agreement?<br>200:01 A. That's what it says.<br>200:02 Q. Okay.<br>200:03 A. December 2001.<br>200:04 Q. I'd like to direct your attention to<br>200:05 page 11, which is Bates 7183. And if you look at<br>200:06 toward the bottom of the page, there is another<br>200:07 section four, fees and payment.<br>200:08 A. Yes.<br>200:09 Q. Then subsection A specifies that<br>200:10 Google will make to Mozilla an initial payment of | 00:01:13 | 26Baker_short_v1 1.68 |

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 200:11 $66 million.<br>200:12 Do you see that?<br>200:13 A. Yes, I do.<br>200:14 Q. And then subsection B specifies that<br>200:15 beginning in March 2012, Google was required to make<br>200:16 23 million-dollar monthly payments.<br>200:17 Do you see that?<br>200:18 A. Yes, I do.<br>200:19 Q. 23 million is roughly 275 million a<br>200:20 year; right?<br>200:21 A. Sorry. I -- I could take your word<br>200:22 for it. | | |
| 201:19 - 201:22 | **Baker, Mitchell 2022-01-06**<br>201:19 MR. HAFENBRACK: And we'll mark this<br>201:20 as exhibit 18. I believe it's been dropped in the<br>201:21 chat. This is a document Bates stamped Mozilla<br>201:22 litigation 116. | 00:00:09 | 26Baker_short_v1<br>1.69 |
| 202:01 - 202:09 | **Baker, Mitchell 2022-01-06**<br>202:01 BY MR. HAFENBRACK:<br>202:02 Q. Do you recognize this document,<br>202:03 Ms. Baker.<br>202:04 A. (No response.)<br>202:05 Q. I couldn't hear your response.<br>202:06 A. Yes, I do.<br>202:07 Q. And is this -- is this Mozilla's<br>202:08 consolidated financial statement for 2012 and 2013?<br>202:09 A. Yes. | 00:00:22 | 26Baker_short_v1<br>1.104 |
| 204:08 - 204:25 | **Baker, Mitchell 2022-01-06**<br>204:08 BY MR. HAFENBRACK:<br>204:09 Q. Ms. Baker, direct your attention to<br>204:10 page 19 of this -- the page numbered 19 of this<br>204:11 exhibit. It's Bates stamped 136.<br>204:12 A. I have found that page.<br>204:13 Q. Okay. And do you see in the middle<br>204:14 it says: Note eight, concentrations of risk?<br>204:15 A. Yes, I see that.<br>204:16 Q. And under that the paragraph reads:<br>204:17 Mozilla entered into a contract with a search engine<br>204:18 provider for royalties which expires November 2014.<br>204:19 Approximately 90 percent of royalty revenue for 2013 | 00:01:02 | 26Baker_short_v1<br>1.70 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 204:20 and 2012 was derived from this contract.<br>204:21 Do you see that?<br>204:22 A. Yes, I do.<br>204:23 Q. And the search engine provider here<br>204:24 refers to Google; correct?<br>204:25 A. Yes. | | |
| 205:04 - 205:06 | **Baker, Mitchell 2022-01-06**<br>205:04 So Mozilla got 90 percent of its<br>205:05 royalty revenue from Google in 2012 and 2013; right?<br>205:06 A. Yes, what this says. | 00:00:11 | 26Baker_short_v1 1.71 |
| 216:03 - 216:06 | **Baker, Mitchell 2022-01-06**<br>216:03 Q. What characteristics does the<br>216:04 provider need to have in order to fulfill the search<br>216:05 engine function as the preset default search engine<br>216:06 in the Firefox browser? | 00:00:11 | 26Baker_short_v1 1.72 |
| 216:09 - 217:12 | **Baker, Mitchell 2022-01-06**<br>216:09 A. You have a product, again, you know,<br>216:10 that people want, what they want, maybe they have a<br>216:11 reasonable business relationship with us, and in<br>216:12 this case you're also looking for people who can<br>216:13 innovate and build in the search space and there<br>216:14 aren't that many of them.<br>216:15 Q. How many were there in 2014?<br>216:16 A. Well, if you look at the full search<br>216:17 product, including the back-end, there is Bing,<br>216:18 Yahoo! -- excuse me, Bing and -- there is Bing and<br>216:19 Google, and then Yahoo! is a bit of a hybrid because<br>216:20 their back-end came from Bing, but they had very<br>216:21 long experience in search. Actually, maybe the<br>216:22 oldest, you know, of all of those companies and a<br>216:23 fair amount of energy and experience in building a<br>216:24 back-end. You know, they ultimately gave up and<br>216:25 used Bing, but they're different and they, you<br>217:01 know -- someone today in that they have the ability<br>217:02 of understanding of the back-end as well.<br>217:03 Q. For the Firefox default search<br>217:04 engine, is Mozilla looking for a general search<br>217:05 engine that responds to all different types of user<br>217:06 queries?<br>217:07 A. That is -- yes, that is what we have | 00:02:04 | 26Baker_short_v1 1.73 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 217:08 done.<br>217:09 Q. A vertical provider that focuses on<br>217:10 one category of content would not be appropriate as<br>217:11 the default search engine for the Firefox browser;<br>217:12 right? | | |
| 217:15 - 218:05 | **Baker, Mitchell 2022-01-06**<br>217:15 A. I think that's right. I can<br>217:16 remember, you know, product stuff, if commerce<br>217:17 becomes what people do with desktop browsers, you<br>217:18 know, it depends on -- a little bit on user<br>217:19 experience and how people end up using desktop<br>217:20 browsers over time. You know, if people use their<br>217:21 phones more, there is use case on browsers on the<br>217:22 desktop changes that's certainly in the setting<br>217:23 today, yes.<br>217:24 Q. And Mozilla has never considered<br>217:25 Amazon to replace Google as the preset default<br>218:01 search engine; right?<br>218:02 A. That's right.<br>218:03 Q. And that's because Amazon provides<br>218:04 responses to a discrete set of commercial queries,<br>218:05 not all queries; right? | 00:00:46 | 26Baker_short_v1 1.74 |
| 218:08 - 218:11 | **Baker, Mitchell 2022-01-06**<br>218:08 A. The user experience trying to use<br>218:09 general search with only Amazon would not be good.<br>218:10 Q. And the same is true for Facebook;<br>218:11 right? | 00:00:08 | 26Baker_short_v1 1.75 |
| 218:14 - 219:02 | **Baker, Mitchell 2022-01-06**<br>218:14 A. I'm not sure how Facebook would work<br>218:15 in that setting, but it's also -- when people go to<br>218:16 the search bar, they're not expecting to end up<br>218:17 inside Facebook, so that would be a periodic<br>218:18 experience.<br>218:19 Q. Firefox users wouldn't be happy if<br>218:20 Facebook was the default search engine and all<br>218:21 searches resulted in Facebook pages; right?<br>218:22 A. Yes. I'm just trying to think<br>218:23 Firefox -- sorry, Facebook as a search engine,<br>218:24 stumbling there a bit, but yes, if you were to go to<br>218:25 the search box in Firefox and put in a query and you | 00:00:49 | 26Baker_short_v1 1.76 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 219:01 always ended up inside Facebook, our users would not<br>219:02 be happy. That would not be a good experience. | | |
| 219:17 - 219:18 | **Baker, Mitchell 2022-01-06**<br>219:17 Q. How do you think of a general search<br>219:18 engine? | 00:00:01 | 26Baker_short_v1 1.77 |
| 219:21 - 219:25 | **Baker, Mitchell 2022-01-06**<br>219:21 A. The broad-based general search<br>219:22 engines, I think of them as you can enter any topic<br>219:23 and it searches what we might call -- well, this is<br>219:24 across the broad-based content available on the<br>219:25 internet. | 00:00:16 | 26Baker_short_v1 1.78 |
| 227:04 - 227:07 | **Baker, Mitchell 2022-01-06**<br>227:04 Q. Does any -- to your knowledge, does<br>227:05 any nonGoogle Search engine in the United States<br>227:06 have significant default distribution on mobile<br>227:07 phones? | 00:00:10 | 26Baker_short_v1 1.79 |
| 227:17 - 227:23 | **Baker, Mitchell 2022-01-06**<br>227:17 A. So, yeah, as a common layperson, I<br>227:18 can see that Apple ships Google and Android ships<br>227:19 Google. Yeah, so we have the same problem in our<br>227:20 world too.<br>227:21 Q. It's a brutal environment, mobile is<br>227:22 a brutal environment for nonGoogle Search engines;<br>227:23 right? | 00:00:26 | 26Baker_short_v1 1.80 |
| 228:01 - 228:03 | **Baker, Mitchell 2022-01-06**<br>228:01 A. For them and for us, I mean, so.<br>228:02 Q. It's a brutal environment for you and<br>228:03 for search engines; right? | 00:00:07 | 26Baker_short_v1 1.81 |
| 228:05 - 228:07 | **Baker, Mitchell 2022-01-06**<br>228:05 A. Yeah. So new environment search<br>228:06 engines -- I kind of think of Microsoft as a search<br>228:07 engine, but -- | 00:00:08 | 26Baker_short_v1 1.82 |
| 228:20 - 229:10<br>U1070 | **Baker, Mitchell 2022-01-06**<br>228:20 (Whereupon, document MOZ-LIT-001312<br>228:21 and 1313, is received and marked as Exhibit 20 for<br>228:22 Identification.)<br>228:23 BY MR. HAFENBRACK:<br>228:24 Q. This is a document Bates stamped | 00:01:16 | 26Baker_short_v1 1.83 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 228:25 Mozilla litigation 1312.<br>229:01 A. Okay.<br>229:02 Q. There is an email from you that<br>229:03 starts midway through the first page. I wanted to<br>229:04 ask you a couple of questions about your email.<br>229:05 Take a chance to look over the document though if<br>229:06 you'd like.<br>229:07 A. Okay. Okay. I'm fine here.<br>229:08 Q. And are these emails that you sent<br>229:09 and received in November 2014?<br>229:10 A. It looks that way. | | |
| 231:08 - 232:07 | **Baker, Mitchell 2022-01-06**<br>231:08 Q. Okay. I want to ask you about the<br>231:09 first paragraph on the second page of this exhibit,<br>231:10 which is Bates 1313, and in the fifth line down --<br>231:11 the fourth line down, sorry, that you say: This is<br>231:12 different from Google's strengths, and we expect it<br>231:13 to be useful for our users. As a second example, we<br>231:14 hear over and over that people find online tracking<br>231:15 to be creepy, so Yahoo! will be enabling do not<br>231:16 track for all Firefox users for searches and all<br>231:17 other interactions with Yahoo!<br>231:18 Do you see that?<br>231:19 A. Yes, I see that.<br>231:20 Q. What online tracking do users find to<br>231:21 be creepy in your experience?<br>231:22 A. Typically, it's that you are at one<br>231:23 site and you do a search query for something, shoes<br>231:24 we'll say, and that query follows you around the Web<br>231:25 and you see advertisements for shoes forever, and<br>232:01 whatever site you go to, they add a little notice,<br>232:02 we noticed that you're looking for shoes, and, you<br>232:03 know, the degree of which your actions in one site<br>232:04 of one service follow you around the web and are<br>232:05 served up to the ad system.<br>232:06 Q. And Google serves that kind of<br>232:07 targeted advertising; doesn't it? | 00:01:26 | 26Baker_short_v1 1.84 |
| 232:10 - 232:13 | **Baker, Mitchell 2022-01-06**<br>232:10 A. Yes, it does.<br>232:11 Q. I'm sorry. I'm not sure we caught | 00:00:07 | 26Baker_short_v1 1.85 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 232:12 your answer -- you said, yes, it does?<br>232:13 A. Yes, it does. | | |
| 235:25 - 236:04 | **Baker, Mitchell 2022-01-06**<br>235:25 Q. If Yahoo! had improved the quality of<br>236:01 its search engine when it was the Firefox default,<br>236:02 do you believe more Firefox users would have stuck<br>236:03 with Yahoo!<br>236:04 A. Yes. | 00:00:14 | 26Baker_short_v1 1.86 |
| 236:24 - 237:13 | **Baker, Mitchell 2022-01-06**<br>236:24 Q. Okay. Did Yahoo! begin to insert too<br>236:25 many ads into the search results page after becoming<br>237:01 the Firefox default?<br>237:02 A. That's my recollection.<br>237:03 Q. And when the search results page is<br>237:04 too crowded with ads, does that result in a bad user<br>237:05 experience?<br>237:06 A. That is my recollection what<br>237:07 happened.<br>237:08 Q. Users don't like too many ads; right?<br>237:09 A. That's my belief and I -- you know,<br>237:10 the team was very focused on going beyond, you know,<br>237:11 Mitchell, what is your belief, you know, let's say<br>237:12 beyond that, and so the materials that they<br>237:13 produced, I don't know what they were then. | 00:00:53 | 26Baker_short_v1 1.87 |
| 237:16 - 237:23<br>U898.1.1 | **Baker, Mitchell 2022-01-06**<br>237:16 MR. HAFENBRACK: We'll mark that as<br>237:17 exhibit 21.<br>237:18 (Whereupon, document MOZ-LIT-001467<br>237:19 and 1468, is received and marked as Exhibit 21 for<br>237:20 Identification.)<br>237:21 BY MR. HAFENBRACK:<br>237:22 Q. That's a document Bates stamped<br>237:23 MOZ-LIT-1467. This was a July 25 email. You're not | 00:00:07 | 26Baker_short_v1 1.88 |
| 237:24 - 238:24 | **Baker, Mitchell 2022-01-06**<br>237:24 on this email, Ms. Baker, but I wanted to ask you<br>237:25 about the email in the middle of the page from Kevin<br>238:01 Needham or a message from Kevin Needham.<br>238:02 Do you see that?<br>238:03 A. Yes, I do. | 00:01:22 | 26Baker_short_v1 1.105 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| Clear | 238:04 Q. Do you know what Kevin Needham's role<br>238:05 was at Google at this time -- or, I'm sorry, at<br>238:06 Mozilla? I didn't mean Google.<br>238:07 A. I don't recall exactly. He had<br>238:08 something to do with the business development<br>238:09 product connection.<br>238:10 Q. Okay. In the first paragraph of<br>238:11 Mr. Needham's message he writes: I don't think it's<br>238:12 just you. The Yahoo! team has been under continual<br>238:13 pressure to increase monetization of the SERP.<br>238:14 Do you see that?<br>238:15 A. Yes, I do.<br>238:16 Q. And the SERP refers to the search<br>238:17 engine results page; right?<br>238:18 A. That's the acronym, yes.<br>238:19 Q. Were you ever -- and this is separate<br>238:20 and apart from this document, Ms. Baker, were you<br>238:21 ever concerned that the 375 million-dollar minimum<br>238:22 payment that Yahoo! had agreed to make to Mozilla<br>238:23 would put it under pressure to increase short-term<br>238:24 revenues by adding more ads? | | |
| 239:02 - 239:12 | **Baker, Mitchell 2022-01-06**<br>239:02 A. I believe that is what -- the<br>239:03 $375 million was an amount that we agreed to based<br>239:04 on the modeling, the projections, and the hopes and<br>239:05 range of things. You know, it often happens when --<br>239:06 well, certainly quarter-by-quarter when the end of<br>239:07 the quarter comes and it's time to meet the numbers<br>239:08 that the market expects, people do things.<br>239:09 So my recollection is more Yahoo!<br>239:10 used their, you know, poor experience and adding ads<br>239:11 and monetization to try and drive a reduction in<br>239:12 their minimum. | 00:00:53 | 26Baker_short_v1 1.89 |
| 269:20 - 269:22 | **Baker, Mitchell 2022-01-06**<br>269:20 Q. Is Mozilla currently conducting an<br>269:21 experiment to switch the default for a certain<br>269:22 number of users, test users, from Google to Bing? | 00:00:11 | 26Baker_short_v1 1.90 |
| 269:25 - 270:01 | **Baker, Mitchell 2022-01-06**<br>269:25 A. We're conducting an experiment about<br>270:01 user experience with Bing. | 00:00:05 | 26Baker_short_v1 1.91 |

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| 270:11 - 270:22 | **Baker, Mitchell 2022-01-06**<br>270:11 Q. And is Mozilla considering replacing<br>270:12 Google with Bing as the default search engine?<br>270:13 A. When our agreements come up for<br>270:14 renewal, we historically looked at the market to see<br>270:15 what the options are and had discussions -- and had<br>270:16 discussions with Bing and often Yahoo!. So we do<br>270:17 use that at the time to look at market.<br>270:18 Q. And are you currently looking at the<br>270:19 market with an eye towards the expiration of the<br>270:20 current Google agreement?<br>270:21 A. We're conducting this experiment,<br>270:22 yes. | 00:00:46 | 26Baker_short_v1 1.92 |
| 271:08 - 271:11 | **Baker, Mitchell 2022-01-06**<br>271:08 Q. Do you agree that Mozilla would be<br>271:09 better off in its default search negotiations with<br>271:10 Google if there were other strong options Mozilla<br>271:11 could consider for the default in the United States? | 00:00:17 | 26Baker_short_v1 1.93 |
| 271:14 - 272:02 | **Baker, Mitchell 2022-01-06**<br>271:14 A. Competition in search market would<br>271:15 help us.<br>271:16 Q. How would it help Mozilla?<br>271:17 A. Because then there are more options.<br>271:18 Q. Is it Mozilla's current view that<br>271:19 Bing is the only potentially viable alternative to<br>271:20 Google as the Firefox default?<br>271:21 A. Again, the team is engaged in this,<br>271:22 but I'm trying to think of whether -- you know,<br>271:23 there is on the full search stack of what's the<br>271:24 back-end and who is actually doing searches. Right<br>271:25 now like a DuckDuckGo, that goes on top of Bing,<br>272:01 always looking at Bing, so you've got to look at<br>272:02 full stack. There aren't many alternatives. | 00:01:13 | 26Baker_short_v1 1.94 |
| 274:01 - 274:07 | **Baker, Mitchell 2022-01-06**<br>274:01 Q. Okay. Is it fair to say that Mozilla<br>274:02 has placed an increased emphasis on data privacy in<br>274:03 recent years?<br>274:04 A. I think it's always been a part of<br>274:05 Mozilla, it's in our manifest, so privacy and | 00:00:20 | 26Baker_short_v1 1.95 |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 274:06 security, but we certainly have a strong emphasis on | | |
| | 274:07 it and we talk about it a lot. | | |
| 276:12 - 276:15 | **Baker, Mitchell 2022-01-06** | 00:00:05 | 26Baker_short_v1 |
| U979.1 | 276:12 (Whereupon, document entitled State | | 1.96 |
| | 276:13 of Mozilla 2018, MOZ-000397 through 000416, is | | |
| | 276:14 received and marked as Exhibit 22 for | | |
| | 276:15 Identification.) | | |
| 276:22 - 278:18 | **Baker, Mitchell 2022-01-06** | 00:02:28 | 26Baker_short_v1 |
| U979.1.1 | 276:22 Q. Is this an annual report that's put | | 1.97 |
| | 276:23 together by Mozilla? | | |
| | 276:24 A. Yes. | | |
| | 276:25 Q. What's the audience and purpose for | | |
| | 277:01 the state of Mozilla report? | | |
| | 277:02 A. We historically do the state of | | |
| | 277:03 Mozilla when we make our financial statements | | |
| | 277:04 public, and so we have to explain the financial | | |
| | 277:05 statements or what's the context behind them, and | | |
| | 277:06 then typically we have a view of where we are. | | |
| | 277:07 Sometimes we're looking at the year that just | | |
| | 277:08 happened. Sometimes we're focused on the year | | |
| | 277:09 before, and it's aimed at that set of people who are | | |
| | 277:10 interested in Mozilla and what's happening. | | |
| | 277:11 Q. Okay. I'm going to ask you about a | | |
| | 277:12 couple of specific statements in this document. If | | |
| U979.3 | 277:13 you'd first please turn to the page that ends in | | |
| | 277:14 Bates 399. | | |
| | 277:15 A. All right. I'm there. | | |
| | 277:16 Q. Okay. I'm just going to read a | | |
| | 277:17 section of this and then ask a question about a | | |
| | 277:18 different page of this document. But this sets it | | |
| | 277:19 up. | | |
| U979.3.1 | 277:20 In the second paragraph, this | | |
| | 277:21 document says: To this end, we brought a key | | |
| | 277:22 privacy feature to our flagship Firefox browser | | |
| | 277:23 enabling tracking protection by default because we | | |
| | 277:24 believe that the price of embracing a digital | | |
| | 277:25 lifestyle shouldn't be giving up one's identity. | | |
| | 278:01 Do you see that? | | |
| | 278:02 A. Yes. | | |
| | 278:03 Q. Okay. And if you skip a couple of | | |

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| U979.6<br>U979.6.1 | 278:04 the pages to Mozilla 402, Bates 402, the last<br>278:05 sentence in the second paragraph says: After months<br>278:06 of experimentation and user and developer testing<br>278:07 and feedback, we successfully moved ETP to a default<br>278:08 feature in the Firefox browser.<br>278:09 Since July 2019, the Firefox browser<br>278:10 with ETP on by default has blocked more than<br>278:11 10 billion trackers, that's roughly 125 trackers per<br>278:12 day per Firefox user.<br>278:13 Do you see that?<br>278:14 A. Yes.<br>278:15 Q. And so Mozilla implemented ETP mode<br>278:16 or the ETP feature as the default in Firefox in<br>278:17 July 2019; is that right?<br>278:18 A. In July of 2019. | | |
| 278:21 - 280:10 | **Baker, Mitchell 2022-01-06** | 00:02:30 | 26Baker_short_v1 1.98 |
| Clear | 278:21 A. I'm just trying to make sure it<br>278:22 started in July 2019. I think that's the case. All<br>278:23 right. I see the line that says: Since July of<br>278:24 2019.<br>278:25 Q. Yep.<br>279:01 A. I just don't see when it says, you<br>279:02 know, turned it on in 2019, but --<br>279:03 Q. Ms. Baker, if it wasn't July 2019,<br>279:04 was it around July 2019?<br>279:05 A. Yes.<br>279:06 Q. And before -- first of all, why did<br>279:07 Mozilla enable ETP privacy mode by default in 2019?<br>279:08 A. Because we had done enough of the<br>279:09 testing to feel that it was ready for a general<br>279:10 audience. These things are hard because a feature<br>279:11 like ETP is blocking something that the website is<br>279:12 sending. That's why we wanted to build a browser,<br>279:13 because the website is doing something and we're<br>279:14 trying to protect people from what the website is<br>279:15 trying to do, but when you block things that a<br>279:16 website sends, it's very easy to break the<br>279:17 functionality, and so these tracking protection<br>279:18 things are much harder than you would think. And<br>279:19 it's part of the reason that the browser engine is | | |

| DESIGNATION | SOURCE | | | DURATION | ID |
|---|---|---|---|---|---|
| | 279:20 | | so important to us, is it allows you to do more. So | | |
| | 279:21 | | we developed a feature. I believe it had value for | | |
| | 279:22 | | the general consumer audience because you don't have | | |
| | 279:23 | | to do anything and these tracking mechanisms get | | |
| | 279:24 | | blocked. | | |
| | 279:25 | | So we developed the feature, but it's | | |
| | 280:01 | | a really slow rollout. You know, you start with | | |
| | 280:02 | | your friends, you know, I might even use this for | | |
| | 280:03 | | people who don't mind if they go to a website and it | | |
| | 280:04 | | breaks and it doesn't work and it helps with fixes. | | |
| | 280:05 | | So we had a feature that we thought was going to | | |
| | 280:06 | | help the general consumer audience, and we reached a | | |
| | 280:07 | | point where we tested and tuned and cleaned up | | |
| | 280:08 | | enough of these things that the breakage of websites | | |
| | 280:09 | | we felt was small enough that we could responsibly | | |
| | 280:10 | | release it. | | |
| 292:13 - 293:09 | **Baker, Mitchell 2022-01-06** | | | 00:01:13 | 26Baker_short_v11.99 |
| | 292:13 | Q. | Is your salary paid by the Mozilla | | |
| | 292:14 | | Corporation? | | |
| | 292:15 | A. | Yes, it is. | | |
| | 292:16 | Q. | Is your salary tied to Mozilla | | |
| | 292:17 | | Corporation's revenues? | | |
| | 292:18 | A. | Our KPIs, we have a set of KPIs, and | | |
| | 292:19 | | typically in one of them is revenue. | | |
| | 292:20 | Q. | Okay. What was your salary, plus any | | |
| | 292:21 | | bonuses, in 2020? | | |
| | 292:22 | A. | In 2020 -- so we're in 2022. 2020, I | | |
| | 292:23 | | think it was 2.5 million, something. I'm sorry, I | | |
| | 292:24 | | don't follow it as closely as you would think. | | |
| | 292:25 | Q. | Okay. | | |
| | 293:01 | A. | 2020 I think is public now. | | |
| | 293:02 | Q. | And in 2021, what was your salary, | | |
| | 293:03 | | plus any bonuses? | | |
| | 293:04 | A. | My salary went up. I don't actually | | |
| | 293:05 | | know what my 2021 salary is because finances are, | | |
| | 293:06 | | you know, not settled for another year or two -- I | | |
| | 293:07 | | mean, sorry, month, but it's more so -- it's | | |
| | 293:08 | | probably somewhere, I don't know, around 3 to | | |
| | 293:09 | | 5 million range. | | |
| 300:02 - 300:04 | **Baker, Mitchell 2022-01-06** | | | 00:00:08 | 26Baker_short_v1 |

**26Baker_short_v11 - Baker, Mitchell 2022.01.06 w.DOJ counter designations_v11**

| DESIGNATION | SOURCE | DURATION | ID |
|---|---|---|---|
| | 300:02 Q. Ms. Baker, has Mozilla ever<br>300:03 considered offering a search engine choice screen to<br>300:04 users when they first download the Firefox browser? | | 1.100 |
| 300:07 - 300:21 | **Baker, Mitchell 2022-01-06**<br>300:07 A. We -- we consider the user experience<br>300:08 and -- is this -- I don't know. And like the law of<br>300:09 physics in software cases that people say they want<br>300:10 choice, but they don't want to quick and make<br>300:11 decisions, and so you can see like there is research<br>300:12 among lots of places. The more -- the longer it<br>300:13 takes people to get to what they want to do, the<br>300:14 more dropoff there is, and our experience is that,<br>300:15 you know, people like opening up the browser and<br>300:16 being able to do what they want to do. So, yeah, we<br>300:17 thought about it from the very early days and<br>300:18 decided that the best consumer experience was to<br>300:19 have the default, the thing that people who don't<br>300:20 want to think about search engines expect, and then<br>300:21 to make it very easy after that. | 00:01:05 | 26Baker_short_v1<br>1.101 |

| | |
|---|---|
| Google Affirmative | 00:41:02 |
| DOJ Counter | 00:36:34 |
| **TOTAL RUN TIME** | **01:17:35** |

Documents linked to video:

D280

D2036

U898

U979

U1070

**ERRATA SHEET**

Notice and Cross-Notice Dates: November 12, 2021; November 19, 2021

Deposition Date: January 6, 2022

Deponent: W. Mitchell Baker

Case Names: *United States et al. v. Google LLC*, 1:20-cv-03010-APM; *Colorado et al. v. Google LLC*, 1:20-cv-03715-APM

| Page | Line | Now Reads | Should Read | Reason |
|---|---|---|---|---|
| 18 | 1 | "and am a part of that since" | "and have been a part of that since" | Transcription error |
| 18 | 5 | "and also property" | "and intellectual property" | Transcription error |
| 22 | 1 | "is being public benefit" | "is promoting public benefit" | Transcription error |
| 22 | 6 | "have corporation as one shareholder" | "have a corporation as one shareholder" | Transcription error |
| 24 | 8 | "end of lifed" | "end-of-lifed" | Transcription error |
| 24 | 13 | "have VPN product" | "have a VPN product" | Transcription error |
| 24 | 14 | "new product called Rulay" | "a new product called Relay" | Transcription error |
| 24 | 23 | "you know, Meta versus a phrase" | "you know, Metaverse, a phrase" | Transcription error |
| 24 | 24 | "but we don't want this reality and all" | "but we don't want virtual reality and all" | Transcription error |
| 26 | 13 | "browsers are exceedingly complex piece of software" | "browsers are an exceedingly complex piece of software" | Transcription error |
| 27 | 22-23 | "the deep technical mouse you never" | "the deep technical work you never" | Transcription error |

| | | | | |
|---|---|---|---|---|
| 36-37 | 25-1 | "provide Web live browser usage" | "provide Web-wide browser usage" | Transcription error |
| 37 | 17-18 | "We ship now Apple" | "We now ship on Apple" | Transcription error |
| 40 | 1 | "sponsor's tiles" | "sponsored tiles" | Transcription error |
| 40 | 9 | "sponsor's tiles" | "sponsored tiles" | Transcription error |
| 40 | 13 | "sponsor's tiles" | "sponsored tiles" | Transcription error |
| 42 | 10 | "the business modeled of the Web today" | "the business model of the Web today" | Transcription error |
| 43 | 2-3 | "We have revenue sharing agreements" | "We had revenue sharing agreements" | Transcription error |
| 43 | 22 | "2014 starting" | "staring in 2014" | Transcription error |
| 44 | 19-20 | "percentage you constituted by the Google revenue share today" | "percentage you estimate for the Google revenue share today" | Transcription error |
| 47 | 16 | "UR" | "UI" | Transcription error |
| 49 | 6 | "the other search engines are there" | "the other search engines that are there" | Transcription error |
| 49 | 14 | "the 2004 was our first deal" | "the 2004 deal was our first deal" | Transcription error |
| 53 | 17 | "but then we were" | "but back then we were" | Transcription error |
| 54 | 11 | "even odder today" | "even odder then" | Transcription error |
| 57 | 24-25 | "you know, the management team" | "you know, on the management team" | Transcription error |
| 62 | 8 | "And which happen search engine" | "And which search engine was it" | Transcription error |

| | | | | |
|---|---|---|---|---|
| 87 | 15 | "It extend the term" | "It extended the term" | Transcription error |
| 88 | 20 | "Clicks" | "Cliqz" | Transcription error |
| 96 | 23 | "when Google isn't default" | "when Google isn't the default" | Transcription error |
| 97 | 6 | "thwart consumers to use Firefox" | "thwart consumers who want to use Firefox" | Transcription error |
| 103 | 2 | "make the statement" | "make a statement" | Transcription error |
| 103 | 6 | "ads a Sherman Act | "adds a Sherman Act" | Transcription error |
| 108 | 24-25 | "on the mobile phone world" | "in the mobile phone world" | Transcription error |
| 109 | 13 | "when various artist pieces" | "when the challenge" | Transcription error |
| 115 | 1-2 | "subsidiary that just is to make money" | "subsidiary that is there just to make money" | Transcription error |
| 126 | 13 | "one search engine than Firefox" | "one search engine in Firefox" | Transcription error |
| 126 | 13-14 | "it is not" | "it was not" | Transcription error |
| 135 | 21 | "Others you've got zero" | "Otherwise you've got zero" | Transcription error |
| 139 | 11-12 | "specific knowledge to come back" | "specific knowledge since I've come back" | Transcription error |
| 139 | 12 | ", but it hasn't been" | ". It hasn't been" | Transcription error |
| 141 | 25 | "so that" | "so the" | Transcription error |
| 144 | 17 | "I gave on CNBC" | "you gave on CNBC" | Transcription error |

| | | | | |
|---|---|---|---|---|
| 146 | 3 | "companies" | "company" | Transcription error |
| 158 | 3 | "to keep with" | "to keep up with" | Transcription error |
| 164 | 11 | "shows traded in September 2014" | "shows it was created in September 2014" | Transcription error |
| 169 | 18 | "don't beyond what it says here" | "don't know beyond what it says here" | Transcription error |
| 203 | 2-3 | "so much board role" | "so a board role" | Transcription error |
| 205 | 6 | "Yes, what this says" | "Yes, that is what this says" | Transcription error |
| 210 | 4 | "still need the default" | "still be the default" | Transcription error |
| 245 | 8 | "to have not be the default" | "to have Google not be the default" | Transcription error |
| 246 | 18 | "as a third-party OEM" | "if a third-party OEM" | Transcription error |
| 274 | 5-6 | "our manifest, so privacy and security" | "our manifesto, so privacy and security" | Transcription error |
| 274 | 17 | "you know, consumer is always" | "you know, a consumer is always" | Transcription error |
| 284 | 11-12 | "Our campaign were Google and tracking were public" | "Our campaign about Google and tracking were public" | Transcription error |
| 298 | 12 | "games in EU" | "gains in EU" | Transcription error |
| 300 | 10 | "they don't want to quick and make decisions" | "they don't want to think and make decisions" | Transcription error |
| 303 | 6 | "policies" | "policy" | Transcription error |

| | | | | |
|---|---|---|---|---|
| 306 | 16 | “more competition search is good too” | “more competition in search is good too” | Transcription error |
| 312 | 22 | “grounder” | “grander” | Transcription error |

DocuSigned by:
Mitchell Baker
D4CF7F36A2994F8...

W. Mitchell Baker

February 11, 2022 | 12:39 PM PST

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| United States of America, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |
| State of Colorado, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Google LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |

**DEFENDANT'S PROPOSED CONCLUSIONS OF LAW**

**TABLE OF CONTENTS**

I. PLAINTIFFS HAVE NOT PROVEN THE EXISTENCE OF THEIR ALLEGED RELEVANT ANTITRUST PRODUCT MARKETS. ....................1

A. General Search Services Is Not a Relevant Antitrust Market. ....................2

1. The contention that general search services are a "one-stop shop" is not a valid basis for defining a relevant market in this case. ....................3

2. Other characteristics of general search engines do not provide a valid basis for defining a relevant market. ....................5

3. Plaintiffs' invocation of *Cellophane* does not excuse a lack of evidence demonstrating that general search services is a relevant market. ....................6

B. Search Advertising, General Search Advertising, and General Search Text Advertising Are Not Relevant Antitrust Markets. ....................7

1. Evidence of advertiser substitution demonstrates that Plaintiffs have not defined valid advertising-side relevant markets. ....................8

2. Plaintiffs' market definitions are fatally flawed because advertisers' next best option generally lies outside the alleged markets. ....................10

3. The "marketing funnel" and the way in which search queries reveal user intent do not support Plaintiffs' flawed market definitions. ....................11

4. Each of Plaintiffs' proposed advertising markets is invalid because of these infirmities. ....................12

II. PLAINTIFFS HAVE NOT DEMONSTRATED THAT GOOGLE POSSESSES MONOPOLY POWER IN ANY RELEVANT MARKET. ....................13

A. Google Does Not Possess Monopoly Power in the Alleged General Search Services Market. ....................14

1. A consideration of search quality and output does not provide direct evidence of monopoly power, but rather confirms its absence. ....................14

2. Plaintiffs have not presented sufficient indirect evidence of monopoly power over general search services. ....................15

B. Google Does Not Possess Monopoly Power in Any of the Alleged Advertising Markets. ....................17

1. Search ads pricing and output does not provide direct evidence of monopoly power, but rather confirms its absence. ....................17

2. Plaintiffs have not presented sufficient indirect evidence of monopoly power over the alleged advertising markets. ....................18

III. GOOGLE HAS NOT ENGAGED IN EXCLUSIONARY CONDUCT THAT COMPRISES THE WILLFUL MAINTENANCE OF MONOPOLY POWER. ..............19

A. Google's Agreements with Browser Developers Such as Apple and Mozilla Do Not Comprise Exclusionary Conduct. ..............21

1. The browser agreements are not exclusive or *de facto* exclusive. ..............21

2. The browser agreements do not foreclose a substantial share of the alleged markets. ..............24

3. Plaintiffs have not demonstrated that the browser agreements harmed competition. ..............28

4. The browser agreements reflect competition on the merits based on search quality and price. ..............30

5. The browser agreements are justified by numerous procompetitive benefits in the alleged markets that stand unrebutted and outweigh any asserted harm to competition. ..............31

6. The challenged agreements benefit competition in complementary markets that also create benefits in Plaintiffs' alleged markets. ..............34

7. Plaintiffs have not identified a valid substantially less restrictive alternative. ..............35

B. Google's MADAs with Android OEMs and RSAs with Android OEMs and Wireless Carriers Do Not Comprise Exclusionary Conduct. ..............36

1. The MADAs and RSAs are not exclusive or *de facto* exclusive. ..............36

2. The Android agreements do not foreclose a substantial share of the alleged markets. ..............37

3. Plaintiffs have not demonstrated that the Android agreements harmed competition. ..............39

4. The Android agreements are justified by numerous procompetitive benefits in the alleged markets that stand unrebutted and outweigh any asserted harm to competition. ..............40

5. Plaintiffs have not identified a valid substantially less restrictive alternative. ..............43

C. Google's SA360 Conduct Is Not a Basis for Liability under Section 2. ..............44

1. The Colorado Plaintiffs' SA360 claim fails to meet any of the prerequisites for an exclusionary refusal to deal. ..............44

2. Google had business justifications for its SA360 feature development decisions. ..............48

3. Google's SA360 conduct is justified by numerous procompetitive benefits in the alleged markets that stand unrebutted and outweigh any asserted harm to competition. ..............50

# TABLE OF AUTHORITIES

## CASES

*Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171 (9th Cir. 2016) ....................... 21, 24, 45

*Allen-Myland, Inc. v. Int'l Bus. Mach. Corp.*, 33 F.3d 194 (3d Cir. 1994) .................................... 5

*Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991 (9th Cir. 2010) .................................................................................................... 25, 37, 38

*Am. Online, Inc. v. GreatDeals.Net*, 49 F. Supp. 2d 851 (E.D. Va. 1999) ................................... 10

*Ball Mem. Hosp., Inc. v. Mutual Hosp. Ins.*, 784 F.2d 1325 (7th Cir. 1986) .......................... 13, 29

*BanxCorp v. Bankrate, Inc.*, 847 F. App'x 116 (3d Cir. 2021) ..................................................... 8

*Barry Wright Corp. v. ITT Grinnell Corp.*, 724 F.2d 227 (1st Cir. 1983) ......................... 20, 31, 32

*Berlyn Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576 (4th Cir. 2003) ........................ 9, 11

*Blake v. Securitas Sec. Servs.*, 292 F.R.D. 15 (D.D.C. 2013) ...................................................... 29

*Blue Cross & Blue Shield United of Wisc. v. Marshfield Clinic*, 65 F.3d 1406 (7th Cir. 1995) ............................................................................................................ 18

*Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007) ......................................... 13, 17

*CDC Techs., Inc. v. IDEXX Labs., Inc.*, 7 F. Supp. 2d 119 (D. Conn. 1998) (*aff'd*, 186 F.3d 74 (2d Cir. 1999)) ........................................................................................ 38

*Church & Dwight Co. v. Mayer Labs., Inc.*, 868 F. Supp. 2d 876 (N.D. Cal. 2012) (*vacated in part on other grounds*, 2012 WL 1745592) ........................................................ 26

*Cnty. of Tuolumne v. Sonoma Cnty. Hosp.*, 236 F.3d 1148 (9th Cir. 2001) ................................. 36

*CoStar Grp., Inc v. Com. Real Estate Exch. Inc.*, 619 F. Supp. 3d 983 (C.D. Cal. 2022) ....... 15, 18

*Covad Commc'ns Co. v. Bell Atl. Corp.*, 398 F.3d 666 (D.C. Cir. 2005) ............................... 45, 48

*DSM Desotech Inc. v. 3D Sys. Corp.*, 749 F.3d 1332 (Fed. Cir. 2014) ........................................ 11

*Eastman Kodak Co. v. Image Tech Servs., Inc.*, 504 U.S. 451 (1992) ................................. 2, 7, 34

*Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394 (3d Cir. 2016) .......................................... 25

*Emigra Grp. LLC v. Fragomen, Del Rey, Bernsen & Lowey, LLP*, 612 F. Supp. 2d 330 (S.D.N.Y. 2009) ......................................................................................................... 3, 5

*Epic Games, Inc. v. Apple Inc.*, 493 F. Supp. 3d 817 (N.D. Cal. 2020) (*aff'd in part*, 67 F.4th 946) ........................................................................................................................ 13

*Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023) ...................................... 8, 20, 32, 44

*Freeland v. AT&T Corp.*, 238 F.R.D. 130 (S.D.N.Y. 2006) ........................................................ 17

*FTC v. Facebook, Inc.*, 560 F. Supp. 3d 1 (D.D.C. 2021) ............................................................. 1

*FTC v. Qualcomm Inc.*, 969 F.3d 974 (9th Cir. 2020) ......................................................... *passim*

*FTC v. RAG-Stiftung*, 436 F. Supp. 3d 278 (D.D.C. 2020) ........................................................... 1

*FTC v. Sysco Corp.*, 113 F. Supp. 3d 1 (D.D.C. 2015)....................4

*FTC v. Tenet Health Care Corp.*, 186 F.3d 1045 (8th Cir. 1999) ....................1

*FTC v. Wilh. Wilhelmsen Holding ASA*, 341 F. Supp. 3d 27 (D.D.C. 2018)....................6

*Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701 (S.D.N.Y. 1997)....................6

*Godix Equip. Export Corp. v. Caterpillar, Inc.*, 948 F. Supp. 1570 (S.D. Fla. 1996)....................18

*Green Country Food Market, Inc. v. Bottling Grp., LLC*, 371 F.3d 1275 (10th Cir. 2004)........3, 4

*Gross v. Wright*, 185 F. Supp. 3d 39 (D.D.C. 2016) ....................1

*Hicks v. PGA Tour, Inc.*, 897 F.3d 1109 (9th Cir. 2018)....................7

*In re EpiPen Mktg., Sales Practices & Antitrust Litig.*, 44 F.4th 959 (10th Cir. 2022) ....... *passim*

*In re HIV Antitrust Litig.*, 656 F. Supp. 3d 963 (N.D. Cal. 2023) ....................18

*In re Super Premium Ice Cream Distrib. Antitrust Litig.*, 691 F. Supp. 1262 (N.D. Cal. 1988) ....................11

*In re Wireless Tel. Servs. Antitrust Litig.*, 385 F. Supp. 2d 403 (S.D.N.Y. 2005)....................17

*Kinderstart.com LLC v. Google, Inc.*, 2007 WL 831806 (N.D. Cal. Mar. 16, 2007)....................7

*Kochert v. Greater Lafayette Health Servs., Inc.*, 463 F.3d 710 (7th Cir. 2006)....................15

*L.A. Land Co. v. Brunswick Corp.*, 6 F.3d 1422 (9th Cir. 1993)....................16

*Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007)....................20, 42

*Mathias v. Daily News, L.P.*, 152 F. Supp. 2d 465 (S.D.N.Y. 2001) ....................5, 12

*McWane, Inc. v. FTC*, 783 F.3d 814 (11th Cir. 2015)....................24

*Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, 354 F.3d 661 (7th Cir. 2004) ....................33

*MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124 (9th Cir. 2004) ....................50

*Midwest Radio Co. v. Forum Pub. Co.*, 942 F.2d 1294 (8th Cir. 1991)....................10, 12

*Minn. Mining & Mfg. Co. v. Appleton Papers, Inc.*, 35 F. Supp. 2d 1138 (D. Minn. 1999)...26, 39

*Mozart Co. v. Mercedes-Benz of N. Am., Inc.*, 833 F.2d 1342 (9th Cir. 1987)....................34

*Mr. Furniture Warehouse, Inc. v. Barclays Am./Com. Inc.*, 919 F.2d 1517 (11th Cir. 1990) ....................46

*N. Am. Soccer League, LLC v. U.S. Soccer Federation, Inc.*, 883 F.3d 32 (2d Cir. 2018) ....20, 32, 33, 42

*NCAA v. Alston*, 141 S. Ct. 2141 (2021)....................35, 36

*NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85 (1984)....................34

*New York v. Meta Platforms, Inc.*, 66 F.4th 288 (D.C. Cir. 2023) ....................44, 45, 48

*Novell, Inc. v. Microsoft Corp.*, 731 F.3d 1064 (10th Cir. 2013) ....................33, 45, 46, 50

*Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018) .................... *passim*

*Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438 (2009) ...............................30, 44, 50

*Paddock Publ'ns, Inc. v. Chi. Trib. Co.*, 103 F.3d 42 (7th Cir. 1996)..........................................33

*PepsiCo, Inc. v. Coca-Cola Co.*, 114 F. Supp. 2d 243 (S.D.N.Y. 2000).........................................4

*PNY Techs., Inc. v. SanDisk Corp.*, 2014 WL 2987322 (N.D. Cal. July 2, 2014).........................38

*Premier Comp Solutions LLC v. UPMC*, 377 F. Supp. 3d 506 (W.D. Pa. 2019) ............................5

*Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430 (3d Cir. 1997) ...............2, 8, 15, 18

*R.J. Reynolds Tobacco Co. v. Philip Morris Inc.*, 199 F. Supp. 2d 362 (M.D.N.C. 2002) ..........19, 24, 39

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57 (3d Cir. 2010) ..........................32

*Rambus Inc. v. FTC*, 522 F.3d 456 (D.C. Cir. 2008).............................................................25, 28

*Rebel Oil, Inc. v. Atl. Richfield Co.*, 51 F.3d 1421 (9th Cir. 1995)...................................13, 14, 19

*S.E. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608 (8th Cir. 2011) ...................................................6

*Simon & Simon, P.C. v. Align Tech., Inc.*, 533 F. Supp. 3d 904 (N.D. Cal. 2021).......................22

*Smith v. Pro Football, Inc.*, 593 F.2d 1173 (D.C. Cir. 1978) ......................................................35

*Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518 (5th Cir. 1999) ....................................31

*Sterling Merch., Inc. v. Nestle, S.A.*, 656 F.3d 112 (1st Cir. 2011) ..............................................26

*Sullivan v. Nat'l Football League*, 34 F.3d 1091 (1st Cir. 1994) .................................................34

*Telecor Commc'ns v. Sw. Bell Tel. Co.*, 305 F.3d 1124 (10th Cir. 2002) ................................9, 11

*Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369 (9th Cir. 1989) .......................3, 9

*Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90 (2d Cir. 1998).....................................14

*Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715 (3d Cir. 1991)..................................................8

*United States ex rel. Morsell v. NortonLifeLock, Inc.*, 2022 WL 278773 (D.D.C. Jan. 31, 2022) .....................................................................................................................................30

*United States v. Baker Hughes Inc.*, 908 F.2d 981 (D.C. Cir. 1990).....................................16, 19

*United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377 (1956) .........................................1

*United States v. Eastman Kodak Co.*, 853 F. Supp. 1454 (W.D.N.Y. 1994) (*aff'd*, 63 F.3d 95 (2d Cir. 1995)) .....................................................................................................................11

*United States v. Engelhard Corp.*, 126 F.3d 1302 (11th Cir. 1997) .........................................9, 13

*United States v. Google LLC*, 2023 WL 4999901 (D.D.C. Aug. 4, 2023) ...................................20

*United States v. Hammermill Paper Co.*, 429 F. Supp. 1271 (W.D. Pa. 1977)............................27

*United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (en banc) (per curiam) ...... *passim*

*United States v. Sungard Data Sys., Inc.*, 172 F. Supp. 2d 172 (D.D.C. 2001)..............6, 9, 12, 13

*United States v. Syufy Enters.*, 903 F.2d 659 (9th Cir. 1990) ................................................16, 29

*United States v. Waste Mgmt., Inc.*, 743 F.2d 976 (2d Cir. 1984) ....16

*Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398 (2004) ....19, 35, 44, 50

*Xerox Corp. v. Media Sci., Inc.*, 660 F. Supp. 2d 535 (S.D.N.Y. 2009) ....17, 18

*ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254 (3d Cir. 2012) ....21, 22, 23

**STATUTES AND RULES**

Fed. R. Civ. P. 26(a)(2) ....30

Section 1 of the Sherman Act, 15 U.S.C. § 1 ....27

Section 2 of the Sherman Act, 15 U.S.C. § 2 .... *passim*

**OTHER AUTHORITIES**

Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* (5th ed. 2022) .... *passim*

Phillip E. Areeda, *Essential Facilities: An Epithet in Need of Limiting Principles*, 58 Antitrust L.J. 841 (1989) ....48

Jonathan B. Baker, *Market Definition: An Analytical Overview*, 74 Antitrust L.J. 129 (2007) ....3

B. Douglas Bernheim & Michael D. Whinston, *Exclusive Dealing*, 106 J. Pol. Econ. 64 (1998) ....22

1. Each claim for relief asserted by Plaintiffs alleges unlawful monopoly maintenance in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. DOJ Pls.' Am. Compl. ¶¶ 173-93; Colo. Pls.' Compl. ¶¶ 212-32. To prevail on a Section 2 claim, Plaintiffs must prove "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Microsoft Corp.*, 253 F.3d 34, 50 (D.C. Cir. 2001) (en banc) (per curiam).

## I. PLAINTIFFS HAVE NOT PROVEN THE EXISTENCE OF THEIR ALLEGED RELEVANT ANTITRUST PRODUCT MARKETS.

2. Plaintiffs bear the burden of defining a relevant antitrust market. *Gross v. Wright*, 185 F. Supp. 3d 39, 50 (D.D.C. 2016); *see Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2285 (2018) ("[W]ithout a definition of the market there is no way to measure the defendant's ability to lessen or destroy competition." (brackets omitted)).

3. "[T]he relevant market is defined as 'the area of effective competition,'" which is "[t]ypically … the 'arena within which significant substitution in consumption or production occurs.'" *Am. Express*, 138 S. Ct. at 2285. A product need not be "fungible to be considered in the relevant market," *United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 394 (1956), which should include "all products 'roughly equivalent to another for the use to which they are put,'" *FTC v. Facebook, Inc.*, 560 F. Supp. 3d 1, 14 (D.D.C. 2021) (brackets omitted).

4. Because Plaintiffs bear the burden of defining a relevant market, an indispensable element of their claims, Google need not prove an alternative definition. *FTC v. Tenet Health Care Corp.*, 186 F.3d 1045, 1053 (8th Cir. 1999); *FTC v. RAG-Stiftung*, 436 F. Supp. 3d 278, 292 (D.D.C. 2020) ("agree[ing] with Defendants that the FTC has not met its burden of establishing its prima facie case because it has not identified a relevant market" where

defendants did not offer a definition but argued that the FTC's market was "overbroad and inconsistent with the commercial realities of the industry").

5. Judgment should be entered for Google on any claim for which Plaintiffs did not prove the alleged relevant market associated with that claim. *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 441 (3d Cir. 1997); *see* Tr. 4602:15-22 (Whinston (DOJ Expert)) ("Q. And why is defining a relevant market important in this case? A. … "[I]t's going to … give the Court information about whether Google can harm competition…. And if the answer is no, then we can all go home, we're done. But if the answer is yes, there's more to look at.").

**A. General Search Services Is Not a Relevant Antitrust Market.**

6. Plaintiffs define the alleged market for general search services in terms of how consumers search for information online; accordingly, the validity of that market definition must be assessed based on the commercial realities of how consumers use general search engines and whether they view other sources of information not in the asserted relevant market (such as Amazon, Expedia, or TikTok) as reasonably interchangeable. *Eastman Kodak Co. v. Image Tech Servs., Inc.*, 504 U.S. 451, 482 (1992); *Microsoft*, 253 F.3d at 81 (explaining that "defining a market for a monopoly maintenance claim" involves providing "a detailed description of the purpose of [the product]—what functions may be included and what are not—and an examination of the substitutes that are part of the market and those that are not").

7. By excluding from the asserted relevant user-side market all services that consumers use to search for information online other than general search engines, Plaintiffs fail to account for "all products 'reasonably interchangeable by consumers for the same purposes.'" *Microsoft*, 253 F.3d at 52. Plaintiffs accordingly have not shown that these reasonable substitutes fail to prevent a hypothetical monopolist of general search services from exercising substantial market power, which makes the alleged market underinclusive.

**1. The contention that general search services are a "one-stop shop" is not a valid basis for defining a relevant market in this case.**

8. Plaintiffs' contention that general search engines offer a "one-stop shop" by providing a wider range of information in response to a wider range of user queries is an inadequate basis on which to conclude that there is a relevant market for general search services. *Emigra Grp. LLC v. Fragomen, Del Rey, Bernsen & Lowey, LLP*, 612 F. Supp. 2d 330, 355 (S.D.N.Y. 2009) ("The existence of one-stop shopping, and a group of customers with a preference or even demand for it, is insufficient to define a relevant market.").

9. The evidence shows that users generally decide how to search for information on a query-by-query or category-by-category basis, which entails a recurring choice between a general search engine and a website or mobile application that does not offer general search services to satisfy a particular informational need. FOF ¶¶ 637-51, 655-66, 680-94, 920-40, 945-67, 971-87. Accordingly, the relevant market cannot be properly confined to general search services on the ground that their ability to respond to a wide array of queries is itself an "object of demand." *Green Country Food Market, Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1284 (10th Cir. 2004) ("A cluster market exists only when the 'cluster' is *itself* an object of consumer demand."); *see Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369, 1374, 1377 (9th Cir. 1989) (rejecting alleged market for "the complete package of commodities and services offered by home center stores" based on contention that this "unique combination of goods and services allows do-it-yourself home remodelers and home repairers to obtain 'everything they need' at one location" and noting that "for any given product sold at a home center, a functionally equivalent or identical product is available for purchase at several more specialized stores"); Jonathan B. Baker, *Market Definition: An Analytical Overview*, 74 Antitrust L.J. 129, 158-59 (2007) (explaining that if "sellers produce both bundled and unbundled products, for

example, if software firms sell suites of products … and also sell the individual component programs on a standalone basis," then "a competitive effects analysis limited to a suites market could mislead by ignoring the competitive constraint imposed by sellers of individual components, particularly if some sellers offer only some components and not suites").

10. Because Plaintiffs define the general search services market in this case from the perspective of users rather than intermediaries, the services that users regard as reasonable substitutes to Google Search are what matter. *Compare* Tr. 8407:15-8410:24, 8965:24-8966:18 (Israel (Google Expert)) *with FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 38 (D.D.C. 2015) (finding that "distributors must offer a particular kind of 'product'" consisting of "a cluster of goods and services … to compete for national customers," such that "the customer's requirements operate to define the product offering itself").

11. The observation that competitors outside the alleged market each address a narrower range of queries compared to Google does not indicate whether they compete with Google to respond to a significant number of monetizable user queries, particularly given the ease and ubiquity with which consumers use numerous websites and mobile applications. It also improperly ignores evidence that their focus on depth rather than breadth often makes them more effective substitutes to Google for queries within the verticals those providers serve. FOF ¶¶ 667-79, 930-67, 983-87; *see Green Country Food Market*, 371 F.3d at 1284 (rejecting Plaintiffs' attempt to define a market for the "full line of beverage products" distributed by Defendant, including Pepsi and Dr. Pepper, where Plaintiffs "have not offered evidence, for example, that Plaintiffs' customers enter the store with the intent to purchase both Pepsi and Dr. Pepper together and the absence of one of those products would cause the customer to go to another store to purchase both"); *PepsiCo, Inc. v. Coca-Cola Co.*, 114 F. Supp. 2d 243, 250 (S.D.N.Y.

2000) ("Despite one-stop shopping's advantageous features, the evidence does not show that the preference for independent foodservice distributors is so strong so as to eliminate delivery through other means as an acceptable alternative."); *Emigra Grp.*, 612 F. Supp. 2d at 354 (explaining that "[i]f … buyers could and would respond to a price increase by a full line seller by shifting all *or part* of their business to partial line or single product sellers … then a cluster market would not be appropriate" (emphasis added)).

12. Clustering categories of queries submitted to general search engines into a single market also cannot be justified on the alternative ground of "analytical convenience" where, as here, competition differs within each query category. FOF ¶¶ 634-51, 655-66, 680-94; *see Premier Comp Solutions LLC v. UPMC*, 377 F. Supp. 3d 506, 528-29 (W.D. Pa. 2019).

**2. Other characteristics of general search engines do not provide a valid basis for defining a relevant market.**

13. That general search engines offer different features or characteristics than their competitors is also an inadequate basis on which to conclude that there is a relevant market for general search services. *Allen-Myland, Inc. v. Int'l Bus. Mach. Corp.*, 33 F.3d 194, 206 (3d Cir. 1994); *Mathias v. Daily News, L.P.*, 152 F. Supp. 2d 465, 482 (S.D.N.Y. 2001) ("Reasonable interchangeability fully acknowledges differences in product characteristics, reflecting commercial realities."). For example, an observation that Google offers features not available on Amazon (such as links to an index of crawled webpages) while Amazon offers features not available on Google (such as the ability to complete the purchase of many products) is indicative of the ways in which they compete with each other to respond to a significant number of queries, and not evidence that supports the exclusion of Amazon from a relevant market. FOF ¶¶ 632-51, 680-94, 941-44, 955-65, 983-87; *see* Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* at ¶ 562 (5th ed. 2022) (noting that

"consumer perceptions determine the relevance of physical differences" and "consumers may regard products as interchangeable notwithstanding physical differences"); *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 705 (S.D.N.Y. 1997).

14. The "touchstone" of market definition is not the full set of features available through each product, but rather "demand substitution," *i.e.*, "customers' ability and willingness to substitute away from one product to another in response to a price increase or a corresponding non-price change such as reduction in product quality or service." *FTC v. Wilh. Wilhelmsen Holding ASA*, 341 F. Supp. 3d 27, 45 (D.D.C. 2018); *see S.E. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 613 (8th Cir. 2011).

15. Plaintiffs have not offered sufficient evidence of how users actually engage with alternatives—including when and how they use other websites and apps to obtain information in response to queries—to justify excluding those reasonably interchangeable alternatives from a properly defined user-side market. FOF ¶¶ 930-67, 971-87; *see Microsoft*, 253 F.3d at 52, 81; *United States v. Sungard Data Sys., Inc.*, 172 F. Supp. 2d 172, 182-83 (D.D.C. 2001) (concluding "the government has not met its burden of establishing that the relevant product market is limited" in the manner alleged given "equivocal evidence" of how consumers used products within the alleged market and their potential substitutes).

**3. Plaintiffs' invocation of *Cellophane* does not excuse a lack of evidence demonstrating that general search services is a relevant market.**

16. Plaintiffs' invocation of the "*Cellophane* fallacy" neither explains the ample evidence of non-general search engine alternatives that users enjoy nor justifies Plaintiffs' failure to examine how consumers use those potential substitutes. Plaintiffs have not demonstrated that consumers turn to Amazon, Yelp, and other alternatives *because* Google's conduct made rival general search engines poor substitutes to Google for users. Nor have Plaintiffs proven that

Google's competition with specialized vertical search providers (SVPs) is explained by Google degrading its own search quality. Rather, the evidence shows robust competition between Google and these non-general search engine alternatives to meet users' information needs, and that this competition has led Google to improve its search quality. FOF ¶¶ 667-760, 946-67, 976-81.

17. Plaintiffs accordingly have failed to define a relevant market for general search services. And they have not asserted that Google possesses monopoly power in any other putative user-side market, such as one consisting of a subset of queries.

### B. Search Advertising, General Search Advertising, and General Search Text Advertising Are Not Relevant Antitrust Markets.

18. Plaintiffs have defined their alleged advertising markets in terms of how advertisers access the attention of potential customers; accordingly, the validity of the ads-side markets must be assessed based on the commercial realities of how advertisers use the ad types within each alleged market and whether they view other forms of advertising (such as social media ads on Instagram or product page ads on Amazon) as reasonably interchangeable. *Eastman Kodak*, 504 U.S. at 482; *Microsoft*, 253 F.3d at 81.

19. Each of Plaintiffs' alleged ads-side markets is too narrow because Plaintiffs improperly focus on distinctions between the format of ad types instead of advertisers' substitution patterns, thereby failing to include "all products 'reasonably interchangeable by [advertisers] for the same purposes.'" *Microsoft*, 253 F.3d at 52; *see Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1123 (9th Cir. 2018) ("[M]any courts have rejected antitrust claims reliant on proposed advertising markets limited to a single form of advertising."); *Kinderstart.com LLC v. Google, Inc.*, 2007 WL 831806, at *6 (N.D. Cal. Mar. 16, 2007) (concluding "there is no logical basis for distinguishing the Search Ad Market from the larger market for Internet advertising").

**1. Evidence of advertiser substitution demonstrates that Plaintiffs have not defined valid advertising-side relevant markets.**

20. Digital advertisers generally seek to maximize their return on investment, and the evidence demonstrates that in doing so they routinely substitute between search ads and other forms of digital advertising that Plaintiffs place outside of their asserted markets, such that Plaintiffs' markets impermissibly exclude reasonable substitutes. FOF ¶¶ 999-1015, 1018-35, 1045-63, 1075-78; *see* Areeda & Hovenkamp at ¶ 562 ("[A]ctual shifts between two products in response to—or even without—changes in their relative prices indicate a single market."); *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 725-26 (3d Cir. 1991).

21. Numerous companies offer popular products designed to reallocate advertisers' budgets from search ads to other ad types outside of the alleged markets based on the relative performance of each format, which further constrains a hypothetical monopolist within any of the alleged advertising markets from raising its quality-adjusted price. FOF ¶¶ 1009-15; *see Microsoft*, 253 F.3d at 52; *Queen City Pizza*, 124 F.3d at 437.

22. In the face of evidence of advertisers substituting into and out of the asserted relevant markets, Plaintiffs did not perform an empirical analysis to demonstrate that any of their alleged markets satisfy the hypothetical monopolist test or an empirical analysis of whether any particular change to Google's search ads auction resulted in substitution. FOF ¶¶ 1045-46, 1065-66; *see Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 975 (9th Cir. 2023); *BanxCorp v. Bankrate, Inc.*, 847 F. App'x 116, 121 (3d Cir. 2021).

23. Plaintiffs cannot meet their burden by asserting that some advertisers are more reluctant to substitute to alternatives than others, or that a particular competitor (*e.g.*, Amazon or Instagram) may not prove attractive to all businesses that currently purchase ads in the alleged markets. "When determining the relevant market, the question is whether a hypothetical

monopolist could *profitably* raise price," such that "it is possible for only a few customers who switch to alternatives to make the price increase unprofitable, thereby protecting a larger number of customers who would have acquiesced in higher [product] prices." *United States v. Engelhard Corp.*, 126 F.3d 1302, 1306 (11th Cir. 1997); *see Telecor Commc'ns v. Sw. Bell Tel. Co.*, 305 F.3d 1124, 1132 (10th Cir. 2002); *Sungard Data Sys.*, 172 F. Supp. 2d at 191-92 (noting "the government has submitted more than 50 statements from … customers that indicate that they could not switch in response to a SSNIP" but concluding "[t]he government has failed … to show whether this captive group is substantial enough that a hypothetical monopolist would find it profitable to impose such an increase in price" because "the record does not indicate whether the customers cited by plaintiff are representative of the entire universe of … clients").

24. A contention that advertisers view search ads as important to achieving their objectives or have not shifted more of their budgets away from search ads does not support the existence of a relevant market. Areeda & Hovenkamp at ¶ 562 (explaining that "customers may stick with product A when its price is competitive and yet respond to a significant increase in its price by shifting to product B" so "the two products may belong in the same market even though substantial shifts between them have not been observed"); *Thurman Indus.*, 875 F.2d at 1374 (defining the relevant market by "the group or groups of sellers or producers who have 'actual *or potential* ability to deprive each other of significant levels of business'" (emphasis added)).

25. And an observation that Google touts the benefits of search ads or distinguishes them from rival ad types does not support Plaintiffs' artificially narrow market definitions, but rather offers additional evidence of the ways in which Google competes with sellers of other ad types for a share of the same advertisers' budgets. *Berlyn Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576, 583 (4th Cir. 2003) (rejecting plaintiff's argument "that TV and radio are not in

the same product market as print media" and noting that a newspaper "goes to great lengths to show how much better print media is than radio or TV" because it "sees these other media outlets as key competitors"); Areeda & Hovenkamp at ¶ 530 ("Sellers bidding against each other to supply a given customer are usually in the same market….").

**2. Plaintiffs' market definitions are fatally flawed because advertisers' next best option generally lies outside the alleged markets.**

26. Because advertisers generally seek to direct their advertisements to the consumers who are likely to be interested in their products, the extent to which overlapping consumers can be targeted using different ad platforms is important in identifying reasonable substitutes, even if the ads are of a different type. FOF ¶¶ 1041-44; *see Midwest Radio Co. v. Forum Pub. Co.*, 942 F.2d 1294, 1297 (8th Cir. 1991) (rejecting alleged market that included only a daily newspaper, radio, and television in a geographic area because "it should include other competitive advertising media, such as billboards, weekly newspapers, and direct mail"); *Am. Online, Inc. v. GreatDeals.Net*, 49 F. Supp. 2d 851, 858 (E.D. Va. 1999) (dismissing Section 2 claim predicated on e-mail marketing to AOL subscribers because "[t]here are numerous substitutes for e-mail advertising, some of which are less expensive, including use of the World Wide Web, direct mail, billboards, television, newspapers, radio, and leaflets").

27. The evidence regarding audience overlap shows that alternatives such as SVPs and social media platforms—which Plaintiffs largely or entirely exclude from each of their relevant markets—are closer substitutes for advertisers to Google Search than another general search engine such as Bing. FOF ¶¶ 1042-43.

28. The options advertisers use to reach consumers likely to be interested in their products are not a manifestation of the "*Cellophane* fallacy." The evidence shows that comparable audience-overlap patterns persist over time and across general search engines, and it

demonstrates the strength of competitors such as Meta, Amazon, and TikTok that Plaintiffs place partially or entirely outside of their alleged markets. FOF ¶ 1044; *see United States v. Eastman Kodak Co.*, 853 F. Supp. 1454, 1470 (W.D.N.Y. 1994) (*aff'd*, 63 F.3d 95 (2d Cir. 1995)).

**3. The "marketing funnel" and the way in which search queries reveal user intent do not support Plaintiffs' flawed market definitions.**

29. Plaintiffs' contention that search ads occupy a particular role within the "marketing funnel" does not support their alleged relevant markets. The evidence demonstrates that Plaintiffs' conception of the funnel is out of step with commercial realities and that other types of digital ads are used for the same "lower funnel" purposes as search ads. An observation that those platforms use different techniques or forms of information to identify pertinent customers or ascertain their intent does not justify excluding them from a relevant product market. FOF ¶¶ 1036-40, 1065-78; *see DSM Desotech Inc. v. 3D Sys. Corp.*, 749 F.3d 1332, 1339 (Fed. Cir. 2014); *Telecor*, 305 F.3d at 1132 ("Reasonable interchangeability does not depend upon product similarity.").

30. Plaintiffs' assertion that search ads tend to be more expensive on a cost-per-impression basis is insufficient to confine a market to search ads, particularly in light of the evidence that different types of ads are priced similarly when adjusted for the outcomes advertisers seek to achieve. FOF ¶¶ 999-1010; 1126-30; Tr. 8460:5-8466:17 (Israel); *see Berlyn*, 73 F. App'x at 583 (concluding that radio and print advertising "are within the same product market" notwithstanding evidence that radio is a "medium that delivers lower total audiences but a higher concentration of specific target groups, and that the advertising costs have increased substantially with local radio" (brackets and quotations marks omitted)); *In re Super Premium Ice Cream Distrib. Antitrust Litig.*, 691 F. Supp. 1262, 1268 (N.D. Cal. 1988).

**4. Each of Plaintiffs' proposed advertising markets is invalid because of these infirmities.**

31. The conclusions stated above in Section I.B apply to all three of the alleged advertising markets proffered by Plaintiffs. With respect to their alternative alleged markets (*i.e.*, general search advertising and general search text advertising), Plaintiffs also have not established that rival forms of digital advertising (such as behaviorally targeted ads on social media sites) are any less effective at restraining an alleged monopolist's ability to raise prices above the competitive level than the products plaintiffs include in their markets.

32. The general search advertising market alleged by the Colorado Plaintiffs ignores commercial realities by excluding additional substitutes, including search ads on SVPs such as Amazon, Yelp, and Booking. And their contention that general search ads tend to target consumers in the "middle stage" of the "marketing funnel" rather than the "lower stage" contradicts the DOJ Plaintiffs' asserted market, showing that neither alleged market finds sufficient support in the evidence. FOF ¶¶ 1018-35, 1045-54, 1071, 1075-78; *see Sungard Data Sys.*, 172 F. Supp. 2d at 182-83.

33. The alleged general search text advertising market likewise ignores commercial realities by excluding reasonable substitutes from the market, including product listing ads on general search engines in addition to all search ads on SVPs. The evidence demonstrates that advertisers who purchase both product listing ads and text ads substitute between them. And even among advertisers who do not purchase product listing ads, SVPs and social media platforms are strong competitors for advertising dollars that otherwise could be spent on text ads on Google Search. FOF ¶¶ 1001-15, 1057-64; *see Midwest Radio*, 942 F.2d at 1297; *Mathias*, 152 F. Supp. 2d at 480-81 ("The product market inquiry focuses on the range of products that actually compete in the disputed market.").

34. The observation that some advertisers purchase only text ads (and not product listing ads), or do not advertise with certain major SVPs, does not show that general search text advertising is a relevant market because not all potential substitutes need to be equally compelling to all customers. *Engelhard*, 126 F.3d at 1306; *Epic Games, Inc. v. Apple Inc.*, 493 F. Supp. 3d 817, 839 (N.D. Cal. 2020) (*aff'd in part*, 67 F.4th 946) (explaining that "[a]ntitrust law is not concerned with individual consumers or producers," but rather "it is concerned with market aggregates"); *Sungard Data Sys.*, 172 F. Supp. 2d at 191-92.

## II. PLAINTIFFS HAVE NOT DEMONSTRATED THAT GOOGLE POSSESSES MONOPOLY POWER IN ANY RELEVANT MARKET.

35. "While merely possessing monopoly power is not itself an antitrust violation, it is a necessary element of a monopolization charge." *Microsoft*, 253 F.3d at 51 (internal citation omitted). "A firm is a monopolist if it can profitably raise price substantially above the competitive level" because it has "'the ability to cut back on the market's total output.'" *Id.*; *see Am. Express*, 138 S. Ct. at 2288 ("Market power is the ability to raise price profitably *by restricting output*."); *Rebel Oil, Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir. 1995).

36. "The existence of monopoly power may be proven through direct evidence of supracompetitive prices and restricted output," or "[i]t may also be inferred from the structure and composition of the relevant market." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 307 (3d Cir. 2007) (citing *Microsoft*, 253 F.3d at 51).

37. Although in some cases "monopoly power may be inferred from a firm's possession of a dominant share of a relevant market that is protected by entry barriers," *Microsoft*, 253 F.3d at 51, "[i]n other cases … a firm's share of current sales does not reflect an ability to reduce the total output in the market, and therefore it does not convey power over price," *Ball Mem. Hosp., Inc. v. Mutual Hosp. Ins.*, 784 F.2d 1325, 1335 (7th Cir. 1986).

Accordingly, even a very high share of a properly defined market is not conclusive, as "[a] court will draw an inference of monopoly power only after full consideration of the relationship between market share and other relevant market characteristics." *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 98 (2d Cir. 1998).

38. When asking a court to infer the existence of monopoly power, "Plaintiffs must not only show that barriers to entry protect the properly defined … market, but that those barriers are 'significant.'" *Microsoft*, 253 F.3d at 82; *see Tops Markets*, 142 F.3d at 99. "'Entry barriers' are factors (such as certain regulatory requirements) that prevent new rivals from timely responding to an increase in price above the competitive level," *Microsoft*, 253 F.3d at 51, particularly "'additional long-run costs that were not incurred by incumbent firms but must be incurred by new entrants,' or 'factors in the market that deter entry while permitting incumbent firms to earn monopoly returns.'" *Rebel Oil*, 51 F.3d at 1439.

**A. Google Does Not Possess Monopoly Power in the Alleged General Search Services Market.**

**1. A consideration of search quality and output does not provide direct evidence of monopoly power, but rather confirms its absence.**

39. Plaintiffs have not presented direct evidence of monopoly power in the alleged general search services market. Google does not charge consumers to use its search engine, let alone supra-competitive prices consistent with monopoly power. And output has not been restricted, but rather has increased significantly throughout the period of alleged monopoly maintenance. FOF ¶¶ 1079-80, 1084; *see Am. Express*, 138 S. Ct. at 2288.

40. Plaintiffs have not demonstrated possession of monopoly power through assertions regarding a purported diminution in Google's search quality; on the contrary, the evidence shows that Google has consistently exceeded rivals' search quality, has significantly improved search quality during the period of alleged monopoly maintenance, and has continued

to innovate in response to competition and consumer demand throughout that period. FOF ¶¶ 77-90, 112-241, 682-760, 952, 978, 1079-82, 1085-1102.

41. Plaintiffs' contention that Google did not adopt particular privacy-related features after considering the tradeoffs they entailed or that it purportedly increased investment in response to changed circumstances in the marketplace is not evidence of market power at all and does not reflect a diminution in quality. Plaintiffs have not compared how search quality allegedly varies based on the presence or absence of the challenged conduct or specific competitive pressures, and they acknowledge that Google's quality has been superior over time and across a range of competitive conditions. FOF ¶¶ 1079-82, 1085-1123; *see Kochert v. Greater Lafayette Health Servs., Inc.*, 463 F.3d 710, 719 (7th Cir. 2006).

**2. Plaintiffs have not presented sufficient indirect evidence of monopoly power over general search services.**

42. Because Plaintiffs' proposed general search services market definition is infirm, monopoly power cannot be inferred from the query share figures Plaintiffs offer. *Queen City Pizza*, 124 F.3d at 440-41; *CoStar Grp., Inc v. Com. Real Estate Exch. Inc.*, 619 F. Supp. 3d 983, 994 (C.D. Cal. 2022) (concluding alleged shares "over 90% or 95%" failed to establish market power absent a properly defined market); Tr. 5911:23-5912:1 (Whinston).

43. Indirect evidence of monopoly power is also absent for the independent reason that Plaintiffs have not established the alleged general search services market is characterized by high barriers to entry. The evidence shows low costs of launching an advertising-funded general search engine by serving search results provided by partners (*e.g.*, as DuckDuckGo has done), decreasing costs of building all aspects of a new general search engine from the ground up due to technological advancements, and the ability of general search engines to achieve profitability with a relatively small share of the alleged market. The evidence likewise demonstrates that user

interaction data exhibits diminishing returns to scale at levels that current rivals have already surpassed, and that new entrants can leverage rapidly improving machine learning technologies that use little or no historical user interaction data. FOF ¶¶ 253-406, 483, 524-53, 605-31, 1083; *see United States v. Baker Hughes Inc.*, 908 F.2d 981, 987-88 (D.C. Cir. 1990) (noting that entry barriers must be "significant" and rejecting the proposition that a defendant must "prove that new competitors will 'quickly' or 'effectively' enter" in response to supracompetitive pricing); *United States v. Syufy Enters.*, 903 F.2d 659, 666-67 (9th Cir. 1990).

44. Google's superior quality also is not a barrier to entry that supports a finding of monopoly power, particularly in light of the evidence that general search engines can compete successfully with only a small share of the alleged market. FOF ¶¶ 295, 542-53, 1740; *see Syufy*, 903 F.2d at 668-69 (rejecting argument that defendant's "effectiveness as a competitor creates a structural barrier to entry" as "an efficient, vigorous, aggressive competitor is not the villain antitrust laws are aimed at eliminating," and "[f]ostering an environment where businesses fight it out using the weapon of efficiency and consumer goodwill is what the antitrust laws are meant to champion"); *United States v. Waste Mgmt., Inc.*, 743 F.2d 976, 984 (2d Cir. 1984).

45. The agreements Plaintiffs challenge in this case likewise are not properly characterized as an entry barrier; they lower barriers to entry and expansion by allowing search engines to compete for the default in addition to competing to attract users away from the default (as Google has demonstrated by winning users on Windows PCs and mobile devices with Bing set as the default). FOF ¶¶ 47-52, 71-75, 777-88, 824-31, 847-59, 1444; *see L.A. Land Co. v. Brunswick Corp.*, 6 F.3d 1422, 1427 (9th Cir. 1993).

**B. Google Does Not Possess Monopoly Power in Any of the Alleged Advertising Markets.**

**1. Search ads pricing and output does not provide direct evidence of monopoly power, but rather confirms its absence.**

46. Plaintiffs have not presented direct evidence of monopoly power in the alleged ads-side markets because they have not demonstrated a restriction on the output of advertising in those alleged markets. FOF ¶¶ 1099, 1124-25; *see Am. Express*, 138 S. Ct. at 2288 ("Where … output is expanding at the same time prices are increasing, rising prices are equally consistent with growing product demand."); *Broadcom*, 501 F.3d at 307.

47. Plaintiffs also have not established the existence of supra-competitive pricing in any of the alleged markets. The cost-per-click increases over time reflected in the "search ads price index" on which Plaintiffs rely are inapposite because, among other things, the index does not account for quality improvements, which must be addressed in any meaningful analysis of pricing patterns. FOF ¶¶ 1131-43; *see In re Wireless Tel. Servs. Antitrust Litig.*, 385 F. Supp. 2d 403, 427-28 (S.D.N.Y. 2005) (concluding a regression analysis showing defendants' conduct "resulted in increased [mobile phone] handset prices" was "essentially worthless" because it failed to test whether the higher "average wholesale price for wireless handsets" was attributable to factors such as "advances in handset features" or "improvements in handset quality").

48. On a quality-adjusted basis, the price of Google search ads has decreased rather than increased in recent years, and many of the particular launches that Plaintiffs contend increased nominal prices (*e.g.*, launches relating to squashing or rGSP) were followed by periods of declining nominal (and real) prices, which demonstrates that Google does not possess monopoly power in any of the alleged advertising markets. FOF ¶¶ 1132-39, 1169-72; *see Xerox Corp. v. Media Sci., Inc.*, 660 F. Supp. 2d 535, 549-50 (S.D.N.Y. 2009); *Freeland v. AT&T Corp.*, 238 F.R.D. 130, 149 (S.D.N.Y. 2006).

49. Even if Plaintiffs could point to a change that purportedly increased the real price of Google search ads, it would not be evidence of supra-competitive pricing (let alone of *monopoly* power), as Plaintiffs have not accounted for price changes by other companies in the alleged market during the same period or their use of the same techniques for managing ads auctions. FOF ¶¶ 1178, 1183; *see In re HIV Antitrust Litig.*, 656 F. Supp. 3d 963, 984 (N.D. Cal. 2023); *Godix Equip. Export Corp. v. Caterpillar, Inc.*, 948 F. Supp. 1570, 1582 (S.D. Fla. 1996).

50. Firms in a competitive market routinely adjust prices for a variety of reasons, and Plaintiffs have offered no evidence that advertisers' return on their investment in Google's search ads has declined. FOF ¶¶ 1126-30; *see Blue Cross & Blue Shield United of Wisc. v. Marshfield Clinic*, 65 F.3d 1406, 1411-12 (7th Cir. 1995) ("One [company] may charge higher prices than other [companies] … not because it has a monopoly but because it is offering better service than the other [companies] in its market."); *Xerox*, 660 F. Supp. 2d at 549.

**2. Plaintiffs have not presented sufficient indirect evidence of monopoly power over the alleged advertising markets.**

51. Because each of Plaintiffs' proposed ads-side markets is invalid, monopoly power cannot be inferred from the shares of those asserted markets Plaintiffs advance. *Queen City Pizza*, 124 F.3d at 440-41; *CoStar*, 619 F. Supp. 3d at 994.

52. Plaintiffs cannot infer monopoly power from the share statistics they present for the additional reason that Plaintiffs failed to show high entry barriers. Plaintiffs' assertions regarding purported barriers to entry in the ads-side markets suffer the same flaws as their contentions regarding the alleged general search services market, including a failure to account for the low costs of launching an advertising-funded general search engine by serving ads provided by partners (*e.g.*, as DuckDuckGo has done) and the decreasing financial resources and user-interaction data entailed in building all aspects of a general search engine that attracts both

users and advertisers. FOF ¶¶ 253-406, 483, 524-53, 605-31, 1083. None of the alleged ads markets is protected by entry barriers sufficient to infer monopoly power. *Rebel Oil*, 51 F.3d at 1439; *Baker Hughes Inc.*, 908 F.2d at 987-88.

53. With regard to the DOJ Plaintiffs' search advertising market, indirect evidence of monopoly power also is lacking for the independent reason that Plaintiffs failed to show significant barriers to entry for SVPs, which frequently enter the market, have sold an increasing share of search ads in recent years, and do not encounter the purported barriers identified by Plaintiffs. FOF ¶¶ 652-79, 990-93, 995, 1192-98; *see R.J. Reynolds Tobacco Co. v. Philip Morris Inc.*, 199 F. Supp. 2d 362, 383 (M.D.N.C. 2002); *IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 981-82 (N.D. Cal. 1979).

54. Plaintiffs have not sought to establish that Google possesses monopoly power in any broader market that encompasses forms of digital advertising other than search ads, and Google's overall share of digital advertising revenue has decreased during the period analyzed by Plaintiffs' experts, while overall output has grown exponentially and exceeded projections. FOF ¶¶ 990-98, 1084, 1192-97; *see Am. Express*, 138 S. Ct. at 2288.

## III. GOOGLE HAS NOT ENGAGED IN EXCLUSIONARY CONDUCT THAT COMPRISES THE WILLFUL MAINTENANCE OF MONOPOLY POWER.

55. In addition to proving that Google possesses monopoly power in a relevant market, Plaintiffs must prove it "maintained this [monopoly] power through anticompetitive means." *Microsoft*, 253 F.3d at 51. "The mere possession of monopoly power … is not only not unlawful; it is an important element of the free-market system." *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004). Plaintiffs thus must show Google engaged in "exclusionary conduct" to maintain monopoly power. *Microsoft*, 253 F.3d at 58.

56. To qualify as exclusionary conduct, the conduct "must harm the competitive *process* and thereby harm consumers." *Microsoft*, 253 F.3d at 58; *see id.* ("[T]he Sherman Act directs itself not against conduct which is competitive, even severely so, but against conduct which unfairly tends to destroy competition itself."). And "to be condemned as exclusionary, a monopolist's act must have an 'anticompetitive effect'" that is "substantial." *Id.* at 58, 70.

57. In determining whether a monopolist's actions have the requisite anticompetitive effect, a court "must evaluate [the defendant's] allegedly exclusionary conduct separately." *In re EpiPen Mktg., Sales Practices & Antitrust Litig.*, 44 F.4th 959, 982 (10th Cir. 2022); *see United States v. Google LLC*, 2023 WL 4999901, at *12-14 (D.D.C. Aug. 4, 2023).

58. "[I]f a plaintiff successfully establishes a *prima facie* case under § 2 by demonstrating anticompetitive effect, then the monopolist may proffer a 'procompetitive justification' for its conduct." *Microsoft*, 253 F.3d at 59. Examples of valid procompetitive justifications include, among other things, "improv[ing] device security," *Epic Games*, 67 F.4th at 986-89; fostering a "novel business practice … that was beneficial to consumers in the long run," *FTC v. Qualcomm Inc.*, 969 F.3d 974, 1003 (9th Cir. 2020); "eliminating free riding," *N. Am. Soccer League, LLC v. U.S. Soccer Federation, Inc.*, 883 F.3d 32, 43-44 (2d Cir. 2018); "enhanc[ing] interbrand competition," *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.*, 551 U.S. 877, 889-91 (2007); improving product performance, *Microsoft*, 253 F.3d at 67; and winning a counterparty's business by "guarantee[ing] a stable source of supply" at "a stable, favorable price," *Barry Wright Corp. v. ITT Grinnell Corp.*, 724 F.2d 227, 237 (1st Cir. 1983).

59. If the defendant "asserts a procompetitive justification … then the burden shifts back to the plaintiff to rebut that claim." *Microsoft*, 253 F.3d at 59.

60. Finally, if the "procompetitive justification stands unrebutted, then the plaintiff must demonstrate that the anticompetitive harm of the conduct outweighs the procompetitive benefit." *Id.* "[I]n considering whether the monopolist's conduct on balance harms competition and is therefore condemned as exclusionary for purposes of § 2, [the court's] focus is upon the effect of that conduct, not upon the intent behind it." *Id.*

**A. Google's Agreements with Browser Developers Such as Apple and Mozilla Do Not Comprise Exclusionary Conduct.**

**1. The browser agreements are not exclusive or *de facto* exclusive.**

61. Plaintiffs assert that Google's agreements with browser developers such as Apple and Mozilla are exclusionary because they are exclusive or *de facto* exclusive deals. Exclusive dealing principles therefore govern whether the agreements comprise exclusionary conduct. *EpiPen*, 44 F.4th at 982 ("[C]ourts disaggregate the exclusionary conduct into its component parts before applying the relevant law."); *Microsoft*, 253 F.3d at 68-69.

62. "A threshold requirement for any exclusive dealing claim is necessarily the presence of exclusive dealing." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 282 (3d Cir. 2012). Not all agreements that secure an opportunity otherwise available to rivals involve actual or *de facto* exclusive dealing. *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1182 (9th Cir. 2016) ("[A] plaintiff must still show that contracts that were induced were exclusive rather than run-of-the-mill contracts, which inevitably foreclose or exclude alternative sellers from some portion of the market, namely the portion consisting of what was bought." (internal quotation marks, brackets, and citation omitted)); *Microsoft*, 253 F.3d at 67-68, 70 (reversing district court's determination that Microsoft violated Section 2 by paying "IAPs a bounty for each customer the IAP signs up for service using the IE browser" even though "IAPs constitute[d] one of the two major channels by which browsers can be distributed").

63. An exclusive agreement in general is one that by its terms "*forbids the buyer* of the defendant's goods *from purchasing similar goods from a rival as well.*" Areeda & Hovenkamp at ¶ 1800 (emphasis added); *see ZF Meritor*, 696 F.3d at 270 ("An exclusive dealing arrangement is an agreement in which a buyer agrees to purchase certain goods or services *only from a particular seller* for a certain period of time." (emphasis added)). "*[D]e facto* exclusive" dealing refers to terms "that have the 'practical effect' of *preventing buyers from doing business with the monopolist's competitors*." *Simon & Simon, P.C. v. Align Tech., Inc.*, 533 F. Supp. 3d 904, 915-16 (N.D. Cal. 2021) (emphasis added)).

64. Google's agreements with browser developers are not exclusive or *de facto* exclusive because they neither expressly "forbid" developers "from purchasing similar goods from a rival as well," Areeda & Hovenkamp at ¶ 1800, nor have the "practical effect" of "preventing" developers from "doing business with the monopolist's competitors." *Simon & Simon*, 533 F. Supp. 3d at 916. Browser developers that set Google as the default can and do enter agreements with rival search engines to provide a readily available and easily discoverable option for the user to change the default in the browser, display bookmarks in the browser interface where users can access rival search engines, and accept revenue share payments from rival search engines. FOF ¶¶ 1230-34, 1280-91, 1350-55, 1401-14. The promotion of rival search engines in the same browser where Google is the default shows that the contracts are not exclusive deals. B. Douglas Bernheim & Michael D. Whinston, *Exclusive Dealing*, 106 J. Pol. Econ. 64, 65 (1998) (indicating that an exclusive agreement "*prohibits a retailer or distributor* that carries its product *from selling certain other products*" (emphasis added)).

65. The browser agreements are not exclusive or *de facto* exclusive for the further reason that they do not restrict users' ability to search outside the access point set to Google by default, which the evidence demonstrates occurs with great frequency. For example:

a) Only about [redacted] of general search queries on Apple iOS devices are entered in the Safari search bar where Google is the default upon first use. Nearly [redacted] of all queries on iOS devices are input through other access points, such as user-downloaded browsers, user-downloaded search apps, or bookmarks where rival search engines appear alongside Google. Moreover, Google's agreement with Apple does not include any restriction on Apple's ability to preinstall or otherwise promote another company's search widget or application. FOF ¶¶ 1280-91, 1402-07, 1412-13.

b) When Mozilla set Yahoo as the default in Firefox from 2014 to 2017, Google still received nearly 70% of queries from Firefox users. Firefox is not currently a preinstalled browser on any major device, and browsers with rival search engines set as the default (such as Microsoft's Edge or DuckDuckGo's browser) are at least as easy for users to access on a device where a user has installed Firefox. FOF ¶¶ 769, 783-86, 1410, 1414.

c) For years Google has received nearly 80% of queries on Windows PCs even though Microsoft has agreements to set Bing as the default search engine on every pre-installed access point. And when Bing was the default on Blackberry smartphones, Google received an even larger percentage of users' queries. FOF ¶¶ 47-52, 770, 777-82, 824-31, 847-59.

66. Unlike agreements that have been characterized as exclusive or *de facto* exclusive, Google's agreements with browser developers neither guarantee any volume or percentage of queries to Google nor restrict the volume or percentage of queries that rivals may receive. *Microsoft*, 253 F.3d at 68; *ZF Meritor*, 696 F.3d at 277. And as indicated, the evidence

shows that a significant number of smartphone and computer users in fact search outside of the access points subject to browser default agreements. Browser developers' ability to promote rivals and users' demonstrated behavior each confirm that the browser agreements are not exclusive or *de facto* exclusive. *Aerotec*, 836 F.3d at 1182; *see R.J. Reynolds*, 199 F. Supp. 2d at 387 (explaining that the challenged "agreements are not exclusive dealing arrangements" because "[i]n an exclusive dealing contract, the retailer is forbidden from carrying any competing products or posting any competitive signs," while the challenged "agreements, in contrast, do not preclude the display of competing products, do not control the prices at which those products are offered, and do not provide Defendant with more than its market share of product space").

**2. The browser agreements do not foreclose a substantial share of the alleged markets.**

67. Even if the browser agreements were characterized as actual or *de facto* exclusive agreements, they could not form a basis for liability because they do not foreclose a "substantial share" of the alleged markets. *Microsoft*, 253 F.3d at 69 ("[A]n exclusive contract does not violate the [antitrust laws] unless its probable effect is to 'foreclose competition in a substantial share of the line of commerce affected.'"); *see EpiPen*, 44 F.4th at 983 ("Courts repeatedly explain that exclusive dealing agreements are often entered into for entirely procompetitive reasons and pose very little threat to competition even when utilized by a monopolist."); *McWane, Inc. v. FTC*, 783 F.3d 814, 835 (11th Cir. 2015) (observing foreclosure "'serves a useful screening function' as a proxy for anticompetitive harm").

68. Google's agreements with browser developers such as Apple and Mozilla do not foreclose any share of the alleged relevant markets, let alone a "substantial share." Rival search engines have not been denied an opportunity to compete for any share of the market because they can compete both against the default and for the default.

a) The evidence shows that search engines not set as the default in a browser can and do compete "against the default" by, for example, encouraging users to switch the default or download a different browser or search application, which occurs with great frequency on smartphones and computers. FOF ¶¶ 47-52, 71-75, 777-88, 824-31, 847-59, 1401-14.

b) The evidence further demonstrates that rival search engines can and do compete "for the default" by offering deals to entice browsers to set their search engine as the default instead of Google. FOF ¶¶ 1304-39, 1365-69, 1384-1400.

69. Because rival search engines have an opportunity to compete for all users of a browser such as Safari or Firefox, there is no foreclosure. *Eisai, Inc. v. Sanofi Aventis U.S., LLC*, 821 F.3d 394, 403 (3d Cir. 2016) ("In analyzing the amount of foreclosure, our concern is not about which products a consumer chooses to purchase, but about which products are reasonably available to that consumer."); *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 997-98 (9th Cir. 2010).

70. Plaintiffs' approach to calculating foreclosure is flawed in many respects, including that they did not measure or estimate foreclosure against an economically valid but-for world. FOF ¶¶ 793-95, 1418-22; *see Rambus Inc. v. FTC*, 522 F.3d 456, 466-67 (D.C. Cir. 2008) (concluding "the Commission failed to demonstrate that Rambus's conduct was exclusionary" because "if [a third party], in the world that would have existed but for Rambus's deception, would have standardized the very same technologies, Rambus's alleged deception cannot be said to have had an effect on competition in violation of the antitrust laws").

a) Plaintiffs contend that instead of entering an agreement in which a browser developer agrees to set Google as the default, Google could have entered a "most-favored supplier" contract in which the developer agrees to give Google the same prominence as any

other search engine (*i.e.*, through a choice screen). But Plaintiffs have not shown how many queries rivals purportedly could have received in such a scenario, and the evidence from the choice screen implemented on Android devices in Europe indicates that the number is far smaller than any court has ever deemed "substantial" in an exclusive dealing case. FOF ¶¶ 803-23, 1426-32; *see Sterling Merch., Inc. v. Nestle, S.A.*, 656 F.3d 112, 123-24 (1st Cir. 2011) (observing that "high numbers do not guarantee success for an antitrust claim," while "low numbers make dismissal easy"); *Minn. Mining & Mfg. Co. v. Appleton Papers, Inc.*, 35 F. Supp. 2d 1138, 1143 (D. Minn. 1999) ("[J]udicial decisions have established a virtual safe harbor for market foreclosure of 20 percent or less." (citation omitted)).

b) Plaintiffs also contend that Google could have entered an "unconditional" revenue share agreement with browser developers, but again Plaintiffs have not attempted to demonstrate how many queries rivals purportedly could have received in such a scenario, let alone that it reflects an economically valid market outcome. FOF ¶¶ 796-802.

71. The percentage of queries "covered by" the challenged agreements is not a valid measure of foreclosure. For one thing, because the purpose of foreclosure is to help assess anticompetitive effects, there is no basis for avoiding the but-for world inquiry that even Professor Whinston concedes is necessary to assess anticompetitive effects. Tr. 5779:18-5780:3 (Whinston) ("When I get to anticompetitive effects, I am thinking about but-for worlds."). For another, the agreements indisputably affect only a fraction of the search queries that flow through the access points subject to the agreements. Plaintiffs' own analysis acknowledges that numerous users would search with Google even if another search engine were the default, which renders "coverage" unreliable as a measure of foreclosure. FOF ¶¶ 1415-16, 1423-25, 1616-19; *see Church & Dwight Co. v. Mayer Labs., Inc.*, 868 F. Supp. 2d 876, 914 (N.D. Cal. 2012)

(*vacated in part on other grounds*, 2012 WL 1745592); *United States v. Hammermill Paper Co.*, 429 F. Supp. 1271, 1282 (W.D. Pa. 1977). And for yet another, any quantitative measure of foreclosure must account for qualitative factors bearing on the ultimate question: the impact of any foreclosure on competition. *Microsoft*, 253 F.3d at 70-71.

72. Professor Whinston testified at trial about a 33% foreclosure figure—premised on an improper and newly invented analysis not disclosed before trial—that purports to identify the fraction of queries covered by the browser and Android agreements collectively that a superior search rival could not obtain. This figure is invalid for the additional reasons that it failed to account for a superior rival's ability to compete to displace Google as the default and is based on speculation and a hard-wired service with fundamentally different characteristics (*i.e.*, Apple Maps) instead of empirical evidence of what has occurred when a lower-quality search engine has been set as the default (*e.g.*, on Windows PCs, smartphones that preloaded Bing or Yahoo, or in Firefox when Yahoo was the default). FOF ¶¶ 47-52, 764-70, 824-31, 847-59, 1423-25.

73. Even Plaintiffs' flawed 33% figure does not represent a "substantial share" of any of the alleged markets. While "a monopolist's use of exclusive contracts, *in certain circumstances*, may give rise to a § 2 violation even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation," *Microsoft*, 253 F.3d at 70 (emphasis added), the present circumstances do not qualify because rivals can compete both for and against a default. Areeda & Hovenkamp at ¶ 1807d ("The discussion of exclusive dealing suggests that minimum market shares in the range of 30 to 40 percent are required for condemnation. *These numbers presume outright exclusive dealing* and contracts of sufficiently long duration. *When the restraint in question excludes less*, or if rivals are in a

stronger position to bid business away from the defendant, *then foreclosure percentages must reflect those facts*." (emphasis added)); *EpiPen*, 44 F.4th at 988.

**3. Plaintiffs have not demonstrated that the browser agreements harmed competition.**

74. Because Plaintiffs "must demonstrate that the monopolist's conduct indeed has the requisite anticompetitive effect," *Microsoft*, 253 F.3d at 58-59, Plaintiffs cannot satisfy their burden by showing only that Google entered into exclusive or *de facto* exclusive agreements that foreclosed a substantial share of a relevant market. Plaintiffs must also show that those agreements in fact "harmed competition, not just a competitor" in relation to a but-for world in which the purportedly unlawful restrictions did not exist. *Id.* at 59; *see Rambus*, 522 F.3d at 466-67; Tr. 5779:18-5780:3, 6085:15-19 (Whinston).

75. The evidence does not support Plaintiffs' assertion that the challenged agreements impermissibly deprived rivals of a minimum amount of scale necessary to compete in relation to any but-for world. The evidence instead shows that user interaction data exhibits diminishing returns to scale at levels that current rivals have surpassed, and their shortcomings are due to an array of factors other than scale. On an issue on which Plaintiffs bear the burden, they have not established that shifting queries to an inferior search engine—to the obvious detriment of any users who tend to stick with the default—would provide that search engine with the scale necessary to generate long-term quality improvements that would ultimately change the competitive landscape and redound to the benefit of consumers. FOF ¶¶ 253-631.

76. The evidence also fails to support Plaintiffs' speculation that the browser agreements impair rivals' incentive to compete in relation to a but-for world, particularly given the significant number of consumers who search outside the default access point on smartphones and computers. FOF ¶¶ 1446-54; *see supra* ¶ 68. Moreover, an impact on rivals' incentives is not

evidence of exclusionary conduct, as price and quality competition often have the same effect. *Ball Mem. Hosp.*, 784 F.2d at 1338; *Syufy*, 903 F.2d at 668 (explaining that vigorous competition can involve "deterr[ing] competitors by supplying a better product at a lower price").

77. The evidence likewise does not support the Colorado Plaintiffs' contention that rivals' ability to partner with SVPs has been impermissibly hindered in relation to any but-for world. Rather, the evidence shows that Microsoft has content partnerships with scores of SVPs, and that the few instances where Microsoft was unable to reach a deal were neither attributable to the challenged agreements nor affected Microsoft's ability to compete. FOF ¶¶ 1736-43.

78. Plaintiffs' assertion at trial that Apple is restricted in its ability to offer "suggestions" to Safari users by the 2016 amendment to the ISA that provides that "Apple's use of the Services as Default in the Web Browser Software will remain substantially similar to its use … as of the Execution Date" is factually incorrect and inadmissible in any event. Plaintiffs offered no evidence at trial that the 2016 agreement limited Apple's ability to provide direct answers to user queries in the Safari browser, nor did Plaintiffs prove that this provision had any impact on Apple's ability to develop its own general search engine. FOF ¶¶ 1269-71, 1293-1303.

79. Professor Whinston's testimony at trial on this issue is insufficient and inadmissible for several reasons. First, he admitted at trial that he disclosed no opinions in his expert reports prior to trial about this provision. Tr. 6062:12-16 (Whinston). Second, Plaintiffs' Complaints do not include any allegations about a restriction on Apple's ability to offer suggestions to Safari users, and Plaintiffs did not reference any such restriction in response to an interrogatory asking them to identify the contract provisions they claim are anticompetitive. *Blake v. Securitas Sec. Servs.*, 292 F.R.D. 15, 19 (D.D.C. 2013) (explaining that the "overwhelming weight of authority is that preclusion is *required and mandatory* absent some

unusual or extenuating circumstances" for a violation of Rule 26(a)(2)'s requirement on disclosure of expert testimony); *United States ex rel. Morsell v. NortonLifeLock, Inc.*, 2022 WL 278773, at *4 (D.D.C. Jan. 31, 2022).

**4. The browser agreements reflect competition on the merits based on search quality and price.**

80. For many of the same reasons the browser agreements are not exclusive dealing, they do not comprise exclusionary conduct because they reflect the outcome of competition on the merits. Google competes with other search engines on the basis of quality and price to be the default in browsers designed by firms such as Apple and Mozilla, and those firms have chosen to set Google as the default based on their determination that it offers the highest-quality experience for their browsers and customers. FOF ¶¶ 1220-30, 1248, 1256, 1261, 1266-67, 1274-79.

81. Competing for an opportunity by offering above-cost pricing—which is not predatory as a matter of law, *Pac. Bell Tel. Co. v. linkLine Commc'ns, Inc.*, 555 U.S. 438, 451 (2009)—and a superior product is competition on the merits that does not violate Section 2. *Microsoft*, 253 F.3d. at 68 ("The rare case of price predation aside, the antitrust laws do not condemn even a monopolist for offering its product at an attractive price, and we therefore have no warrant to condemn Microsoft for offering either IE or the IEAK free of charge or even at a negative price."); *id.* ("[A] monopolist does not violate the Sherman Act simply by developing an attractive product.").

82. Because competition on the merits is not anticompetitive or exclusionary conduct, Plaintiffs have not met their *prima facie* burden with regard to the browser agreements. *Id.* at 62, 65 ("Because Microsoft's conduct, *through something other than competition on the merits*, has the effect of significantly reducing usage of rivals' products and hence protecting its own

operating system monopoly, it is anticompetitive." (emphasis added)); *see id.* at 58 ("The successful competitor, having been urged to compete, must not be turned upon when he wins.").

**5. The browser agreements are justified by numerous procompetitive benefits in the alleged markets that stand unrebutted and outweigh any asserted harm to competition.**

83. Even if the browser agreements were characterized as exclusive deals that have an anticompetitive effect, they are supported by business justifications that generate procompetitive benefits sufficient to outweigh any purported harm to competition.

84. The evidence shows that for approximately two decades (*i.e.*, starting *before* Plaintiffs contend that Google's conduct harmed competition), browser developers have designed their browsers with a single default search engine, and third-party browser developers have sought compensation from a search engine in exchange for setting it as the default. This exchange is a "normal competitive tool" in the industry that is not exclusionary, even if the resulting agreement is characterized as exclusive or *de facto* exclusive. FOF ¶¶ 789-92, 860-68, 1220-30, 1241-79; *see EpiPen*, 44 F.4th at 989 (affirming judgment for defendant on Section 2 claim where "[t]he widespread use of exclusive rebate agreements in the … market … does not suggest [defendant] acted anticompetitively," but "[r]ather, this demonstrates the market was functioning properly"); *Barry Wright*, 724 F.2d at 237-38.

85. The evidence shows that throughout the period Plaintiffs' experts evaluated for potential anticompetitive effects, Apple and Mozilla continued to design their browsers with a single, user-changeable default search engine because they believe doing so makes their browsers more attractive to consumers and stimulates competition from search engines to be the default. FOF ¶¶ 865-68, 1235-40, 1348-51, 1356-59; *see Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 524 (5th Cir. 1999) (affirming judgment for defendant under Section 2 where "the decision to sole-source a contract or adopt a particular specification was always

ultimately in the hands of the consumer," *i.e.*, the counterparty); *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 83 (3d Cir. 2010) ("It is well established that competition among businesses to serve as an exclusive supplier should actually be *encouraged*.").

86. The browser agreements improve search quality and output by enabling the browser to work effectively out of the box; incentivizing the browser developer to select the highest quality search engine; and encouraging the developer to improve the browser's speed, stability, ease of use, and other attributes that encourage users to conduct more searches. Payment of a revenue share underpins these benefits, as browser developers have the opportunity to earn more money by making improvements that encourage more searching. FOF ¶¶ 773-76, 1435-36; *see N. Am. Soccer League*, 883 F.3d at 43 (referencing greater output, enhanced product appeal, improved quality, more secure financial viability, and eliminating free riding as valid justifications); *Barry Wright*, 724 F.2d at 237.

87. The browser agreements also improve search quality and output by encouraging search engines to make quality improvements to compete for or maintain the default position, which offers the opportunity to win a segment of consumers who are inclined to stick with the default and receive the endorsement of a browser developer as meriting the default selection. FOF ¶¶ 761-64, 1437-41; *see Epic Games*, 67 F.4th at 971; *Microsoft*, 253 F.3d at 59 (describing "enhanced consumer appeal" as a procompetitive justification).

88. And the browser agreements further enhance search quality and output by introducing price competition that would not otherwise exist given that search engines are available to users at no cost. Search engines have an incentive to compete on multiple dimensions to be the default in addition to competing to attract users directly (*e.g.*, by encouraging them to switch the default or download their search application or browser). FOF ¶¶

71-75, 1442-43; *see N. Am. Soccer League*, 883 F.3d at 43; *Microsoft*, 253 F.3d at 59 (citing "greater efficiency" as a procompetitive justification).

89. The evidence shows that Apple and Mozilla evaluate rival search engines and decide whether to set Google as the default based on a recurring consideration of quality and price. FOF ¶¶ 1241-79, 1304-47, 1360-79. This form of "competition for the contract is a vital form of rivalry, and often the most powerful one, which the antitrust laws encourage rather than suppress." *Menasha Corp. v. News Am. Mktg. In-Store, Inc.*, 354 F.3d 661, 663 (7th Cir. 2004); *see Paddock Publ'ns, Inc. v. Chi. Trib. Co.*, 103 F.3d 42, 45 (7th Cir. 1996) (explaining that "[c]ompetition-for-the-contract is a form of competition that antitrust laws protect rather than proscribe" because even if "[e]xclusive contracts make the market hard to enter in" the interim, they "cannot stifle competition over the longer run," while "competition of this kind drives down the price … to the ultimate benefit of consumers").

90. Overturning price and quality competition in the hope that a different outcome may emerge is antithetical to the Sherman Act, which addresses whether "a monopolist's act … harm[s] the competitive *process* and thereby harm[s] consumers," *Microsoft*, 253 F.3d at 58. The Sherman Act neither seeks to restrain a market leader from drawing upon all of its advantages to compete nor authorizes a reallocation of market opportunities in an effort to encourage less efficient rivals to catch up. *EpiPen*, 44 F.4th at 985 (describing how "antitrust became indifferent to the preservation of inefficient competitors"); *Novell, Inc. v. Microsoft Corp.*, 731 F.3d 1064, 1072 (10th Cir. 2013) ("Forcing monopolists to 'hold[] an umbrella over inefficient competitors' might make rivals happy but it usually leaves consumers paying more for less.").

### 6. The challenged agreements benefit competition in complementary markets that also create benefits in Plaintiffs' alleged markets.

91. The browser agreements also benefit browser competition. The quality of the default search engine has a significant impact on the browser; users rely on browser developers to choose a high-quality default; and browser developers rely on search revenue share payments to fund research and development that enhances their product and ability to compete. Benefits to browser competition, in turn, further enhance search competition. FOF ¶¶ 904-07, 1455-67.

92. There is no dispute that procompetitive benefits that accrue in Plaintiffs' alleged markets are legally cognizable even if the same conduct also produces benefits in other markets. Sept. 1, 2023 Hr'g Tr. 47:21-25; *see Sullivan v. Nat'l Football League*, 34 F.3d 1091, 1113 (1st Cir. 1994) ("[E]vidence of benefits to competition in the relevant market can include evidence of benefits flowing indirectly … that ultimately have a beneficial impact on competition in the relevant market itself."). The evidence shows that enhancing browser competition enhances search output. FOF ¶¶ 1464-67.

93. The benefits to browser competition that result from Google's agreements are also cognizable irrespective of their benefits to search competition because search engines and browsers are highly complementary, and courts credit justifications in those circumstances even when the benefits lay outside the asserted markets. FOF ¶ 1464; *see Microsoft*, 253 F.3d at 96 (concluding that on remand of Plaintiffs' tying claim, Microsoft "may offer *the same* procompetitive justification for the override" in the *operating system* market even though plaintiffs would seek to show anticompetitive effects "in the *browser* market" that are "greater than these benefits" (first emphasis added)); *see Eastman Kodak*, 504 U.S. at 483-84; *NCAA v. Bd. of Regents of Univ. of Okla.*, 468 U.S. 85, 111, 115-17 (1984); *Mozart Co. v. Mercedes-Benz of N. Am., Inc.*, 833 F.2d 1342, 1348-51 (9th Cir. 1987).

94. The challenged agreements' benefits to competition in complementary markets distinguish cases in which courts have declined to count out-of-market efficiencies on the grounds that the asserted efficiency would not have counted *even if it had accrued in Plaintiffs' alleged market*. *Smith v. Pro Football, Inc.*, 593 F.2d 1173, 1185-86 (D.C. Cir. 1978) (rejecting NFL's argument that restriction was "'procompetitive' in its effect on the playing field" because it was not a benefit relating to "competition in the economic sense," and therefore would have failed irrespective of whether it was a benefit in or out of the asserted relevant market).

**7. Plaintiffs have not identified a valid substantially less restrictive alternative.**

95. Plaintiffs cannot rebut a procompetitive justification merely by hypothesizing alternative conduct, but instead must "prove that '*substantially* less restrictive alternative rules' existed to achieve the *same* procompetitive benefits." *NCAA v. Alston*, 141 S. Ct. 2141, 2162 (2021) (emphasis added). "[A]ntitrust law does not require businesses to use anything like the least restrictive means of achieving legitimate business purposes," and "courts should not second-guess 'degrees of reasonable necessity,'" as that "would be a recipe for disaster" given that a "'skilled lawyer' will 'have little difficulty imagining possible less restrictive alternatives to most joint arrangements.'" *Id.* at 2162 (internal citation omitted); *see Trinko*, 540 U.S. at 414.

96. Plaintiffs have not identified a valid substantially less restrictive alternative for achieving the relevant procompetitive benefits. Plaintiffs' proffered alternatives—namely an "unconditional" revenue share payment or a "most-favored supplier" arrangement—are not substantially less restrictive because they have no real-world basis. The evidence shows they do not reflect agreements between browser developers and search providers that would arise in competition absent the challenge conduct. FOF ¶¶ 416-29, 796-98, 803-814, 832-46, 1304-10, 1318, 1365-66; *see Alston*, 141 S. Ct. at 2161.

97. Plaintiffs' hypothetical agreements also are not valid less-restrictive alternatives for the independent reason that Plaintiffs did not prove they would preserve most, let alone all, of the procompetitive benefits of Google's browser agreements without increased costs. *Alston,* 141 S. Ct. at 2164; *Cnty. of Tuolumne v. Sonoma Cnty. Hosp.*, 236 F.3d 1148, 1159 (9th Cir. 2001) ("[P]laintiffs must also show that an alternative is substantially less restrictive *and* is virtually as effective in serving the legitimate objective *without significantly increased cost.*"). Plaintiffs have not established that a browser developer could generate sufficient revenue from "unconditional" payments to fund improvements to its browser that improve search quality and output. And as for "most-favored supplier" agreements, the evidence shows that browser developers do not want to offer a search engine choice screen in place of a default because doing so would harm their users and decrease their revenue share. FOF ¶¶ 801-02, 815-23, 1235-40, 1268, 1357-59, 1433, 1445.

**B. Google's MADAs with Android OEMs and RSAs with Android OEMs and Wireless Carriers Do Not Comprise Exclusionary Conduct.**

**1. The MADAs and RSAs are not exclusive or *de facto* exclusive.**

98. Plaintiffs' contention that Google's MADAs with Android OEMs and RSAs with Android OEMs and wireless carriers are anticompetitive is predicated on characterizing those agreements as a form of exclusive or *de facto* exclusive dealing, and the claims therefore must be analyzed under the doctrinal rules specific to that theory. *See supra* ¶ 61.

99. MADAs are not exclusive or *de facto* exclusive. They expressly permit OEMs to preinstall other general search applications and browsers with a different search engine set as the default, and they do not specify the default search service or default browser for any device. FOF ¶¶ 1469-78. Significant search volumes flow through access points that are not addressed by MADAs (*e.g.*, the "hot seat"), such that OEMs can prominently promote rival search engines if

they wish to do so, and MADAs do not block consumers from downloading rival search engines or removing the Google Search widget. MADAs therefore do not comprise actual or *de facto* exclusive dealing. FOF ¶¶ 1560-73, 1587-97; *see supra* ¶¶ 62-66.

100. Google's current RSAs with Android OEMs and wireless carriers allow the counterparty to determine on a device-by-device basis whether to refrain from preinstalling alternative search services on the device upon first use in order to earn the highest available revenue share percentage. FOF ¶¶ 1479-1507, 1575-86. The agreements do not comprise actual *or de facto* exclusive dealing because the counterparty can decide at any time to preinstall a rival search engine on a device without forfeiting any payments it earns from Google on other devices. *Allied Orthopedic*, 592 F.3d at 997 (concluding "sole-source agreements did not foreclose competition" because counterparties "could choose at anytime to forego the discount offered by [Defendant] and purchase from a generic competitor"). The RSAs also affirmatively preserve users' ability to access rival search engines directly, such as by downloading alternative search applications or browsers (*e.g.*, from the Google Play Store) or by changing the default search engine in Google's Chrome browser. FOF ¶¶ 1587-97; *see Allied Orthopedic*, 592 F.3d at 997.

**2. The Android agreements do not foreclose a substantial share of the alleged markets.**

101. Even if MADAs and/or RSAs were considered exclusive or *de facto* exclusive deals, they could not serve as a basis for liability under Section 2 because they do not foreclose a "substantial share" of any of the alleged relevant markets. *Microsoft*, 253 F.3d at 69. Neither MADAs nor RSAs foreclose any share of the alleged markets, let alone a "substantial share."

a) Rival search engines can compete for incremental promotion on every MADA device, and they can do the same under each device-by-device RSA. FOF ¶¶ 1560-86.

b) Rivals can also compete to reach users directly, and the evidence shows that user-downloadable browsers and applications are an established means of distributing search directly to users even if every preinstalled search access point is set to a default search engine (as has been the case on Windows PCs, for example, where Google nevertheless receives a significant majority of queries). FOF ¶¶ 47-52, 777-88, 824-31, 1587-97; *see Allied Orthopedic*, 592 F.3d at 997 ("If competitors can reach the ultimate consumers of the product by employing existing or potential alternative channels of distribution, it is unclear whether such restrictions foreclose from competition *any* part of the relevant market."); *PNY Techs., Inc. v. SanDisk Corp.*, 2014 WL 2987322, at *9 (N.D. Cal. July 2, 2014); *CDC Techs., Inc. v. IDEXX Labs., Inc.*, 7 F. Supp. 2d 119, 121-22 (D. Conn. 1998) (*aff'd*, 186 F.3d 74 (2d Cir. 1999)).

102. As indicated, Plaintiffs' approach to calculating foreclosure is flawed because they have not measured it against an economically valid but-for world. *See supra* ¶ 70.

103. No foreclosure is attributable to MADAs in relation to a but-for world where Google Search and Chrome are licensed separately from the MADA. There is no evidence any Android OEM is interested in preinstalling a search rival in place of Google (*i.e.*, by licensing the Play Store but not Google Search), and in Europe where that option is available no OEM has done so (or foregone placing the Google Search widget). FOF ¶¶ 1527-37, 1601-09.

104. Even if Android RSAs were considered exclusive deals that foreclose a share of the alleged markets, the evidence shows they foreclose fewer than 1% of general search queries. Professor Whinston proffered as a less-restrictive alternative a "most-favored supplier" agreement, where OEMs and carriers could agree to promote Google as prominently as any other search engine (*i.e.*, through a choice screen). Based on Professor Whinston's analysis of the results of the choice screen currently on Android devices in Europe, more than 90% of U.S. users

would select Google, such that fewer than 1% of additional general search queries would be available to rivals. FOF ¶¶ 1610-13; Tr. 6046:16-19 (Whinston).

105. The DOJ Plaintiffs' previously undisclosed 33% foreclosure figure, which aggregates all Android and browser agreements, is flawed for the reasons stated above, including its failure to examine evidence of what actually occurs when a lower-quality search engine is the default and its failure to consider that a superior rival would win promotional opportunities on Android devices. *See supra* ¶ 72. Any calculation of the proportion of the 33% foreclosure figure attributable to the Android agreements (*i.e.*, 11.6% to 13.5% of all general search queries) is far below what could be considered "substantial." *Minn. Mining & Mfg.*, 35 F. Supp. 2d at 1143 (observing that "judicial decisions have established a virtual safe harbor for market foreclosure of 20 percent or less" (citation omitted)); *see* FOF ¶¶ 1617-18.

106. As indicated, the percentage of queries "covered by" the challenged agreements is not a valid measure of foreclosure, including because rivals can compete for promotion and the agreements indisputably impact only a fraction of the queries that flow through the access points subject to the agreements. *See supra* ¶ 71. Even if "coverage" were a relevant data point, however, the evidence shows the Android agreements "cover" only 19.4% of general search queries. FOF ¶ 1616. A foreclosure percentage that is less than half of what is "usually required" cannot represent a "substantial share," even in a Section 2 case. *Microsoft*, 253 F.3d at 70; *see R.J. Reynolds*, 199 F. Supp. 2d at 388. And for the reasons explained above, there is no evidence of any foreclosure translating into competitive harm. *See supra* ¶¶ 71, 74-77.

**3. Plaintiffs have not demonstrated that the Android agreements harmed competition.**

107. As stated above, Plaintiffs have not demonstrated that in relation to any but-for world the challenged agreements impermissibly deprived rivals of a minimum amount of scale

necessary to compete, impermissibly diminished their incentives to compete, or impermissibly impaired their ability to form partnerships with SVPs. *See supra* ¶¶ 74-77.

108. Plaintiffs' invocation of Branch Metrics does not provide evidence of the requisite anticompetitive effect because, among other things, Branch Metrics' services are not part of Plaintiffs' alleged markets; there is no evidence that Google's agreements with Android OEMs or carriers prevented any third party from preloading any Branch services that it otherwise wanted to license or prevented Branch from partnering with Google's search rivals; and there is no evidence that wider deployment of Branch would facilitate general search engine entry or expansion in the relevant markets. FOF ¶¶ 1620-84; *see Am. Express*, 138 S. Ct. at 2284 (describing plaintiff's "burden to prove that the challenged restraint has a substantial anticompetitive effect that harms consumers *in the relevant market*" (emphasis added)); *Qualcomm*, 969 F.3d at 993.

**4. The Android agreements are justified by numerous procompetitive benefits in the alleged markets that stand unrebutted and outweigh any asserted harm to competition.**

109. Even if the MADAs and/or RSAs were characterized as exclusive deals that have an anticompetitive effect, they are supported by business justifications that generate procompetitive benefits sufficient to outweigh any purported harm to competition.

110. MADAs improve search quality and output by enabling the production of high-quality, low-cost smartphones that allow consumers to conduct more searches from mobile devices. The evidence shows Android smartphones are available at lower price points because MADAs allow OEMs to obtain a royalty-free license to Google's valuable proprietary applications and APIs. Without this barter arrangement, Google would charge OEMs a fee to license its proprietary software, which is costly to build and maintain. FOF ¶¶ 869-78, 886-88, 1709-14; *see Qualcomm*, 969 F.3d at 989 (explaining how a "unique business model" that "relies

on" a form of contractual restriction "ultimately benefited consumers by 'increasing the quality and quantity of … transactions,'" such that "what appeared at first to be anticompetitive … was actually procompetitive and innovative").

111. MADAs also improve search quality and output by making it easy for users to search the web using the high-quality applications that consumers demand, as evidenced by the large and growing average number of queries conducted on Android smartphones. And MADAs have facilitated the proliferation of APIs and an application store that make it especially easy for developers to build and distribute search applications and widgets, and for consumers to download and use them across Android devices. FOF ¶¶ 773-76, 1686-87, 1693, 1696-1702.

112. Android RSAs improve search quality and output by providing OEMs and carriers a financial incentive to produce high quality mobile devices on which it is easier to search the web and to make infrastructure investments that facilitate web search (*e.g.*, high-quality user interfaces, affordable data plans, and high-speed data networks). The payment of a revenue share underpins this incentive because OEMs and carriers have the opportunity to earn more money by making improvements to their devices, data plans, and wireless networks that encourage more searching. FOF ¶¶ 1688-93, 1727-28.

113. The RSAs' placement terms, including preloading the Chrome browser in the "hot seat," expand search output by facilitating user access to a high-quality browser and promoting Android's ability to compete with iOS, which further boosts search output. FOF ¶¶ 773-76, 907-19, 1704-08.

114. The RSAs' preinstallation exclusivity provisions improve search quality and output by aligning incentives and mitigating opportunism by partners to a sufficient degree to enable Google to provide OEMs and carriers the financial incentives to make investments that

facilitate more searching on mobile devices. In the absence of preinstallation exclusivity, partners could promote rivals while earning revenue share on all their Google Search volume, thereby depriving Google of the incremental volume that the higher revenue share is designed to promote. FOF ¶¶ 1690-92; *see N. Am. Soccer League*, 883 F.3d at 43 ("Eliminating free riders can be a procompetitive advantage of alleged restraints on competition.").

115. MADAs and Android RSAs, both separately and together, promote inter-brand competition against Apple's iOS, which expands search output. MADAs provide a full suite of high-quality applications that consumers expect from a smartphone while allowing consumers to easily port their applications across Android devices. And RSAs give elevated promotion to best-in-class services and applications (such as Google Search and Chrome) that users demand and thereby enhance Android device competition with Apple devices. The evidence shows that this consistent, high-quality user experience facilitates competition between Android and iOS, which includes increasing search quality and output by driving improvements that are central to searching on mobile devices, such as the proliferation of search widgets and larger screens. FOF ¶¶ 887-902, 907-19, 1694-1715; *see Leegin*, 551 U.S. at 890 (recognizing defendant's justification that the challenged contractual restraints "can stimulate interbrand competition—the competition among manufacturers selling different brands of the same type of product").

116. Procompetitive benefits that accrue in highly complementary markets should be considered in addition to the aforementioned benefits in Plaintiffs' alleged markets. Mobile devices and mobile platforms, like browsers, are highly complementary in relation to search, and the challenged agreements produce benefits to competition in the economic sense. FOF ¶¶ 1694-95; *see supra* ¶¶ 93-94.

### 5. Plaintiffs have not identified a valid substantially less restrictive alternative.

117. Plaintiffs have not identified a substantially less restrictive alternative for achieving the MADA's procompetitive benefits. Breaking up the collection of applications included in the MADA is not a valid less restrictive alternative because MADA signatories want to pre-install the Google search widget and Chrome, and have continued doing so in Europe after being given the option to license the Play Store and other applications separately. Unbundling would not enable Google to achieve the efficiency of a consistent, high-quality search experience, and Plaintiffs have not established that the price and quality of Android devices would remain as competitive without the royalty-free availability of proprietary Google software, and therefore have not shown that search output and quality would continue to increase due to the proliferation of low-cost, high-quality smartphones that enable more intensive search usage. FOF ¶¶ 1601-09, 1709-14; *see Qualcomm*, 969 F.3d at 996 (concluding the FTC's position gave "inadequate weight to Qualcomm's reasonable, procompetitive justification" for its allegedly anticompetitive licensing program given that an alternative approach "would require the company to engage in 'multi-level licensing,' leading to inefficiencies and less profit").

118. Plaintiffs have not demonstrated that substantially all of the procompetitive benefits of the Android RSAs could be achieved through substantially less-restrictive means, let alone without increasing the costs of achieving those benefits. There is no evidence that the price and quality of Android devices would remain as competitive in the U.S. or continue to improve without the incentives that RSAs provide to OEMs and carriers. The evidence instead shows that without the challenged terms Google would offer a lower revenue share, reducing partners' incentives to invest in Android and the availability of low-cost, high-quality smartphones that enable more intensive search usage. FOF ¶¶ 1689-91, 1715.

119. Although Google offers carriers in the U.S. other financial incentives to promote Android devices, these go-to-market deals are more administratively cumbersome, do not similarly align incentives to promote search quality and output, and would not generate the same level of overall investment in the Android ecosystem if Google could not also compete for elevated promotion of Search on Android devices and re-invest portions of the incremental revenue resulting from that promotion through the Android RSAs. FOF ¶¶ 1731-35; *see Epic Games*, 67 F.4th at 990 (explaining that a valid less restrictive alternative "must be virtually as effective in serving the defendant's procompetitive purposes without significantly increased cost" (brackets and quotations marks omitted)).

**C. Google's SA360 Conduct Is Not a Basis for Liability under Section 2.**

**1. The Colorado Plaintiffs' SA360 claim fails to meet any of the prerequisites for an exclusionary refusal to deal.**

120. "As a general rule, businesses are free to choose the parties with whom they will deal, as well as the prices, terms, and conditions of that dealing." *Pac. Bell*, 555 U.S. at 448. In particular, "as a general matter, the Sherman Act 'does not restrict the long recognized right of [a] trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal.'" *Trinko*, 540 U.S. at 408. "Compelling" any party, even a purported monopolist, "to share the source of their advantage … may lessen the incentive for the monopolist, the rival, or both, to invest" and "requires antitrust courts to act as central planners," a "role for which they are ill suited." *Id.* at 407-08.

121. Refusing to deal with a competitor—including a "refus[al] to deal on the rivals' preferred terms"—constitutes exclusionary conduct only in exceptional circumstances. *New York v. Meta Platforms, Inc.*, 66 F.4th 288, 306 (D.C. Cir. 2023). Courts accordingly "have been very cautious" in condemning a firm's refusal to cooperate with rivals, *Trinko*, 540 U.S. at 408, and

exceptions are "few." *Meta*, 66 F.4th at 305; *see Novell*, 731 F.3d at 1076 (noting a bright-line rule avoids "the risk of inducing collusion and inviting judicial central planning").

122. The Colorado Plaintiffs have met none of the three threshold showings required before analyzing a refusal to deal as potentially exclusionary conduct: (1) a unilateral termination of a voluntary and profitable course of dealing, (2) for which the only conceivable rationale or purpose is to sacrifice short-term benefits in order to obtain higher profits in the long run from the exclusion of competition, (3) in order to single out a rival with respect to products that the defendant already sells in the existing market to other similarly situated customers. *Qualcomm*, 969 F.3d at 993-95; *see Meta*, 66 F.4th at 305-06; *Aerotec*, 836 F.3d at 1184.

123. *First*, the Colorado Plaintiffs failed to demonstrate that Google "voluntarily engaged in a course of dealing," with a competitor (Microsoft) that it subsequently terminated. *Meta*, 66 F.4th at 305; *see Qualcomm*, 969 F.3d at 993-94. There is no evidence of any *prior* course of dealing that Google *terminated*. The evidence showed that Google historically never implemented all Microsoft Ads features in SA360 as a matter of routine, never committed to integrate specific features, and when Google elected to integrate Microsoft Ads features, never agreed to do so on any specific timeline. Instead, Google's practice was to integrate features (whether Microsoft Advertising, Google Ads, or others) based on customer demand, technical feasibility, and resource availability. FOF ¶¶ 1774-81, 1819-22, 1825-29, 1839, 1852-54.

124. *Second*, the Colorado Plaintiffs did not establish that Google's "only conceivable rationale or purpose" was "to sacrifice short-term benefits in order to obtain higher profits in the long run from the exclusion of competition." *Qualcomm*, 969 F.3d at 993 (citations omitted); *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 398 F.3d 666, 675 (D.C. Cir. 2005); *Novell*, 731 F.3d at 1075 ("Put simply, the monopolist's conduct must be irrational but for its anticompetitive

effect."). There is no evidence that it would have been profitable for Google to build Microsoft auction-time bidding on Microsoft's timetable in light of the lack of SA360 customer demand at that time and the lack of resources available to build this feature faster. Google's evaluation of and decision to build these complex features over time—based on its customers' demand and prioritization, technical feasibility, and available resources—was not "irrational," let alone "irrational but for" some "anticompetitive effect." *Novell*, 731 F.3d at 1075. Rival SEM tools' varied responses to Microsoft's demands further shows Google did not depart from rational business conduct. FOF ¶¶ 1745-49, 1774-81, 1854-57, 1864-72, 1877-82, 1919-20.

125. *Third*, there is no evidence that Google singled out and refused to deal with a competitor regarding "products that [it] already sells in the existing market to other similarly situated customers." *Qualcomm*, 969 F.3d at 994. Google did not single out Microsoft in its feature building decisions, but instead treated Microsoft the same as Google treated other engines according to Google's usual and customary practices. FOF ¶¶ 1777-81, 1825-29, 1852-54. It is undisputed that the Microsoft Ads features that were demanded to be built into SA360 were not built into SA360 as of Microsoft's November 2019 requests. FOF ¶¶ 1746, 1786-87, 1819, 1822, 1825-29, 1837-39, 1852-54, 1913.

126. The Colorado Plaintiffs also failed to establish that any supposed refusal to deal on rivals' preferred terms contributed to monopoly maintenance—that is, the refusal had a significant "anticompetitive effect"—in the asserted relevant market, as it must before a court can impose liability for a violation of Section 2. *Microsoft*, 253 F.3d at 59; *see Mr. Furniture Warehouse, Inc. v. Barclays Am./Com. Inc.*, 919 F.2d 1517, 1523 (11th Cir. 1990) ("It requires a long stretch to call an individual refusal to deal 'monopolizing' when it does nothing to increase the refuser's monopoly power."). There is no evidence that the lack of features (or delayed

implementation of features)—for one competitor, on one of many advertising tools—materially altered competition in any alleged relevant market, let alone in a way that harmed advertisers or users. FOF ¶¶ 1764-69, 1887-92, 1895, 1914-20.

a) The Colorado Plaintiffs failed to establish the significance of SA360 as a channel for Microsoft Ads as compared to the numerous other ways in which advertisers could place ads on Bing search results pages, and they defined no market in which SA360 competes against other ads channels. FOF ¶¶ 1750-56, 1886-92.

b) The Colorado Plaintiffs did not substantiate any alleged lost Microsoft revenue attributable to any delayed implementation of Microsoft Ads features in SA360. Indeed, the evidence showed that Google did an analysis in response to Microsoft's concern over alleged "spend shift" after SA360 integrated Google Ads auction-time bidding, and Microsoft Ads spend slightly increased for advertisers who enabled Google Ads auction-time bidding and also had Microsoft Ads campaigns in their portfolio. FOF ¶¶ 1893-95, 1902, 1910-11.

c) Alternatives to SA360 abound for advertisers interested in Microsoft's automated bidding feature, which Plaintiffs focused on at trial. Automated bidding for Microsoft Ads was available on Skai's SEM tool as of 2020, so any advertiser that prioritized this functionality could switch or multi-home by using more than one SEM tool. Advertisers also could access Microsoft auction-time bidding and other Microsoft Ads features through Microsoft's native tool. Over the period of the alleged SA360 conduct, digital advertising on numerous platforms has grown and there is no evidence suggesting that SA360's feature building had any adverse impact on that growth. FOF ¶¶ 995, 1763-69, 1875, 1887-91.

d) Additionally, Google has integrated or is in the process of integrating the Microsoft Ads features to which the Colorado Plaintiffs pointed. Any harm to Microsoft has

been merely transient, and the Colorado Plaintiffs have not shown how any deprivation of ad revenue from any delay in integrations harmed Microsoft as a *competitor*. *Meta*, 66 F.4th at 306. Indeed, starting in late 2019, advertisers' spending on Microsoft Ads through SA360 grew, including in the period right after SA360 launched auction-time bidding for Google Ads. FoF ¶¶ 1746-48, 1874, 1890-91, 1893-1914.

**2. Google had business justifications for its SA360 feature development decisions.**

127. Even if Google had a legal duty to deal, Colorado Plaintiffs' SA360 claim fails because the record discloses ample business justifications for Google's feature development decisions and timeline, including lack of customer demand, concerns about technical feasibility, and resource constraints. "[D]enial of access is never *per se* unlawful; legitimate business purpose always saves the defendant." Phillip E. Areeda, *Essential Facilities: An Epithet in Need of Limiting Principles*, 58 Antitrust L.J. 841, 852 (1989); *see Covad*, 398 F.3d at 673; FoF ¶¶ 1774-81, 1825-32, 1854-72.

128. Google's development of Microsoft Ads features over time reflects decision-making based on its understanding of SA360's customers' priorities, resource constraints caused by a multi-year SA360 platform rebuild (Project Amalgam), and the technical complexity of building the Microsoft Ads features, particularly auction-time bidding.

a) From 2019 until 2021, SA360's feature roadmaps included both Google Ads and Microsoft Ads features (and other third-party ad platform features), as well as other infrastructure and functionality for the SA360 platform. Upon each roadmap cycle, due to resource constraints and customer priorities, SA360 did not build all features requested by the Google Ads or Microsoft Ads teams. FOF ¶¶ 1774-81, 1786-87, 1825. As of the time of

Microsoft's feature parity demands in November 2019, SA360 had not seen advertiser demand for Microsoft Ads' auction-time bidding functionality. FOF ¶¶ 1855-57, 1864.

b) In March 2020, Google advised Microsoft that it would defer a preliminary test to determine whether it was technically feasible to build Microsoft auction-time bidding on SA360 because the resources to develop that functionality had not yet been approved, but that Google remained open to revisiting that decision in future planning cycles based on customer demand for the functionality. At the same time, Google told Microsoft that Google had decided to build three other Microsoft Ads features in the then-current SA360 product roadmap cycle. FoF ¶¶ 1825-26.

c) Google launched four of the five features Microsoft demanded (on which Colorado Plaintiffs focused at trial) in Google's new SA360 platform, which was announced publicly in February 2022. FOF ¶¶ 1782-83, 1786-87.

d) Google began building a Microsoft Ads auction-time bidding integration for SA360 as it was nearing the end of this resource-intensive, multi-year SA360 platform rebuild. That rebuild included not only four of the features Microsoft demanded, but also multiple other new Microsoft features. FOF ¶¶ 1784-87, 1850-51, 1873.

e) As of the time of trial, SA360 was in the customer testing phase of its integration of Microsoft Ads auction-time bidding. FOF ¶¶ 1748-49, 1874, 1917.

129. As with its integration of Google Ads auction-time bidding into SA360, integrating Microsoft Ads' auction-time bidding was a highly complex undertaking, which also required Microsoft to develop related features such as fractional conversions and campaign-level level conversion goals. FOF ¶¶ 1828-32, 1867-72, 1913. Google's decision-making and timing for the integration relating to Microsoft Ads features for SA360 was reasonable when compared to the varied responses of the three other major SEM tool providers, none of which provided

access to all Microsoft Ads features and functionality, and only one of which (Skai) completed an integration with Microsoft auction-time bidding. FOF ¶¶ 1865-66, 1875-82, 1918-20.

130. Any remedy the Colorado Plaintiffs could seek would require Google to build features on Microsoft's preferred terms and timeline, which is not judicially administrable because it would require the Court to "delineate the defendant's sharing obligations," *MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1132-33 (9th Cir. 2004), including the parties' "terms of dealing." *Pac. Bell*, 555 U.S. at 452. The lack of an administrable remedy makes it all the more important not to excuse Plaintiffs' failure to meet the requirements of settled law. *Trinko*, 540 U.S. at 415 (reasoning that remedial concerns, including that "[a]n antitrust court is unlikely to be an effective day-to-day enforcer" of proposed "detailed sharing obligations," strongly counseled against recognizing a new duty to deal).

**3. Google's SA360 conduct is justified by numerous procompetitive benefits in the alleged markets that stand unrebutted and outweigh any asserted harm to competition.**

131. Google's operation of SA360 promotes competition among search engines by offering advertisers one of many ways to purchase search ads from multiple platforms, including Microsoft Ads. FOF ¶¶ 1750-56, 1770. To compete effectively, Google must make business judgments about which features it will invest in developing. Punishing Google's conduct would diminish its incentive to improve its cross-platform tool in response to advertiser demand—a key factor in deciding which features Google develops for SA360—while discouraging rivals from innovating because they can instead force Google to integrate their features on their proposed terms. FOF ¶¶ 1775-81; *see Novell*, 731 F.3d at 1073.

Dated: February 9, 2024

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By: */s/ John E. Schmidtlein*
John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
Colette T. Connor (D.C. Bar No. 991533)
680 Maine Avenue, SW
Washington, DC 20024
Tel: 202-434-5000
jschmidtlein@wc.com
bgreenblum@wc.com
cconnor@wc.com

WILSON SONSINI GOODRICH & ROSATI P.C.
Susan A. Creighton (D.C. Bar No. 978486)
Franklin M. Rubinstein (D.C. Bar No. 476674)
Wendy Huang Waszmer (D.C. Bar No. 1631078)
1700 K Street, NW
Washington, DC 20006
Tel: 202-973-8800
screighton@wsgr.com
frubinstein@wsgr.com
wwaszmer@wsgr.com

ROPES & GRAY LLP
Mark S. Popofsky (D.C. Bar No. 454213)
2099 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: 202-508-4624
Mark.Popofsky@ropesgray.com

Matthew McGinnis (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199
Tel: 617-951-7703
Matthew.McGinnis@ropesgray.com

*Counsel for Defendant Google LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03010-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |
| STATE OF COLORADO, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 1:20-cv-03715-APM<br><br>HON. AMIT P. MEHTA<br><br>[redacted] |

**PLAINTIFFS' POST-TRIAL BRIEF**

February 9, 2024

What Google says and what the evidence shows are plainly at odds. Google is not focused on spending its money, attention, and time on improving general search and search advertising because it does not have to. Recognizing how such evidence would land with the public, regulators, and courts, Google attempted to obscure these facts. It destroyed internal communications that likely would have cast an even harsher light on its conduct. Google also—as a matter of corporate policy—stretched and manipulated the attorney-client privilege to serve its business objectives. Despite these efforts the record is clear: consumers have little choice, lose out on better products, and sacrifice their privacy—with advertisers paying higher prices—because there are no meaningful alternatives to Google.

During this litigation, Google has attempted to recast its anticompetitive conduct as protected by some imaginary de facto business judgment rule. But its cramped interpretation of the Sherman Act is contrary to a plain reading of the law. Over 100 years of Supreme Court precedents makes clear that there are some things a monopolist like Google cannot do. And this is why the United States and 52 states and territories, working on behalf of the public, were compelled to act. Americans, not Google, should have the power to choose where and how they get information and to make informed decisions about their lives. The Court's intervention is required to redress the consequences of Google's monopolies and ensure Americans regain access to vibrant, open information markets. For the reasons demonstrated below, the Court should find Google liable for its decade-long violations of Section 2 of the Sherman Act.

## FACTUAL OVERVIEW

Google has recognized the power of defaults and the importance of scale for two decades—and built its business strategy accordingly. In 2003, Dr. Hal Varian sent Google's founders a memo with two recommendations that would shape the market for general search

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br>Plaintiffs,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No. 1:20-cv-03010-APM<br>HON. AMIT P. MEHTA<br>[redacted] |
| STATE OF COLORADO, *et al.*<br>Plaintiffs,<br>v.<br>GOOGLE LLC,<br>Defendant. | Case No. 1:20-cv-03715-APM<br>HON. AMIT P. MEHTA<br>[redacted] |

**PLAINTIFFS' PROPOSED CONCLUSIONS OF LAW**

February 9, 2024

# TABLE OF CONTENTS

**I. Google Has Illegally Maintained Monopolies In The Relevant Markets For Many Years ........ 1**

**II. General Search Services, Search Advertising, And General Search Text Advertising In The United States Are Relevant Markets ........ 3**

**A. General Search Services, Search Advertising, And General Search Text Advertising Are Relevant Product Markets ........ 3**

1. Several Principles Govern The Exercise Of Defining A Relevant Product Market ........ 3

2. Market-Definition Analysis Must Beware Of The *Cellophane* Fallacy ........ 6

**B. The United States Is A Relevant Geographic Market ........ 7**

**III. Google Has Monopoly Power In Each Of The Three Relevant Markets ........ 7**

**A. Indirect Evidence Proves That Google Has Monopoly Power In Each Relevant Market ........ 7**

1. For Many Years, Google Has Had A Dominant Market Share In Each Relevant Market ........ 8

2. Each Relevant Market Has High Barriers To Entry And Expansion ........ 8

**B. Direct Evidence Proves That Google Has Monopoly Power In Each Relevant Market ........ 9**

**IV. The Evidence Establishes A Prima Facie Case Of Anticompetitive Conduct ........ 11**

**A. The Evidence Establishes A Prima Facie Case Under Section 2 ........ 11**

**B. An Exclusive-Dealing Standard Is Too Narrow For This Action ........ 13**

**C. The Evidence Nonetheless Establishes A Prima Facie Case Under The Overly Narrow Exclusive-Dealing Standard ........ 16**

1. Google's Contracts Are Exclusive ........ 16

2. Google's Contracts Substantially Foreclose Competition ........ 19

**D. Although Not Necessary, Resolving Disputes Pending After Summary Judgment Bolsters Plaintiffs' Prima Facie Case ........ 21**

1. Measuring Foreclosure Requires No Assessment Of The But-For World 22

a) *Microsoft* Bars A But-For Requirement ...................................... 22

b) The Meaning And Purpose Of Foreclosure Contravene A But-For Analysis.......................................................................... 22

c) Even But-For Analysis Shows Substantial Foreclosure ............... 23

2. User-Downloaded Chrome Queries Exacerbate The Foreclosure Created By Google's Contracts............................................................... 25

3. The Foreclosure From Google's Browser And Android Contracts Should Be Aggregated ......................................................................... 26

**V. Google Failed To Present Valid Procompetitive Justifications, Let Alone Sufficient Nonpretextual Justifications To Outweigh The Anticompetitive Effects ..................27**

**A. Google's Justifications Are Invalid ................................................................ 28**

1. Google's Justifications Rely On Out-Of-Market Effects.......................... 28

2. Google's Justifications Lack Sufficient Evidence ................................... 30

3. Google's Justifications Are Not Procompetitive ..................................... 31

4. Google's Justifications Are Pretextual.................................................... 32

5. Any Benefits Arising From Google's Justifications Are Attainable Through Less-Restrictive Alternatives .................................................... 33

**B. The Anticompetitive Harm From Google's Contracts Outweighs Any Cognizable Procompetitive Benefits................................................................ 33**

**VI. Google's Systematic Destruction Of Unfavorable Evidence Warrants Sanctions Under Rule 37(e) ...........................................................................................34**

**VII. The Court Has Jurisdiction, And Venue Is Proper ....................................................35**

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Johnson*, 795 F.3d 34 (D.C. Cir. 2015) .......... 32

*Allen-Maryland, Inc. v. Int'l Bus. Mach. Corp.*, 33 F.3d 194 (3d Cir. 1994) .......... 10

*Am. Pres. Lines, LLC v. Matson, Inc.*, 633 F. Supp. 3d 209 (D.D.C. 2022) .......... 15, 18, 19, 27

*Am. Tobacco Co. v. United States*, 328 U.S. 781 (1946) .......... 10

*Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985) .......... 33

*Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) .......... 12

*Brown Shoe Co. v. United States*, 370 U.S. 294 (1962) .......... 3, 4

*Chase Mfg., Inc. v. Johns Manville Corp.*, 84 F.4th 1157 (10th Cir. 2023) .......... 15

*Chi. Bd. of Trade v. United States*, 246 U.S. 231 (1918) .......... 2

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451 (1992) .......... passim

*Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023) .......... 5

*FTC v. Cardinal Health, Inc.*, 12 F. Supp. 2d 34 (D.D.C. 1998) .......... 7, 9

*FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34 (D.D.C. 2022) .......... 5, 8

*FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447 (1986) .......... 12, 31

*FTC v. IQVIA Holdings Inc.*, 2024 WL 81232 (S.D.N.Y. Jan. 8, 2024) .......... 4, 5

*FTC v. Meta Platforms Inc.*, 654 F. Supp. 3d 892 (N.D. Cal. 2023) .......... 2, 5

*FTC v. Mot. Picture Advert. Serv. Co.*, 344 U.S. 392 (1953) .......... 23

*FTC v. OSF Healthcare Sys.*, 852 F. Supp. 2d 1069 (N.D. Ill. 2012) .......... 2

*FTC v. Staples, Inc.*, 970 F. Supp. 1066 (D.D.C. 1997) .......... 4

*FTC v. Superior Ct. Trial Lawyers Ass'n*, 493 U.S. 411 (1990) .......... 31

*FTC v. Surescripts, LLC*, 424 F. Supp. 3d 92 (D.D.C. 2020) .......... 15, 18, 20, 23

*FTC v. Surescripts, LLC*, 665 F. Supp. 3d 14 (D.D.C. 2023) .......... 3, 9, 10

*FTC v. Sysco Corp.*, 113 F. Supp. 3d 1 (D.D.C. 2015) .......... 2, 4, 5, 9

*Graphic Prods. Distribs., Inc. v. Itek Corp.*, 717 F.2d 1560 (11th Cir. 1983)................................ 2

*Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997)........................... 9

*In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981 (N.D. Cal. 2023) ................... 34, 35

*In re NCAA Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239 (9th Cir. 2020) ........................... 29

*Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) .................................... 31

*Le v. Zuffa, LLC*, 2023 WL 5085064 (D. Nev. Aug. 9, 2023)...................................................... 20

**LePage's, Inc. v. 3M,* 324 F.3d 141 (3d Cir. 2003) (*en banc*)............................................ passim

*Lorain Journal Co. v. United States*, 342 U.S. 143 (1951)........................................................... 15

*McWane, Inc. v. FTC*, 783 F.3d 814 (11th Cir. 2015).................................................. 5, 18, 32, 33

*N. Pac. Ry. Co. v. United States*, 356 U.S. 1 (1958)........................................................................ 1

*Nat'l Soc'y of Prof'l Eng'rs v. United States*, 435 U.S. 679 (1978)............................................ 31

*New York v. Actavis PLC*, 787 F.3d 638 (2d Cir. 2015).............................................................. 34

*New York v. Meta Platforms, Inc.*, 549 F. Supp. 3d 6 (D.D.C. 2021) .......................................... 16

*Otter Tail Power Co. v. United States*, 410 U.S. 366 (1973)........................................................ 14

*Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369 (10th Cir. 1979)...................... 23

*Rothery Storage & Van Co. v. Atlas Van Lines, Inc.*, 792 F.2d 210 (D.C. Cir. 1986) ................... 2

*Roxul USA, Inc. v. Armstrong World Indus., Inc.*, 2019 WL 1101385 (D. Del. Mar. 8, 2019).... 23

*S. Pac. Commc'ns Co. v. Am. Tel. &Tel. Co.*, 740 F.2d 980 (D.C. Cir. 1984)............................... 9

*Simon & Simon, PC v. Align Tech., Inc.*, 533 F. Supp. 3d 904 (N.D. Cal. 2021)......................... 20

*Smith v. Pro Football, Inc.*, 593 F.2d 1173 (D.C. Cir. 1978) ..................................................... 29

*Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of R.I.*, 373 F.3d 57 (1st Cir. 2004) 25

*Sullivan v. NFL*, 34 F.3d 1091 (1st Cir. 1994)............................................................................. 12

*Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320 (1961)...................................................... 23

*Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*, 676 F.2d 1291 (9th Cir. 1982) ... 21

*United States v. Bertelsmann SE & Co. KGAA*, 646 F. Supp. 3d 1 (D.D.C. 2022).................... 3, 4

*United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387 (D. Del. 2003) ............................ 32, 33

**United States v. Dentsply Int'l, Inc.*, 399 F.3d 181 (3d Cir. 2005) .................................... passim

*United States v. E.I. du Pont de Nemours*, 351 U.S. 377 (1956) .................................................. 7

*United States v. Eastman Kodak Co.*, 63 F.3d 95 (2d Cir. 1995) ................................................. 6

*United States v. Grinnell Corp.*, 384 U.S. 563 (1966)........................................................... 1, 29

*United States v. H & R Block, Inc.*, 833 F. Supp. 2d 36 (D.D.C. 2011) .................................... 4, 9

**United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001) (*en banc*)........................ passim

*United States v. Microsoft Corp.*, 87 F. Supp. 2d 30 (D.D.C. 2000)..................................... 15, 27

*United States v. Phila. Nat'l Bank,* 374 U.S. 321 (1963) .......................................................... 29

*United States v. Syufy Enters.*, 903 F.2d 659 (9th Cir. 1990) ....................................................... 9

*United States v. Topco Assocs., Inc.*, 405 U.S. 596 (1972)......................................................... 29

*Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429 (7th Cir. 2020) .................................... 16, 19, 30

*W. Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85 (3d Cir. 2010).......................... 31

**ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254 (3d Cir 2012).......................................... passim

**Statutes**

15 U.S.C. § 2.......................................................................................................................... 1, 28

15 U.S.C. § 22.............................................................................................................................. 35

15 U.S.C. § 26.............................................................................................................................. 35

15 U.S.C. § 4................................................................................................................................ 35

28 U.S.C. § 1331.......................................................................................................................... 35

28 U.S.C. § 1337.......................................................................................................................... 35

28 U.S.C. § 1345.......................................................................................................................... 35

28 U.S.C. § 1391.......................................................................................................................... 35

**Other Authorities**

Andrew I. Gavil & Steven C. Salop, *Probability, Presumptions and Evidentiary Burdens in Antitrust Analysis*, 168 U. Penn. L. Rev. 2107 (2020) ........................................................... 30

Summm. J. Opinion, ECF No. 624 .......... passim

U.S. Dep't of Just. & Fed. Trade Comm'n, *Merger Guidelines* (2023) .......... 5, 6

**Rules**

Fed. R. Civ. P. 37 .......... 34, 35

**Treatises**

Phillip E. Areeda et al., *Antitrust Analysis: Problems, Text, and Cases* (8th ed. 2021) .......... 6

Phillip E. Areeda et al., *Antitrust Law* (4th ed. 2015) .......... 19, 20, 25

Richard A. Posner, *Antitrust Law* (2d ed. 2001) .......... 6

Richard A. Posner, *Economic Analysis of Law* (9th ed. 2014) .......... 30

Using "sweeping language," Congress designed Section 2 of the Sherman Act to "curb the excesses of monopolists," *LePage's, Inc. v. 3M*, 324 F.3d 141, 146, 169 (3d Cir. 2003) (*en banc*), and preserve "economic liberty" and "free and unfettered competition as the rule of trade," *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 4 (1958). To vindicate these principles, Plaintiffs bring this monopoly-maintenance suit and set forth proposed conclusions of law below.

## I. Google Has Illegally Maintained Monopolies In The Relevant Markets For Many Years

Section 2 makes it unlawful to "monopolize . . . any part of the trade or commerce among the several States." 15 U.S.C. § 2. This offense requires "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966). Under this test, Plaintiffs' bear a preponderance burden, which the fact finder should assess on an element-by-element basis. *LePage's*, 324 F.3d at 166–67.

Plaintiffs have established that Google illegally maintained monopolies under Section 2. The first element requires defining a relevant market, and proof of the defendant's monopoly power in that market. *See infra* Sections II–III. The second element requires that the defendant engaged in "anticompetitive" or "exclusionary" conduct. *United States v. Microsoft Corp.*, 253 F.3d 34, 58–59 (D.C. Cir. 2001) (*en banc*); *infra* Sections IV–V. Because "the means of illicit exclusion, like the means of legitimate competition, are myriad," courts apply a flexible, burden-shifting approach to determine whether defendant's conduct is anticompetitive. *See id.* 58–59; *infra* Sections IV–V.

Courts reviewing Section 2 claims rely on a range of evidence, including documentary evidence from the industry, factual testimony, and expert testimony. Evidence from non-party,

industry participants and ordinary course-of-business documents is especially probative. *See, e.g.*, *FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 64–65, 69–70 (D.D.C. 2015) (predicting harm based on "[t]he parties' ordinary course documents" and testimony from a "number of industry actors"). Such evidence carries significant weight because courts "assume that economic actors usually have accurate perceptions of economic realities." *Rothery Storage & Van Co. v. Atlas Van Lines, Inc.*, 792 F.2d 210, 218 n.4 (D.C. Cir. 1986).

Conversely, courts often give "little weight to subjective evidence and statements provided by [a defendant's] employees during the course of [antitrust] litigation" because "the bias affiliated with such *ex post facto* testimony is widely recognized and unavoidable." *FTC v. Meta Platforms Inc.*, 654 F. Supp. 3d 892, 932 (N.D. Cal. 2023); *accord FTC v. OSF Healthcare Sys.*, 852 F. Supp. 2d 1069, 1087–88 (N.D. Ill. 2012) (Defendant's executives' testimony "add[ed] little to the analysis" because the executives "would be expected to publicly disavow any improper conduct and not condone such conduct in the future."). Accordingly, the Court should favor contemporaneous documents over inconsistent testimony from Google's employees.

Finally, although intent is not an element of monopolization, *Microsoft*, 253 F.3d at 59, "[t]he Supreme Court has made clear that intent is relevant to proving monopolization," *LePage's*, 324 F.3d at 163. Evidence of intent can be highly probative "because knowledge of intent may help the court to interpret facts and to predict consequences." *Graphic Prods. Distribs., Inc. v. Itek Corp.*, 717 F.2d 1560, 1573 (11th Cir. 1983) (quoting *Chi. Bd. of Trade v. United States*, 246 U.S. 231, 238 (1918)); *accord* Summ. J. Opinion, ECF No. 624, at 22. Thus, all facts should be interpreted through the lens of Google's years-long effort to hide and destroy documents related to potential antitrust claims.

## II. General Search Services, Search Advertising, And General Search Text Advertising In The United States Are Relevant Markets

A relevant market comprises a product market and a geographic market. *FTC v. Surescripts, LLC*, 665 F. Supp. 3d 14, 35 (D.D.C. 2023) [hereinafter *Surescripts II*]. General search services, search advertising, and general search text advertising in the United States are proper relevant markets. Plaintiffs' Post-trial Brief § I [hereinafter PTB]; Plaintiffs' Proposed Findings of Fact §§ IV.A–C [hereinafter PFOF].

"[D]efining a relevant market is not an end unto itself; rather, it is an analytical tool used to ascertain the 'locus of competition.'" *United States v. Bertelsmann SE & Co. KGAA*, 646 F. Supp. 3d 1, 24 (D.D.C. 2022). To define a relevant market, courts apply "a pragmatic, factual approach to the definition of the relevant market and not a formalistic, legalistic one." *Brown Shoe Co. v. United States*, 370 U.S. 294, 336 (1962).

### A. General Search Services, Search Advertising, And General Search Text Advertising Are Relevant Product Markets

Plaintiffs have properly defined three relevant product markets—general search services, search advertising, and general search text advertising. Each market is supported by *Brown Shoe* "practical indicia," and a hypothetical monopolist in each market would find it profitable to raise price significantly above competitive levels or reduce quality significantly below competitive levels. PTB §§ I.A–E; PFOF §§ IV.A.1–3, IV.B.1–5, IV.C.1–6.

#### 1. Several Principles Govern The Exercise Of Defining A Relevant Product Market

A relevant product market "must include all products 'reasonably interchangeable by consumers for the same purposes.'" *Microsoft*, 253 F.3d at 552 (citation omitted). "In other words, courts look at 'whether two products can be used for the same purpose, and, if so, whether and to what extent purchasers are willing to substitute one for the other.'" *United States*

*v. H & R Block, Inc.*, 833 F. Supp. 2d 36, 51 (D.D.C. 2011) (quoting *FTC v. Staples, Inc.*, 970 F. Supp. 1066, 1074 (D.D.C. 1997)). Evidence of some substitution between two products does not require both products to be in a relevant product market. *See H & R Block*, 833 F. Supp. at 54 ("[W]hile providers of all tax preparation methods may compete at some level, this 'does not necessarily require that [they] be included in the relevant product market for antitrust purposes.'" (citation omitted)). The question is not whether there is *any* substitution but whether the products themselves are *reasonably* interchangeable. *Id.*; *see also Sysco*, 113 F. Supp. 3d at 26 ("[T]he mere fact that a firm may be termed a competitor in the overall marketplace does not necessarily require that it be included in the relevant product market for antitrust purposes."); *FTC v. IQVIA Holdings Inc.*, 2024 WL 81232, at *17 (S.D.N.Y. Jan. 8, 2024) (Competition for advertising dollars in a broader market of differing channels "does not necessarily mean those channels are reasonably interchangeable substitutes that must be included in the relevant product market.").

Under *Brown Shoe*, the contours of a market can be determined by examining such factors as "industry or public recognition . . . , the product's peculiar characteristics and uses, unique production facilities, distinct customers, distinct prices, sensitivity to price changes, and specialized vendors." 370 U.S. at 325. A relevant market "can exist even if only some of these factors are present." *Staples*, 970 F. Supp. at 1075; *accord IQVIA*, 2024 WL 81232, at *13, *23–24. A product, moreover, can compete in multiple and concentric relevant markets. *Sysco*, 113 F. Supp. 3d at 48–49 (defining concentric markets); *Bertlesmann*, 646 F. Supp. 3d at 27–28 ("[E]ven if alternative submarkets exist . . . , or if there are broader markets that might be analyzed, the viability of such additional markets does not render the one identified by the government unusable." (citations omitted)).

The hypothetical monopolist test, another market-definition tool, asks whether a

hypothetical monopolist of a product or group of products would find it profitable to raise price significantly above competitive levels or reduce quality significantly below competitive levels. U.S. Dep't of Just. & Fed. Trade Comm'n, *Merger Guidelines* §§ 4.3.A–C (2023). A hypothetical monopolist test is not required to define a relevant product market. *See Meta Platforms*, 654 F. Supp. 3d at 912, 919 ("There is 'no requirement to use any specific methodology in defining the relevant market.' . . . As such, courts have determined relevant antitrust markets using, for example, only the *Brown Shoe* factors, or a combination of the *Brown Shoe* factors and the [hypothetical monopolist test]." (citations omitted)). When a hypothetical monopolist test is applied, an economic expert may apply the test without constructing a formal econometric model. *See McWane, Inc. v. FTC*, 783 F.3d 814, 829–30 (11th Cir. 2015) (crediting testimony of an economic expert who had applied the hypothetical monopolist test using qualitative evidence rather than econometric analysis); Tr. 8386:25–8387:20 (Israel (Def. Expert)) (It is "more normal than not that [an expert] doesn't do a full quantitative hypothetical monopolist test."). Courts "routinely rely on qualitative economic evidence to define relevant markets." *McWane*, 783 F.3d at 829 (citation omitted). Courts evaluate an expert's testimony against the record as a whole to determine whether that testimony is "consistent with business realities." *Sysco*, 113 F. Supp. 3d at 36–37; *see also IQVIA*, 2024 WL 81232, at *30–31 (considering expert testimony in the context of the record as a whole).

Finally, product markets can be defined around products "where companies offer a product . . . for free but profit in other ways, such as by collecting consumer data or generating ad revenue." *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 978 (9th Cir. 2023); *accord FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 45–46, 55 (D.D.C. 2022) (Services "provided free of charge" could qualify as a relevant product market.). In these cases, a monopolist may reduce

product quality or innovation below what would be expected in a competitive market. *See* Merger Guidelines § 4.3.B (Hypothetical monopolist test may entail worsening terms along any dimension of competition, including price, quality, product features, and innovative effort.).

**2. Market-Definition Analysis Must Beware Of The *Cellophane* Fallacy**

In Section 2 cases such as this one, where a firm has been operating as a monopolist for many years, courts must beware of the *Cellophane* fallacy—the existence of substitution between products resulting from monopoly power rather than reasonable substitutability. Phillip E. Areeda et al., *Antitrust Analysis: Problems, Text, and Cases* ¶ 350(b) (8th ed. 2021) ("[T]he existence of significant substitution in the event of *further* price increases or even at the *current* price does not tell us whether the defendant *already* exercises significant market power."), *quoted favorably in Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 471 (1992). "At a high enough price, even poor substitutes look good to the consumer." *United States v. Eastman Kodak Co.*, 63 F.3d 95, 105 (2d Cir. 1995) (citation omitted). That does not mean these poor substitutes belong in the relevant market, however. The test is whether the products are reasonable substitutes at competitive prices, not monopolized prices. Richard A. Posner, *Antitrust Law* 150 (2d ed. 2001).

Thus, a simple application of the hypothetical monopolist test or the practical indicia (e.g., sensitivity to price increases or other worsening of terms or quality) in a Section 2 case may yield misleading results because the monopolist's conduct has warped substitution patterns. For example, when the cross-elasticity between two products is high, this may suggest that the two products belong in the same product market. *See* Merger Guidelines § 4.3. But cross-elasticity may also be high if customers facing a monopoly price choose poor substitutes instead of paying supracompetitive prices. *See* Posner, *Antitrust Law* 150. Under these circumstances, high cross-elasticity may be evidence of monopoly power rather than evidence that two products

belong in the same market. *See Kodak*, 504 U.S. at 470–71.

### B. The United States Is A Relevant Geographic Market

The United States is an appropriate geographic market for each of Plaintiffs' relevant product markets. PTB § I.F; PFOF ¶¶ 396–397, 455, 500 (§§ IV.A.5, IV.B.7, IV.C.7). The relevant geographic market is the area "to which consumers can practically turn for alternative sources of the product and in which the antitrust defendants face competition." *FTC v. Cardinal Health, Inc.*, 12 F. Supp. 2d 34, 49 (D.D.C. 1998) (citation omitted). Here, general search services provided to users differ materially as between the United States and other countries, which means a user cannot reasonably substitute a general search service from outside the United States for one in the United States. PTB § I.F; PFOF ¶¶ 396–397 (§ IV.A.5). Similarly, for advertisers looking to reach consumers, ads served on search queries made by users located in other countries are insufficient substitutes for ads on search queries by users located in the United States. PTB § I.F; PFOF ¶¶ 455, 500 (§§ IV.B.7, IV.C.7).

## III. Google Has Monopoly Power In Each Of The Three Relevant Markets

Monopoly power is "the power to control prices or exclude competition." *United States v. E.I. du Pont de Nemours*, 351 U.S. 377, 391 (1956) (citations omitted). Courts assess monopoly power using indirect evidence, direct evidence, or both. *Microsoft*, 253 F.3d at 57. Here, both types of evidence show that Google has monopoly power in each relevant market. PTB § II; PFOF § V.

### A. Indirect Evidence Proves That Google Has Monopoly Power In Each Relevant Market

Because "direct proof of monopoly power is only rarely available," courts typically rely on indirect proof, ordinarily "a firm's possession of a dominant share of a relevant market that is protected by entry barriers." *Microsoft*, 253 F.3d at 51. For many years, Google's market share in

each relevant market has exceeded the levels courts find sufficient to establish monopoly power, and high barriers to entry and expansion have protected that dominant position. PTB §§ II.A–B; PFOF §§ V.A.1–2, V.B.1–2, V.C.1, V.C.3.

#### 1. For Many Years, Google Has Had A Dominant Market Share In Each Relevant Market

In 2020, Google's U.S. general search services market share was almost 90% (exceeding 75% since 2009), its U.S. general search text ads market share was 88% (exceeding 80% since 2016), and its U.S. search ads market share was 74% (exceeding 64% since 2012). PTB §§ II.A.1, II.B; PFOF ¶¶ 522, 526, 575, 602–603. Market shares consistently above 65%, when combined with high barriers to entry, establish monopoly power. *Facebook*, 581 F. Supp. at 47–48 (shares above 80% "comfortably exceed[ed] the levels that courts ordinarily find sufficient to establish monopoly power"—60–65% (citations omitted)); *United States v. Dentsply Int'l, Inc.*, 399 F.3d 181, 184–88 (3d Cir. 2005) (A market share of 75–80% "is more than adequate to establish a prima facie case of power."). Monopoly power is further supported when a firm holds its dominant share for a long period. *See id.* at 188–89.

#### 2. Each Relevant Market Has High Barriers To Entry And Expansion

There are significant barriers to entry and expansion in each of the three relevant markets, including (1) scale effects, (2) large capital costs to operate a general search engine and provide search advertising, (3) Google's strong brand recognition and reputation in the general search services market, (4) Google's control of search access points through its anticompetitive distribution agreements and through its ownership of Chrome. PTB §§ II.A.2, II.B; PFOF §§ V.A.2, V.B.2, V.C.3.

"Any market condition that makes entry more costly or time-consuming and thus reduces the effectiveness of potential competition as a constraint on the pricing behavior of the dominant

firm should be considered a barrier to entry, *regardless of who is responsible for the existence of that condition*." *Surescripts II*, 665 F. Supp. 3d at 44 (emphasis added) (quoting *S. Pac. Commc'ns Co. v. Am. Tel. &Tel. Co.*, 740 F.2d 980, 1001 (D.C. Cir. 1984)).

Courts recognize high capital costs, economies of scale, network effects, entrenched consumer brand preferences, and the use of exclusive contracts to lock out competitors as barriers to entry and expansion. *E.g.*, *Microsoft*, 253 F.3d at 54–56 (An indirect network effect was a barrier.); *Surescripts II*, 665 F. Supp. 3d at 45 (Indirect network effects were a barrier.); *Sysco*, 113 F. Supp. 3d at 80 (Capital costs and incumbency advantages were barriers.); *H & R Block*, 833 F. Supp. 2d at 75 (The "importance of reputation and brand in driving consumer behavior" were barriers.); *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1208 (9th Cir. 1997) ("Common entry barriers include: patents or other legal licenses, control of essential or superior resources, entrenched buyer preferences, high capital entry costs and economies of scale."); *United States v. Syufy Enters.*, 903 F.2d 659, 667 (9th Cir. 1990) (A "network of exclusive contracts or distribution arrangements designed to lock out potential competitors" can be a barrier.). A history of failed entry is also indicative of entry barriers. *Cardinal Health*, 12 F. Supp. 2d at 56. PFOF ¶¶ 373, 584.

### B. Direct Evidence Proves That Google Has Monopoly Power In Each Relevant Market

Although direct evidence of monopoly power is not required, *Microsoft*, 253 F.3d at 57, in this case, direct evidence bolsters the indirect evidence and independently establishes that Google has monopoly power in each of the relevant markets. PTB § II.C; PFOF §§ V.A.4, V.B.4, V.C.5.

Direct evidence shows a firm's "power to control prices or exclude competition." *Microsoft*, 253 F.3d at 51. It is evidence of "something a firm without a monopoly would have

been unable to do" or behavior "difficult to explain unless [the defendant has] a monopoly product." *Id.* at 57–58. Here, direct evidence of Google's monopoly power includes users' low responsiveness to reductions in the quality of Google Search, advertisers' low responsiveness to price increases for Google's text ads, and Google's ability to extract significant profits from advertisers and search distribution partners, without considering rivals' prices. PTB § II.C; PFOF §§ V.A.4, V.B.4, V.C.5.

Although supracompetitive pricing and restricted output are direct evidence of monopoly power, neither one is required. *Microsoft*, 253 F.3d at 56–58. "[T]he material consideration in determining whether a monopoly exists is not that prices are raised and that competition actually is excluded but that power exists to raise prices or to exclude competition when it is desired to do so." *Am. Tobacco Co. v. United States*, 328 U.S. 781, 811 (1946). "Courts have held that the existence of so-called 'calling cards' of a competitive market, such as falling prices and increased output, do not by themselves negate the existence of monopoly power as a matter of law." *Surescripts II*, 665 F. Supp. 3d. at 47. If the presence of technological innovation and declining prices negated monopoly power, "a great many defendants with market power, such as Alcoa in the 1920s and perhaps even the former AT&T telephone monopoly, could be insulated from antitrust attack." *Allen-Maryland, Inc. v. Int'l Bus. Mach. Corp.*, 33 F.3d 194, 210–11 (3d Cir. 1994).

This is especially true in fast-moving technology markets where, despite the presence of monopoly power, innovation may lead to output growth and falling costs. For example, in *Microsoft*, the Court held that Microsoft had monopoly power in the Intel-compatible PC market, 253 F.3d at 54–58, although PC shipments were increasing in the period leading up to the district court's decision, PFOF ¶ 530. *See also Allen-Maryland*, 33 F.3d at 210–11 ("Although the

performance of computers has been rapidly increasing as costs for performance have plummeted, it proves too much to say that this improvement is inconsistent with market power.”).

Similarly, R&D investment cannot disprove monopoly power. Even monopolists “have reason to invest in R&D” because “innovation can increase an already dominant market share and further delay the emergence of competition.” *Microsoft*, 253 F.3d at 57.

## IV. The Evidence Establishes A Prima Facie Case Of Anticompetitive Conduct

If the defendant has monopoly power in a relevant market, as Google does, the Court must consider whether the evidence establishes a prima facie case of anticompetitive conduct. *Microsoft*, 253 F.3d at 58. In this action, the evidence establishes a prima facie case of anticompetitive conduct because Google has harmed the competitive process. Even applying Google’s overly narrow and legally inapplicable exclusive-dealing standard, the evidence here nonetheless establishes a prima facie case. Lastly, at summary judgment, this Court deferred ruling on three disputes related to Plaintiffs’ prima facie case. Even now, the Court need not resolve these disputes, but doing so bolsters Plaintiffs’ prima facie case.

### A. The Evidence Establishes A Prima Facie Case Under Section 2

Because “the means of illicit exclusion, like the means of legitimate competition, are myriad,” a flexible standard governs Section 2 challenges. *Microsoft*, 253 F.3d at 58. Under this standard, the evidence establishes a prima facie case if the challenged conduct has an “anticompetitive effect,” meaning that it “harm[s] the competitive *process*.” *Id.* The evidence need only show that the conduct “reasonably appear[s] capable of making a significant contribution to . . . maintaining monopoly power.” *Id.* at 79 (citation omitted). Plaintiffs have established that Google’s conduct satisfies this standard. PTB §§ III–V; PFOF §§ VI–VIII.

Two principles are key to assessing harm to the competitive process. First, Section 2 prevents monopolists from engaging in exclusionary conduct directed at current and potential

competitors. *Microsoft*, 253 F.3d at 54. Accordingly, Section 2 prohibits Google from suppressing competition not only from general search engines but also from firms outside the market—such as Apple and Branch—posing nascent threats. *Id.* (explaining that the district court's opinion had committed "no contradiction" in "defin[ing] the relevant market to exclude the 'very competitive threats that gave rise' to the action"). To hold otherwise would reward the prescient monopolist that trimmed the roses before they grew thorns. As *Microsoft* explained, "it would be inimical to the purpose of the Sherman Act to allow monopolists free reign to squash nascent, albeit unproven, competitors at will—particularly in industries marked by rapid technological advance and frequent paradigm shifts." *Id.* at 79; *accord LePage's*, 324 F.3d at 159 (Section 2 protects against anticompetitive conduct "designed to prevent one or more new or potential competitors from gaining a foothold in the market.").

Second, in establishing harm to the competitive process, the plaintiff need not prove downstream harm, such as increased prices, lost innovation, and reduced quality. *Microsoft*, 253 F.3d at 58 (noting that downstream harm is presumed from harm to competition). Indeed, "if monopoly power has been acquired or maintained through improper means, the fact that the power has not been used to extract a monopoly price provides no succor to the monopolist." *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 274 (2d Cir. 1979), *quoted favorably in Microsoft*, 253 F.3d at 57; *accord FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 461–62 (1986) (upholding a finding of "actual, sustained adverse effects on competition" "even absent proof that [the challenged agreement] resulted in higher prices"); *Sullivan v. NFL*, 34 F.3d 1091, 1101 (1st Cir. 1994) (holding that an action could injure competition "regardless of [its] exact price effects"). For example, *Microsoft* found prima facie cases against exclusionary conduct by "simply determin[ing] whether the exclusive agreement foreclosed a substantial share of the

market." *See* Summ. J. Opinion, ECF No. 624, at 37. No proof of higher prices or lower quality was necessary.

The evidence presented to the Court demonstrates that the challenged agreements harm the competitive process. These agreements do so by (1) foreclosing rivals and potential rivals from the most important distribution channels, (2) depriving rivals' of scale, which undermines their product quality and raises barriers to entry and competition; (3) incentivizing Apple not to become a general-search rival through enormous payments under the ISA; (4) including terms in the ISA that prohibit Apple from materially expanding its Suggestions product in Safari; (5) including terms in the ISA requiring Apple to get Google's approval before showing search ads in Spotlight; and (6) thwarting the adoption of a nascent search tool developed by Branch to navigate and discover app content. PTB § III; PFOF §§ VI–VIII. Harm to consumers and advertisers, which the evidence also showed, corroborates and independently demonstrates harm to the competitive process. PTB §§ IV–V; PFOF §§ VIII. Thus, under Section 2 of the Sherman Act and cases such as *Microsoft*, the evidence establishes a prima facie case of harm to competition.

**B. An Exclusive-Dealing Standard Is Too Narrow For This Action**

Courts undertake a flexible, case-specific inquiry to determine whether a monopolist has pursued anticompetitive conduct and thus violated Section 2. *See Kodak*, 504 U.S. at 466–67 (rejecting "[l]egal presumptions that rest on formalistic distinctions rather than actual market realities" in favor of "resolv[ing] antitrust claims on a case-by-case basis, focusing on the 'particular facts disclosed by the record'"); *Microsoft*, 253 F.3d at 58.

Some courts have developed standards for analyzing common forms of anticompetitive conduct, such as tying and exclusive dealing. For example, courts have found that agreements that are exclusive and foreclose a substantial share of a relevant market may violate Section 2.

*Microsoft*, 253 F.3d at 69. In these cases, courts assess competitive harm by measuring the extent to which the exclusive contracts foreclose competition. *See ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 270–71 (3d Cir 2012) (explaining that the exclusive-dealing standard focuses on harm caused by depriving rivals of effective distribution).

Google's conduct, however, exceeds mere foreclosure. As discussed above, Google's agreements harm the competitive process not just by substantially foreclosing competition in the relevant markets but also by (1) depriving rivals' of scale, which undermines their product quality and raises barriers to entry and competition; (2) incentivizing Apple not to become a general-search rival through enormous payments under the ISA; (3) including terms in the ISA that prohibit Apple from materially expanding its Suggestions product in Safari; (4) including terms in the ISA that require Apple to get Google's approval before showing search ads in Spotlight; and (5) thwarting the adoption of a nascent search tool developed by Branch to navigate and discover app content. PTB §§ III.A–B; PFOF §§ VI.B.5, VIII.A, VIII.B.3. A foreclosure analysis is simply the wrong tool to properly weigh or assess these additional harms. For example, Google paying Apple to stunt Suggestions and Spotlight harms competition because a potential rival has *agreed* to a limit on competition, not because the conduct *foreclosed* the rival from competing. *See Otter Tail Power Co. v. United States*, 410 U.S. 366, 377 (1973) (Anticompetitive conduct includes "agreements not to compete, with the aim of preserving or extending a monopoly."). To apply a rigid exclusive dealing standard here, therefore, risks obscuring "actual market realities." *Kodak*, 504 U.S. at 466.

Under similar circumstances, courts have opted for the general Section 2 standard, even when harm resulted from agreements blocking access to distribution. Most notably, in *Microsoft*, the D.C. Circuit assessed restrictions in licenses between Microsoft and OEMs that limited

OEMs' ability to distribute or promote browsers other than Internet Explorer. 253 F.3d at 61–62. The district court had found that only one of the many OEM agreements "could be termed . . . 'exclusive'" under the law. *United States v. Microsoft Corp.*, 87 F. Supp. 2d 30, 52–53 (D.D.C. 2000), *aff'd in part, rev'd in part and remanded*, 253 F.3d 34 (D.C. Cir. 2001). The D.C. Circuit, by contrast, did not apply an exclusive-dealing standard—it did not ask whether the agreements were exclusive or created substantial foreclosure. Instead, the D.C. Circuit found these OEM agreements anticompetitive under the general Section 2 standard because the agreements limited access to "one of the two primary channels for distribution of browsers" and "prevent[ed] OEMs from taking actions that could increase rivals' share of usage." *Microsoft*, 253 F.3d at 61–62. For the D.C. Circuit, what controlled was the effect these agreements had on the competitive process and, ultimately, in reinforcing Microsoft's monopoly.

Similarly, in *Chase Manufacturing, Inc. v. Johns Manville Corp.*, the Tenth Circuit declined to apply "an exclusive-dealing framework" to a manufacturer's conduct, recognizing that "[r]eal-world monopolists may engage in allegedly exclusionary conduct which does not fit within a single paradigm." 84 F.4th 1157, 1170–74 (10th Cir. 2023) ("'[A]nticompetitive conduct comes in too many forms and shapes to permit a comprehensive taxonomy.'" (citations omitted)); *see also Lorain Journal Co. v. United States*, 342 U.S. 143, 143–44, 149–50, 152–53 (1951) (applying general Section 2 principles to condemn a newspaper's refusal to accept local advertising from customers that advertised on a competing radio station); *Am. Pres. Lines, LLC v. Matson, Inc.*, 633 F. Supp. 3d 209, 229 (D.D.C. 2022) (holding that a plaintiff can challenge a discounting policy under an exclusive-dealing standard even if the plaintiff could not satisfy the predatory-pricing standard); *FTC v. Surescripts, LLC*, 424 F. Supp. 3d 92, 101–02 (D.D.C. 2020)

(same) [hereinafter *Surescripts I*].[1]

In sum, the narrow foreclosure-based standard for exclusive dealing is not sufficient to scrutinize all harm arising from Google's anticompetitive behavior. Exclusive dealing is only one form of exclusionary conduct, and the exclusive-dealing standard is designed to assess only one theory of harm. Thus, consistent with *Microsoft*, Google's agreements are best analyzed under the general Section 2 standard.

### C. The Evidence Nonetheless Establishes A Prima Facie Case Under The Overly Narrow Exclusive-Dealing Standard

Even if the Court adopts an exclusive-dealing standard—which it should not, *see supra* Section IV.B—Plaintiffs have established a prima facie case under Section 2. Google's agreements are exclusive and create substantial foreclosure in each relevant market.[2]

#### 1. Google's Contracts Are Exclusive

"Generally, a prerequisite to any exclusive dealing claim is an agreement to deal exclusively." *ZF Meritor*, 696 F.3d at 270. Literal exclusivity, however, "is not necessary, because [courts] look past the terms of the contract to ascertain the relationship between the

---

[1] The application of an exclusive-dealing standard in *New York v. Meta Platforms, Inc.* is inapposite here not only because of differences in the challenged conduct but also because the *Meta* plaintiffs themselves had requested an exclusive-dealing standard. *Compare* 549 F. Supp. 3d 6, 32 (D.D.C. 2021) (applying an the "exclusive-dealing doctrine" because the plaintiffs had argued it "appl[ied] to this case"), *with Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 453 n.11 (7th Cir. 2020) (declining to apply the exclusive-dealing standard because the plaintiff "elected not to pursue exclusive dealing as a distinct theory of liability").

[2] In the D.C. Circuit, exclusivity and substantial foreclosure are the only elements of a prima facie case of exclusive dealing. Summ. J. Opinion, ECF No. 624, at 37 ("[A]t the *prima facie* stage, the Circuit [in *Microsoft*] simply determined whether the exclusive agreement foreclosed a substantial share of the market."). The analyses used in some other circuits include additional factors, namely, the duration of the exclusive contracts, coercion, the contracts' ease of termination, and rivals' use of exclusive dealing. *E.g.*, *ZF Meritor*, 696 F.3d at 271–72. Although this Court must focus on how the elements adopted by the D.C. Circuit support Plaintiffs' claims, the additional factors from other circuits bolster the same conclusion. *E.g.*, PFOF ¶¶ 38, 216, 220–221, 238–244, 250, 255, 274, 281, 286, 300, 308, 740–778, 779–781, 822–862, 1307, 1321.

parties and the effect of the agreement 'in the real world.'" *Id.* (citations omitted). Under this flexible standard, Google's agreements are exclusive because they require partners to distribute Google as the exclusive default and thus ensure rivals cannot obtain default distribution with Google's partners. PTB § III.C.1; PFOF §§ VI.A–C. Any other outcome would invite the creative, well-lawyered monopolist to craft anticompetitive agreements taking advantage of unnecessary formalism.

Most directly, the district court and the D.C. Circuit in *Microsoft* determined that agreements establishing Microsoft's products as the "default" were exclusive; a showing of complete or absolute exclusivity was not required. *Microsoft*, 253 F.3d at 75 ("The District Court found that, although not literally exclusive, the [JVM] deals were exclusive in practice because they required developers to make Microsoft's JVM the default in the software they developed."); *id.* at 76 (agreeing with the district court that a "default clause . . . made the [JVM] Agreements exclusive as a practical matter"); *id.* at 71 (holding that IAP agreements establishing Internet Explorer "as the default browser" constituted unlawful exclusive dealing).[3] Rather, courts properly elevate substance over form by examining an agreement's effect based on the market realities of the companies and industries at issue. Similarly, in *ZF Meritor*, the Third Circuit upheld an exclusive-dealing judgment even though the challenged agreements allowed partners to distribute rivals' products upon consumer request and even though rivals "remained free to

---

[3] As discussed above, the D.C. Circuit found a different set of agreements, the OEM agreements, unlawful without deciding whether the agreements qualified as exclusive. *See Microsoft*, 253 F.3d at 59–69. However, if this Court were to disagree and construe *Microsoft* as holding that the OEM agreements were exclusive deals, that construction would further show the ease of qualifying as exclusive under Section 2. *Id.* at 60–62 (finding support for three independent prima facie cases against provisions in the OEM agreements that prohibited "(1) removing any desktop icons, folders, or 'Start' menu entries; (2) altering the initial boot sequence; and (3) otherwise altering the appearance of the Windows desktop").

market directly" to consumers. 696 F.3d at 287–88.

These cases demonstrate the flexibility of Section 2's exclusivity standard. An agreement qualifies as exclusive not only if it is literally exclusive but also if it is "de facto" or "partially" exclusive. *ZF Meritor,* 696 F.3d at 282–84; *see also McWane,* 783 F.3d at 833–35 (rejecting the defendant's attempt to use "'formalistic distinctions' [to argue] that the specific form of its exclusivity mandate insulated it from antitrust scrutiny").

First, "the law is clear that an express exclusivity requirement is not necessary because *de facto* exclusive dealing may be unlawful." *ZF Meritor,* 696 F.3d at 282; *accord Surescripts I,* 424 F. Supp. 3d at 101–02 (holding that the complaint stated a claim for "*de facto* exclusive dealing" (quoting *ZF Meritor*, 696 F.3d at 281)). A contract is de facto exclusive when the contract's practical effect is to prevent the use of a rival product or service. *ZF Meritor*, 696 F.3d at 282–83; *e.g.*, *LePage's*, 324 F.3d at 157–59 (Exclusivity existed under Section 2 where a challenged agreement contained an optional 1% discount conditioned on exclusivity.); *Am. Pres. Lines*, 633 F. Supp. 3d at 227–28 (same for an optional 20% discount conditioned on exclusivity); *Surescripts I*, 424 F. Supp. 3d at 101 (same for an optional discount conditioned on exclusivity even though "some" partners had forgone the discount to work with rivals); *see also Dentsply*, 399 F.3d at 193 (explaining how an "at-will" arrangement that was "technically only a series of independent sales" constituted unlawful exclusive dealing).

Second, "an exclusive dealing claim does not require . . . a contract that covers 100% of the buyer's needs." *ZF Meritor*, 696 F.3d at 282 n.14; *accord Am. Pres. Lines,* 633 F. Supp. 3d at 228 ("[The defendant] does not cite—and the Court has not independently identified—any federal precedent requiring 100% exclusivity."). Instead, an agreement qualifies as exclusive under Section 2 even when its provisions are only "partially" exclusive—meaning they require

the partner to use the defendant for a portion of its needs while allowing the partner to use competitors for the rest. *ZF Meritor*, 696 F.3d at 283 (rejecting a "100%" or "complete" exclusivity requirement). For example, in both *ZF Meritor* and *American President Lines*, the challenged agreements qualified as exclusive even though the agreements permitted partners to purchase up to 10% of their needs from the defendants' rivals. *ZF Meritor*, 696 F.3d at 283–84; *Am. Pres. Lines*, 633 F. Supp. 3d at 227–28.

Under Section 2's flexible standard, the challenged agreements are exclusive, PTB § III.C.1; PFOF §§ VI.A–C, particularly when viewed in light of the network and scale effects present in the relevant markets, PTB § III.A; PFOF § III.E. The agreements require partners to distribute Google as the exclusive default on their devices' or browsers' search access points; rivals, by contrast, cannot obtain defaults with Google's partners because the agreements prohibit that distribution. PTB § III.C.1; PFOF § III.F (*see, e.g.*, ¶¶ 223, 245, 259–261, 311–315, 317).[4]

### 2. Google's Contracts Substantially Foreclose Competition

Under an exclusive-dealing standard, a Section 2 plaintiff must show "substantial" foreclosure to establish a prima facie case. *Microsoft*, 253 F.3d at 68–70. Google's contracts substantially foreclose competition in each relevant market.

Foreclosure is calculated by measuring the percentage of the market covered (or tied up)

---

[4] Even if Google's agreements were not considered exclusive, that would only bolster the need to analyze Google's agreements under the general Section 2 standard. The exclusive-dealing standard is simply not capable of evaluating challenged conduct of all kinds. *Viamedia*, 951 F.3d at 452–53 (When assessing whether "conduct fits into [specialized] categories under Section 2," remain "mindful that we should stay focused on the effect [the challenged] conduct has on competition."); *Microsoft*, 253 F.3d at 59–64 (finding OEM distribution contracts unlawful without ever assessing exclusivity); *see also* Phillip E. Areeda et al., *Antitrust Law* ¶ 651b (4th ed. 2015) (Specialized tests under Section 2 are "'incomplete,' in the sense that they do not account for every type of exclusionary conduct that the law of monopolization should condemn.").

by the challenged agreements. *Surescripts I*, 424 F. Supp. 3d at 102 ("Exclusivity provisions *covering* about 40–50% of the relevant market have been found to foreclose competition illegally, and Surescript's loyalty program allegedly places 70–80% of [two] markets into effectively exclusive contracts." (emphasis added) (citations omitted)); *ZF Meritor*, 696 F.3d at 286 (using coverage to find 85% foreclosure); *Le v. Zuffa, LLC*, 2023 WL 5085064, at *17–18, *29 (D. Nev. Aug. 9, 2023) (endorsing an expert's disputed opinion that coverage was the proper measure of foreclosure); Areeda, *Antitrust Law* ¶ 768b4 n.39 ("Foreclosure is measured by looking at the percentage of the market that is 'tied up' by the exclusive-dealing contract, and thus by considering how much of the market is available to rival sellers.").

The D.C. Circuit has "declined to adopt a rigid test of what degree of foreclosure is required for a successful Section 2 challenge." *See* Summ. J. Opinion, ECF No. 624, at 41–42 (citing *Microsoft*, 253 F.3d at 70). Accordingly, although exclusive dealing may give rise to antitrust liability under either Section 1 or Section 2, exclusive contracts can violate Section 2 "even though the contracts foreclose less than the roughly 40% or 50% share usually required in order to establish a § 1 violation." *Id.*

Google's agreements cover and thus foreclose 50% of U.S. general search queries, 45% of U.S. general search text ad revenues, and 36% of U.S. search ad revenues. PTB § III.C.3; PFOF ¶¶ 954, 965–966. Each of these foreclosure amounts is substantial on its own and even more so when considered in light of market realities, such as the importance of scale. *Microsoft*, 253 F.3d at 73–74 (holding that the Apple agreements created substantial foreclosure despite the agreements' accounting for only 15% of *one* distribution channel); *Simon & Simon, PC v. Align Tech., Inc.*, 533 F. Supp. 3d 904, 917 (N.D. Cal. 2021) (The Ninth Circuit has held "that a contract restricting as little as 24% of the relevant market resulted in a cognizable foreclosure

under section 1, which typically requires a higher level of foreclosure than section 2." (*citing Twin City Sportservice, Inc. v. Charles O. Finley & Co., Inc.*, 676 F.2d 1291, 1298, 1304 (9th Cir. 1982))).

Economic analysis bolsters the substantiality of these foreclosure numbers. Google's contracts ensure a substantial share of each market would remain with Google even if a rival's service became much more attractive than Google's. PTB § III.C.3; PFOF ¶¶ 955–961, 967. In particular, as long as Google's agreements are in place, at least 33% of U.S. general search service queries, 30% of U.S. general search text ad revenues, and 24% of U.S. search ad revenues will remain with Google, *regardless of any conceivable changes in quality*.[5] PTB § III.C.3; PFOF ¶¶ 955–961, 967. Thus, by any reasonable measure, Google's contracts render a substantial portion of the relevant markets unavailable to competitors.

### D. Although Not Necessary, Resolving Disputes Pending After Summary Judgment Bolsters Plaintiffs' Prima Facie Case

At summary judgment, this Court deferred ruling on three matters relating to foreclosure: (1) "whether a but-for approach is the appropriate way to measure foreclosure"; (2) "what channels of distribution are included in the foreclosure analysis"; and (3) "whether either the Browser Agreements or Android Agreements, or both, are part of the foreclosure calculus." Summ. J. Opinion, ECF No. 624, at 43. The Court need not resolve these disputes—even if the exclusive-dealing standard governs this action—because Plaintiffs have made their prima facie case either way. Nonetheless, resolving these disputes bolsters Plaintiffs' prima facie case.

---

[5] Although Google's expert Prof. Murphy recognized that some users will not change their search default under any imaginable situation, he declined to estimate how many searches those users account for. PFOF ¶ 964.

### 1. Measuring Foreclosure Requires No Assessment Of The But-For World

The first open issue from summary judgment is whether to measure foreclosure relative to a but-for world (i.e., the world as it would be had the defendant not engaged in any of the challenged conduct). Doing so is improper, but in any case, Google's foreclosure is substantial even when assessed relative to the but-for world.

#### a) *Microsoft* Bars A But-For Requirement

First, *Microsoft* anticipated and rejected Google's foreclosure argument. As the D.C. Circuit explained, Section 2 liability does not obligate a plaintiff "to reconstruct the hypothetical marketplace absent a defendant's anticompetitive conduct." 253 F.3d at 79. Holding otherwise would subvert Section 2 because "neither plaintiffs nor the court can confidently reconstruct a product's hypothetical technological development in a world absent the defendant's exclusionary conduct." *Id.* Even Google's expert conceded he has not identified how the world would have developed but-for Google's contracts. Tr. 10005:12–10006:16 (Murphy (Def. Expert)). Adopting Google's argument would reward the monopolists that muddy the question of what would have happened—how rivals would have grown or developed—absent their misconduct. Such an incentive is fundamentally inconsistent with the Sherman Act's objectives, "particularly in industries marked by rapid technological advance and frequent paradigm shifts." *Microsoft*, 253 F.3d at 79.

#### b) The Meaning And Purpose Of Foreclosure Contravene A But-For Analysis

Second, a but-for analysis is improper because foreclosure focuses on limits to rivals' *opportunities in the current world*, not on speculative calculations of would have arisen in the but-for world. *Microsoft*, 253 F.3d at 69 (holding that foreclosure concerns exclusive contracts' limitations on "the *opportunities* for other traders to enter into or remain in that market"

(emphasis added) (quoting *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 328 (1961)); *LePage's*, 324 F.3d at 158–59 (endorsing *Microsoft*'s focus on the foreclosure of "the available *opportunities*" for distribution (quoting *Microsoft*, 253 F.3d at 70–71 (emphasis added))); *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1374 (10th Cir. 1979) (explaining that an exclusive agreement creates foreclosure by "restrict[ing] the *opportunities* of the seller's competitors to *market* their product" (emphasis added)).

Accordingly, courts routinely calculate foreclosure without regard to a but-for world. *E.g.*, *Microsoft*, 253 F.3d at 67–76 (finding, without any but-for analysis, that the IAP, ISV, Apple, and JVM agreements each created substantial foreclosure); *Surescripts I*, 424 F. Supp. 3d at 102 (using coverage to measure foreclosure); *cf. FTC v. Mot. Picture Advert. Serv. Co.*, 344 U.S. 392, 393**,** 395 (1953) (using coverage to find 75% foreclosure for an exclusive-dealing claim brought under Section 5 of the FTC Act). Even in the rare instances where a court could plausibly estimate market-share shifts relative to the but-for world, coverage is nonetheless used to measure foreclosure. *E.g.*, *ZF Meritor*, 696 F.3d at 286 (using coverage to calculate 85% foreclosure even though market shares had shifted only 4–10% after the exclusive dealing began); *accord Roxul USA, Inc. v. Armstrong World Indus., Inc.*, 2019 WL 1101385, at *3 (D. Del. Mar. 8, 2019) ("[O]ur Court of Appeals have affirmed foreclosure findings even when the foreclosure calculations include sales the defendant would have made despite the alleged anticompetitive conduct." (citing *ZF Meritor*, 696 F.3d at 278; *Dentsply*, 399 F.3d at 194)).

**c) Even But-For Analysis Shows Substantial Foreclosure**

Third, measuring foreclosure relative to a but-for world would change the analysis only if the Court did so in a manner that Google's expert has expressly disclaimed.

Google's expert Prof. Kevin Murphy argued that the Court should calculate foreclosure by comparing rivals' "ability to compete" in the current world to their "ability to compete" in the

but-for world. Tr. 10003:16–10004:10 (Murphy (Def. Expert)). Importantly, he explained that this analysis does *not* involve predicting "the outcome in terms of shares" in the but-for world. *Id.* In other words, Prof. Murphy testified that foreclosure should be calculated by measuring the additional opportunities that rivals would have to compete in the but-for world, not by predicting who would "win[] or lose[]" those additional opportunities. *Id.*

Prof. Murphy's focus on the portion of the market where rivals lack the "ability to compete" is equivalent to Plaintiffs' focus on the portion of the market that is "tied up." Prof. Murphy simply argues for subtracting the share of the market that would be "tied up" in the but-for world from the share of the market that is "tied up" today.

This is a meaningless distinction. The share of the market "tied up" today is Plaintiffs' measure of foreclosure. The share of the market that would be "tied up" in the but-for world is zero. This is because, in a world without Google's anticompetitive agreements, rivals could compete for all queries that are currently covered by those agreements. Thus, after removing the unnecessary subtraction of zero, Prof. Murphy's definition of foreclosure becomes the same as Plaintiffs'.

Only assessing "the outcome in terms of shares" in the but-for world—the method properly rejected by Prof. Murphy—would produce different foreclosure percentages. Calculating foreclosure relative to a but-for world in the manner that Prof. Murphy has proposed would yield the same foreclosure percentages as Plaintiffs' method. *See supra* Section IV.C.2.[6]

[6] Despite the similarity between Plaintiffs' approach and Prof. Murphy's, Prof. Murphy concluded that "foreclosure is zero in this case" because, unlike Plaintiffs, he believes that Google's agreements do not tie up even a single query from competition in the current world. Tr. 10006:18–25 (Murphy (Def. Expert)).

#### 2. User-Downloaded Chrome Queries Exacerbate The Foreclosure Created By Google's Contracts

The second open issue from summary judgment is "what channels of distribution" to include in the foreclosure analysis, Summ. J. Opinion, ECF No. 624, at 43, which boils down to whether to consider certain Chrome queries alongside those covered by the Apple, third-party browser, and Android agreements. The Chrome queries are appropriate to consider, but the foreclosure created by Google's agreements is substantial even if those queries are ignored.

When market circumstances—beyond the challenged contracts—limit rivals' opportunities to compete, those circumstances must factor into this Court's consideration of foreclosure. *Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of R.I.*, 373 F.3d 57, 66 (1st Cir. 2004) (noting the need to "tak[e] account of other existing foreclosures" when assessing the challenged agreements' foreclosure). For example, "if 30 percent of the market was covered by exclusive-dealing arrangements and an additional 60 percent was covered by manufacturer ownership of stores, then the total of tied-up [i.e., foreclosed] stores would have to be reckoned at 90 percent, with only 10 percent available to rival manufacturers." Areeda, *Antitrust Law* ¶ 1802b n.9.

On Windows and Apple devices (primarily Macs), many users download Google's Chrome browser (like Firefox), which defaults to Google Search (like Firefox). PFOF ¶¶ 968–969. Unlike Firefox queries, however, queries on these user-downloaded versions of Chrome are not foreclosed by the challenged conduct and are thus not included in the foreclosure numbers identified above. *See supra* Section IV.C.2. Nonetheless, these user-downloaded Chrome queries are still unavailable to rivals. PFOF ¶ 969. Thus, user-downloaded Chrome queries—which amount to 20% of the overall general search services market, PFOF ¶ 968—magnify the contracts' foreclosure in each relevant market. PTB § III.C.3; PFOF ¶ 970. Whether the Court

includes these Chrome queries in the foreclosure number itself or adjusts the amount of foreclosure needed to establish anticompetitive conduct, these Chrome queries must be accounted for in the foreclosure analysis.

Nonetheless, Google's contracts create substantial foreclosure even without considering user-downloaded Chrome queries. *See supra* Section IV.C.2. Thus, the Chrome queries bolster the need for—but are not necessary for—a finding of substantial foreclosure.

### 3. The Foreclosure From Google's Browser And Android Contracts Should Be Aggregated

The third open issue from summary judgment is "whether either the Browser Agreements or Android Agreements, or both, are part of the foreclosure calculus." Summ. J. Opinion, ECF No. 624, at 43. When applying Section 2, assessing cumulative effects is appropriate even when conduct other than exclusive deals are challenged. Similarly, foreclosure analysis requires aggregation. Thus, the Court should aggregate the browser agreements (i.e., those with Apple and third-party browsers) with the Android agreements or, put differently, view the two types of agreements in "light" of each other. *See Microsoft*, 253 F.3d at 72. To do otherwise, invites the monopolist to do in pieces what it cannot do at once. Nonetheless, even when assessed separately, Google's contracts create substantial foreclosure.

*Microsoft*'s analysis of the ISV contracts demonstrates why the foreclosure of different kinds of agreements must be aggregated. *Microsoft* found that "although the ISV market foreclosure on its own was not significant, the exclusive arrangements with the ISVs were anticompetitive when *aggregated* with the foreclosure occurring through the two main channels of browser distribution," the IAP and OEM channels. Summ. J. Opinion, ECF No. 624, at 27 (emphasis added); *Microsoft*, 253 F.3d at 72 (finding the various ISV agreements collectively created substantial foreclosure despite their "relatively small" size because those agreements

occurred in "light" of IAP and OEM agreements).

The IAP agreements were themselves numerous and heterogenous—entered with 10 ISPs and several additional OLSs. *Microsoft*, 253 F.3d at 67, 70–71. Similarly, the OEM agreements were "many" in number, *id.* at 59–69, and with one exception, found not exclusive by the district court, *Microsoft*, 87 F. Supp. 2d at 52–53. Nonetheless, to assess foreclosure, the court aggregated these dozens of exclusive and non-exclusive agreements—entered with ISVs, ISPs, OLSs, and OEMs. *Microsoft*, 253 F.3d at 72.

Subsequent precedent in this Circuit has employed similar analysis, aggregating foreclosure even when the underlying conduct is much more varied than the contracts challenged here. *E.g.*, *Am. Pres. Lines*, 633 F. Supp. 3d at 228 n.8 (aggregating foreclosure from a loyalty program, exclusive dealing, bundled pricing, and a tying scheme "without attempting to attribute specific percentages to each alleged activity"). Any contrary approach would (1) immunize a monopolist whose product or service is distributed through unconcentrated or differentiated partners and (2) incentivize the monopolist to influence the market's growth to block aggregation.

Thus, assessing foreclosure here requires aggregating the foreclosure from the browser and Android contracts (and viewing that foreclosure in context of the importance of scale). Nonetheless, even without aggregation, the browser and Android agreements create substantial foreclosure, whether viewed in "light" of each other or even in complete isolation. PFOF ¶¶ 728, 804, 864 (showing that the browser (including the ISA) and Android agreements cover, and therefore foreclose, 30.3% and 19.4%, respectively, of the general search services market).

## V. Google Failed To Present Valid Procompetitive Justifications, Let Alone Sufficient Nonpretextual Justifications To Outweigh The Anticompetitive Effects

When the evidence in a Section 2 case establishes a prima facie case of anticompetitive

conduct, the burden shifts to the defendant to "show[]" a sufficient "procompetitive justification" for this conduct. *Microsoft*, 253 F.3d at 59, 64–65, 67. Google argues that its conduct was justified for a variety of reasons.[7] Each of these arguments fails based on well-established principles for assessing procompetitive justifications. PTB § VI; PFOF § X.

Even if a defendant demonstrates that its procompetitive justifications are valid, the defendant can prevail only if the cognizable benefits outweigh the harm arising from the conduct. Because each of Google's procompetitive justifications fail at the outset, the Court need not reach the balancing stage. But if the Court reaches balancing, the anticompetitive harms from Google's contracts outweigh any cognizable procompetitive benefits. PTB § VII; PFOF § VIII.

### A. Google's Justifications Are Invalid

In assessing purported procompetitive justifications, Courts reject out-of-market claims, factually unsupported claims, claims that are not procompetitive, pretextual claims, and claims where less competitively restrictive alternatives exist to the defendant's exclusionary conduct. Each of Google's proffered justifications fails one or more of these tests. PTB § VI; PFOF § X.

#### 1. Google's Justifications Rely On Out-Of-Market Effects

Because purported benefits in one market cannot excuse harm elsewhere, Google must prove concrete benefits to competition in the relevant markets. PTB § VI.A.

Section 2's focus on protecting competition in any relevant market derives directly from its text, which prohibits monopolization of "*any part* of the trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 2 (emphasis added). Once the Court identifies that a

---

[7] Google asserts (1) that "competition for the contract" between search rivals justifies any harm to consumers in the relevant markets, (2) that Google's agreements benefit consumers through lower smartphone prices and more innovative browsers, and (3) that Google's RSAs and MADAs lead to a more robust Android ecosystem. PTB § VI.

product or service "makes up a relevant market[,] . . . domination or control of it makes out a monopoly of a 'part' of trade or commerce within the meaning of s 2 of the Sherman Act." *Grinnell*, 384 U.S. at 572. This statutory text alone requires a focus on whether competition is harmed in any of the relevant markets at issue.

The Supreme Court confirms this plain meaning with its reading of the Clayton Act, which has analogous statutory text prohibiting mergers that may harm competition "in any line of commerce." *Id.* at 573. In interpreting Section 7 of the Clayton Act, the Supreme Court has held that anticompetitive effects in one market cannot be "justified by procompetitive consequences in another." *United States v. Phila. Nat'l Bank*, 374 U.S. 321, 370 (1963). The Supreme Court has similarly cautioned against entertaining out-of-market benefits in cases brought under Section 1 of the Sherman Act, even though that section does not have text analogous to "any part" and "any line of commerce." *See United States v. Topco Assocs., Inc.*, 405 U.S. 596, 610 (1972).

A rule against cross-market analysis reserves for Congress "value judgments . . . whether competition in the collateral market is more important than competition in the defined market," *In re NCAA Grant-in-Aid Cap Antitrust Litig.*, 958 F.3d 1239, 1270 (9th Cir. 2020) (Smith, J., concurring), and avoids burdening courts with balancing harms and benefits that often are not comparable, *Smith v. Pro Football, Inc.*, 593 F.2d 1173, 1186 (D.C. Cir. 1978).

To be sure, the effects that a defendant's conduct causes outside the relevant market can be relevant, such as when the conduct harms competition from potential competitors. *Microsoft*, 253 F.3d at 54 ("Nothing in § 2 of the Sherman Act limits its prohibition to actions taken against threats that are already well-developed enough to serve as present substitutes."). But this is because such conduct can affect in-market competition. *Id.* at 79 (evaluating the potential for

Microsoft's conduct to contribute to its monopoly power in the relevant market). By the same standard, the effect of a defendant's conduct outside of the relevant market is relevant only to the extent the defendant demonstrates that the conduct leads to cognizable in-market effects.

Google has failed to show that its conduct's out-of-market effects have generated procompetitive benefits in the relevant market. PTB § VI; PFOF §§ X.B–C. Accordingly, the Court should reject all Google's proffered justifications that focus on out-of-market effects.

**2. Google's Justifications Lack Sufficient Evidence**

Google has not satisfied its burden to "show" a sufficient justification for its conduct. *Microsoft*, 253 F.3d at 59, 66; *see also Viamedia*, 951 F.3d at 464 ("This burden-shifting has evolved based on which party has access to the various categories of evidence and information, with any evidence of pro-competitive justifications likely to be under the defendant's control."); *Dentsply*, 399 F.3d at 196–97 ("The Government, having demonstrated harm to competition, the burden shifts to Dentsply to show that [its exclusionary contractual provision] promotes a sufficiently procompetitive objective."); Richard A. Posner, *Economic Analysis of Law* 845 (9th ed. 2014) (Judicial efficiency supports having the "burden of persuasion rest[] on plaintiff for the main claim but the defendant for affirmative defenses, . . . and the burdens of production are allocated accordingly.").

To carry its burden, Google must "specif[y] and substantiate . . . [its] claims." *Microsoft*, 253 F.3d at 66. For example, in *Microsoft*, the court rejected Microsoft's argument that license restrictions were necessary to ensure that Windows remained "a stable and consistent platform." *Id.* at 63–64. Because Microsoft cited only one of its own documents as support, the court found that Microsoft "never substantiate[d] this claim." *Id.*; *see also* Andrew I. Gavil & Steven C. Salop, *Probability, Presumptions and Evidentiary Burdens in Antitrust Analysis,* 168 U. Penn. L. Rev. 2107, 2137 (2020) ("Permitting purely theoretical justifications to satisfy the defendant's

burden in a particular case would amount to a *sub rosa* presumption and would lead to excessive false negatives.”).

Google has failed to carry its burden of producing sufficient evidence to demonstrate that its proffered justifications are cognizable. PTB § VI.B; PFOF § X.

### 3. Google's Justifications Are Not Procompetitive

Justifications in antitrust analysis are “confined to a consideration of impact on competitive conditions.” *Nat'l Soc'y of Prof'l Eng'rs v. United States*, 435 U.S. 679, 690 (1978). The Sherman Act “does not support a defense based on the assumption that competition itself is unreasonable.” *Id*. at 696; *see also FTC v. Superior Ct. Trial Lawyers Ass'n,* 493 U.S. 411, 414, 421–24 (1990) (refusing to consider “whether competition is good or bad”); *Ind. Fed'n of Dentists*, 476 U.S. at 463 (rejecting the argument that “an unrestrained market . . . will lead [consumers] to make unwise and even dangerous choices”).

Google has argued that its payments to distributors benefit users through lower device prices and better browsers. But benefits arising from sharing monopoly profits are not “procompetitive” and thus cannot absolve a monopolist of liability. *LePage's*, 324 F.3d at 164 (One type of “exclusionary practice” occurs when “a firm . . . trades a part of its monopoly profits, at least temporarily, for a larger market share, by making it unprofitable for other sellers to compete with it.”); *W. Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 104–05 (3d Cir. 2010) (In an action challenging a conspiracy to lower insurance payments to a hospital, the justification that consumers benefitted via lower insurance premiums “reflect[ed] a basic misunderstanding of the antitrust law.”); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 988–89 (9th Cir. 2000) (Cheese makers' argument that a conspiracy depressing milk prices was justified by lower cheese prices for consumers was “contrary to long-established antitrust law.”). Put simply, a monopolist cannot purchase the right to monopolize.

Google's proffered justifications are not procompetitive. PTB § VI.B; PFOF § X.

#### 4. Google's Justifications Are Pretextual

For its proffered justifications to prevail, Google must show that the justifications are not "pretextual." *Microsoft*, 253 F.3d at 59; *see also United States v. Dentsply Int'l, Inc.*, 277 F. Supp. 2d 387, 440 (D. Del. 2003) ("Dentsply has failed to meet its burden to show that its exclusive dealing practices here are justified by a non-pretextual, pro-competitive rationale."), *rev'd on other grounds*, 399 F.3d 181 (3d Cir. 2005). In other words, Google must show that the "proffered reasons" for its conduct are "genuine." *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 618, 620 (9th Cir. 1990), *aff'd sub nom. Kodak*, 504 U.S. at 451; *cf. Allen v. Johnson*, 795 F.3d 34, 39 (D.C. Cir. 2015) (The Title VII burden shifting framework includes a "pretext" step, where the court asks "whether [proffered] reasons are the actual reasons [for the challenged conduct], or whether they are a mask.").

When assessing such claims, courts look to contemporaneous evidence regarding the defendant's motivations. For example, *McWane* found that the defendant's "internal documents belie[d] the notion that the [conduct] was designed for any procompetitive benefit." 783 F.3d at 841. Contemporaneous statements by company executives focused on the anticompetitive aspects of the conduct rather than the rationales offered at trial. *Id.* The court found that these "damning internal documents seem[ed] to be powerful evidence that its procompetitive justifications are 'merely pretextual.'" *Id.* at 841–42.

Likewise, in *Dentsply*, the trial court found that defendant's "pre-litigation rationale for [its conduct] was expressly to exclude competitors from dealers and not to focus dealers or protect Dentsply's investment in promoting artificial teeth." 277 F. Supp. 2d at 453. The court identified a range of evidence that "belie[d] the litigation inspired justification" for the conduct, including evidence that "exclusive dealing with dealers is not necessary to protect promotion."

*Id.* Consequently, the defendant's proffered justifications were not cognizable. *Id.*

As shown by the direct evidence of Google's anticompetitive motives and the evidence of Google's deleting, shielding, and manipulating documents, Google's proffered justifications are pretextual. PTB § VI.B; PFOF § VI–IX (*see, e.g.*, ¶¶ 789–817, 832–862, 1193–1229).

#### 5. Any Benefits Arising From Google's Justifications Are Attainable Through Less-Restrictive Alternatives

As Google concedes, its proffered justifications are insufficient to excuse its conduct if a less-restrictive alternative exists. Google Pre-Trial Brief, ECF No. 687, at 12; *accord Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 605 n.32 (1985) (holding conduct can be exclusionary if it "either does not further competition on the merits or does so in an unnecessarily restrictive way"); *McWane*, 783 F.3d at 841 (rejecting defendant's justification based on preventing "cherry pick[ing]" because this concern could be addressed by pricing changes). Additionally, the existence of less restrictive alternatives is evidence of pretext and weighs against a finding of procompetitive benefits.

Because Google's proffered justifications are attainable through less-restrictive alternatives, these justifications are both insufficient and pretextual. PTB § VI.B; PFOF § X (e.g., ¶¶ 974, 1304–1309, 1342–1344).

### B. The Anticompetitive Harm From Google's Contracts Outweighs Any Cognizable Procompetitive Benefits

If the defendant carries the burden of showing a sufficient "procompetitive justification," the burden shifts to the plaintiff either "to rebut that claim" or "demonstrate that the anticompetitive harm of the conduct outweighs the procompetitive benefit." *Microsoft*, 253 F.3d at 59. Even if the Court finds that Google's proffered justifications have produced cognizable, in-market benefits—and it should not—any such benefits are outweighed by the substantial harms presented in Plaintiffs' prima facie case.

Given the infirmities of each of Google's proffered justifications, the Court need not reach the balancing stage. *See New York v. Actavis PLC*, 787 F.3d 638, 658 (2d Cir. 2015) ("Because we have determined that Defendants' procompetitive justifications are pretextual, we need not weigh them against the anticompetitive harms."). Nevertheless, the voluminous record in this case demonstrates that the anticompetitive effects of Google's contracts—effects presumptively intended, given Google's efforts to hide evidence—outweigh any purported benefits. PTB § VII; PFOF § X. In short, Google has paid billions of dollars to make itself the only meaningful general search engine in the market. In that position, it visits harm of staggering scale and scope on users and advertisers, including collecting massive amounts of user data and filling search results with overpriced ads. Google's supposed benefits cannot justify those harms.

## VI. Google's Systematic Destruction Of Unfavorable Evidence Warrants Sanctions Under Rule 37(e)

Rule 37(e) authorizes sanctions where "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e); *see also* Mem. Supp. Mot. Sanctions, ECF No. 495-1, at 16–28; Reply Supp. Mot. Sanctions, ECF No. 571, at 10–15.

A party fails to take reasonable steps to preserve ESI when it (1) adopts a document destruction system that erases chats from production in litigations and investigations and then (2) continues to automatically delete the electronic communications of employees involved with the subject matter of a lawsuit and gives its employees "carte blanche to make his or her own call about what might be relevant in [a] complex antitrust case and whether a Chat communication should be preserved." *In re Google Play Store Antitrust Litig.*, 664 F. Supp. 3d 981, 993 (N.D. Cal. 2023); *see also* Mem. Supp. Mot. Sanctions, ECF No. 495-1, at 20–24.

The range of curative measures for a Rule 37(e) violation is "quite broad." Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. Indeed, once such a violation is found, the Court may order any measures sufficient to "cure" the resulting "prejudice." Fed. R. Civ. P. 37(e)(1). Such prejudice is plain where "substantive business communications were made on [chats] that plaintiffs will never see, to the potential detriment of their case." *In re Google Play Store*, 664 F. Supp. 3d at 994.

If "the party acted with the intent to deprive another party of the information's use in litigation," a finding of prejudice is not required to find a Rule 37 violation. Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment. And in such a case, Rule 37(e) authorizes, inter alia, a presumption that "the lost information was unfavorable to the party" or entry of a default judgment. Fed. R. Civ. P. 37(e)(2). The requisite intent exists where a company fails to suspend the automatic deletion of electronic communications knowing that its employees discuss matters relevant to the litigation in those communications. *In re Google Play Store*, 664 F. Supp. 3d at 993–94.

Given Google's actions, PFOF § IX, Plaintiffs' requested sanctions are warranted, PTB § VIII.A.

## VII. The Court Has Jurisdiction, And Venue Is Proper

This Court has subject matter jurisdiction under Section 4 of the Sherman Act, 15 U.S.C. § 4, and 28 U.S.C. §§ 1331, 1337(a), and 1345. The United States has standing under Section 4 of the Sherman Act, 15 U.S.C. § 4, and the States have standing under Section 16 of the Clayton Act, 15 U.S.C. § 26, as parens patriae on behalf of and to protect their general economies and the health and welfare of their residents. This Court has personal jurisdiction over Google; venue is proper in this District under Section 12 of the Clayton Act, 15 U.S.C. § 22, and under 28 U.S.C. § 1391, because Google transacts business and is found in this District. *See* PFOF ¶ 3.

Dated: February 9, 2024

Respectfully submitted,

*<u>/s/ Karl E. Herrmann</u>*
Kenneth M. Dintzer
R. Cameron Gower
Thomas Greene
Matthew Jones (D.C. Bar #1006602)
Patrick M. Kuhlmann
Catharine S. Wright (D.C. Bar #1019454)
Diana A. Aguilar Aldape
Sarah M. Bartels (D.C. Bar #1029505)
Meagan K. Bellshaw
David E. Dahlquist
Kerrie J. Freeborn (D.C. Bar #503143)
Sara T. Gray
Jeremy M. P. Goldstein
Matthew C. Hammond
Karl E. Herrmann (D.C. Bar #1022464)
Ian D. Hoffman
Elizabeth S. Jensen
Claire M. Maddox (D.C. Bar #498356)
Michael G. McLellan (D.C. Bar #489217)
Erin Murdock-Park (D.C. Bar #1019993)
Lillian Okamuro (D.C. Bar #241035)
Veronica N. Onyema (D.C. Bar #979040)
Michael A. Rosengart (D.C. Bar #1671047)
Eric L. Schleef
Adam T. Severt
Lara E.V. Trager
Emma N. Waitzman

U.S. Department of Justice
Antitrust Division
Technology & Digital Platforms Section
450 Fifth Street NW, Suite 7100
Washington, DC 20530
Telephone: (202) 227-1967
Kenneth.Dintzer2@usdoj.gov

*Counsel for Plaintiff*
*United States of America*

By:______/s/ Matthew Michaloski______
Theodore Edward Rokita, Attorney General
Scott L. Barnhart, Chief Counsel and
Director, Consumer Protection Division
Matthew Michaloski, Deputy Attorney
General
Christi Foust, Deputy Attorney General
Jesse Moore, Deputy Attorney General
Office of the Attorney General, State of
Indiana
Indiana Government Center South, Fifth Floor
302 West Washington Street
Indianapolis, Indiana 46204
Matthew.Michaloski@atg.in.gov

*Counsel for Plaintiff State of Indiana*

By:______/s/ Diamante Smith___
Ken Paxton, Attorney General
James Lloyd, Chief, Antitrust Division
Diamante Smith, Assistant Attorney General
Office of the Attorney General, State of Texas
300 West 15th Street
Austin, Texas 78701
Diamante.Smith@oag.texas.gov

*Counsel for Plaintiff State of Texas*

By: /s/ Lee Istrail
Ashley Moody, Attorney General
R. Scott Palmer, Special Counsel, Complex Enforcement Chief, Antitrust Division
Nicholas D. Niemiec, Assistant Attorney General
Lee Istrail, Assistant Attorney General
Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Lee.Istrail@myfloridalegal.com
Scott.Palmer@myfloridalegal.com

*Counsel for Plaintiff State of Florida*

By: /s/ Matthew M. Ford
Matthew M. Ford
Arkansas Bar No. 2013180
Assistant Attorney General
Office of the Arkansas Attorney General Tim Griffin
323 Center Street, Suite 200
Little Rock, AR 72201
Matthew.Ford@arkansasag.gov

*Counsel for Plaintiff State of Arkansas*

By: /s/ Brian Wang
Rob Bonta, Attorney General
Paula Blizzard, Senior Assistant Attorney General
Brian Wang, Deputy Attorney General
Carolyn D. Jeffries, Deputy Attorney General
(DC Bar No. 1600843)
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102
Brian.Wang@doj.ca.gov

*Counsel for Plaintiff State of California*

By: */s/ Charles Thimmesch*

Christopher Carr, Attorney General
Robin Leigh, Deputy Attorney General
Jeffrey Stump, Senior Assistant Attorney General
Charles Thimmesch, Assistant Attorney General
Office of the Attorney General, State of Georgia
40 Capitol Square, SW
Atlanta, Georgia 30334-1300
cthimmesch@law.georgia.gov

*Counsel for Plaintiff State of Georgia*

By: /s/ *Philip R. Heleringer*

Russell Coleman, Attorney General
J. Christian Lewis, Commissioner of the Office of Consumer Protection
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Philip.Heleringer@ky.gov

*Counsel for Plaintiff Commonwealth of Kentucky*

By: /s/ Patrick Voelker
Liz Murrill, Attorney General
Patrick Voelker, Assistant Attorney General
Office of the Attorney General, State of Louisiana
Public Protection Division
1885 North Third St.
Baton Rouge, Louisiana 70802
voelkerp@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

By: /s/ Scott Mertens
Dana Nessel, Attorney General
Scott Mertens, Assistant Attorney General
Michigan Department of Attorney General
P.O. Box 30736
Lansing, Michigan 48909
MertensS@michigan.gov

*Counsel for Plaintiff State of Michigan*

By: /s/ Michael Schwalbert
Michael Schwalbert
Missouri Bar No. 63229
Assistant Attorney General
Consumer Protection Section
Missouri Attorney General's Office
815 Olive Street | Suite 200
Saint Louis, Missouri 63101
michael.schwalbert@ago.mo.gov
Phone: 314-340-7888
Fax: 314-340-7981

*Counsel for Plaintiff State of Missouri*

By: *\/s/ Hart Martin*
Lynn Fitch, Attorney General
Hart Martin, Special Assistant Attorney General
Crystal Utley Secoy, Assistant Attorney General
Office of the Attorney General, State of Mississippi
P.O. Box 220
Jackson, Mississippi 39205
Hart.Martin@ago.ms.gov

*Counsel for Plaintiff State of Mississippi*

By: */s/ Anna Schneider*
Anna Schneider
Bureau Chief
Montana Office of Consumer Protection
P.O. Box 200151
Helena, MT. 59602-0150
Phone: (406) 444-4500
Fax: 406-442-1894
Anna.schneider@mt.gov

*Counsel for Plaintiff State of Montana*

By: /s/ Mary Frances Jowers
Alan Wilson, Attorney General
W. Jeffrey Young, Chief Deputy Attorney General
C. Havird Jones, Jr., Senior Assistant Deputy Attorney General
Mary Frances Jowers, Assistant Deputy Attorney General
Rebecca M. Hartner, Assistant Attorney General
Office of the Attorney General, State of South Carolina
1000 Assembly Street
Rembert C. Dennis Building
P.O. Box 11549
Columbia, South Carolina 29211-1549
mfjowers@scag.gov

*Counsel for Plaintiff State of South Carolina*

By: /s/ Gwendolyn J. Lindsay Cooley
Joshua L. Kaul, Attorney General
Gwendolyn J. Lindsay Cooley, Assistant Attorney General
Wisconsin Department of Justice
17 W. Main St.
Madison, Wisconsin 53701
Gwendolyn.Cooley@Wisconsin.gov

*Counsel for Plaintiff State of Wisconsin*

FOR PLAINTIFF STATE OF COLORADO

Jonathan B. Sallet
Special Assistant Attorney General

*<u>/s/ Jonathan B. Sallet</u>*
Jonathan B. Sallet, DC Bar No. 336198
Steven M. Kaufmann, DC Bar No. 1022365
(inactive) Elizabeth W. Hereford
Conor J. May
Colorado Office of the Attorney General
1300 Broadway, 7th Floor
Denver, CO 80203
Telephone: (720) 508-6000
E-Mail: Jon.Sallet@coag.gov
Steve.Kaufmann@coag.gov
Elizabeth.Hereford@coag.gov
Conor.May@coag.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB &
TYLER LLP
1133 Avenue of the Americas Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF NEBRASKA

Joseph M. Conrad, Assistant Attorney General
Colin P. Snider, Assistant Attorney General
Matthew K. McKinley, Special Assistant Attorney General
Nebraska Department of Justice
Office of the Attorney General
2115 State Capitol
Lincoln, NE 68509
Telephone: (402) 471-3840
E-Mail: Joseph.Conrad@nebraska.gov
Colin.Snider@nebraska.gov
Matt.Mckinley@nebraska.gov

William F. Cavanaugh, Jr.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas Suite 2200
New York, NY 10036-6710
Telephone: (212) 335-2793
E-Mail: wfcavanaugh@pbwt.com

*Counsel for Plaintiff State of Nebraska*

FOR PLAINTIFF STATE OF ARIZONA

Robert A. Bernheim, Unit Chief Counsel
Jayme Weber, Senior Litigation Counsel
Arizona Office of the Attorney General
400 West Congress, Ste. S-215
Tucson, Arizona 85701
Telephone: (520) 628-6507
E-Mail: Robert.bernheim@azag.gov
Jayme.Weber@azag.gov

*Counsel for Plaintiff State of Arizona*

FOR PLAINTIFF STATE OF IOWA

Noah Goerlitz, Assistant Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St., 2nd Floor
Des Moines, IA 50319
Telephone: (515) 725-1018
E-Mail: Noah.goerlitz@ag.iowa.gov

*Counsel for Plaintiff State of Iowa*

FOR PLAINTIFF STATE OF NEW YORK

Elinor R. Hoffmann
Morgan J. Feder
Michael D. Schwartz
Office of the Attorney General of New York
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8513
E-Mail: Elinor.hoffmann@ag.ny.gov
Morgan.feder@ag.ny.gov
Michael.schwartz@ag.ny.gov

*Counsel for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA

Kunal Janak Choksi
Joshua Daniel Abram Jonathan R. Marx
Jessica Vance Sutton
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
Telephone: (919) 716-6000
E-Mail: kchoksi@ncdoj.gov
jabram@ncdoj.gov
jmarx@ncdoj.gov
jsutton2@ncdoj.gov

*Counsel for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF
TENNESSEE

J. David McDowell
Chris Dunbar
Austin Ostiguy
Tyler Corcoran
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
Telephone: (615) 741-8722
E-Mail: David.McDowell@ag.tn.gov
Chris.Dunbar@ag.tn.gov
austin.ostiguy@ag.tn.gov
Tyler.Corcoran@ag.tn.gov

*Counsel for Plaintiff State of Tennessee*

FOR PLAINTIFF STATE OF UTAH

Scott R. Ryther
Tara Pincock
Utah Office of Attorney General
160 E 300 S, 5th Floor
P.O. Box 142320
Salt Lake City, Utah 84114
Telephone: (385) 881-3742
E-Mail: sryther@agutah.gov
tpincock@agutah.gov

*Counsel for Plaintiff State of Utah*

FOR PLAINTIFF STATE OF ALASKA

Jeff Pickett
State of Alaska, Department of Law
Office of the Attorney General
1031 W. Fourth Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
E-Mail: Jeff.pickett@alaska.gov

*Counsel for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF
CONNECTICUT

Nicole Demers
Office of the Attorney General of
Connecticut
165 Capitol Avenue, Suite 5000
Hartford, CT 06106
Telephone: (860) 808-5202
E-Mail: Nicole.demers@ct.gov

*Counsel for Plaintiff State of Connecticut*

FOR PLAINTIFF STATE OF
DELAWARE

Michael Andrew Undorf
Delaware Department of Justice
Fraud and Consumer Protection Division
820 N. French St., 5th Floor
Wilmington, DE 19801
Telephone: (302) 577-8924
E-Mail: Michael.undorf@delaware.gov

*Counsel for Plaintiff State of Delaware*

FOR PLAINTIFF DISTRICT OF
COLUMBIA

Elizabeth Gentry Arthur
Office of the Attorney General for the
District of Columbia
400 6th Street NW
Washington, DC 20001
Telephone: (202) 724-6514
E-Mail: Elizabeth.arthur@dc.gov

*Counsel for Plaintiff District of Columbia*

FOR PLAINTIFF TERRITORY OF GUAM

Fred Nishihira, Chief, Consumer Protection Division
Office of the Attorney General of Guam
590 S. Marine Corps Drive, Suite 901
Tamuning, Guam 96913
Telephone: (671) 475-3324

*Counsel for Plaintiff Territory Guam*

FOR PLAINTIFF STATE OF HAWAI‘I

Rodney I. Kimura
Department of the Attorney General, State of Hawai‘i Commerce & Economic Development
425 Queen Street
Honolulu, HI 96813
Telephone (808) 586-1180
E-Mail: Rodney.i.kimura@hawaii.gov

*Counsel for Plaintiff State of Hawai‘i*

FOR PLAINTIFF STATE OF IDAHO

John K. Olson
Office of the Idaho Attorney General
Consumer Protection Division
954 W. State St., 2nd Floor
P.O. Box 83720 Boise, ID 83720
Telephone: (208) 334-4114
E-Mail: John.olson@ag.idaho.gov

*Counsel for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF ILLINOIS

Elizabeth Maxeiner
Brian Yost
Jennifer Coronel
Office of the Attorney General of Illinois
100 W. Randolph St.
Chicago, IL 60601
Telephone: (773) 590-7935
E-Mail: Elizabeth.maxeiner@ilag.gov
Brian.yost@ilag.gov
Jennifer.coronel@ilag.gov

*Counsel for Plaintiff State of Illinois*

FOR PLAINTIFF STATE OF KANSAS

Lynette R. Bakker
Kansas Office of the Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: (785) 296-3751
E-Mail: Lynette.bakker@ag.ks.gov

*Counsel for Plaintiff State of Kansas*

FOR PLAINTIFF STATE OF MAINE

Christina M. Moylan
Office of the Attorney General of Maine
6 State House Station
August, ME 04333
Telephone: (207) 626-8800
E-Mail: Christina.moylan@maine.gov

*Counsel for Plaintiff State of Maine*

FOR PLAINTIFF STATE OF MARYLAND

Schonette J. Walker
Gary Honick
Office of the Attorney General of Maryland
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: (410) 576-6480
E-Mail: swalker@oag.state.md.us
ghonick@oag.state.md.us

*Counsel for Plaintiff State of Maryland*

FOR PLAINTIFF COMMONWEALTH OF MASSACHUSETTS

William T. Matlack
Michael B. MacKenzie
Office of the Attorney General of Massachusetts
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone: (617) 727-2200
E-Mail: William.matlack@mass.gov
Michael.Mackenzie@mass.gov

*Counsel for Plaintiff State of Massachusetts*

FOR PLAINTIFF STATE OF MINNESOTA

Zachary William Biesanz
Office of the Minnesota Attorney General
Consumer, Wage, and Antitrust Division
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Telephone: (651) 757-1257
E-Mail: Zach.biesanz@ag.state.mn.us

*Counsel for Plaintiff State of Minnesota*

FOR PLAINTIFF STATE OF NEVADA

Michelle C. Badorine
Lucas J. Tucker
Nevada Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701
Telephone: (775) 684-1164
E-Mail: mnewman@ag.nv.gov
ltucker@ag.nv.gov

*Counsel for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE

Brandon Garod
Office of Attorney General of New Hampshire
33 Capitol Street
Concord, NH 03301
Telephone: (603) 271-1217
E-Mail: Brandon.h.garod@doj.nh.gov

*Counsel for Plaintiff State of New Hampshire*

FOR PLAINTIFF STATE OF NEW JERSEY

Isabella R. Pitt
Deputy Attorney General
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Newark, NJ 07102
Telephone: (973) 648-7819
E-Mail: Isabella.Pitt@law.njoag.gov

*Counsel for Plaintiff State of New Jersey*

FOR PLAINTIFF STATE OF NEW MEXICO

Judith E. Paquin Cholla Khoury
Assistant Attorney General
New Mexico Office of the Attorney General
408 Galisteo St.
Santa Fe, NM 87504
Telephone: (505) 490-4885
E-Mail: jpaquin@nmag.gov
ckhoury@nmag.gov

*Counsel for Plaintiff State of New Mexico*

FOR PLAINTIFF STATE OF NORTH DAKOTA

Elin S. Alm
Assistant Attorney General
Consumer Protection and Antitrust Division
Office of the Attorney General of North Dakota
1720 Burlington Drive, Suite C
Bismarck, ND 58504
Telephone: (701) 328-5570
E-Mail: ealm@nd.gov

*Counsel for Plaintiff State of North Dakota*

FOR PLAINTIFF STATE OF OHIO

Jennifer Pratt
Beth Ann Finnerty
Mark Kittel
Office of the Attorney General of Ohio
30 E Broad Street, 26th Floor Columbus, OH 43215
Telephone: (614) 466-4328
E-Mail:
Jennifer.pratt@ohioattorneygeneral.gov
Beth.finnerty@ohioattorneygeneral.gov
Mark.kittel@ohioattorneygeneral.gov

*Counsel for Plaintiff State of Ohio*

FOR THE PLAINTIFF STATE OF OKLAHOMA

Caleb J. Smith
Office of the Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105 Telephone: (405) 522-1014
E-Mail: Caleb.Smith@oag.ok.gov

*Counsel for Plaintiff State of Oklahoma*

FOR PLAINTIFF STATE OF OREGON

Cheryl Hiemstra
Oregon Department of Justice
1162 Court St. NE
Salem, OR 97301
Telephone: (503) 934-4400
E-Mail: Cheryl.hiemstra@doj.state.or.us

*Counsel for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA

Tracy W. Wertz
Joseph S. Betsko
Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA 17120
Telephone: (717) 787-4530
E-Mail: jbetsko@attorneygeneral.gov
twertz@attorneygeneral.gov

*Counsel for Plaintiff Commonwealth of Pennsylvania*

FOR PLAINTIFF TERRITORY OF PUERTO RICO

Guarionex Diaz Martinez
Assistant Attorney General Antitrust Division
Puerto Rico Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902
Telephone: (787) 721-2900, Ext. 1201
E-Mail: gdiaz@justicia.pr.gov

*Counsel for Plaintiff Territory Puerto Rico*

FOR PLAINTIFF STATE OF RHODE ISLAND

Stephen Provazza
Rhode Island Office of the Attorney General
150 South Main Street
Providence, RI 02903
Telephone: (401) 274-4400
E-Mail: SProvazza@riag.ri.gov

*Counsel for Plaintiff State of Rhode Island*

FOR PLAINTIFF STATE OF SOUTH DAKOTA

Yvette K. Lafrentz
Office of the Attorney General of South Dakota
1302 E. Hwy 14, Suite 1
Pierre, SD 57501
Telephone: (605) 773-3215
E-Mail: Yvette.lafrentz@state.sd.us

*Counsel for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF VERMONT

Christopher J. Curtis, Assistant Attorney General
Office of the Attorney General of Vermont
109 State St.
Montpelier, VT 05609
Telephone: (802) 828-3170
E-Mail: christopher.curtis@vermont.gov

*Counsel for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH OF VIRGINIA

Tyler T. Henry
Office of the Attorney General of Virginia
202 N. 9th Street
Richmond, VA 23219
Telephone: (804) 692-0485
E-Mail: thenry@oag.state.va.us

*Counsel for Plaintiff State of Virginia*

FOR PLAINTIFF STATE OF
WASHINGTON

Amy Hanson
Washington State Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
Telephone: (206) 464-5419
E-Mail: Amy.hanson@atg.wa.gov

*Counsel for Plaintiff State of Washington*

FOR PLAINTIFF STATE OF WEST
VIRGINIA

Douglas Lee Davis
Office of the Attorney General, State of
West Virginia
1900 Kanawha Boulevard
East Building 6, Suite 401
P.O. Box 1789
Charleston, WV 25305
Telephone: (304) 558-8986
E-Mail: Douglas.l.davis@wvago.gov

*Counsel for Plaintiff State of West Virginia*

FOR PLAINTIFF STATE OF WYOMING

Benjamin Peterson
Wyoming Attorney General's Office
2320 Capitol Avenue
Kendrick Building Cheyenne, WY 82002
Telephone: (307) 777-6397
E-Mail: Benjamin.peterson2@wyo.gov

*Counsel for Plaintiff State of Wyoming*